IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW,

    Defendant.

---

**NOTICE OF DISPOSITION
AND REQUEST FOR CHANGE OF PLEA HEARING VIA VTC
TO BE HELD BETWEEN OCTOBER 19TH AND OCTOBER 26TH**

---

Defendant, Michael Aaron Tew, by and through counsel, Edward R. Harris, Assistant Federal Public Defender, hereby notifies this Honorable Court that a disposition has been reached in this case with the government. The parties are requesting permission to contact the Court to schedule a change of plea hearing via video teleconference. In support of this request, Defendant states:

    1.    Mr. Tew moves this Court to hold his Change of Plea Hearing via video or telephone conference pursuant to Section 15002(b) of the CARES Act and General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS.

    2.    Section 15002(b)(2) of the CARES Act allows a court to conduct a felony plea hearing pursuant to Federal Rule of Criminal Procedure 11 by video conference, or telephone conference if video conferencing is not reasonable available, so long as the defendant consents and three criteria are met:

> 1) The Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States;
>
> 2) the chief judge of a district court […] specifically finds […] that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure […] cannot be conducted in person without seriously jeopardizing public health and safety; and
>
> 3) the district judge in a particular case finds for specific reasons that the plea […] in that case cannot be further delayed without serious harm to the interests of justice, the plea […] in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.[1]

All of these criteria have been met.

    3.    First, on March 29, 2020, the Judicial Conference, pursuant to Section 15002(b) of the CARES Act, made a finding that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally ...".[2] Under the CARES Act, this finding allows chief district judges, under certain circumstances and with the consent of the defendant, to temporarily authorize the use of video or telephone conferencing for certain criminal proceedings during the COVID-19 national emergency.[3]

---

[1] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[2] "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic", United States Courts, March 31, 2020, https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery (last accessed on April 6, 2020).

[3] *Id.*

4.      Second, on April 6, 2020, the Chief Judge of the District of Colorado issued General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS, which "specifically finds […] that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure […] cannot be conducted in person without seriously jeopardizing public health and safety".[4]

5.      Third, in this case, there are "specific reasons that the plea […] cannot be further delayed without serious harm to the interests of justice --"  public policy and a pending grand jury investigation.

6.      The COVID pandemic shows no sign of abating soon.  There is no vaccine.  Case numbers are rising.  As a public policy matter, it is unrealistic to expect that courts can simply continue change of plea hearings indefinitely and not be bogged down in the future when the crisis ends.

7.      Beyond this public policy issue, this case is proceeding by information. There is an ongoing empaneled grand jury and the timeline for this plea would permit the government to proceed with the plea without seeking an indictment of Mr. Tew. This pre-indictment disposition is facilitated by a plea in the near term and precluded by a lengthy continuance.  Mr. Tew benefits from not delaying the plea.

8.      General Order 2020-4 finds that felony plea hearings "may be conducted by video teleconference, or by telephone conference if video teleconferencing is not

---

[4] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).

reasonably available."[5]  The District of Colorado has already established a procedure for conducting other types of hearings through telephone or video conference so Mr. Tew's Change of Plea hearing can be conducted in the same way.

9. The parties seek a Change of Plea hearing the week of October 19th or no later than October 27th.

10. Finally, with Mr. Tew's voluntary consent, this Court possesses the authority to conduct his change of plea hearing without his physical presence in the courtroom.[6]  Undersigned counsel has discussed this matter with Mr. Tew, and he has consented to voluntarily waive his right to be physically present at his Change of Plea Hearing, opting instead to appear by telephone or videoconference.  Accordingly, the defense respectfully asks this Court to issue an order authorizing Mr. Tew to attend the Change of Plea Hearing by video or teleconference.

Respectfully Submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

---

[5] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).  *See also* CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[6] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(4).

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
    Email: hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
    Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Aaron Tew    *via U.S. mail*

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant