**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 1:120-cr-000305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL AARON TEW,

    Defendant.

---

**ORDER SETTING CHANGE OF PLEA HEARING AND AUTHORIZING VTC OR TELEPHONE CONFERENCE**

---

This matter is before the court on the notice of disposition filed by Michael Aaron Tew and his motion through Counsel for an Order authorizing the use of video teleconferencing ('VTC"), and/or, if VTC is not reasonably available, telephone conferencing for the change of plea hearing in this matter. For the following reasons, the motion (Doc. 47) is **GRANTED**.

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act, 50 U.S.C. § 1601, et seq., with respect to the Coronavirus Disease 2019 ('COVID-19') have materially affected and will materially affect the functioning of the federal courts generally." On April 6, 2020, Philip A. Brimmer, Chief Judge of the United States District for the District of Colorado, issued District Court General Order 2020-4, finding that emergency conditions due to the COVID-19 pandemic will

materially affect the functioning of the courts within the District of Colorado. Chief Judge Brimmer also found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. Finally, Chief Judge Brimmer recognized that the CARES Act authorizes judges in individual cases to conduct felony guilty pleas or sentencings by VTC, or by telephone conference if VTC is not reasonably available, where that judge finds specific reasons that those cases cannot be further delayed without serious harm to the interest of justice, so long as the defendant consents after consultation with counsel. On April 21, 2020, Chief Judge Brimmer issued District Court General Order 2020-6, extending the terms of General Order 2020-3 through May 29, 2020. On May 21, 2020, Chief Judge Brimmer issued District Court General Order 2020-9, extending the terms of General Order 2020-3 and 2020-6 through June 19, 2020. On July 2, 2020, Chief Judge Brimmer issued District Court General Order 2020-12, extending the terms of General Order 2020-3, 2020-6, and 2020- 9 through September 30, 2020. And on September 29, 2020, Chief Judge Brimmer issued District Court General Order 2020-17, extending the terms of General Order 2020-3, 2020-6, 2020-9, and 2020-12 through December 28, 2020.

Mr. Tew filed a notice of disposition with the Court on October 1, 2020, and requests a change-of-plea hearing be held before October 27th. Given the ongoing disruptions caused by the coronavirus pandemic, and then need for swift and efficient administration of justice, the court concludes that Mr. Tew's change-of-plea cannot be further delayed without serious harm to the interest of justice.

Accordingly, it is **ORDERED** a change-of-plea hearing is set for 10/22/2020 at 10:30 AM before Judge Daniel D. Domenico. Counsel for the parties shall email a courtesy copy of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty in the form required by Local Crim. R. 11.1(c)-(d) to Domenico_Chambers@cod.uscourts.gov no later than noon three business days prior to the Change of Plea Hearing. If these documents are not timely submitted, the hearing may be vacated. The original and one copy of these documents shall be delivered to the courtroom deputy at the time of the hearing pursuant to Local Crim. R. 11.1(e). Defense counsel who reviewed and advised Defendant regarding the Plea Agreement must attend the Change of Plea Hearing.

It is further **ORDERED** that, for the specific reasons noted above, the change-of-plea hearing in the above-referenced matter shall be conducted by VTC, or by telephone conference if VTC is not reasonably available. The Court will confirm the Defendant's consent to proceeding in this manner on the record at the hearing. The U.S. Marshal's Service is directed to ensure that the Defendant will be available to participate in the hearing from the detention facility he is being housed at. Counsel are directed to contact Courtroom Deputy Patti Glover at patricia_glover@cod.uscourts.gov no later than three business days before the hearing for instructions on how to proceed.

DATED: October 7, 2020.              BY THE COURT:

_____
Daniel D. Domenico
United States District Judge