**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW**;

2. **KIMBERLEY ANN TEW**; and
   a/k/a Kimberley Vertanen

3. **JONATHAN K. YIOULOS**,

    **Defendants.**

---

**ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER**

---

This matter is before the Court on the government's Unopposed Motion for Protective Order. Having reviewed the motion, and finding good cause shown, the Court ORDERS as follows:

A.    Defense counsel shall exercise reasonable care in ensuring the confidentiality of all disclosed tax materials, documents disclosed that contain return information as defined in 26 U.S.C. § 6103, any notes or other materials prepared based upon or referring to information in the tax returns or return information, any documents containing Personal Identifying Information (PII) ,[1] any documents or materials reflecting financial information for the alleged victim company, and any

---

[1] PII includes information that can be used to identify a person, including home address, date of birth, full names of minors, Social Security number, tax identification number, driver's license number, and financial account information. *See* Fed. R. Crim. P. 49.1 (defining requirements for redaction for documents filed with the court).

photographs or depictions of minor children (collectively, the "Protected Information"). Defense counsel shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), and for no other purpose. Each individual defendant is, however, authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person's PII or any financial information about victims or other third parties.

B. The Protected Information may be viewed only by the defendants (subject to the conditions set forth in paragraph D), defense counsel, and such members of defense counsel's staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in their offices who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information. The Protected Information may also be shared with defense experts, but such experts must read the protective order in advance of provision of the Protected Information and be informed of their responsibility to safeguard this information.

C. Defense counsel shall make only such copies of or provide electronic access to the information described in paragraph (B) as is necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery and if access is provided to any person electronically, defense counsel shall keep a written record reflecting who was provided electronic access. Defense counsel shall also deliver a copy of the protective order with the materials, whether they are provided

in physical copy or electronically.

D. Defense counsel is authorized to make only those copies of the Protected Information for the defendant(s) they represent that are necessary for the defense of the case, and/or to provide the defendant with electronic access to the Protected Information. In the case of physical copies, defendants must store, secure, hold, and control their copy or copies of the Protected Information, and in the case of electronic access, defendants must store, secure, hold, and control their individual credentials to electronically access the Protected Information. Whether their access to the materials is through physical copy or electronically, defendants may not make any further copies of the Protected Information nor may they distribute or transmit the Protected Information to any party outside the scope of paragraph B, with the exception noted in paragraph A that each individual defendant is authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person or entity's PII or any financial information about victims or other third parties.

E. A copy of the protective order shall be kept with the Protected Information.

F. After all direct and collateral appeals have been exhausted in this matter,, defense counsel within thirty days of final order on the last direct or collateral appeal shall collect and destroy all copies of the Protected Information, with the exception of counsel's notes or work product that may contain return information, which defense counsel will retain consistent with the terms of this Order.

G. If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 1.

H.	All parties are prohibited from use of any photographs or visual depictions of any minors produced in discovery in any Court proceeding or filing absent prior permission of the Court.

Dated this _____ day of March, 2021, at Denver, Colorado.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge