```
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF COLORADO
 2

 3   UNITED STATES OF AMERICA,     .   Case No. 20-cr-00305-DDD
                                   .
 4             Plaintiff,          .
                                   .
 5   vs.                           .
                                   .
 6   MICHAEL AARON TEW,            .   901 19th Street
     KIMBERLEY ANN TEW, also       .   Denver, CO  80294
 7   known as Kimberley            .
     Vertanen, and JONATHAN K.     .
 8   YIOULOS,                      .
                                   .
 9             Defendants.         .
                                   .   February 9, 2021
10   . . . . . . . . . . . . . .   .   2:09 p.m.

11        TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
           KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13
     For the Plaintiff:            United States Attorney
14                                 By:  Hetal J. Doshi*
                                   By:  Matthew T. Kirsch*
15                                 1801 California Street
                                   Suite 1600
16                                 Denver, CO  80202
                                   (303) 454-0100
17
     For the Defendant,            Michael J. Tallon, P.C.
18   Jonathan K. Yioulos:          By:  Michael J. Tallon*
                                   45 Exchange Boulevard
19                                 Suite 500
                                   Rochester, NY  14614
20                                 (585) 329-8139

21   Also Present:                 Jonathan K. Yioulos
                                   Angela Ledesma
22
     Court Recorder:               Clerk's Office
23                                 U.S. District Court
                                   901 19th Street
24                                 Denver, CO  80294

25   *All appearances telephonic.
```

1  Appearances continued:

2  Transcription Service:          AB Litigation Services
                                   216 16th Street, Suite 600
3                                  Denver, CO  80202
                                   (303) 296-0017
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

```
 1              (Time noted:  2:09 p.m.)

 2              THE COURT:  Case number 20-cr-00305, United States

 3   of America versus Jonathan K. Yioulos.

 4              Let's have counsel enter appearances, please.  Go

 5   ahead.

 6              MS. DOSHI:  Thank you, Your Honor.  Good

 7   afternoon.  Hetal Doshi and Matthew Kirsch, for the United

 8   States.

 9              THE COURT:  Good afternoon.

10              MR. TALLON:  Good afternoon, Magistrate Judge.

11   Michael Tallon for Mr. Yioulos.

12              THE COURT:  Good afternoon.  Mr. Yioulos, can you

13   hear me?

14              MR. YIOULOS:  I can.

15              THE COURT:  All right.  Sir, you're here for an

16   initial appearance.

17              I need to inform you of the charges against you,

18   and the rights that you have in this Court.

19              You have been charged with 1 count of conspiracy

20   to commit wire fraud, and 38 counts of wire fraud.

21              On the conspiracy count, the penalty is not more

22   than 20 years imprisonment, not more than a $250,000.00 fine,

23   or two times the gain or loss, whichever is greater, or both

24   imprisonment and a fine, not more than three years of

25   supervised release, and a $100.00 special assessment fee.
```

1           On the wire fraud counts, for each count, the

2   penalty is not more than 20 years imprisonment, not more than

3   a $250,000.00 fine, or two times the gain or loss, whichever

4   is greater, or both imprisonment and a fine, not more than

5   three years of supervised release, and a $100.00 special

6   assessment fee.

7           Do you understand the general nature of the

8   charges against you?

9           MR. YIOULOS:  I do.

10          THE COURT:  Sir, you have the right to remain

11  silent.  You do not need to speak to anyone about the

12  circumstances that brought you to Court today.

13          If you do choose to speak to someone other than

14  your attorney about those circumstances, what you say can and

15  probably will be used against you in Court.

16          If you are questioned by the police or law

17  enforcement, you have the right to refuse to answer

18  questions.

19          You also have the right to insist that a lawyer be

20  present with you during questioning.

21          If you choose to remain silent, your silence

22  cannot be used against you in Court.

23          Do you understand your right to remain silent?

24          MR. YIOULOS:  I do.

25          THE COURT:  All right.  You also have the right to

5

1   an attorney.  And if you cannot afford an attorney, I will

2   appoint one for you at no cost to you.

3            Are you seeking appointment of an attorney by the

4   Court today, or have you retained your own counsel?

5            MR. YIOULOS:  I have retained my own counsel.

6            THE COURT:  All right, thank you.

7            MR. TALLON:  Judge?

8            THE COURT:  Yes?

9            MR. TALLON:  For the record, I am provisionally

10  retained, and I expect the paperwork that's necessary for me

11  to announce to the Court I'm fully retained will be in place

12  no less than 10 days from now.

13           THE COURT:  All right, thank you.

14           I understand from the Government that the

15  Government would like to proceed to an arraignment and

16  discovery conference and detention hearing this afternoon.

17           Mr. Tallon, is the Defendant in agreement with

18  that?

19           MR. TALLON:  Yes, Judge.  Thank you.

20           THE COURT:  All right, thank you.  With respect to

21  the arraignment, how does your client plead?

22           MR. TALLON:  Not guilty.

23           THE COURT:  Does he waive any further reading of

24  the charges and advisement of rights?

