**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL AARON TEW,**<br>**KIMBERLEY ANN TEW, and**<br>**JONATHAN K. YIOULOS**<br>Defendants. | 20-CR-00305-DDD<br><br>**UNOPPOSED MOTION FOR A**<br>**12-MONTH ENDS OF JUSTICE**<br>**CONTINUANCE UNDER 18 U. S.**<br>**C. § 3161(h)(7)** |

Under 18 U.S.C. § 3161(h)(7) Defendants' Michael Aaron Tew and Kimberly Ann Tew ("Defendants") hereby move this Court for a 12-Month Ends of Justice Continuance changing the current trial date from October 12, 2021, to October 12, 2022. This is the second continuance request by Defendants Mr. and Mrs. Tew. Based on the Court Order issued on July 27, 2021, the trial dates and all other deadlines previously set for defendant Jonathan K. Yioulos are vacated but Defendants are still docketed for trial beginning on October 12, 2021. Defense counsel has conferenced with the Government. The Government does not agree with and does not concede all of Defendant's statements below about the victim. The Government does not, however, think that its disagreement about those statements otherwise undercuts the basis for the continuance sought and therefore does not oppose the relief sought by this motion.

1

## Background

On February 3, 2021, the Government filed its Indictment against Defendants.[1] On February 11, 2021, this Court set a trial date of April 19, 2021.[2] The Court also ordered motions due by March 12, 2021, with responses due by March 17, 2021, and excluded nineteen days from Mr. Tew's Speedy Trial Clock.[3] On March 11, 2021 Defendants filed their First Unopposed Motion for a Continuance.[4] On March 18, 2021, this Court granted the continuance and set a trial date of October 12, 2021.[5] The Court also ordered Pretrial Motions due by August 30, 2021, with Responses due by September 6, 2021.[6] Defendants are currently out on bond under pre-trial supervised release.

## Legal Standard

The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.[7] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[8] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[9] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[10] This

---

[1] (*See* Indictment, Dkt. No. 83).
[2] (*See* Order Setting Trial Date, Dkt. No. 101).
[3] (*Id.*)
[4] (Dkt. No. 115).
[5] (*See* Order Setting Trial Date, Dkt. No. 116).
[6] (*Id.*)
[7] (*Id*. at 5-6); 18 U.S.C. § 3161 (c)(1).
[8] *See e.g., United States v. Nemecia-Garcia*, No. 14-cr-00144-CMA, 2016 U.S. Dist. LEXIS 197426, p. 5 (D. Colo. Feb. 12, 2016) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)).
[9] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[10] *See* 18 U.S.C. § 3161 (h)(7).

excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[11] Courts routinely grant ends of justice continuances in cases like this.[12]

## Continuance Grounds

This is a complex case involving sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants. One of those three co-defendants, Mr. John Yioulous, just changed his disposition and is scheduled to enter a guilty plea. The Defense is diligently reviewing the large volume of discovery produced by the Government. To date, the Government has produced more than 230,000 documents and, in addition to those documents, more that approximately 300 gigabytes of electronically stored data. The Defense and Government are communicating regarding technical and substantive issues surrounding the initial production. Based on its review, the Defense anticipates issuing multiple subpoenas to the entities, witnesses, and individuals with knowledge, information, and documents related to the Indictments' allegations. Furthermore, it is likely that expert financial and other analysis is required given that the alleged victim company appears to have been engaged in massive financial fraud despite paying $28 million to the Government in 2008 to settle civil and criminal claims for issuing false invoices to the Government and agreeing never to do it again.[13] The Government has informed the Defendants that this is a "document disclosure extensive" matter on the Discovery Conference Memoranda.[14] After conferring with the Government, the parties agreed that given the voluminous discovery, the substantive issues to

---

[11] *See* 18 U.S.C. § 3161 (h)(7).
[12] *See e.g., United States v. Hopson*, No. 12-cr-00444-LTB, 2014 U.S. Dist. LEXIS 9248, at *4 (D. Colo. Jan. 17, 2014).
[13] *See e.g., United States v. National Air Cargo Inc.*, No. 07-CR-00254S (W.D.N.Y. Mar. 26, 2008).
[14] (*See e.g.*, Discovery Conference Memorandum for Michael Aaron Tew, Dkt. No. 91).

resolve pre-trial, the parties schedules, and COVID-19, a 12-month continuance is appropriate. This would continue the trial date to October 12, 2022.

These factors, listed below with others, justify an ends of justice continuance of 12-months so Defendants can properly prepare a complete defense:

1. Based on its initial review of the voluminous discovery produced to date by the Government, the Defense expects to issue multiple subpoenas for financial records.
2. The Defense expects that the current discovery, and that obtained by subpoenas, will require expert financial analysis.
3. Defense counsel is still reviewing the Government produced e-discovery and communicating with the Government regarding technical and substantive issues. For example, some files in the discovery are unreadable (a common occurrence with large initial productions), some are redacted, and some are in non-native format. The Defense is currently compiling a list for inclusion in a forthcoming Fed. R. Crim. P. 16 letter to the Government.
4. Defense counsel is still investigating the facts, including the alleged victim National Air Cargo ("NAC"). In 2008 NAC pleaded guilty to one count of knowingly making a materially false statement to the United States and paid $28 million to resolve civil and criminal cases related to its defrauding the Department of Defense during wartime.[15] Defense counsel needs time to request information from NAC, including, but not limited to, its audits, compliance with GAAP, its financial controls and policies, systems and procedures, its use of PPP funds, its false invoices, settlement and deferred or non-prosecution agreement(s), client's communication records, data entry logs, audit and

---

[15] *See e.g*, Press Release, Dep't of Just., National Air Cargo to Pay $28 Million to Resolve Allegations of Defrauding the Department of Defense (Mar. 26, 2008).

4

financial statement review, security filings, accounting records, and any related evidence gathered from digital forensics, CCTV footage, mobile surveillance, and interviews. Defense counsel also needs time to investigate NAC's financial transactions with its Dubai and Hong Kong entities because they appear related to this case.

5. The need to review and analyze this large volume of produced and yet unproduced discovery makes it unreasonable to expect adequate preparation by Defendants, despite due diligence, for trial on October 12, 2021.

6. The Coronavirus Disease (COVID-19) pandemic has also crippled the state of Colorado, the United States and the world. Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases. On June 16, 2021, Chief Judge Philip A. Brimmer entered an Extension of CARES Act Findings Regarding Criminal Proceedings.[16] Currently the Delta Variant is raging across the United States, and the Centers for Disease Control and Prevention has recently recommended more restrictive measures to prevent its spread.[17] COVID restrictions and related concerns, especially the Delta Variant, will make it difficult for defense counsel to communicate in person and will require less efficient communication through telephone calls or videoconferences.

## Conclusion

For the reasons stated above this Court should enter an order continuing this case until October 12, 2022.

---

[16] http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-7_CARES_Act_Extension.pdf
[17] https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html

Dated: August 10, 2021
       Brooklyn, NY

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
tor@torekeland.com


/s/ Michael Hassard

Michael Hassard
(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
michael@torekeland.com

*Attorneys for Defendants Michael Tew and Kimberley Tew*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE.

I hereby certify that on Tuesday, August 10, 2021, I electronically filed the foregoing UNOPPOSED MOTION FOR A 12-MONTH ENDS OF JUSTICE CONTINUANCE UNDER 18 U. S. C. § 3161(h)(7) with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

/s/ Tor Ekeland