IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,

    Defendant.

## ORDER MODIFYING CONDITIONS OF RELEASE

Before me is Defendant Kimberley Tew's Motion for Amendment of Conditions of Release (Doc. 187). Ms. Tew seeks review of Magistrate Judge Kristen L. Mix's decision to release her with the condition that she submit to GPS location monitoring. (Doc. 138.) For the reasons detailed below, Ms. Tew's motion is granted, and the GPS-monitoring condition is removed.

### LEGAL STANDARD

"Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (quoting 18 U.S.C. § 3142(e)). The government ultimately bears the burden of persuasion that the defendant poses a flight risk (under a preponderance of the evidence standard) or a danger to the community (under a clear and convincing evidence standard). *Id.* I must consider four factors in

- 1 -

determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of the community: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Where the defendant appeals a release order by a magistrate judge pursuant to 18 U.S.C. § 3145(a), the district court reviews the magistrate judge's order de novo. *Cisneros*, 328 F.3d at 616 n.1.

## DISCUSSION

There are no allegations that Ms. Tew is a threat to another person or to the community. Nor is she charged with an offense that carries a presumption of detention. *See* 18 U.S.C. § 3142(e)(2)-(3). The questions before me therefore are whether she is a flight risk, and what is the "the least restrictive . . . condition, or combination of conditions, that . . . will reasonably assure [her] appearance." 18 U.S.C. § 3142(c)(1)(B).

Ms. Tew faces serious charges, with a statutory maximum of twenty years' imprisonment. The government estimates that her sentencing guideline range will be seventy to eighty-seven months' imprisonment. (Doc. 189 at 11.) And the government argues that there is voluminous electronic and financial documentation of the alleged crimes. While a possible twenty-year sentence is substantial, Congress only created a presumption of detention based on risk of flight for certain types of crimes with that penalty, mostly violent ones. *See* 18 U.S.C. § 3142(e)(3). That potentially lengthy sentence alone does not carry the government's burden of persuasion that Ms. Tew poses a flight risk absent GPS monitoring.

The text messages that the government produced from Defendant Michael Tew, Ms. Tew's husband, suggesting that the family might flee are also concerning. (Doc. 189 at 15.) But Ms. Tew appeared at her initial appearance on a summons, has participated in her defense, and has thus far complied with all the conditions of her pretrial release. And neither Ms. Tew nor her husband has attempted to flee as Mr. Tew's text messages suggested they might. In fact, in the same text exchange, Mr. Tew reported that "[s]he thinks we should all turn ourselves in and end it[.] Kimberley said she's turning herself in today." (*Id.*) In the lengthy time since Mr. and Ms. Tew were indicted and summoned, there does not appear to have been any actual attempt to follow through with any plan to "get out of the country" or otherwise fail to appear at required court hearings.

Ms. Tew takes care of her two six-year-old daughters and has lived in Denver for at least six years. Her ties to Denver, and her interest in maintaining the stability of her children's education and environment decrease the likelihood of flight.

Although this Order modifies Magistrate Judge Mix's decision, I note that Ms. Tew's previous allegations that her conditions of release were imposed because of her race and sex are unfounded. (*See* Doc. 134 at 10-11.) Judge Mix imposed conditions—first of home confinement and RF monitoring, then modified to a curfew and GPS monitoring at Ms. Tew's request (Doc. 138)—based on the government's arguments and evidence about Ms. Tew's risk of flight. There is no evidence of prejudice in the record, and Ms. Tew has not chosen to rehash those allegations in the present motion.

While the long delay in challenging her conditions of release is not ideal, that delay alone is not a justification for rejecting such a motion.

*See United States v. Doby*, 928 F.3d 1199, 1208 (10th Cir. 2019). The Probation Office does not believe GPS monitoring is necessary to assure Ms. Tew's appearance as required. (Doc. 107 at 3.) Ultimately, I agree and conclude that whatever marginal effect the GPS monitoring may have on Ms. Tew's behavior, it is not necessary to assure her appearance in these proceedings.

## CONCLUSION

The defendant's Motion for Amendment of Conditions of Release (Doc. 187) is GRANTED.

It is ORDERED that Ms. Tew's conditions of release are modified to remove the requirement that she submit to GPS location monitoring. Ms. Tew is directed to contact the Probation Department for instructions on how to comply with her conditions of release going forward.

DATED: March 25, 2022                BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

- 4 -