IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

    Defendants.

---

**UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR AN ENDS OF JUSTICE FINDING PURSUANT TO 18 U.S.C. § 3161(h)(7)**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order continuing the trial date in this case and for an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(7), excluding 180 days from the speedy trial calculation.  Undersigned counsel conferred with AUSA Bryan Fields regarding this request and Mr. Fields stated that he supports this motion. As grounds in support of their motion, Mr. and Mrs. Tew state to the Court as follows.

### PROCEDURAL HISTORY

After several months of preliminary pleadings and filings, the grand jury returned an indictment on February 3, 2021, naming both Michael Tew and Kimberley Tew.  The indictment naming Michael Tew alleges sixty counts consisting of conspiracy to commit wire fraud, conspiracy to commit money laundering, wire fraud, engaging in monetary

transactions in property derived from specified unlawful activity, and failure to file income tax returns.  Kimberley Tew was indicted on thirteen counts, including conspiracy to commit wire fraud, conspiracy to commit money laundering , wire fraud, and money laundering.  Michael Tew entered a plea of not guilty on February 5, 2021 and Kimberley Tew entered a plea of not guilty on February 10, 2021.

The original trial date was set to begin on April 19, 2021. (Doc. 101).  On March 11, 2021, prior counsel filed a motion to continue the trial which was granted by this Court.  (Doc. 116).  A new trial date was set for October 12, 2021.  A second motion to continue the trial was filed by prior counsel on August 8, 2021, (Doc. 143), which was granted by court order on September 22, 2021. (Doc. 149).  That court order set a new trial date for April 4, 2022.  Prior counsel's request to withdraw from representing both Michael Tew and Kimberley Tew was granted on February 2, 2022 along with a continuance of the trial date to June 13, 2022.  (Doc. 174).  This case is currently set for an eight-day jury trial beginning on June 13, 2022.

Undersigned counsel entered his appearance on behalf of the Defendants on February 25, 2022.  Thereafter, counsel worked with the U.S. Attorneys Office to obtain the voluminous discovery that goes with this case.  The government finally delivered 5 USBcards of discovery around March 22, 2022.  This discovery contained documents and records using Eclipse software and over 200,000 emails, many with attachments. Additional discovery was sent by the U.S. Attorney on 4 USBcards on March 23, consisting, among many items, Kimberley Tew's unfiltered iCloud documents and Michael Tew's phone extractions (over 300 gigabytes), along with instructions for

decrypting and copying the files out of McAfee encryption. All thumb drives and discovery was then turned over to Advocates Resources for decryption and copying to a software format that allows counsel to search and organize documents. The decryption and copying process for this volume of discovery was finished and delivered to counsel in two batches in April and took almost three weeks to process. The delivery of an external hard drive with the first batch of discovery in a searchable format was received by undersigned counsel on April 6, 2022 followed by a delivery of the second batch a week later. Counsel immediately started the review process. The amount of discovery is daunting and overwhelming.

During April, since the delivery of the discovery, defense counsel has also been working on pre-trial motions; in particular, motions to suppress five search warrants that the government served in this case. Defense counsel intends to file an omnibus motion to suppress search warrants ready for filing by the current motions due date of May 12, 2022. The preparation and filing of additional pre-trial motions will take more time. Like prior counsel, preparation for trial in this case could involve the issuance of multiple subpoenas for financial records, the assistance of an expert witness in financial analysis, investigation of facts regarding National Air Cargo and various witnesses and potential witnesses identified in the discovery. As a result, defendant's counsel and both defendants request that the current trial date be continued for a period of 180 days.

**ANALYSIS**

The facts and circumstances described above meet the criteria for continuing the trial as set forth in *United States v. Pursley*, 577 F.3d 1204, 1227-1229 (10th Cir. 2009).

That case reiterated the four factors from *United States v. Rivera*, 900 F.2d 1462 (10th Cir. 1990) and *United States v. West*, 828 F.2d 1468 (10th Cir. 1987). The four factors are:

1. The diligence of the party requesting the continuance;
2. The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's express needs for the continuance;
3. The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and
4. The need asserted for the continuance and the harm that [Defendants] might suffer as a result of the district court's denial of the continuance.

New counsel has been diligent in obtaining discovery from the government, initially reviewing and analyzing that discovery, and simultaneously working on pre-trial motions to suppress search warrants. A continuance would allow counsel to continue preparation of pre-trial motions while, at the same time, reading and analyzing hundreds of gigabytes of discovery. For this reason, and others, the government does not oppose the continuance and has indicated that it would actively agree to the continuance because the Defendants would be harmed if forced to trial with counsel who is unable to be ready for trial.

The Defendants seek to exclude 180 days from the speedy trial time limitations and seek an ends of justice finding that the granting of the continuance outweighs the best interest of the public and the defendant in the speedy trial. 18 U.S.C. § 3161(h)(7). In considering whether an ends of justice continuance should be granted the district court must consider certain factors. *United States v. Madkins*, 866 F.3d 1136, 1139-1140 (10th Cir. 2017). In this case, the refusal to continue the case would deny Michael

Tew and Kimberly Tew the reasonable time necessary for effective preparation and would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i)(B)(iv). Defendants propose that they file the motions to suppress search warrants by May 12, 2022, and file additional pre-trial motions 30 days thereafter on June 13, 2022. This would allow the case to move forward even though the ultimate trial date is postponed by 180 days.

WHEREFORE, Defendants, Michael Tew and Kimberley Tew, request that this Court enter an order

1. continuing the trial date of June 12;

2. continuing the final trial preparation conference date;

3. keeping the May 12 date for the filing of motions to suppress search warrants; and

4. continuing the date for filing other pre-trial motions to June 13, 2022.

The Defendants also seek an exclusion of time of 180 days pursuant to the Speedy Trial Act and explicit findings that the ends of justice are best served by the granting of a continuance.

Respectfully submitted this 26th day of April, 2022.

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  This motion will extend the speed trial clock by an additional 180 days.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR AN ENDS OF JUSTICE FINDING PURSUANT TO 18 U.S.C. § 3161(h)(7)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal