**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**, and

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

**UNOPPOSED MOTION TO FILE OVERLENGTH MOTION**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order granting leave to file an overlength motion to suppress evidence from searches and seizures. AUSA Bryan Fields has no objection to the request provided the Government can also file a corresponding overlength response.

1. During its investigation in this case, the Government sought and obtained thousands of pages of information relating to electronic communications pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713. Specifically, magistrate judges issued 13 orders issued pursuant to 18 U.S.C. §2703(d), and five Search Warrants, to obtain information pertaining to a number of email accounts and telephone numbers. The scope of the search and seizures authorized by the orders and warrants is massive, including 200,000 emails, information associated with the accounts, the contents of the accounts, and a variety of other information including personal information. The orders and warrants required the production of such materials for nearly a two and 1/2-year period, i.e., between May 1, 2018 and October 22, 2020.

2. Defendants will seek suppression of evidence obtained from the SCA orders and search warrants. Defendants could submit 18 separate suppression motions, or a single omnibus motion. Because the language in the orders and search warrants is repetitive, and because the legal issues pertaining to them are identical, it would be more efficient to address all of the orders in a single motion. It would be much more efficient to file a single comprehensive single motion; otherwise, identical legal arguments would be copied and pasted into 18 separate motions. Furthermore, the orders and search warrants are interconnected and are better discussed within the same document.

3. DDD Crim. P.S. III(A)(1) states that all motions and briefs shall not exceed 4,000 words. It is not practical to argue for suppression of 18 orders and search warrants within the word limitations in this Practice Standard.

4. Consequently, Defendants Michael Tew and Kimberley Tew request that this Court permit them to file an omnibus overlength motion to suppress evidence from searches by court orders and by search warrants.

Respectfully submitted May 10, 2022.

**THE LAW OFFICES OF PETER R. BORNSTEIN**

*/s/ Peter R. Bornstein*
Peter R. Bornstein
*Attorney for Defendants Michael Aaron Tew and Kimberley Ann Tew*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Jeannette L. Wolf*