**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**MICHAEL AARON TEW**,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

    Defendants.

---

### ORDER GRANTING MOTION TO CONTINUE

---

    Before the Court is a motion to continue the trial date in this case by one hundred and eighty, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act filed by counsel to Defendants Michael Aaron Tew and Kimberly Ann Tew (Doc. 193.) and a motion to extend the motions deadline (Doc. 196). For the following reasons, the Court finds that a continuance is warranted. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, the motion is granted.

### PROCEDURAL HISTORY

    On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment. On February 3, 2021, an indictment was issued for both Mr. and Mrs. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of

- 1 -

money laundering, one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Mrs. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Mrs. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. (Doc. 101.) The Court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial. (Doc. 101) and 180 days for an Ends of Justice Continuance (Doc. 116). Defendants filed motions to exclude twelve months, ninety days, and 90 days from this time calculation, which the Court granted (Docs. 143, 149, 165, 174, 165, 174.)

On April 26, 2022, Defendants filed the motion to continue currently before the Court. (Doc. 193.) The government does not oppose the requested continuance. (*Id.* at 1.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the

- 2 -

continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants' counsel requests a continuance for the following reasons: (1) this case involves sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants; (2) the discovery disclosed by the government to date consists of more than 230,000 documents and 300 gigabytes of electronically stored data; (3) defense counsel requires additional time to prepare pre-trial motions while continuing to analyze discovery. (Doc. 193 at 2-3, 4.)

The Court finds that the *West* factors weigh in favor of granting a continuance. Nothing in the record suggests that Defendants and their counsel have not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish Defendants' stated purpose of allowing adequate time to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendants might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial, or to

- 4 -

knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendants' best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with his attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

One hundred and eighty days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendants' Motion to Continue Trial and for an Ends of Justice Finding (Doc. 193) is GRANTED;

One hundred and eighty (180) days, from May 12, 2022 to November 8, 2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time;

Defendants' Motion to Extend Motions Deadline (Doc. 196) is GRANTED;

The eight-day trial set to begin June 13, 2022 is VACATED and RESET to December 5, 2022 at 9:00 am in Courtroom A1002. The deadline to file motions to suppress remains May 12. Other pretrial Motions are due June 13, 2022, Responses due by June 20, 2022. The Trial Preparation Conference set for June 2, 2022 is VACATED and RESET to November 29, 2022 at 3:30 pm in Courtroom A1002.

DATED: May 12, 2022                   BY THE COURT:

                                      _____
                                      Daniel D. Domenico
                                      United States District Judge

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.