

Tor Ekeland
Managing Partner
(718) 737-7264
tor@torekeland.com

**July 23, 2021**

**VIA EMAIL**

Matthew T. Kirsch
Acting United States Attorney
Matthew.Kirsch@usdoj.gov

Hetal J. Doshi
Assistant United States Attorney
Hetal.Doshi@usdoj.gov

Andrea L. Surratt
Assistant Unites States Attorney
Andrea.Surratt@usdoj.gov

District of Colorado
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403

Re: *United States v. Tew et. al.*, 20-CR-00305-DDD - Privilege Violations

Counsel:

As you are aware, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above referenced matter contains privileged communications. The Search Warrant and our review of the incomplete record and discovery raise significant questions as to whether you've tainted your prosecution by violating privileges and the Fourth Amendment's particularity clause. We believe a court appointed Special Master may be needed to resolve these issues and ask that you halt all review of Mrs. Tew's iCloud account until they are resolved.

It has been months since the government received the Search Warrant return from Apple, Inc. To date, no one from your taint team has contacted us as the Search Warrant requires:

Case No. 1:20-cr-00305-DDD   Document 204-6   filed 05/19/22   USDC Colorado   pg 2 of 2



> If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g. the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

According to your July 7, 2021, letter "At the end of last week, per our instructions, IRS-Criminal Investigation Special Agent Lisa Palmer and FBI Special Agent Sarah Anderson <u>resumed</u> their initial review of the unencrypted iCloud search warrant return."(emphasis added) We ask that you provide to us all the dates members of your investigative team reviewed Mrs. Tew's iCloud Search Warrant return, and that you preserve all logs, records and communications regarding your access to the discovery in this case and any privilege protocols followed. We also request the names of everyone on your filter teams, any relation they have to the investigative team, and what, if any, written and oral protocols they are following.

 A forthcoming Rule 16 letter will list this as well as other issues with the discovery.

We are available next week for a conference call to discuss these issues.


Sincerely,


Tor Ekeland