IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

Defendants.

---

### DEFENDANTS MICHAEL TEW AND KIMBERLEY TEW'S MOTION FOR A *FRANKS v. DELAWARE* HEARING

---

Defendants, Michael A. Tew and Kimberley A. Tew ("Mr. and Ms. Tew"), by their counsel of record, Peter R. Bornstein, hereby moves this Court for a hearing pursuant to the doctrine in *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). The various search warrants obtained by the government in this case which are the subject of a separate motion to suppress and are attached to that motion to suppress (Doc. 200), are incorporated herein by reference to avoid unnecessary duplication. As grounds in support of their motion, Mr. and Ms. Tew state to the Court as follows:

1.      The government in this case sought and obtained six separate search warrants in connection with this prosecution.

2.      Each search warrant was obtained with an affidavit from either Special Agent Anderson or Agent Palmer. Each affidavit contained a recitation of alleged facts which the government claims support the probable cause required for the issuance of a search warrant.

3.      The agents' affidavits supporting the search warrant applications contained multiple reckless misstatements and multiple omissions that are material to the issuance of the warrant.

4.      Among the material, omissions, and misstatements from the affidavit are the following:

A.      On July 1, 2020, Kimberley Tew sent a text message to Jonathan Yioulos from a Google voice number 469-319-0152.

B.      Jonathan Yioulos engaged in embezzlement of funds from National Air Cargo (NAC) before engaging in transactions with Mr. Tew or Ms. Tew.

C.      Jonathan Yioulos was threatened with a loss of employment if he refused to pay fraudulent invoices.

D.      Michael Tew made the suggestion to use phony companies for invoices to NAC when it was Jonathan Yioulos who determined the mechanics,

E.      Kimberley Tew said she wanted to take responsibility for the NAC fraud at the meeting held July 28, 2020 at Yeti.

F.      Kimberley Tew communicated with Jonathan Yioulos about paying fraudulent invoices when it was he who insisted on only talking to Michael Tew.

G.      Jonathan Yioulos only received small amounts of Bitcoin for his part of the fraud.

H.      Kimberley Tew had accounts and was on forms on the "Dark Net."

I.      Kimberley Tew shared bank accounts (plural) with Michael Tew.

J.      Michael Tew's bank deposits came from the NAC fraud.

K.      Michael and Kimberley Tew threatened Jonathan Yioulos they would get him fired unless he kept processing phony invoices.

L.      Kimberley Tew accessed fraudulent payments from NAC in a variety of bank accounts.

M.      National Air Cargo, Inc. is a Florida Corporation.

N.      Invoices submitted to NAC were from unapproved vendors.

O.    Payments via ACH were not approved.

5.    Other omissions and misstatements were made in the affidavits that will be developed at a *Franks v. Delaware* hearing.

6.    A search warrant must be voided, and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant; and (2) concludes after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause. *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008) (citing *Franks v. Delaware* and *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)).

7.    A *Franks* claim has two components.  First, the defendant must show the omitted information was material in that its inclusion would have vitiated probable cause for issuing the warrant.  Second, the accused must demonstrate that the affiant acted with the requisite mental state of recklessness in omitting the information.  *Kapinski v. City of Albuquerque,* 964 F.3d 900, 905 (10th Cir. 2020); *United States v. Herrera*, 782 F.3d 571, 575 (10th Cir. 2015); *Beard v. City of Northglenn*, 24 F.3d 110, 116 (10th Cir. 1994).

8.    If granted a *Franks* hearing, Defendants intend to question Special Agents Sarah Anderson and Agent Lisa Palmer concerning the misstatements of material fact and the omissions of material fact at the hearing.

9.    Defendants may also invoke the doctrine of *Simmons v. United States,* 390 U.S. 377 (1968) if the defendants need to testify at a *Franks* hearing.  Under *Simmons*, statements made at a hearing to enforce rights under the Fourth Amendment to the Constitution of the United States cannot be used against the defendants in the trial.  As the Tenth Circuit explained, in  *Simmons*

> the Supreme Court held that a defendant's testimony at a suppression hearing to establish standing to object to a search cannot be used against him at trial to establish guilt because otherwise, the defendant would be required to choose between the Fourth Amendment right to be free from

unreasonable searches and the Fifth Amendment right against self incrimination.

*United States v. Hardwell*, 80 F.3d 1471, 1483 (10th Cir. 1996).

10.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants Michael Tew and Kimberley Tew request that this Court grant a *Franks v. Delaware* hearing in order to establish the material misrepresentations and material omissions made by the case agents in obtaining search warrants by means of their affidavits in support of search warrants.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael Tew and Kimberley Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

s/ Peter R. Bornstein
Peter R. Bornstein

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANTS MICHAEL TEW AND KIMBERLEY TEW'S MOTION FOR A FRANKS v. DELAWARE HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>*s/ Jeannette Wolf*</u>
Jeannette Wolf, Paralegal