IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. MICHAEL AARON TEW**

    Defendant.

---

**DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS THE
USE OF STATEMENTS**

---

Defendant, Michael A. Tew, by his counsel of record, Peter R. Bornstein, hereby moves this Court for an order suppressing statements made by him on or about July 8, 2020 to agents of the United States government.  As grounds in support of his motion, Mr. Tew states to the Court as follows:

    1.    The investigation into alleged fraudulent invoices paid by National Air Cargo (NAC) began sometime in the spring of 2020.

    2.    On July 7, 2020, Jonathan Yioulos was interviewed extensively by agents of the FBI and the IRS.  He was interviewed for approximately eight hours on July 8, 2020.

    3.    On July 8, 2020 around Noon, five IRS agents went to the residence of Michael Tew based on a communication from Jonathan Yioulos that Michael Tew was going to flee the country.  They were sent by an assistant U.S. Attorney to make sure he couldn't leave and to arrest him if he tried.

    4.    For over an hour, IRS agents and an FBI agent engaged Mr. Tew in a conversation eliciting admissions from him while the other case agents were drafting a complaint for filing in the district court to obtain an arrest warrant.

    5.    During this time, agents did not advise Mr. Tew that he was under arrest or advise him of his Fifth Amendment rights pursuant to *Miranda v. Arizona*, 384 U.S. 436

(1966). Instead, they lulled him into a false belief that he was not under arrest when, in fact, the agents were under orders not to let him leave his apartment in Denver.

6. When agents received word around 4:00 p.m. that the magistrate judge in Denver had issued an arrest warrant based on a criminal complaint filed that afternoon, Mr. Tew was placed under arrest and advised of his Miranda rights thereafter.

7. Prior to the Miranda advisement, agents of the FBI and IRS interrogated Mr. Tew and his wife about matters concerning National Air Cargo invoices and payments to him from National Air Cargo after his termination, eliciting from him admissions and incriminating evidence.

8. The government intends to use this incriminating evidence at trial as well as additional evidence derived from the illegal interrogation of Mr. Tew on July 8, 2020.

9. Miranda warnings are required when a suspect is in custody and is interrogated by government agents. *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020). An individual is "in custody" for Miranda if he or she "has been deprived of his freedom of action in any significant way," *Miranda*, 384 U.S. at 444, or his freedom of action has been curtailed to a "degree associated with a formal arrest," *California v. Beheler*, 463 U.S. 1121, 1125, (1983). Whether a person is in custody is determined by the totality of the circumstances, and necessarily is fact intensive. *United States v. Griffin*, 7 F.3d 1512, 1518 (10th Cir. 1993).

10. In *Wagner*, 951 F.3d 1232, 1250, the court delineated four circumstances or non-exclusive factors that informed the custody analysis:

> (1) the extent … the suspect is made aware that he or she is free to refrain from answering questions or to end the interview at will, (2) the nature of the questioning, (3) the extent police officers "dominate the encounter, and (4) the release of the suspect at the end of the questioning. Officers may "dominate" an encounter by displaying a weapon, making physical contact, isolating the suspect in a police-controlled environment, or appearing in overwhelming numbers.

*United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020); *see also Griffin*, 7 F.3d 1512, 1518.

11. The nature of the questioning, the domination by multiple police officers at the residence of Mr. Tew, indicate that Mr. Tew was in custody. *See Griffin*, 7 F.3d at 1518 ("While *Terry* type investigations allow for limited questioning to confirm an officer's suspicions, prolonged accusatory questioning is likely to create a coercive environment from which an individual would not feel free to leave. Police and suspects should not have to guess as to when custody arises after a temporary stop) (internal citations omitted"). Moreover, the fact that Mr. Tew was arrested at the end of the encounter further demonstrates that he was in custody.

12. While it is true that courts are less likely to find a person is in custody "when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home," *United States v. Ritchie*, 35 F.3d 1477, 1485 (10th Cir.1994), whether the suspect is questioned at home is not dispositive. *See Orozco v. Texas*, 394 U.S. 324, 326-27 (1969) (person questioned in his bedroom during the early hours of the morning was in custody for *Miranda* purposes); *see also Sprosty v. Buchler*, 79 F.3d 635, 641 (7th Cir. 1996) ("More important than the familiarity of the surroundings where [the defendant] was being held is the degree to which the police dominated the scene."); *United States v. Griffin*, 922 F.2d 1343, 1354-55 (8th Cir. 1990) ("Questioning which occurs in the suspect's own home may provide a margin of comfort, but . . . the setting of the interrogation is not so important to the inquiry as the question of police domination of that setting.").

13. The statements and the evidence derived therefrom are inadmissible. In *United States v. Guillen*, 995 F.3d 1095, 1109-10 (10th Cir. 2021) the Court reiterated the law governing this issue. In that case the Court said,

> The Self—Incrimination Clause of the Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, the Supreme Court concluded that "the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work . . . to compel him to speak where he would not

otherwise do so freely." 384 U.S. 436, 467 (1966). The Court instituted measures to guard against this danger. Prior to custodial questioning, a suspect must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479. Without these warnings, custodial confessions are presumed to be the product of coercion and are generally inadmissible for purposes of the prosecution's case in chief.

14. Given the circumstances of the in-custody interrogation of Michael Tew on July 8, 2020, such statements elicited from him prior to obtaining and signing a Miranda warning waiver were illegally obtained.

15. As a result of the illegal interrogation of Michael Tew, all statements made by Mr. Tew must be barred from use at the trial of this case, as well as any derivative evidence obtained because of the government learning information from those statements.

16. Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Michael Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Michael Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS THE USE OF STATEMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal