IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW a/k/a
Kimberley Vertanen,**

    Defendant.

---

**DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR SEVERANCE**

---

Defendant, Kimberley Ann Tew, by her counsel of record, Peter R. Bornstein, hereby moves this Court for a severance pursuant to Fed. R. Crim. P. 14(a). Ms. Tew seeks a severance on two independent grounds: the *Bruton* rule, and due to prejudicial joinder. As grounds in support of her motion for a severance, Ms. Tew states to the Court as follows:

1.    Defendant, Kimberley Tew, is currently set for trial jointly with Co-Defendant, Michael Tew.

2.    Kimberley Tew is charged in twelve counts of the Indictment which is one-fourth of the sixty counts charged against her husband, Michael Tew.

3.    The parties are currently set for a joint trial on all counts.

4.    Fed. R. Crim. P. 14(a) provides that:

(a) Relief.  If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

5.    The determination of whether to grant a severance under Rule 14 is within the sound discretion of the trial court. *United States v. Wiseman*, 172 F.3d 1196, 1211

(10th Cir. 1999). Prejudice from multiple counts against one defendant is particularly acute and dangerous. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (citing studies to show joinder of counts tends to prejudice juror's perceptions of the evidence); *United States v. Vest*, 116 F.3d 1179, 1190 (7th Cir. 1997). In deciding whether to grant a severance, "the trial court must weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and the expedition in judicial administration." *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir. 1979); *United States v. Hartman,* 194 Fed. Appx. 537, 541 (10th Cir. 2006) (in deciding whether to sever counts for trial, the court must balance the potential prejudice to the defendant of keeping the claims joined against the cost and inconvenience of holding a separate trial).

## BRUTON RULE CONSTITUIONAL GROUNDS FOR SEVERANCE

6. The joinder of Ms. Tew with her husband Michael Tew in this case violates the *Bruton* Rule. *Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that despite instructions to the contrary, the substantial risk that the jury look to the incriminating extra judicial statements in determining [defendants] guilt by the admission of a co-defendant's confession in his joint trial violated petitioner's right of cross examination secured by the confrontation clause of the Sixth Amendment.)

7. In this case, Defendant Michael Tew has made incriminating extra judicial statements after July 4, 2018, when the government was building a case against him. Multiple statements continued through interviews with government agents and Assistant U. S. attorneys up through the date of the indictment. These statements by Michael Tew named and incriminated Ms. Tew.

8. At a joint trial, Ms. Tew cannot cross examine Michael Tew on these statements and subject them to the truth finding test. This will violate her rights to confrontation under the Sixth Amendment of the Constitution.

9.     In order to avoid the constitutional problems raised through the *Bruton* Rule, a severance from the trial of Michael Tew is required.

## PREJUDICIAL JOINDER

10.    Although there is a preference in the federal system for joint trials of defendants who are indicted together, *see Richardson v. Marsh,* 481 U.S. 200, 209 (1987), and *United States v. Pursley,* 577 F.3d 1204, 1215 (10th Cir. 2009), a severance under Rule 14 should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993); *see also United States v. Stiger,* 413 F.3d 1185, 1197 (10th Cir. 2005).

11.    In ruling on a motion for severance, the district court "must weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." *United States v. Morales,* 108 F.3d 1213, 1219 (10th Cir. 1997). Although judicial economy is an important factor to be weighed, a single joint trial of a number of co-defendants should not be had at the expense of one defendant's right to a fundamentally fair trial. *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965). Prejudicial joinder occurs under Rule 14 when an individual's right to a fair trial is threatened or actually deprived. *United States v. Johnson,* 130 F. 3d 1420, 1427 (10th Cir. 1997).

12.    The decision whether to grant severance lies within the discretion of the trial court. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994); *see also United States v. Morales*, 108 F.3d 1213, 1220 (10th Cir. 1997) ("Rule 14 leaves the determination of risk of prejudice and any remedy for such prejudice to the sound discretion of the district court."). In exercising its discretion, a court "must weigh prejudice to the defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Dirden*, 38 F.3d at 1140 (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.1979)) (citation

and internal quotations omitted). Appellate courts likewise "review a trial court's denial of the motion to sever for an abuse of discretion." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989) (citing *United States v. Hayes*, 861 F.2d 1225, 1231 (10th Cir. 1988).[1] Trial courts have "a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

13. Where the defendant can demonstrate there is a substantial risk that the jury cannot compartmentalize the evidence against each defendant, a defendant (in this case, Ms. Tew) may be prejudiced by a joint trial. In such case, a separate trial may be necessary. *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993) (internal quotation marks and citation omitted).

14. There is an inherent risk of prejudice when a jury considers evidence against a defendant that is admissible only against a co-defendant and is increased when multiple defendants are tried together "in a complex case" and "have markedly different degrees of culpability." *United States v. Sarracino,* 340 F.3d 1148, 1165 (10th Cir. 2003) (quoting *Zafiro,* 506 U.S. at 539).

15. A severance is required in this case because of the prejudice to Ms. Tew due to the sheer number of counts against Michael Tew in a joint trial, the evidence admissible on those counts, and her different degree of culpability.

16. Courts often try to avoid a severance in joint trials by using jury instructions that tell the jury to only consider some evidence against one defendant but not another, or to consider some evidence with respect to a particular charge, but not to other charges.

17. It has been demonstrated psychologically that there is difficulty for jurors in compartmentalizing damaging information about one defendant derived from counts that do not apply to another defendant. *Lewis*, 787 F.2d at 1321.

---

[1] Not surprisingly, all of the case law regarding the discretionary standard for determining whether to grant a severance involves post-conviction appeals by defendants, since the Criminal Appeals Act, 18 U.S.C. § 373, by its terms permits the government to take interlocutory appeals only for reasons that do not include orders granting a severance.

18. In this case, the ability of the jurors to follow instructions that counts apply to only Mr. Tew and the evidence applicable to those counts cannot be used or considered in determining whether or not Ms. Tew is guilty of different counts also involving the alleged fraud against National Air Cargo provides prejudicial grounds for severance of her case from that of Michael Tew's case.

19. There is also a special prejudice that arises from the joint trial involving a husband and wife.

20. It is anticipated that the government will argue that Michael Tew and his wife discussed his conversations with co-defendant Jonathan Yioulos and discussed the individual transactions forming the basis for the claims against him. Nevertheless, the evidence against Ms. Tew is far less than that the government intends to use against Michael Tew.

21. The government will likely argue that husband and wives share their activities through "pillow talk" and as part of the basic relationship between them. The jury is likely to infer that every act or transaction engaged in by Michael Tew is likely known to, approved by, or participated in by his wife, Kimberley Tew. This is just natural.

22. Should the jury engage in this type of inferences based on their relationship and marriage, there is a high degree of prejudice to Kimberley Tew which requires a severance of her case from Michael Tew's case.

23. Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

24. For the foregoing reasons, Defendant Kimberley Ann Tew respectfully requests that she be granted a separate trial in this case of the counts alleged in the Indictment against her.

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR SEVERANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal