AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

In the Matter of the Search of
**3222 East First Avenue, Apartment 224, Denver, Colorado 80206** more fully described in Attachment A, attached hereto, to include the person of Kimberley Tew at the time of the search warrant execution

) 
) Case No. 20-sw-00896-MEH
)
)
)
)
)
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

SEE "ATTACHMENT A" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before __August 14, 2020__ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Michael E. Hegarty__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __07/31/2020, 11:03 am__

*Michael E. Hegarty*
Judge's signature

City and state: __Denver, CO__   Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

EXHIBIT B

SW_00000050

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The Subject Premises are at **3222 East First Avenue, Apartment 224, Denver, Colorado 80206,** and include the person of Kimberley Tew, an occupant of this residence. The Subject Premises are further described as a multi-family apartment building located at the southeast intersection of East First Avenue and Steele Street. The entrance to the apartment building is on East First Avenue. The Subject Premises are located within the Steele Creek apartment complex.



The apartment building has an elevator in the lobby, and the Subject Premises are on the second floor.



The place to be searched includes all rooms for the apartment unit 224 pictured and described above, including the person of Kimberley Tew, a person who resides at this apartment unit, at the time of the search warrant execution.

2

# ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items, located at the Subject Premises that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 United States Code, Sections 371, 1343, 1349, 1519, 1956, and 1957 (hereinafter "**Subject Offense(s)**") occurring between January 2018 to July 31, 2020.

A. Two cloth, or similar material, bags approximately the size of an 8.5 by 11 inches piece of paper, with one bag bearing the insignia, label or logo of Wells Fargo, and the other bearing an insignia, label, or logo of another bank.

B. An Apple iPhone device for phone number 917-446-2046, for which there is probable cause to believe contains the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of the **"Subject Offenses"**:

   1. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of **Subject Offenses**.

   2. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device(s) or by other means for the purpose of committing violations of **Subject Offenses**.

   3. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of **Subject Offenses**.

   4. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of **Subject Offenses**.

   5. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of **Subject Offenses** or that show who used, owned, possessed, or controlled the Device(s).

   6. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device(s), the location of the use of the Device, or that aid in the identification of persons involved in violations of **Subject Offenses**.

   7. Credit card information, bills, and payment records pertaining to violations of **Subject Offenses**.

   8. Documents, correspondence, records, or information, in any format or medium, relating to the transfer, purchase, sale or disposition of virtual currency or cryptocurrency.

1

9. Records, correspondence, and documents, in any format or medium, pertaining to banking, real estate, or other financial transactions, including the sale of goods, that constitute evidence of or proceeds of the Subject Offenses or the concealment or expenditure of proceeds of the Subject Offenses.

10. Any and all hidden services accounts used in furtherance of the **Subject Offenses**, including darknet market accounts, associated darknet forum accounts and Tor-based email accounts.[2]

11. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of **Subject Offenses**.

12. Evidence of who used, owned, or controlled the Device(s) to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

13. Evidence of software that may allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software.

14. Evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence.

15. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s).

16. Evidence of how and when the Device(s) were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

17. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device(s).

18. Passwords, encryption keys, and other access devices that may be necessary to access the Device(s).

19. Contextual information necessary to understand the evidence described in this attachment.

---

[2] Hidden services (.onion services) are accessed through the Tor anonymity network. Most are considered dark web services with no legitimate or identified service provider to which legal process may be served.

2

Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device. Law enforcement personnel may also depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device in order to gain access to applications on the device that may be locked with a fingerprint or thumbprint

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

3