IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL ARON TEW**,

    Defendant.

---

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS THE USE OF STATEMENTS [ECF No. 216]**

---

In his "Motion to Suppress the Use of Statements," (Defendants' Motion), Defendant M. Tew requests that this Court suppress statements made by him on or about July 8, 2020. ECF No. 216, ¶ 15. For the reasons set forth below, the United States respectfully requests the Court deny the Defendant's Motion, as Defendant was not in custody at the time the statements were made.

## **DEFENDANT WAS NOT IN CUSTODY**

Defendant raises the discrete issue whether there was a violation of the *Miranda v. Arizona*, 384 U.S. 436 (1966).[1] *Id.* ¶ 4. Specifically, Defendant claims he was subjected to a custodial interrogation, without a *Miranda* warning, at the time

---

[1] Defendant does not claim the statements were made involuntarily in violation of due process. *See* ECF. No. 216.

statements were made. ECF No. 216, ¶ 11, 14. The government does not dispute that Defendant was not provided *Miranda* warnings before being questioned. Thus, the sole issue is whether Defendant was in custody. The government asserts that Defendant has not established his burden to show illegality, and further that the circumstances, when objectively considered, indicate Defendant was not in custody at the time statements were made.

### *a. Custodial status is objectively determined.*

"[P]olice officers are not required to administer *Miranda* warnings to everyone whom they question." *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). *Miranda* warnings must be given only if a subject is "in custody" and subject to "interrogation." *Illinois v. Perkins*, 496 U.S. 292, 297 (1990); *United States v. Jones*, 523 F.3d 1235, 1239 (10th Cir. 2008). A defendant bears the initial burden of presenting evidence sufficient to challenge the legality of the confession. *United States v. Crocker*, 510 F.2d 1129, 1135 (10th Cir. 1975), *abrogated on other grounds by United States v. Bustillos-Munoz*, 235 F.3d 505 (10th Cir. 2005). Once that showing has been met, the government must show, by a preponderance of the evidence, that the defendant's rights were not violated. *United States v. Gell-Iren*, 146 F.3d 827, 830 (10th Cir. 1998).

A person is in "custody" when he or she is "deprived of [] freedom of action in any significant way," or his or her "freedom of action is curtailed to a 'degree associated with formal arrest." *United States v. Chee*, 514 F.3d 1106, 1112 (10th

Cir. 2008). This objective determination turns on whether "a reasonable person [would] have felt he or she was not at liberty to terminate the interrogation and leave." *Howes v. Fields*, 565 U.S. 499, 509 (2012); *see United States v. Rogers*, 391 F.3d 1165, 1171 (10th Cir. 2004) (applying objective test); *United States v. Erving L.*, 147 F.3d 1240, 1247 (10th Cir. 1998) (same). In applying this test, courts must examine "all of the circumstances surrounding the questioning," a totality of the circumstances, including well-established factors of (1) the location of questioning, (2) its duration, (3) statements made during interview, (4) presence or absence of physical restraints during the questioning, and (5) the release of the interviewee at the end of questioning. *Howes*, 565 U.S. at 509 (internal citations omitted).[2]

### b. *Agents' intentions are not a factor in custodial analysis.*

Turning to the present case, Defendant has not established his burden in showing illegality. In attempting to establish that he was in custody, requiring a *Miranda* warning, Defendant primarily argues that agents' intentions to arrest or belief that he was already under arrest during the interview is the dominant factor in the analysis. *See* ECF No. 216, ¶¶ 3 (alleging agents were sent by federal prosecutor to arrest him if he tried to flee), 5 (alleging agents did not advise Defendant despite his being under arrest), 6 (alleging agents lulled Defendant into belief he was not under arrest).

---

[2] Defendant cites *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020) for non-exclusive factors in custodial analysis. The *Wagner* factors are merely variations of those in *Howes*, and custodial analysis is the same regardless of the authority applied.

The government here does not concede any of the facts Defendant asserts on this point. But even assuming they are true, the subjective intentions or beliefs of law enforcement are not a factor for the Court to consider. The Tenth Circuit has stated this directly in *United States v. Griffin*, 7 F.3d 1512, 1518 n.7 (10th Cir. 1993) (the test is objective, "subjective intent of an officer to arrest or place the suspect in formal custody is irrelevant") ("*Griffin 1993). See also Berkemer v. McCarthy*, 468 U.S. 420, 421-422 (1984) ("A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable person in the suspect's position would have understood his situation"). Accordingly, the Court should decline to consider any facts pointing to agents' intentions or beliefs, as these do not support any of the factors under objective custodial analysis.

### c. *The circumstances indicate Defendant was not in custody.*

Even if the Court is persuaded that Defendant has somehow met his burden in his motion, the Government asserts that other factors, when objectively considered, indicate that Defendant's freedom of action was not restrained to establish custody. No *Miranda* advisement was thus needed.

