IN **THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

> Plaintiff,

> v.

1. **MICHAEL AARON TEW,**

2. **KIMBERLEY ANN TEW.**

> Defendants.

---

## REPLY RE: MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R Bornstein, hereby submit their reply in support of their Motion for Sanctions for Violating Communication Privileges. (Doc. 214).

The Government, in its Response (Doc. 234), confuses an important distinction between communication privileges and testimonial privileges. As the Ninth Circuit Court of Appeals said in *United States v. Lefkowitz,* 618 F.2d 1313, 1317-1318 (9th Cir. 1980), in the context of marital communications between spouses,

> The first [privilege against adverse spousal testimony] can be invoked to prevent one spouse from testifying against the other. E.g. *Hawkins v. United States,* 358 U.S. 74, 1958. The second [confidential marital communications privilege] can be invoked to prevent the disclosure of confidential communications arising out of the marital relationship. E.g. *Blau v. United States,* 340 U.S. 322 (1951).

The Government makes the same confused argument about the privileges.

The Supreme Court recognized in *Trammel v. United States,* 445 U.S. 40 (1980) that communications between doctor and patient, husband and wife, and attorney and client are recognized privileges at common law and in the federal courts. The courts have recognized the privilege in cases such as *Jaffee v. Raymond,* 518

U.S. 1, 10-15 (1996)(physician - patient); *Kerns v. Bader,* 663 F.3d 1173 (10th Cir. 2011), 1184(10th Cir. 2011)(medical records); *Barnett v. PA Consulting Group,* 2006 U.S. Dist. LEXIS 118657 (D.C. 6/29/2006)(psychotherapist - patient). The privilege for private communications between spouses is recognized by the United States Supreme Court in *Blau v. United States,* 340 U.S. 332 (1951)*; Wolfe v. United States,* 291 U.S. 7 (1934); and *Roberts v. United States Jaycees,* 468 U.S. 609, 618-619 (1984). Therefore, the Government's argument in its response that federal courts do not recognize medical privileges and spousal communication privileges is not well taken.

To back up its argument, the Government cites to the Court *United States v. Squillacote,* 221 F.3d 542 (4th Cir. 2000) for the proposition that suppression of evidence was not warranted because the privilege was not constitutionally based. In that case, there were intercepted calls between the defendant and a psychotherapist. The defendant made an argument based on the case of *Kastigar v. United States,* 406 U.S. 441(1972) which argument was rejected. However, in rejecting the argument, the court clearly stated that conversations between a defendant and a psychotherapist were privileged. *Id.* at 559. The issue in that case was the use of derivative evidence, not direct evidence of a privileged communication. The Government also cites the case of *United States v. Lefkowitz,* 618 F.2d 1313 (9th Cir. 1980) for the proposition that the privileges are not grounded in the Constitution. That case involved a search warrant based on information given to law enforcement by the defendant's wife. The case recognizes that there is a confidential marital communication privilege. *Id.* at 1317-1318. The privileges at issue here require protection whether or not they are grounded in the Constitution.

Next, the Government makes an argument concerning the use of filter teams to determine whether evidence protected by an attorney-client privilege would be withheld from the prosecution team. In this case, the Government in March of 2022 belatedly established an in-house filter team to look for attorney-client

2

communications only.  The government's filter team was not charged with finding or removing from consideration marital communications, medical records, physician-patient. communications, or accountant-client communications. The government's filter team is not a reasonable fix for the fact that the Government seized and now has in its possession privileged communications.  In this case, the Government has asked counsel to personally review hundreds or thousands of emails, text messages, and private communications between husband and wife to determine and request on a communication-by-communication basis that the Government honor the privilege.  This request is unreasonable for two reasons. First, it shifts the burden on the Defendants' attorney that belongs with the prosecution.  Second, it is more than this defense counsel can do without hiring additional support.

Defendants seek sanctions for what the Government has done with their confidential communications in this case.  The Government seized, through text messages and emails, hundreds, if not thousands, of communications between husband and wife. Now that it has been challenged in its overreach, it asserts that some of those communications may have lost their privilege status because of alleged involvement by the spouse through a criminal conspiracy in criminal activity. However, the Government has not sought to set forth which of the hundreds if not thousands of communications it claims occurred after one or more spouses became a participant in a crime and when such communication is, in fact, evidence of joint criminal activity.  The Government simply says that it is allowed to look at everything because some conversations may have lost their protective status.

Finally, the Government argues that even if there was a basis for sanctions, the Court should impose the least severe sanction that will punish the offending party for his wrongdoing.  In this case, it argues that the sanction of dismissal would be too radical and extreme.  However, the Government does not state why it is so radical and extreme or what sanction would be appropriate in this case.  Consequently, the

3

Defendants stand on their request that the Court impose sanctions for the violation of privileged communications, and that that sanction be dismissal of the indictment.

Respectfully submitted this 23rd day of August, 2022.

/s/ *Peter R. Bornstein*
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ *Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on August 23rd  2022, I electronically filed the foregoing *Reply Re: Motion for Sanctions* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ *Jeannette Wolf*
Jeannette Wolf