IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

**REPLY RE: MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF
3222 EAST FIRST AVENUE, APARTMENT 224**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submit their reply in support of their Motion to Suppress Evidence from the search of 3222 East First Avenue, Apartment 224. (Doc. 221). The government has now filed its response in opposition to the motion. (Doc. 236). In its response, the government asserts that the affidavit in support of the search warrant established probable cause with sufficient nexus to seize the two bank bags; and the government asserts that all photographs taken by the agents in the apartment were either explicitly authorized or in plain view and, therefore, should not be suppressed.

The government does not contest and, therefore, concedes that when agents arrived at the apartment, Michael Tew was there, but not Kimberley Tew; and that Michael Tew immediately showed the agents the two bags; and that Michael Tew told the agents that Ms. Tew was not there, and that she had the iPhone they were looking for. The Government also concedes and does not contest that the agents knew that Kimberley Tew and iPhone with number 917-446-2046 was not in the apartment because Michael

Tew called his wife on that phone number while the agents were conducting the search. Moreover, had the agents wanted to verify the location of the phone, they merely had to call 917-446-2046, the number stated in the search warrant, and talk to Kimberley Tew.

In executing the warrant, once the agents were given the two bank bags that were the subject of the search and had satisfied themselves that Ms. Tew's iPhone was not in the apartment, the search should have been ended. It wasn't. Instead, the agents went through every room in the home and photographed the entire premises for use as exhibits and evidence in the upcoming criminal trial. The agents should have left the home of Michael and Kimberley Tew when the object of their search and their authorization pursuant to a court-issued search warrant was accomplished. However, they didn't leave the home. They continued to conduct what then became an unauthorized illegal search.

With respect to the two bank bags, the Government asserts, without a cogent explanation, that there was a sufficient nexus between the bank bags, the residence, and the criminal conduct or the proceeds or evidence of criminal conduct. The Government makes general statements about search and seizure law such as that the magistrate judge can draw reasonable inferences from the information provided, that probable cause is common sense and practical, not technical, and other such standard rubrics of search and seizure law. However, the Government has not pointed to facts that would cause a reasonable person, such as the magistrate, to conclude that the bank bags contained the proceeds of an alleged fraud from National Air Cargo. To do so involves a leap of faith as well as a leap of logic. It also requires a leap of logic to believe that the bank bags seen on visual surveillance on July 4, 2020 or March 27, 2020 were used in a fraud. Dealing with probabilities, not possibilities, the Government has failed to show a probability that the bank bags are linked to the alleged fraudulent scheme to defraud money from National Air Cargo, and that the bank bags were used to deposit proceeds from the fraud. Accordingly, the search of the bank bags and seizure of the bank bags should be suppressed.

The second half of the motion relates to the photographs. The Government seeks to invoke the plan view doctrine. However, the plain view doctrine is not applicable. The plain view doctrine requires the seizure of incriminating evidence, not the seizure of evidence unconnected to the crime and, hence, not incriminating. *Horton v. California*, 496 U.S. 128, 134-135 (1990)(citing Coolidge v. New Hampshire, 403 U.S. 443 (1971)).

The second argument made by the Government in this case is that the taking of photographs is not a seizure. The Government cites for this proposition, *United States v. Espinosa*, 641 F.2d 153 (4th Cir. 1991). However, the *Espinosa* court says explicitly "[t]aking a photograph may, under some circumstances, constitute an unreasonable seizure." *Id*. at 166. The Government also cites as authority *United States v. Mancari*, 463 F.3d 590, 596 (7th Cir. 2006). In *Mancari*, the Government photographed money which was directly connected to the crime under investigation. In this case, the photographs have no direct connection to the crime under investigation. Defendants are not challenging the right of agents to photograph that which they are seizing in a search. However, in this case, they went too far and photographed the entire apartment, which was not ***evidence*** in plain view, nor was it evidence of the crime. For these reasons, the photographs taken by the agents of the apartment should be suppressed.

Finally, the Government argues that there is no need for a hearing on whether or not the bank bags were adequately described as part of the warrant or whether the photographs exceeded the scope authorized by the warrant. Defendants raise the issue as to the limits of the Government's right to stay in the apartment photographing it after they had obtained the bank bags and learned that the phone was not available or search or seizure. If the Government concedes these facts, then, perhaps, a hearing is not required; at least not an evidentiary hearing.

Respectfully submitted this 23rd day of August, 2022.

/s/ *Peter R. Bornstein*
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew *and Kimberley Ann Tew*

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ *Peter R. Bornstein*
Peter R. Bornstein

### CERTIFICATE OF SERVICE

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ *Jeannette Wolf*
Jeannette Wolf