# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

## REPLY RE: DEFENDANT KIMBERLEY ANN TEW'S
## MOTION FOR SEVERANCE

---

    Defendant, Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby submits her reply in support of her motion for a severance (Doc. 218). The government has filed a Response opposing the severance generally and arguing that the *Bruton* rule is applicable but wants the defense to first identify all statements subject to the rule. (Doc. 230).

    The first ground submitted by Ms. Tew for a severance relates to the *Bruton* rule. The Government acknowledges the law as stated in Bruton v. United States. The Government is well aware of all of the statements made by Michael Tew and which of those statements or parts of those statements that implicate and mention Kimberley Tew. Despite the fact that the Government has control over the evidence that it intends to admit at trial, it seeks to place the onus on the defense to not only identify which statements the prosecution intends to use at trial, but also identify what parts of statements implicate Kimberley Tew. The government cite no law in its attempt to create a burden or hurdle for the defense.

For example, on July 7, 2020, the government enlisted co-defendant Jonathan Yioulos to make a pretext call to Michael Tew. This call was recorded, and the recording has been turned over to the defense in discovery; however, there is no transcript of this call which lasted approximately thirty minutes. The Government has not provided a transcript of this thirty-minute telephone call. In that call, Michael Tew makes statements incriminating his wife, Kimberley Tew. The defense anticipates but does not know whether the Government will use some or all of that call in the trial of the case.[1]

In the early stages of this case before the indictment was returned by the grand jury, the Tews were each separately interviewed by government agents and the assistant Unites States attorneys assigned to the case. These interviews were conducted in accordance with a proffer agreement whereby the government committed that nothing said in the proffer agreement would be used against the individual being interviewed. The proffer did not cover the situation where statements made in that interview would be used against a co-defendant. If used against a co-defendant the prosecution presumably would ask for a limiting instruction that the jury could only consider the evidence against the co-defendant, but not the proffering defendant. The purpose of the proffers were an attempt by the government and the defendants to reach an early plea agreement in the case. Although the government cannot use Michael Tew's Proffer statements against him unless he breaches the proffer agreement, his statements can be used against Kimberley Tew. Vice versa, her proffer statement cannot be used against her, but it can be used against Michael Tew. If the Government chose to take this course of action during the trial, the Defendants could each ask for a limiting instruction to the jury explaining how this evidence could be used. However, in such case, the evidence would violate the *Bruton*

---

[1] In conferring with AUSA Fields about the motion, Mr. Fields wrote to counsel, "[h]ave you identified any particular statements that you think are covered by Bruton? If you have, can you please send them to me. We might be able to negotiate redactions as permitted by Richardson v. Marsh." In response to this email, Mr. Bornstein wrote back that he believed that the pretext calls from Yioulos to Tew have Bruton problems and that the Proffer of each Tew cannot be used against that person but can be used against the other person.

rule. The statements made during the proffer of each of the defendants lasted approximately six hours of recorded testimony in the case of Michael Tew and two hours of recorded testimony in the case of Kimberley Tew. Once again, the government has not provided transcripts of these audio recordings.

It is the government, not the defense, that controls what evidence will be introduced by the prosecution in its case in chief. If the government intends to use statements by Michael Tew that incriminates Kimberley Tew, then either a severance must be granted or the statements must be redacted and sanitized so as to remove any evidentiary value against Kimberley Tew. The choice between a severance or a redaction is on the government, not on the defense.

In addition to the Bruton problem, Kimberley Tew's motion for a severance relates to and is based on other issues present in the case. These issues include the difference in the number of counts against Ms. Tew, the amount of evidence concerning her, the inferences that can be drawn from the relationship of husband and wife, and evidentiary rulings that evidence can only be considered against Michael Tew.

Appellate case law on this subject is not helpful. Appellate law is based on the situation where a defendant is convicted and raises on appeal that he should have been granted a severance. Since the decision to grant a severance is in the sound discretion of the trial court, almost every such conviction and in every such case the appellate court finds that the court did not abuse its discretion. This body of law does not assist trial courts in determining when it should grant a severance since those cases where a severance is granted there is no appellate issue.

For these reasons, the Court should grant Kimberley Tew's motion for a separate trial from that of Michael Tew.

Respectfully submitted this 23rd day of August, 2022.

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*and Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Defendant Kimberley Ann Tew's Motion for Severance* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf

4