**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

**REPLY RE: DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS
THE USE OF STATEMENTS**

---

    Defendant, Michael A. Tew, by his counsel of record, Peter R. Bornstein, hereby submits his reply in support of his Motion to Suppress the Use of Statements . (Doc. 216). The Government has now filed a response in opposition to Mr. Tew's motion arguing that the Defendant was not in custody when he was questioned by law enforcement officers. (Doc. 235).

    Defendant agrees with the general legal principles governing the issue. In this case, Mr. Tew was essentially under house arrest. Although, he could go back to his apartment from the hallway where he met the officers, objectively, he was unable to leave the apartment building. Of the four factors spelled out by the Tenth Circuit in *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020 ), each of those factors is present in this case.

    Mr. Tew as a suspect was not told that he was free to refrain from answering questions or to end the interview at will. The agents from the IRS did not so advise him. Second, the questioning was about invoices submitted to National Air Cargo which was

the subject of the criminal case that other agents were actively in the process of filing a complaint and obtaining an arrest warrant. Third, the police officers were armed and dominated the encounter. Finally, the suspect was arrested at the end of the process. These are objective facts and not based on any subjective determinations by either Mr. Tew or by the officers.

Attached to the Response filed by the Government is a Memorandum of Interview written by Supervisory Agent Stark and a Memorandum of Activity written by Supervisory Agent Stark. These memorandums are not a substitute for live testimony at an evidentiary hearing. Nevertheless, it is clear from the Government's own report that Mr. Tew was under house arrest and was not going to be allowed to leave his apartment building.

Based on the totality of the circumstances, Mr. Tew was in custody at the time he was questioned by both Special Agent Anderson and by IRS agents. Consequently, his statements made during this custodial interrogation without Miranda warnings should be suppressed from use at the trial in the case. Additionally, any derivative evidence arising out of this interview and questioning should also be suppressed.

Respectfully submitted this 23rd day of August, 2022.

>*/s/ Peter R. Bornstein*
>Peter R. Bornstein
>The Law Offices of Peter R. Bornstein
>Greenwood Village, CO 80111
>(720) 354-4440 phone
>(720) 287-5674 fax
>pbornstein@prblegal.com
>*Attorney for* Defendants Michael Aaron Tew
>*and Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ Peter R. Bornstein
Peter R. Bornstein

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23rd 2022, I electronically filed the foregoing *Reply Re: Defendant Michael Tew's Motion to Suppress the Use of Statements* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Jeannette Wolf
Jeannette Wolf