IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) MICHAEL AARON TEW**;
(2) KIMBERLEY ANN TEW a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

    Defendants.

## ORDER WITHDRAWING COUNSEL

Before me is the matter of attorney Peter R. Bornstein's representation of Defendant Michael Aaron Tew. Given the high likelihood of conflict of interest that accompanies Mr. Bornstein's ongoing representation of Mr. Tew in a joint trial that includes Mr. Bornstein's former client, Defendant Kimberley Ann Tew, I find that in the interest of justice, Mr. Bornstein must be withdrawn from this case, and new counsel appointed to represent Mr. Tew.

Mr. Bornstein entered his first appearance as joint counsel for Mr. and Ms. Tew on February 25, 2022. (Doc. 178.) On December 1, 2022, Mr. Bornstein moved to withdraw as attorney to both Mr. and Ms. Tew. (Doc. 273.) Magistrate Judge Mix initially granted the motion, but upon a motion for reconsideration by the Government (Doc. 276) and a related hearing, Magistrate Judge Mix permitted Mr. Bornstein to withdraw as private counsel, but ordered he be appointed as CJA counsel, should the Tews qualify for court-appointed

- 1 -

counsel. (Doc. 280.) On December 27, Magistrate Judge Mix appointed Mr. Bornstein as CJA counsel for Mr. and Ms. Tew. (Doc. 286.) The joint CJA appointment was short-lived, as the next day Mr. Bornstein filed a motion requesting separate counsel for either Mr. or Ms. Tew, citing the potential conflict inherent in joint representation generally, and specifically the conflict that would arise if Mr. and/or Ms. Tew should elect to testify on their own behalf during trial. (Doc. 288 at 3.) I granted that motion, and attorney David Scott Kaplan was appointed as CJA counsel for Ms. Tew. (Docs. 289, 290.) In a joint status report on January 10, 2023, the parties raised the potential conflict presented by Mr. Bornstein's continued representation of Mr. Tew:

> Mr. Bornstein does not believe that there is a conflict that would provide good cause to withdraw. Mr. Kaplan has concerns about a conflict: one such issue is if Ms. Tew decides to testify at trial, such a scenario might require Mr. Bornstein to either cross-examine a former client or waive that cross-examination to the potential detriment of a current client. The government is not in a position to evaluate whether such a conflict is real or merely abstract, whether a joint defense agreement could solve any such conflict, whether such a conflict can be resolved with a knowing and intelligent waiver of cross-examination by Mr. Tew, or whether any such conflict could otherwise be resolved by defense counsel in this case.

(Doc. 293 at 2-3.)

On January 11, 2023, I ordered that Mr. Bornstein and Mr. Kaplan each submit an ex parte filing regarding any conflict of interest that might prevent Mr. Bornstein from continuing to represent Mr. Tew. (Doc. 294.) Those filings are now before me. (Docs. 300, 301.)

Defendants in criminal cases are guaranteed "the right to representation that is free from conflicts of interest." *United States v. Williamson*, 859 F.3d 843, 851 (10th Cir. 2017). "A conflict of interest is 'a

division of loyalties that affected counsel's performance.'" *Id.* (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)). The Government has a duty "to notify the district court of potential conflicts of interest," and this duty "facilitates the administration of justice by helping to avoid lengthy delays or retrials that could occur when conflicts render defense counsel's representation ineffective." *United States v. McKeighan*, 685 F.3d 956, 967, 969 (10th Cir. 2012). The ex parte filings do not reassure me that the potential conflict between Mr. Bornstein and his former client, Ms. Tew, will not ripen into an actual conflict, either before or after trial.

I understand that Mr. Tew may not be keen to work with a new attorney after Mr. Bornstein has represented him for nearly a year. This, however, is the exact situation that Ms. Tew already finds herself in. *See United States v. Smith*, 323 F. App'x 650, 652 (10th Cir. 2009) (Constitution guarantees indigent defendant right to effective appointed counsel, but not to appointed counsel of his or her choice) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Tibbett v. Hand*, 294 F.2d 68, 73 (10th Cir. 1961))). And any delay that may be caused by appointing new counsel to Mr. Tew is minor now that Ms. Tew has been appointed new counsel. Mr. Kaplan made his appearance for Ms. Tew less than a month ago, and hearings and filing dates have already been continued in light of Mr. Kaplan's recent appointment. The alternatives to withdrawing Mr. Bornstein—requiring Mr. Tew to waive his right to cross-examine Ms. Tew, severing the defendants' trials, or risking a mistrial by taking no action—are burdensome; potentially prejudicial to the defendants, the Government, and the public; and not in the best interests of justice. *See* Fed. R. Crim. P. 2 (courts should seek "to provide the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable

expense and delay'). I find that the potential that a conflict of interest will arise is too great to allow Mr. Bornstein to continue to represent Mr. Tew.

## CONCLUSION

It is ORDERED that:

Peter R. Bornstein is WITHDRAWN as counsel to Defendant Michael Aaron Tew and relieved of all further representation. The Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record, and to remove his name from the electronic certificate of mailing;

An attorney from the Criminal Justice Act panel will be appointed to represent Defendant Michael Tew; and

Within one week of entry of appearance of new counsel for Mr. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; and (2) any other issues the parties wish to bring to the Court's attention; and

On or before March 13, 2023, the parties must file a Joint Status Report with mutually agreeable proposed deadlines for further *James* proceedings.

DATED: January 30, 2023         BY THE COURT:

Daniel D. Domenico
United States District Judge