IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**(1) MICHAEL AARON TEW**; and
**(2) KIMBERLY ANN TEW**, a/k/a Kimberley Vertanen; and
(3) JONATHAN K. YIOULOS,

    Defendants.

---

### ORDER GRANTING THIRD-PARTY MOTION TO QUASH SUBPOENAS

Before me is a motion (Doc. 297) by National Air Cargo Holdings, Inc.; National Air Cargo Group, Inc. d/b/a/ National Airlines; and Christopher J. Alf requesting that I quash the subpoenas issued to them on December 1, 2022 pursuant to my Order Regarding Motion for Subpoena (Doc. 272). For the following reasons, the motion to quash is granted.

On November 15, 2022, defendants Michael Aaron Tew and Kimberley Ann Tew filed an ex parte motion seeking leave to serve a subpoena on the parties listed above pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 266.) The motion failed to note that, absent exceptional circumstances, the Court must first notify a third-party victim before ordering service of a subpoena requiring production of personal or confidential information about that victim. Fed. R. Crim. P. 17(c)(3). The third parties at issue are correctly considered victims—the defendants allegedly committed fraud upon National Air Cargo Holdings, an entity

- 1 -

Mr. Alf wholly owns. The subpoenas at issue seek personal and confidential information about the victims of the alleged fraud. The defendants' ex parte motion seeking leave to serve the subpoenas did not alert me that the parties at issue are victims or note any exceptional circumstances as to why prior notice to the victims should not be required. (*See* Doc. 266.) My order granting leave to serve the subpoenas did not require giving notice to the victims as mandated by Rule 17(c)(3). (*See* Doc. 272.) The subpoenas must be quashed for this reason alone.

Further, in my November 29, 2022 order granting the defendants' motion, I ordered the defendants to refile a corrected subpoena that listed the correct location for production. Defendants failed to do so before serving the subpoenas. The motion to quash is granted for this additional reason.

## Conclusion

It is ORDERED that:

The Motion of Third-Party Victims to Quash Subpoenas (Doc. 297) is GRANTED;

The defendants' third-party subpoenas dated December 1, 2022 are QUASHED; and

The defendants may, if they wish, file a renewed motion for leave to serve third-party subpoenas that fully complies with Federal Rule of Criminal Procedure 17.

DATED: January 30, 2023              BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge