IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

**DEFENDANT MICHAEL TEW'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE 240 DAYS FROM THE SPEEDY TRIAL ACT**

---

    Defendant Michael Aaron Tew ("Mr. Tew") respectfully moves this Court for an Order continuing trial and pre-trial related settings and excluding 240 days from the Speedy Trial Act computations in this case (the "Motion"). In support of this Motion, Mr. Tew states:

### CASE BACKGROUND

    1.    On January 31, 2023, undersigned counsel was appointed to represent Mr. Tew pursuant to the Criminal Justice Act.

    2.    Prior to counsel's appointment, an eight-day trial was previously set by the Court to commence on Monday, March 13, 2023. (Order at Doc. 263.)

    3.    The Court is authorized by 18 U.S.C. §3161(h)(7) to exclude time limitations set forth in the Speedy Trial Act where the ends of justice served by such delay outweigh the best interests of the public and the defendant in a speedy trial. In reviewing such a request, 18 U.S.C. §3161(h)(7)(B)(I) states that the Court should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Additionally, 18 U.S.C. §3161(h)(7)(B)(iv)

provides that the Court should consider whether failure to grant such a continuance "would deny counsel for the defendant… the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

4. When considering such a request, "the record must clearly establish that the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs,* 572 F.3d 1262, 1269 (10th Cir. 2009). The record must contain an explanation, not just a conclusory statement, for why the requested continuance is necessary. *See id.* at 1271-72.

5. In *United States v. West*, the Tenth Circuit established four factors for the Court to consider when deciding on such a request : (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).

**ARGUMENT IN SUPPORT OF MOTION**

6. Because the circumstances of this case satisfy the criteria of both the Speedy Trial Act and *West*, Mr. Tew respectfully requests that the Court vacate current deadlines, exclude 240 days from speedy trial calculations, and set trial in this matter on or about Monday, November 6, 2023.

***These circumstances satisfy the requirements of 18 U.S.C. §3161(h)(7).***

7. Failure to grant the continuance in this case would result in a miscarriage of justice and would deny newly appointed counsel the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

8.  Discovery in this case is exceptionally voluminous. Counsel for the government has requested that defense counsel provide a 2-terabyte hard drive to the U.S. Attorney's Office to receive all discovery. Though undersigned counsel is so new to the case as to have very little knowledge of what investigative resources were utilized by authorities, the 60-count Indictment (ECF 83) makes clear that the allegations are substantial, complicated, and cover a period of several years. Counsel understands that discovery is so overwhelming that prior counsel for Mr. Tew retained the assistance of the late Richard Demarest to assist with its review.

9.  Because he was only just appointed, counsel has not yet had meaningful time to meet with Mr. Tew and discuss the case, potential witnesses, and analyze available motions of defenses. Counsel does not believe he has adequate time to do so in advance of the existing March 2023 trial setting.

10. If a continuance of the trial and other deadlines were not granted, a miscarriage of justice would result from counsel being denied the reasonable time necessary for effective preparation. If a 240-day continuance were granted, however, counsel believes he would have sufficient time to review and process discovery, investigate and meet with potential witnesses, research any applicable motions, and prepare for trial in this case.

### The West factors also support a continuance of the trial date.

11. Likewise, the factors established by the Tenth Circuit in *West* support a continuance of the trial. Date. First, although only recently appointed, undersigned counsel has been diligent in learning about the case, including the scope of discovery and existing deadlines, and concluded that a ends-of-justice continuance in necessary.

12. Second, if granted, the continuance will accomplish the purposes underlying the

request for continuance, that is, to review discovery, properly advise Mr. Tew, and prepare for trial. Counsel currently believes that 240 additional days is sufficient time to complete these tasks.

13. Third, counsel has conferred with counsel for the government, Assistant U.S. Attorney ("AUSA") Bryan Fields, regarding this Motion. AUSA Fields stated that he is not opposed to this Motion or the requested November 2023 trial date. Counsel has also conferred with Mr. David Kaplan, counsel for co-defendant Kimberley Tew. Mr. Kaplan, who himself was only appointed to this case one month ago, stated that he is not opposed to this Motion or the requested November 2023 trial date. As such, counsel believes that any inconvenience to the opposing party, the co-defendant, and potential witnesses will be minimal. Counsel also knows of no reason why such a continuance would unnecessarily inconvenience the Court.

14. Finally, the need for a continuance in this case is justified to completely advise Mr. Tew and prevent the miscarriage of justice. An exclusion of 240 days under the Speedy Trial Act is a reasonable request to allow for discovery to be reviewed, witnesses interviewed, issues researched, and preparation for trial. Until each of these tasks has been accomplished, counsel cannot adequately advise Mr. Tew and defend him against the pending charges.

## CONCLUSION

WHEREFORE, Mr. Tew respectfully requests that the Court exclude 240 days from the Speedy Trial Act computations and continue trial and pre-trial related deadlines accordingly.

DATED this 3rd day of February, 2023.

      /s/   Jason D. Schall
Jason D. Schall
Bowlin & Schall LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861

        E-mail: jason@bowsch.com
        Attorney for Defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

        /s/  Jason D. Schall
        Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

| | |
|---|---|
| David Kaplan | Michael John Tallon |
| Stimson LaBranche Hubbard, LLC | 401 Stony Brook Road |
| 1652 North Downing Street | Rush, NY 14543-9419 |
| Denver, CO 80203 | (585) 329-8139 |
| (720) 689-8909 | mtallon@tallonlaw.com |
| kaplan@slhlegal.com | *Attorney for Jonathan K.* |
| *Attorney for Kimberley Ann Tew* | *Yioulos* |

I hereby certify that I will mail or serve the filing to the following participant:

Mr. Michael Aaron Tew

        /s/  Jason D. Schall
        Jason D. Schall