**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

---

**Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. §3161 (h)(7)**

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC submits this *Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 US.C. §3161(h)(7)* and as grounds states the following:

**Procedural Background**

1. On February 3, 2021 a 60-count indictment was filed in the United States District Court for the District of Colorado naming Michael Aaron Tew, Kimberley Ann Tew and Jonathan K. Yioulos as defendants. Ms. Kimberley Tew was charged with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §1343; 7 counts of Wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. §2 (Doc. #83).

2. On December 28, 2022, Peter Bornstein, having previously entered his appearance on behalf of both Michael Tew and Kimberley Tew, requested the court provide separate counsel for one of the Defendants (Doc. # 288).

3. Mr. Bornstein's motion for separate counsel having been granted, undersigned counsel, pursuant to a Criminal Justice Act appointment, entered his appearance on behalf of Ms. Kimberley Tew on January 3, 2023.

## Standards for Granting an Ends of Justice Continuance

4. Pursuant to 18 U.S.C. § 3161(h)(7) the court is authorized to grant a continuance at the request of the defendant, if it is determined that the ends of justice outweighs the public's interest in a speedy trial. The factors too be considered, pertinent to this request, as enumerated in 18 U.S.C. §3161(h)(7)(B), are; whether the failure to grant a continuance would result in a miscarriage of justice; whether the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within speedy trial limits; or, regardless of the case complexity, and despite due diligence, counsel for the defendant would not have reasonable time for effective preparation. Should the court so conclude, it is required to make clear its reasons for granting an ends-of-justice continuance. *States v. Toombs*, 572 F.3d 1262, 1269 (10th Cir. 2009).

5. The Tenth circuit looks to several factors when evaluating the request for a continuance "…including: the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance and the harm that appellant might suffer as the result of the district court's denial of the continuance". *United States v. West*, 828 F.2d 1468,1470 (10th Cir. 1987).

**Factors in Support of Granting a Continuance**

6.      The sheer volume of discovery requires counsel to have additional time to sufficiently review the facts so that meaningful consultation with the client can occur, an evaluation of the legal issues and potential motions developed, further investigation conducted and negotiations with the government for a possible resolution entertained.

7.      On January 5, 2023 Counsel for Ms. Tew delivered to the government a 2-terabyte hard drive to accommodate the discovery being provided. The prosecution, by correspondence dated January 12, 2023, indicated over 400 GB of information had been uploaded. The hard drive was then forwarded to another Legal Administrative Specialist to load the "filter team materials". The "initial production" discovery index dated, January 12 2023, contained 40 separate files of bank records, 8500 investigation pages and several thousand pages of search warrant records.

8.      Further complicating the review of discovery materials was the unfortunate passing of Richard Demarest, a discovery specialist known to the federal court, retained through appointment for the benefit of all defense counsel, to aid in the organizing of discovery. Obtaining Mr. Demarest's catalogue of discovery has just recently been accomplished.

9.      The indictment describes a case that is voluminous, complicated, and the result of a lengthy period of investigation. The vacated March 23, 2023 trial date was set over 2 years after the indictment was returned. Current counsel for Ms. Tew has been on the case for under 3 months, not a sufficient amount of time to begin an educated conversation with his client about the intricacies of the case and its defenses.

10. The *West* factors supporting the granting of an ends of justice continuance have been met. Counsel has been diligent in obtaining discovery and beginning the process of organizing, reviewing, and conferring with his client. The additional time requested by counsel is necessary to effectively review the facts and allegations presented by the government. AUSA Fields has indicated, as contained in the recently filed *Joint Status Report* (Doc. #314), that despite being concerned about delay, under the circumstances defendants' interest in providing thorough and thoughtful advice justifies an ends of justice continuance. Finally, the harm to the defendant, should a continuance not be granted, is the lack of adequately prepared counsel providing capable representation.

WHEREFORE, it is requested that the court grant Defendant Kimberley Tew's request for a continuance and exclude sufficient time to allow for the scheduling of trial in February of 2024.

Dated: March 13, 2023.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

4

5

## Certificate of Service

I certify that on March 13, 2023, I electronically filed the foregoing *Unopposed Motion for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. §3161 (h)(7)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Albert Buchman
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
al.buchman@usdoj.gov

*s/ Brenda Rodriguez*
Brenda Rodriguez