IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS
OF PRE-TRIAL RELEASE**

---

Defendant Michael Aaron Tew respectfully asks that the Court modify his conditions of pre-trial release by removing condition 7(q), the requirement that he submit to and pay for GPS monitoring, and adding a new condition requiring him to contact pretrial services by 12:00 P.M. local time each Monday ("Motion"). The government is unopposed to this Motion. For almost three years, Mr. Tew has made every court appearance, all while cementing his long-standing ties to the community. GPS monitoring is no longer the least restrictive means to reasonably assure his appearance in Court. In support of this Motion, Mr. Tew submits the following:

## BACKGROUND

1. On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release by U.S. Magistrate Judge Kristen L. Mix. (*See* ECF 7 and 9.)

2. Condition 7(q) of Mr. Tew's Conditions of Release requires him to be subject to GPS location monitoring and to pay all or part of the associated expenses.

3.      On September 29, 2020, Mr. Tew filed an Unopposed Motion to Modify Bond and to Remove the Home Detention Condition. (ECF 42.) Following a hearing before U.S. Magistrate Judge Kristen L. Mix on October 8, 2020, Mr. Tew's motion was granted by the Court, and he was released from condition 7(p)(ii) of pre-trial release. (ECF 52.)

4.      Four months later, on February 5, 2021, Mr. Tew filed another Motion to Modify Conditions of Pre-Trial Release (ECF 89) in which he asked the Court to do away with GPS monitoring (Condition 7(q)) and a 9:00pm curfew imposed upon the cessation of home confinement (ECF 52). The Court denied Mr. Tew's motion.

5.      On March 22, 2022, Mr. Tew's wife and co-defendant, Kimberley Ann Tew, filed her own motion to modify conditions of release requesting that she no longer be subject to GPS monitoring. (ECF 187.) The Court granted Mrs. Tew's motion, finding that the government had not shown location monitoring was necessary to reasonably assure Mrs. Tew's appearance. (ECF 188.)

## ARGUMENT

6.      Now, over 1000 days since his initial appearance and release on conditions[1], Mr. Tew again asks that he be released from electronic monitoring.

7.      Since his arrest, Mr. Tew has remained in compliance with the conditions of his release. This has included paying $129.89 per month for GPS monitoring, a sum which to date exceeds $4,000.00, most of which predated his appointment of counsel pursuant to the Criminal Justice Act. He has continuously kept up with these payments. What's more, the monitoring system sporadically malfunctions, alerting U.S. Probation that there is an issue with Mr. Tew

---

[1] A total of 1026 days (or two years, nine months, and 22 days) have elapsed between July 9, 2020, and May 1, 2023.

when there is not. By just one example, in April 2022 a malfunction occurred in the middle of the night, resulting in a call to Mr. Tew at 2:00 A.M. Mr. Tew was at home in bed at the time.

8.  Mr. Tew resides with his wife and two children at an apartment in Denver. His oldest child attends a local elementary school, and his youngest requires nearly constant care at home. Mr. Tew works from home to best assist with his children's care and transportation to and from school. He has not missed one court appearance in almost three years and remains in frequent contact with his court-appointed counsel and his pretrial officer, who has visited Mr. Tew's home several times. Mr. Tew has no criminal history. His ties to the community equal or surpass those of his wife, whose GPS monitoring was removed over a year ago.

9.  What's more, Mr. Tew tendered his passport to the U.S. District Clerk upon his arrest almost three years ago. (ECF 11.) He has twice previously requested and received the Court's permission to travel out of state. (*See, e.g.,* ECFs 183-185 and 267-268.)

10. Given Mr. Tew's history of compliance in this case and his deep ties to the community, GPS monitoring of Mr. Tew is no longer the least restrictive means necessary to reasonably assure his appearance in Court. 18 U.S.C. § 3142(B). Mr. Tew's ankle monitor is a significant burden, imposing financial, physical, and psychological costs upon him.

11. Mr. Tew respectfully requests that the Court modify his conditions of release by striking condition 7(q).

12. Assistant U.S. Attorney Bryan Fields has been advised of this Motion and stated that the government is unopposed to Mr. Tew's request if the Court would, in lieu of GPS monitoring, impose a condition requiring Mr. Tew, as directed by U.S. Pre-trial Services / U.S. Probation, to check in with them no later than 12:00 P.M. local time each Monday. Mr. Tew accepts this proposed modification and believes it to be the least restrictive means to reasonably

assure his appearance in Court.

Respectfully submitted this 1st day of May, 2023.

                                          /s/ Jason D. Schall
                                          Jason D. Schall
                                          BOWLIN & SCHALL LLC
                                          7350 E Progress Pl Ste 100
                                          Greenwood Village, CO 80111
                                          Telephone: (720) 505-3861
                                          E-mail: jason@bowsch.com
                                          Attorney for Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                          /s/ Jason D. Schall
                                          Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

                                          /s/ Jason D. Schall
                                          Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        AUSA Bryan Fields
        U.S. Attorney's Office
        1801 California Street, Suite 1600

Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

Michael John Tallon
401 Stony Brook Road
Rush, NY 14543-9419
(585) 329-8139
mtallon@tallonlaw.com
*Attorney for Jonathan K. Yioulos*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

                                                      */s/   Jason D. Schall*
                                                       Jason D. Schall