## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

---

**Kimberley Tew's Response to Government's Memorandum in Support of *James* Log (Doc. 341)**

---

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC, in advance of the *James* hearing scheduled for December 19, 2023 submits *Kimberley Tew's Response to Government's Memorandum in Support of James Log* (Doc. 341) and states the following:

On February 3, 2021 a 60-count indictment was filed in the United States District Court for the District of Colorado naming Michael Aaron Tew, Kimberley Ann Tew and Jonathan K. Yioulos as defendants. Ms. Kimberley Tew was charged in Count One with conspiracy to commit wire fraud in violation of 18 U.S.C. §1343, an additional 7 counts of wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. § 2, 1 count of conspiracy to engage in illegal monetary transactions, "money laundering", in violation of 18 U.S.C. §1957, and 5 counts of money laundering in violation of 18 U.S.C. §1957, along with a forfeiture allegation.

As is set forth more fully below, the *Government's Memorandum in Support of James Log* (Doc. 341) and *James Log Exhibit* (Doc. 341-1) contain statements the Government seeks to admit pursuant to F.R.E. 801(d)(2)(E).  The Government's submission fails to establish the basic requirements of F.R.E. 801(d)(2)(E) as to many of the statements, specifically those seeking admission of statements occurring at the time Ms. Tew was not a member of any conspiracy, out of court statements that were not made in furtherance of the alleged conspiracy and statements protected by the marital privilege[1]. Further complicating the Government's submission is that many of the 376 statements sought to be admitted are conversations involving multiple subjects, not all of which fall into the 801(d)(2)(E) exception.

### **Legal Standard**

Pursuant to F.R.E. 801(d)(2)(E), a statement of one co-conspirator is admissible against another co-conspirator when the government can demonstrate "by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course and in furtherance of the conspiracy" *United States v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

"[W]hen the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence." *Bourjaily v. United States*, 483 U.S. 171, 176 (1987).  Further, there must be some independent evidence,

---

[1] For the Court's reference, attached as Exhibit 1 is Defendant Kimberley Tews objections to specific statements contained in the Government's *James* log. The objections are numbered to reflect the statements sought to be introduced by the Government.

2

other than the statements themselves.  *See United States v. Rascon*, 8 F.3d 1537,1541 (10th Cir. 1993).

To establish a declarant was a member of a conspiracy, the government must prove: (1) the declarant's agreement with another person to violate the law; (2) his knowledge of the essential objective of the conspiracy; (3) his knowing and voluntary involvement; and (4) interdependence among the alleged co-conspirators. *See United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006). These facts must be established for each declarant.

To qualify as a statement "in furtherance" of a conspiracy, the statement must be "intended to promote the conspiratorial objectives" of the conspiracy. *United States v. Reyes*, 798 F.2sd 380, 384 (10th Cir. 1986). The "in furtherance" requirement represents a 'significant obstacle for the government; it is to be strictly construed and narrowly applied". *Rascon*, 8 F.3d at 1540.

A statement made after a conspiracy has ended is not admissible under F.R.E. 801(d)(2)(E) because it is not made during the course of the conspiracy.  *See Krulewitch v. United States*, 336 U.S. 440, 442-44 (1949).

### *James* Log Objections

The *James* log reveals the Government seeks to introduce, pursuant to F.R.E. 801(d)(2)(E), statements against Ms. Tew beginning on August 7, 2018.  Ms. Tew is not charged with any count in the indictment evidencing participation in the conspiracy until September 4, 2019 (Count 16).  The statements predating Ms. Tew's alleged participation (*James* Log #1-22) should not be introduced.

3

The *James* log describes entries involving statements by Mr. Jonathon Yioulos sent to Ms. Kimberly Tew with no indication that Ms. Tew received the information contained in the communication (James Log #19, #28, #34, #35, #46, #51, #79, #85, #108, #115, #118). These statements should not be considered as statements in furtherance of the conspiracy when Ms. Tew is not shown as ever having received the communication.

Not every statement contained in the Government's log meets their burden of establishing that the communication was in furtherance of the conspiracy. *James* Log #37, #144, #150, #153, #155, #157, #163, #203, #284, #285, #300, #370 are statements between Mr. and Mrs. Tew that are not in furtherance of the conspiracy. Additionally, these statements are protected by marital privilege. *Trammel v. United States*, 445 U.S. 40 (1980), *United States v. Bahe* 128 F.3d 1440 (10th Cir.1997)

*James* Log statements #374, #375 and #376 are statements obtained by the government after Mr. Yioulos had chosen to cooperate with the authorities. Mr. Yioulos was obviously no longer involved in the conspiracy and as such the statements should not be admitted pursuant to F.R.E. 801(d)(2)(E).

## Conclusion

For the reasons stated above and the objections contained in the attached Exhibit 1, Ms. Tew respectfully requests the court deny the introduction of statements as detailed in this motion.

### Join in Objections Filed on behalf of Mr. Tew

Ms. Kimberley Tew adopts the arguments made on behalf of Mr. Tew relating to the admissibility of statements contained in the Government's *James* Log.

Dated: December 12, 2023.

                                                     Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

### Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

5

**Certificate of Service**

I certify that on December 12, 2023, I electronically filed the foregoing *Kimberley Tew's Response to Government's Memorandum in Support of James Log (Doc. 341)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com
*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez