# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

## MOTION *IN LIMINE* FOR PRELIMINARY RULING ON DEFENDANT MICHAEL TEW'S POST-TRIAL RELEASE

---

Defendant Michael Aaron Tew respectfully asks the Court for a pre-trial preliminary ruling regarding his post-trial release status ("Motion"). The government does not oppose this Motion requesting a pre-trial ruling from the Court but has stated that it intends to argue that Mr. Tew should be remanded to the custody of the U.S. Marshals should he be convicted at trial. Given the nature of this husband-wife prosecution and the minor children involved, Mr. Tew respectfully asks the Court to provide him with a preliminary ruling on his release status should he be convicted at trial. In support of this Motion and his request to remain on conditions of release, Mr. Tew submits the following:

### Background and Applicable Law

On July 9, 2020, defendant Michael Tew made his initial appearance in this matter and was granted pre-trial release. (*See* ECF 7 and 9.) Since that time almost three and a half years ago, Mr. Tew has remained in compliance with the strict conditions of his release. He remains gainfully employed and is a present, attentive father to his two minor children. His wife, co-

defendant Kimberley Tew, has also remained in compliance with her conditions of supervised release.

Since his arrest, Mr. Tew has worked multiple projects that have been and are currently under the scrutiny of securities regulators and multiple international law firms. He is trusted with projects encompassing tens of millions of dollars of investments. In between conference calls, Mr. Tew and his wife care for his twin daughters, drive to/from elementary school, playgrounds, doctor's appointments, and attends to all of the other demands of a young family.

In the Indictment (ECF 83), Mr. Tew is charged with 60 violations of federal law. Critically, none of the alleged offenses are subject to 18 U.S.C. § 3143(a)(2)'s mandatory detention provisions. As such, if the Court finds "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released… the judicial officer shall order the release of the person in accordance with 3142(b) or (c)." 18 U.S.C. § 3143(a)(1).

### Evidence Supporting Mr. Tew's Continued Release Pending Sentencing

Even if convicted at trial, the circumstances of Mr. Tew's release remain the same. For three plus years, Mr. Tew has complied with pre-trial release, resided in the Denver area, maintained steady employment, and been a caretaker for his two minor children. Mr. Tew's deep ties to the community will remain even if he is convicted at trial. Furthermore, there is no evidence that Mr. Tew has ever posed a danger to the safety of any other person or the community in general. It is this track record that establishes well beyond clear and convincing evidence that Mr. Tew, if he is convicted at trial, should remain on his conditions of release.

If the government can prove each of its allegations beyond a reasonable doubt, the only thing that changes will be that Mr. Tew and his wife, co-defendant Kimberley Tew, would be

convicted felons facing significant terms of imprisonment as recommended by the U.S. Sentencing Guidelines. The government will likely contend that this will make Mr. Tew a flight risk. But neither Mr. Tew (ECF 11) nor Mrs. Tew have a passport (ECF 104), and their minor children live here with them. Aside from now-dated communications that allegedly occurred during the conspiracy – and that involve a co-defendant who himself remains on bond pending sentencing – the government has no evidence that Mr. Tew has any intention of fleeing. In the face of his track record of success on pre-trial release, the government's argument is unavailing, and Mr. Tew should remain on conditions of release if he is convicted at trial.

DATED this 18th day of December, 2023.

          _/s/   Jason D. Schall_
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com
Attorney for Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

          _/s/   Jason D. Schall_
Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

          _/s/   Jason D. Schall_
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Bryan Fields
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov

David Kaplan
Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80203
(720) 689-8909
kaplan@slhlegal.com
*Attorney for Kimberley Ann Tew*

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

                                            */s/ Jason D. Schall*
                                            Jason D. Schall