# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

### RESPONSE AND OBJECTION TO THE GOVERNMENT'S MOTION *IN LIMINE* THAT CERTAIN RECORDS ARE AUTHENTIC

---

Defendant Michael Tew hereby responds in opposition to the government's motion *in limine* asking the Court to certify the authenticity of certain expected trial exhibits. While many of the government's requested authentications are for exhibits that are the direct production of records from mainstream companies and banks (Google, Apple, etc.) for which counsel has found no authority to reasonably oppose their authentication, other records have been modified by the government and no longer constitute "business records" in any sense. Specifically, any records that the government asks to authenticate that have been modified or repackaged via the use of Cellebrite software are no longer "records of a regularly conducted activity" under F.R.E. 803(6). In support thereof, Mr. Tew states as follows.

    **I.**    **Cellebrite, the company, did not produce the records the government seeks to authenticate.**

Cellebrite is a publicly-traded company (ticker CLBT; www.cellebrite.com) based in Israel that provides software tools for law enforcement and intelligence services worldwide. Use is severely restricted by the company, who states on its website, "We sell our solutions only to

companies, bodies and agencies that abide by the terms that govern its proper use as outlined in our End-Use Licensing Agreement (EULA)."[1] In other words, not everyone can get their hands on this software.

Generally speaking, specifically trained federal law enforcement analysts and agents use Cellebrite to take a forensic image of a device (typically a cellular phone) to produce a report detailing the contents thereof. This is not a "plug and play" process, as the contents of the eventual forensic report requires inputs from the forensic examiner about what to include from the forensic image. Because such exams are typically if not always done when the device is in "airplane" mode, Cellebrite cannot receive a copy of the data imaged from the device by the examiner. As such, they cannot be said to maintain business records of the communications discovered by their software – that is, the communications proffered here by the government. Instead, it is the government's work product that produces the Cellebrite-processed exhibits. From the government's motion, it appears Cellebrite was used not to image a phone, but as a tool to "render [communications] in a more visually appealing way." Motion, ECF 444 at 13. The government goes on to state that it "could also just manually cut and paste the relevant texts from the spreadsheet[.]" *Id*. Neither of these actions would produce "records of a regularly conducted activity."

II.  **F.R.E. 902(13) does not stretch to cover Cellebrite analysis as an "electronic process or system."**

The government cites F.R.E. 902(13) and a submitted affidavit in support of its contention that Cellebrite records should qualify as a "record generated by an electronic process or system that produces an accurate result." F.R.E. 902(13). But Cellebrite reports markedly

---

[1] *See* https://cellebrite.com/en/cellebrite-facts/ , accessed December 22, 2023, at 10:30 A.M.

differ from the obviously self-authenticating records otherwise codified in Rule 902: signed and sealed or certified domestic public documents, foreign public documents, certified copies of public records, official publications, newspapers and periodicals, etc. *Id* at (1) through (6). Cellebrite, by design, is not for public consumption. It is not something that an average person off the street would recognize as an authentic document such as a stamped judgment of this Court or a copy of yesterday's Wall Street Journal. This isn't to say that such records could not be authenticated, but only to assert that they are not self-authenticating under F.R.E. 902(13) and must be subject to the cross-examination of the sponsoring witness about the choices he or she made when producing such a report. This is not a "record generated by an electronic process or system" but one made by a human being making certain choices. If the government wishes to authenticate such records at trial, F.R.E. 901 should apply, and the government must call a witness that can provide "[t]estimony that an item is what it is claimed to be." F.R.E. 901(b)(1). In the case of the contents of a forensic report created by Cellebrite, the forensic examiner him or herself would seemingly suffice. Denying Mr. Tew the opportunity to cross-examine this examiner, however, prejudices his defense. As such, Mr. Tew objects to the self-authentication of any government exhibits produced utilizing Cellebrite software.

DATED this 22nd day of December, 2023.

                                                               /s/   Jason D. Schall
                                              Jason D. Schall
                                              BOWLIN & SCHALL LLC
                                              7350 E Progress Pl Ste 100
                                              Greenwood Village, CO 80111
                                              Telephone: (720) 505-3861
                                              E-mail: jason@bowsch.com
                                              Attorney for defendant Michael Aaron Tew

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_/s/ Jason D. Schall_
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

_/s/ Jason D. Schall_
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| AUSA Bryan Fields<br>U.S. Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>(303) 454-0100<br>Bryan.Fields3@usdoj.gov | David Kaplan / Jaime Hubbard<br>Stimson LaBranche Hubbard, LLC<br>1652 North Downing Street<br>Denver, CO 80203<br>(720) 689-8909<br>kaplan@slhlegal.com /<br>hubbard@slhlegal.com<br>*Attorneys for Kimberley Ann Tew* |

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

_/s/ Jason D. Schall_
Jason D. Schall
