**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

**Kimberley Tew's Response to *Government's Motion In Limine for Ruling* on Admissibility of Evidence (Doc. 344)**

David S. Kaplan of the law firm Stimson LaBranche Hubbard, LLC, files the response to the *Government's Motion In LImine* and states the following:

**Government's Request**

The government submitted a request for *in limine* rulings hoping that certain of its exhibits will be found authentic and qualify for a business records exception to the hearsay rule (Doc. #344). It justifies this position by suggesting it will serve the dual purpose of avoiding unjustifiable delay and the inconvenience of producing foundation witnesses. It beseeches the court to enter such orders based on the information provided in the *James* log filed with the court and the evidence received at the hearing conducted on December 19, 2023. The evidence presented to the court is insufficient to support such a ruling and should be denied.

**Legal Authority**

The purpose of a *James* proffer has been recounted in the pleadings filed by the parties prior to the December 19, 2023 hearing (Docs. # 341, #345, #346).  A pre-trial hearing, as contemplated by F.R.E. 104(c), was conducted focusing on whether statements sought to be admitted by the government are not considered hearsay pursuant to F.R.E. 801(d)(2)(E).  To qualify under the rule, as a coconspirator statement, the government must demonstrate a conspiracy existed, the declarant and defendant were members of the conspiracy, and the statements were made in the course and furtherance of the conspiracy. *United State v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir.1996).

Independent of the manner in which a *James* hearing is conducted are rules addressing the requirements of authentication and identification of evidence as a condition precedent to their submission. Article IX F.R.E 901: Authenticating or Identifying Evidence and Rule 902: Evidence that is Self-Authenticating, addresses these concerns.  Relevant to this inquiry, F.R.E. 902 contains the way a certification can be used to; authenticate domestic records of a regularly conducted activity; records generated by an electronic process or system; or data copied from an electronic device, storage medium or file. F.R.E. 902(11), (13), (14). This rule sets out a process by which parties can authenticate records other than through testimony of a foundation witness. *F.R.E. 902 Advisory Committee Note:* 2017 Amendments.  An authenticating document is non-testimonial and therefore its use does not violate a defendant's constitutional right to confrontation. *United States v. Yeley-Davis,* 632 F.3d 673, 680 (10th Cir. 2011).

A certificate retains its non-testimonial character when it does not contain an analysis that would constitute out-of-court testimony. *United States v. Brison,* 772 F.3d 1314 (10th Cir. 2014). When evidence is self-authenticating under Rule 902 it satisfies the requirements of F.R.E. 901(a). *United States v. Arnold* 696 Fed. Appx. 903 (10th Cir. 2017).

Under Federal Rules of Evidence 901(a) a foundation to support a finding the item of evidence is what the proponent claims must be established before it can be introduced. *United States v. Dhinsa* 243 F.3d 635 (2nd Cir. 2001). The determination of admissibility should be made by a person with appropriate knowledge. Government witnesses are not able to testify to facts beyond their knowledge concerning electronic evidence such as emails and texts or internal email codes. *United States v. Safavian*, 435 F. Supp. 2d 36 (DC District Court 2006). Evidence establishing the examples contained in F.R.E. 901(b), satisfying the requirement of authenticity should be made by witnesses with knowledge. If the court chooses to make a preliminary finding of admissibility, it does not replace the presentation of authenticating evidence before the jury. Even if a court found sufficient evidence of authenticity in an in-camera proceeding, evidence that would support the same ruling must be presented again to the jury. *Lorraine v. Markel American Insurance Company,* 241 F.R.D. 534,540 (D. Md. 2007). The government must also establish a connection between the offered evidence and the defendant. *United States v. Black,* 767 F.2d 1334 (9th Cir. 1985).

Once authentication of the evidence is established it is still left to determine whether the evidence is inadmissible hearsay or properly admitted pursuant to a

hearsay exception. F.R.E. 803(6) establishes the criteria for such an exception involving business records kept in the course of regularly conducted business activity. *United States v. Ary,* 518 F.3d 775 (10th Cir.2008).  The proponent of the document must lay the foundation for its admission. *Id* at 786.  Computer data compilations may constitute business records.  *United States v. Hayes,* 861 F.2d 1225 (10th Cir. 1988). To qualify as a business record exception to the hearsay rule the condition precedent to admission must be shown by the testimony of a custodian or by a certification that complies with Rule 902(11) or (12). Neither were provided at the *James* hearing.

### **Argument**

The government's effort for judicial economy and trial efficiencies are not promoted by using the *James* hearing to authenticate exhibits and establish a business records exception to the hearsay rule.  The method of avoiding the calling of unnecessary foundation witnesses to authenticate the types of evidence sought to be introduced by the government is best contained in F.R.E. 902(11), (13) and (14).  To date a complete set of certification documents consistent with the rule, have not been provided and a discussion of their efficacy in accomplishing that task not presented to the court.  The question remains whether a proffered certificate meets the certification requirements of F.R.E. 902.  Content of communication in emails and transmittal data may lack the authentication required by Rule 902. (See *United States v. Penn,* 568 F. Supp. 3d 1135 (D. Colo. 2021).

The *James* hearing conducted in this case was insufficient to establish even preliminary requirements of F.R.E. 901(a).  The requirements of a F.R.E. 801(d)(2)(E)

4

exception to the hearsay rule is a preliminary determination appropriately made in the manner the hearing was conducted.  The "context" data contained in the *James* log and testified to by the agent is insufficient for the court to make the authentication ruling.  In any event, the same, and perhaps more competent testimony, would have to be presented before the evidence was admitted for jury consideration.

WHEREFORE, it is requested the court deny the government's request contained in the *In Limine* motion (Doc. #344).

December 22, 2023.

Respectfully submitted,

*s/ David S. Kaplan*
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   kaplan@slhlegal.com

*Attorney for Kimberley Ann Tew*

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

**Certificate of Service**

I certify that on December 22, 2023, I electronically filed the foregoing *Kimberley Tew's Response to Government's Motion In Limine for Ruling on Admissibility of Evidence (Doc. 344)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov


Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com
*Counsel for Michael Tew*

*s/ Brenda Rodriguez*
Brenda Rodriguez

6