**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW, and
2. KIMBERLY ANN TEW, a/k/a Kimberly Vertanen,

    Defendants.

## ATLANTIC UNION BANK'S MOTION TO QUASH SUBPOENA

Atlantic Union Bank ("AUB"), by and through its undersigned counsel, hereby submits the following as its Motion to Quash Subpoena and, in support thereof, states as follows:

### FACTUAL BACKGROUND

On December 18 and 19, 2023, the government attempted to serve a subpoena *ad testificandum* on AUB to have a custodian of records appear on February 5, 2024 at 9am to testify in this criminal case. (Attached hereto as **Exhibit 1**.) The government emailed and mailed the subpoena to AUB, but did not personally serve its registered agent. According to Assistant United States Attorney Bryan Fields, the government requires testimony from AUB to authenticate Exhibits 312 and 363 (as marked for the recent *James* hearing). Exhibits 312 and 363 are duplicates of a December 2018 statement from Access National Bank[1] for account holder Political Media, Inc. ("PM"). (Doc. No. 344-1 at 3.) AUB already provided a declaration compliant with F.R.E. 902(11) and 803(6), which will suffice to establish the foundation of

---

[1] AUB acquired Access National Bank in 2019.

Exhibits 312 and 363 as a business record. (Attached hereto as **Exhibit 2**.) Moreover, both defendants have already conceded that such declaration is non-testimonial and, therefore, does not implicate the Confrontation Clause. (Doc. No. 359 at 1; Doc. No. 360 at 2–3).

The monthly account statement at Exhibits 312 and 363 reflects: (1) an incoming ACH from National Air dated December 10, 2018 in the amount of $21,250; and (2) an outgoing domestic wire to Michael Tew dated December 10, 2018 in the amount of $15,500. (Doc. No. 341-1 at 56–57.) The indictment does not allege that either transaction constitutes a specific act of wire fraud. (Doc. No. 83.) However, it appears that the government will argue that the transactions constitute intrinsic evidence of the conspiracy to commit wire fraud. (*See* Doc. No. 341-1 at 56 (citing Indictment ¶¶ 11, 12, 13, 15, 19, 20, & 22).)

On December 12, 2023, the government filed a motion *in limine* requesting that the Court rule on the admissibility of certain exhibits under F.R.E. 901 and 803(6) or 801(d)(2)(E) of hundreds of documents—including its Exhibits 312 and 363. (Doc. No. 341.) The government indicated to undersigned counsel that it will withdraw its subpoena to AUB in the event that the Court grants the government's motion. The government also urged AUB to file its motion to quash as soon as possible. But the government's motion requests a ruling on <u>hundreds</u> of documents, including records with more complicated foundational requirements than Exhibits 312 and 363 such as emails and Cellebrite forensic reports. And (at least according to the responses), the government did not provide all the information that the Court may require to issue a ruling.

AUB would be substantially burdened by compliance with the government's subpoena. (*See* Declaration of Julie Roland, attached hereto as **Exhibit 3**.) AUB is chartered in Virginia and

does not conduct business or maintain offices or facilities in the state of Colorado. (*Id.* ¶ 1.) AUB receives, on average, more than ten subpoenas per week. (*Id.* ¶ 4.) Its team responsible for researching records for production in response to subpoenas consists of four individuals, all of whom work and live in the Commonwealth of Virginia. (*Id.* ¶¶ 2 & 3.) Only two of the individuals are supervisors with experience serving as witnesses for records-authentication purposes. (*Id.* ¶ 2.) Given the distance between Richmond and Denver, the government's subpoena will require the absence of one of those two supervisors for two to three days in order to provide roughly 30 seconds of live testimony. (*Id.* ¶ 5.) Such an absence will create a significant burden for AUB. (*Id.* ¶ 6.)

## LEGAL ARGUMENT

Federal Rule of Criminal Procedure 17(a) provides authority for the issuance of a subpoena *ad testificandum*, which must be personally served on an officer or registered agent of a corporation. Fed.R.Crim.P. 17(d); *see also United States v. Sandoval*, No. 10-20243-CR, 2010 WL 2757188, at *2 (S.D. Fla. July 13, 2010); *United States v. Simmons*, 515 F. Supp. 3d 1359, 1362 (M.D. Ga. 2021); *United States v. Venecia*, 172 F.R.D. 438, 438 (D. Or. 1997).[2]

