## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

## DEFENDANT MICHAEL TEW'S TRIAL BRIEF

---

    In advance of trial scheduled to begin on February 5, 2024, Defendant Michael Aaron Tew ("Mr. Tew") submits this trial brief to raise certain anticipated issues to the Court's attention. Should this case be continued (*see* Doc. 374), counsel requests the opportunity to supplement this brief in advance of any future trial setting.

**A.**     **Anticipated Evidentiary Issues Likely to Arise at Trial**

    i.     Proffer Interviews (Government Exhibits 528 and 529).

    As discussed at length in Mr. Tew's Motion in Limine, Doc. 370, and Mrs. Kimberley Tew's ("Mrs. Tew") Motion in Limine, Doc. 373, the interpretation and application of certain proffer agreements stands to dramatically impact each defendant's ability to present a defense. Mr. Tew asks the Court for a pre-trial ruling regarding the breadth of those agreements and joins in Mrs. Tew's request for a pre-trial hearing on the issue.

    ii.     Government's Proposed Rule 1006 Summary Exhibits and Supporting Testimony

    The government has stated its intent to offer certain summary exhibits (and presumably testimony supporting their creation), including but not limited to, those marked as Government's

Exhibits 1001 through 1007, under Federal Rule of Evidence 1006. Mrs. Tew discusses this issue at length in her own Trial Brief, Doc. 376. Mr. Tew hereby adopts by reference the arguments made therein and asks the Court to proceed with caution when considering the admission of such exhibits, asking that even if each fact summarized therein has been independently admitted into evidence, whether such summary's prejudicial impact exceeds their probative value.

B.      **Presenting the Indictment to the Jury and/or Venire.**

The Indictment, Doc. 83, is long – sixty counts, covering 24 pages that include numerous tables. While most of the Indictment is straight forward, the government makes frequent use of the word "fraudulent" to describe invoices and payments submitted as part of the alleged scheme to commit wire fraud. This begs the very conclusions for which trial is set – whether fraud occurred, for starters. Such short cuts only serve to inflame the jury. *See, e.g., United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."). By way of analogy, if the government questioned a witness in this manner, it would be impermissible vouching.

Federal Rule of Criminal Procedure 7(d) provides that, upon motion by a defendant, "the court may strike surplusage from the indictment or information." Fed. R. Crim. Pro. 7(d). *See, e.g, United States v. Scott*, 37 F.2d 1564, 1576. Mr. Tew moves to strike the word "fraudulent" as surplusage any time it is used in the Indictment to describe an invoice or payment.

Should the Court deny this request, Mr. Tew asks that the government be restricted from providing written copies of the Indictment to the jury, and instead read it out loud (to the jury or entire venire) at the outset of the proceedings. Such a decision is within the sound discretion of the

Court. *United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973).

DATED this 24th day of January, 2024.

     /s/ *Jason D. Schall*
Jason D. Schall
BOWLIN & SCHALL LLC
7350 E Progress Pl Ste 100
Greenwood Village, CO 80111
Telephone: (720) 505-3861
E-mail: jason@bowsch.com

     /s/ *Kristen M. Frost*
Kristen M. Frost
RIDLEY, LCGREEVY & WINOCUR, P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Facsimile: (303) 629-9702
E-mail: frost@ridleylaw.com

Attorneys for Michael Aaron Tew

**CERTIFICATE OF CONFORMITY**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

     /s/ *Jason D. Schall*
Jason D. Schall

**STATEMENT OF SPEEDY TRIAL IMPACT**

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

     /s/ *Jason D. Schall*
Jason D. Schall

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| AUSA Bryan Fields | David Kaplan / Jamie Hubbard |
| U.S. Attorney's Office | Stimson LaBranche Hubbard, LLC |
| 1801 California Street, Suite 1600 | 1652 North Downing Street |
| Denver, CO 80202 | Denver, CO 80203 |
| (303) 454-0100 | (720) 689-8909 |
| Bryan.Fields3@usdoj.gov | kaplan@slhlegal.com |
| | hubbard@slhlegal.com |
| | *Attorneys for Kimberley Ann Tew* |

I hereby certify that I will mail or serve the filing to the following participants:

Mr. Michael Aaron Tew (defendant)

                                             */s/  Jason D. Schall*
                                             Jason D. Schall