IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL AARON TEW, and**
2. **KIMBERLEY ANN TEW,** a/k/a Kimberley Vertanen,

    Defendants.

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States of America seeks leave to ask any of the following proposed *voir dire* questions, to the extent that these topics are not asked by the Court, and to ask follow-up questions if juror responses tend to warrant further inquiry. The government further seeks leave to ask follow-up questions on any pertinent juror questions submitted by the defendants:

1

**GENERAL BACKGROUND INFORMATION**

1. Please tell us your name; age; and the city where you live.

2. Could you please tell us where you are currently employed, or where you worked most recently? Have you worked in any other industries?

3. What grade of education did you complete?

4. What is your marital status? Do you live with any other adults? (a spouse, roommates, or other family members)?

5. Can you please tell us who those individuals are, what their relationship is to you, and what industry they work in?

6. Do you have any children? What are their ages? Where are they employed, and/or what grade of school are they in?

7. Do you, or does someone close to you, have current or prior experience and/or training in either (a) the legal industry, or (b) the accounting-finance-bookkeeping industries? If yes, please describe.

8. Have you ever served on a jury before? If yes:

    a. When and in which court?

    b. Was it a criminal case or a civil matter? Grand jury?

    c. If civil: In a civil case, the burden of proof is a preponderance of the evidence. In a criminal case the burden of proof is upon the government to prove the case beyond a reasonable doubt. Do you understand that beyond a reasonable doubt is a higher burden of proof? And you will be instructed by the Court on what the phrase "beyond a reasonable doubt"

       means? Can you follow the court's instruction?

    d. Can you tell us about the subject matter of the case?

    e. Without informing us of the result itself, was the jury able to reach a verdict?

    f. How did you find your jury experience?

    g. Did you serve as the foreperson?

9. Has anyone here served as a witness at a trial? Please tell us about that experience.

10. Have you, or anyone close to you, been involved in any legal proceeding with a federal or state governmental agency that was not resolved to your satisfaction? Please describe.

11. Have any of you, or someone close to you, ever been arrested, charged, or convicted for any crime, felony or misdemeanor, other than minor traffic violations? If yes:

12. What was the crime? Was the case resolved in a trial or by a plea of guilty?

    a. What sentence was imposed?

    b. Were you [or they] satisfied with the criminal justice process? Why or why not?

    c. Would that experience interfere with your ability to decide this case fairly and impartially?

13. Have any of you, or someone close to you, ever been a victim of a crime? If yes:

    a. When did that happen, and what type of crime was it?

    b. Was anyone ever charged for committing that crime?

    c. Was there anything about that experience that would interfere with your ability to decide this case fairly and impartially?

14. What about the criminal justice system more generally? Do any of you have opinions or feelings about the criminal justice system — including of judges, prosecutors, and defense lawyers — that could interfere with your ability to be fair and impartial?

15. As I mentioned, this is a criminal case — Is there anything in your personal experience that would cause you to start off the trial — before hearing any evidence — leaning towards either the government or the defendants?

16. What do you like to do in your spare time? What are your hobbies?

17. What websites do you frequently visit? If you use social media, which social media platforms do you use, and for what purpose?

18. Where do you get your news? (e.g., TV, online, radio, social media, etc.) How often do you read/watch/listen to the news per week?

19. If you watch television, what television shows do you watch regularly?

    a. Does anyone watch any crime TV shows, like Law & Order or Forensic Files? How about true-crime podcasts? If yes:

    b. Which ones? How often?

    c. What about those shows appeals to you?

    d. Do you think these types of shows realistically portray the criminal justice process?

4

    e. Do you have any expectations of the government based on watching those shows?

20. Given the COVID-19 pandemic, as well as general cold & flu season, are any of you uncomfortable serving as a juror? Why?

21. This case is expected to involve many written records, such as records from banks and other businesses, as well as summary charts, and audio recordings. Does anyone have any medical conditions — for instance, visual or hearing impairment, or trouble paying attention for long periods — which might affect your ability to fully consider the types of evidence that could be presented?

