IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

**Motion to Exclude Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the** *Government's Trial Brief* **(ECF 379)**

Defendant Kimberley Tew, through undersigned counsel requests this court exclude the testimony sought to be introduced by the government in their trial brief and as grounds states the following:

On January 24, 2024, the *Government's Trial Brief* (ECF 379) was filed. Section IV discussed the Government's intent to introduce evidence related to the reasons Michael Tew was terminated from National Air Cargo ("NAC") and stated the Government's belief that such evidence is *res gestae* of the charged offenses. The Government further requested that introduction of Ms. Tew's "extracurricular hobbies" be allowed to the extent they were a "motivating factor in this fraud." (ECF No. 379 at 4.) No further description of the reasons for termination, nor the hobbies or their relevance, was provided in the pleading.

The line between evidence that is *res gestae* and that which must be analyzed under Rule 404(b) is not always bright. *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Indeed, this lack of clarity led the Colorado Supreme Court to recently declare an end to *res gestae* in the state court system and demand the government give notice of all extrinsic evidence under Rule 404(b). *Rojas v. People*, 504 P.3d 296 (Colo. 2022).

Neither the court nor the defendant are bound by the government's conclusion that the proffered evidence is *res gestae*. At this point, the defense lacks sufficient information about what precisely the Government intends to admit about Mr. Tew's termination and Ms. Tew's gambling to fully analyze whether the evidence is intrinsic or extrinsic to the charged crimes. While the jury may need to be informed of certain limited facts related to Mr. Tew's termination—such as when Mr. Tew was terminated by the company—the circumstances of that termination are not intrinsic to the crimes charged. And whether Mrs. Tew was involved in any of the events that led to her husband's termination may certainly be extrinsic.

The purpose of the pretrial notice required by the Court's February 10, 2021 *Discovery Conference Memorandum and Order* is to require the Government to explain the other acts evidence it seeks to admit so Rule 404(b) factors can be considered. *See Huddleston v. United States*, 485, U.S. 681, 691 (1988); *United States v. Parker* 553 F.3d 1309 (10th Cir. 2009) (Rule 404(b) requires a court to consider whether 1) the evidence is offered for a proper purpose, 2) the evidence is relevant, 3) the probative value of the

evidence is substantially outweighed by its prejudicial effect, and 4) whether a limiting instruction is given if the defendant so requests). Because the Government did not comply with the notice requirement and has only stated generally that it seeks to admit evidence of Ms. Tew's gambling and the circumstances of Mr. Tew's termination, the parties and the Court lack sufficient evidence to analyze whether the proffered evidence is *res gestae* or subject to a Rule 404(b) analysis.

WHEREFORE, it is requested that the government be required to provide greater specificity regarding the evidence it seeks to introduce and a hearing to determine its admissibility.

January 29, 2024.

Respectfully submitted,

*s/ David S. Kaplan*
Jamie Hubbard
David S. Kaplan
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: hubbard@slhlegal.com
kaplan@slhlegal.com

*Attorneys for Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), defense counsel notes that this filing has no effect on the speedy trial clock.

*s/ David S. Kaplan*
David S. Kaplan

## Certificate of Service

I certify that on January 29, 2024 I electronically filed the foregoing *Motion to Exclude Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address and all parties of record:

Bryan Fields
Sarah Weiss
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
bryan.fields3@usdoj.gov
sarah.weiss@usdoj.gov

Jason D. Schall
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
jason@bowsch.com

Kristen M. Frost
Ridley McGreevy & Winocur, P.C.
303 16th Street, Suite 200
Denver, CO 80202
frost@ridleylaw.com

*Counsel for Michael Tew*

                                                   *s/ Brenda Rodriguez*
                                                   Brenda Rodriguez