ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

**(1) MICHAEL AARON TEW**; and
**(2) KIMBERLEY ANN TEW**, a/k/a Kimberley Vertanen,

Defendants.

---

## FINAL JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case—for example, instructions about the burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION NO. 2

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

The lawyers may properly refer to some of the governing rules of law in their closing arguments. If there is any difference between the law as stated by the lawyers and my instructions, you must follow my instructions.

## INSTRUCTION NO. 3

### PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT

The government has the burden of proving a defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

### INSTRUCTION NO. 4

### EVIDENCE – DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulation that the parties agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

You have heard questioning from attorneys and/or testimony from certain witnesses who described circumstances and events in this case using the words "fraud," "fraudulent," "conspirators," and "conspiracy." Their use of these terms do not substitute for the instructions given by the Court on the elements of each count alleged in the indictment.

It is solely your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt on each count alleged in the indictment and explained in these instructions. The questions of whether any fraud occurred and any conspiracy existed are questions to be answered by the jury alone weighing the facts together with the elements of each count provided in these instructions.

Certain charts and summaries have been shown to you to help explain the evidence in this case but were not admitted as exhibits. Their

only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts.

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Your notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION NO. 5

## EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES

As I instructed you at the beginning of the trial, there are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is circumstantial evidence, that is, the proof of a fact or chain of facts that points to the existence or non-existence of certain other facts.

The law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts based on all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits that you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts that have been established by the evidence.

## INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

The defendants did not testify and I remind you that you cannot consider their decisions not to testify as evidence of guilt. I want you to

clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

### INSTRUCTION NO. 7

### IMPEACHMENT BY PRIOR INCONSISTENCIES

You have heard the testimony of witnesses who, before this trial, made statements that may be different from their testimony here in court. These earlier statements were brought to your attention only to help you decide how believable their testimony in this trial was. You cannot use them as proof of anything else. You can only use them as one way of evaluating their testimony here in court.

## INSTRUCTION NO. 8

### CO-PARTICIPANT—PLEA AGREEMENT

The government called as a witness an alleged co-participant in the charged scheme, who was identified as a co-defendant in the Indictment. The government has entered into a plea agreement with this co-participant, providing for the dismissal of some charges and a recommendation of a lesser sentence than this participant might otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

An alleged co-participant, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged co-participant may, but itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of an alleged co-participant, unless you believe that testimony beyond a reasonable doubt. The fact that a co-participant has entered a guilty plea to the offense charged is not evidence of the guilt of any other person. The witness's plea agreement may not be used to establish the guilt of either of these defendants. The fact that the co-participant pled guilty should only be used to assess the co-participant's credibility as a witness.

## INSTRUCTION NO. 9

### EVIDENCE ADMITTED FOR A LIMITED PURPOSE

On occasion, a particular item of evidence or testimony has been received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## INSTRUCTION NO. 10

## RECORDED CONVERSATIONS

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence.

## INSTRUCTION NO. 11

## CONFESSION-STATEMENT—VOLUNTARINESS BY DEFEND-ANT
## (MULTIPLE DEFENDANTS)

Evidence relating to any statement attributed to a defendant alleged to have been made after the commission of the crimes charged in this case but not made in court, should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning his or her treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## INSTRUCTION NO. 12

### CAUTION—CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

## INSTRUCTION NO. 13

### CAUTION—PUNISHMENT

If you find that defendant Michael Tew or defendant Kimberley Tew, or both, are guilty of any of the crimes charged, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**INSTRUCTION NO. 14**

**REMOTE TESTIMONY**

In this trial, you heard testimony by video teleconference from a witness in a remote location. You should give this testimony the same consideration you would give it had the witness appeared and testified here in the courtroom.

## INSTRUCTION NO. 15

### MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the Indictment. You must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant.

Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

## INSTRUCTION NO. 16

### ON OR ABOUT

You will note that the Indictment charges that the crime was committed on or about certain dates. The government must prove beyond a reasonable doubt that the defendant committed the crime reasonably near these dates.

