IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**2. KIMBERLEY ANN TEW**

    Defendant.

## DEFENDANT KIMBERLEY TEW'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION PENDING SENTENCING (ECF #450)

Kimberley Tew, by and through counsel David S. Kaplan and Jamie Hubbard of the law firm Stimson LaBranche Hubbard, LLC submits *Defendant Kimberley Tew's Response to Government's Motion for Detention Pending Sentencing (Doc. #450)* and states the following:

### Release History

An indictment naming Kimberley Tew was filed on February 3, 2021 (Doc. #83). A summons for Mrs. Tew's appearance was issued on the same day instructing her to appear before the court on February 10, 2021 (Doc. #87). On February 10, 2021 Mrs. Tew appeared and Magistrate Mix authorized an unsecured bond in the amount of $10,000.00 (Doc. #98). An order setting conditions of release was entered that same day (Doc. #99). On July 15, 2021 in response to Mrs. Tew's *Motion to Modify Conditions of Release* (Doc. #134) Magistrate Mix modified the conditions by

removing the requirement of home confinement and radio frequency, imposing GPS monitoring and curfew times (exceptions allowed at the discretion of probation) (Doc. #138).

On March 25, 2022, this court granted *Defendant Kimberley Tew's Motion for Amendment of Conditions of Release* (Doc. #187). Among other findings the court commented that a potentially lengthy sentence alone does not carry the government's burden of persuasion that she poses a flight risk absent GPS monitoring. Despite being made aware of text messages produced from Defendant Michael Tew suggesting the family might flee, the court noted Mrs. Tew's response indicating "[she thinks we should all turn ourselves in and end it [.]" The court granted Mrs. Tew's request removing the GPS location monitoring device (Doc. #190). Mrs. Tew filed an *Unopposed Motion to Permit Out-of-State Travel* on June 16, 2023 (Doc. #331) which was granted by this court the same day (Doc. #332). Mrs. Tew, after reducing the severity of her conditions of release and being granted permission to leave the state, continued throughout the course of this prosecution to abide by the conditions of bond, attend all required court appearances, including the trial of this matter.

An eight-day trial was held with guilty verdicts rendered on February 15, 2024. The jury having been excused, the court took up the matter of presentence release. After acknowledging the considerations are different once a verdict is rendered, the court concluded that neither defendant has displayed "any reason to

2

think they are a danger to the community or that they are a flight risk" and allowed their continued release with the added condition of GPS monitoring (Daily transcript for February 15, 2024, at page 10).

## Standard for Release

The government recognizes that 18 U.S.C. §3143(a)(1) *Release or detention pending sentence,* allows for the release of a defendant if the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community…". *Id.* The court has reached the conclusion required by statute and Fed.R.Crim.P. 46 (c) for release.  Having made such a finding Mrs. Tew is eligible to remain out of custody pending sentencing in accordance with 18 U.S.C. §3142 (b) or (c).

The government in their motion often confuses the provisions under which Mrs. Kimberley Tew should be evaluated for presentence release.  At times it cites to 18 U.S.C. §3143 (b) which applies to defendant's found guilty of specific offenses in subparagraph (A) (B) or (C) of subsection (f)(1) of section 3142, none of which apply to Mrs. Tew.  Equally mistaken are cases involving the need to find "exceptional reasons" why a person's detention may not be appropriate by citing cases such as *United States v. Martinez,* 2020 WL 1666804 (W.D. Okla. April 3, 2020) affirming the trial court's decision not to reconsider an order of detention) involving a drug trafficking charge subjected to § 3145 (c) considerations and cited for the proposition that compliance with pretrial conditions are not enough to rebut

3

the presumption of release. Or referring to *United States v. Giancola,* 754 F.2d 898 (11th Cir. 1985) a case involving release pending appeal.

The Tenth Circuit in *United States. v. Johnson*, 652 F. App'x 619 (10th Cir. 2019) (cited by the government) considered the defendant's faithfulness to requirements imposed during a 5-year pretrial release, timely appearance for court dates, family ties and surrender of passport as appropriate considerations for presentencing release. The trial court's denial of release was affirmed based on its stated concern about the risk of non-appearance.

