IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:20-cr-00305-DDD-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.     KIMBERLEY ANN TEW,

    Defendant.

___

## ORDER REGARDING DEFENDANT KIMBERLEY ANN TEW'S ELIGIBILITY FOR ONGOING COURT-APPOINTED COUNSEL

___

THIS MATTER came before the court for a determination of the narrow question of Defendant Kimberley Ann Tew's eligibility for ongoing court-appointed counsel pursuant to 18 U.S.C. § 3006A(c) of the Criminal Justice Act of 1964 ("CJA" or "Act"). Judge Domenico referred that question to the undersigned Magistrate Judge by Order dated March 12, 2024. ECF No. 455. Specifically, Judge Domenico stated:

> ORDER re 450 Motion to Detain Defendants Michael and Kimberley Tew. The government's motion questions whether Mr. and Mrs. Tew are still eligible for CJA-appointed counsel for this case. There is sufficient evidence to call into question their present eligibility under 18 U.S.C. § 3006A(c).
>
> **The issue of whether Michael Tew and Kimberley Tew remain entitled to ongoing court-appointed counsel under Section 3006A(c) is therefore REFERRED to Magistrate Judge Susan Prose.** All other issues raised in the government's motion, including the potential detention of Mr. and Mrs. Tew pending sentencing or the potential un-sealing of any prior CJA affidavits, will be addressed at a detention hearing before this Court as outlined below.

ECF No. 455 (emphasis added).

On April 15, 2024, the court conducted an ex parte hearing concerning Ms. Tew's entitlement to ongoing court-appointed counsel. *See* Minute Entry for Ex Parte Hearing as to Kimberley Ann Tew, ECF No. 474.[1] Over the course of that hour-and-thirty-eight-minute hearing, the court considered information submitted by Ms. Tew at the hearing, as well as information submitted by the government. *See* ECF No. 466 (notice of Conventionally Submitted Material by the government); ECF No. 472 (Government's Brief Regarding Defendant Kimberley Tew's Ongoing Eligibility for CJA Counsel). The court heard extensive argument from defense counsel and engaged in a lengthy colloquy with counsel. Upon a full consideration of the information available to this court, the undersigned concluded that Ms. Tew remains eligible for court-appointed counsel pursuant to § 3006A(c). *See* ECF No. 474. This order further memorializes that finding.

## I.  Procedural Background[2]

Ms. Tew was indicted on thirteen counts, including counts of wire fraud and conspiracy to commit wire fraud, conspiracy to commit money laundering, and engaging in monetary transactions in property derived from unlawful activity. ECF No. 83, Indictment (filed February

---

[1] In a separate ex parte hearing, the court evaluated whether Defendant Michael Tew remains eligible for ongoing court-appointed counsel and determined that, at this time, he does remain eligible. *See* ECF Nos. 468, 471.

[2] In light of the Tews's status as co-defendants, and the court's charge to evaluate the same issue as to each of them pursuant to the same governing legal principles, the instant order necessarily bears a strong resemblance to the order regarding Mr. Tew. The court emphasizes, however, that it has independently assessed the specific information presented at the Tews's respective hearings.

3, 2021). Ms. Tew did not receive court-appointed counsel in this matter until December 27, 2022. ECF No. 286, Minute Order. On that date, Judge Mix—after reviewing a CJA Form 23 Affidavit submitted by Ms. Tew—found that she qualified for court-appointed counsel. *Id.* (referencing the court's review of the affidavit); *see also* ECF No. 282 (Affidavit) (filed at a level 3 restriction on access). Since then, Ms. Tew continuously has been represented by court-appointed counsel in this case.

On February 15, 2024, following an eight-day jury trial, Ms. Tew was found guilty on twelve of the thirteen counts in the indictment. *See* February 15, 2024 Courtroom Minutes, ECF No. 439 at 3; *see also* February 15, 2024 Jury Verdict Form, ECF No. 448. On February 21, 2024, the government filed a motion seeking detention of both Tews pending their sentencing. ECF No. 450 ("Detention Motion"). Hearings on that question are set for April 22, 2024, before Judge Domenico. ECF Nos. 455. Their sentencing hearings are currently set for August 8, 2024, before Judge Domenico. ECF Nos. 456, 457.

In the Detention Motion, the government did not specifically raise the question of whether the Tews remain entitled to ongoing court-appointed counsel. The Detention Motion, however, did present information "suggest[ing] that the Tews lied on their CJA affidavits," which—the government argues—"constitutes perjury and a mandatory revocation of bond." Detention Motion at 3; *id.* at 4 (summarizing information for a two-year period for an account held in the name of Mr. Tew). Based on that information, Judge Domenico found that "[t]here is sufficient evidence to call into question [the Tews's] present eligibility under 18 U.S.C. 3006A(c)." ECF No. 455. Hence the referral of the present-eligibility question to this court. *See*

3

*id.*

This court held a status conference on March 21, 2024, at which counsel for all parties, and Michael and Kimberley Tew themselves, were present. *See* Minute Entry, ECF No. 462. At the status conference, the court discussed its plan to conduct two separate ex parte hearings (one for Kimberley Tew and the other for Mr. Tew) during which the court would decide the present-eligibility question for each Defendant. Counsel for all parties agreed to the proposed procedure.³

As noted above, the ex parte hearing to evaluate the question of Ms. Tew's ongoing

