IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW and
2. **KIMBERLEY ANN TEW**,
   a/ka Kimberley Vertanen,

    Defendants.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER FOR RELEASE PENDING APPEAL

Kimberley Tew's motion to delay the execution of her sentence should be denied. The law dictates that a convicted defendant, including Ms. Tew, "*shall*" be remanded into custody, even when there is an appeal pending. *See* 18 U.S.C. § 3143(b)(1) (emphasis added). Exceptions to this rule are limited, and the bar is high. *See* 18 U.S.C. § 3143(b)(2)(A) & (B). In order to justify the exceptional relief she now requests, she must prove to this Court that her appeal raises "substantial" questions that are "likely to result in reversal or a new trial." 18 U.S.C. § 3143(b); *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985). Nothing in her motion meets this high standard.

Ms. Tew takes issue with two aspects of her criminal trial: (1) the ruling on an

1

untimely severance motion made over a year after the relevant deadline and (2) questions about evidentiary rulings.

The first argument was waived: the defendant did not file a written motion, but her oral motion for severance was just as untimely as her husband's. *See* ECF No. 424 at 5 (noting untimeliness of Michael Tew's severance motion, which was grounded in arguments similar to defendant's). A waived argument is reviewed only for plain error, which is a "very demanding" standard that is unlikely to raise a substantial question. *See, e.g., United States v. Geddings*, 497 F. Supp. 2d 729, 737 (W.D.N.C. 2007) (evaluating whether waived argument can amount to substantial question and concluding that plain error standard makes it unlikely).

But even if questions about severance raised during trial were preserved, neither that issue nor the evidentiary issues related to testimony are particularly "substantial." They amount to the rough equivalent of continued disagreement with an umpire's balls and strikes. Indeed both issues were raised, briefed and/or argued vigorously at the time. Both were rejected after careful consideration.

Further, even setting aside timeliness, each question will be evaluated by the appellate court under an abuse of discretion standard. *United States v. Hill*, 786 F.3d 1254, 1272 (10th Cir. 2015) (describing the burden as "particularly heavy" in the context of severance); *United States v. Cestnik*, 36 F.3d 904, 906 (10th 1994) ("Evidentiary rulings are committed to the discretion of the trial court, and we review them only for abuse of

discretion."). In other words, in order to prevail on these issues on appeal, she has to show not just that the decisions could have gone the other way, or even that they were wrong, but that they were so egregiously wrong as to "exceed the bounds of permissible choice in the circumstance or [were] arbitrary, capricious or whimsical." *United States v. Henthorn*, 864 F.3d 1241, 1248 (10th Cir. 2017) (describing abuse of discretion standard).

Unsurprisingly, her brief describes no cases where anyone has met these rigorous standards for bond pending appeal under circumstances similar to hers. She points to no rulings where a trial court's severance decision was found to be an abuse of discretion, let alone plain error. Nor does she cite a single case where the admission of what she describes as "character evidence" was found to be both outside the bounds of the trial court's discretion and a reason to overturn a conviction. Instead, she simply repeats arguments that the Court already thoughtfully considered and rejected.

Even if Ms. Tew were somehow able to articulate how the court's exercises of discretion amount to substantial questions, she *still* would not be entitled to relief. That is because she would then need to show that those allegedly inappropriate decisions were so wrong that they are likely to result in reversal. *Affleck*, 765 F.2d at 953. On this score, the defendant's arguments are conclusory at best.

She does not engage at all with the considerable evidence put before the jurors which proved to them that she was guilty beyond a reasonable doubt. To take but one

category of evidence, the trial featured hundreds of pages of text messages in which Ms. Tew spoke openly about her crimes nearly every week for two years. The likelihood that the harmless error standard will bar the appellate relief required of Section 3143(b)(2)(B) is further reason to deny her motion. *Id.* (noting that even substantial questions must amount to more than harmless error).

Finally, the government understands and respects the Court's prior rulings regarding the risks of flight and danger to the community. But for purposes of preserving the record, the government again reiterates its position that she is both, incorporates its prior filings articulating that position, and avers that this is yet another reason to deny the motion. ECF No. 450. Ms. Tew should be ordered to surrender as scheduled on October 9, 2024. ECF No. 545.

Respectfully submitted,

MATTHEW T. KIRSCH
United States Attorney

By:   */s/ Bryan Fields*
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:   */s/ Sarah H. Weiss*
Sarah H. Weiss
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Sarah.Weiss@usdoj.gov
Attorney for the Government

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because trial has already occurred within the Speedy Trial Act deadline.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                                              *s/ Bryan Fields*
                                              United States Attorney's Office