IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,

    Defendant.

## ORDER DENYING MOTION FOR RELEASE PENDING APPEAL

Defendant Kimberly Ann Tew was convicted by a jury of twelve counts of conspiracy, wire fraud, and money laundering and was sentenced to 48 months imprisonment. I ordered her to report to the Bureau of Prisons to begin that sentence on October 9, 2024. Doc. 545. She now moves to remain on bond pending her appeal under 18 U.S.C. § 3142(b)(1). Doc. 550. The motion is denied.

Section 3142(b)(1) generally requires that a judge order a person sentenced to prison be detained pending appeal unless he finds both that there is clear and convincing evidence that the defendant is not likely a flight or safety risk and that the appeal is likely to result in a reversal of the conviction, new trial, or new sentence that is shorter than the expected duration of the appeal process. The government argues that neither prong is met here. Doc. 552. I acknowledge the government's points about the first prong, and concede this is a close case, but see no reason to revisit that issue now because the second prong defeats the motion.

- 1 -

Mrs. Tew points to two main issues she says may result in reversal of her convictions: severance and improper character evidence. Doc. 550 at 5-6. I do not find that either of these is likely to result in reversal or a new trial.

Contrary to the government's response, Mrs. Tew did move for severance prior to trial in a written motion, although that motion focused on somewhat different argument than that presented here. *See* Doc. 218. So it is at least arguable that the issue was properly presented and preserved. Either way, the merits of her argument are not substantial. Joint trials are preferred in the federal system for defendants who are indicted together. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). At most, Mrs. Tew's point that her and her husband's trial strategies were at times antagonistic would have permitted severance in the court's discretion. *See United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997) (a trial severance decision is "within the sound discretion of the trial court"). Some finger-pointing among alleged co-conspirators is hardly unusual and Mrs. Tew's argument would essentially require severance in every such case (as has been pointed out repeatedly—*see, e.g.*, Docs. 260, 424, 430). Given the highly deferential abuse-of-discretion standard applied to this question on appeal, I see no substantial likelihood that this issue will lead to reversal or a new trial. *See United States v. Henthorn*, 864 F.3d 1241, 1248 (10th Cir. 2017) (reversal is appropriate only where district court decision exceeds "the bounds of permissible choice in the circumstance or was arbitrary, capricious or whimsical").

The same is true of Mrs. Tew's second argument. She asserts that multiple witnesses testified about interactions with Mrs. Tew that painted her as manipulative or abusive. Doc. 550 at 6-7. Most of this, however, involved witnesses, such as Abby Schwartz and Michael Meyers, whose testimony was directly relevant to Mrs. Tew's knowledge and involvement in the scheme. I agree with Mrs. Tew that the government's questioning of Hannah Scaife at times unnecessarily pushed the edges of propriety. But Ms. Scaife's name was used as part of the Tew's scheme and the government was entitled to call her to help establish the fraudulent nature of that part of the scheme as well as the relative involvement of each defendant. To the extent that Ms. Scaife's testimony may have also touched on Mrs. Tew's character, the motion does not show how it is substantial enough to overcome the standard of appellate review.[1] *See United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

## CONCLUSION

It is **ORDERED** that:

Defendant's Motion for Release Pending Appeal, **Doc. 550**, is **DENIED**.

DATED: September 26, 2024

BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

---

[1] Mrs. Tew also briefly suggests that witnesses were improperly permitted to give "victim impact statements" but provides no citation or support for the proposition that the sort of testimony she points to is improper, let alone grounds for reversal. See Doc. 550 at 7-8.