IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

### DEFENDANT MICHAEL TEW'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

---

Defendant Michael Tew ("Mr. Tew") submits the following objections to the Presentence Investigation Report ("PSIR"; ECF No. 526) disclosed to the parties on August 8, 2024.

**Objections that tangentially impact calculation of Sentencing Guidelines**

Mr. Tew objects to various characterizations and statements included in the PSIR that were "taken *verbatim*" from the government's sentencing statement in so much as they do not reflect a complete picture, much less all of the evidence, admitted at trial. (*Id.* at ¶ 6). These include:

> ¶¶ 11 and 12: Mr. Tew objects to any characterization that "[h]e recruited Jonathan Yioulos to knowingly agree to be part of the fraud." Evidence admitted at trial through Mr. Yioulos' own testimony shows that he defrauded his employer before any of the allegations in this case began and that Mr. Yioulos offered to help Mr. Tew upon his termination from the victim company.

Furthermore, Mr. Tew objects that he recruited Mr. Yioulos "to be a part of their fraud scheme by leveraging Michael Tew's friendship and by promising to pay him bitcoin." Evidence at trial indicated that Mr. Yioulos was already a part of a conspiracy to defraud the victim company prior to any discussion of bitcoin.

¶ 18: Mr. Tew objects to any characterization that *he* used his corporate credit card to purchase personal gift cards. Evidence admitted at trial showed conclusively that Kimberley Tew orchestrated the gift-card purchases and financial machinations and had ready access to Mr. Tew's physical wallet and corporate credit card.

¶ 35: Mr. Tew objects to the characterization that he threatened Mr. Yioulos "to induce him to pay the invoices." Evidence admitted at trial showed that oftentimes Mr. Yioulos would ask Mr. Tew to *submit* invoices to the victim company to paper over funds that Mr. Yioulos had already sent.

¶ 51: Mr. Tew, consistent with prior litigation in this case, objects to any characterization that he intended to flee the country.

¶ 60: Mr. Tew objects to the PSIR quoting the government's submission regarding proceedings against Mrs. Kimberley Tew in the Denver District Court while omitting the fact that Mr. Tew's pro se motion for summary judgment was granted by the court *in the same filing cited*, summarily dismissing him from that case. (*See* Doc. No. 450-1 at 25-32.)

Mr. Tew, acknowledging that the PSIR is merely quoting the government's briefing, objects to the PSIR's failure to correct overstatements made by the government and provide needed context, resulting in an incomplete picture of the offense conduct.

### Objection to failure to apply two-level reduction for Acceptance of Responsibility pursuant to § 3E1.1.

Mr. Tew objects to the PSIR's failure to grant him a two-level reduction for acceptance of responsibility pursuant to § 3E1.1. This objection affects paragraphs 73, 102, 103, and 150 of the PSIR.

It is the rare case when a defendant goes to trial yet has an argument, much less a strong one, that he should receive credit for acceptance of responsibility pursuant to § 3E1.1. Michael Tew is that rare case.

A defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level reduction pursuant to § 3E1.1(a). While "this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and *only then* admits guilt and expresses remorse" (*Id.* at comment. (n.2), emphasis added), that is not what happened here: Mr. Tew admitted his guilt and expressed remorse well before he was convicted at trial.

Mr. Tew's first attorney withdrew. His second attorney also withdrew, citing his concerns about the representation in an ex parte declaration. (*See Ex parte Declaration*, Doc. No. 26 at 3-4). When initially represented by his own independent counsel (Assistant Federal Public Defender Edward Harris), Mr. Tew cooperated with the government, gave two proffer interviews, turned over physical evidence, waived

3

presentation to a grand jury (Doc. No 45, filed September 29, 2020), and filed a notice of disposition in this case. (Doc. No. 47, filed October 1, 2020.) His plea hearing was set for October 22, 2020. (Doc. No. 51.) In the plea agreement that was reached, the parties agreed that Mr. Tew would receive acceptance of responsibility, and that his total offense level would be level 26. With a criminal history category of I (and with no zero-point offender reduction yet available), Mr. Tew faced a purported guideline range of imprisonment of 63 to 78 months.

Yet the day before the change of plea hearing, AFPD Edward Harris moved to withdraw and a letter was submitted to the Court under Mr. Tew's signature stating that he was seeking new counsel. (Doc. No 57.) Mr. Thomas Ward was appointed and represented Mr. Tew until February 25, 2021. On that date, Mr. Tor Ekeland entered his appearance for both Mr. Tew and his wife, then recently indicted co-defendant Kimberley Tew. (Doc. No. 106).

