IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

3.     JONATHAN K. YIOULOS,

       Defendant.

---

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT JONATHAN K. YIOULOS**

---

COMES NOW the United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter, before sentencing, a Preliminary Order of Forfeiture.

In support, the United States sets forth the following:

### A. Procedural Background

On February 3, 2021, an Indictment was filed charging defendant Jonathan K. Yioulos in Count 1 with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, and in Counts 2 through 40 with Wire Fraud in violation of 18 U.S.C. § 1343. [ECF Doc. # 83 at 1-16].

1

The Indictment also sought forfeiture in the form of a personal money judgment against defendant Jonathan K. Yioulos pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c) in the amount of proceeds obtained by the defendant and by the scheme. *Id.* at 23.

On November 18, 2021, the United States and defendant Jonathan K. Yioulos entered into a Plea Agreement. The Plea Agreement provided that defendant would plead guilty to Counts 1 and 39 of the Indictment, charging a violation of 18 U.S.C. §§ 1349 and 1343, respectively. [ECF Doc. # 155].

The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment. Specifically, the defendant agreed not to contest the forfeiture of proceeds, and further agreed to forfeit to the United States a money judgment in an amount not less than $5,053,878.50. [ECF Doc. # 155 at 1, 5-6]. The Plea Agreement provides an ample basis for an order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

As discussed below, the United States is seeking a forfeiture money judgment in the amount of $100,000.00, because based on the facts set forth in the Plea Agreement, that is the amount of wire fraud conspiracy proceeds he obtained.

**B. Argument**

Pursuant to 18 U.S.C. § 981(a)(1)(C), the Court shall order criminal forfeiture of any property, real or personal, constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to

2

commit such offense. Title 18, United States Code, Section 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961. Conspiracy to commit wire fraud is set forth in 18 U.S.C. § 1349.

Proceeds are defined in 18 U.S.C. § 981(a)(2), which states that "proceeds" are "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense."

The government may seek a money judgment against a defendant for the value of what they obtained from the criminal activity." *United States v. Channon*, 973 F.3d 1105, 1112 (10th Cir. 2020) (quotation marks and citation omitted); *United States v. Venturella*, 585 F.3d 1013, 1017 (7th Cir. 2009). This includes proceeds from the wire fraud scheme and proceeds obtained from the conspiracy the defendant benefitted from.

Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), the Court must determine what property is subject to forfeiture as soon as practicable after a finding of guilt. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). As set forth in Fed. R. Crim. P. 32.2(b)(1)(B), the Court "determination may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." When

considering the evidence, the Court need only find that a preponderance of the evidence supports forfeiture. *United States v. Gordon*, 710 F.3d 1124, 1165 (10th Cir. 2013) ("A forfeiture judgment must be supported by a preponderance of the evidence." (quoting *United States v. Bader*, 678 F.3d858, 893 (10th Cir. 2012)).

Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

As set forth in the Plea Agreement, between August 2018 and July 2020, defendant Jonathan K. Yioulos and co-defendants Michael Tew and Kimberly Tew, engaged in a complex scheme to defraud the victim company by submitting fraudulent invoices which billed the victim company for services it never received. [ECF Doc . # 155 at 10). The fraudulent proceeds were either transferred into accounts under co-defendants Michael Tew's and Kimberly Tew's control or made via ACH transfer. *Id.* at 13. In total, $5,023,878.50 was obtained through the submission of fraudulent invoices. *Id.* at 10. Throughout the conspiracy, Defendant Yioulos received a few Bitcoin from co-defendants Michael Tew and Kimberly Tew, but then they would ask him to send that Bitcoin back, and that cycle continued on

multiple occasions between 2018 and July 2020. Overall, defendant Yioulos received approximately $100,000.00 in fraud conspiracy proceeds.[1] *Id.* at 14.

Accordingly, a forfeiture money judgment in the amount of $100,000.00, should be entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). In addition, the government will credit payments made toward the money judgments so that it will not collect more than the $5,053,878.50 received from the wire fraud conspiracy in this case.

In addition, the government intends to recommend to the Attorney General that any net proceeds derived from the sale of the judicially forfeited assets be remitted or restored to the eligible victim of the offenses, for which the defendant has been found guilty, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. pt. 9, and any other applicable laws, if the legal requirements for recommendation are met.

## C. Conclusion

Accordingly, the United States respectfully requests that the Court enter the Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $100,000.00 against defendant Jonathan Yioulas pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

---

[1] The additional $60,000.00 that defendant Yioulos received as a result of another fraud scheme is not being forfeited because it was not obtained as a result of Counts 1 and 39, for which he has pled guilty.

DATED this 22nd day of November 2024.

                        Respectfully submitted,

                        MATTHEW T. KIRSCH
                        Acting United States Attorney

By:   s/*Laura B. Hurd*
        Laura B. Hurd
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Ste. 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: laura.hurd@usdoj.gov
        *Attorney for the United States*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

                        s/ *Sheri Gidan*
                        FSA Federal Paralegal
                        Office of the U.S. Attorney