1

```
1           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO
2
    CASE NO.: 20-cr-00305-DDD  20-mj-00088-KLM
3   _____

4   UNITED STATES OF AMERICA,

5           Plaintiff,
    v.
6
    MICHAEL AARON TEW,
7
            Defendant.
8   _____

9           Proceedings before KRISTEN L. MIX, United States

10  Magistrate Judge, for the District of Colorado, commencing

11  at 2:08 p.m. on July 9, 2020, in the United States

12  Courthouse, Denver, Colorado.

13  _____

14  WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE

15  HEREIN TYPOGRAPHICALLY TRANSCRIBED...

16  _____

17                       APPEARANCES

18          HETAL DOSHI, Attorney at Law, appearing on behalf

19  of the Government.

20          MICHAEL SHEEHAN, Attorney at Law, appearing on

21  behalf of the Defendant.

22          ANGELA LEDESMA, appearing on behalf of Probation.

23  _____

24            INITIAL APPEARANCE AND ARRAIGNMENT

25
```

```
 1                    P R O C E E D I N G S
 2             (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5             THE COURT:  Good afternoon.  Case No. 20-mj-00088,
 6   United States of America v. Michael Aaron Tew.  Let's have
 7   counsel enter appearances please starting with counsel for
 8   the Government.
 9             MS. DOSHI:  Good afternoon, Your Honor.  Hetal
10   Doshi for the United States.
11             THE COURT:  Good afternoon.
12             MR. SHEEHAN:  And good afternoon, Your Honor.
13   Michael Sheehan on behalf of Michael Tew.  He appears via
14   video conference.
15             THE COURT:  Good afternoon.  Mr. Tew, you're here
16   for an initial appearance.  I need to inform you of the
17   charges against you and the rights that you have in this
18   court.
19             You've been charged with one count of conspiracy
20   to commit money laundering.  The penalty on that count is
21   not more than 20 years imprisonment, not more than a
22   $500,000 fine or two times the amount laundered, or both
23   imprisonment and a fine; not more that three years of
24   supervised release; and a $100 special assessment fee.
25             Do you understand the general nature of the
```

1  charges against you?

2  THE DEFENDANT: Yes, I do, Your Honor.

3  THE COURT: Sir, you have the right to remain

4  silent. You do not need to speak to anyone about the

5  circumstances that brought you to court today. If you

6  choose to speak to someone other than your attorney about

7  those circumstances -- can you hear me?

8  THE DEFENDANT: Yes. I'm just turning the volume

9  up a little bit, please.

10  THE COURT: All right.

11  THE DEFENDANT: Sorry.

12  THE COURT: I'll start again. You have the right

13  to remain silent. You do -- you do not need to speak to

14  anyone about the circumstances that brought you to court

15  today, and if you do choose to speak to someone other than

16  your attorney about those circumstances, what you say can

17  and probably will be used against you in court.

18  If you are questioned by the police or law

19  enforcement, you have the right to refuse to answer

20  questions. You also have the right to insist that an

21  attorney be present with you during questioning. If you

22  choose to remain silent, your silence cannot be used against

23  you in court. Do you understand your right to remain

24  silent?

25  THE DEFENDANT: Yes.

1            THE COURT:  You also have the right to an
2    attorney, and I understand that Mr. Sheehan is appearing for
3    you.  Are you asking the Court to appoint a free attorney
4    for you today or are you hiring your own lawyer?
5            MR. SHEEHAN:  And Your Honor, I should clarify.
6            THE DEFENDANT:  Hiring my own.
7            MR. SHEEHAN:  I've been retained by -- by Mr. Tew.
8            THE COURT:  All right.  Thank you.  You -- you are
9    not requesting, Mr. Tew, that I appoint a free attorney for
10   you?
11           THE DEFENDANT:  No.
12           THE COURT:  All right.  All right.  Let's see.  Is
13   the Government seeking detention here, Ms. Doshi?
14           MS. DOSHI:  Your Honor, we are not.  I believe
15   that there are conditions or a combination of conditions
16   that could secure the future appearance of Mr. Tew and
17   protect the community.  If I may make a brief record on that
18   point, and then identify the conditions that the Government
19   is seeking with the Court's permission.
20           THE COURT:  Yes.  Go ahead.
21           MS. DOSHI:  The -- the underlying offense, as the
22   Court is aware from the criminal complaint, is a complex
23   money laundering conspiracy involving a number of bank
24   accounts, many of which are crypto currency accounts that
25   may be offshore.