25           MR. TALLON:  We do.

1          THE COURT:  Thank you.

2          MR. TALLON:  We waive those readings.

3          THE COURT:  The not guilty plea is received.

4          Speedy trial dates, counsel, 30 days if March 11,

5   2021; 70 days is April 22, 2021.

6          I have the discovery conference memorandum and

7   order.  I note that counsel had been through it and have

8   signed it.

9          I have a disclosure date for the Government of

10  March 5, 2021.  Mr. Tallon, how much time would the Defendant

11  like for disclosures?  Is four weeks sufficient?

12         MR. TALLON:  That will be sufficient, Judge.

13         THE COURT:  All right, thank you.  I'll write that

14  in and I will sign the discovery order and make it an order

15  of the Court effective today.

16         That leaves the issue of detention.  Is the

17  Government seeking detention?

18         MS. DOSHI:  We are not, Your Honor.  We believe

19  there are conditions or a combination of conditions that will

20  insure the appearance of the Defendant, and the Defendant

21  does not pose a danger or risk to the community.

22         If I may, I -- probation has prepared a report,

23  and the Government is largely in agreement with the

24  recommendations of probation, with two primary areas where we

25  respectfully disagree and have a different recommendation for

1    the Court.

2              The first is the amount of the unsecured bond.

3              It is the Government's position, just taking a

4    broader view with the other co-Defendants in this case and

5    the conduct in this case, and particularly the fact that the

6    Government is not seeking location monitoring, which I'll

7    address in just a moment with respect to this particular

8    Defendant, that the amount of $40,000.00 is more appropriate

9    for an unsecured bond with respect to this Defendant.

10             That is twice the amount that co-Defendant,

11   Michael Aaron Tew, has.  But Mr. Tew has location monitoring,

12   as the Court is aware.

13             We think the location monitoring in the form of

14   GPS or home detention is not appropriate or necessary here to

15   insure the Defendant's future appearance, because, as the

16   Court is aware from the pre-trial services report, this

17   Defendant doesn't have any travel documents.

18             He has another area of concern with other

19   Defendants, potentially the access to non-traditional forms

20   of financial instruments.  Based on our investigation to-

21   date, this Defendant does not have those types of assets, and

22   certainly not in the amount or the complexity that other co-

23   Defendants have.

24             And then, significantly, this Defendant, from the

25   moment he was approached by law enforcement, has cooperated

8

1   and has been responsive through counsel at every opportunity.

2   And so he has established a track record that also suggests

3   that he is not a flight risk.

4        He is a life-long resident of the State of New

5   York.  And as noted in the pre-trial services report, he has

6   no history of international travel beyond the country of

7   Canada.

8        So we think that a $40,000.00 unsecured bond,

9   which, again, is an amount that's twice as much as another

10  co-Defendant, is balanced well against the lack of risk with

11  respect to the need for location monitoring, which is why

12  that is our recommendation to the Court.

13       And then the second area of disagreement with

14  probation with respect to conditions, concerns the additional

15  conditions of release which are found in paragraph W through

16  AA.

17       It appears that probation is not recommending that

18  Mr. Yioulos' employment be approved in advance by the

19  supervising officer.

20       We think that in light of the circumstances that

21  are alleged in this particular indictment where Mr. Yioulos

22  was a controller at the victim company where this fraud was

23  perpetrated, that it is important that his employment be

24  approved in advance by the supervising officer, but also the

25  conditions W, X, Y, Z, and AA, which all concern management

1  of money and representations to third party with respect to

2  the risk occasioned by Mr. Yioulos, the allegations against

3  Mr. Yioulos, would be appropriate here.

4          I had flagged for counsel for Mr. Yioulous that

5  the Government intended to seek these conditions, as well, so

6  this is not a surprise to the Defendant.

7          So we would respectfully ask that the

8  recommendation of probation be entered, except in the

9  situation of the $40,000.00 unsecured bond, and then also

10 that the Court would enter conditions W, X, Y, Z, AA, and T.

11         I'm happy to answer any questions the Court may

12 have.

13         THE COURT:  Thank you.  Is the Government

14 requesting that the Defendant be ordered to participate in a

15 program of in-patient or out-patient substance abuse therapy

16 and counsel, if directed by the pre-trial services officer or

17 supervising officer?

18         MS. DOSHI:  I didn't see that, Your Honor.

19         THE COURT:  That's why I asked.

20         MS. DOSHI:  We are not seeking that.

21         THE COURT:  It's on my form.  But the Government

22 is not making that recommendation?

23         MS. DOSHI:  No, Your Honor, we are not.

24         THE COURT:  The Government -- all right.  It looks

25 like the rest of the recommendations that are checked on the

1  form that I have are fairly straightforward.  I don't have

2  questions about the remainder of them.

3          Mr. Tallon, does the Defendant want to address

4  conditions of release?

5          MR. TALLON:  Judge, thank you.  I did discuss with

6  the Government the additional terms of release that have been

7  put on the record by Ms. Doshi.  We don't have any objection

8  to those under the circumstances of these charges, nor the

9  increase of the unsecured bond, for the reasons that are

10 stated.  They were discussed with us before.