First, the location of questioning demonstrates Defendant was not in custody. Defendant was interviewed in a "common area" behind his apartment at his request

4

after being asked to speak privately. *See* Ex. 1, ¶ 2-3 (memorandum of interview).[3] He was not separated from his wife, co-Defendant Kimberley Tew (who participated in the interview throughout), nor was he interrogated in a nonpublic questioning room. *See id.*; *see Griffin*, 7 F.3d at 1518-1519 (separation from moral support and nonpublic location both consideration). Defendant makes no attempt to argue that the location here weighs for or against his custodial status. Rather, he merely states that the factor is not dispositive (no factor is dispositive) and further cites cases that found the factor outweighed by other factual circumstances. *See* Defendant's Motion at ¶ 12 (citing *Orozco v. Texas*, 394 U.S. 324, 327 (1969) (older, sparsely reasoned case where Court determined custody when officers admitted the defendant was under arrest); *Sprosty v. Buchler*, 79 F.3d 635, 641 (7th Cir. 1996) (officers physically restrained the defendant); *United States v. Griffin*, 922 F.2d 1343, 1354 (8th Cir. 1990) (officers physically restrained the defendant)).

It remains that courts have found this factor significant in the custodial analysis, as the Tenth Circuit stated in *United States v. Ritchie*: "[C]ourts are *much less likely* to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings," such as the suspect's home." 35 F.3d 1477, 1485 (10th Cir. 1994). This Court should conclude that the location was familiar to Defendant, as he requested the location to speak, *see* Ex. 1, ¶ 2., and

---

[3] Note, the conversations were not recorded, as co-Defendant Kimberley Tew did not consent to recording. *Id.*, ¶ 4.

5

thus that this factor weighs against any finding that the defendant was in custody. *Griffin*, 7 F.3d at 1519-1520 (considering location under the umbrella factor of police dominated atmosphere).

Second, the limited duration of the interview demonstrates Defendant was not in custody. Specifically, agents were in contact with Defendant from approximately 2:50 pm to 3:49 pm but only engaged in active conversation with him from 3:12 pm to 3:49 pm. Ex. 1, ¶¶ 1 2, 4, 10. During that conversation, agents asked him about his employment with NAC and otherwise conducted limited questioning directed at their investigation. *Griffin*, 7 F.3d at 1518 (nature of questioning is a factor). The interview did not last "for over an hour" as Defendant alleges. *See* ECF No. 216, ¶ 4.

Third, statements made during the interview demonstrate Defendant was not in custody when looking at the totality of the circumstances. Both Defendant and co-Defendant Kimberly Tew (who was also present and whose statement should be considered as a part of the totality) made statements during the interview, demonstrating their understanding that they were not in custody. At the beginning of the interview by Special Agent Anderson, co-Defendant declined to answer questions and declined recording, indicating her understanding that they were free to decline to answer questions. *See* Ex. 1, ¶¶ 3, 4. Later, both Defendants declined to answer further questioning and requested they meet agents another time, affirmatively showing their subjective belief that they were free to leave. *Id.* ¶¶ 7-

6

10. In response, agents respected those wishes and agreed to set up another meeting, taking no coercive actions to force compliance with questioning. *Id.* ¶¶ 8-10.

Fourth, the lack of physical restraints employed demonstrates Defendant was not in custody. Defendant was unrestrained during the interview. There is no indication he was handcuffed or under other restraints or at gunpoint. *See* Ex. 1; *Howes*, 565 U.S. at 503 (considering handcuffs in its analysis); *Ritchie*, 35 F.3d at 1481 (same). In fact, Defendant admitted that he was not "grabbed" by agents, demonstrating a lack of physical contact made. Ex. 1, ¶ 5; *see Griffin*, 7 F.3d at 1519 (considering physical contact under the umbrella factor of police dominated atmosphere).

Fifth, Defendant was not arrested during or after the interview itself, demonstrating he was not in custody when the statements were made. At the conclusion of the interview, at approximately 3:49 pm, Defendant left; he went inside his residence from the common area, closed the door, and lowered the blinds, outside the presence of agents. Ex. 1, ¶ 10. Defendant was not arrested at the end of the interview, as he alleges. ECF No. 216, ¶ 11. Rather, only after a break in contact, agents reinitiated contact at 4:11 pm with Defendant at the apartment and arrested him. *See id.* ¶ 11; Ex. 2, ¶ 1 (memorandum of activity). Regardless, this later arrest is irrelevant because it was not part of the interview from which Defendant made statements and left to enter his apartment free from agents.

7

Overall, the factors weigh against a finding that Defendant was in custody. *Miranda* warnings were not required, and the statements should not be suppressed.

## CONCLUSION

The Court should deny the Defendant's Motion without a hearing for all of the reasons set forth above.

Respectfully submitted this 9th day of August, 2022,

COLE FINEGAN
United States Attorney

By: */s/ Bryan David Fields*
Bryan David Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: */s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Al.Buchman@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Albert Buchman*
Albert Buchman

8

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

*/s/ Albert Buchman*
Albert Buchman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which system automatically provides a copy to defense counsel of record.

*/s/ Albert Buchman*
Albert Buchman
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
E-mail: Al.Buchman@usdoj.gov
Attorney for the United States

9