---

[2] Though a minority of courts recently have dispensed with traditional requirement for personal service of a subpoena—at least in civil matters under Fed.R.Civ.P. 45, see 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.)—AUB urges this Court not to do so, as it encourages abuse of the subpoena power. The government does not have to tender witness fees with its subpoena and requires that the witness purchase refundable airfare. Ex. 1 at 2. The only thing that deters the government from abusing the subpoena power is the requirement for personal service. If the government cannot be troubled to perfect service by identifying AUB's registered agent and hand delivering

The Court may quash a subpoena *ad testificandum* where compliance would be "unreasonable or oppressive." *United States v. Penn*, No. 20-CR-00152-PAB, 2021 WL 4943647, at *1 (D. Colo. Oct. 22, 2021). Neither the United States Supreme Court nor the Tenth Circuit Court of Appeals has further defined "unreasonable or oppressive" with respect to a Rule 17(a) subpoena to testify at a criminal trial. *United States v. Riego*, 627 F. Supp. 3d 1254, 1258 (D.N.M. 2022). However, the Supreme Court has stated that the reasonableness of a Rule 17(c) subpoena *duces tecum* depends on the context. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299–300 (1991). In ruling on motions to quash Rule 17(a) trial subpoenas, courts have considered the relevance, materiality, and admissibility of the testimony, *United States v. Santistevan*, No. 11-CR-00406-CMA, 2012 WL 2875949, at *2 (D. Colo. July 12, 2012); as well as the burden to the witness, *Riego*, 627 F. Supp. 3d at 1261. It is proper to quash a subpoena for testimony that is either "cumulative or immaterial." *United States v. Rosenschein*, No. CR 16-4571 JCH, 2020 WL 4275670, at *1 (D.N.M. July 24, 2020). Chief Judge DeGiusti, for instance, granted a motion to quash a trial subpoena stating: "There is no reason to waste trial time calling [the witness] to testify about narrow facts that can be established with documentary evidence." *United States v. Keogh*, No. CR-17-290-D, 2022 WL 129443, at *4 (W.D. Okla. Jan. 12, 2022).

As a threshold matter, this Court should quash the government's subpoena because the government did not personally serve the subpoena on AUB's registered agent or any other suitable representative.

---

a subpoena to that person, then it stands to reason that the government itself does not deem the testimony material to its case.

Additionally, AUB respectfully requests that the Court quash the subpoena as unreasonable and oppressive. The government intends to call the AUB witness to authenticate a *single* record with a straightforward foundation that can be established with the declaration at Exhibit 2. The relevance of that testimony is marginal at best. <u>The government did not specifically charge the defendants with a count of wire fraud with respect to the transactions in the AUB record</u>. (*See generally* Doc. No. 83.) To the degree that the AUB record may constitute intrinsic evidence of the conspiracy to commit fraud, it is certainly cumulative given that the government must present evidence of at least 39 specific charges of wire fraud. Indeed, this Court already deemed the evidence of the conspiracy to commit fraud "overwhelming" and noted "concerns" that presentation of all such evidence "may run afoul of Rule 403." (Doc. No. 361 at 5 & 15.)

AUB appreciates the government's commitment that it will voluntarily withdraw the subpoena in the event that the Court grants the government's motion *in limine*. However, regardless of the Court's ruling on that motion, the government's subpoena to AUB is unreasonable and oppressive and should be quashed. AUB cannot provide a witness to testify to any fact not contained in its declaration. At most, AUB's witness would provide 30 seconds of testimony. It is absolutely a waste of AUB's time and resources to provide live testimony where not required. *United States v. Yeley-Davis*, 632 F.3d 673, 679 (10th Cir. 2011); *see also* Doc. No. 359 at 1; Doc. No. 360 at 2–3.

WHEREFORE, AUB respectfully requests that this Court enter an Order quashing the subpoena and for any further relief the Court deems just and proper under the circumstances.

Respectfully submitted this 9th day of January, 2024.

        KUTAK ROCK LLP

        By: *s/ Lisa M. Saccomano*
            Lisa M. Saccomano (#45105)
            2001 16th Street, Suite 1800
            Denver, CO  80202
            Telephone:  (303) 297-2400
            Facsimile:  (303) 292-7799
            Email: lisa.saccomano@kutakrock.com

        ATTORNEYS FOR ATLANTIC UNION BANK

## STATEMENT OF SPEEDY TRIAL IMPACT

To the best of counsel's knowledge, this motion will have no impact on the speedy trial clock.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ *Lisa M. Saccomano*
Lisa M. Saccomano

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I electronically served the foregoing **ATLANTIC UNION BANK'S MOTION TO QUASH SUBPOENA** via the ECF filing service upon all counsel of record.

s/ *Lisa M. Saccomano*
Lisa M. Saccomano