22. On occasion, over the course of this case, you may hear testimony that involves coarse language and swear words. Would any of you have trouble listening to that evidence?

23. You may also hear testimony or be presented with evidence that references (a) being terminated from a job; (b) drug and/or alcohol use; (b) drug and/or alcohol addiction; (c) addiction to gambling or betting. Would any of you be uncomfortable listening to evidence of that nature?

**GENERAL LEGAL PRINCIPLES**

24. It is the judge's job to determine the law that applies to the case, and to tell you that law. It will be your job, as jurors, to determine the facts and apply the law to those facts to see if the government has proved this case to you beyond a reasonable doubt.

    a. Does anyone think that they could have difficulty following the law as

Judge Domenico gives it you?

b. Will you determine the facts, apply the law to them, and return a verdict without being swayed by sympathy or prejudice or whether you want a defendant to be punished?

25. The burden of proof is on the government to prove the elements of each charge beyond a reasonable doubt. Reasonable doubt, put simply, is doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.

   a. If the evidence is insufficient to prove a defendant guilty beyond a reasonable doubt, your oath will require that you come out of the jury room and tell the defendant that you have found him/her not guilty. Can you give me your assurance that you can do that?

   b. But if the evidence proves the defendant committed the crime beyond a reasonable doubt, your oath will require that you come out of the jury room and tell the defendant that you have found him/her guilty. Can you give me your assurance that you can do that?

26. This case involves two defendants and multiple charges — and the government needs to meet its burden of proof beyond a reasonable doubt as to each defendant and to each crime that defendant is charged with. Can you give separate consideration to each defendant and each charge?

27. Is anyone going to think, "Well these are important charges, I do want a little more than a reasonable doubt?" Will anyone require the government to prove

the elements of each count beyond a shadow of a doubt?

28. The government is not required to prove a defendant's motive in this case. The government does not have to prove why someone committed a crime —all it has to do is prove the elements of the crime as set forth by the judge. People commit crimes for many reasons. You may find after listening to the evidence that a motive has been established; or you may never determine a defendant's motives. But if the evidence proves beyond a reasonable doubt that the defendant acted with the intent required by the law and he or she committed the crime, can you give me your assurance that you will reach a guilty verdict?

29. In a criminal trial, your duty, as jurors will be to determine whether or not the defendants are guilty of the crimes charged in the indictment, It is the judge's duty to determine what punishment — if any — may be imposed in the event of a guilty verdict.

    a. Will you be able to assess the evidence in the case and reach a verdict without consideration as to the type of sentence or punishment that ultimately might be imposed as a result of your verdict?

30. If you are selected as a juror, you will take an oath to reach a verdict based upon the law as the Court gives it you. In other words, do you understand that, if selected, it will be your obligation to follow the law —even if you personally disagree with it?

31. There are many people who, for a variety of reasons — including personal feelings, political views, religious beliefs, and/or dissatisfaction with the

7

criminal justice system — may be uncomfortable sitting in judgment of another person.

    a. Does anyone have any beliefs that you believe would cause you to hesitate to reach a verdict of either not guilty or guilty?

    b. Does anyone have any beliefs that might impact your ability to assess the credibility of any witness who might testify in this case? That evidence is expected to include the testimony of victims, law enforcement, fact witnesses, and the defendants.

    c. Do you understand that you may be called on to decide whether someone is or is not telling the truth as part of your assessment of the evidence in this case? Is there anything that might prevent you from being able to do this?

32. Evidence can be direct or circumstantial. Direct evidence is direct proof of a fact, such as a witness's testimony about what he or she personally saw or did. Circumstantial evidence is indirect evidence — in other words, proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence — or both — can be used to support a criminal conviction. All that is required is that the government meets their burden of proof. Does anyone have any concerns about relying on circumstantial evidence to support a guilty verdict?

    a. Do any of you feel that you would not be able to convict a defendant — despite the strength of any circumstantial evidence — unless there was

      direct evidence?