## INSTRUCTION NO. 17

### KNOWINGLY – DEFINED

When the word "knowingly" or the phrase "with knowledge" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant purposely contrived to avoid learning the facts. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe that fact.

Acting in good faith is inconsistent with the intent to defraud. A person who acts on a belief or opinion honestly held is not guilty under the statute merely because that belief or opinion turns out to be inaccurate, incorrect, or wrong.

## INSTRUCTION NO. 18

## CONSPIRACY TO COMMIT WIRE FRAUD – 18 U.S.C. § 1349

### (Count 1 – Michael Tew; Kimberley Tew)

The defendants, Michael Tew and Kimberley Tew, are each charged in Count 1 of the Indictment with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

This law makes it a federal crime for any person to conspire to commit wire fraud. I will instruct you in a moment about wire fraud, which is the offense charged against one or both of the defendants in Counts 2 through 40. You should refer to those instructions regarding the elements of wire fraud.

To find a defendant guilty of conspiracy to commit wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1. The defendant agreed with at least one other person to commit wire fraud;

2. The defendant knew of the essential objectives of the conspiracy;

3. The defendant knowingly and voluntarily participated in the conspiracy; and

4. There was interdependence among the members of the conspiracy. That is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

For further instruction on the definition of "knowledge"; "knowingly"; and "voluntarily," refer to Instruction No. 17.

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. 20.

For further instruction on the elements of wire fraud, refer to Instruction No. 23.

**INSTRUCTION NO. 19**

**CONSPIRACY TO COMMIT MONEY LAUNDERING – 18 U.S.C.
§ 1956(h)
(Count 41 – Michael Tew; Kimberley Tew)**

The defendants, Michael Tew and Kimberley Tew, are each charged
in Count 41 of the Indictment with conspiracy to commit money laun-
dering, in violation of Title 18, United States Code, Section 1956(h).

This law makes it a federal crime for any person to conspire to com-
mit money laundering. I will instruct you in a moment about money
laundering, which is the offense charged against one or both of the de-
fendants in Counts 42 through 56. You should refer to those instructions
regarding the elements of Title 18, United States Code, Section 1957
(money laundering–spending).

To find a defendant guilty of conspiracy to commit money laundering,
you must be convinced that the government has proved each of the fol-
lowing beyond a reasonable doubt:

1. The defendant agreed with at least one other person to commit
   money laundering—spending;

2. The defendant knew the essential objective(s) of the conspiracy;

3. The defendant knowingly and voluntarily participated in the con-
   spiracy; and

4. There was interdependence among the members of the conspir-
   acy, that is, the members, in some way or manner, intended to act
   together for their shared mutual benefit within the scope of the
   conspiracy charged.

For further instruction on the definition of "knowledge"; "knowingly"; and "voluntarily," refer to Instruction No. 17.

For further instruction on the definitions of "agreement" and "interdependence," refer to Instruction No. 20.

For further instruction on the elements of money laundering–spending, refer to Instruction No. 24.

INSTRUCTION NO. 20

## CONSPIRACY — AGREEMENT & INTERDEPENDENCE DE-FINED

Count 1 and Count 41 charge two separate conspiracies. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

The evidence may show that some of the persons involved in the alleged conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement. Nor does the law require proof that the members agreed on all the details.

If you are convinced that the charged conspiracy existed, then you must next determine whether a defendant was a member of that conspiracy, that is, whether that defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it. You must consider each defendant separately in this regard.

A person may belong to a conspiracy for a brief period of time or play a minor role. On the other hand, proof is not sufficient if it merely shows that a defendant knew about the existence of the conspiracy or was associated with members of the conspiracy. Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to

act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

## INSTRUCTION NO. 21

### CONSPIRACY — EVIDENCE OF MULTIPLE CONSPIRACIES
### (Counts 1 and 41)

Counts 1 and 41 of the Indictment charge that defendants Michael Tew and Kimberley Tew were members of two different conspiracies, specifically, a conspiracy to commit wire fraud, in Count 1, and a conspiracy to commit money laundering, in Count 41.