Recognizing the argument for presuming Kimberley Tew is a flight risk or danger to the community as required in §3143 (a) is not persuasive, the government turns to factors contained in 18 U.S.C. §3142(g). Their position is just to regurgitate the nature of the offense which the court has been privy to long before the trial and presumably considered when continuing Mrs. Tew's release after the verdicts were rendered. The facts establishing the fraud, guideline calculations, Mr. Yioulos's involvement in the offense, are hardly new to the court or the government, including during the times the government did not object to relaxing the conditions of release by permitting travel out of state.

The government requests the court make inappropriate factual conclusions absent an evidentiary basis, suggested by conjecture, and lacking in the most minimum requirements of due process considerations. Concluding that a swift probable cause arrest interrupted an attempt to flee is not based on any reliable

information relating to Mrs. Tew. Admitting Mrs. Tew has no known diagnosed mental health conditions, it asks the court to draw mental health conclusions as a basis for denying release. It is offensive for the government to make an argument for detention by implying Mrs. Tew ignored court orders and deadlines, an accusation more suited if directed at counsel. Criticizing Mrs. Tew for a defense implicating Mr. Tew is not grounds to deny release but rather raises her right to a jury trial and counsel's responsibility to present a defense on her behalf. Arguing for detention based on a delay in bringing this case to trial when continuances were granted for multiple legitimate reasons and with the acquiescence of the court is not legitimate cause. Mr. Fields further suggests that their release pending sentencing would be the result of a two-tier system of justice, one for the wealthy and one for the poor. As an attorney who has dedicated a career to the representation of indigent defendants, such an accusation is insulting to both counsel and the court.

## Perjury Allegation

The government further makes an allegation of perjury requesting the court order release to the government of the Tews' respective CJA affidavits to aid in a potential investigation into additional criminal behavior and a determination of whether an indictment for perjury will be pursued. This allegation and request are not appropriately raised in a response to the court indicating a willingness to consider a motion to modify conditions. (Daily transcript for Feb. 15, 2024, at page 16). Should the court entertain a motion for release of the affidavits, counsel

5

requests an opportunity to address the government's position.  Seeking such an order to obtain evidence of criminal conduct with the threat of having committed perjury pursuant to 18 U.S.C. §1621 requires an opportunity to be heard and a hearing where additional argument can be presented.

## Conclusion

The court concluded that clear and convincing evidence based on Mrs. Tew's conduct, pretrial release behavior, costs, and risks of appearing for trial, ties to the community including young children, among other considerations, establish that she is unlikely to flee.  The government is attempting to establish her danger to the community by recounting circumstances long known to the court or established with a paucity of evidence.  The court has already added the condition of GPS monitoring which was accomplished before Mrs. Tew left the court on the day of the verdict.  Home detention does not increase the likelihood of what has already been shown as compliance with terms of release, as the government in its own motion stated, "home detention does not prevent flight."  Despite the government's accusations there have been no violations of pretrial release filed with the court.  No substantiated allegations of improper financial dealings or internet indiscretions while released.  The accusation that Mrs. Tew engaged in illegal drug consumption was sketchy at best and alleged to have occurred over 10 years ago.

The court has imposed a reasonable addition to Mrs. Tew remaining out of custody until sentencing.  No other conditions need be imposed.

Dated: February 27, 2024.

        *s/ David S. Kaplan*
        David S. Kaplan
        Jamie Hubbard
        STIMSON LABRANCHE HUBBARD, LLC
        1652 Downing Street
        Denver, CO 80218
        Phone: 720.689.8909

        *Attorneys for Kimberley Ann Tew*

## Certificate of Service

I certify that on February 27, 2024, I electronically filed the foregoing *Defendant Kimberley Tew's Response to Government's Motion for Detention Pending Sentencing (ECF #450)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record:

        *s/ Brenda Rodriguez*
        Brenda Rodriguez