---

³ The CJA itself is silent about disclosure of information concerning a defendant's eligibility for CJA status. *See United States v. Gonzales*, 150 F.3d 1246, 1265 (10th Cir. 1998) ("Neither the statute nor the Administrative Office's rules specify whether [the procedure regarding appointment of counsel] is to be done ex parte."). *The Guide to Judiciary Policy* issued by the Administrative Office of the United States Courts ("AO Guide"), which governs the administration of the CJA, states that, "generally," such information "should be made available unless it: (a) is judicially placed under seal; (b) could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants; (c) could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources; (d) or otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication." AO Guide, vol. 7, chap. 5, § 510.30, available at Criminal Justice Act (CJA) Guidelines - Guide to Judiciary Policy, Vol. 7A (uscourts.gov). The court also takes into account here the Tenth Circuit's holding in *Gonzales*, in which the Court of Appeals concluded that backup documentation for CJA vouchers, motions, orders, and hearing transcripts related to the appointment of counsel should be sealed, in part, because disclosure of this CJA information would intrude on the defendants' privacy interests and "may implicate the Defendants' Fifth Amendment rights as to the instant crime." *See* 150 F.3d at 1265-66 (finding that district court abused its discretion in ordering unconditional release of these documents). Taking into account the totality of the circumstances here, this court deemed it appropriate to conduct the hearings ex parte.

eligibility for court-appointed counsel proceeded on April 15, 2024. In advance of that hearing, the parties were permitted to submit materials for the court's consideration. Ms. Tew submitted materials at the hearing. The government submitted both materials and briefing. *See* ECF Nos. 466, 472; *see also* ECF No. 465 (Brief Regarding Defendants' Ongoing Eligibility for CJA Counsel, ECF No. 465 at 9-12 (discussing transaction activity in accounts and peer-to-peer platforms attributed to Kimberley Tew).

The court now turns to the hearing and its assessment of the evidence, bearing in mind the ex parte nature of that proceeding and the necessity to confine the language of this order to a high, non-specific level.

**II.   Analysis**

The Act provides that counsel should be appointed in any criminal case in which the defendant is "financially unable" to obtain counsel pursuant to a plan implemented by each district court. 18 U.S.C. §§ 3006A(a) & (b); *see also* Criminal Justice Act Plan, United States District Court for the District of Colorado, available at CJA_Plan_2019.pdf (uscourts.gov) (effective January 1, 2020). The Act permits the court to terminate the appointment of counsel if the court finds the defendant is able to afford legal counsel, but it does not require the court to do so: "[I]f at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel . . ., it *may* terminate the appointment of counsel or authorize payment as provided in [18 U.S.C. § 3006A(f)], as the interests of justice may dictate." 18 U.S.C. § 3006A(c) (emphasis added).

In assessing whether a defendant is financially unable to obtain counsel, this court is

obliged to make an "appropriate inquiry." 18 U.S.C. § 3006A(b). "Appropriate inquiry necessarily varies with the circumstances presented, and no one method or combination of methods is required. Investigation of the applicant's assets, liabilities, income and obligations alone may constitute sufficient inquiry." *United States v. Barcelon*, 833 F.2d 894, 897 (10th Cir. 1987) (footnote and citations omitted). The court focuses on the defendant's current ability to pay. *United States v. Anthony*, No. 15-CR-126-C-5, 2018 WL 1866614, at *3 (W.D. Okla. Mar. 26, 2018) (noting that courts have interpreted 18 U.S.C. §§ 3006A(c) and (f) "to require a finding that the criminal defendant has a *present* ability to pay for his attorney, not that he may have, at some point in the past, had that ability") (emphasis in original) (collecting cases).

"The burden is on the defendant to demonstrate financial inability in order to obtain counsel." *United States v. Peister*, 631 F.2d 658, 662 (10th Cir. 1980); *see also Barcelon*, 833 F.2d at 896 (same) (collecting cases); *Anthony*, 2018 WL 1866614, at *2 (finding that defendant bore the burden "to prove, by a preponderance of the evidence, that he is financially unable to afford counsel," but recognizing the lack of Tenth Circuit authority on the precise level of the burden). But "[a]ny doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time." AO Guide vol. 7A, Appx. 2A, § IV.B.2.e.

Guided by these legal principles, the court finds that Ms. Tew has met her burden to show that she is entitled, at the present time, to court-appointed counsel. In reaching this conclusion, the court has considered extensive information. The court has evaluated information concerning Ms. Tew's income, property, and financial accounts, as well as her obligations, expenses, and

debts—including expenses for housing, food, medical care, utilities, credit cards, a vehicle, childcare, and insurance. Moreover, the court has taken into account Ms. Tew's very substantial liabilities. The court also has reviewed the information provided by the government.

In addition, the court has reviewed the financial affidavit provided by Ms. Tew on December 13, 2022, which informed Judge Mix's assessment that Ms. Tew was entitled to CJA counsel at that time. *See* ECF No. 282 (affidavit); ECF No. 286 ("Having reviewed the Affidavits [#282] timely submitted by Defendants Michael A. Tew and Kimberly [sic] A. Tew, the Court finds that they qualify for court-appointed counsel."). This court likewise recognizes that its current assessment is focused on Ms. Tew's present ability to pay under § 3006A(c). Nevertheless, the court wishes to be clear that it has examined the December 13, 2022 affidavit, which is part of the record in this matter, and that the information contained in that affidavit does not alter the court's conclusion regarding Ms. Tew's entitlement to ongoing court-appointed counsel. The court finds that, based on the information before this court (including information obtained at the ex parte hearing), Ms. Tew is "in no better financial condition to afford an attorney than [s]he had been when he completed the initial financial affidavit" on December 13, 2022. *See Anthony*, 2018 WL 1866614, at *3.

For the foregoing reasons, the court respectfully finds that Defendant Kimberley Ann Tew qualifies, **at this time**, for ongoing court-appointed counsel pursuant to 18 U.S.C. § 3006A(c) of the Criminal Justice Act.

DATED: April 19, 2024  BY THE COURT:

Susan Prose
United States Magistrate Judge