### Objection to two-level enhancement for Leader / Organizer pursuant to § 3B1.1(c) and consequent failure to apply Zero-Point Offender Reduction Pursuant to § 4C1.1

Mr. Tew objects to the PSIR's application of a two-level enhancement for leader/organizer pursuant to § 3B1.1(c). This objection affects paragraphs 85, 86, 90, 98, 100, 101 (which should read Chapter Four Adjustments, not "Chapter Four Enhancement" given Chapter Four's zero-point offender reduction), 103, and 150 of the PSIR.

Facts adduced at trial show conclusively that the proceeds from the fraud perpetuated on the victim company went to support Kimberley Tew's cryptocurrency

4

leveraging schemes, gambling addiction, and personal lifestyle. It is accurate to say that Mr. Tew was along for the ride. While he surely benefitted from the fraud in terms of living expenses and lifestyle, his benefits more closely align with those of their children (support, maintenance, and care) than what Mrs. Tew took from the scheme. At her sentencing, the Court found that Mrs. Tew was a leader / organizer.

The PSIR's application of the leader / organizer enhancement deprives Mr. Tew of a reduction for being a zero-point offender, pursuant to § 4C1.1. Absent this enhancement, there is a compelling argument that Mr. Tew qualifies for the zero-point offender reduction.

The government may argue that Mr. Tew should lose the zero-point offender reduction because he used "violence or credible threats of violence in connection with the offense." § 4C1.1(3). But based on the evidence heard at trial, Kimberley Tew was principally responsible for threatening and intimidating those involved with the offense, including Hannah Scaife, Michael Meyers, Abby Schwartz, and yes Jonathan Yioulos, who told investigators immediately upon being confronted with the investigation that Mrs. Tew had he and Michael Tew "by the balls."

| Witness | Day | Transcript Pages |
|---|---|---|
| Jonathan Yioulos | 1 | 20-24 |
|  | 2 | 24-25 |
|  | 3 | 8, 37-42, 54, 58, 60, 62, 66, 70, 90, 150 |
| Hannah Scaife | 4 | 17-18, 22, 69 |
| Abby Schwartz | 4 | 239-240 |

5

|  | 5 | 67-68 |
|---|---|---|
| Michael Meyers | 5 | 104-111, 124-125, 138, 154-155, 179, 187-190 |

Alternatively, the government may contend that Mr. Tew should lose the zero-point offender reduction because he "personally cause[d] substantial financial hardship." § 4C1.1(6). But the evidence at trial showed that Mr. Yioulos configured the fraud payments precisely to avoid financial hardship to the victim company (and potential discovery), and that insurance paid the victim company back in full. Those that truly suffered financial hardship – Michael Meyers, etc – did so as the result of Kimberley Tew's ongoing bitcoin arbitrage scheme, not Michael Tew's defrauding of his former employer.

Dated this 21st day of October 2024.

                                              */s/   Jason D. Schall*
                                              Jason D. Schall
                                              Bowlin & Schall LLC
                                              7350 E Progress Pl Ste 100
                                              Greenwood Village, CO 80111
                                              Telephone: (720) 505-3861
                                              E-mail: jason@bowsch.com

                                              *s/ Kristen M. Frost*
                                              Kristen M. Frost
                                              RIDLEY, MCGREEVY & WINOCUR, P.C.
                                              303 16th Street, Suite 200
                                              Denver, Colorado 80202
                                              Telephone: (303) 629-9700
                                              Facsimile: (303) 629-9702
                                              E-mail: frost@ridleylaw.com
                                              Attorneys for Michael Tew

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> AUSAs Bryan Fields and Sarah Weiss
> U.S. Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Bryan.Fields3@usdoj.gov / Sarah.Weiss@usdoj.gov
> (303) 454-0100

I hereby certify that I will mail or serve the filing to the following participant:

> Mr. Michael Tew

*/s/   Jason D. Schall*
Jason D. Schall

## CERTIFICATE OF CONFORMITY

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/   Jason D. Schall*
Jason D. Schall

## STATEMENT OF SPEEDY TRIAL IMPACT

Pursuant to Judge Domenico's Practice Standard III(C), undersigned counsel notes that this filing has no effect on the speedy trial clock.

*/s/   Jason D. Schall*
Jason D. Schall