1          And so the Government's concern is twofold with
2    respect to Mr. Tew, but I believe we found a way to address
3    those two -- those concerns.
4          The first is his potential access to significant
5    assets beyond, you know, the things that are immediately
6    available in traditional bank accounts.  But second,
7    yesterday Mr. Tew made reference to and tried to procure
8    additional funds so that he could leave the country
9    understanding that the FBI and IRS investigation was
10   ongoing.
11         And so in light of that flight issue, I think that
12   the conditions that are appropriate here for release.  Other
13   than that, I'm not aware of any other conditions or
14   circumstances that Mr. Tew possesses that would be a danger
15   to the community or otherwise create a risk of
16   nonappearance.
17         Given that, those facts, however, I think a
18   $20,000 unsecured bond is appropriate here in addition to
19   Mr. Tew surrendering his passport.  Also having a travel
20   restriction limiting him to the state of Colorado, also an
21   ankle monitor with GPS location monitoring; and that he also
22   have normal -- the normal financial conditions that I
23   typically seek in white collar cases, which I've previously
24   provided to probation and can identify to the Court if you
25   want me to go through each of them.

1          And then finally, pursuant to the -- the motion to
2  restrict that I just filed that the Court entered, I'd ask
3  another special condition that Mr. Tew not share the
4  complaint or arrest warrant with anyone other than his
5  attorney for a period of 90 days or unless the Court orders
6  otherwise.
7          THE COURT:  All right.  Thank you.  Mr. Sheehan,
8  do you have anything to add with respect to that issue on
9  release?
10         MR. SHEEHAN:  Your Honor, I would add that I've
11 spoken with Ms. Doshi about this case a couple of times this
12 morning.  I'm clear on all the conditions that she just
13 outlined for the Court.
14         And I actually just met with Mr. Tew downstairs
15 and went through each and every one of them with him in
16 person, and he has no objection to any of those conditions
17 and understands what's expected of him moving forward.
18         THE COURT:  All right, thank you.  To go along
19 with the GPS monitoring as proposed by the Government, the
20 Court would impose the followings restriction, which is that
21 the defendant is restricted to his residence at all times
22 except for employment, education, religious services,
23 medical, substance abuse, or mental health treatment,
24 attorney visits, court appearances, Court-ordered
25 obligations, or other activities approved in advance by the

1  Pretrial Services Office or the supervisor officer.  Is that
2  acceptable to the Government?
3        MS. DOSHI:  It is, Your Honor.  And if I may ask
4  for one additional -- I don't have the bond paperwork with
5  the standard conditions filled out.  I would ask that the
6  box that is often checked about getting Court permission
7  prior to becoming a cooperation or an informant be unchecked
8  in this circumstance.
9        THE COURT:  Yes.
10        MS. DOSHI:  And the other -- otherwise, the -- the
11  home confinement restriction that the Court just articulated
12  is amenable to the Government.  Thank you.
13        THE COURT:  All right.  Thank you.  Any objection
14  to that, Mr. Sheehan?
15        MR. SHEEHAN:  Not an objection, Your Honor, but I
16  would -- I know that Mr. Tew and his wife would be concerned
17  about one of their daughters, who has a mild form of autism
18  who goes -- who gets treatment in Centennial at a place
19  called the STAR Institute.
20        She's -- their daughter is five years old, and I
21  would just -- I bring it up just to make sure that that
22  would be something that would fit within the parameters of
23  what you're ordering.
24        THE COURT:  I think medical treatment for the care
25  of their minor daughter would be permitted under the home

1   detention order that I'm ordering.