11         THE COURT:  All right, thank you.  The Court takes

12 judicial notice of the pre-trial services report.  I will

13 find that there is a combination of conditions that I can

14 impose that will reasonably assure the Defendant's appearance

15 in Court in the future, as well as the safety of the

16 community.

17         Mr. Yioulos, I need to make sure you understand

18 the conditions of your release, and that you promise to obey

19 the conditions of release, to appear as directed, and to

20 surrender to serve any sentence imposed.

21         I also must assure that you are giving me

22 permission to sign the bond documents on your behalf,

23 indicating that you make those promises.

24         Do you understand, sir?

25         MR. YIOULOS:  I do.

1          THE COURT:  All right.  The conditions of release

2    are:

3          This is a $40,000.00 unsecured bond.  You must not

4    violate a Federal, State, or local law while on release.

5          You must cooperate in the collection of a DNA

6    sample, if that is authorized under the law.

7          You must advise the Court or the pre-trial

8    services officer or supervising officer, in writing, before

9    you make any change to your residence or your phone number.

10          And you must, of course, appear in Court as you

11    are directed to appear.

12          You must submit to supervision by the United

13    States Probation Office located here in Denver, or as

14    directed by the U.S. Probation and Pre-Trial Services Office

15    located in Buffalo, New York.

16          You must continue or actively seek employment.

17          You must surrender any passport to the U.S.

18    District Clerk's Office within two business days.

19          You may not obtain a passport or other

20    international travel document.

21          Your travel is restricted to the State of New York

22    and to or from Colorado, solely for Court purposes, unless

23    you get permission from the Court to travel elsewhere.

24          You must avoid all contact, directly or

25    indirectly, with any person who is or who may be a victim or

1    witness in the investigation or prosecution, including all

2    co-Defendants.

3              You may not possess a firearm, destructive device,

4    or another weapon.

5              You may not use alcohol excessively,

6              You may not use or unlawfully possess a narcotic

7    drug or other controlled substances.  And that includes

8    marijuana.

9              You must not act as an informant for any law

10   enforcement agency without prior permission from the Court.

11             Your employment must be approved in advance by the

12   supervising officer.

13             You must provide verification of any income or

14   funds received.

15             You shall provide access to any financial records

16   requested by the supervising officer.

17             You shall not commingle personal and business

18   funds.

19             You shall not register any business entities

20   without prior disclosure to the supervising officer.

21             You shall notify the supervising officer of the

22   registration of any business entities by your family members.

23             You shall notify third parties of risks that may

24   be occasioned by your personal history or characteristics,

25   and shall permit the probation officer to make such

1  notifications and to confirm your compliance with the

2  notification requirement.

3           You shall not conduct any financial transactions

4  through the financial account of any business entity not

5  previously disclosed to the supervising officer, or through

6  any other individuals' financial account.

7           You shall not solicit or receive money from third

8  parties without prior approval by the supervising officer.

9           Sir, do you understand the conditions of your

10  release?

11           MR. YIOULOS:  I do.

12           THE COURT:  And do you authorize me to sign the

13  bond paperwork acknowledging that you promise to obey these

14  conditions, to appear as directed, and to surrender to serve

15  any sentence imposed?

16           MR. YIOULOS:  Yes, I do.

17           THE COURT:  All right, thank you.  I'll do that.

18  Give me one moment.

19       (Pause)

20           THE COURT:  All right.  I have signed the bond

21  paperwork.

22           Is there anything further from the Government with

23  respect to Mr. Yioulos this afternoon?

24           MS. DOSHI:  No, thank you, Your Honor.

25           THE COURT:  Thank you.  And, Mr. Tallon, anything

 1  further from Defendant?

 2          MR. TALLON:  Just briefly, Judge.  We had conveyed

 3  to probation officer Anderson travel with family to visit

 4  family in Florida.  All of the details have been provided to

 5  Mr. Anderson, so I assume that the Court will get them and

 6  review them.

 7          THE COURT:  Yes.  Generally the way we handle

 8  that, Mr. Tallon, is to file a motion to travel.  And if you

 9  do so, the Court will take a look at it.  And, of course, I

10  may ask the Government's position with respect to travel, as

11  well.

12          But that's the way to handle that.

13          MR. TALLON:  Very well, Judge.  Thank you.

14          THE COURT:  Thank you.  And, of course, counsel

15  will check with Judge Domenico's Chambers for additional

16  dates with respect to Mr. Yioulos' case.

17          And we are in recess with respect to Mr. Yioulos.

18          Thank you.

19          MR. TALLON:  Thank you, Judge.

20          MS. DOSHI:  Thank you, Your Honor.

21          MR. YIOULOS:  Thank you.

22          MR. TALLON:  Be well.

23          THE COURT:  Thank you.  You too.

24                  (Time noted:  2:21 p.m.)

25                      * * * * *

1                              CERTIFICATE

2          I, RANDEL RAISON, certify that the foregoing is a

3     correct transcript from the official electronic sound

4     recording of the proceedings in the above-entitled matter, to

5     the best of my ability.

6

7

8     _____          May 13, 2021

9     Randel Raison

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25