33. Do you understand that the consideration of both types of proof — direct and circumstantial — is part of how we use our reason and common sense every day? Will you bring your reason and common sense to your service on this jury?

**CASE SPECIFIC QUESTIONS**

34. This is a criminal case involving allegations of fraud, specifically invoice fraud. In simple terms, fraud is obtaining something — for instance, money — from someone else based on lies, mistruths, or omissions. The government alleges that the defendants conspired to submit false invoices to a business for services that were not rendered, in order to obtain money.

    a. Have you, or someone close to you, ever been the victim of a fraud?

    b. If so, do you believe that experience will affect your ability to sit as a fair and impartial juror in this case?

35. Have you ever had an experience — short of a criminal case — where you were betrayed by someone you trusted?

    a. Do you think that experience will affect your ability to listen objectively to the facts of this case?

36. Do you believe that victims who fall for a fraud bear some responsibility for their losses?

    a. If so, will that belief affect your ability to listen objectively to the facts about how this alleged fraud took place?

37. You may also hear allegations about blackmail or extortion in this case. Has

anyone had an experience where you, or someone close to you, was threatened or coerced into doing something that you or they didn't want to?

    a. If so, will that experience affect your ability to fairly and impartially decide this case?

38. This case also involves allegations of money laundering. Money laundering is essentially taking the proceeds of a criminal act and using it in other ways — for instance, hiding it, mixing it up with legitimate money, or spending it.

    a. Have you, or someone close to you, ever been the victim of a crime or a fraud where someone took something from you and you couldn't get it back because it was already gone?

    b. Any similar experiences that fell short of a crime?

    c. If so, do you believe that fact will affect your ability to sit as a fair and impartial juror in this case?

39. This case also involves allegations of willful failure to file federal income tax returns.

    a. Does anyone have any feelings or opinions about the Internal Revenue Service that would affect your ability to be fair and impartial to either the defendant(s) or the government?

    b. Do any of you believe that the income tax laws of the United States are unconstitutional or that it is wrong for the government to impose income taxes?

    c. Do any of you disagree with the idea that everyone is obligated to obey

   the income tax laws, as well as all other laws of this country?

   d. Do any of you feel that violations of income tax laws should not be prosecuted as crimes by the United States?

   e. Have you, or someone close to you, ever been audited by, assessed a penalty by, and/or had a bad experience with] the Internal Revenue Service?

   f. Have you, or someone close to you, ever been a member of any organization whose members study, protest against, or otherwise express dissatisfaction with the substance, form, or administration of federal tax laws or federal tax policy generally?

   g. Have you, or someone close to you, ever attended an event organized by or attended by people you thought were so-called "tax protesters"?

   h. Do any of you have a disagreement with any of the Internal Revenue laws of the United States or hold any personal belief that the United States should not regulate the payment of income taxes or that the Internal Revenue Service should not investigate or audit taxpayers.

40. This trial will involve what the law calls a "conspiracy." A conspiracy is an intentional agreement with someone else to do something illegal. In other words, it can be a violation of the law not just to commit a crime — for example, a bank robbery — but to agree with someone else to commit the robbery in the first place. Is there anything about this legal concept that causes you concern?

41. For example, the government is not required to prove that the defendant knew

11

all the other members of the conspiracy or knew all the details about how the activities of the conspiracy were to be carried out. A person may belong to a conspiracy for a brief period of time or play a minor role. Is there anything regarding these aspects of conspiracy law that causes you concern?

42. You will hear evidence that others may have had a greater or lesser role in this case than a defendant. Will anyone have a hard time weighing the evidence as it pertains to each defendant individually, setting aside what others may or may not have done?

43. You will hear evidence in this case that there were associates involved in this case who entered into plea agreements with the government. Would anyone here have a hard time believing a person who entered into a plea agreement with the government?