You must determine whether each conspiracy, as charged in the Indictment, existed, and if it did, whether Michael Tew or Kimberley Tew, or both, was a member of it.

If you find that a defendant was not a member of one of the conspiracies charged, then you must find the defendant not guilty of that conspiracy, even though the defendant may have been a member of some other conspiracy. This is because proof that a defendant was a member of one charged conspiracy, or some other uncharged conspiracy, is not enough to convict on a different charged conspiracy.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that he or she was also a member of the conspiracy charged in the Indictment.

## INSTRUCTION NO. 22

## CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNTS

If you find either defendant guilty of either of the conspiracies charged in Counts 1 or 41 of the Indictment, and you find beyond a reasonable doubt that another coconspirator committed a substantive offense charged in relation to one of those conspiracies during the time the defendant was a member of that conspiracy, and if you find that a substantive offense charged in relation to one of those conspiracies was committed to achieve an objective of or was a foreseeable consequence of the conspiracy, then you may find the defendant charged with that substantive offense guilty of that substantive offense, even though the defendant may not have participated in any of the acts that constitute the offenses described in the substantive offenses.

The substantive offenses associated with each of the charged conspiracies are as follows:

| **Conspiracy to Commit Wire Fraud** (Count 1) | |
| --- | --- |
| Wire Fraud<br>    (as to defendant Michael Tew) | Counts 2-40 |
| Wire Fraud<br>    (as to defendant Kimberley Tew) | Counts 21, 22, 25, 26, 31, 32 |
| **Conspiracy to Money Laundering** (Count 41) | |
| Money Laundering–Spending<br>    (as to defendant Michael Tew) | Counts 42, 44-56 |
| Money Laundering–Spending<br>    (as to defendant Kimberley Tew) | Counts 43, 44, 47, 48, 56 |

## INSTRUCTION NO. 23

### WIRE FRAUD — 18 U.S.C. § 1343

**(Counts 2 – 40 (Michael Tew))**
**and**
**(Counts 21, 22, 25, 26, 31, and 32 (Kimberley Tew))**

Defendant Michael Tew is charged with 39 violations (in Counts 2 through 40), and defendant Kimberley Tew is charged with 6 violations (in Counts 21, 22, 25, 26, 31 and 32), of Section 1343 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

To find the defendant guilty of wire fraud, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

1. the defendant devised or intended to devise a scheme to defraud, as alleged in the Indictment;

2. the defendant acted with specific intent to defraud;

3. the defendant used or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

4. the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably

calculated to deceive persons of ordinary prudence or comprehension.

A scheme to defraud includes a scheme to deprive another of money, property, or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be false when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

INSTRUCTION NO. 24

MONEY LAUNDERING–SPENDING — 18 U.S.C. § 1957

(Counts 42 and 44 – 56 (Michael Tew))
and
(Counts 43, 44, 47, 48 and 56 (Kimberley Tew))

Defendant Michael Tew is charged with 14 violations (in Count 42 and Counts 44 through 56), and defendant Kimberley Tew is charged with 5 violations (in Counts 43, 44, 47, 48, and 56), of Section 1957 of Title 18 of the United States Code, alleged on various dates, as listed in the Indictment.

These counts charge the defendants with engaging in monetary transactions in violation of federal law. To find a defendant guilty of money laundering—spending, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1. The defendant engaged in a monetary transaction in criminally derived property;

2. The defendant knew that the property was criminally derived;

3. The property had a value greater than $10,000;

4. The property was in fact derived from wire fraud; and

5. The monetary transaction took place in the United States.

"Monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. A monetary transaction includes a transaction involving the use of a financial institution that is engaged in, or the activities of which affect, interstate commerce in any way or degree. "Interstate commerce" means commerce or travel between the states, territories, or possessions of the United States, in-

cluding the District of Columbia. Commerce includes travel, trade, transportation, and communication. It is not necessary that the defendant intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the defendant's acts did in fact affect interstate commerce, however minimal that effect is.

"Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. "Proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Funds obtained by wire fraud are considered to be criminally derived property. The government is not required to prove that the defendant knew the property at issue was derived from wire fraud or from any specific criminal offense; the government need only prove that the defendant knew the property was derived or obtained from some kind of criminal offense.