2          MR. SHEEHAN:  Okay.  Thank you.

3          THE COURT:  You're welcome.  All right.  Mr. Tew,
4   I need to make sure that you understand the conditions of
5   your release here.  This is a $20,000 unsecured bond.  That
6   means that in the event that you violate the conditions of
7   your release, you will forfeit $20,000.

8          You must promise not to violate any federal,
9   state, or local law while on release.  You must cooperate in
10  the collection of a DNA sample if that is authorized under
11  the law.  You must advise the Court or your pretrial
12  services officer or a supervising officer in writing before
13  you make any change to your residence or your telephone
14  number.

15         You must appear in court as you are required to
16  appear, and if convicted, you must surrender as directed to
17  serve a sentence that the Court may impose.

18         You also must surrender your passport.  You -- you
19  will submit to supervision and report to supervision by the
20  United States Probation Office in -- in -- at 1929 Stout
21  Street in Denver.

22         You must surrender your passport to the clerk of
23  the court within two business days.  You may not obtain a
24  passport or another international travel document.  Your
25  travel will be restricted to the state of Colorado unless

1  you get permission from the Court to go elsewhere.

2         You must avoid all contact -- well, let's talk

3  about that, Ms. Doshi.  I understand -- is the Government

4  seeking a no-contact order with codefendants, if any?

5         MS. DOSHI:  We are not at this time, Your Honor.

6         THE COURT:  All right.  Thank you.  Continuing on

7  the conditions.  Mr. Tew, you will be restricted to your

8  residence at all times except for employment, education,

9  religious services, medical, substance abuse, or mental

10  health treatment -- that includes medical treatment for your

11  daughter -- attorney visits, court appearances,

12  Court-ordered obligations, and other activities approved in

13  advance by the Pretrial Services Office or by the

14  supervising officer.

15         You will submit to location monitoring, GPS

16  monitoring as directed by the supervising officer, and

17  you'll pay all or part of the cost of that program based on

18  your ability to pay.

19         You may not act as an informant for any law

20  enforcement agency without prior permission of the Court,

21  and you must not share the complaint or the arrest documents

22  with anyone except your attorney in this case.

23         Do you understand the condition -- or I'm sorry.

24  There are additional financial conditions, and they are

25  these:  Any employment --

1          MS. DOSHI:  Your Honor, if I may interrupt for
2     just one moment.  I apologize --
3          THE COURT:  Yes.
4          MS. DOSHI:  -- for the interruption.  I was
5     actually asking that the -- the -- the standard condition
6     that you just read about you may not serve as an informant
7     without prior permission of the Court be unchecked, that it
8     not be applicable here.
9          THE COURT:  All right.
10         MS. DOSHI:  If that is amenable to the Court.
11         THE COURT:  Thank you.  I'll make that correction.
12    That does not apply.  All right.  The financial conditions
13    are these:  Your employment must be approved in advance by
14    the supervising officer.  You must provide verification of
15    any income or funds received.  You must provide access to
16    any financial records requested by the supervising officer.
17         You may not commingle personal and business funds.
18    You shall not register any business entities without prior
19    disclosure to the supervising officer.  You must notify the
20    supervising officer of the registration of any business
21    entities by your family members.
22         You must notify third parties of risks that may be
23    occasioned by your personal history or characteristics, and
24    you must permit the probation office to make such
25    notifications and to confirm your compliance with the

1   notification requirement.

2          You must not conduct any financial transactions

3   through the financial account of any business entity not

4   previously disclosed to the supervising officer or through

5   any other individual's financial account.  You must not

6   solicit or receive money from third parties without prior

7   approval by the supervising officer.