44. You will also hear evidence that associates in this case cooperated and received recommendations for lower sentences. Would anyone have a hard time believing a person who cooperated, provided information to the government, and received a benefit in return?

45. What is your view of the United States government generally? Would these views affect your ability to be fair and impartial in this case?

46. You may hear testimony from law enforcement officers — including agents with the FBI, IRS, and Homeland Security Investigations — would hearing testimony from a law enforcement officer be any more or less credible to you, from the outset, than that of any other witness?

47. Have you read or seen in the news reports involving allegations of misconduct by law enforcement? How do you feel about those reports? Is there anything about this knowledge that would affect your ability to be fair and impartial in this case?

48. Do you think it is appropriate as a juror in a criminal case to base your vote on "sending a message" to law enforcement?

49. In this case you will hear about various investigative techniques, including secretly recording conversations with a defendant. Does anyone feel that because the government collected evidence in this manner, they could not be fair and impartial in this case?

50. You will hear that the government collected certain evidence through the use of search warrants — including search warrants of the defendants' home and search warrants to obtain certain electronic evidence, like email and cloud accounts. Does anyone feel that because the government collected evidence in this manner, they could not be fair and impartial in this case?

51. The alleged victim in this case is a larger company, and the two defendants are individuals.

    a. Would anyone here have a hard time holding someone to account, or being fair, knowing that the victim is a company and the defendant is an individual?

    b. Does anyone have strong feelings, either way, about large companies? What about if the person on the other side of the case is an individual?

13

       Do you believe anything about the fact that the victim here is a company and the defendants are individuals will affect your ability to sit as a fair and impartial juror in this case?

52. This case also involves larger sums of money than many of us deal with in our everyday lives. Does hearing that cause you any concern about your ability to judge the facts in a fair and impartial manner?

53. Have you, or someone close to you, ever been terminated unexpectedly? Did you receive a severance? Does hearing that this case involves a termination without a severance cause you any concern about your ability to judge the facts in a fair and impartial manner?

54. Have you ever quit or been terminated from a job where you thought you were treated unfairly? If yes, would you ever think it was okay to get back at the company in some way?

55. Have you ever managed other people as part of your work?

56. Have you ever been managed by others?

57. Do you have strong feelings or sympathies — in either direction — towards the manager or the employee?

58. Do you have any personal experience with cryptocurrency?

59. Do you have strong feelings — in either direction — about investing in cryptocurrency?

## CONCLUSION QUESTIONS

60. If you are selected to serve as a juror and hear this case, you will be required

to deliberate with eleven other jurors. This will require you to discuss the evidence and the law in this case with those other jurors. Is there anything that might interfere with your ability to deliberate and reach a verdict in this case? Is there anything that may lead you to believe that you might be unable or unwilling to engage in such discussions with your fellow jurors?

61. Is there anything that we have discussed that, perhaps with a little more time to think about it, or anything that we have not covered, that leads you to believe that you might not be the best fit to be an impartial and fair juror in this particular case?

Respectfully submitted this 26th day of January, 2024.

                                      COLE FINEGAN
                                      United States Attorney

By:   */s/ Bryan Fields*                  By:   */s/ Sarah H. Weiss*
Bryan Fields                            Sarah H. Weiss
Assistant United States Attorney     Assistant United States Attorney
U.S. Attorney's Office                 U.S. Attorney's Office
1801 California St. Suite 1600       1801 California St. Suite 1600
Denver, CO 80202                    Denver, CO 80202
(303) 454-0100                         (303) 454-0100
Bryan.Fields3@usdoj.gov            Sarah.Weiss@usdoj.gov
Attorney for the Government         Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to counsel of record in this case.

                                                       s/ *Sarah H. Weiss*
                                                       Sarah H. Weiss
                                                       Assistant U.S. Attorney
                                                       1801 California Street, Suite 1600
                                                       Denver, CO 80202
                                                       Telephone 303-454-0100
                                                       Facsimile 303-454-0402
                                                       sarah.weiss@usdoj.gov