## INSTRUCTION NO. 25

## WILLFUL FAILURE TO FILE A TAX RETURN — 26 U.S.C. § 7203

### (Counts 57 – 60 (Michael Tew))

Defendant Michael Tew is charged with 4 violations (in Counts 57 through 60), of Section 7203 of Title 26 of the United States Code, alleged on various dates, as listed in the Indictment.

This law makes it a crime to willfully fail to file federal income tax returns.

To find a defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

1. The defendant was required by Title 26 of the United States Code to file an income tax return for the calendar year specified in the applicable Count of the indictment;

2. The defendant failed to file such tax return as required; and

3. In failing to do so, the defendant acted willfully.

To prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

## INSTRUCTION NO. 26

## PROCEDURES FOR DELIBERATION

You must follow these rules while deliberating and returning your
verdict:

First, when you go to the jury room, you must select a foreperson.
The foreperson will help to guide your deliberations and will speak for
you here in the courtroom. You should also review the instructions. Your
deliberations will be more productive if you understand the legal princi-
ples upon which your verdict must be based, and you are bound by your
oath to follow the law stated in these instructions throughout your de-
liberations. Once you begin deliberations, you may only discuss the case
if all jurors are present.

Second, it is your duty as jurors to discuss this case with one another
in the jury room and try to reach agreement. Each of you must decide
the case for yourself, but only after you have considered all the evidence,
discussed it fully with the other jurors, and listened to the views of the
other jurors. During your deliberations, do not hesitate to re-examine
your own opinions, and do not be afraid to change your mind if the dis-
cussion persuades you that you should. But do not make a decision or
surrender your honest conviction as to the weight or effect of the evi-
dence solely because of the opinion of your fellow jurors, or simply to
reach a verdict. Remember at all times that you are the judges of the
facts. Your sole interest is to seek the truth from the evidence in the
case.

Third, if you need to communicate with me during your deliberations,
you may send a note to me through the Court Security Officer, signed by
one or more jurors. I will respond as soon as possible either in writing or

orally in open court. You should not tell anyone—including me—details of your deliberations or how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence you have seen and heard in the courtroom and on the law I have given to you in these instructions.

Fifth, the verdict must represent the considered judgment of each of you. In order to return a verdict, whether it is guilty or not guilty, it is necessary that each juror agree. Your verdict must be unanimous on each count.

Finally, you will be provided with a verdict form that has been prepared for your convenience. The verdict form is the written notice of the decision that you reach in this case. The verdict form lists the counts charged against Mr. Tew and Ms. Tew and asks for your verdict as to each count and as to each defendant. Please review the verdict form carefully as you deliberate. As a reminder, you must separately consider the evidence against each defendant on each count and return a separate verdict for each defendant and on each count. Your verdict as to any one defendant or count, whether it is guilty or not guilty, should not influence your verdict as to any other defendants or counts.

You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

## INSTRUCTION NO. 27

## COMMUNICATION DURING DELIBERATIONS

During your deliberations, you must not communicate with, provide any information to, or receive any information from anyone else by any means about this case. You may not use any electronic device or medium, such as a phone, computer, or tablet, to communicate to anyone any information about this case, or to conduct any research about this case. Until I accept your verdict, you can only discuss the case in the jury room with your fellow jurors. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. You will never have to explain your verdict to anyone. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties to the case. This would unfairly impact the judicial process.

## INSTRUCTION NO. 28

### INDICTMENT

You will note that the Indictment charges that crimes were committed on or about specified dates. Per my previous instruction, the government must prove beyond a reasonable doubt that the defendants committed the crimes reasonably near those dates.

Remember, the Indictment is not evidence. You may not rely on anything said in the Indictment to find the defendants guilty on any charge, and you must not let the Indictment influence your weighing of the evidence. You have received the Indictment simply to help you understand what you are deliberating about when you consider each count.

Because the Indictment is lengthy, I will not read it now, but a copy has already been included in your binders with your set of preliminary jury instructions.