8          Do you understand the conditions of your release?

9   Can you say it out loud, please?

10         THE DEFENDANT:  Yes, yes.

11         THE COURT:  Are you authorizing me to indicate

12  that you would sign the bond form and promise to comply with

13  the conditions of release?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  All right.  I've signed the bond

16  paperwork.  I see that we have a United States probation

17  officer on the video with us.  How are we going to handle

18  the GPS monitoring?

19         OFFICER LEDESMA:  Your Honor, since Mr. Tew is in

20  the Arraj, once he's released from there, he can walk over

21  to our office today.

22         THE COURT:  All right.  Thank you.  Then the bond

23  paperwork has been executed.  Mr. Tew will be released after

24  processing.  Anything further from the Government with

25  respect to Mr. Tew today?  I guess we need to set a next

1   hearing for an arraignment and discovery conference; is that

2   right?

3            MS. DOSHI:  I think that we can -- if we can do

4   the arraignment today and we can set a preliminary hearing,

5   which would also be required here in 21 days now that he's

6   not going to be in custody.

7            We expect that there's a possibility that that

8   preliminary hearing may be waived, but we should go ahead

9   and get it set, Your Honor, if we can.

10           THE COURT:  All right.  With respect to the

11  arraignment, Mr. Sheehan, is the defendant prepared to enter

12  a plea today?

13           MR. SHEEHAN:  He is, Your Honor.  He would enter a

14  not guilty plea.

15           THE COURT:  All right.  Thank you.  The not guilty

16  plea is received.  All right.  Then let's set a preliminary

17  hearing date.  We're looking at 21 days from today, which

18  would be July 30th.  Do we have time on the docket then?

19           THE DEPUTY:  Yes, Your Honor, 2:00 p.m.

20           THE COURT:  July 30th at 2:00 p.m.  Will that work

21  for counsel?

22           MS. DOSHI:  That does, Your Honor.

23           MR. SHEEHAN:  Your Honor, I have a hearing in

24  another jurisdiction at 2:30.  Would it be possible to set

25  it a little bit earlier?

```
 1              THE COURT:  Can we do it in the morning by any
 2   chance?
 3              THE DEPUTY:  We generally aren't setting them in
 4   the morning.
 5              THE COURT:  In the morning.  Oh, that's right.
 6              THE DEPUTY:  We can do the day before.
 7              THE COURT:  How about on the 19th at 2:00 p.m.?
 8              THE DEPUTY:  29th.
 9              THE COURT:  Or I'm sorry.  On the 29th at 2:00
10   p.m.?
11              MR. SHEEHAN:  That would work great for the
12   defense.
13              THE COURT:  Will that work for you, Ms. Doshi?
14              MS. DOSHI:  If I may have a moment to check my
15   calendar.
16              THE COURT:  You may.
17              MS. DOSHI:  That works for the Government, Your
18   Honor.
19              THE COURT:  All right.  Thank you.  Then the
20   preliminary hearing in this matter will be set for July 29,
21   2020 at 2:00 p.m.
22              All right.  Anything further then from the
23   Government this afternoon?
24              MS. DOSHI:  No.  Thank you, Your Honor.
25              THE COURT:  Thank you.  Anything further, Mr.
```

1   Sheehan?

2            MR. SHEEHAN:  No.  Thank you.

3            THE COURT:  Thank you.  We're in recess with

4   respect to Mr. Tew.

5            (Whereupon, the within proceedings concluded at

6   2:22 p.m.)

7

8                    TRANSCRIBER'S CERTIFICATE

9            I certify that the forgoing is a correct

10  transcript, to the best of my knowledge and belief (pursuant

11  to the quality of the recording) from the record of

12  proceeding in the above-entitled matter.

13

14  /s/Brittany Payne                    January 28, 2025

15  Signature of Transcriber                   Date

16

17

18

19

20

21

22

23

24

25