APPEAL,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: <u>1:20–cr–00305–DDD</u> All Defendants

Case title: USA v. Tew et al

Magistrate judge case number:  1:20–mj–00088–KLM

Date Filed: 09/29/2020

Date Terminated: 12/06/2024

---

Assigned to: Judge Daniel D.
Domenico

Appeals court case number:
24–1465 USCA–10th Circuit

**Defendant (1)**

| | | |
|---|---|---|
| **Michael Aaron Tew**<br>*TERMINATED: 11/15/2024* | represented by | **Peter R. Bornstein**<br>Peter R. Bornstein, Law Offices of<br>6060 Greenwood Plaza Boulevard<br>Suite 500<br>Greenwood Village, CO 80111<br>720–354–4440<br>Fax: 720–287–5674<br>Email: pbornstein@prblegal.com<br>*TERMINATED: 01/30/2023*<br>*LEAD ATTORNEY*<br>*Designation: CJA Appointment* |
| | | **David C. Boyer , Jr.**<br>Newland Legal PLLC<br>PO Box 1413<br>Midlothian, TX 76065<br>303–948–1489<br>Email: david@newlandlegal.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Edward R. Harris**<br>Federal Public Defender's Office<br>Districts of Colorado and Wyoming<br>633 17th Street<br>Suite 1000<br>Denver, CO 80202<br>303–294–7002<br>Email: co.ecf@fd.org |

*TERMINATED: 10/21/2020*
*Designation: Public Defender or Community*
*Defender Appointment*

**Eric M. Creizman**
Armstrong Teasdale LLP
919 Third Avenue
37th Floor
New York, NY 10012
212–209–4400 x4358
Fax: 212–409–8385
Email: ecreizman@atllp.com
*TERMINATED: 08/13/2020*
*Designation: Retained*

**Jason Dale Schall**
Bowlin & Schall Law LLC
7350 East Progress Place
Suite 100
Greenwood Village, CO 80111
720–505–3861
Email: jason@bowsch.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Kristen M. Frost**
Taft Stettinius & Hollister LLP
675 Fifteenth Street
Suite 2300
Denver, CO 80202
303–297–2900
Fax: 303–298–0940
Email: kfrost@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Michael Hassard**
Tor Ekeland Law, PLLC
30 Wall Street
8th Floor
New York, NY 10005
718–737–7264
Email: michael@torekeland.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Michael J. Sheehan**
Sheehan Law
8400 East Prentice Avenue
Suite 1040
Greenwood Village, CO 80111
720–381–6146
Email: michael.sheehan.esq@gmail.com

*TERMINATED: 07/29/2020*
*Designation: Retained*

**Thomas Richard Ward**
Stuart & Ward LLP
140 East 19th Avenue
Suite 300
Denver, CO 80203
303–832–8888
Email: tward@stuartwardlaw.com
*TERMINATED: 03/18/2021*
*Designation: CJA Appointment*

**Tor Bernhard Ekeland**
Tor Ekeland Law, PLLC
30 Wall Street
8th Floor
New York, NY 10005
718–737–7264
Email: tor@torekeland.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Xuan Zhou**
Lewis Brisbois Bisgaard & Smith LLP
550 West C Street
Suite 1700
San Diego, CA 92101
619–233–1006
Email: xuan.zhou@lewisbrisbois.com
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Zachary Lee Newland**
Newland Legal, PLLC
P.O. Box 3610
Evergreen, CO 80437
303–948–1489
Email: zach@newlandlegal.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) (1s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total |

amount of $6,331,622.10.

| | |
|---|---|
| 18 U.S.C. § 1343 (Wire Fraud) (2s–40s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (41s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (42s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (44s–56s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10. |
| 26 U.S.C. § 7203 (Willful Failure to File Tax Return) (57s–60s) | Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. , $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10. |

**Highest Offense Level**
**(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1349 (Attempt and Conspiracy) (1) | |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (2) | |
| 26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax) (3) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 19569(h) Conspiracy to Commit Money Laundering | |

Assigned to: Judge Daniel D. Domenico

Appeals court case number: 24–1333 USCA–10th Circuit

**Defendant (2)**

| | | |
|---|---|---|
| **Kimberley Ann Tew** *TERMINATED: 08/13/2024* *also known as* Kimberley Vertanen *TERMINATED: 08/13/2024* | represented by | **Peter R. Bornstein** (See above for address) *TERMINATED: 12/29/2022* *LEAD ATTORNEY* Designation: CJA Appointment |
| | | **David Scott Kaplan** Stimson LaBranche Hubbard, LLC 1652 North Downing Street Denver, CO 80203 720–689–9909 Fax: 720–689–9909 Email: kaplan@slhlegal.com *ATTORNEY TO BE NOTICED* Designation: CJA Appointment |
| | | **Jamie Hughes Hubbard** |

Stimson LaBranche Hubbard, LLC
1652 North Downing Street
Denver, CO 80218
720–689–8909
Email: hubbard@slhlegal.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael Hassard**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Tor Bernhard Ekeland**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

**Xuan Zhou**
(See above for address)
*TERMINATED: 03/07/2022*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) (1) | Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (21–22) | Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (25–26) | Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (31–32) | Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |

| | |
|---|---|
| 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering) (41) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (43−44) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (47) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (56) | Defendant shall be imprisoned for a total term of forty−eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1343 (Wire Fraud) (16) | Dismissed by Court during jury trial. |
| 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (48) | Defendant was found not guilty by jury at trial. |

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Daniel D.
Domenico

**Defendant (3)**

| | |
|---|---|
| **Jonathan K. Yioulos** | represented by **Michael John Tallon** |
| *TERMINATED: 12/06/2024* | Michael J. Tallon, Attorney at Law |

**Jonathan K. Yioulos**
*TERMINATED: 12/06/2024*

represented by   **Michael John Tallon**
Michael J. Tallon, Attorney at Law
401 Stony Brook Road
Rush, NY 14543–9419
585–329–8139
Email: mtallon@tallonlaw.com
*TERMINATED: 07/20/2023*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard Kent Kornfeld**
Recht & Kornfeld, P.C.
1600 Stout Street
Suite 1400
Denver, CO 80202
303–573–1900
Fax: 303–446–9400
Email: rick@rklawpc.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud) (1) | Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50. |
| 18 U.S.C. § 1343 (Wire Fraud) (39) | Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50. |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18 U.S.C. § 1343 (Wire Fraud) (2–38) | Dismissed on United States of Americas Motion to Dismiss Counts. |
| 18 U.S.C. § 1343 (Wire Fraud) (40) | Dismissed on United States of Americas Motion to Dismiss Counts. |

**Highest Offense Level**

**(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Movant**

| **National Air Cargo Holdings, Inc.** | represented by | **Eric S. Galler** |
| --- | --- | --- |

represented by **Eric S. Galler**
Galler Corporate Law Group
9466 Georgia Avenue
Suite 130
Silver Spring, MD 20910
301−728−3850
Email: egaller@gcorplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nancy Lin Cohen**
Cohen Black Law LLC
1888 North Sherman Street
Suite 770
Denver, CO 80203
720−699−2323
Email: ncohen@irelandstapleton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**National Air Cargo Group, Inc.**                represented by    **Eric S. Galler**
*doing business as*                                                  (See above for address)
National Airlines                                                    *LEAD ATTORNEY*
                                                                     *ATTORNEY TO BE NOTICED*
                                                                     *Designation: Retained*

**Nancy Lin Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Movant**

**Christopher J. Alf**                            represented by    **Eric S. Galler**
                                                                    (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Nancy Lin Cohen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Movant**

| | | |
|---|---|---|
| **Atlantic Union Bank** | represented by | **Lisa Marie Saccomano** |

**Lisa Marie Saccomano**
Kutak Rock LLP
2001 16th Street
Suite 1800
Denver, CO 80202
303–297–2400
Email: lisa.saccomano@kutakrock.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Matthew T. Kirsch** |

**Matthew T. Kirsch**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402
Email: matthew.kirsch@usdoj.gov
*TERMINATED: 11/17/2021*
*LEAD ATTORNEY*
*Designation: Federal Agency Attorney*

**Albert C. Buchman**
U.S. Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0228
Email: al.buchman@usdoj.gov
*TERMINATED: 12/12/2023*
*Designation: Federal Agency Attorney*

**Andrea Lee Surratt**
Crowell & Moring LLP

District of Colorado
1601 Wewatta Street
Suite 815
Denver, CO 80202
303–524–8645
Email: asurratt@crowell.com
*TERMINATED: 06/16/2022*
*Designation: Federal Agency Attorney*

**Bryan David Fields**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402
Email: bryan.fields3@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Hetal Janak Doshi**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
202–808–4241
Email: hetal.doshi@usdoj.gov
*TERMINATED: 02/02/2022*
*Designation: Federal Agency Attorney*

**Laura Beth Hurd**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0135
Fax: 303–454–0402
Email: laura.hurd@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Martha Ann Paluch**
U.S. Attorney's Office
District of Colorado
1801 California Street
Suite 1600
Denver, CO 80202
303–454–0100
Fax: 303–454–0402

Email: Martha.paluch@usdoj.gov
*TERMINATED: 01/28/2025*
*Designation: Federal Agency Attorney*

**Sarah H. Weiss**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
720−508−6910
Email: sarah.weiss@coag.gov
*TERMINATED: 05/15/2025*
*Designation: Federal Agency Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2020 | 1 | CRIMINAL COMPLAINT as to Michael Aaron Tew (1). (Attachments: # 1 Affidavit, # 2 Criminal Information Sheet) (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/08/2020 | 2 | Arrest Warrant Issued in case as to Michael Aaron Tew. (cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 3 | Arrest of Michael Aaron Tew. Initial Appearance set for 7/9/2020 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (Text Only entry)(cmadr, ) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 4 | NOTICE OF ATTORNEY APPEARANCE: Michael James Sheehan appearing for Michael Aaron TewAttorney Michael James Sheehan added to party Michael Aaron Tew(pty:dft) (Sheehan, Michael) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 5 | RESTRICTED DOCUMENT − Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 6 | ORDER ***granting 5 Motion as to Michael Aaron Tew (1), by Magistrate Judge Kristen L. Mix on 7/9/20. (nmarb, ) (nmarb, ). [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 7 | MINUTE ENTRY for Initial Appearance as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 7/9/2020. Defendant present in custody via video conference. Defendant advised. Defendant has retained private counsel and is not requesting court appointed counsel. Parties address the Court regarding release conditions. Bond set as to Michael Aaron Tew (1) $20,000 Unsecured with the conditions as set forth in the Order Setting Conditions of Release. Preliminary Examination set for 7/29/2020 2:00 PM in Courtroom A501 before Magistrate Judge Michael E. Hegarty. Defendant advised of conditions of bond and remanded for processing and release. (Total time: 14 minutes, Hearing time: 2:08−2:22)  **APPEARANCES**: Hetal Doshi on behalf of the Government via video conference, Michael Sheehan on behalf of the defendant, Angela Ledesma on behalf of pretrial via video conference FTR: KLM Courtroom A401. (lgale, ) Text Only Entry [1:20−mj−00088−KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 8 | |

| | | |
|---|---|---|
| | | Unsecured Bond Entered as to Michael Aaron Tew in amount of $20,000 (lgale, ) [1:20–mj–00088–KLM] (Entered: 07/09/2020) |
| 07/09/2020 | 9 | ORDER Setting Conditions of Release as to Michael Aaron Tew (1) $20,000 Unsecured by Magistrate Judge Kristen L. Mix on 7/9/20. (lgale, ) [1:20–mj–00088–KLM] (Entered: 07/09/2020) |
| 07/10/2020 | 11 | Passport Receipt as to Michael Aaron Tew.Surrender of passport re Bond Conditions; Passport Number 484644160 issued by USA (jtorr, ) [1:20–mj–00088–KLM] (Entered: 07/10/2020) |
| 07/15/2020 | 12 | Arrest Warrant Returned Executed on 7/8/20 in case as to Michael Aaron Tew. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 07/15/2020) |
| 07/20/2020 | 13 | Unopposed MOTION to Withdraw as Attorney by Michael Sheehan by Michael Aaron Tew. (Sheehan, Michael) [1:20–mj–00088–KLM] (Entered: 07/20/2020) |
| 07/21/2020 | 14 | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 21 July 2020 as to Michael Aaron Tew. The Court is not in possession of a financial affidavit by which to determine whether court appointed counsel is appropriate in this case.Therefore, on or before July 24, 2020, Defendant shall complete and file a financial affidavit by which the Court may determine whether to appoint counsel for Defendant. (cmadr, ) [1:20–mj–00088–KLM] (Entered: 07/21/2020) |
| 07/25/2020 | 15 | SUPPLEMENT to 13 Unopposed MOTION to Withdraw as Attorney by Michael Sheehan by Michael Aaron Tew (Sheehan, Michael) [1:20–mj–00088–KLM] (Entered: 07/25/2020) |
| 07/28/2020 | 16 | Joint MOTION to Exclude *Time Before Indictment* by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 07/28/2020) |
| 07/28/2020 | 17 | NOTICE OF ATTORNEY APPEARANCE: Eric M. Creizman appearing for Michael Aaron Tew. Attorney Eric M. Creizman added to party Michael Aaron Tew. (pty:dft) (nmarb, ) [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 18 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 29 July 2020. For good cause shown pursuant to D.C. Colo. LAttyR 5(b), the Motion to Withdraw filedby Michael Sheehan 13 is granted. Mr. Sheehan's representation of the Defendant in this case is terminated. Defendant will continue to be represented Eric Creizman. (cmadr, ) [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 19 | COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Preliminary Hearing as to Michael Aaron Tew held on 7/29/2020. Defendant present on bond. Preliminary hearing waived. Status Conference set for 10/14/2020 at 02:00 PM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (Total time: 8 minutes, Hearing time: 2:12 p.m.–2:20 p.m.) **APPEARANCES**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Eric Creizman on behalf of the defendant. FTR: A501. (cthom, ) Text Only Entry [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 20 | WAIVER of Preliminary Hearing by Michael Aaron Tew (cthom, ) [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 07/29/2020 | 21 | |

| | | |
|---|---|---|
| | | ORDER granting <u>16</u> Motion to Exclude as to Michael Aaron Tew (1) by Magistrate Judge Michael E. Hegarty on 7/29/2020. (cthom, ) [1:20–mj–00088–KLM] (Entered: 07/29/2020) |
| 08/04/2020 | <u>22</u> | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 08/04/2020) |
| 08/07/2020 | <u>24</u> | NOTICE OF ATTORNEY APPEARANCE Matthew T. Kirsch appearing for USA. Attorney Matthew T. Kirsch added to party USA(pty:pla) (Kirsch, Matthew) [1:20–mj–00088–KLM] (Entered: 08/07/2020) |
| 08/12/2020 | <u>25</u> | MOTION to Withdraw as Attorney by Eric M. Creizman by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/12/2020 | <u>26</u> | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/12/2020 | <u>27</u> | MOTION for Leave to Restrict by Michael Aaron Tew. (Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/12/2020) |
| 08/13/2020 | <u>28</u> | Minute ORDER by Magistrate Judge Kristen L. Mix on 13 August 2020. IT IS HEREBY ORDERED that, on or before August 20, 2020, Defendant shall complete and file a financial affidavit (attached to this Minute Order) by which the Court may determine whether to appoint counsel for Defendant. IT IS FURTHER ORDERED that the Motion to Withdraw # <u>25</u> is GRANTED to the extent that Mr. Creizman is relieved of all further representation of Defendant. (Attachments: # <u>1</u> CJA Attachment) (cmadr, ) [1:20–mj–00088–KLM] (Entered: 08/13/2020) |
| 08/17/2020 | <u>29</u> | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Attachments: # <u>1</u> Affidavit CJA 23 Affidavit)(Creizman, Eric)[1:20–mj–00088–KLM] Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 08/17/2020) |
| 08/19/2020 | <u>30</u> | MINUTE ORDER APPOINTING COUNSEL Under CJA, as to Michael Aaron Tew by Magistrate Judge Kristen L. Mix on 8/19/20. IT IS FURTHER ORDERED that if it appears at any time that the Defendant can afford to pay counsel, reimbursement of attorney fees may be required pursuant to 18 U.S.C. §3006A(f). (nmarb, ) [1:20–mj–00088–KLM] (Entered: 08/19/2020) |
| 08/24/2020 | <u>31</u> | NOTICE OF ATTORNEY APPEARANCE: Edward R. Harris appearing for Michael Aaron TewAttorney Edward R. Harris added to party Michael Aaron Tew(pty:dft) (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 08/24/2020) |
| 09/17/2020 | <u>32</u> | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 9/17/20 GRANTING <u>27</u> Motion for Leave to Restrict, as to Michael Aaron Tew (1). Pursuant toD.COLO.LCrR 47.1, the Clerk of the Court is directed to maintain the following document UNDER RESTRICTION at LEVEL 3:1 Declaration of Eric M. Creizman in Support of Motion to Withdraw as Counsel to Michael Tew [#26]. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |
| 09/17/2020 | <u>33</u> | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Attachments: # <u>1</u> Proposed Order (PDF Only))(Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |

| 09/17/2020 | 34 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/17/2020) |
| 09/18/2020 | 35 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/18/2020) |
| 09/18/2020 | 36 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (nmarb, ) [1:20–mj–00088–KLM] (Entered: 09/18/2020) |
| 09/22/2020 | 37 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 9/22/20 as to Michael Aaron Tew re 36 Restricted Document – Level 1. Status Conference set for 11/9/2020 10:00 AM in Courtroom A401 before Magistrate Judge Kristen L. Mix. Text Only Entry (lgale, ) [1:20–mj–00088–KLM] (Entered: 09/22/2020) |
| 09/24/2020 | 38 | Utility Setting Hearings as to Michael Aaron Tew: Text Only Entry Status Conference set for 9/29/2020 01:30 PM in Courtroom A 502 before Magistrate Judge Nina Y. Wang. All parties shall appear by video/telephone conference. (bwilk, ) [1:20–mj–00088–KLM] (Entered: 09/28/2020) |
| 09/29/2020 | 39 | MOTION for Leave to Restrict by Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 40 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 41 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 42 | Unopposed MOTION to Modify 8 Bond, 7 Initial Appearance,,,, Bond Set/Reset,,,, Set Hearings,,,, Text Only Entry – Prompts,,,, 9 Order Setting Conditions of Release by Michael Aaron Tew. (Harris, Edward) [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 44 | COURTROOM MINUTES for Status Conference, and Arraignment as to Michael Aaron Tew held on 9/29/2020 before Magistrate Judge Nina Y. Wang. Defendant present on bond appearing by videoconference. Defendant advised regarding proceeding by remote means pursuant to CARES Act. Defendant consents. Defendant waives proceeding by indictment. Defendant sworn. Defendant questioned regarding waiver. Waiver tendered to the court. Information and penalty sheet tendered. Criminal Case number issues is 20–cr–00305. Defendant advised regarding the charges, penalties, and fines. Plea of NOT GUILTY entered by defendant. Parties do not believe a discovery conference is necessary in this matter. Defendant intends to file a motion to modify bond which will likely be referred to Judge Mix since she set the original conditions. Parties discuss process for Restricting #39 to Level 1 and the notice period. Defendants bond continues. (Total time: 16 minutes, Hearing time: 1:33–1:49)<br><br>**APPEARANCES**: Hetal Doshi and Matthew Krisch on behalf of the Government, Edward Harris on behalf of the Defendant. FTR: NYW–CRD. (bwilk, ) Text Only Entry [1:20–mj–00088–KLM] (Entered: 09/29/2020) |
| 09/29/2020 | 45 | WAIVER OF INDICTMENT by Michael Aaron Tew by Magistrate Judge Nina Y. Wang on 9/29/2020. (bwilk, ) [1:20–mj–00088–KLM] (Entered: 09/30/2020) |
| 09/29/2020 | 49 | UNRESTRICTED INFORMATION – Level 2 as to Michael Aaron Tew (1) count(s) 1, 2, 3. (Attachments: # 1 Penalty Sheet ) (bwilk, ) Modified on 10/9/2020 to adjust |

| | | |
|---|---|---|
| | | restriction level (athom, ). Modified on 1/20/2021 to unrestrict pursuant to 81 Order (athom, ). (Entered: 10/05/2020) |
| 09/30/2020 | 46 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) [1:20–mj–00088–KLM] (Entered: 09/30/2020) |
| 09/30/2020 | 48 | RESTRICTED DOCUMENT – Level 1 as to Michael Aaron Tew. (jgonz, ) (Entered: 10/02/2020) |
| 10/01/2020 | 47 | NOTICE of Disposition by Michael Aaron Tew (Harris, Edward) (Entered: 10/01/2020) |
| 10/06/2020 | 50 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 10/6/20 as to Michael Aaron Tew re 42 Unopposed MOTION to Modify 8 Bond. Motion Hearing set for 10/8/2020 1:30 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Text Only Entry (lgale, ) (Entered: 10/06/2020) |
| 10/07/2020 | 51 | ORDER Setting Change of Plea hearing and Authorizing VTC or Telephone Conference as to Michael Aaron Tew re 47 Notice of Disposition. Change of Plea Hearing set for 10/22/2020 10:30 AM in Courtroom A 702 before Judge Daniel D. Domenico. The change–of–plea hearing in the above–referenced matter shall be conducted by VTC, or by telephone conference if VTC is not reasonably available. By Judge Daniel D. Domenico on 10/07/2020. (athom, ) (Entered: 10/07/2020) |
| 10/08/2020 | 52 | MINUTE ENTRY for Motion Hearing as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 10/8/2020. Defendant present on bond via video conference. Parties address the Court regarding 42 Motion to Modify as to Michael Aaron Tew (1). For the reasons stated on the record, it is: ORDERED: 42 Motion to Modify as to Michael Aaron Tew (1) is GRANTED. Defendant's bond is modified to remove the condition of home detention. Gps will remain in effect and a 9:00 pm curfew is imposed.Defendant continued on bond. (Total time: 4 minutes, Hearing time: 1:31–1:35)<br><br>**APPEARANCES (ALL PARTIES APPEAR BY VIDEO CONFERENCE)**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Edward Harris on behalf of the defendant, Carolos Morales on behalf of probation. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 10/08/2020) |
| 10/21/2020 | 54 | MOTION to Withdraw as Attorney by Edward R. Harris by Michael Aaron Tew. (Harris, Edward) (Entered: 10/21/2020) |
| 10/21/2020 | 55 | ORDER granting 54 Motion to Withdraw as Attorney. Good cause having been shown, attorney Edward R. Harris is relieved of any further representation in this case. The Clerk of Court is instructed to terminate Mr. Harris as counsel of record, and to remove his name from the electronic certificate of mailing. An attorney from the Criminal Justice Act panel shall be appointed to represent Defendant Michael Aaron Tew. Absent extraordinary circumstances, no further motions to withdraw or motions to substitute counsel will be granted. The court reminds Mr. Tew that counsel is under a duty to provide him prudent and considered advice, even if that advice is not what Mr. Tew hopes to hear. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, ) (Entered: 10/21/2020) |
| 10/21/2020 | 56 | ORDER VACATING the change of plea hearing as to Michael Aaron Tew. In the light of this court's order granting Edward Harris' motion to withdraw as counsel for Mr. Tew 55 , the change of plea hearing set for tomorrow, 10/22/2020, is hereby |

| | | VACATED. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, ) (Entered: 10/21/2020) |
|---|---|---|
| 10/21/2020 | 57 | Letter by Michael Aaron Tew. (athom, ) (Entered: 10/21/2020) |
| 10/22/2020 | 58 | NOTICE OF ATTORNEY APPEARANCE: Thomas Richard Ward appearing for Michael Aaron TewAttorney Thomas Richard Ward added to party Michael Aaron Tew(pty:dft) (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 10/22/2020) |
| 10/22/2020 | 59 | MINUTE ORDER re: 47 notice of disposition. Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 11/12/2020. SO ORDERED by Judge Daniel D. Domenico on 10/22/2020. Text Only Entry (dddlc2, ) (Entered: 10/22/2020) |
| 10/27/2020 | 60 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 10/27/2020) |
| 10/27/2020 | 61 | Unopposed MOTION for Leave to Restrict by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 10/27/2020) |
| 10/27/2020 | 62 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew (Doshi, Hetal) (Entered: 10/27/2020) |
| 10/28/2020 | 63 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew. (athom, ) (Entered: 10/28/2020) |
| 10/28/2020 | 64 | ORDER granting 61 Motion for Leave to Restrict as to Michael Aaron Tew. By Judge Daniel D. Domenico on 10/28/2020. Text Only Entry (athom, ) (Entered: 10/28/2020) |
| 11/12/2020 | 65 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 11/12/2020) |
| 11/12/2020 | 66 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) (angar, ). Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 11/12/2020) |
| 11/12/2020 | 67 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 11/12/2020) |
| 11/13/2020 | 68 | ORDER granting 65 Motion for Leave to Restrict as to Michael Aaron Tew. For good cause shown, documents 66 and 67 shall remain at a Level 2 Restriction. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, ) (Entered: 11/13/2020) |
| 11/13/2020 | 69 | MINUTE ORDER re Status Report 67 . Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 12/10/2020. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, ) (Entered: 11/13/2020) |
| 12/10/2020 | 70 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/10/2020) |
| 12/10/2020 | 71 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: |

| | | |
|---|---|---|
| | | 12/10/2020) |
| 12/10/2020 | 72 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/10/2020) |
| 12/11/2020 | 73 | ORDER granting 70 Motion for Leave to Restrict as to Michael Aaron Tew (1). For good cause shown, Docs. 71 and 72 shall remain at a Level 2 restriction. Defendant is further ORDERED to file a status report in this matter no later than **noon** on 12/23/2020. SO ORDERED by Judge Daniel D. Domenico on 12/11/2020. Text Only Entry (dddlc2, ) (Entered: 12/11/2020) |
| 12/11/2020 | 74 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Status Report due by 12/23/2020 pursuant to 73 Order. Text Only Entry (athom, ) (Entered: 12/11/2020) |
| 12/23/2020 | 75 | STATUS REPORT by Michael Aaron Tew (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 12/23/2020) |
| 12/28/2020 | 76 | Order regarding status report 75 filed by Michael Aaron Tew. In light of Mr. Tew's withdrawal of his notice of disposition, unless the parties file a motion to the contrary, the court will remove the restriction on the information on 1/4/21. SO ORDERED by Judge Daniel D. Domenico on 12/28/2020. Text Only Entry (dddlc2, ) (Entered: 12/28/2020) |
| 01/04/2021 | 77 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 01/04/2021) |
| 01/04/2021 | 78 | MOTION for Leave to Restrict by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 01/04/2021) |
| 01/05/2021 | 79 | MINUTE ORDER as to Defendant Michael Aaron Tew's Motion to Restrict 77 . The government shall file its response in opposition to the motion, if any, no later than 1/12/2021. SO ORDERED by Judge Daniel D. Domenico on 1/5/2021. Text Only Entry (dddlc2, ) (Entered: 01/05/2021) |
| 01/12/2021 | 80 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Doshi, Hetal) (Entered: 01/12/2021) |
| 01/20/2021 | 81 | Order Denying 78 Motion to Maintain Restriction on Indictment. Mr. Tew has failed to identify a private interest in restriction of the information in this case sufficient to overcome the presumption in favor of public access to court documents. His motion to restrict access is thus DENIED. The clerk is directed to un–restrict the information in this case, Doc. 49. SO ORDERED by Judge Daniel D. Domenico on 1/20/2021. Text Only Entry (dddlc2, ) (Entered: 01/20/2021) |
| 01/20/2021 | 82 | ORDER Setting Trial Date and Related Deadlines as to Michael Aaron Tew. Motions due by 2/17/2021. Responses due by 2/24/2021. Five–day Jury Trial set for 3/15/2021 at 09:00 AM in Courtroom A 702 before Judge Daniel D. Domenico. Trial Preparation Conference set for 3/3/2021 at 01:30 PM in Courtroom A 702 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 01/20/2021. (athom, ) (Entered: 01/20/2021) |
| 02/03/2021 | 83 | INDICTMENT as to Michael Aaron Tew (1) count(s) 1s, 2s–40s, 41s, 42s, 44s–56s, 57s–60s, Kimberley Ann Tew (2) count(s) 1, 16, 21–22, 25–26, 31–32, 41, 43–44, |

| | | |
|---|---|---|
| | | 47–48, 56, Jonathan K. Yioulos (3) count(s) 1, 2–40. (Attachments: # 1 Penalty Sheet, # 2 Penalty Sheet, # 3 Penalty Sheet) (athom, ) Modified on 2/9/2021 to correct text (athom, ). (Entered: 02/04/2021) |
| 02/03/2021 | 84 | RESTRICTED DOCUMENT – Level 4 as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 85 | Summons Issued as to Michael Aaron Tew. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 86 | MINUTE ORDER as to Michael Aaron Tew on 02/03/2021. Initial Appearance on Summons set for 2/5/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix pursuant to 83 Indictment. Text Only Entry (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 87 | Summons Issued as to Kimberley Ann Tew. Initial Appearance set for 2/10/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (athom, ) (Entered: 02/04/2021) |
| 02/03/2021 | 88 | Summons Issued as to Jonathan K. Yioulos. Initial Appearance set for 2/9/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (athom, ) (Entered: 02/04/2021) |
| 02/05/2021 | 89 | MOTION to Modify Conditions of Release by Michael Aaron Tew. (Ward, Thomas) () (angar, ). Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 02/05/2021) |
| 02/05/2021 | 90 | MINUTE ENTRY for Initial Appearance, Arraignment and Discovery Hearing as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 2/5/2021. Defendant present on bond and consents to proceeding via video conference. Defendant advised. Counsel has previously been appointed. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Argument by counsel for the government and defense counsel as to 89 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). The Court DENIES 89 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Defendant's bond continued, Counsel is directed to chambers. (Total time: 29 minutes, Hearing time: 2:21–2:50)<br><br>**APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE**: Hetal Doshi and Matthew Kirsch on behalf of the Government, Tom Ward on behalf of the defendant. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/05/2021) |
| 02/05/2021 | 91 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Michael Aaron Tew by Magistrate Judge Kristen L. Mix on 2/5/21. (lgale, ) (Entered: 02/05/2021) |
| 02/09/2021 | 92 | MINUTE ENTRY for Initial Appearance, Arraignment, Discovery and Detention Hearing as to Jonathan K. Yioulos held before Magistrate Judge Kristen L. Mix on 2/9/2021. Defendant present on summons by video conference. Defendant advised. Defendant is not requesting court appointed counsel and is retaining an attorney. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Parties address the Court regarding conditions of release. Bond set as to Jonathan K. Yioulos (3) $40,000 Unsecured, with the conditions as set forth in the Order Setting Conditions of Release. Defendant advised of conditions of bond. Counsel is directed to chambers. (Total time: 12 minutes, Hearing time: 2:09–2:21) |

| | | APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE: Hetal Doshi and Matthew Kirsch on behalf of the Government, Michael Tallon on behalf of the defendant, Angela Ledesma on behalf of pretrial. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/09/2021) |
|---|---|---|
| 02/09/2021 | 93 | Unsecured Bond Entered as to Jonathan K. Yioulos in amount of $40,000 (lgale, ) (Entered: 02/09/2021) |
| 02/09/2021 | 94 | ORDER Setting Conditions of Release as to Jonathan K. Yioulos (3) $40,000 Unsecured by Magistrate Judge Kristen L. Mix on 2/9/21. (lgale, ) (Entered: 02/09/2021) |
| 02/09/2021 | 95 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Jonathan K. Yioulos by Magistrate Judge Kristen L. Mix on 2/9/21. (lgale, ) (Entered: 02/09/2021) |
| 02/10/2021 | 96 | MINUTE ENTRY for Initial Appearance, Arraignment, Discovery and Detention Hearing as to Kimberley Ann Tew held before Magistrate Judge Kristen L. Mix on 2/10/2021. Defendant present on summons and consents to proceeding by video conference. Defendant advised. Defendant is not requesting court appointed counsel. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed.Parties address the Court regarding conditions of release. Bond set as to Kimberley Ann Tew (2) $10,000 Unsecured with the conditions as set forth in the Order Setting Conditions of Release. Defendant is ordered to report to the probation office on 2–11–21 at 1:00 p.m. Defendant advised of conditions of bond. Counsel is directed to chambers. (Total time: 28 minutes, Hearing time: 2:31–2:59) APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE: Hetal Doshi and Matthew Kirsch on behalf of the Government, Jamie Hubbard on behalf of the defendant, Tommie Anderson on behalf of pretrial. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 02/10/2021) |
| 02/10/2021 | 97 | Discovery Conference Memorandum and ORDER: Estimated Trial Time – 8 days as to Kimberley Ann Tew by Magistrate Judge Kristen L. Mix on 2/10/21. (lgale, ) (Entered: 02/10/2021) |
| 02/10/2021 | 98 | Unsecured Bond Entered as to Kimberley Ann Tew in amount of $10,000 (lgale, ) (Entered: 02/10/2021) |
| 02/10/2021 | 99 | ORDER Setting Conditions of Release as to Kimberley Ann Tew (2) $10,000 Unsecured by Magistrate Judge Kristen L. Mix on 2/10/21. (lgale, ) (Entered: 02/10/2021) |
| 02/11/2021 | 100 | Unopposed MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 02/11/2021) |
| 02/11/2021 | 101 | ORDER Setting Trial Date and Related Deadlines as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. The court EXCLUDES nineteen days from Mr. Tew's Speedy Trial clock. Motions due by 3/12/2021. Responses due by 3/17/2021. Eight–day Jury Trial set for 4/19/2021 at 09:00 AM in Courtroom A 702 before Judge Daniel D. Domenico. Trial Preparation Conference set for 4/12/2021 at 01:30 PM in Courtroom A 702 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 02/11/2021. (athom, ) (Entered: 02/11/2021) |
| 02/11/2021 | 102 | |

| | | |
|---|---|---|
| | | ORDER GRANTING 100 Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to Sarasota, Florida, to visit his wife's family from 2/13/21 to 2/18/21. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 2/11/2021. Text Only Entry (dddlc2, ) (Entered: 02/11/2021) |
| 02/11/2021 | 104 | Passport Receipt as to Kimberley Ann Tew. Surrender of passport re Bond Conditions; Passport Number 522213975 issued by USA. (athom, ) (Entered: 02/12/2021) |
| 02/16/2021 | 105 | Summons Returned Executed on 2/11/2021 as to Kimberley Ann Tew. (angar, ) (Entered: 02/16/2021) |
| 02/25/2021 | 106 | NOTICE OF ATTORNEY APPEARANCE: Tor Bernhard Ekeland appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Tor Bernhard Ekeland added to party Michael Aaron Tew(pty:dft), Attorney Tor Bernhard Ekeland added to party Kimberley Ann Tew(pty:dft) (Ekeland, Tor) (Entered: 02/25/2021) |
| 02/28/2021 | 108 | MOTION for Hearing *Regarding Joint Representation Pursuant to Fed. R. Crim. P. 44* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Doshi, Hetal) (Entered: 02/28/2021) |
| 03/01/2021 | 109 | MINUTE ORDER regarding 108 motion for hearing concerning joint representation of Defendants Michael Aaron Tew and Kimberley Ann Tew. No later than 4:00 PM on 3/4/2021, Mr. Tew, Ms. Tew, and the Government must confer and email the court at domenico_chambers@cod.uscourts.gov with three mutually agreeable dates for a hearing on the Government's motion (Doc. 108) from the following list of dates: 3/9/21, 3/10/21, 3/11/21, 3/17/21, or 3/18/21. Mr. and Ms. Tew must file their responses to the Government's motion, if any, no later than 3/5/2021. SO ORDERED by Judge Daniel D. Domenico on 3/1/2021. Text Only Entry (dddlc2, ) (Entered: 03/01/2021) |
| 03/01/2021 | 110 | NOTICE OF ATTORNEY APPEARANCE Andrea Lee Surratt appearing for USA. Attorney Andrea Lee Surratt added to party USA(pty:pla) (Surratt, Andrea) (Entered: 03/01/2021) |
| 03/02/2021 | 111 | MOTION to Withdraw as Attorney by Thomas R. Ward by Michael Aaron Tew. (Ward, Thomas) Modified on 6/4/2025 to correct document with PDF standards (angar, ). (Entered: 03/02/2021) |
| 03/02/2021 | 112 | ORDER setting hearing on 108 motion concerning joint representation and 111 motion to withdraw. A hearing on the Government's motion concerning joint representation (Doc. 108) and Thomas R. Ward's motion to withdraw as counsel (Doc. 111) is hereby set for 3/18/2021 at 10:30 AM before Judge Daniel D. Domenico by video–teleconference. Counsel are directed to contact Courtroom Deputy Patti Glover at patricia_glover@cod.uscourts.gov no later than three business days before the hearing for instructions on how to proceed. SO ODERED by Judge Daniel D. Domenico on 3/2/2021. Text Only Entry (dddlc2, ) (Entered: 03/02/2021) |
| 03/03/2021 | 113 | Unopposed MOTION to Continue *Deadline for Production of Discovery* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Doshi, Hetal) (Entered: 03/03/2021) |
| 03/03/2021 | 114 | |

| | | |
|---|---|---|
| | | ORDER granting 113 Motion to Continue. The Government must produce discovery in this case no later than 14 days after the court rules on the Government's motion concerning joint representation. SO ORDERED by Judge Daniel D. Domenico on 3/3/2021. (dddlc2, ) (Entered: 03/03/2021) |
| 03/11/2021 | 115 | MOTION to Continue *FOR A 180−DAY ENDS OF JUSTICE CONTINUANCE UNDER 18 U. S. C. § 3161(h)(7)* by Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Entered: 03/11/2021) |
| 03/18/2021 | 116 | MINUTE ENTRY for Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, held before Judge Daniel D. Domenico on 3/18/2021. granting 108 Motion for Hearing as to Michael Aaron Tew; Kimberley Ann Tew (2); granting 111 Motion to Withdraw as Attorney. Thomas Richard Ward withdrawn from case as to Michael Aaron Tew granting 115 Motion to Continue as to all defendants. Pretrial Motions due by 8/30/2021, Responses due by 9/6/2021, Jury Trial (8 days) set for 10/12/2021 – 10/21/2021 09:00 AM; Trial Preparation Conference set for 9/27/2021 at 10:30 AM all in Courtroom A 702 before Judge Daniel D. Domenico Court Reporter: Tracy Weir. (pglov) (Entered: 03/18/2021) |
| 03/23/2021 | 117 | NOTICE OF ATTORNEY APPEARANCE: Michael John Tallon appearing for Jonathan K. Yioulos (Tallon, Michael) (Entered: 03/23/2021) |
| 03/29/2021 | 118 | Unopposed MOTION to Travel *Beyond Pre−trial Release Order* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/29/2021) |
| 03/29/2021 | 119 | MOTION for Leave to Restrict by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 03/29/2021) |
| 03/29/2021 | 120 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Doshi, Hetal) (Entered: 03/29/2021) |
| 03/29/2021 | 121 | RESTRICTED DOCUMENT – Level 1: by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Doshi, Hetal) (Entered: 03/29/2021) |
| 03/30/2021 | 122 | ORDER GRANTING 118 Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to St. Thomas, American Virgin Islands from 4/5/21 to 4/9/21. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 3/30/2021. Text Only Entry (dddlc2, ) (Entered: 03/30/2021) |
| 03/30/2021 | 123 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 118 Unopposed MOTION to Travel *Beyond Pre−trial Release Order*, 117 Notice of Attorney Appearance – Defendant filed by attorney Michael John Tallon. The format for the attorneys signature block information is not correct. **DO NOT REFILE THE DOCUMENTS. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). Also the documents were scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENTS. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 03/30/2021) |

| 03/30/2021 | 124 | RESTRICTED DOCUMENT – Level 1: as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 03/30/2021) |
|---|---|---|
| 03/30/2021 | 125 | ORDER granting 119 Motion for Leave to Restrict as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. By Judge Daniel D. Domenico on 03/30/2021. Text Only Entry (athom, ) (Entered: 03/30/2021) |
| 03/31/2021 | 126 | Unopposed MOTION for Protective Order by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Doshi, Hetal) (Entered: 03/31/2021) |
| 04/01/2021 | 127 | ORDER Granting 126 Unopposed Motion for Protective Order as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. By Judge Daniel D. Domenico on 04/01/2021. (athom, ) (Entered: 04/01/2021) |
| 05/13/2021 | 128 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Michael Aaron Tew held on 02/05/2021 before Magistrate Judge Mix. Pages: 1–24. Prepared by: AB Litigation Services.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021) |
| 05/13/2021 | 129 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Jonathan K. Yioulos held on 02/09/2021 before Magistrate Judge Mix. Pages: 1–15. Prepared by: AB Litigation Services.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021) |
| 05/13/2021 | 130 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS as to Kimberley Ann Tew held on 02/10/2021 before Magistrate Judge Mix. Pages: 1–26. Prepared by: AB Litigation Services.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic** |

| | | |
|---|---|---|
| | | **transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 05/13/2021) |
| 06/10/2021 | 131 | MOTION for Order , MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 06/10/2021) |
| 06/10/2021 | 132 | ORDER GRANTING 131 Unopposed Motion to Travel as to Jonathan Yioulos. Mr. Yioulos may travel to Queens, New York; Erie, Pennsylvania; and Albrightsville, Pennsylvania on June 25 to 27, June 24 to 25, and July 2 to 5, respectively. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from each trip. SO ORDERED by Judge Daniel D. Domenico on 6/10/2021. Text Only Entry (dddlc2, ) (Entered: 06/10/2021) |
| 06/18/2021 | 133 | NOTICE *OF DEFENDANT KIMBERLEY TEWS MEMORANDUM IN SUPPORT TO MODIFY THE CONDITIONS OF HER RELEASE* by Kimberley Ann Tew (Ekeland, Tor) Modified on 7/2/2021 to correct filer (athom, ). (Entered: 06/18/2021) |
| 06/18/2021 | 134 | MOTION to Modify Conditions of Release by Kimberley Ann Tew. (Attachments: # 1 Affidavit Decl Kimbery Tew ISO Motion to Modify the Conditions)(Ekeland, Tor) Modified on 7/2/2021 to correct filer (athom, ). (Entered: 06/18/2021) |
| 06/21/2021 | 135 | ORDER REFERRING MOTION TO MODIFY CONDITIONS OF PRE–TRIAL RELEASE 134 filed by Kimberly Tew. The Court refers the motion to Magistrate Judge Kristen L. Mix because revocation or modification of a prior release order under § 3142 "is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order." See United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003); see also United States v. Anaya, 376 F. Supp. 2d 1261, 1262–63 (D.N.M. 2005). SO ORDERED by Judge Daniel D. Domenico on 6/21/2021. Text Only Entry (dddlc2, ) (Entered: 06/21/2021) |
| 06/23/2021 | 136 | NOTICE OF ATTORNEY APPEARANCE: Michael Hassard appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Michael Hassard added to party Michael Aaron Tew(pty:dft), Attorney Michael Hassard added to party Kimberley Ann Tew(pty:dft) (Hassard, Michael) (Entered: 06/23/2021) |
| 07/08/2021 | 137 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 07/08/2021 as to Kimberley Ann Tew re 134 MOTION to Modify Conditions of Release filed by Kimberley Ann Tew Motion Hearing set for 7/15/2021 11:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (alave, ) (Entered: 07/09/2021) |
| 07/15/2021 | 138 | MINUTE ENTRY for Motion Hearing as to Kimberley Ann Tew held before Magistrate Judge Kristen L. Mix on 7/15/2021. Defendant present on bond. Argument by defense counsel and counsel for the government as to 134 Motion to Modify Conditions of Release. Court addresses defense counsel. The Court modifies defendant's bond to remove the condition of home confinement and radio frequency and imposes GPS monitoring and imposes a curfew of 8:00 a.m.–9:00 p.m. Probation is granted discretion to allow exceptions to the curfew when requested by defendant. Defendant acknowledges the new conditions of bond and agrees to abide by them. |

|  |  | Defendant's bond continued. (Total time: 22 minutes, Hearing time: 11:08−11:30) |
|  |  | **APPEARANCES**: Matthew Kirsch, Hetal Doshi and Andrea Surratt on behalf of the Government, Tor Ekeland and Michael Hassard on behalf of the defendant, Carlos Morales on behalf of probation. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry (Entered: 07/15/2021) |
| 07/19/2021 | 139 | NOTICE of Disposition by Jonathan K. Yioulos (Tallon, Michael) (Entered: 07/19/2021) |
| 07/27/2021 | 140 | NOTICE *of Remote Plea Proceeding* by Jonathan K. Yioulos (Tallon, Michael) Modified on 9/9/2021 to correct event (athom, ). (Entered: 07/27/2021) |
| 07/27/2021 | 141 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 140 Notice, 139 Notice of Disposition filed by attorney Michael John Tallon. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 07/27/2021) |
| 07/27/2021 | 142 | ORDER as to Jonathan K. Yioulos. ORDER as to Jonathan K. Yioulos. Pursuant to Notice of Disposition (Doc. 139), a Change of Plea Hearing is SET for 10/7/2021 at 11:30 **AM** in Courtroom A 1002 before Judge Daniel D. Domenico. The trial dates and all other deadlines previously set are VACATED. Counsel for the parties shall email a courtesy copy of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty in the form required by Local Crim. R. 11.1(c)−(d) to Domenico_Chambers@cod.uscourts.gov no later than 12:00 p.m. three business days prior to the Change of Plea Hearing. If these documents are not timely submitted, the hearing may be vacated. The original and one copy of these documents shall be delivered to the courtroom deputy at the time of the hearing pursuant to Local Crim. R. 11.1(e). Defense counsel who reviewed and advised Defendant regarding the Plea Agreement must attend the Change of Plea Hearing. SO ORDERED by Judge Daniel D. Domenico on 7/27/2021. Text Only Entry (dddlc2, ) Modified on 7/29/2021 to correct text (athom, ). (Entered: 07/27/2021) |
| 08/10/2021 | 143 | Second MOTION to Continue by Michael Aaron Tew, Kimberley Ann Tew. (Hassard, Michael) Modified on 8/11/2021 to correct applicable parties (athom, ). (Entered: 08/10/2021) |
| 08/20/2021 | 144 | TRANSCRIPT of MOTION HEARING as to Kimberley Ann Tew held on 07/15/2021 before Magistrate Judge Mix. Pages: 1−20. Prepared by: AB Litigation Services. <br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br> Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on |

| | | PACER. (AB Court Reporting & Video, Inc., ) (Entered: 08/20/2021) |
|---|---|---|
| 09/16/2021 | 145 | MOTION to Modify *date of plea hearing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 09/16/2021) |
| 09/17/2021 | 146 | **WITHDRAWN** – Unopposed MOTION to Travel *MOTION UPON ATTORNEY DECLARATION SEEKING ORDER PERMITTING TRAVEL BEYOND PRE−TRIAL RELEASE ORDER AT PARAGRAPH 7(f)* by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) Modified on 9/20/2021 to correct filers (athom, ). Modified on 2/4/2022 to withdraw pursuant to 173 Order (athom, ). (Entered: 09/17/2021) |
| 09/17/2021 | 147 | MOTION to Withdraw as Attorney by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Kirsch, Matthew) (Entered: 09/17/2021) |
| 09/20/2021 | 148 | MOTION to Withdraw Document 146 Unopposed MOTION to Travel *MOTION UPON ATTORNEY DECLARATION SEEKING ORDER PERMITTING TRAVEL BEYOND PRE−TRIAL RELEASE ORDER AT PARAGRAPH 7(f)* by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) Modified on 9/22/2021 to correct filers (athom, ). (Entered: 09/20/2021) |
| 09/22/2021 | 149 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' Unopposed Motion for a 12−Month Ends of Justice Continuance (Doc. 143 ) is PARTIALLY GRANTED. One hundred eighty (180) days, from 9/22/2021 to 3/21/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. Motions due by 1/3/2022. Responses due by 1/10/2022. The eight−day Jury Trial set to begin 10/12/2021 is VACATED and RESET to 4/4/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 09/27/2021 is VACATED and RESET to 3/21/2022 at 01:00 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 09/22/2021. (athom, ) (Entered: 09/22/2021) |
| 09/30/2021 | 150 | ORDER as to Jonathan K. Yioulos. Defendant's Motion to Conduct Change of Plea by Video Conference Pursuant to Section 15002(b)(2) of the CARES Act (Doc. 140 ) is GRANTED, and the Motion to reschedule the Change of Plea Hearing (Doc. 145 ) is GRANTED IN PART. The Change of Plea Hearing set for 10/7/2021 at 11:30 a.m. is VACATED AND RESET to 11/18/2021 at 1:30 p.m. in Courtroom A1002 before Judge Daniel D. Domenico and will be conducted by VTC, or by telephone conference if VTC is not reasonably available. Members of the public may attend the Change of Plea Hearing by teleconference at (866) 390−1828, using Access Code 9792296#. All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. By Judge Daniel D. Domenico on 09/30/2021. (athom, ) (Entered: 09/30/2021) |
| 10/12/2021 | 151 | NOTICE OF ATTORNEY APPEARANCE: Tor Bernhard Ekeland *Attorney Xuan Zhou appearing for Michael Aaron Tew and Kimberley Ann Tew* appearing for Michael Aaron Tew, Kimberley Ann Tew (Ekeland, Tor) Modified on 10/13/2021 to correct applicable parties (athom, ). (Main Document 151 replaced on 1/21/2025) (lrobe, ). (Entered: 10/12/2021) |
| 10/13/2021 | 152 | NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 151 Notice of Attorney Appearance – Defendant, filed by attorney Xuan Zhou. The s/signature did not match the filers name on the account for which the login and password are registered. Future documents must be filed pursuant to |

| | | |
|---|---|---|
| | | D.C.COLO.LCivR 49.1(a) and 4.3(c) of the Electronic Case Filing Procedures (Criminal Cases). Attorney Xuan Zhou has failed to comply D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases), which mandate the correct form for an attorneys signature block. This document does not have a s/ signature and must be re–filed. Xuan Zhou must re–file the above referenced document which must contain her s/ signature using her own log in and password. **Counsel is REMINDED that your firm does not represent defendant Yioulos. UNLESS you are filing a joint pleading that pertains to defendant Yioulos, you should ONLY be selecting the Tew defendants as the filers and as the applicable parties. If you are unclear about how documents should be filed and/or which parties should be selected when filing your documents, please contact the Clerk's office for assistance or clarification**. (Text Only Entry) (athom, ) (Entered: 10/13/2021) |
| 11/17/2021 | 153 | ORDER GRANTING 147 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Matthew T. Kirsch as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States of America will continue to be represented by attorneys Hetal Doshi and Andrea Surratt. SO ORDERED by Judge Daniel D. Domenico on 11/17/2021. Text Only Entry (dddlc4) (Entered: 11/17/2021) |
| 11/18/2021 | 154 | MINUTE ENTRY for Change of Plea Hearing by VTC as to Jonathan K. Yioulos held before Judge Daniel D. Domenico on 11/18/2021. Plea of GUILTY entered by defendant Jonathan K. Yioulos to Counts 1,39. Sentencing set for 2/10/2022 01:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. Bond continued.Court Reporter: Julie Thomas. (pglov) (Entered: 11/18/2021) |
| 11/18/2021 | 155 | PLEA AGREEMENT as to Jonathan K. Yioulos (pglov) (Entered: 11/18/2021) |
| 11/18/2021 | 156 | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Defendant Jonathan K. Yioulos (pglov) (Entered: 11/18/2021) |
| 11/19/2021 | 157 | NOTICE OF ATTORNEY APPEARANCE: Xuan Zhou appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Xuan Zhou added to party Michael Aaron Tew(pty:dft), Attorney Xuan Zhou added to party Kimberley Ann Tew(pty:dft) (Zhou, Xuan) (Main Document 157 replaced on 1/21/2025) (lrobe, ). (Entered: 11/19/2021) |
| 11/29/2021 | 158 | NOTICE OF ATTORNEY APPEARANCE Bryan David Fields appearing for USA. Attorney Bryan David Fields added to party USA(pty:pla) (Fields, Bryan) (Entered: 11/29/2021) |
| 11/29/2021 | 159 | MOTION to Withdraw as Attorney by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Doshi, Hetal) (Entered: 11/29/2021) |
| 12/09/2021 | 160 | MOTION for Order by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 12/09/2021) |
| 12/15/2021 | 161 | ORDER granting 160 Motion for Order as to Jonathan K. Yioulos (3). The Sentencing Hearing set for 2/10/2022 at 1:30 pm is VACATED and RESET to 7/12/2022 at 10:30 pm before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 12/15/2021. Text Only Entry (dddlc2, ) (Entered: 12/15/2021) |
| 12/27/2021 | 162 | MOTION to Withdraw as Attorney by Tor Ekeland by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) (Main Document 162 replaced on 1/21/2025) |

| | | (lrobe, ). (Entered: 12/27/2021) |
|---|---|---|
| 12/27/2021 | 163 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Ekeland, Tor) (Main Document 163 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 164 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Main Document 164 replaced on 6/4/2025) (lrobe, ). (Attachment 1 replaced on 6/4/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 165 | Third MOTION to Continue by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Ekeland, Tor) (Main Document 165 replaced on 1/21/2025) (lrobe, ). (Attachment 1 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 166 | MOTION to Withdraw as Attorney by Xuan Zhou by Michael Aaron Tew, Kimberley Ann Tew. (Zhou, Xuan) (Main Document 166 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 12/27/2021 | 167 | MOTION to Withdraw as Attorney by Michael Hassard by Michael Aaron Tew, Kimberley Ann Tew. (Hassard, Michael) (Main Document 167 replaced on 1/21/2025) (lrobe, ). (Entered: 12/27/2021) |
| 01/19/2022 | 168 | MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 01/19/2022) |
| 01/31/2022 | 169 | ORDER REFERRING MOTIONS as to Michael Aaron Tew, Kimberley Ann Tew. 167 MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, 162 MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, 159 MOTION to Withdraw as Attorney filed by USA, 166 MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Motions referred to Magistrate Judge Kristen L. Mix. SO ORDERED by Judge Daniel D. Domenico on 1/31/2022. Text Only Entry (dddlc2, ) (Entered: 01/31/2022) |
| 01/31/2022 | 170 | ORDER granting 168 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 1/31/2022. Text Only Entry (dddlc2, ) (Entered: 01/31/2022) |
| 02/02/2022 | 171 | ORDER granting 159 Motion to Withdraw as Attorney. Hetal Janak Doshi withdrawn from case as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). Attorney Hetal Doshi is relieved of any further representation of the United States in this case. The Clerk of Court is instructed to terminate Attorney Doshi as counsel of record, and to remove this name from the electronic certificate of mailing. The Government shall continue to be represented by Attorney Bryan Fields. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, ) (Entered: 02/02/2022) |
| 02/02/2022 | 172 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 167 MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, 162 MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, 166 MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Defendant Michael Tew and Defendant Kimberley Tew shall each file a separate |

| | | |
|---|---|---|
| | | financial affidavit under restriction at Level 3 NO LATER THAN FEBRUARY 14, 2022. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, ) (Entered: 02/02/2022) |
| 02/02/2022 | 173 | ORDER. The Motion to Withdraw Document 148 as to Michael Aaron Tew and Kimberly Ann Tew is GRANTED. Accordingly, the Motion to Travel 146 is DENIED AS MOOT. SO ORDERED by Judge Daniel D. Domenico on 2/2/2022. Text Only Entry (dddlc2, ) (Entered: 02/02/2022) |
| 02/04/2022 | 174 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' counsel Motion for a 3–Month Ends of Justice Continuance (Doc. 165 ) is GRANTED. Ninety (90) days, from 2/4/2022 to 5/5/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. Motions due by 5/12/2022. Responses due by 5/19/2022. The eight–day Jury Trial set to begin 4/4/2022 is VACATED and RESET to 6/13/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 3/21/2022 is VACATED and RESET to 6/2/2022 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 02/04/2022. (athom, ) (Entered: 02/04/2022) |
| 02/10/2022 | 175 | Pro Se Letter by Michael Aaron Tew, Kimberley Ann Tew. (athom, ) (Entered: 02/10/2022) |
| 02/10/2022 | 176 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 175 MOTION for Extension of Time to File filed by Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/10/2022. Text Only Entry (dddlc2, ) (Entered: 02/10/2022) |
| 02/14/2022 | 177 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on February 14, 2022. This matter is before the Court on Defendants' Motion for Extension of Time 175 (the "Motion"). Defendants ask for a two–week extension to file financial affidavits because they "are currently reviewing an engagement letter with a law firm based in Denver" and, therefore, may not require appointment of counsel through the CJA. IT IS HEREBY ORDERED that the Motion 175 is GRANTED. The deadline for each Defendant to file a separate financial affidavit under restriction at Level 3 is extended to February 28, 2022. (csarr, ) (Entered: 02/14/2022) |
| 02/25/2022 | 178 | NOTICE OF ATTORNEY APPEARANCE: Peter R. Bornstein appearing for Michael Aaron Tew, Kimberley Ann TewAttorney Peter R. Bornstein added to party Michael Aaron Tew(pty:dft), Attorney Peter R. Bornstein added to party Kimberley Ann Tew(pty:dft) (Bornstein, Peter) (Entered: 02/25/2022) |
| 03/04/2022 | 179 | Order. Defense counsel is directed to file a status report on or before 3/10/2022 confirming that he has discussed the potential conflicts of interest that joint representation of criminal codefendants may raise with his clients, and that they each continue to understand these dangers and risks and continue to consent to proceeding with joint counsel in spite of them. SO ORDERED by Judge Daniel D. Domenico on 3/4/2022. Text Only Entry (dddlc2, ) (Entered: 03/04/2022) |
| 03/07/2022 | 180 | ORDER granting 162 Motion to Withdraw as Attorney. Attorney Tor Ekeland is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Ekeland as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorneys Michael Hassard, Peter Bornstein, and Xuan Zhou. by Magistrate Judge Kristen L. |

| | | |
|---|---|---|
| | | Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
| 03/07/2022 | 181 | ORDER granting 166 Motion to Withdraw as Attorney. Attorney Xuan Zhou is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Zhou as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorneys Michael Hassard and Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
| 03/07/2022 | 182 | ORDER granting 167 Motion to Withdraw as Attorney. Attorney Michael Hassard is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Hassard as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorney Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, ) (Entered: 03/07/2022) |
| 03/09/2022 | 183 | Unopposed MOTION to Travel by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 03/09/2022) |
| 03/10/2022 | 184 | STATUS REPORT by Michael Aaron Tew, Kimberley Ann Tew (Bornstein, Peter) (Entered: 03/10/2022) |
| 03/14/2022 | 185 | Order granting 183 Motion to travel. Defendants Michael and Kimberly Tew may travel out of state with their children for spring break as requested in their motion. Their pretrial monitoring is modified to stand–alone location monitoring without a curfew. SO ORDERED by Judge Daniel D. Domenico on 3/14/2022. Text Only Entry (dddlc2, ) (Entered: 03/14/2022) |
| 03/21/2022 | 186 | Unopposed MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/21/2022) |
| 03/22/2022 | 187 | MOTION to Amend/Correct *Conditions of Release* by Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Bornstein, Peter) (Entered: 03/22/2022) |
| 03/24/2022 | 188 | MINUTE ORDER re. 187 Motion to Amend/Correct Conditions of Supervised Release. The Court reviews the conditions of pretrial release de novo, and having reviewed the transcripts of the two previous hearings as well as the recommendations of the Probation Department, does not find that the Government has shown by a preponderance of evidence that location monitoring is required to reasonably assure the appearance of Kimberley Tew or the safety of another person or the community. The government has until 11:00am on 3/25/2022 to respond. SO ORDERED by Judge Daniel D. Domenico on 3/24/2022. Text Only Entry (dddlc2, ) (Entered: 03/24/2022) |
| 03/25/2022 | 189 | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 187 MOTION to Amend/Correct *Conditions of Release* (Fields, Bryan) (Entered: 03/25/2022) |
| 03/25/2022 | 190 | ORDER GRANTING 187 Motion for Amendment of Conditions of Release as to Kimberley Ann Tew (2). It is ORDERED that Ms. Tew's conditions of release are modified to remove the requirement that she submit to GPS location monitoring. Ms. Tew is directed to contact the Probation Department for instructions on how to comply with her conditions of release going forward. By Judge Daniel D. Domenico on 3/25/2022. (dddlc1, ) (Entered: 03/25/2022) |

| 03/28/2022 | 191 | ORDER granting 186 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 3/28/2022. Text Only Entry (dddlc2, ) (Entered: 03/28/2022) |
| 03/31/2022 | 192 | ORDER granting 164 Motion for Leave to Restrict. Doc. 163 is restricted at Level 3. SO ORDERED by Judge Daniel D. Domenico on 3/31/2022. Text Only Entry (dddlc2, ) (Entered: 03/31/2022) |
| 04/26/2022 | 193 | Unopposed MOTION to Continue *Trial and for Ends of Justice Finding Pursuant to 18 U.S.C. § 3161(h)(7)* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 04/26/2022) |
| 05/10/2022 | 194 | Unopposed MOTION for Leave to File Excess Pages *for Motion to Suppress* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/10/2022) |
| 05/12/2022 | 195 | ORDER granting 194 Motion for Leave to File Excess Pages as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The defendants have 6000 words for their motion to suppress and the government has the same number for its response. SO ORDERED by Judge Daniel D. Domenico on 5/12/2022. Text Only Entry (dddlc2, ) (Entered: 05/12/2022) |
| 05/12/2022 | 196 | Unopposed MOTION for Extension of Time to File *Pre−Trial Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/12/2022 | 197 | Unopposed MOTION for Reconsideration re 195 Order on Motion for Leave to File Excess Pages, *Motion to Suppress* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/12/2022 | 198 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. Defendants' Motion to Continue Trial and for an Ends of Justice Finding (Doc. 193 ) is GRANTED. One hundred and eighty (180) days, from 5/12/2022 to 11/8/2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time. The deadline to file motions to suppress remains 5/12/2022. Other pretrial Motions due by 6/13/2022. Responses due by 6/20/2022. The eight−day Jury Trial set for 06/13/2022 is VACATED and RESET to 12/5/2022 at 09:00 AM in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference set for 6/2/2022 is VACATED and RESET to 11/29/2022 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 05/12/2022. (athom, ) (Entered: 05/12/2022) |
| 05/12/2022 | 199 | ORDER granting 197 Motion for Reconsideration re 197 Unopposed MOTION for Reconsideration re 195 Order on Motion for Leave to File Excess Pages, *Motion to Suppress* filed by Michael Aaron Tew, Kimberley Ann Tew as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The defendants have 12,000 words for their motion to suppress, and the government has the same number with which to respond. SO ORDERED by Judge Daniel D. Domenico on 5/12/2022. Text Only Entry (dddlc2, ) (Entered: 05/12/2022) |
| 05/12/2022 | 200 | Motion to Suppress Evidence by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 |

| | | |
|---|---|---|
| | | Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB)(Bornstein, Peter) Modified on 8/22/2022 to add document title and un restrict Motion ONLY per 244 Response. (sphil, ). Modified on 10/28/2022 to add text and correct event (athom, ). (Entered: 05/12/2022) |
| 05/12/2022 | 201 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/12/2022) |
| 05/18/2022 | 202 | Unopposed MOTION for Extension of Time to File Response/Reply as to 200 Restricted Document – Level 1,, by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 05/18/2022) |
| 05/19/2022 | 203 | NOTICE OF ATTORNEY APPEARANCE Albert C. Buchman appearing for USA. Attorney Albert C. Buchman added to party USA(pty:pla) (Buchman, Albert) (Entered: 05/19/2022) |
| 05/19/2022 | 204 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 201 MOTION for Leave to Restrict *(Response to Motion to Suppress, ECF No. 200)* (Attachments: # 1 Government Filter Memo, # 2 Filter Memo – Attachment 1, # 3 Filter Memo – Attachment 2, # 4 Filter Memo – Attachment 3, # 5 Filter Memo – Attachment 4, # 6 Filter Memo – Attachment 5, # 7 Filter Memo – Attachment 6, # 8 Filter Memo – Attachment 7, # 9 Filter Memo – Attachment 8, # 10 Filter Memo – Attachment 9)(Fields, Bryan) (Attachment 6 replaced on 1/21/2025) (lrobe, ). (Entered: 05/19/2022) |
| 05/20/2022 | 205 | MOTION to Withdraw as Attorney by Andrea Surratt by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Surratt, Andrea) (Entered: 05/20/2022) |
| 05/20/2022 | 206 | MOTION to Travel by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 05/20/2022) |
| 05/20/2022 | 207 | ORDER granting 206 Motion to Travel as to Jonathan K. Yioulos (3). Mr. Yioulos is permitted to travel as described in the travel plans submitted to the US Attorneys office and the Probation Department. SO ORDERED by Judge Daniel D. Domenico on 5/20/2022. Text Only Entry (dddlc2, ) (Entered: 05/20/2022) |
| 05/20/2022 | 208 | ORDER granting 202 Motion for Extension of Time to File Response/Reply. The government has until and including 6/9/2022 to file a response to the motion to suppress. SO ORDERED by Judge Daniel D. Domenico on 5/20/2022. Text Only Entry (dddlc2, ) (Entered: 05/20/2022) |
| 05/25/2022 | 209 | MOTION to Disclose Grand Jury Material to Defendant by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 05/25/2022) |
| 05/25/2022 | 210 | Unopposed MOTION for Leave to File *Reply to Government's Response to Defendant's Motion to Suppress Evidence* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 05/25/2022) |
| 06/07/2022 | 211 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A)(ntaka) (Entered: 06/07/2022) |
| 06/13/2022 | 212 | Unopposed MOTION for Order *Requiring the Government to Submit Expert Witness Opinions 120 Days Before Trial* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |

| 06/13/2022 | 213 | Unopposed MOTION for Leave to File *Additional Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 214 | MOTION for Sanctions *for Violating Communication Privileges* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 215 | MOTION for Franks Hearing by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 216 | MOTION to Suppress *the Use of Statements* by Michael Aaron Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 217 | Unopposed MOTION for Extension of Time to File Response/Reply *to Defendant Motions Filed on June 13, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 06/13/2022) |
| 06/13/2022 | 218 | MOTION to Sever Defendant by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 219 | MOTION for James Hearing *and for Government to File a James Proffer* by Michael Aaron Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 220 | MOTION for James Hearing *and for Government to File a James Proffer* by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 06/13/2022) |
| 06/13/2022 | 221 | MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bornstein, Peter) (Entered: 06/13/2022) |
| 06/16/2022 | 222 | ORDER GRANTING 205 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Andrea Surratt as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States will continue to be represented by attorney Bryan Fields and Albert Buchman. SO ORDERED by Judge Daniel D. Domenico on 6/16/2022. Text Only Entry (dddlc2, ) (Entered: 06/16/2022) |
| 06/16/2022 | 223 | ORDER GRANTING 210 Motion for Leave to File a Reply. Defendants have 5000 words for a reply to be filed on or before 6/22/2022. SO ORDERED by Judge Daniel D. Domenico on 6/16/2022. Text Only Entry (dddlc2, ) (Entered: 06/16/2022) |
| 06/16/2022 | 224 | ORDER Granting 209 Motion to Disclose Grand Jury Material as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 6/16/2022. (athom, ) (Entered: 06/16/2022) |
| 06/19/2022 | 225 | MOTION to Continue *Sentencing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 06/19/2022) |
| 06/22/2022 | 226 | REPLY by Michael Aaron Tew, Kimberley Ann Tew *in Support of Motion to Suppress Evidence [Doc.200–Restricted]* (Bornstein, Peter) (Entered: 06/22/2022) |
| 06/29/2022 | 227 | ORDER granting 225 Motion to Continue as to Jonathan K. Yioulos (3). The sentencing hearing set for 7/12/2022 is VACATED AND RESET to 1/19/2023 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 6/29/2022. Text Only Entry (dddlc2, ) (Entered: 06/29/2022) |
| 07/14/2022 | 228 | |

| | | |
|---|---|---|
| | | ORDER granting 217 Motion for Extension of Time to File Response/Reply. The government has until and including 8/9/2022 to file responses to the motions filed on 6/13/2022. SO ORDERED by Judge Daniel D. Domenico on 8/14/2022. Text Only Entry (dddlc2, ) (Entered: 07/14/2022) |
| 08/09/2022 | 229 | NOTICE *of Conventional Filing Exhibit 1–3* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 230 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 218 MOTION to Sever Defendant (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 231 | REPLY TO RESPONSE to Motion by USA as to Michael Aaron Tew, Kimberley Ann Tew re 219 MOTION for James Hearing *and for Government to File a James Proffer* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 232 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 220 MOTION for James Hearing *and for Government to File a James Proffer* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 233 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 215 MOTION for Franks Hearing (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 234 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 214 MOTION for Sanctions *for Violating Communication Privileges* (Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 235 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 216 MOTION to Suppress *the Use of Statements* (Attachments: # 1 Conventionally Submitted, # 2 Conventionally Submitted)(Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 236 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 221 MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* (Attachments: # 1 Conventionally Submitted)(Buchman, Albert) (Entered: 08/09/2022) |
| 08/09/2022 | 237 | Conventionally Submitted Material : 1 Card USB Flash Drive: Exhibit 1 and Exhibit 2 to Response in Opposition 235 re 229 Notice, by Plaintiff USA. Material placed in the oversized filing area Area D–5–5 of the Clerk's Office. Text Only Entry (athom, ) (submitted additional copy of USB placed in Chambers' mail box) (Entered: 08/11/2022) |
| 08/12/2022 | 238 | ORDER GRANTING IN PART 201 Motion for Leave to File Motion to Suppress Evidence as Restricted Level 1.<br><br>I must narrowly tailor any restrictions on public access, and must consider whether supplying a redacted version of a document in lieu of restricting access to the entire document would adequately protect the interests of the party seeking restriction. *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019); Local Civ. R. 7.2(c)(4). Defendants Michael and Kimberly Tew have not shown that redacting the identified financial, medical, and other personal information from the motion to suppress is impracticable or would not adequately protect the privacy interests at stake.<br><br>Accordingly, the motion for leave to restrict is GRANTED IN PART with respect to the exhibits to the motion only. The Clerk of Court is directed to maintain Doc. 200 |

| | | and Docs. 200–1 to 200–28 under Level 1 restriction. Plaintiff must file a public redacted version of the motion to suppress (Doc. 200 ) on or before 8/19/2022.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, ) (Entered: 08/12/2022) |
|---|---|---|
| 08/12/2022 | 239 | ORDER GRANTING IN PART 212 Defendants' Unopposed Motion to Require the Government to Submit Expert Witness Opinions 120 Days Before Trial.<br><br>Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) must be made no later than 8/19/2022, and any challenges to such experts must be made no later than 9/9/2022.<br><br>Rebuttal expert witness disclosures must be made no later than 9/16/2022, and any challenges to such rebuttal experts must be made no later than 10/7/2022.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/12/2022. Text Only Entry (dddlc1, ) (Entered: 08/12/2022) |
| 08/15/2022 | 240 | Unopposed MOTION for Leave to File *Replies to Government's Responses to Motions* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 08/15/2022) |
| 08/15/2022 | 241 | ORDER REGARDING PRETRIAL DEADLINES AND PENDING MOTIONS.<br><br>Defendants' Unopposed Motion for Leave to File Additional Motions (Doc. 213 ) is GRANTED. Motions due 9/13/2022. Responses due 9/27/2022. No replies will be permitted without prior leave of the Court.<br><br>Defendants' Unopposed Motion for Leave to File Replies to Government's Responses to Motions (Doc. 240 ) is GRANTED. Replies due 8/23/2022.<br><br>A Motions Hearing is SET for 10/18/2022 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>Due to a conflict on the Court's calendar, the eight–day Jury Trial set for 12/5/2022 is VACATED and RESET to commence on 12/12/2022 at 09:00 AM in Courtroom A1002. Counsel and pro se parties must be present at 08:30 AM on the first day of trial. Due to a conflict on the Court's calendar, the Trial Preparation Conference set for 11/29/2022 is VACATED and RESET to 11/22/2022 at 01:30 PM in Courtroom A1002. See written Order for pretrial deadlines.<br><br>SO ORDERED by Judge Daniel D. Domenico on 8/15/2022. (dddlc1, ) (Entered: 08/15/2022) |
| 08/18/2022 | 242 | Unopposed MOTION for Order *to Reschedule Hearing Date on Motion* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 08/18/2022) |
| 08/18/2022 | 243 | ORDER GRANTING 242 Unopposed Motion to Reschedule Hearing Date on Motions as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Motions Hearing set for 10/18/2022 is VACATED and RESET to 10/12/2022 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 8/18/2022. Text Only Entry (dddlc1, ) (Entered: 08/18/2022) |

| 08/19/2022 | 244 | RESPONSE by Michael Aaron Tew, Kimberley Ann Tew re: 238 Order on Motion for Leave to Restrict,,,, (Bornstein, Peter) (Entered: 08/19/2022) |
| 08/23/2022 | 245 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 214 MOTION for Sanctions *for Violating Communication Privileges* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 246 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 221 MOTION to Suppress *Evidence from Search of 3222 East First Avenue, Apartment 224* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 247 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 219 MOTION for James Hearing *and for Government to File a James Proffer*, 220 MOTION for James Hearing *and for Government to File a James Proffer* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 248 | REPLY TO RESPONSE to Motion by Kimberley Ann Tew re 218 MOTION to Sever Defendant (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 249 | REPLY TO RESPONSE to Motion by Michael Aaron Tew re 216 MOTION to Suppress *the Use of Statements* (Bornstein, Peter) (Entered: 08/23/2022) |
| 08/23/2022 | 250 | REPLY TO RESPONSE to Motion by Michael Aaron Tew, Kimberley Ann Tew re 215 MOTION for Franks Hearing (Attachments: # 1 Affidavit Declaration of Michael A. Tew, # 2 Affidavit Declaration of Kimberley A. Tew)(Bornstein, Peter) (Entered: 08/23/2022) |
| 09/15/2022 | 251 | Unopposed MOTION to Travel *Out of State* by Kimberley Ann Tew. (Bornstein, Peter) (Entered: 09/15/2022) |
| 09/16/2022 | 252 | ORDER granting 251 Unopposed Motion to Travel as to Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 09/16/2022. Text Only Entry (dddlc5, ) (Entered: 09/16/2022) |
| 10/07/2022 | 253 | EXHIBIT LIST *for Suppression Hearing of October 12, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Exhibit List)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/07/2022 | 254 | WITNESS LIST *for Suppression Hearing of October 12, 2022* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Witness List)(Fields, Bryan) (Entered: 10/07/2022) |
| 10/12/2022 | 255 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Suppression Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 10/12/2022. Taking under advisement 214 Motion for Sanctions as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying 215 Motion for Franks Hearing as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Taking under advisement 216 Motion to Suppress as to Michael Aaron Tew (1). Taking under advisement 200 Defendants Motion. Denying 219 Motion for James Hearing as to Michael Aaron Tew (1). Taking under advisement 221 Motion to Suppress as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Taking under advisement 218 Motion to Sever Defendant as to Kimberley Ann Tew (2). Taking under advisement 220 Motion for James Hearing as to Kimberley Ann Tew (2). Bond continued as to both defendants. Court Reporter: Julie Thomas. (rkeec) (Entered: 10/13/2022) |
| 10/12/2022 | 256 | |

| | | WITNESS LIST by USA as to Michael Aaron Tew (1), Kimberley Ann Tew (2). With date and time testified. (rkeec) (Entered: 10/13/2022) |
|---|---|---|
| 10/12/2022 | 257 | EXHIBIT LIST by USA as to Michael Aaron Tew (1), Kimberley Ann Tew (2). (rkeec) (Entered: 10/13/2022) |
| 10/27/2022 | 258 | ORDER Denying 221 Motion to Suppress Evidence from Search of 3222 East First Avenue, Apartment 224 as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 259 | ORDER as to Michael Aaron Tew. Mr. Tew's Motion to Suppress the Use of Statements (Doc. 216 ) is DENIED. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 260 | ORDER Denying 218 Motion for Severance as to Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 261 | ORDER Denying 214 Motion for Sanctions as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/27/2022 | 262 | ORDER Denying 200 Motion to Suppress Evidence as to Michael Aaron Tew, Kimberley Ann Tew. By Judge Daniel D. Domenico on 10/27/2022. (athom, ) (Entered: 10/28/2022) |
| 10/28/2022 | 263 | ORDER GRANTING IN PART 220 Defendant Kimberly Ann Tew's Motion for a *James* Proffer and Hearing. Ms. Tew's request for the Government to file a *James* proffer and for the Court to hold a *James* hearing is granted, though not on the timeline requested.<br><br>The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with the referenced exhibits and an accompanying brief, on or before 1/6/2023. The defendants must file their responses to the Government's *James* log and brief on or before 1/20/2023. A *James* Hearing is SET for 1/26/2023 at 09:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>In light of the above, the Trial Preparation Conference set for 11/22/2022 is VACATED and RESET for 3/7/2022 at 09:30 AM in Courtroom A1002, and the eight−day Jury Trial set for 12/12/2022 is VACATED and RESET for 3/13/2023 at 09:00 AM in Courtroom A1002. Counsel and pro se parties must be present at 08:30 AM on the first day of trial. Pretrial deadlines remain as stated in the Court's Order Regarding Pretrial Deadlines and Pending Motions (Doc. 241 ).<br><br>SO ORDERED by Judge Daniel D. Domenico on 10/28/2022. Text Only Entry (dddlc1, ) (Entered: 10/28/2022) |
| 11/15/2022 | 264 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/15/2022) |
| 11/15/2022 | 265 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/15/2022) |
| 11/15/2022 | 266 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Bornstein, Peter) (Entered: 11/15/2022) |

| | | |
|---|---|---|
| 11/16/2022 | 267 | Unopposed MOTION to Travel *Out of State* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 11/16/2022) |
| 11/17/2022 | 268 | ORDER granting 267 Motion to Travel as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Mr. and Mrs. Tew are granted permission to leave the state of Colorado and travel to Marquette, Michigan with their children from 11/18/2022 until 11/27/2022. SO ORDERED by Judge Daniel D. Domenico on 11/17/2022. Text Only Entry (dddlc5, ) (Entered: 11/17/2022) |
| 11/17/2022 | 269 | ORDER granting 264 Motion for Leave to Restrict 265 Restricted Document – Level 3, 266 Restricted Document – Level 3 as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is directed to maintain 265 and 266 UNDER RESTRICTION at LEVEL 3. SO ORDERED by Judge Daniel D. Domenico on 11/17/2022. Text Only Entry (dddlc5, ) (Entered: 11/17/2022) |
| 11/28/2022 | 270 | Unopposed MOTION to Continue *adjourn sentencing* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 11/28/2022) |
| 11/28/2022 | 271 | ORDER granting 270 Motion to Continue as to Jonathan K. Yioulos (3). Mr. Yioulos's Sentencing set for 1/19/2023 at 10:30 a.m. is VACATED and RESET for 3/29/2023 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. All related deadlines are continued. SO ORDERED by Judge Daniel D. Domenico on 11/28/2022. Text Only Entry (dddlc5, ) (Entered: 11/28/2022) |
| 11/29/2022 | 272 | Order Regarding Motion for Subpoenas as to Michael Aaron Tew and Kimberley Ann Tew. (angar, ) Modified on 11/29/2022 to correct restriction level and title (angar, ). (Entered: 11/29/2022) |
| 12/01/2022 | 273 | MOTION to Withdraw as Attorney by Peter R. Bornstein by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/01/2022) |
| 12/01/2022 | 274 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 273 MOTION to Withdraw as Attorney by Peter R. Bornstein. Motion referred to Magistrate Judge Kristen L. Mix, by Judge Daniel D. Domenico on 12/01/2022. Text Only Entry (dddlc5, ) Modified on 12/5/2022 to add text (athom, ). (Entered: 12/01/2022) |
| 12/02/2022 | 275 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/02/2022. IT IS HEREBY ORDERED that the Motion 273 is GRANTED as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Mr. Bornstein is permitted to withdraw as counsel for Defendants. IT IS FURTHER ORDERED that on or before December 16, 2022, Defendants shall have replacement counsel enter an appearance or, if they believe they are entitled to appointment of CJA counsel to represent them, shall each file a financial affidavit under restriction at Level 3. (alave, ) (Entered: 12/05/2022) |
| 12/05/2022 | 276 | MOTION for Reconsideration re 275 Order on Motion to Withdraw as Attorney,, *or, in the alternative, motion for expedited appointment and extension of deadlines* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 12/05/2022) |
| 12/05/2022 | 277 | ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew 276 MOTION for Reconsideration re 275 Order on Motion to Withdraw as Attorney,, *or, in the alternative, motion for expedited appointment and extension of deadlines* filed by USA. Motion referred to Magistrate Judge Kristen L. Mix by Judge Daniel D. Domenico on 12/05/2022. Text Only Entry (dddlc5, ) (Entered: 12/05/2022) |

| 12/06/2022 | 278 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/06/2022. IT IS HEREBY ORDERED that a hearing on the Motion 276 is set for December 9, 2022, at 11:00 a.m. Counsel for the parties, including defense counsel Peter Bornstein who was permitted to withdraw by Minute Order 275 of December 2, 2022, shall be present at the hearing. IT IS FURTHER ORDERED that the Clerk of Court shall email a copy of this Minute Order to Mr. Bornstein. (alave, ) (Entered: 12/06/2022) |
| --- | --- | --- |
| 12/06/2022 | 279 | Certificate of Service by E–Mail by Clerk of Court re 278 Minute Order to counsel Peter Bornstein at pbornstein@prblegal.com. Text Only Entry. (alave, ) (Entered: 12/06/2022) |
| 12/09/2022 | 280 | MINUTE ENTRY for In Court Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 12/9/2022 before Magistrate Judge Kristen L. Mix. The court GRANTS 276 Motion for Reconsideration re 273 MOTION to Withdraw as Attorney. 273 MOTION to Withdraw as Attorney is GRANTED in part and DENIED in part to the extent that Mr. Bornstein is permitted to withdraw as private counsel, but otherwise denied. Defendants are ORDERED to submit financial affidavits on or before 5:00 PM Tuesday, December 13, 2022. Should Defendants qualify for court–appointed counsel, Mr. Bornstein will be appointed as CJA counsel.<br><br>The Clerk of Court is ORDERED to allow Mr. Bornstein to file the financial affidavits on the electronic docket on the Defendants' behalf. Should there be any problem with the filing of the financial affidavits, Mr. Bornstein SHALL email them to Mix_Chambers@cod.uscourts.gov.(Total time: 23 minutes, Hearing time: 11:00–11:23)<br><br>**APPEARANCES**: Bryan Fields, Albert Buchman on behalf of the Government, Peter Bornstein on behalf of the defendant. FTR: A–401. (cpomm, ) Text Only Entry (Entered: 12/09/2022) |
| 12/13/2022 | 281 | MOTION for Leave to Restrict by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/13/2022) |
| 12/13/2022 | 282 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/13/2022) |
| 12/14/2022 | 283 | ORDER granting 281 Motion for Leave to Restrict 282 Restricted Document as to Michael Aaron Tew (1), Kimberley Ann Tew (2). The Clerk of Court is instructed to maintain 282 at LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 12/14/2022. Text Only Entry (dddlc5, ) (Entered: 12/14/2022) |
| 12/27/2022 | 284 | MOTION to Vacate *Deadlines and for Status Conference* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 12/27/2022) |
| 12/27/2022 | 285 | TRANSCRIPT of MOTIONS HEARING as to Michael Aaron Tew, Kimberley Ann Tew held on 10/12/22 before Judge Domenico. Pages: 1–234.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** |

| | | |
|---|---|---|
| | | Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Thomas, Julie) (Entered: 12/27/2022) |
| 12/27/2022 | 286 | MINUTE ORDER by Magistrate Judge Kristen L. Mix on 12/27/2022. IT IS HEREBY ORDERED that attorney Peter Bornstein is appointed as CJA counsel for Defendants Michael A. Tew and Kimberly A. Tew. (alave, ) (Entered: 12/27/2022) |
| 12/28/2022 | 287 | ORDER DENYING 284 Government's Motion to Vacate Current Deadlines and for Status Conference as to Michael Aaron Tew (1), Kimberley Ann Tew (2).<br><br>Attorney Peter Bornstein represented the defendants as retained counsel for a period of over nine months from February to December 2022 (*see* Docs. 178 , 273 , 275 , 280), and he now continues to represent the defendants as appointed CJA counsel (Doc. 286 ). The Government has repeatedly stated its concern that further delays may prejudice its case and the public (Doc. 284 at 3; Doc. 276 at 2, 3, 5, 8), and has also acknowledged that Mr. Bornstein "is surely in the best position to advance this case without any more delay" (Doc. 276 at 2). Having now been appointed as CJA counsel, Mr. Bornstein has over a week to review the Government's *James* submission prior to its filing on 1/6/2023.<br><br>The Government's request to vacate the deadlines related to its *James* proffer and log is therefore denied.<br><br>SO ORDERED by Judge Daniel D. Domenico on 12/28/2022. Text Only Entry (dddlc1, ) (Entered: 12/28/2022) |
| 12/28/2022 | 288 | MOTION for Order *Appointing Separate Counsel* by Michael Aaron Tew, Kimberley Ann Tew. (Bornstein, Peter) (Entered: 12/28/2022) |
| 12/29/2022 | 289 | ORDER GRANTING 288 Motion for Appointment of Separate Counsel as to Michael Aaron Tew (1), Kimberley Ann Tew (2).<br><br>Attorney Peter R. Bornstein is relieved of any further representation of Defendant Kimberley Ann Tew, and the Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record for Ms. Tew. An attorney from the Criminal Justice Act panel will be appointed to represent Ms. Tew. Defendant Michael Aaron Tew will continue to be represented by Mr. Bornstein as appointed CJA counsel.<br><br>In light of the above, the deadlines for the Goverment's *James* proffer and log and the defendants' response thereto, and the *James* Hearing set for 1/26/2023 are CONTINUED pending further order of the Court.<br><br>Within one week of entry of appearance of new counsel for Ms. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; (2) mutually agreeable proposed deadlines for further *James* proceedings; and (3) any other issues the parties wish to bring to the Court's attention.<br><br>SO ORDERED by Judge Daniel D. Domenico on 12/29/2022. Text Only Entry (dddlc1, ) (Entered: 12/29/2022) |

| 01/03/2023 | 290 | NOTICE OF ATTORNEY APPEARANCE: David Scott Kaplan appearing for Kimberley Ann TewAttorney David Scott Kaplan added to party Kimberley Ann Tew(pty:dft) (Kaplan, David) (Main Document 290 replaced on 1/21/2025) (lrobe, ). (Entered: 01/03/2023) |
|---|---|---|
| 01/05/2023 | 291 | MOTION to Unrestrict Document 2 Warrant Issued, 1 Complaint, by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 01/05/2023) |
| 01/06/2023 | 292 | ORDER granting 291 Motion to Unrestrict 291 . The Clerk of Court is directed to unrestrict Documents 1 , 2 , 5 , and 6 as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). SO ORDERED by Judge Daniel D. Domenico on 01/06/2023. Text Only Entry (dddlc5, ) (Entered: 01/06/2023) |
| 01/10/2023 | 293 | STATUS REPORT *(Joint Status Report of Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 01/10/2023) |
| 01/11/2023 | 294 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 293 Status Report filed by USA. By 1/17/2023, Mr. Bornstein and Mr. Kaplan must each submit an ex parte filing describing their positions regarding any conflict of interest that might prevent Mr. Bornstein from continuing to represent Mr. Tew and whether a hearing is necessary to evaluate and resolve this issue. SO ORDERED by Judge Daniel D. Domenico on 01/11/2023. Text Only Entry (dddlc5, ) (Entered: 01/11/2023) |
| 01/13/2023 | 295 | NOTICE OF ATTORNEY APPEARANCE: Nancy Lin Cohen appearing for Movants Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc.Attorney Nancy Lin Cohen added to party Christopher J. Alf(pty:mov), Attorney Nancy Lin Cohen added to party National Air Cargo Group, Inc. (pty:mov), Attorney Nancy Lin Cohen added to party National Air Cargo Holdings, Inc.(pty:mov) (athom, ) (Entered: 01/13/2023) |
| 01/13/2023 | 296 | NOTICE OF ATTORNEY APPEARANCE: Eric S. Galler appearing for Movants Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc.Attorney Eric S. Galler added to party Christopher J. Alf(pty:mov), Attorney Eric S. Galler added to party National Air Cargo Group, Inc. (pty:mov), Attorney Eric S. Galler added to party National Air Cargo Holdings, Inc.(pty:mov) (athom, ) (Entered: 01/13/2023) |
| 01/13/2023 | 297 | MOTION to Quash Subpoenas by Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc. as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (athom, ) (Entered: 01/13/2023) |
| 01/17/2023 | 298 | NOTICE OF ATTORNEY APPEARANCE: Peter R. Bornstein appearing for Michael Aaron Tew (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 299 | MOTION for Leave to Restrict by Michael Aaron Tew. (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 300 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Bornstein, Peter) (Entered: 01/17/2023) |
| 01/17/2023 | 301 | RESTRICTED DOCUMENT – Level 3: by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/17/2023) |
| 01/26/2023 | 302 | |

| | | |
|---|---|---|
| | | ORDER granting 299 Motion for Leave to Restrict as to Michael Aaron Tew (1). The Clerk of Court is directed to maintain 300 at a LEVEL THREE RESTRICTION. SO ORDERED by Judge Daniel D. Domenico on 1/26/2023. Text Only Entry (dddlc5, ) (Entered: 01/26/2023) |
| 01/29/2023 | 303 | Unopposed MOTION to Modify Conditions of Release by Jonathan K. Yioulos as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Tallon, Michael) (Entered: 01/29/2023) |
| 01/30/2023 | 304 | ORDER GRANTING 303 Unopposed Motion to Modify Conditions of Release as to Jonathan K. Yioulos (3). Mr. Yioulos may travel to Sarasota, Florida, to visit family from 2/16/23 to 2/24/23. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during the time of approved travel, and (3) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 01/30/2023. Text Only Entry (dddlc5, ) (Entered: 01/30/2023) |
| 01/30/2023 | 305 | ORDER WITHDRAWING COUNSEL as to Michael Aaron Tew. Peter R. Bornstein is WITHDRAWN as counsel to Defendant Michael Aaron Tew and relieved of all further representation. The Clerk of Court is instructed to terminate Mr. Bornstein as counsel of record, and to remove his name from the electronic certificate of mailing. An attorney from the Criminal Justice Act panel will be appointed to represent Defendant Michael Tew. Within one week of entry of appearance of new counsel for Mr. Tew, the parties must file a Joint Status Report addressing: (1) the Speedy Trial Act implications of the new representation, if any; and (2) any other issues the parties wish to bring to the Court's attention. On or before 3/13/2023, the parties must file a Joint Status Report with mutually agreeable proposed deadlines for further *James* proceedings. By Judge Daniel D. Domenico on 01/30/2023. (athom, ) (Entered: 01/30/2023) |
| 01/30/2023 | 306 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos.The Motion of Third–Party Victims to Quash Subpoenas (Doc. 297 ) is GRANTED.The defendants' third–party subpoenas dated 12/1/2022 are QUASHED. The defendants may, if they wish, file a renewed motion for leave to serve third–party subpoenas that fully complies with Federal Rule of Criminal Procedure 17. By Judge Daniel D. Domenico on 01/30/2023. (athom, ) (Entered: 01/30/2023) |
| 01/30/2023 | 307 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 303 Unopposed MOTION to Modify Conditions of Release filed by attorney Michael John Tallon. The format for the attorney's signature block information is not correct. **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 01/30/2023) |
| 01/31/2023 | 308 | NOTICE OF ATTORNEY APPEARANCE: Jason Dale Schall appearing for Michael Aaron TewAttorney Jason Dale Schall added to party Michael Aaron Tew(pty:dft) (Schall, Jason) (Entered: 01/31/2023) |
| 02/03/2023 | 309 | |

| | | |
|---|---|---|
| | | Unopposed MOTION to Continue *Trial* by Michael Aaron Tew. (Schall, Jason) (Entered: 02/03/2023) |
| 02/03/2023 | 310 | ORDER re 309 Motion to Continue as to Michael Aaron Tew. The Court currently does not have enough information to determine whether the ends–of–justice served by the length of delay requested by the Defendant outweighs the best interests of the defendant and public in a speedy trial. In light of the appointment of Mr. Tew's new counsel and the suspension of the present time from the Speedy Trial Act given the James proceeding is not yet under advisement, the eight–day jury trial set for 3/13/23 and Trial Preparation Conference set for 3/7/2023 are VACATED. The Motion to Continue 309 is denied without prejudice. If Defendant wishes to file a renewed Motion to Continue, he should do so concurrent with the status report due 3/13/2023. SO ORDERED by Judge Daniel D. Domenico on 02/03/2023. Text Only Entry (dddlc5, ) (Entered: 02/03/2023) |
| 02/07/2023 | 311 | STATUS REPORT *(Joint Status Report of Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 02/07/2023) |
| 02/17/2023 | 312 | Unopposed MOTION to Modify Conditions of Release by Michael Aaron Tew. (Schall, Jason) (Entered: 02/17/2023) |
| 02/17/2023 | 313 | ORDER granting 312 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(x)(w) is stricken from Defendant's Conditions of Release. Defendant's supervising officer shall notify the Court if any issues arise from the removal of this restriction. SO ORDERED by Judge Daniel D. Domenico on 2/17/2023. Text Only Entry (dddlc5, ) (Entered: 02/17/2023) |
| 03/13/2023 | 314 | STATUS REPORT *re James Hearing (Joint Status Report of all Parties)* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 03/13/2023) |
| 03/13/2023 | 315 | Unopposed MOTION for Order *for an Ends of Justice (EOJ) Continuance Pursuant to 18 U.S.C. 3161(h)(7)* by Kimberley Ann Tew. (Kaplan, David) (Entered: 03/13/2023) |
| 03/13/2023 | 316 | Unopposed MOTION to Continue *Trial* by Michael Aaron Tew. (Schall, Jason) (Entered: 03/13/2023) |
| 03/17/2023 | 317 | ORDER as to Kimberley Ann Tew. Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 315 ) is GRANTED. Three hundred and twenty–nine (329) days, from 3/17/2023 to 2/9/2024, will be excluded from the computation of Defendant Kimberley Tew's Speedy Trial Act time. Motions due by 9/13/2023. Responses due by 9/20/2023. The eight–day Jury Trial is RESET to 2/5/2024 at 9:00 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference RESET to 1/30/2024 at 1:30 p.m. in Courtroom A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 03/17/2023. (athom, ) (Entered: 03/17/2023) |
| 03/17/2023 | 318 | ORDER as to Michael Aaron Tew. Defendant's Motion to Continue Trial and for an Ends of Justice Continuance (Doc. 316 ) is GRANTED. Three hundred and twenty–nine (329) days, from 3/17/2023 to 2/9/2024, will be excluded from the computation of Defendant Michael Tew's Speedy Trial Act time. Motions due by 9/13/2023. Responses due by 9/20/2023. The eight–day Jury Trial is RESET to 2/5/2024 at 9:00 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. The Trial Preparation Conference is RESET to 1/30/2024 at 1:30 p.m. in Courtroom |

| | | |
|---|---|---|
| | | A1002 before Judge Daniel D. Domenico. By Judge Daniel D. Domenico on 03/17/2023. (athom, ) (Entered: 03/17/2023) |
| 03/20/2023 | 319 | RESTRICTED PRESENTENCE REPORT as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A)(lgiac) (Entered: 03/20/2023) |
| 03/20/2023 | 320 | RESTRICTED ADDENDUM to Presentence Report 319 as to Jonathan K. Yioulos (lgiac) (Entered: 03/20/2023) |
| 03/22/2023 | 321 | Unopposed MOTION to Continue *adjourn sentencing and apply for,passport* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/22/2023) |
| 03/23/2023 | 322 | ORDER granting 321 Motion to Continue as to Jonathan K. Yioulos (3). The sentencing set for 3/29/2023 is VACATED and RESET for 3/5/2024 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico.<br><br>Mr. Yioulos's motion to apply for a passport 321 is GRANTED. If a passport is issued to Mr. Yioulos, his counsel must maintain control of it until specific permission to travel is granted. Mr. Yioulos must separately request permission to travel.<br><br>SO ORDERED by Judge Daniel D. Domenico on 3/23/2023. Text Only Entry (dddlc5, ) (Entered: 03/23/2023) |
| 03/24/2023 | 323 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 321 Unopposed MOTION to Continue *adjourn sentencing and apply for,passport* filed by attorney Michael John Tallon. The format for the attorney's signature block information is not correct. **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 4.3(d) of the Electronic Case Filing Procedures (Criminal Cases). The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (athom, ) (Entered: 03/24/2023) |
| 03/27/2023 | 324 | Unopposed MOTION to Modify Conditions of Release *for family travel to Florida on March 30th* by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 03/27/2023) |
| 03/27/2023 | 325 | ORDER granting 324 Motion to Modify Conditions of Release as to Jonathan K. Yioulos (3). Mr. Yioulos may travel to Sarasota, Florida, to visit family from 3/30/23 to 4/6/23. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during the time of approved travel, and (3) promptly contact his probation officer upon return from his trip. SO by Judge Daniel D. Domenico on 3/27/2023. (dddlc5, ) (Entered: 03/27/2023) |
| 03/28/2023 | 326 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES re: 324 Unopposed Motion to Modify Conditions of Release filed by attorney **Michael John Tallon**. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCr49.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Criminal Cases). (Text Only Entry) (jtorr, ) (Entered: 03/28/2023) |

| 05/01/2023 | 327 | Unopposed MOTION to Modify Conditions of Release by Michael Aaron Tew. (Schall, Jason) (Entered: 05/01/2023) |
|---|---|---|
| 05/01/2023 | 328 | ORDER granting 327 Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Condition 7(q) of Mr. Tew's pre–trial release is removed. In lieu of 7(q) Mr. Tew must report to U.S. Pre–trial Services/U.S. Probation by no later than 12:00 p.m. MST every Monday. SO ORDERED by Judge Daniel D. Domenico on 5/1/2023. Text Only Entry (dddlc5, ) (Entered: 05/01/2023) |
| 06/07/2023 | 329 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 06/07/2023) |
| 06/07/2023 | 330 | ORDER granting 329 Motion to Travel as to Michael Aaron Tew (1). Mr. Tew may travel between on or around June 17, 2023 and June 22, 2023 to the States of Wisconsin and Michigan. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact his probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 6/7/2023. Text Only Entry (dddlc5, ) (Entered: 06/07/2023) |
| 06/16/2023 | 331 | Unopposed MOTION to Travel *Out of State* by Kimberley Ann Tew. (Kaplan, David) (Entered: 06/16/2023) |
| 06/16/2023 | 332 | ORDER granting 331 Motion to Travel as to Kimberley Ann Tew (2). Ms. Tew may travel between on or around June 17, 2023 and June 22, 2023 to the States of Wisconsin and Michigan. She must (1) provide documentation regarding her travel plans to United States Pretrial and Probation Services in advance of departure, (2) contact her probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 6/16/2023. Text Only Entry (dddlc5, ) (Entered: 06/16/2023) |
| 07/07/2023 | 333 | NOTICE OF ATTORNEY APPEARANCE: Richard Kent Kornfeld appearing for Jonathan K. YioulosAttorney Richard Kent Kornfeld added to party Jonathan K. Yioulos(pty:dft) (Kornfeld, Richard) (Entered: 07/07/2023) |
| 07/07/2023 | 334 | MOTION to Withdraw as Attorney by Michael J. Tallon by Jonathan K. Yioulos. (Tallon, Michael) (Entered: 07/07/2023) |
| 07/20/2023 | 335 | ORDER granting 334 Motion to Withdraw as Attorney. The Clerk of Court is directed to terminate Attorney Michael John Tallon as counsel of record for Jonathan K. Yioulos (3). Mr. Yioulos will continue to be represented by Richard K. Kornfeld. SO ORDERED by Judge Daniel D. Domenico on 7/20/2023. Text Only Entry (dddlc5, ) (Entered: 07/20/2023) |
| 09/12/2023 | 336 | Unopposed MOTION for Extension of Time to File *Pre–Trial Motions* by Kimberley Ann Tew. (Kaplan, David) (Entered: 09/12/2023) |
| 09/12/2023 | 337 | Unopposed MOTION for Extension of Time to File by Michael Aaron Tew. (Schall, Jason) (Entered: 09/12/2023) |
| 09/13/2023 | 338 | ORDER GRANTING 337 Motion for Extension of Time to File as to Michael Aaron Tew; and<br><br>GRANTING 336 Motion for Extension of Time to File as to Kimberley Ann Tew. |

|  |  |  |
|---|---|---|
|  |  | The motions deadline as to Mr. Tew and Ms. Tew is extended to October 13, 2023. The government must file responses on or before October 20, 2023. SO ORDERED by Judge Daniel D. Domenico on 9/13/2023. Text Only Entry (dddlc3, ) (Entered: 09/13/2023) |
| 10/13/2023 | 339 | STATUS REPORT *(Joint Status Report)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 10/13/2023) |
| 10/26/2023 | 340 | ORDER SETTING *JAMES* HEARING as to Michael Aaron Tew, Kimberley Ann Tew.

The Government must file any statements it will seek to admit at trial under Federal Rule of Evidence 801(d)(2)(E) in the form of a *James* log, along with an accompanying brief, on or before December 5, 2023.

The defendants must file their responses to the Government's *James* log and brief on or before December 12, 2023. A *James* Hearing is SET for December 19, 2023 at 9:30 a.m. in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 10/26/2023. Text Only Entry (dddlc3, ) (Entered: 10/26/2023) |
| 12/05/2023 | 341 | Government's Proffer *(Memorandum in Support of James Log)* re: 340 Order,, by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit 1 – James Log, # 2 Exhibit 1001 – Bank Accounts, # 3 Exhibit 1002 – Scheme Invoice Summary, # 4 Exhibit 1003 – Scheme Deposit Summary, # 5 Exhibit 1004 – HSCPA, MCG & 5530JD Summary, # 6 Exhibit 1005 – PM Summary, # 7 Exhibit 1006 – GFL Summary, # 8 Exhibit 1007 – AMR Summary)(Fields, Bryan) (Entered: 12/05/2023) |
| 12/12/2023 | 342 | MOTION to Withdraw as Attorney by Albert Buchman by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Buchman, Albert) (Entered: 12/12/2023) |
| 12/12/2023 | 343 | ORDER GRANTING 342 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Albert Buchman as counsel of record, and to remove this name from the electronic certificate of mailing. The government will continue to be represented by attorney Bryan Fields. SO ORDERED by Judge Daniel D. Domenico on 12/12/2023. Text Only Entry (dddlc3, ) (Entered: 12/12/2023) |
| 12/12/2023 | 344 | MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit List of Authentic Business Records)(Fields, Bryan) (Entered: 12/12/2023) |
| 12/12/2023 | 345 | RESPONSE by Michael Aaron Tew re: 341 Govt's Proffer, filed by USA (Schall, Jason) (Entered: 12/12/2023) |
| 12/12/2023 | 346 | RESPONSE by Kimberley Ann Tew re: 341 Govt's Proffer, filed by USA (Attachments: # 1 Exhibit 1)(Kaplan, David) (Entered: 12/12/2023) |
| 12/13/2023 | 347 | RESTRICTED DOCUMENT – Level 3: by Kimberley Ann Tew. (Kaplan, David) (Entered: 12/13/2023) |
| 12/18/2023 | 348 | MOTION in Limine *regarding post–trial release* by Michael Aaron Tew. (Schall, Jason) (Entered: 12/18/2023) |

| 12/18/2023 | 349 | ORDER as to Kimberley Ann Tew. Jamie Hubbard of Stimson LaBranche Hubbard, LLC is to be appointed as co−counsel for Kimberley Ann Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et. seq. SO ORDERED by Judge Daniel D. Domenico on 12/18/2023. Text Only Entry (dddlc3, ) (Entered: 12/18/2023) |
|---|---|---|
| 12/18/2023 | 350 | EXHIBIT LIST *JAMES HEARING* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 12/18/2023) |
| 12/18/2023 | 351 | WITNESS LIST *JAMES HEARING* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Fields, Bryan) (Entered: 12/18/2023) |
| 12/19/2023 | 352 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 12/19/2023) |
| 12/19/2023 | 353 | NOTICE OF ATTORNEY APPEARANCE Sarah Hunter Weiss appearing for USA. Attorney Sarah Hunter Weiss added to party USA(pty:pla) (Weiss, Sarah) (Entered: 12/19/2023) |
| 12/19/2023 | 355 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: James Hearing as to Michael Aaron Tew (1), Kimberley Ann Tew (2) held on 12/19/2023 re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* filed by USA, 348 MOTION in Limine *regarding post−trial release* filed by Michael Aaron Tew. Deferring ruling on 344 Motion in Limine as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Deferring ruling on 348 Motion in Limine as to Michael Aaron Tew (1). James Proffer is TAKEN UNDER ADVISEMENT. Defendants shall file responses to 344 Governments Motion in Limine for Ruling that Certain Exhibits are Authentic and Covered by Business−Records Exception to the Hearsay Rule not later than Friday, December 22, 2023. Bond is CONTINUED as to Defendants Michael Aaron Tew and Kimberley Ann Tew. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 12/20/2023) |
| 12/19/2023 | 356 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew for James Hearing held on 12/19/2023 with Clerk's notations as to date and time testified. (rkeec) (Entered: 12/20/2023) |
| 12/19/2023 | 357 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew for 12/19/2023 James Hearing with Clerk's notations as to exhibits identified by the witness. (rkeec) (Entered: 12/20/2023) |
| 12/20/2023 | 354 | NOTICE OF ATTORNEY APPEARANCE: Jamie Hughes Hubbard appearing for Kimberley Ann TewAttorney Jamie Hughes Hubbard added to party Kimberley Ann Tew(pty:dft) (Hubbard, Jamie) (Entered: 12/20/2023) |
| 12/20/2023 | 358 | ORDER GRANTING 352 Motion to Travel as to Michael Aaron Tew. Michael and Kimberley Tew may travel out of state from on or about December 22 through January 3 as requested so long as Mr. Tew provides completed travel itineraries to the Probation Department once those travel plans are finalized. SO ORDERED by Judge Daniel D. Domenico on 12/20/2023. Text Only Entry (dddlc3, ) (Entered: 12/20/2023) |
| 12/22/2023 | 359 | RESPONSE in Opposition by Michael Aaron Tew re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* (Schall, Jason) (Entered: 12/22/2023) |
| 12/22/2023 | 360 | RESPONSE to Motion by Kimberley Ann Tew re 344 MOTION in Limine *Regarding Exhibits Submitted as Part of James Proffer* (Kaplan, David) (Entered: |

| | | 12/22/2023) |
|---|---|---|
| 12/29/2023 | 361 | ORDER REGARDING ADMISSIBILITY OF RULE 801(d)(2)(E) STATEMENTS as to Michael Aaron Tew (1), Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 12/29/23. (rkeec) (Entered: 12/29/2023) |
| 01/08/2024 | 362 | NOTICE OF ATTORNEY APPEARANCE: Lisa Marie Saccomano appearing for Movant Atlantic Union Bank. (cmadr, ) (Entered: 01/09/2024) |
| 01/09/2024 | 363 | MOTION to Quash *Subpoena* by Atlantic Union Bank as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Saccomano, Lisa) (Entered: 01/09/2024) |
| 01/17/2024 | 364 | RESTRICTED DOCUMENT – Level 3: by Michael Aaron Tew. (Schall, Jason) (Entered: 01/17/2024) |
| 01/18/2024 | 365 | ORDER as to Michael Aaron Tew. An attorney selected from the District's Criminal Justice Act Panel is to be appointed as co–counsel for Michael Aaron Tew's trial pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et seq. SO ORDERED by Judge Daniel D. Domenico on 1/18/2024. Text Only Entry (dddlc3, ) (Entered: 01/18/2024) |
| 01/18/2024 | 366 | RESPONSE to Motion by USA as to Michael Aaron Tew, Kimberley Ann Tew re 363 MOTION to Quash *Subpoena* (Weiss, Sarah) (Entered: 01/18/2024) |
| 01/19/2024 | 367 | ORDER granting in part and denying in part as outlined in the order 344 Motion in Limine as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying as moot 363 Motion to Quash as to Michael Aaron Tew (1), Kimberley Ann Tew (2). SO ORDERED by Judge Daniel D. Domenico on 1/19/2024. (rkeec) (Entered: 01/19/2024) |
| 01/19/2024 | 368 | NOTICE OF ATTORNEY APPEARANCE: Kristen M. Frost appearing for Michael Aaron TewAttorney Kristen M. Frost added to party Michael Aaron Tew(pty:dft) (Frost, Kristen) (Entered: 01/19/2024) |
| 01/22/2024 | 369 | Unopposed MOTION for Order *to Produce Trial Exhibits via Electronic Means* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Fields, Bryan) (Entered: 01/22/2024) |
| 01/23/2024 | 370 | MOTION in Limine *regarding proffer agreements* by Michael Aaron Tew. (Attachments: # 1 Exhibit Defendant's Exhibits A and B)(Schall, Jason) (Entered: 01/23/2024) |
| 01/24/2024 | 371 | CLERK'S NOTE: ORIGINAL GOVERNMENT EXHIBITS for the 355 MINUTE ENTRY for James Hearing as to Michael Aaron Tew, Kimberley Ann Tew were returned to the Government on January 24, 2024. Text only entry. (rkeec) (Entered: 01/24/2024) |
| 01/24/2024 | 372 | ORDER as to Michael Aaron Tew re 370 Motion in limine regarding proffer statements. The government must file a response to Mr. Tew's motion at or before 5:00 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/24/2024. Text Only Entry (dddlc3, ) (Entered: 01/24/2024) |
| 01/24/2024 | 373 | MOTION in Limine *re Admissibility of Proffer Statements* by Kimberley Ann Tew. (Attachments: # 1 Exhibit A)(Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 374 | |

| | | |
|---|---|---|
| | | MOTION to Continue *Trial and Motion for Ends of Justice Continuance of 90 Days* by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 375 | Proposed Verdict Form as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Proposed Document Parties' Proposed Verdict Form)(Weiss, Sarah) (Entered: 01/24/2024) |
| 01/24/2024 | 376 | TRIAL BRIEF by Kimberley Ann Tew (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Kaplan, David) (Entered: 01/24/2024) |
| 01/24/2024 | 377 | TRIAL BRIEF by Michael Aaron Tew (Schall, Jason) (Entered: 01/24/2024) |
| 01/24/2024 | 378 | NOTICE *of Certifications of Authentic, Non−Hearsay Business Records* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Weiss, Sarah) (Entered: 01/24/2024) |
| 01/24/2024 | 379 | TRIAL BRIEF by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/24/2024) |
| 01/25/2024 | 380 | Proposed Jury Instructions *(Joint)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/25/2024) |
| 01/25/2024 | 381 | ORDER re Kimberley Tew's 373 Motion in Limine and 374 Motion to Continue Trial. The government must provide responses to these two motions at or before 11:59 pm on Friday, January 26, 2024. The government's response deadline for Mr. Tew's 370 Motion in Limine is also extended to 11:59 pm on Friday, January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, ) (Entered: 01/25/2024) |
| 01/25/2024 | 382 | ORDER GRANTING 369 Unopposed Motion to Produce Trial Exhibits Via Electronic Means. The government must provide one original paper set of its proposed exhibits for use at the upcoming trial. The government must provide electronic copies of those exhibits to defense counsel on or before January 26, 2024.<br><br>The government must also provide **three electronic copies (e.g., via three thumb drives)** of its proposed exhibits to the court on or before January 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 1/25/2024. Text Only Entry (dddlc3, ) (Entered: 01/25/2024) |
| 01/25/2024 | 383 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Attachments: # 1 Exhibit List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 384 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos (Attachments: # 1 Witness List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 385 | NOTICE *regarding proposed witness and exhibit lists* by Michael Aaron Tew (Schall, Jason) (Entered: 01/25/2024) |
| 01/25/2024 | 386 | EXHIBIT LIST *(Amended)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Amended Exhibit List)(Fields, Bryan) (Entered: 01/25/2024) |
| 01/25/2024 | 387 | EXHIBIT LIST by Kimberley Ann Tew (Attachments: # 1 Proposed Document Proposed Exhibit List)(Hubbard, Jamie) (Entered: 01/25/2024) |
| 01/25/2024 | 388 | WITNESS LIST by Kimberley Ann Tew (Attachments: # 1 Proposed Document Proposed Witness List)(Hubbard, Jamie) (Entered: 01/25/2024) |

| 01/26/2024 | 389 | Proposed Voir Dire by Kimberley Ann Tew (Hubbard, Jamie) (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 390 | Proposed Voir Dire by USA as to Michael Aaron Tew, Kimberley Ann Tew (Weiss, Sarah) (Entered: 01/26/2024) |
| 01/26/2024 | 391 | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 374 MOTION to Continue *Trial and Motion for Ends of Justice Continuance of 90 Days* (Fields, Bryan) (Entered: 01/26/2024) |
| 01/26/2024 | 392 | Proposed Voir Dire by Michael Aaron Tew (Schall, Jason) (Entered: 01/26/2024) |
| 01/26/2024 | 393 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 373 MOTION in Limine *re Admissibility of Proffer Statements and 370 Defendant Michael Tew's Motion in Limine* (Weiss, Sarah) (Entered: 01/26/2024) |
| 01/27/2024 | 394 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Weiss, Sarah) (Entered: 01/27/2024) |
| 01/27/2024 | 395 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew. (Weiss, Sarah) (Entered: 01/27/2024) |
| 01/27/2024 | 396 | MOTION for Leave to Restrict by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Weiss, Sarah) (Entered: 01/27/2024) |
| 01/29/2024 | 397 | MOTION for Leave to File *Reply in Support of Motion in Limine* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 01/29/2024) |
| 01/29/2024 | 398 | BRIEF in Support by Kimberley Ann Tew to 373 MOTION in Limine *re Admissibility of Proffer Statements (Reply)* (Hubbard, Jamie) (Entered: 01/29/2024) |
| 01/29/2024 | 399 | MOTION to Exclude *Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* by Kimberley Ann Tew. (Kaplan, David) (Entered: 01/29/2024) |
| 01/29/2024 | 400 | BAIL STATUS REPORT 10 as to Michael Aaron Tew. (lgiac) (Entered: 01/29/2024) |
| 01/29/2024 | 401 | BAIL STATUS REPORT 107 as to Kimberley Ann Tew. (lgiac) (Entered: 01/29/2024) |
| 01/30/2024 | 403 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Trial Preparation Conference as to Michael Aaron Tew (1), Kimberley Ann Tew (2) held on 1/30/2024. Taking under advisement 374 Defendant Kimberly Ann Tews Motion to Continue Trial and Motion for Ends of Justice Continuance of 90 Days. Taking under advisement 370 Motion in Limine as to Michael Aaron Tew (1). Taking under advisement 373 Motion in Limine as to Kimberley Ann Tew (2). Taking under advisement 399 Motion to Exclude as to Kimberley Ann Tew (2); re 370 MOTION in Limine *regarding proffer agreements* filed by Michael Aaron Tew, 373 MOTION in Limine *re Admissibility of Proffer Statements* filed by Kimberley Ann Tew, 399 MOTION to Exclude *Testimony Regarding the Reasons for Michael Tew's Termination from NAC as Proposed in the Government's Trial Brief (ECF 379)* filed by Kimberley Ann Tew. Bond is CONTINUED as to Defendants Michael Aaron Tew and Kimberly Ann Tew. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 01/31/2024) |
| 01/31/2024 | 402 | |

| | | |
|---|---|---|
| | | ORDER Denying 374 Motion to Continue as to Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 31 January 2024. The trial will proceed on February 5, 2024, as scheduled. (cmadr, ) Modified to correct entry on 1/31/2024 (cmadr, ). (Entered: 01/31/2024) |
| 02/01/2024 | 404 | ORDER REGARDING MOTIONS IN LIMINE AND PRE–TRIAL ISSUES as to Michael Aaron Tew (1) and Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 1 February 2024. Defendants' motions, Docs. 370 and 373 , are GRANTED IN PART and DENIED IN PART as outlined herein. Ms. Tew's motion, Doc. 399 , is therefore DENIED. (cmadr, ) (Entered: 02/01/2024) |
| 02/02/2024 | 405 | Unopposed MOTION for Order *To Obtain Testimony Via Live Contemporaneous Video Conference* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Fields, Bryan) (Entered: 02/02/2024) |
| 02/02/2024 | 406 | Order GRANTING 405 Unopposed Motion to Obtain Testimony Via Live Contemporaneous Video Conference. The government is cautioned, however, that it bears the risk of any technology malfunctions, whether on the Court's end or the witness's end. SO ORDERED by Judge Daniel D. Domenico on 2/2/2024. Text Only Entry (dddlc3, ) (Entered: 02/02/2024) |
| 02/02/2024 | 407 | WITNESS LIST *(Final Witness List)* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Final Witness List)(Fields, Bryan) (Entered: 02/02/2024) |
| 02/02/2024 | 408 | EXHIBIT LIST *Final Exhibit List* by USA as to Michael Aaron Tew, Kimberley Ann Tew (Attachments: # 1 Exhibit)(Weiss, Sarah) (Entered: 02/02/2024) |
| 02/04/2024 | 409 | MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 02/04/2024) |
| 02/04/2024 | 410 | MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, by Michael Aaron Tew. (Schall, Jason) (Entered: 02/04/2024) |
| 02/04/2024 | 411 | NOTICE *of Submission of Alternative Version of Charges for Juror Notebooks* by Kimberley Ann Tew (Attachments: # 1 Attachment)(Hubbard, Jamie) (Entered: 02/04/2024) |
| 02/04/2024 | 412 | RESPONSE in Opposition by USA as to Michael Aaron Tew, Kimberley Ann Tew re 409 MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing*, 410 MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, (Fields, Bryan) (Entered: 02/04/2024) |
| 02/05/2024 | 413 | EXHIBIT LIST by Kimberley Ann Tew (Hubbard, Jamie) (Entered: 02/05/2024) |
| 02/05/2024 | 414 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 1) held on 2/5/2024 as to Michael Aaron Tew (1), Kimberley Ann Tew (2). Denying 410 Motion for Reconsideration re 410 MOTION for Reconsideration re 404 Order on Motion in Limine,, Order on Motion to Exclude,,, filed by Michael Aaron Tew, 409 MOTION for Order *for Finding that Ms. Tew's Waiver of Right to Confront and Cross–Examine Witnesses was Not Knowing or, in the Alternative, Request for Hearing* filed by Kimberley Ann Tew as to Michael Aaron Tew (1). Denying 409 Motion for Order as to Kimberley Ann Tew (2). Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/06/2024) |

| 02/05/2024 | 415 | Jury Strike Sheet – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/06/2024) |
|---|---|---|
| 02/05/2024 | 416 | Jury Strike Sheet with juror names redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/06/2024) |
| 02/05/2024 | 417 | Jury Random List – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/06/2024) |
| 02/06/2024 | 418 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 2) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/6/2024. Defendant Kimberley Ann Tews oral motion for severance is TAKEN UNDER ADVISEMENT. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/07/2024) |
| 02/07/2024 | 419 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 3) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/7/2024. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/08/2024) |
| 02/08/2024 | 420 | Renewed MOTION to Sever Defendant by Michael Aaron Tew. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Frost, Kristen) (Entered: 02/08/2024) |
| 02/08/2024 | 421 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 4) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/8/2024. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/09/2024) |
| 02/09/2024 | 423 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 5) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/9/2024. Defendant Kimberley Ann Tews oral motion for mistrial is DENIED. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/12/2024) |
| 02/11/2024 | 422 | RESPONSE in Opposition by USA as to Michael Aaron Tew re 420 Renewed MOTION to Sever Defendant (Weiss, Sarah) (Entered: 02/11/2024) |
| 02/12/2024 | 424 | ORDER DENYING 420 Michael Tew's Renewed Motion for Severance. By Judge Daniel D. Domenico on 2/12/2024. (dddlc1, ) (Entered: 02/12/2024) |
| 02/12/2024 | 425 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 6) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/12/2024. 420 Defendant Michael Tews Renewed Motion for Severance is DENIED. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/13/2024) |
| 02/13/2024 | 426 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew. The Clerk of Court shall provide lunch to the jury for the duration of their deliberations commencing on Wednesday, February 14, 2024. SO ORDERED by Judge Daniel D. Domenico on 2/13/2024. (rkeec) (Entered: 02/13/2024) |
| 02/13/2024 | 427 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 7) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/13/2024. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/14/2024) |
| 02/14/2024 | 428 | |

| | | |
|---|---|---|
| | | AMENDED MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew. The Clerk of Court shall provide lunch to the jury, including the alternate juror, for the duration of their deliberations commencing on Wednesday, February 14, 2024. SO ORDERED by Judge Daniel D. Domenico on 2/14/2024. (rkeec) (Entered: 02/14/2024) |
| 02/14/2024 | 430 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 8) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/14/2024. Defendant Kimberley Ann Tews oral motion for mistrial is DENIED. Defendant Kimberley Ann Tews oral Rule 29 motion is DENIED. Defendant Kimberley Ann Tews oral motion for severance is DENIED. Defendant Michael Aaron Tews oral Rule 29 motion is DENIED. Defendant Michael Aaron Tews oral motion for severance is DENIED. Bond continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 431 | Jury Note with juror name – Unredacted – Restricted Doc. – Level 4 (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 432 | Jury Note with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 433 | WITNESS LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew with dates and times testified. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 434 | WITNESS LIST by Kimberley Ann Tew as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 435 | EXHIBIT LIST by USA as to Michael Aaron Tew, Kimberley Ann Tew indicating admitted exhibits. (rkeec) (Entered: 02/15/2024) |
| 02/14/2024 | 436 | EXHIBIT LIST by Michael Aaron Tew, Kimberley Ann Tew indicating admitted exhibits. (rkeec) (Entered: 02/15/2024) |
| 02/15/2024 | 429 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/15/2024. (rkeec) (Entered: 02/15/2024) |
| 02/15/2024 | 438 | Final Jury Instructions as to Michael Aaron Tew, Kimberley Ann Tew as read into the record on 2/14/2024. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 439 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Jury Trial (Day 9) as to Michael Aaron Tew, Kimberley Ann Tew held on 2/15/2024. Jury Verdict as to Michael Aaron Tew (1) Guilty on Count 1,1s,2,2s–40s,3,41s,42s,44s–56s,57s–60s and Kimberley Ann Tew (2) Guilty on Count 1,21–22,25–26,31–32,41,43–44,47,56. Bond is continued as to both defendants. Court Reporter: Tammy Hoffschildt. (rkeec) Modified on 2/16/2024 to correct as to Count 48 (rkeec). (Entered: 02/16/2024) |
| 02/15/2024 | 440 | Jury Note 1 (Question) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 441 | Jury Note 2 (Question) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 442 | Jury Note 3 (Verdict) – Unredacted – Restricted Doc. – Level 4. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 443 | |

| | | |
|---|---|---|
| | | Jury Note 1 (Question) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 444 | Jury Note 2 (Question) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 445 | Jury Note 3 (Verdict) with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) Modified on 2/16/2024 (rkeec, ). (Entered: 02/16/2024) |
| 02/15/2024 | 446 | Court Response to Jury Notes 1 and 2 (Questions) as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 447 | Jury Verdict Un–Redacted – Level 4 – Viewable by Court Only. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 448 | JURY VERDICT with juror name redacted as to Michael Aaron Tew, Kimberley Ann Tew. (rkeec) (Entered: 02/16/2024) |
| 02/15/2024 | 449 | STIPULATION AND ORDER REGARDING CUSTODY OF EXHIBITS AND DEPOSITIONS as to Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/15/2024. (rkeec) (Entered: 02/16/2024) |
| 02/16/2024 | 437 | Unopposed MOTION to Continue *Sentencing* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 02/16/2024) |
| 02/21/2024 | 450 | MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* by USA as to Michael Aaron Tew, Kimberley Ann Tew. (Attachments: # 1 Exhibit)(Weiss, Sarah) (Entered: 02/21/2024) |
| 02/21/2024 | 451 | ORDER as to Michael Aaron Tew, Kimberley Ann Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* filed by USA.<br><br>Mr. Tew and Mrs. Tew must each file responses to the government's 450 Motion to Detain on or before **February 27, 2024**. SO ORDERED by Judge Daniel D. Domenico on 2/21/2024. Text Only Entry (dddlc3, ) (Entered: 02/21/2024) |
| 02/21/2024 | 452 | ORDER GRANTING 437 Motion to Continue Sentencing as to Jonathan K. Yioulos. The Sentencing set as to Mr. Yioulos for March 5, 2024 at 10:30 AM is VACATED and RESET for September 17, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 2/21/2024. Text Only Entry (dddlc3, ) (Entered: 02/21/2024) |
| 02/27/2024 | 453 | RESPONSE in Opposition by Michael Aaron Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* (Schall, Jason) (Entered: 02/27/2024) |
| 02/27/2024 | 454 | RESPONSE to Motion by Kimberley Ann Tew re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* (Kaplan, David) (Entered: 02/27/2024) |
| 03/12/2024 | 455 | ORDER re 450 Motion to Detain Defendants Michael and Kimberley Tew. The government's motion questions whether Mr. and Mrs. Tew are still eligible for CJA–appointed counsel for this case. There is sufficient evidence to call into question their present eligibility under 18 U.S.C. § 3006A(c).<br><br>The issue of whether Michael Tew and Kimberley Tew remain entitled to ongoing |

| | | |
|---|---|---|
| | | court–appointed counsel under Section 3006A(c) is therefore REFERRED to Magistrate Judge Susan Prose. All other issues raised in the government's motion, including the potential detention of Mr. and Mrs. Tew pending sentencing or the potential un–sealing of any prior CJA affidavits, will be addressed at a detention hearing before this Court as outlined below. <br><br> It is therefore ORDERED that a Hearing on the 450 Government's Motion is SET for April 22, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/12/2024 | 456 | ORDER as to Michael Aaron Tew. A Sentencing Hearing as to Michael Tew is SET for August 8, 2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/12/2024 | 457 | ORDER as to Kimberley Ann Tew. A Sentencing Hearing as to Kimberley Tew is SET for August 8, 2024 at 1:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 3/12/2024. Text Only Entry (dddlc3, ) (Entered: 03/12/2024) |
| 03/14/2024 | 458 | SENTENCING STATEMENT by USA as to Michael Aaron Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Fields, Bryan) (Entered: 03/14/2024) |
| 03/14/2024 | 459 | SENTENCING STATEMENT by USA as to Kimberley Ann Tew (Attachments: # 1 Exhibit, # 2 Exhibit)(Fields, Bryan) (Entered: 03/14/2024) |
| 03/15/2024 | 460 | ORDER SETTING STATUS CONFERENCE as to Michael Aaron Tew, Kimberley Ann Tew by Magistrate Judge Susan Prose on 3/15/2024. A **30–minute in–person** Status Conference is hereby set for 3/18/2024, at 4:00 PM in Courtroom C205 before Magistrate Judge Susan Prose. The parties shall be prepared to discuss Defendant Michael Tew's request for "an *ex parte* hearing... to determine whether Mr. Tew 'is financially able to obtain counsel or to make partial payment for the representation' pursuant to 18 U.S.C. § 3006A(c)." *See* ECF No. 453 at 3. Text Only Entry. (trvo, ) (Entered: 03/15/2024) |
| 03/18/2024 | 461 | MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew by Magistrate Judge Susan Prose on 3/18/2024. At the request of the parties, the Status Conference is RESET for 3/21/2024, at 04:00 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry. (trvo, ) (Entered: 03/18/2024) |
| 03/21/2024 | 462 | MINUTE ENTRY for Status Conference as to Michael Aaron Tew and Kimberley Ann Tew held before Magistrate Judge Susan Prose on 3/21/2024. Discussion regarding issue referred to this court (*see* ECF No. 455). An ex parte hearing to determine Michael Tew's entitlement to ongoing court–appointed counsel under 18 U.S.C. § 3006A(c) is SET for March 28, 2024, at 1:30 p.m. in Courtroom C205 before Magistrate Judge Susan Prose. Any documents to be submitted in connection with this hearing shall be sent directly to Chambers, as discussed on the record, on or before 10:00 a.m. March 27, 2024. An ex parte hearing to determine Kimberley Ann Tew's entitlement to ongoing court–appointed counsel under 18 U.S.C. § 3006A(c) is SET for April 15, 2024, at 1:30 p.m. in Courtroom C205 before Magistrate Judge Susan Prose. Any documents to be submitted in connection with this hearing shall be sent directly to Chambers, as discussed on the record, on or before 12:00 p.m. April 10, 2024. Hearing concluded. FTR: C205. (Total time: 1 hour and 8 minutes, Hearing |

| | | |
|---|---|---|
| | | time: 3:57 p.m. – 5:05 p.m.) Text Only Entry.<br><br>**APPEARANCES:** Bryan David Fields and Sarah Hunter Weiss on behalf of the Government, Jason Dale Schall and Kristen M. Frost on behalf of Defendant Michael Aaron Tew and David Scott Kaplan on behalf of Defendant Kimberly Ann Tew. (trvo, ) (Entered: 03/22/2024) |
| 03/21/2024 | 463 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Ex Parte In Court Hearing set for 3/28/2024, at 01:30 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry (trvo, ) (Entered: 03/22/2024) |
| 03/21/2024 | 464 | Utility Setting/Resetting Deadlines/Hearings as to Kimberley Ann Tew: Ex Parte In Court Hearing set for 4/15/2024, at 01:30 PM in Courtroom C205 before Magistrate Judge Susan Prose. Text Only Entry (trvo, ) (Entered: 03/22/2024) |
| 03/27/2024 | 465 | STATEMENT *by Government Regarding Michael Tew's Eligibility for CJA−Funded Counsel Going Forward* by Plaintiff USA (Weiss, Sarah) (Entered: 03/27/2024) |
| 03/27/2024 | 466 | RESTRICTED DOCUMENT LEVEL 3 – Conventionally Submitted Material: 1 Flash Drive re 462 Status Conference, by Plaintiff USA. Location: 1st Floor Area, Box D−5−9. Text Only Entry. (sphil, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 03/27/2024) |
| 03/27/2024 | 467 | RESTRICTED DOCUMENT LEVEL 3 – Conventionally Submitted Material: 1 USB Drive re 462 Status Conference, by Defendant Michael Aaron Tew. Location: 1st Floor Area, Box D−5−9. Text Only Entry. (trvo, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 03/28/2024) |
| 03/28/2024 | 468 | MINUTE ENTRY for Ex Parte Hearing as to Michael Aaron Tew held before Magistrate Judge Susan Prose on 3/28/2024. The Court finds that Defendant Michael Tew remains eligible for court−appointed counsel. A separate public written order will be issued. FTR: C205. (trvo, ) (Entered: 03/29/2024) |
| 04/01/2024 | 469 | ORDER GRANTING 397 Motion for Leave to File Reply as to Kimberley Ann Tew. By Judge Daniel D. Domenico on 4/1/2024. Text Only Entry (dddlc1, ) (Entered: 04/01/2024) |
| 04/01/2024 | 470 | ORDER GRANTING 396 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Docs. 394 and 395 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/1/2024. Text Only Entry (dddlc1, ) (Entered: 04/01/2024) |
| 04/05/2024 | 471 | ORDER REGARDING DEFENDANT MICHAEL TEW'S ELIGIBILITY FOR ONGOING COURT−APPOINTED COUNSEL by Magistrate Judge Susan Prose on 4/5/2024. (trvo, ) (Entered: 04/05/2024) |
| 04/10/2024 | 472 | STATEMENT *by Government Regarding Kimberley Tew's Eligibility for CJA−Funded Counsel Going Forward* by Plaintiff USA (Weiss, Sarah) (Entered: 04/10/2024) |
| 04/15/2024 | 473 | RESTRICTED DOCUMENT LEVEL 3 – Conventionally Submitted Material: 1 USB Drive re 462 Status Conference, by Defendant Kimberley Ann Tew. Location: 1st Floor Area, Box D−5−9. Text Only Entry (trvo, ) Modified on 4/15/2024 to add restriction (trvo, ). (Entered: 04/15/2024) |
| 04/15/2024 | 474 | |

|  |  | MINUTE ENTRY for Ex Parte Hearing as to Kimberley Ann Tew held before Magistrate Judge Susan Prose on 4/15/2024. The Court finds that Defendant Kimberley Ann Tew remains eligible for court–appointed counsel. A separate public written order will be issued. FTR: C205. (trvo, ) (Entered: 04/16/2024) |
| 04/16/2024 | 475 | Unopposed MOTION for Order *Requiring the Parties to File Visual Presentations into the Record* by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/16/2024) |
| 04/16/2024 | 476 | ORDER granting 475 Motion for Order Requiring the Parties to File Visual Presentations into the Record. The parties are ordered to file all visual presentations used during opening statements and closing arguments into the record. SO ORDERED by Judge Daniel D. Domenico on 4/16/2024. Text Only Entry (dddlc9, ) (Entered: 04/16/2024) |
| 04/18/2024 | 477 | NOTICE *OF CONVENTIONAL SUBMISSION* re 476 Order on Motion for Order, by USA as to Michael Aaron Tew, Kimberley Ann Tew (Fields, Bryan) (Entered: 04/18/2024) |
| 04/18/2024 | 479 | Conventionally Submitted Material : USB exhibits to 477 NOTICE OF CONVENTIONAL SUBMISSION re 476 Order on Motion for Order, by Plaintiff USA – Material placed in the oversized area D–5–9 of the Clerk's Office. Text Only Entry (angar, ) (Entered: 04/19/2024) |
| 04/19/2024 | 478 | ORDER REGARDING DEFENDANT KIMBERLEY ANN TEW'S ELIGIBILITY FOR ONGOING COURT–APPOINTED COUNSEL by Magistrate Judge Susan Prose on 4/19/2024. (trvo, ) (Entered: 04/19/2024) |
| 04/21/2024 | 480 | MOTION for Leave to Restrict by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/21/2024 | 481 | RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/21/2024 | 482 | RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. (Hubbard, Jamie) (Entered: 04/21/2024) |
| 04/22/2024 | 483 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Evidentiary Hearing as to Michael Aaron Tew, Kimberley Ann Tew held on 4/22/2024 re 450 MOTION to Detain *Defendants Michael Tew & Kimberley Tew Pending Sentencing* filed by USA. 450 Motion to Detain as to Michael Aaron Tew (1), Kimberley Ann Tew (2) is DENIED, but the Court will impose additional conditions of bond. Court indicates that a written order shall follow. Bond is continued as to Michael Aaron Tew and Kimberley Ann Tew. Court Reporter: Tammy Hoffschildt. (Attachments: # 1 Government's witness list, # 2 Government's exhibit list) (rkeec) (Entered: 04/22/2024) |
| 04/23/2024 | 484 | NOTICE *of Filing of Visual Presentation* by Kimberley Ann Tew (Attachments: # 1 PowerPoint Closing Statement)(Hubbard, Jamie) (Entered: 04/23/2024) |
| 04/23/2024 | 485 | Unopposed MOTION to Travel *UNOPPOSED MOTION FOR DEFENDANT TO TRAVEL OUT OF THE COUNTRY* by Jonathan K. Yioulos. (Attachments: # 1 Waiver of Extradition)(Kornfeld, Richard) Modified on 6/4/2025 to correct document with PDF standards(angar, ). (Entered: 04/23/2024) |
| 04/23/2024 | 486 | NOTICE *Of Clarification Regarding Sentencing Statement* by Michael Aaron Tew (Frost, Kristen) (Entered: 04/23/2024) |

| 04/24/2024 | 487 | ORDER granting 485 Motion to Travel as to Jonathan K. Yioulos. Mr. Yioulos may travel to Montego Bay, Jamaica, from June 26 to July 2, 2024. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from each trip. SO ORDERED by Judge Daniel D. Domenico on 4/24/2024. Text Only Entry (dddlc9, ) (Entered: 04/24/2024) |
|---|---|---|
| 04/24/2024 | 488 | NOTICE *Of Filing Of Visual Presentation* by Michael Aaron Tew (Attachments: # 1 Closing Argument PowerPoint)(Frost, Kristen) (Entered: 04/24/2024) |
| 04/25/2024 | 489 | ORDER modifying conditions of release as to Michael Aaron Tew and Kimberley Ann Tew. The following conditions are added to those already in effect:<br><br>1. Defendants shall disclose a complete list of all bank accounts and peer–to–peer financial services accounts to which they have access no later than April 30, 2024. Defendants shall further provide a statement for each of these accounts to their supervising officer no later than the 5th of each following month, starting on May 5th, 2024.<br><br>2. Defendants shall refrain from gambling of any kind, purchasing over $50 of gift cards in a given day, and engaging in any cryptocurrency transaction without the prior approval of the supervising officer.<br><br>3.The supervising officer may, in his discretion, share any information provided to him by Defendants pursuant to these conditions with the government.<br><br>SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/25/2024 | 490 | ORDER denying as moot 348 Motion in Limine in light of 483 and 489 . SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/25/2024 | 491 | ORDER granting 480 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 482 at Level 1 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/25/2024. Text Only Entry (dddlc9, ) (Entered: 04/25/2024) |
| 04/26/2024 | 492 | NOTICE OF ATTORNEY APPEARANCE Martha Ann Paluch appearing for USA. Attorney Martha Ann Paluch added to party USA(pty:pla) (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 493 | RESTRICTED DOCUMENT – Level 3: by USA as to Kimberley Ann Tew (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 494 | RESTRICTED DOCUMENT – Level 1: by USA as to Kimberley Ann Tew (Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 495 | MOTION for Leave to Restrict by USA as to Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Paluch, Martha) (Entered: 04/26/2024) |
| 04/26/2024 | 499 | ORDER Updating Conditions of Release as to Michael Aaron Tew (1) $20,000 Unsecured. SO ORDERED by Judge Daniel D. Domenico on 4/26/2024. (rkeec) (Entered: 05/01/2024) |
| 04/26/2024 | 500 | |

| | | |
|---|---|---|
| | | ORDER Updating Conditions of Release as to Kimberley Ann Tew (2) $10,000 Unsecured. SO ORDERED by Judge Daniel D. Domenico on 4/26/2024. (rkeec) (Entered: 05/01/2024) |
| 04/29/2024 | 496 | Unopposed MOTION to Travel *Out of State* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 04/29/2024) |
| 04/30/2024 | 497 | ORDER granting 496 Motion to Travel as to Jonathan K. Yioulos. Instead of going to Jamaica, Mr. Yioulos may travel to Miami, Florida from June 25 to July 1, 2024. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from the trip. SO ORDERED by Judge Daniel D. Domenico on 4/30/2024. Text Only Entry (dddlc9, ) (Entered: 04/30/2024) |
| 04/30/2024 | 498 | ORDER granting 495 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 493 at Level 3 restriction and to maintain Doc. 494 at Level 1 restriction. SO ORDERED by Judge Daniel D. Domenico on 4/30/2024. Text Only Entry (dddlc9, ) (Entered: 04/30/2024) |
| 05/08/2024 | 501 | ORDER denying 482 RESTRICTED DOCUMENT – Level 1: by Kimberley Ann Tew. Having reviewed the pleadings on this issue and considered the relevant facts, the motion is denied. SO ORDERED by Judge Daniel D. Domenico on 5/8/2024. Text Only Entry (dddlc9, ) (Entered: 05/08/2024) |
| 05/31/2024 | 502 | Unopposed MOTION to Continue *Sentencing and Related Deadlines* by Michael Aaron Tew. (Schall, Jason) (Entered: 05/31/2024) |
| 06/04/2024 | 503 | ORDER granting 502 Motion to Continue as to Michael Aaron Tew. Mr. Tew's sentencing, which was set for 8/8/2024, is vacated and reset for 9/12/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 6/4/2024. Text Only Entry (dddlc9, ) (Entered: 06/04/2024) |
| 07/02/2024 | 504 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Kimberley Ann Tew (Attachments: # 1 Exhibit A)(aarag, ) (Entered: 07/02/2024) |
| 07/09/2024 | 505 | ORDER RESETTING HEARING as to Jonathan K. Yioulos. Due to a conflict on the Court's calendar, and after consultation with counsel, the Sentencing set for 9/17/2024 is VACATED and RESET for 10/2/2024 at 03:30 PM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 7/9/2024. Text Only Entry (dddlc1, ) (Entered: 07/09/2024) |
| 07/15/2024 | 506 | Unopposed MOTION for Extension of Time to File *Objections to Presentence Investigation Report* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion for Extension of Time to Submit Objection to Presentence Investigation Report)(Kaplan, David) (Entered: 07/15/2024) |
| 07/17/2024 | 507 | ORDER granting 506 Motion for Extension of Time. Ms. Tew may file objections to the PSIR on or before July 19, 2024. SO ORDERED by Judge Daniel D. Domenico on 7/17/2024. Text Only Entry (dddlc9, ) (Entered: 07/17/2024) |
| 07/19/2024 | 508 | OBJECTION/RESPONSE to Presentence Report by Kimberley Ann Tew (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 3a, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 6a, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 7a)(Kaplan, David) (Entered: 07/19/2024) |

| 07/19/2024 | 510 | Conventionally Submitted Material : 1 Flash Drive re Objection/Response to Presence Report, 508 by Defendant Kimberley Ann Tew. Location of Stored Items: Box D–5–5. Text Only Entry (cmadr, ) (Entered: 07/23/2024) |
|---|---|---|
| 07/22/2024 | 509 | Unopposed MOTION for Leave to Restrict by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) PO re Unopposed Motion to Restrict)(Kaplan, David) (Entered: 07/22/2024) |
| 07/24/2024 | 511 | ORDER granting 509 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Doc. 508 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 7/24/2024. Text Only Entry (dddlc9, ) (Entered: 07/24/2024) |
| 07/25/2024 | 512 | NOTICE OF ATTORNEY APPEARANCE Laura Beth Hurd appearing for USA. Attorney Laura Beth Hurd added to party USA(pty:pla) (Hurd, Laura) (Entered: 07/25/2024) |
| 07/25/2024 | 513 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* by USA as to Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 07/25/2024) |
| 07/25/2024 | 514 | ORDER re 513 Motion for Preliminary Order of Forfeiture. If Ms. Tew opposes the motion, she is ordered to file a response on or before August 2, 2024. SO ORDERED by Judge Daniel D. Domenico on 7/25/2024. Text Only Entry (dddlc9, ) (Entered: 07/25/2024) |
| 07/25/2024 | 515 | RESTRICTED DOCUMENT – Level 2: as to Kimberley Ann Tew. (Kaplan, David) (Entered: 07/25/2024) |
| 07/26/2024 | 516 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Attachments: # 1 Conventionally Submitted, # 2 Exhibit, # 3 Exhibit)(Weiss, Sarah) (Entered: 07/26/2024) |
| 07/26/2024 | 519 | Conventionally Submitted Material : One CD re Restricted Document – Level 2 516 by Plaintiff USA. Location of stored items: Sealed Room. Text Only Entry (cmadr, ) (Entered: 07/30/2024) |
| 07/29/2024 | 517 | RESTRICTED PRESENTENCE REPORT as to Kimberley Ann Tew (Attachments: # 1 Exhibit A)(agalv) (Entered: 07/29/2024) |
| 07/29/2024 | 518 | RESTRICTED ADDENDUM to Presentence Report 517 as to Kimberley Ann Tew (agalv) (Entered: 07/29/2024) |
| 08/01/2024 | 520 | RESTRICTED DOCUMENT – Level 2: as to Kimberley Ann Tew. (Weiss, Sarah) (Entered: 08/01/2024) |
| 08/01/2024 | 521 | Unopposed MOTION for Order *To Permit Virtual or Telephonic Attendance for Co–Defendant's Sentencing Hearing* by Michael Aaron Tew. (Frost, Kristen) (Entered: 08/01/2024) |
| 08/02/2024 | 522 | RESPONSE to Motion by Kimberley Ann Tew re 513 MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* (Kaplan, David) (Entered: 08/02/2024) |
| 08/05/2024 | 523 | ORDER as to Kimberley Ann Tew re 513 Motion for Preliminary Order of Forfeiture. The Court will hold a hearing regarding forfeiture starting at 1:00 PM on August 8, 2024 in Courtroom A1002. Sentencing will follow immediately afterward. SO ORDERED by Judge Daniel D. Domenico on 8/5/2024. Text Only Entry (dddlc9, ) (Entered: 08/05/2024) |

| 08/05/2024 | 524 | ORDER granting 521 Motion for Order as to Michael Aaron Tew to Permit Virtual or Telephonic Attendance for Co–Defendant's Sentencing Hearing. Mr. Tew's counsel is directed to contact the Courtroom Deputy via email (robb_keech@cod.uscourts.gov) no later than 8/6/2024 for instructions on how to proceed by telephone conference. All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. SO ORDERED by Judge Daniel D. Domenico on 8/5/2024. Text Only Entry (dddlc9, ) (Entered: 08/05/2024) |
|---|---|---|
| 08/06/2024 | 525 | REPLY TO RESPONSE to Motion by USA as to Kimberley Ann Tew re 513 MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture UNITED STATES REPLY TO KIMBERLEY TEWS NOTICE OF OBJECTION TO UNITED STATES MOTION FOR PRELIMINARY ORDER OF FORFEITURE (ECF DOC. 522)* (Hurd, Laura) (Entered: 08/06/2024) |
| 08/08/2024 | 526 | RESTRICTED PRESENTENCE REPORT first disclosure for attorney review as to Michael Aaron Tew (Attachments: # 1 Exhibit A)(ntaka) (Entered: 08/08/2024) |
| 08/08/2024 | 527 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Forfeiture Hearing and Sentencing as to Kimberley Ann Tew (2) held on 8/8/2024. Granting 513 MOTION for Forfeiture of Property as to Kimberley Ann Tew (2). Granting in part 515 Defendants Motion. Defendant sentenced as reflected on the record. Bond continued. Court Reporter: Tammy Hoffschildt. (rkeec) Modified on 8/8/2024 to include ruling on 515 Defendant's Motion. (rkeec). (Entered: 08/08/2024) |
| 08/13/2024 | 528 | JUDGMENT as to defendant Kimberley Ann Tew (2), Count(s) 1, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 16, Dismissed by Court during jury trial.; Count(s) 21–22, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 25–26, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 31–32, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 41, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 43–44, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 47, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50.; Count(s) 48, Defendant was found not guilty by jury at trial.; Count(s) 56, Defendant shall be imprisoned for a total term of forty–eight (48) |

|  |  | months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,053,878.50. Entered by Judge Daniel D. Domenico on 8/13/2024. (rkeec) (Entered: 08/13/2024) |
|---|---|---|
| 08/13/2024 | 529 | STATEMENT OF REASONS as to Kimberley Ann Tew (2). (rkeec) (Entered: 08/13/2024) |
| 08/14/2024 | 530 | Passport Receipt as to Kimberley Ann Tew (2). Forwarding passport to Dept. of State; Passport Number 522213975 issued by USA. Sent certified mail; receipt number 7019 2920 0001 1984 2431. (rkeec) (Entered: 08/14/2024) |
| 08/15/2024 | 531 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Schall, Jason) (Entered: 08/15/2024) |
| 08/15/2024 | 532 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (cmadr, ) (Entered: 08/15/2024) |
| 08/19/2024 | 533 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (rkeec) (Entered: 08/19/2024) |
| 08/19/2024 | 534 | Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Text Only Entry. Sentencing reset for 11/12/2024, at 01:30 PM, in Courtroom A1002 before Judge Daniel D. Domenico. (rkeec) (Entered: 08/19/2024) |
| 08/20/2024 | 535 | NOTICE OF APPEAL by Kimberley Ann Tew. (Kaplan, David) (Entered: 08/20/2024) |
| 08/21/2024 | 536 | Unopposed MOTION to Continue *Second Unopposed Motion to Continue Sentencing* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 08/21/2024) |
| 08/21/2024 | 537 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 535 Notice of Appeal as to Kimberley Ann Tew to the U.S. Court of Appeals. ( CJA, Fee not paid and 1915 motion not filed,) (Attachments: # 1 Preliminary Record)(cmadr, ) (Entered: 08/21/2024) |
| 08/21/2024 | 538 | USCA Case Number as to Kimberley Ann Tew 24–1333 for 535 Notice of Appeal filed by Kimberley Ann Tew. (cmadr, ) (Entered: 08/21/2024) |
| 08/22/2024 | 539 | ORDER granting 536 Motion to Continue as to Jonathan K. Yioulos. Sentencing set for 10/2/2024 is VACATED and RESET for 11/19/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 8/22/2024. Text Only Entry (dddlc9, ) (Entered: 08/22/2024) |
| 08/26/2024 | 540 | USPS Certified Mail Receipt Return re 530 Passport Receipt by Kimberley Ann Tew (cmadr, ) (Entered: 08/27/2024) |
| 08/28/2024 | 541 | TRANSCRIPT of Sentencing hearing as to Kimberley Ann Tew held on August 8, 2024 before Judge Domenico. Pages: 1–103.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts** |

| | | |
|---|---|---|
| | | **document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 08/28/2024) |
| 08/28/2024 | 542 | MOTION for Leave to Restrict by Michael Aaron Tew. (Schall, Jason) (Entered: 08/28/2024) |
| 08/28/2024 | 543 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Schall, Jason) (Entered: 08/28/2024) |
| 08/28/2024 | 544 | ORDER granting 542 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Docs. 531 , 532 , 533 , and 543 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 8/28/2024. Text Only Entry (dddlc9, ) (Entered: 08/28/2024) |
| 08/29/2024 | 545 | ORDER to Surrender as to Kimberley Ann Tew; Defendant to surrender to Satellite Prison Camp, FCI Phoenix, on 10/9/2024, at 12:00 PM, and will travel at her own expense. SO ORDERED by Judge Daniel D. Domenico on 8/29/2024. (rkeec) (Entered: 08/30/2024) |
| 09/04/2024 | 547 | TRANSCRIPT ORDER FORM by Kimberley Ann Tew Transcript ordered for proceedings held on 2/5/2024 through 2/15/2024, and 8/8/2024 re 535 Notice of Appeal. (cmadr, ) (Entered: 09/05/2024) |
| 09/05/2024 | 546 | MOTION for Order *Extending the Time for her to Surrender to the Warden at Satellite Prison Camp* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion Requesting an Order Extending the Time for her to Surrender to the Warden at Satellite Prison Camp)(Kaplan, David) (Entered: 09/05/2024) |
| 09/05/2024 | 548 | ORDER of USCA as to Kimberley Ann Tew re 535 Notice of Appeal. (USCA Case No. 24–1333). Upon consideration, the court grants the motion and appoints CJA Panel member Justin A. Lollman to represent appellant Kimberley Ann Tew going forward. See 18 U.S.C. § 3006A. On or before September 16, 2024, Mr. Lollman shall file an entry of appearance in this appeal. The Clerk of the U.S. District Court for the District of Colorado shall wait until at least September 26, 2024 before transmitting the record on appeal to this court. (cmadr, ) (Entered: 09/05/2024) |
| 09/06/2024 | 549 | ORDER denying 546 Motion Requesting Order Extending the Time for her to Surrender to the Warden at Satellite Prison Camp. Mr. and Mrs. Tew have had sufficient time to finalize childcare arrangements. The motion is DENIED. SO ORDERED by Judge Daniel D. Domenico on 9/6/2024. Text Only Entry (dddlc9, ) (Entered: 09/06/2024) |
| 09/16/2024 | 550 | MOTION for Order *for Release Pending Appeal* by Kimberley Ann Tew. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re: Motion for Release Pending Appeal)(Hubbard, Jamie) (Entered: 09/16/2024) |
| 09/17/2024 | 551 | MINUTE ORDER as to Kimberley Ann Tew re: 550 Motion for Order *for Release Pending Appeal*. The Government must respond by 9/27/2024. SO ORDERED by Judge Daniel D. Domenico on 9/17/2024. Text Only Entry (dddlc1, ) (Entered: 09/17/2024) |
| 09/20/2024 | 552 | |

| | | RESPONSE in Opposition by USA as to Kimberley Ann Tew re 550 MOTION for Order *for Release Pending Appeal* (Fields, Bryan) (Entered: 09/20/2024) |
|---|---|---|
| 09/25/2024 | 553 | SUPPLEMENT *Designation of Record* by Kimberley Ann Tew (Attachments: # 1 Exhibit 1 Designation of Record – District Court Docket Sheet)(Lollman, Justin) (Entered: 09/25/2024) |
| 09/25/2024 | 554 | TRANSCRIPT ORDER FORM re 535 Notice of Appeal by Kimberley Ann Tew. (Attachments: # 1 CJA Attachment CJA 24 Form)(Lollman, Justin) (Entered: 09/25/2024) |
| 09/26/2024 | 555 | ORDER Denying 550 MOTION FOR RELEASE PENDING APPEAL as to Kimberley Ann Tew (2) by Judge Daniel D. Domenico on 26 September 2024. (cmadr, ) (Entered: 09/26/2024) |
| 10/08/2024 | 556 | REPORTER TRANSCRIPT ORDER FORM as to Plaintiff USA, Movants Atlantic Union Bank, Christopher J. Alf, National Air Cargo Group, Inc., National Air Cargo Holdings, Inc., Defendants Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos, filed by Tamara Hoffschildt. Transcripts ordered 2–5–24 through 2–8–24; 2–9–24 through 2–16–24, JT and 8–8–24 Sentencing (thoff, ) (Entered: 10/08/2024) |
| 10/15/2024 | 557 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 10/15/2024) |
| 10/15/2024 | 558 | ORDER granting 557 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Pheonix, Arizona during the following windows:<br><br>1. October 25 through October 28, 2024;<br>2. November 1 through November 4, 2024; amd<br>3. November 8 through November 11, 2024.<br><br>Mr. Tew must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services as directed in advance of departure, (2) contact his probation officer as directed during approved travel, and (3) promptly contact his probation officer upon return from travel as directed. SO ORDERED by Judge Daniel D. Domenico on 10/15/2024. Text Only Entry (dddlc9, ) (Entered: 10/15/2024) |
| 10/20/2024 | 559 | VOIR DIRE TRANSCRIPT of proceedings held on February 5, 2025 before Judge Domenico. Pages: 1–119. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 560 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 5, 2024 before Judge Domenico. Pages: 1–95.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |

| 10/20/2024 | 561 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 6, 2024 before Judge Domenico. Pages: 96–350.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 562 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 8, 2024 before Judge Domenico. Pages: 351–554.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 563 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 8, 2024 before Judge Domenico. Pages: 555–811.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 564 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 9, 2024 before Judge Domenico. Pages: 812–1018.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available** |

| | | |
|---|---|---|
| | | **after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 565 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 12, 2024 before Judge Domenico. Pages: 1019–1249.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 566 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 13, 2024 before Judge Domenico. Pages: 1250–1509.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 567 | TRANSCRIPT of Jury Trial as to Kimberley Ann Tew held on February 14, 2024 before Judge Domenico. Pages: 1510–1662.<br><br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 568 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of Jury Trial, verdict as to Kimberley Ann Tew held on February 15, 2024 before Judge Domenico. Pages: 1663–1681.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/20/2024 | 569 | Amended TRANSCRIPT of Jury Trial, Day 3 as to Kimberley Ann Tew held on February 7, 2024 before Judge Domenico. Pages: 351–554.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, incorrect date was entered. ) (Entered: 10/20/2024) |
| 10/20/2024 | 570 | TRANSCRIPT of James hearing as to Kimberley Ann Tew held on December 19, 2023 before Judge Domenico. Pages: 1–140.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 10/20/2024) |
| 10/21/2024 | 571 | OBJECTION/RESPONSE to Presentence Report 526 by Michael Aaron Tew (Schall, Jason) (Entered: 10/21/2024) |
| 10/24/2024 | 572 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Michael Aaron Tew* by USA as to Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 10/24/2024) |

| 10/24/2024 | 573 | OBJECTION/RESPONSE to Presentence Report 571 by USA as to Michael Aaron Tew (Fields, Bryan) (Entered: 10/24/2024) |
|---|---|---|
| 10/24/2024 | 574 | ORDER as to Michael Aaron Tew re 572 Motion for Preliminary Order of Forfeiture. If Mr. Tew opposes this motion, he is ordered to file a response on or before November 1, 2024. SO ORDERED by Judge Daniel D. Domenico on 10/24/2024. Text Only Entry (dddlc9, ) (Entered: 10/24/2024) |
| 10/29/2024 | 575 | RESTRICTED DOCUMENT – Level 2: as to Michael Aaron Tew. (Attachments: # 1 Exhibit Defendant's Exhibits)(Schall, Jason) (Entered: 10/29/2024) |
| 11/05/2024 | 576 | RESTRICTED PRESENTENCE REPORT as to Michael Aaron Tew (Attachments: # 1 Exhibit A – Revised Recommendation).(agalv) (Entered: 11/05/2024) |
| 11/05/2024 | 577 | RESTRICTED ADDENDUM to Presentence Report 576 as to Michael Aaron Tew (Attachments: # 1 Exhibit A – Letters in Support). (agalv) (Entered: 11/05/2024) |
| 11/05/2024 | 578 | MOTION for Non–Guideline Sentence by Jonathan K. Yioulos. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Kornfeld, Richard) (Entered: 11/05/2024) |
| 11/05/2024 | 579 | MEMORANDUM in Opposition by USA as to Michael Aaron Tew re 575 Restricted Document – Level 2 *(Response in Opposition to Motion for Variant Sentence)* (Fields, Bryan) (Entered: 11/05/2024) |
| 11/05/2024 | 580 | MOTION For Downward Departure Pursuant to 5K1.1 by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/05/2024) |
| 11/06/2024 | 581 | ORDER RESETTING HEARING as to Jonathan K. Yioulos. Due to a conflict on the Court's calendar, and after consultation with counsel, the Sentencing set for 11/19/2024 is VACATED and RESET for 12/3/2024 at 10:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 11/6/2024. Text Only Entry (dddlc1, ) (Entered: 11/06/2024) |
| 11/10/2024 | 582 | ORDER re Sentencing as to Michael Aaron Tew. Live witnesses will not be permitted to testify at Tuesday's sentencing, though the defendant may speak on his own behalf or may submit other support in writing if he wishes. Any victims will also be given an opportunity to speak. SO ORDERED by Judge Daniel D. Domenico on 11/10/2024. Text Only Entry (dddlc9, ) (Entered: 11/10/2024) |
| 11/11/2024 | 583 | PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT as to Michael Aaron Tew (1) by Judge Daniel D. Domenico on 11 November 2024. (cmadr, ) (Entered: 11/12/2024) |
| 11/12/2024 | 584 | MOTION for Victim Rights *(Permission for Telephonic Participation)* by USA as to Michael Aaron Tew. (Fields, Bryan) (Entered: 11/12/2024) |
| 11/12/2024 | 585 | ORDER granting 584 Motion for Victim Rights as to Michael Aaron Tew. While it is unclear whether Fed. R. Crim. P. 32 requires the Court to permit victims not physically present in the courtroom an opportunity to speak at sentencing, the Court will allow any victims in this case an opportunity to speak telephonically at today's sentencing. SO ORDERED by Judge Daniel D. Domenico on 11/12/2024. Text Only Entry (dddlc9, ) (Entered: 11/12/2024) |
| 11/12/2024 | 586 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Sentencing held on 11/12/2024 as to defendant Michael Aaron Tew (1). Defendant sentenced as reflected on the record. 575 Defendants Motion is GRANTED IN |

| | | |
|---|---|---|
| | | PART. Bond continued. Court Reporter: Tammy Hoffschildt. (Attachments: # 1 Defendant Exhibit 1, # 2 Defendant Exhibit 2) (rkeec) (Entered: 11/12/2024) |
| 11/14/2024 | 587 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 11/14/2024) |
| 11/15/2024 | 588 | ORDER granting 587 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Pheonix, Arizona to visit his wife at FCI Pheonix between now and his self–report date so long as he provides completed travel itineraries (including both flight and lodging information) to probation at least two weeks prior to travel and receives approval from U.S.P.O. Seth Junker. SO ORDERED by Judge Daniel D. Domenico on 11/15/2024. Text Only Entry (dddlc9, ) (Entered: 11/15/2024) |
| 11/15/2024 | 589 | JUDGMENT as to defendant Michael Aaron Tew (1), Count(s) 1s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 2s–40s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 41s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,361,622.10.; Count(s) 42s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10.; Count(s) 44s–56s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10.; Count(s) 57s–60s, Defendant shall be imprisoned for a total term of forty–two (42) months. This term consists of forty–two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, $100,000.00 fine, and restitution in the total amount of $6,361,622.10. Entered by Judge Daniel D. Domenico on 11/15/2024. (rkeec) Modified on 11/18/2024 to correct fine amount (rkeec). (Entered: 11/15/2024) |
| 11/15/2024 | 590 | STATEMENT OF REASONS as to Michael Aaron Tew (1). (rkeec) (Entered: 11/15/2024) |

| 11/18/2024 | 591 | Passport Receipt as to Michael Aaron Tew (1). Forwarding passport to Dept. of State; Passport Number 484644160 issued by USA. Sent via certified mail receipt number 7019 2970 0001 1984 2455. (rkeec) (Entered: 11/18/2024) |
|---|---|---|
| 11/21/2024 | 592 | Unopposed MOTION to Travel by Michael Aaron Tew. (Schall, Jason) (Entered: 11/21/2024) |
| 11/22/2024 | 593 | ORDER granting 592 Motion to Travel as to Michael Aaron Tew. Mr. Tew may travel to Marquette, Michigan between January 1, 2025 and his self–report date. He must (1) provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from the trip. SO ORDERED by Judge Daniel D. Domenico on 11/22/2024. Text Only Entry (dddlc9, ) (Entered: 11/22/2024) |
| 11/22/2024 | 594 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Jonathan K. Yioulos* by USA as to Jonathan K. Yioulos. (Attachments: # 1 Proposed Order (PDF Only))(Hurd, Laura) (Entered: 11/22/2024) |
| 11/22/2024 | 595 | MOTION to Dismiss Counts *Pursuant to Plea Agreement* by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/22/2024) |
| 11/22/2024 | 596 | MOTION for Decrease for Acceptance of Responsibility by USA as to Jonathan K. Yioulos. (Fields, Bryan) (Entered: 11/22/2024) |
| 11/25/2024 | 597 | NOTICE OF APPEAL as to 589 Judgment,,,,,,,,,,, by Michael Aaron Tew. (Schall, Jason) (Entered: 11/25/2024) |
| 11/25/2024 | 598 | PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT as to Jonathan K. Yioulos (3) by Judge Daniel D. Domenico on 25 November 2024. (cmadr, ) (Entered: 11/25/2024) |
| 11/25/2024 | 599 | DESIGNATION OF RECORD ON APPEAL re 597 Notice of Appeal by Michael Aaron Tew. (Attachments: # 1 Exhibit A)(Frost, Kristen) (Entered: 11/25/2024) |
| 11/25/2024 | 600 | MOTION to Proceed in Forma Pauperis by Michael Aaron Tew. (Frost, Kristen) (Entered: 11/25/2024) |
| 11/26/2024 | 601 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 597 Notice of Appeal as to Michael Aaron Tew to the U.S. Court of Appeals. ( CJA, 1915 motion filed,) (Attachments: # 1 Preliminary Record)(cmadr, ) (Entered: 11/26/2024) |
| 11/26/2024 | 602 | RESTRICTED PRESENTENCE REPORT as to Jonathan K. Yioulos (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(mcfont) (Entered: 11/26/2024) |
| 11/26/2024 | 603 | RESTRICTED SECOND ADDENDUM to Presentence Report 602 as to Jonathan K. Yioulos (mcfont) (Entered: 11/26/2024) |
| 11/26/2024 | 604 | USCA Case Number as to Michael Aaron Tew 24–1465 for 597 Notice of Appeal filed by Michael Aaron Tew. (cmadr, ) (Entered: 11/27/2024) |
| 12/02/2024 | 605 | MINUTE ORDER as to Jonathan K. Yioulos re: Sentencing set for 12/3/2024. Members of the public may attend the hearing by teleconference at (571) 353–2301, using guest code 478499919. All persons participating in court proceedings by teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner. SO ORDERED by Judge Daniel D. |

| | | |
|---|---|---|
| | | Domenico on 12/2/2024. Text Only Entry (dddlc1, ) (Entered: 12/02/2024) |
| 12/03/2024 | 606 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Sentencing held on 12/3/2024 as to defendant Jonathan K. Yioulos (3). Granting in part 578 Motion for Non–Guideline Sentence as to Jonathan K. Yioulos (3). Granting 580 Motion for Downward Departure Pursuant to 5K1.1 as to Jonathan K. Yioulos (3). Granting 595 Motion to Dismiss Counts as to Jonathan K. Yioulos (3). Granting 596 Motion for Decrease for Acceptance of Responsibility as to Jonathan K. Yioulos (3). Defendant sentenced as reflected on the record. Bond is continued. Court Reporter: Kevin Carlin. (rkeec) (Entered: 12/03/2024) |
| 12/06/2024 | 607 | JUDGMENT as to defendant Jonathan K. Yioulos (3), Count(s) 1, Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 2–38, 40, Dismissed on United States of Americas Motion to Dismiss Counts.; Count(s) 39, Defendant shall be imprisoned for a total term of two (2) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $200.00 special assessment, no fine, and restitution in the total amount of $5,023,878.50. Entered by Judge Daniel D. Domenico on 12/6/2024. (rkeec) (Entered: 12/06/2024) |
| 12/06/2024 | 608 | STATEMENT OF REASONS as to Jonathan K. Yioulos (3). (rkeec) (Entered: 12/06/2024) |
| 12/09/2024 | 609 | USPS Certified Mail Receipt Return re 591 Passport Receipt as to Michael Aaron Tew (cmadr, ) (Entered: 12/10/2024) |
| 12/10/2024 | 610 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 611 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 612 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/10/2024 | 613 | TRANSCRIPT ORDER FORM re 597 Notice of Appeal by Michael Aaron Tew. (Frost, Kristen) (Entered: 12/10/2024) |
| 12/13/2024 | 614 | ORDER to Surrender as to Michael Aaron Tew (1). Defendant to surrender to FCI Florence, located at 5880 CO–67, Florence, CO 81226 on 2/1/2025, by 2:00 p.m. and will travel at their own expense. SO ORDERED by Judge Daniel D. Domenico on 12/13/2024. (rkeec) (Entered: 12/13/2024) |
| 12/13/2024 | 615 | ORDER of USCA as to Michael Aaron Tew re 597 Notice of Appeal. (USCA Case No. 24–1465). Kari Schmidt is appointed as counsel for Mr. Tew. Within 10 days of the date of this order, Ms. Schmidt shall file an entry of appearance in this appeal. (cmadr, ) (Entered: 12/16/2024) |
| 12/16/2024 | 616 | ORDER as to Michael Aaron Tew (1) by Judge Daniel D. Domenico on 16 December 2024. Accordingly, it is ORDERED that Defendant Michael Aaron Tew's Motion to Proceed In Forma Pauperis, Doc. 600 , is GRANTED. (cmadr, ) (Entered: 12/16/2024) |
| 12/23/2024 | 617 | |

| | | |
|---|---|---|
| | | REPORTER TRANSCRIPT ORDER FORM as to Defendants Michael Aaron Tew, Michael Aaron Tew, filed by Tamara Hoffschildt. Transcripts ordered 01–30–24; 4–22–24; 11–12–24 (thoff, ) (Entered: 12/23/2024) |
| 12/24/2024 | 618 | REPORTER TRANSCRIPT ORDER FORM as to Defendants Michael Aaron Tew filed by Julie Thomas. (nrich) (Entered: 12/24/2024) |
| 12/27/2024 | 619 | REPORTER TRANSCRIPT ORDER FORM filed by Patterson Transcription Company re 597 Notice of Appeal. Transcript due by 1/28/2025. (nrich) (Entered: 12/27/2024) |
| 01/03/2025 | 620 | TRANSCRIPT of Sentencing Hearing as to Jonathan K. Yioulos held on 12/03/2024 before Judge Domenico. Pages: 1–25.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (kcarl, ) (Entered: 01/03/2025) |
| 01/07/2025 | 621 | MINUTE ORDER re 589 Judgement as to Michael Aaron Tew. Upon review of the Declaration of Victim Losses and supporting documentation submitted by victim National Air Cargo, and consistent with the judgment imposed in the case of codefendant Jonathan K. Yioulos, the Court finds the restitution owed in relation to victim National Air Cargo is $5,023,878.50. Furthermore, the restitution payees are the insurance companies that reimbursed National Air Cargo, pursuant to 18 U.S.C. § 3664(j). Assistant United States Attorney Bryan David Fields and the defendants attorney, Jason Dale Schall, have advised the Probation Office that they have no objection to the judgment being amended to update the restitution order as detailed above. Therefore, the Court ORDERS the U.S. Probation Office to prepare an Amended Judgment reflecting amendments to the restitution order, as detailed above. SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc9, ) (Entered: 01/07/2025) |
| 01/07/2025 | 622 | MINUTE ORDER re 528 Judgment as to Kimberley Ann Tew. Upon review of the Declaration of Victim Losses and supporting documentation submitted by victim National Air Cargo, and consistent with the judgment imposed in the case of codefendant Jonathan K. Yioulos, the Court finds the restitution owed in relation to victim National Air Cargo is $5,023,878.50. Furthermore, the restitution payees are the insurance companies that reimbursed National Air Cargo, pursuant to 18 U.S.C. § 3664(j). Assistant United States Attorney Bryan David Fields and the defendants attorney, David Scott Kaplan, have advised the Probation Office that they have no objection to the judgment being amended to update the restitution order as detailed above. Additionally, the judgment shall be amended to reflect forfeiture includes a money judgment in the amount of proceeds obtained by the scheme and by the defendants, $5,023,878.50, consistent with the Courts finding during the forfeiture hearing on August 8, 2024. Therefore, the Court ORDERS the U.S. Probation Office |

| | | to prepare an Amended Judgment reflecting amendments to the restitution and forfeiture orders, as detailed above. SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc9, ) (Entered: 01/07/2025) |
|---|---|---|
| 01/07/2025 | 623 | ORDER as to Michael Aaron Tew.<br><br>On 1/7/2025, my chambers received an email from Defendant Michael Tew requesting that I consider an attached motion to extend his self−surrender date. Any documents that require the Court's attention must be filed on the record as motions or other appropriate filings. The parties in this case are ordered not to email my chambers, and any such communications will be ignored in the future.<br><br>In addition, Mr. Tew is currently represented by counsel, and all motions and papers on his behalf must be filed electronically by his attorney. His attorney may, if Mr. Tew wishes, file a motion seeking appropriate relief after conferring with Mr. Tew.<br><br>SO ORDERED by Judge Daniel D. Domenico on 1/7/2025. Text Only Entry (dddlc1, ) (Entered: 01/07/2025) |
| 01/08/2025 | 624 | AMENDED JUDGMENT as to Michael Aaron Tew (1), Count(s) 1s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10.; Count(s) 2s−40s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 41s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 42s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently. $5,600.00 special assessment, no fine, and restitution in the total amount of $$6,331,622.10.; Count(s) 44s−56s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of $6,331,622.10.; Count(s) 57s−60s, Defendant shall be imprisoned for a total term of forty−two (42) months. This term consists of forty−two (42) months on each of Counts 1 through 42 and 44 through 56; and twelve (12) months on each of counts 57 through 60; all counts imposed concurrently. Three (3) years supervised release on each count, to run concurrently., $5,600.00 special assessment, no fine, and restitution in the total amount of |

| | | |
|---|---|---|
| | | $6,331,622.10. Entered by Judge Daniel D. Domenico on 1/8/2025. (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 625 | AMENDED STATEMENT OF REASONS as to Michael Aaron Tew (1). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 626 | REASON FOR AMENDMENT as to Michael Aaron Tew (1). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 627 | AMENDED JUDGMENT as to Kimberley Ann Tew (2), Count(s) 1, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 16, Dismissed by Court during jury trial. Count(s) 21–22, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 25–26, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 31–32, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 41, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 43–44, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 47, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50.; Count(s) 48, Defendant was found not guilty by jury at trial.; Count(s) 56, Defendant shall be imprisoned for a total term of forty–eight (48) months on each count to run concurrently, three (3) years supervised release on each count to run concurrently, $100.00 special assessment ($1,200 total), no fine, and restitution in the total amount of $5,023,878.50. Entered by Judge Daniel D. Domenico on 1/8/2025. (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 628 | AMENDED STATEMENT OF REASONS as to Kimberley Ann Tew (2). (rkeec) (Entered: 01/08/2025) |
| 01/08/2025 | 629 | REASON FOR AMENDMENT as to Kimberley Ann Tew (2). (rkeec) (Entered: 01/08/2025) |
| 01/13/2025 | 630 | TRANSCRIPT of Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on March 18, 2021 before Judge Domenico. Pages: 1–27. <br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic** |

| | | |
|---|---|---|
| | | **transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (nrich) (Entered: 01/13/2025) |
| 01/13/2025 | 631 | NOTICE OF ATTORNEY APPEARANCE: Zachary Lee Newland appearing for Michael Aaron TewAttorney Zachary Lee Newland added to party Michael Aaron Tew(pty:dft) (Newland, Zachary) (Entered: 01/13/2025) |
| 01/13/2025 | 632 | NOTICE OF ATTORNEY APPEARANCE: David C. Boyer, Jr appearing for Michael Aaron TewAttorney David C. Boyer, Jr added to party Michael Aaron Tew(pty:dft) (Boyer, David) (Entered: 01/13/2025) |
| 01/15/2025 | 633 | ORDER to Surrender as to Jonathan K. Yioulos (3). Defendant to surrender to Lewisburg Satellite Camp on January 21, 2025, by 12:00 pm. and will travel at their own expense. SO ORDERED by Judge Daniel D. Domenico on 1/15/2025. (rkeec) (Entered: 01/15/2025) |
| 01/16/2025 | 634 | TRANSCRIPT of Trial Preparation Conference as to Michael Aaron Tew held on January 30, 2024 before Judge Domenico. Pages: 1–100.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 635 | TRANSCRIPT of Evidentiary hearing as to Michael Aaron Tew held on April 22, 2024 before Judge Domenico. Pages: 1–100.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 636 | TRANSCRIPT of Sentencing hearing as to Michael Aaron Tew held on November 12, 2024 before Judge Domenico. Pages: 1–31. |

|  |  |  |
|---|---|---|
|  |  | **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 637 | TRANSCRIPT of Motion to Detain hearing as to Kimberley Ann Tew held on April 22, 2024 before Judge Domenico. Pages: 1–100. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/16/2025 | 638 | TRANSCRIPT of Sentencing hearing for the codefendant as to Kimberley Ann Tew held on 1–31 before Judge Domenico. Pages: 1–31. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (thoff, ) (Entered: 01/16/2025) |
| 01/17/2025 | 639 | RESTRICTED DOCUMENT – Level 2: Defendant's Motion to Extend Self–Surrender Date as to Michael Aaron Tew. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Proposed Order (PDF Only))(Boyer, David) Modified to change event type to a Motion on 1/21/2025 (ggill, ). (Entered: 01/17/2025) |
| 01/17/2025 | 640 | MOTION for Leave to Restrict by Michael Aaron Tew. (Attachments: # 1 Proposed Order (PDF Only))(Boyer, David) (Entered: 01/17/2025) |
| 01/17/2025 | 641 | RESTRICTED DOCUMENT – Level 2: Brief in Support of Motion to Restrict |

| | | |
|---|---|---|
| | | Document No. 639 as to Michael Aaron Tew. (Boyer, David) Modified to update text on 1/21/2025 (ggill, ). (Entered: 01/17/2025) |
| 01/17/2025 | 642 | ORDER granting 640 Motion for Leave to Restrict. The Clerk of Court is directed to maintain Dkt. 639 and 641 at Level 2 restriction. SO ORDERED by Judge Daniel D. Domenico on 1/17/2025. Text Only Entry (dddlc9, ) (Entered: 01/17/2025) |
| 01/17/2025 | 643 | ORDER granting in part Mr. Tew's 639 Motion to Extend Self–Surrender Date. While the Court understands and regrets the extremely difficult situation Mr. Tew's family members are in, that is one of the many unfortunate consequences of Mr. and Mrs. Tew's criminal behavior. Recognizing the complications presented in the motion, Mr. Tew's self–surrender date is extended to March 1, 2025. Otherwise, the motion is denied. SO ORDERED by Judge Daniel D. Domenico on 1/17/2025. Text Only Entry (dddlc9, ) (Entered: 01/17/2025) |
| 01/21/2025 | 644 | NOTICE of Replacement due to Non–Compliant Files re 167 MOTION to Withdraw as Attorney by Michael Hassard, 151 Notice of Attorney Appearance – Defendant, 157 Notice of Attorney Appearance – Defendant, 290 Notice of Attorney Appearance – Defendant, 163 Restricted Document – Level 3, 165 Third MOTION to Continue , [204–6] Attachment to Response in Opposition,, 166 MOTION to Withdraw as Attorney by Xuan Zhou, 162 MOTION to Withdraw as Attorney by Tor Ekeland : The aforelisted documents have been converted to PDF/A standard and replaced on the docket due to a non–compliant PDF file type which prevents creation of a Record on Appeal. (lrobe) (Entered: 01/21/2025) |
| 01/24/2025 | 645 | TRANSMITTAL OF RECORD ON APPEAL as to Kimberley Ann Tew to the U.S. Court of Appeals for the Tenth Circuit as to 535 Notice of Appeal filed by Kimberley Ann Tew. (USCA Case No. 24–1333). (Attachments: # 1 Volume – Pleadings, # 2 Volume – Pleadings, # 3 Volume – Restricted Documents, # 4 Volume – Unrestricted Transcripts, # 5 Volume – 90 Day Transcripts)(angar, ) # 6 Volume – VI COURT ONLY Restricted) (angar, ). Modified on 1/24/2025 to correct a volume (angar, ). (Entered: 01/24/2025) |
| 01/27/2025 | 646 | MOTION to Withdraw as Attorney by Martha A. Paluch by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Paluch, Martha) (Entered: 01/27/2025) |
| 01/28/2025 | 647 | ORDER GRANTING 646 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Martha Paluch as counsel of record, and to remove this name from the electronic certificate of mailing. The United States will continue to be represented by attorneys Bryan Fields and Sarah Weiss. SO ORDERED by Judge Daniel D. Domenico on 1/28/2025. Text Only Entry (dddlc9, ) (Entered: 01/28/2025) |
| 01/30/2025 | 648 | USCA LETTER as to Michael Aaron Tew re 597 Notice of Appeal. (USCA Case No. 24–1465) (cmadr, ) (Entered: 01/30/2025) |
| 01/30/2025 | 649 | TRANSCRIPT of Initial Appearance and Arraignment as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on July 9, 2020 before Magistrate Judge Mix. Pages: 1–14.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed** |

| | | |
|---|---|---|
| | | **within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | [650](#) | TRANSCRIPT of Telephonic Preliminary Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on July 29, 2020 before Magistrate Judge Hegarty. Pages: 1–8.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | [651](#) | TRANSCRIPT of Status Conference as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on September 29, 2020 before Magistrate Judge Wang. Pages: 1–14.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | [652](#) | TRANSCRIPT of Motion Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on October 8, 2020 before Magistrate Judge Mix. Pages: 1–6.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 653 | TRANSCRIPT of In Court Hearing as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on December 9, 2022 before Magistrate Judge Mix. Pages: 1–19.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 01/30/2025 | 654 | TRANSCRIPT of Status Conference as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos held on March 21, 2024 before Magistrate Judge Prose. Pages: 1–64.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/30/2025) |
| 03/03/2025 | 655 | TRANSMITTAL OF SUPPLEMENTAL RECORD ON APPEAL as to Michael Aaron Tew to the U.S. Court of Appeals for the Tenth Circuit as to 597 Notice of Appeal filed by Michael Aaron Tew. (USCA Case No. 24–1465). (Attachments: # 1 Volume – I Transcripts)(angar, ) (Entered: 03/03/2025) |
| 03/03/2025 | 656 | TRANSMITTAL OF SUPPLEMENTAL RECORD ON APPEAL as to Michael Aaron Tew to the U.S. Court of Appeals for the Tenth Circuit as to 597 Notice of Appeal filed by Michael Aaron Tew. (USCA Case No. 24–1465). (Attachments: # 1 Volume – I Pleadings, # 2 Volume – 90 Day Transcripts)(angar, ) (Entered: 03/03/2025) |
| 03/10/2025 | 657 | ORDER of USCA as to Kimberley Ann Tew re 535 Notice of Appeal. (USCA Case No. 24–1333) (cmadr, ) (Entered: 03/10/2025) |
| 05/07/2025 | 658 | Unopposed MOTION to Travel *Out of the State* by Jonathan K. Yioulos. (Kornfeld, Richard) (Entered: 05/07/2025) |
| 05/08/2025 | 659 | ORDER granting 658 Unopposed Motion to Travel Out of State. Mr. Yioulos may travel to Sarasota, Florida, to visit family from 6/16/2025 to 6/23/2025. He must (1) |

| | | |
|---|---|---|
| | | provide documentation regarding his travel plans to United States Pretrial and Probation Services in advance of departure, and (2) promptly contact his probation officer upon return from his trip. SO ORDERED by Judge Daniel D. Domenico on 5/8/2025. Text Only Entry (dddlc9, ) (Entered: 05/08/2025) |
| 05/14/2025 | 660 | MOTION to Withdraw as Attorney *Sarah H. Weiss* by USA as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. (Fields, Bryan) (Entered: 05/14/2025) |
| 05/15/2025 | 661 | ORDER GRANTING 660 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Sarah Weiss as counsel of record, and to remove this name from the electronic certificate of mailing. Plaintiff United States of America will continue to be represented by attorney Bryan Fields. SO ORDERED by Judge Daniel D. Domenico on 5/15/2025. Text Only Entry (dddlc9, ) (Entered: 05/15/2025) |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| Michael Aaron Tew | ) | 20-mj-00088-KLM |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, and state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 2018 to present___ in the county of ___Denver___ in the ___State and___ District of ___Colorado___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 1956(h) | Conspiracy to Commit Money Laundering |

This criminal complaint is based on these facts:

See Affidavit attached hereto and hereby incorporated by reference.

☑ Continued on the attached sheet.

_____
s/ Lisa Palmer
_Complainant's signature_

Lisa Palmer, SA  IRS-CI
_Printed name and title_

Sworn to before me and ☐ signed in my presence. ☑ submitted, attested to, and acknowledged by reliable electronic means.

Date: ___08 Jul 2020___

_____
_Judge's signature_

City and state: ___Denver, Colorado___

Kristen L. Mix
United States Magistrate Judge
_Printed name and title_

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Lisa Palmer, Special Agent with Internal Revenue Service-Criminal Investigation (IRS-CI), Denver Field Office, being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge and belief:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service-Criminal Investigation (IRS-CI) since 2017 with primary investigative responsibilities involving criminal matters such as tax evasion and money laundering. I have participated in several fraud investigations including investigations involving bank fraud, healthcare fraud, and money laundering. Prior to my employment with the IRS, I spent approximately two years with Charles Schwab first as an IT Audit Senior Specialist and then as an IT Audit Manager. Prior to working for Charles Schwab I worked for three years with Ernst and Young in the IT Risk Assurance practice. I have a Master of Accounting degree from the University of New Mexico.

2.      This affidavit is being submitted in support of a criminal complaint charging the following defendant with the following offense:

> a.    Michael Aaron Tew with a violation of Title 18, United States Code Section 1956(h) [Conspiracy to Commit Money Laundering].

3.      Due to the limited purpose of this affidavit, I have not included each and every fact known concerning this investigation, although to the best of my information, knowledge, and belief, I have not omitted any material fact that undermines the statements and conclusions herein.  I have set forth only the facts I believe are necessary to establish probable cause to show that TEW committed the offense described herein.

<u>Summary of the Investigation</u>

4.      The Federal Bureau of Investigation (FBI) and Internal Revenue Service – Criminal

1

Investigation (IRS-CI) and other law enforcement agencies have been investigating Tew and others for fraud and money laundering activities, to include money laundering through the use of various forms of cryptocurrency. Based on my training and experience, cryptocurrency such as Bitcoin are often used to launder proceeds of specified unlawful activities like fraud.

5.     The investigation has revealed that TEW has conspired with others known and unknown to knowingly engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, specifically wire fraud, and to knowingly conduct or attempt to conduct a financial transaction designed to conceal or disguise the nature, location, source, ownership or control of proceeds of the wire fraud.

<u>Background and Probable Cause</u>

6.     During some portion of time between 2015 and September 2018, MICHAEL AARON TEW (TEW) served as a contracted chief financial officer (CFO) for a Florida company named National Air Cargo (NAC). He was a contractor for NAC rather than an employee. Between at least 2015 and present, he has resided in Colorado with his wife Kimberly Tew (nee Ventanen) (K. TEW). During the time TEW served as the contracted CFO for NAC, TEW was not paid directly by NAC for his services. Rather, he billed NAC and was paid by NAC through a single-member LLC, of which he was the only member. The name of that entity was Sand Hill LLC ("Sand Hill") and it was established by TEW in or around July 2012.

7.     In or around September 15, 2018, NAC fired TEW for, *inter alia*, unauthorized use of a corporate credit card. The unauthorized use began in or around June 2018.

8.     Between no later than August 2018 and present, TEW conspired with others known and unknown to engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that derived from a scheme to defraud NAC via wire and to

2

knowingly conduct or attempt to conduct a financial transaction designed conceal or disguise the nature, location, source, ownership or control of proceeds of the wire fraud.

9.    After Tew's termination and beginning in or around December 2018 through July 2020, three companies named Global Fuel Logistics (GFL), Aero Maintenance Resources (AMR), and Political Media (PM) tendered invoices to and received payments from NAC in the amount of more than $4 million in the aggregate.  Invoices from these companies referenced purported services such as "[b]usiness [c]onsulting," "fuel modification inspection & research," and "[m]aintenance."  The payments to these three entities were executed through wires or Automated Clearinghouse (ACH) transactions.  Many of the wires and ACH payments from NAC, located at a minimum in Florida and New York, were made into accounts owned and controlled by TEW and, sometimes also by his wife K. TEW, who both reside in Colorado. Some of the accounts were business accounts belonging to Global Fuel Logistics or GFL, but other accounts were personal accounts belonging to TEW or his wife.  The wires and ACH transactions involve interstate commerce between NAC and TEW and K. TEW.

10.    The invoices from GFL, AMR and PM were fraudulent because they were for goods and services NAC never received.  TEW submitted or caused to be submitted these fraudulent invoices. Moreover, according to NAC, GFL, AMR and PM were not properly approved vendors for NAC. On July 1, 2020, NAC's co-owner Christopher Alf advised that he was unaware of the fact of payments being directed to accounts either directly owned by TEW and K. TEW, or indirectly controlled by them.  That same day, Alf also stated that he was unaware at the time the payments were being made about the total amount of payments to these entities.  The first payment to one of these three entities was made in or around December 2018 and the most recent payment was made by NAC on or around June 30, 2020.  These are the payments to GFL, AMR, and PM known at

3

this time. There are additional fraudulent payments to other entities for the benefit of TEW and/or his wife beyond the three entities identified above as well as additional payments to the three entities listed.

11.     On July 1, 2020, the co-owner of NAC, Christopher Alf, and the Director of Accounting, Abby Schwartz, also both advised that TEW's contractor agreement was terminated by NAC in or around September 2018 after Schwartz, with the input and assistance of others, determined that charges made by TEW on a corporate American Express card were fraudulent. The charges reflected the unauthorized purchase of gift cards by TEW and K. TEW, and served no legitimate business purpose for NAC. Alf and Schwartz further advised that, since TEW's September 15, 2018 termination, NAC has had no further legitimate business dealings or contracts with TEW or K. TEW.

12.     I interviewed Jonathan Yiolous, NAC's now former Director of Finance and Controller, on July 7 and 8, 2020. Based on the investigation to date, this fraud began while TEW was still employed at NAC. In approximately summer 2018, TEW requested that then-Director of Finance for NAC, Yioulos, pay an invoice for a company named 5530 Jessamine Development LLC ("Jessamine"). Mr. Yioulos processed that payment, later learning from TEW that the payment was fraudulent as Jessamine had not provided services to NAC, or at least not in the amount claimed.

13.     According to Mr. Yioulos, TEW, and at times his wife as well, used the fact that he had previously paid a fraudulent invoice to Jessamine as leverage for him to continue to process fraudulent invoices, even after TEW's employment at NAC was terminated. Mr. Yioulos stated that TEW and his wife threatened to alert NAC about Mr. Yioulos's prior payment of fraudulent invoices and that such disclosure could threaten Mr. Yioulos's continued employment. At one point in time, K. TEW contacted Mr. Yioulos's now ex-wife electronically which Mr. Yioulos

4

understood as a threat so that he would continue to pay the fraudulent invoices. Mr. Yioulos also stated that while he exchanged various cryptocurrency with TEW and/or K. TEW at various points during this scheme, he only retained a few Bitcoin for his own personal benefit. Similarly, Mr. Yioulos stated that TEW and/or his wife K. TEW offered him season tickets to the Buffalo Bills for his assistance with the execution of this fraud, but he declined as he already had season tickets.

14. It was part of the conspiracy that different maneuvers would be undertaken to evade detection of the payment of the fraudulent invoices by NAC. TEW took steps or caused steps to be taken to make it difficult to ascertain that payments being tendered to GFL, AMR, and/or PM were going to him, either directly or indirectly for his benefit. For TEW's benefit, Mr. Yioulos also took multiple steps in the processing and approval of the payments to evade detection by anyone at NAC.

15. Yioulos and TEW, who was sometimes accompanied by his wife, communicated about the fraud by phone call and text message. Mr. Yioulos stated that TEW used the phone numbers 917-685-1312 and 917-669-7473 interchangeably to communicate with him from at least June 2018 to present. According to Mr. Yioulos, TEW discussed with him how to execute the fraud, to include the amount reflected on the invoices and the timing of subsequent payments. Mr. Yioulos stated that early to mid-2019, he communicated to TEW that one of the company's names in which fraudulent invoices were tendered, "Political Media," may arouse detection at NAC because the name of that company did not clearly align with the work of NAC, which, *inter alia*, provides freight forwarding solutions through charter and airlift operations, often to the United States Department of Defense. Subsequent to that conversation, TEW began submitting fraudulent invoices in the names of GFL (Global Fuel Logistics) and AMR (Aero Maintenance Resources).

16. At some point after 2016, Mr. Yioulos assumed the role of Controller but maintained his

responsibilities as the Director of Finance. He was TEW's point of contact at NAC between late 2018 and present. He was terminated by NAC on July 7, 2020.

17. Based on our investigation to date, it was part of the conspiracy that TEW and his wife K. TEW maintained a complex and ever-revolving network of bank accounts into which the NAC funds were deposited. These proceeds were largely deposited into accounts that TEW jointly controlled or otherwise had access to. Once the NAC funds were deposited, in order to launder those proceeds from the wire fraud, the NAC funds, in large part or in their entirety, were either quickly withdrawn in cash or otherwise wired or transferred to other accounts and often, ultimately, into various cryptocurrency exchanges. These amounts were often in excess of $10,000, and on occasion approached amounts like $100,000. TEW transferred the victim proceeds or caused those proceeds to be transferred or withdrawn. Many of the cash amounts withdrawn, often with multiple cash withdrawals a day by TEW and separately by K. TEW, were then deposited into Bitcoin ATMs like those operated by Digital Vending Solutions d/b/a XBTeller. Often in an attempt to evade detection, TEW made or caused to be made multiple withdrawals and deposits into Bitcoin ATMs in one day in lower dollar amounts.

18. An August/September 2019 transaction provides an example of how this conspiracy operated. On August 29, 2019, the email account accounting@globalfuel.co sent an email containing three invoices to Jonathan Yioulos's email address at National Air Cargo, jyioulos@nationalaircargo.com. One of these three invoices, Invoice 1023, was also dated August 29, 2019, and demanded $90,000.00 for the purported service of "Trailing Edge Flap Maintenance Review." The invoice stated that a 50% deposit was due immediately. Mr. Yioulos advised that payment for this invoice was split into two $45,000 payments. Based on his relationship with TEW, Mr. Yioulos, as he had done before, caused two ACH transfers to tender those two

6

payments.  One ACH transfer for $45,000 was conducted on or around August 26, 2019, and the other transfer for $45,000 was conducted on or around September 3, 2019.  Mr. Yioulos advised that it was not unusual to submit payment on an invoice even before the invoice was received as was the case with the first ACH transfer here on August 26, 2019.   TEW communicated to Mr. Yioulos what routing and account numbers to direct those ACH transfers to.  Based on that instruction, on September 3, 2019, Mr. Yioulos submitted or caused to be submitted an ACH payment of $45,000 from a Signature Bank account ending in 5545, a NAC account, via routing number ABA 256074974.  Mr. Yioulos directed those $45,000 of proceeds as part of the wire fraud to a Navy Federal Credit Union (NFCU) account ending in 5336, and Mr. Yioulos provided the name Global Fuel Logistics as the recipient or destination for this ACH transfer.  TEW was the sole owner of the NFCU account ending in 5336.

19.     The next day, on September 4, 2019, TEW transferred or caused to be transferred $45,000 from the NFCU checking account ending in 5336.  Prior to the transfer of $45,000 initiated by Mr. Yioulos on September 3, 2019, the balance in the NFCU account ending in 5336 was no more than approximately $1236.42.  The balance immediately after the transfer of $45,000 out of the NFCU account ending in 5336 was no more than approximately $1236.42.  The $45,000 that was transferred out of the NFCU account ending in 5336 was routed to a different account at NFCU with number 7085338486, a joint checking account held by TEW and his wife K. TEW.  Over the next two days, the funds were then split into various pieces with some being routed for example to Google Payments, others being routed to the Wynn Hotel, and withdrawal of $19,000 in cash over two separate transactions, $10,000 and $9,000, respectively.

20.     Mr. Yioulos was working and operating out of NAC's New York location, NAC was itself located in Florida and New York, while TEW and K. TEW were accessing their bank accounts in

Colorado. These wire and ACH transfers, and the instructions to effectuate the transfers, involved interstate commerce.

21.   I know through training and experience that persons who seek to "clean" proceeds of illegal activity use digital currency, such as Bitcoin, to complete the transactions. The digital currency gives the vendor and customer a perceived sense of anonymity. However, before customers can use the proceeds, to, for example, make a purchase on an online marketplace, they must first convert their fiat currency, such as the American dollar, into a digital or cryptocurrency accepted on the online marketplace.

22.   Based on my training and experience investigating crimes involving cryptocurrency and money laundering, an exchange of Bitcoin for fiat currency, in either direction, constitutes a financial transaction involving the movement of funds by wire or other means or otherwise affects interstate commerce because a fiat currency for Bitcoin exchange, in either direction, involves one or more monetary instruments.

23.   I, Lisa Palmer, being duly sworn according to law, depose and say the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information, and belief.

_s/ Lisa Palmer_____
Lisa Palmer, IRS-CI Special Agent

Sworn before me by reliable electronic means this 8th day of July, 2020.

The Honorable Kristen L. Mix
United States Magistrate Judge
District of Colorado

**Affidavit reviewed and submitted by Assistant United States Attorney Hetal J. Doshi.**

DEFENDANT:    MICHAEL AARON TEW

YOB:    **1979**

COMPLAINT FILED?    ____X__ Yes    ____ ___ No

If Yes, MAGISTRATE CASE NUMBER_____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?  ___ Yes  ___X_____ No
If No, a new warrant is required

OFFENSE(S):    Count 1:  18 U.S.C. 1956(h) (Conspiracy to Commit Money Laundering)

LOCATION OF OFFENSE:    Denver County, Colorado

PENALTY:    Count 1:  NMT 20 years' imprisonment; NMT a $500,000 fine or 2 times the amount laundered, or both imprisonment and a fine; NMT 3 years' supervised release, and a $100 special assessment fee.

AGENT:    FBI SA Sarah Anderson
IRS-CI SA Lisa Palmer

AUTHORIZED BY:    Assistant U.S. Attorney Hetal J. Doshi

ESTIMATED TIME OF TRIAL:

___ five days or less    ___X_ over five days    _____ other

THE GOVERNMENT

X____ will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

_____ will not seek detention

The statutory presumption of detention **is not** applicable to this defendant.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    **MICHAEL AARON TEW**,

     Defendant.

_____

**ENTRY OF APPEARANCE**
_____

     COMES NOW the undersigned, a member of the bar of this Court, and herewith

enters his appearance as counsel for Michael Aaron Tew.

Dated: July 9, 2020

               Respectfully submitted,

               s/ Michael Sheehan
               Michael J. Sheehan,
               Attorney at Law, LLC
               Attorney Reg. # 34934
               7400 E. Caley Ave., Suite 300
               Centennial, CO 80111
               (720) 381-6146
               Fax (303) 694-9370
               michael.sheehan.esq@gmail.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 9th Day of July, 2020, I electronically filed the forgoing **Entry of Appearance** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all parties in the case.

                                        s/ Michael Sheehan
                                        Michael Sheehan

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
James Sheehan (michael.sheehan.esq@gmail.com), Magistrate Judge Kristen L. Mix
(mix_chambers@cod.uscourts.gov)
--Non Case Participants: AUSA General Mail (usaco.ecfcriminal2@usdoj.gov),
Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal Division
(gregorio.rivera@usdoj.gov, jason.brackett@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7651899@cod.uscourts.gov
Subject:Activity in Case 1:20-mj-00088-KLM USA v. Tew Initial Appearance
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 7/9/2020 at 2:40 PM MDT and filed on 7/9/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–mj–00088–KLM |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**

**MINUTE ENTRY for Initial Appearance as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 7/9/2020. Defendant present in custody via video conference. Defendant advised. Defendant has retained private counsel and is not requesting court appointed counsel. Parties address the Court regarding release conditions. Bond set as to Michael Aaron Tew (1) $20,000 Unsecured with the conditions as set forth in the Order Setting Conditions of Release. Preliminary Examination set for 7/29/2020 2:00 PM in Courtroom A501 before Magistrate Judge Michael E. Hegarty. Defendant advised of conditions of bond and remanded for processing and release. (Total time: 14 minutes, Hearing time: 2:08–2:22)**

**APPEARANCES: Hetal Doshi on behalf of the Government via video conference, Michael Sheehan on behalf of the defendant, Angela Ledesma on behalf of pretrial via video conference FTR: KLM Courtroom A401. (lgale, ) Text Only Entry**

**1:20–mj–00088–KLM–1 Notice has been electronically mailed to:**

Michael James Sheehan     michael.sheehan.esq@gmail.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–mj–00088–KLM–1 Notice has been mailed by the filer to:**

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 1:20-mj-000088 |
| Michael Aaron Tew | ) |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Michael Aaron Tew _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ✓ )  to appear for court proceedings;

( ✓ )  if convicted, to surrender to serve a sentence that the court may impose; or

( ✓ )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(     ) (1)  This is a personal recognizance bond.

( ✓ ) (2)  This is an unsecured bond of $ **20,000** _____.

(     ) (3)  This is a secured bond of $ _____ , secured by:

(     )  (a) $ _____ , in cash deposited with the court.

(     )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it − such as a lien, mortgage, or loan − and attach proof of ownership and value)*:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(     )  (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

*defendant verbally consented to signature /KLM*

Date: __July 9, 2020__

*Defendant's signature*

_____     _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____     _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____     _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

### CLERK OF COURT

Date: __July 9, 2020__

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: __July 9, 2020__

_____
*Judge's signature*

Page 1 of 3 Pages

# UNITED STATES DISTRICT COURT
for the
District of Colorado

United States of America
v.

Michael Aaron Tew

*Defendant*

)
)
)
)
)

Case No.   1:20-mj-000088

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:  Alfred A. Arraj U.S. Courthouse located at: 901 19th Street, Denver, CO 80294
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 08/14 D/CO)  Additional Conditions of Release

Page **2** of **3** Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   )  (6)  The defendant is placed in the custody of:

Person or organization   _____

Address *(only if above is an organization)*   _____

City and state   _____   Tel. No.   _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____

Custodian            Date

( ✓ )  (7)  The defendant must:

( ✓ )  (a)  submit to supervision by and report for supervision to the  1929 Stout Street, Denver, CO   telephone number 303-844-5424.

(   )  (b)  continue or actively seek employment.

(   )  (c)  continue or start an education program.

( ✓ )  (d)  surrender any passport to:   To the clerk, U.S. District Court within 2 business days.

( ✓ )  (e)  not obtain a passport or other international travel document.

( ✓ )  (f)  abide by the following restrictions on personal association, residence, or travel:  _____

travel restricted to the state of Colorado unless permission is granted by the court.

(   )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   co-defendants

(   )  (h)  get medical or psychiatric treatment:  _____

(   )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(   )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

(   )  (k)  not possess a firearm, destructive device, or other weapon.

(   )  (l)  not use alcohol (   ) at all ( ✓ ) excessively.

(   )  (m)  Except as authorized by court order, the defendant shall not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility.

(   )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(   )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(   )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

(   )  (i)  **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as directed by the pretrial services office or supervising officer; or

( ✓ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

(   )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

( ✓ )  (q)  submit to location monitoring *GPS* as directed by the supervising officer, and comply with all program requirements and instructions provided.

( ✓ ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

(   )  (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

*does not apply*

( ✓ )  (s)  The defendant shall not act as an informant for any law enforcement agency without prior permission of the Court.

(   )  (t)  *not share complaint or arrest documents with anyone except*

(   )  (u)  *his atty*

(   )  (v)  _____

AO 199B       (Rev. 08/14 D/CO)  Additional Conditions of Release                                      Page 3 of 4 Pages

## ADDITIONAL CONDITIONS OF RELEASE

(x) (t)   The defendant's employment must be approved in advance by the supervising officer.

(x) (u)   The defendant shall provide verification of any income or funds received.

(x) (v)   The defendant shall provide access to any financial records requested by the supervising officer.

(x) (w)  The defendant shall not co-mingle personal and business funds.

(x) (x)   The defendant shall not register any business entities without prior disclosure to the supervising officer.  The defendant shall notify the supervising officer of the registration of any business entities by her family members.

(x) (y)   The defendant shall notify third parties of risks that may be occasioned by his personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(x) (z)   The defendant shall not conduct any financial transactions through the financial account of any business entity not previously disclosed to the supervising officer or through any other individual's financial account.

(x)(aa)  The defendant shall not solicit or receive money from third parties without prior approval by the supervising officer.

Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

*Verbal consent given to signature by Defendant on July 9, 2020  KLM*

_____
*Defendant's Signature*

Denver, Colorado
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____July 9, 2020_____       _____
                                                      *Judicial Officer's Signature*

                                                      KRISTEN L. MIX
                                                      U.S. MAGISTRATE JUDGE
                                                      DISTRICT OF COLORADO
                                                      *Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.


1.    **MICHAEL AARON TEW**,

     Defendant.
_____

**MOTION TO WITHDRAW**
_____

     Undersigned counsel hereby moves to withdraw from this case pursuant to Rule

1.16 of the Colorado Rules of Professional Conduct.  Undersigned counsel has been

authorized to state that the Defendant, Michael Aaron Tew, does not object to this motion.

Mr. Tew requests that the Federal Public Defender's Office be appointed to represent him.

Dated: July 19, 2020

               Respectfully submitted,


               s/ Michael Sheehan
               Michael J. Sheehan,
               Attorney at Law, LLC
               Attorney Reg. # 34934
               7400 E. Caley Ave., Suite 300
               Centennial, CO 80111
               (720) 381-6146
               Fax (303) 694-9370
               michael.sheehan.esq@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th Day of July, 2020, I electronically filed the forgoing **Motion to Withdraw** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all parties in the case.

s/ Michael Sheehan
Michael Sheehan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MICHAEL AARON TEW,

 Defendant.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 21, 2020**.

 Before the Court is a Motion to Withdraw filed by Michael Sheehan (ECF 13). Mr. Sheehan asserts, "Mr. Tew requests that the Federal Public Defendant's Office be appointed to represent him." At Defendant's initial appearance on July 9, 2020, Defendant informed the Court that he "has retained private counsel and is not requesting court appointed counsel." ECF 7. Accordingly, the Court is not in possession of a financial affidavit by which to determine whether court appointed counsel is appropriate in this case.

 Therefore, **on or before July 24, 2020**, Defendant shall complete and file a financial affidavit by which the Court may determine whether to appoint counsel for Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.


1.     **MICHAEL AARON TEW**,

      Defendant.

_____

**SUPPLEMENT TO UNOPPOSED MOTION TO WITHDRAW**
_____

      Undersigned counsel has been authorized to state that at this time the Defendant, Michael Aaron Tew, does not wish to have counsel from the Federal Public Defender's Office appointed. Instead, Tew has retained different private counsel.

      Tew has retained Eric M. Creizman of Armstrong Teasdale LLP. Undersigned counsel has spoken with Mr. Creizman, and has been authorized to state that Creizman will be entering his appearance in the coming days.


                Respectfully submitted,

                s/ Michael Sheehan
                Michael J. Sheehan,
                Attorney at Law, LLC
                Attorney Reg. # 34934
                7400 E. Caley Ave., Suite 300
                Centennial, CO 80111
                (720) 381-6146
                Fax (303) 694-9370
                michael.sheehan.esq@gmail.com

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 25th Day of July, 2020, I electronically filed the forgoing **Supplement** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to all parties in the case.

                                  s/ Michael Sheehan
                                  Michael Sheehan

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
7/28/20
JEFFREY P. COLWELL, CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. <u>20-mj-00088-KLM</u>

UNITED STATES OF AMERICA,

    Plaintiff,                    **RESTRICTED FILING**

v.

Michal Aaron Tew,

    Defendant.

_____

**ENTRY OF APPEARANCE OF COUNSEL**
_____

To:     The clerk of court and all parties of record

    I hereby certify that I am a member in good standing of the bar of this court, and I appear in this case as counsel for:

    <u>Michael Aaron Tew</u>

    (party name)

    (party name)

DATED at New York, New York this 28th day of July, 2020.

<u>Eric M. Creizman</u>
Name of Attorney

<u>Armstrong Teasdale LLP</u>
Firm Name

<u>919 Third Avenue, Fl. 37</u>
Office Address

<u>New York, New York 10022</u>
City, State, ZIP Code

<u>(212) 209-4358; (917) 494-5881</u>
Telephone Number

<u>ecreizman@atllp.com</u>
Primary CM/ECF E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     MICHAEL AARON TEW,

     Defendant.

_____

## MINUTE ORDER
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 29, 2020**.

       For good cause shown pursuant to D.C. Colo. LAttyR 5(b), the Motion to Withdraw filed by Michael Sheehan [filed July 20, 2020; ECF 13] is **granted**.  Mr. Sheehan's representation of the Defendant in this case is terminated.  Defendant will continue to be represented Eric Creizman.

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Eric M. Creizman (ecreizman@atllp.com), Hetal Janak Doshi
(caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov, portia.peter@usdoj.gov,
usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Magistrate Judge Kristen L. Mix
(mix_chambers@cod.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:7682391@cod.uscourts.gov
Subject:Activity in Case 20-88 Sealed v. Sealed (Redacted Notice)
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 7/29/2020 at 2:54 PM MDT and filed on 7/29/2020

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 1:20–mj–00088–KLM *SEALED* |
| **Filer:** | |
| **Document Number:** | 19(No document attached) |

**Docket Text:**
 **COURTROOM MINUTES for proceedings held before Magistrate Judge Michael E. Hegarty: Preliminary Hearing as to Michael Aaron Tew held on 7/29/2020. Defendant present on bond. Preliminary hearing waived. Status Conference set for 10/14/2020 at 02:00 PM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (Total time: 8 minutes, Hearing time: 2:12 p.m.–2:20 p.m.)**

**APPEARANCES: Hetal Doshi and Matthew Kirsch on behalf of the Government, Eric Creizman on behalf of the defendant. FTR: A501. (cthom, ) Text Only Entry**

**1:20–mj–00088–KLM *SEALED*–1 Notice has been electronically mailed to:**

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Eric M. Creizman    ecreizman@atllp.com

**1:20–mj–00088–KLM *SEALED*–1 Notice has been mailed by the filer to:**

*REDACTED NOTICE FOLLOWS*

**This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e–mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.

### U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 7/29/2020 at 2:54 PM MDT and filed on 7/29/2020

| | |
|---|---|
| **Case Name:** | Sealed v. Sealed |
| **Case Number:** | 20–88 (Requires CM/ECF login) |
| **Filer:** | Redacted |
| **Document Number:** | Sealed (No document attached) |

**Docket Text:**
 **The docket text for this docket entry is redacted because either the case or the docket entry is sealed. Docket text can be viewed via the unredacted NEF receipt available here.** (Requires CM/ECF login)

AO 468 (Rev. 04/15) Waiver of a Preliminary Hearing

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 20-mj-00088-KLM |
| Michael Aaron Tew | ) | |
| *Defendant* | ) | |

## WAIVER OF A PRELIMINARY HEARING

I understand that I have been charged with an offense in a criminal complaint filed in this court, or charged with violating the terms of probation or supervised release in a petition filed in this court. A magistrate judge has informed me of my right to a preliminary hearing under Fed. R. Crim. P. 5.1, or to a preliminary hearing under Fed. R. Crim. P. 32.1.

I agree to waive my right to a preliminary hearing under Fed. R. Crim. P. 5.1 or Fed. R. Crim. P. 32.1.

Date:    07/27/2020

*Defendant's signature*

*Signature of defendant's attorney*

Eric M. Creizman
*Printed name and bar number of defendant's attorney*

Armstrong Teasdale LLP
919 Third Avenue, Fl. 37
New York, New York 10022

*Address of defendant's attorney*

ecreizman@atlllp.com
*E-mail address of defendant's attorney*

(212) 209-4358; (917) 494-5881
*Telephone number of defendant's attorney*

(646) 200-5022
*FAX number of defendant's attorney*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MICHAEL AARON TEW,

    Defendant.

---

## ENTRY OF APPEARANCE OF COUNSEL

---

To:      The clerk of court and all parties of record

      I hereby certify that I am a member in good standing of the bar of this court, and I appear in this case as counsel for:

      the United States of America

    DATED at Denver, Colorado this 7th day of August, 2020.

        Matthew T. Kirsch
        Name of Attorney

        United States Attorney's Office
        Firm Name

        1801 California Street, Suite 1600
        Office Address

        Denver, CO, 80202
        City, State, ZIP Code

        303-454-0100
        Telephone Number

        Matthew.Kirsch@usdoj.gov
        Primary CM/ECF E-mail Address

1

Respectfully submitted this 7th day of August, 2020.

JASON R. DUNN
United States Attorney

By: *s/ Matthew T. Kirsch*
MATTHEW T. KIRSCH
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0401
E-mail: Matthew.Kirsch@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
  UNITED STATES OF AMERICA                    :
                                              :
              -v-                             :     Docket No.: 20-mj-0088-KLM
                                              :
  MICHAEL AARON TEW,                          :
                                              :     MOTION TO WITHDRAW
              Defendant.                      :
                                              :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

Undersigned counsel respectfully moves to withdraw as counsel to Michael Tew in this action under Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7).  In sum, Mr. Tew has not and apparently cannot meet his financial obligations to my firm in connection.  Furthermore, certain circumstances have made it unreasonably difficult to continue the representation separate and apart from his inability to honor the financial obligations of his engagement agreement with my firm.  I will be submitting a declaration setting forth in greater detail the reasons supporting my motion to withdraw.

In a separate motion, I will request that access to that declaration be restricted to the Court under a Level 3 restriction because the information contained therein implicates the attorney-client relationship and client confidences.  Mr. Tew has been advised of this motion and has been served with the motion and the declaration.  Mr. Tew does not oppose this motion.

I respectfully request that Mr. Tew be appointed counsel under the Criminal Justice Act.

Respectfully submitted,

New York, New York
August 12, 2020

/s/ Eric M. Creizman
Eric M. Creizman
Armstrong Teasdale LLP
919 Third Avenue, Fl. 37
New York, New York 10022
T: (212) 209-4358
M: (917) 494-5881
E: ecreizman@atllp.com

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :
            -v-                                     :        Docket No.: 20-mj-0088-KLM
                                                    :
MICHAEL AARON TEW,                                  :
                                                    :        MOTION TO RESTRICT ACCESS
            Defendant.                              :        TO DOCUMENT
                                                    :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Undersigned counsel hereby moves under Local Criminal Rule 47.1(c) to restrict access

to the declaration filed in support of my motion to withdraw as counsel to Michael Tew in this

action which is entered on the docket as Document Number 26.  As set forth in my motion to

withdraw as counsel (DE 25), I seek leave to withdraw from the representation under Rule 1.16

of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7), and

for Mr. Tew to be appointed counsel under the Criminal Justice Act.  The detailed information

provided in the declaration supporting my motion to withdraw should be limited to the Court's

review because it implicates the attorney-client relationship and client confidences.  Disclosure

of this sensitive information to the government or to the public may prejudice Mr. Tew in

connection with this case.  At bottom, the motion to withdraw is based on Mr. Tew's failure and

inability to comply with the financial terms of the engagement agreement and other personal

circumstances that render the representation unreasonably difficult.  Neither the government nor

the public at large have any legitimate or meaningful interest in accessing the more detailed,

specific information concerning those issues that is contained in that declaration.

1

Accordingly, I respectfully request that the declaration filed as Document Number 26 on the docket in this case be accorded a Level 3 restriction, limiting access to the filing party and the Court. *See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd.*, 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."); *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp.3d 155, 159 (D.D.C. 2016) (granting motion to file documents supporting motion to withdraw as counsel under seal without disclosure to any party because "[t]he redacted materials pertain to the attorney-client relationship . . . and assist the Court in considering Moving Attorneys' motion to withdraw"); *Thekkek v. Lasersculpt, Inc.*, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to file documents in support of attorney's motion to withdraw over opposing counsel's objection where the "confidential information they contain pertains only to the attorney-client relationship," the basis of the motion was a fee dispute, and "Plaintiffs have not articulated a legitimate interest in learning the specifics of the fee dispute.").

Respectfully submitted,

New York, New York
August 12, 2020

/s/ Eric M. Creizman
Eric M. Creizman
Armstrong Teasdale LLP
919 Third Avenue, Fl. 37
New York, New York 10022
T: (212) 209-4358
M: (917) 494-5881
E: ecreizman@atllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    MICHAEL AARON TEW,

     Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Withdraw** [#25], filed by Defendant Michael Aaron Tew's private counsel Eric M. Creizman ("Creizman"). Mr. Creizman moves to withdraw as Defendant's counsel and asks that Defendant be appointed counsel under the Criminal Justice Act. At Defendant's initial appearance on July 9, 2020, Defendant informed the Court that he "has retained private counsel and is not requesting court appointed counsel." *See* [#7]. When his initial counsel asked to withdraw, the Court ordered Defendant to file a financial affidavit by July 24, 2020, for the Court to use to determine whether to appoint counsel for Defendant. However, Mr. Creizman entered his appearance on Plaintiff's behalf instead. Thus, the Court is not in possession of a financial affidavit by which to determine whether court-appointed counsel is appropriate in this case. Accordingly,

IT IS HEREBY **ORDERED** that, **on or before August 20, 2020**, Defendant shall complete and file a financial affidavit (attached to this Minute Order) by which the Court may determine whether to appoint counsel for Defendant.

IT IS FURTHER **ORDERED** that the Motion to Withdraw [#25] is **GRANTED** to the extent that Mr. Creizman is relieved of all further representation of Defendant.

Dated: August 13, 2020

| CJA 23 (Rev. 11/11) | **FINANCIAL AFFIDAVIT** |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

**IN THE UNITED STATES** ☐ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

_____ v. _____

FOR _____

AT _____

**LOCATION NUMBER**

**PERSON REPRESENTED** *(Show your full name)*

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

**DOCKET NUMBERS**
Magistrate Judge
District Court
Court of Appeals

**CHARGE/OFFENSE** *(describe if applicable & check box →)* ☐ Felony ☐ Misdemeanor

---

**ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY**

**INCOME & ASSETS**

**EMPLOY-MENT**

Are you now employed? ☐ Yes ☐ No ☐ Self-Employed
Name and address of employer: _____
**IF YES,** how much do you earn per month? $ _____ **IF NO,** give month and year of last employment? _____ How much did you earn per month? $ _____
If married, is your spouse employed? ☐ Yes ☐ No
**IF YES,** how much does your spouse earn per month? $ _____ If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No
**RECEIVED** **SOURCES**
**IF YES,** give the amount received and identify the sources $ _____ _____
$ _____ _____

**CASH**

Do you have any cash on hand or money in savings or checking accounts? ☐ Yes ☐ No **IF YES,** total amount? $ _____

**PROP-ERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☐ No
**VALUE** **DESCRIPTION**
**IF YES,** give value and description for each $ _____ _____
$ _____ _____
$ _____ _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
___ Single
___ Married
___ Widowed
___ Separated or Divorced
Total No. of Dependents

List persons you actually support and your relationship to them
_____
_____
_____

**DEBTS & MONTHLY BILLS** *(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_____ SIGNATURE OF DEFENDANT *(OR PERSON REPRESENTED)* _____ Date

118

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    MICHAEL AARON TEW,

     Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

THIS MATTER is before the Court in connection with Defendant's request for appointment of counsel under the Criminal Justice Act ("CJA"). This request was made in a Motion to Withdraw [#25] filed by Defendant's private counsel Eric Mr. Creizman.

Attorney Creizman's Motion to Withdraw [#25] was granted by Minute Order [#28] of August 13, 2020. That Minute Order noted that at Defendant's initial appearance on July 9, 2020, Defendant informed the Court that he had "retained private counsel and is not requesting court appointed counsel." *Id.* (citing [#7]). When Defendant's initial counsel asked to withdraw, the Court ordered Defendant to file a financial affidavit by July 24, 2020, for the Court to determine whether to appoint counsel for Defendant. However, Mr. Creizman entered his appearance on Plaintiff's behalf instead. As a financial affidavit was not provided by which the Court could determine whether court-appointed counsel was appropriate, the Court ordered that Defendant complete and file a financial affidavit by August 20, 2020. *See* [#28].

On August 17, 2020, Mr. Creizman filed a letter [#29] attaching Defendant's completed financial affidavit. The Court has reviewed the affidavit and deems it sufficient for appointment of counsel under the Criminal Justice Act ("CJA"), without deciding the issue of whether the Defendant's Fifth Amendment rights would be violated by providing information regarding "other income." Accordingly,

IT IS HEREBY **ORDERED** that Defendant shall be appointed counsel under the CJA.

IT IS FURTHER **ORDERED** that if it appears at any time that the Defendant can afford to pay counsel, reimbursement of attorney fees may be required pursuant to 18 U.S.C. § 3006A(f).

Dated: August 19, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.

1. MICHAEL AARON TEW,

　　　　Defendant.
_____

**NOTICE OF APPEARANCE**
_____

　　　The Office of the Federal Public Defender, by and through undersigned counsel,

hereby enters its appearance in the above captioned case.

　　　　　　　　　Respectfully submitted,

　　　　　　　　　VIRGINIA GRADY
　　　　　　　　　Federal Public Defender


　　　　　　　　　s/ Edward R. Harris
　　　　　　　　　Edward R. Harris
　　　　　　　　　Assistant Federal Public Defender
　　　　　　　　　633 17th Street, Suite 1000
　　　　　　　　　Denver, CO  80202
　　　　　　　　　Telephone:  (303) 294-7002
　　　　　　　　　FAX:  (303) 294-1192
　　　　　　　　　Edward_Harris@fd.org
　　　　　　　　　Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically filed the foregoing

## NOTICE OF APPEARANCE

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
        Email:  hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
        Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Aaron Tew            *via U.S. mail*

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     MICHAEL AARON TEW,

      Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Restrict Access** [#27] (the "Motion"). In accordance with D.C.COLO.LCrR 47.1(d), the Motion was publicly posted to allow for any objections to the sealing of the document. No timely objections were filed. Pursuant to D.C.COLO.LCrR 47.1(c), the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. Accordingly,

      IT IS HEREBY **ORDERED** that the Motion [#27] is **GRANTED**. Pursuant to D.COLO.LCrR 47.1, the Clerk of the Court is directed to maintain the following document **UNDER RESTRICTION** at **LEVEL 3**:[1] Declaration of Eric M. Creizman in Support of Motion to Withdraw as Counsel to Michael Tew [#26].

      Dated: September 17, 2020

---

     [1] Level 3 limits access to the document to the filing party and the Court. *See* D.C.COLO.LCrR 47.1 (b).

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Edward R. Harris (co.ecf@fd.org, edward_harris@fd.org,
erhafpd@gmail.com, juanita_west@fd.org), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Magistrate Judge Kristen L. Mix (mix_chambers@cod.uscourts.gov)
--Non Case Participants: Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal
Division (gregorio.rivera@usdoj.gov, jason.brackett@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7766306@cod.uscourts.gov
Subject:Activity in Case 1:20-mj-00088-KLM USA v. Tew Minute Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 9/22/2020 at 9:06 AM MDT and filed on 9/22/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–mj–00088–KLM |
| **Filer:** | |
| **Document Number:** | 37(No document attached) |

**Docket Text:**
 **MINUTE ORDER by Magistrate Judge Kristen L. Mix on 9/22/20 as to Michael Aaron Tew re [36] Restricted Document – Level 1. Status Conference set for 11/9/2020 10:00 AM in Courtroom A401 before Magistrate Judge Kristen L. Mix. Text Only Entry (lgale, )**

**1:20–mj–00088–KLM–1 Notice has been electronically mailed to:**

Edward R. Harris     Edward_Harris@fd.org, Juanita_West@fd.org, co.ecf@fd.org, erhafpd@gmail.com

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–mj–00088–KLM–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. MICHAEL AARON TEW,

      Defendant.

_____

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY BOND
TO REMOVE THE HOME DETENTION CONDITION**

_____

COMES NOW Defendant Michael Aaron Tew ("Mr. Tew"), by and through his attorneys Edward R. Harris and The Office of the Federal Public Defender, and moves to modify the conditions of his bond by removing the home detention condition. In support of this motion, Mr. Tew states:

1.     On July 9, 2020, Magistrate Judge Mix ordered Mr. Tew's release from custody on a $20,000 unsecured bond. ECF 7-9. Conditions of that bond include both home detention (ECF 9 at 7p) and GPS monitoring (ECF 9 at 7q).

2.     Both home detention and GPS together are not needed to protect the public or to assure Mr. Tew's appearance for court proceedings.[1] GPS alone is

_____

[1] The original justification for the addition of these two conditions was the belief that Mr. Tew had access to funds and a desire to escape. Neither is currently true. Magistrate Judge Mix expressed concern about a text Mr. Tew sent referencing a desire for funds to leave the country. Those funds were never remitted and Mr. Tew, who lives month to month and has appointed counsel, has no hidden assets. His subsequent actions in this case (discussed in this motion and to be amplified at a bond hearing on this motion) evidence a desire to remain and face the charges.

sufficient.  The addition of home detention poses an unreasonable burden on Mr. Tew,
while at the same time not furthering the goals of the Bail Reform Act.

3.      Since his release, Mr. Tew has fully complied with the bond conditions set
by the court.  He has done so despite the home detention condition hampering  his
ability to care for his children, including daughter Zivah, a special needs child. Further,
Mr. Tew will soon have to find a new place to live and that search for housing will be
made more difficult by the current home detention condition.

4.      Mr. Tew poses neither a risk of flight nor a risk of nonappearance for
court.  In fact, he already has appeared for court several times without hesitation or
incident.  He grew up in Denver.  His parents, sister and brother all live here.   He has a
wife and two young children here in Denver.  His daughters go to school here.  He has
no significant ties elsewhere and no business need to travel. Nor does he possess a
passport (he surrendered it). In short, he is not going anywhere.

5.      Significantly, Mr. Tew is facing the charges against him, has already waived
indictment, and anticipates entering a preindictment disposition in the near future.
These are not the actions of a man anticipating flight.  Given everything, there is no
need to keep him restricted to his home.

6.      Uniquely too for Mr. Tew, apart from it being unnecessary, home detention
is also problematic.  Contrasted with the lack of any need to restrict Mr. Tew's
movement is his need to have greater flexibility of movement, largely due to his young
daughter Zivah.

7.      The little girl suffers a sensory disorder.  At age five and with that disability she has special needs.  Those needs do not always neatly fit the confines of her dad's home detention.  In fact, they often conflict.

8.      Mr. Tew is a very active and devoted parent.  He is involved in every aspect of his children's lives.  The children, and especially Zivah, rely heavily on him. Home detention sharply interferes with this.  For example, Zivah needs special evaluations for kindergarten.  A parent must be present for those evaluations.   Mr. Tew has to make special arrangements with the Pretrial Services to accommodate this.

9.      Likewise, although Mr. Tew has a scheduled time to take the kids out every other day, that inflexible constraint poorly matches the needs of a child with Zivah's issues.  For example, sometimes Zivah takes a nap and needs to go out later. Sometimes she needs to go out earlier.  Because of her sensory processing disorder she needs to embark in physical activity.  Physical activity is key to her inter-body regulation that allows her to then eat and communicate more normally.  Mr. Tew needs more flexibility to meet her special needs.

10.      Another concern and recent change in circumstances necessitating a modification of conditions is that Mr. Tew needs to find a new place to live.  That task is only complicated by home detention.  His apartment building is not renewing the lease and he must find a new place to live by November 1, 2020.  This requires more flexibility to come and go than is currently possible with home detention.[2]

---

[2] Even without these concerns, the current arrangement leaves much to be desired.  Although he is at this time not seeking to remove GPS location monitoring, Mr. Tew notes that the GPS monitor signal bounces off the walls of neighboring buildings and often sends a false signal even when he is in the home.

3

11.     Finally, Mr. Tew poses no danger to the public.  This is a white collar crime involving a former employer. Mr. Tew is neither violent nor dangerous.  GPS does nothing to prevent him from committing a further financial crime which he is in any event disinclined to do.

12.     Overall then, there is no need for GPS.  It simply poses an extra and unjustified burden on Mr. Tew and his family.

13.     Counsel has conferred with AUSA Hetal Doshi regarding this motion.  The government does not oppose removing the condition of home detention but leaving GPS location monitoring in place.  The government also would prefer that there be a 9:00 pm curfew as part of the bond (Mr. Tew does not oppose the 9:00 pm curfew, but believes it to be unnecessary).

WHEREFORE Defendant respectfully requests modification of bond to remove the home detention condition.

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
      Email:  hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
      Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Aaron Tew       *via U.S. mail*

                            s/ Edward R. Harris
                            Edward R. Harris
                            Assistant Federal Public Defender
                            633 17th Street, Suite 1000
                            Denver, CO  80202
                            Telephone:  (303) 294-7002
                            FAX:  (303) 294-1192
                            Edward_Harris@fd.org
                            Attorney for Defendant

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Edward R. Harris (co.ecf@fd.org, edward_harris@fd.org,
erhafpd@gmail.com, juanita_west@fd.org), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Magistrate Judge Kristen L. Mix (mix_chambers@cod.uscourts.gov)
--Non Case Participants: Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal
Division (gregorio.rivera@usdoj.gov, jason.brackett@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7779191@cod.uscourts.gov
Subject:Activity in Case 1:20-mj-00088-KLM USA v. Tew Status Conference
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 9/29/2020 at 5:24 PM MDT and filed on 9/29/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–mj–00088–KLM |
| **Filer:** | |
| **Document Number:** | 44(No document attached) |

**Docket Text:**

**COURTROOM MINUTES for Status Conference, and Arraignment as to Michael Aaron Tew held on 9/29/2020 before Magistrate Judge Nina Y. Wang. Defendant present on bond appearing by videoconference. Defendant advised regarding proceeding by remote means pursuant to CARES Act. Defendant consents. Defendant waives proceeding by indictment. Defendant sworn. Defendant questioned regarding waiver. Waiver tendered to the court. Information and penalty sheet tendered. Criminal Case number issues is 20–cr–00305. Defendant advised regarding the charges, penalties, and fines. Plea of NOT GUILTY entered by defendant. Parties do not believe a discovery conference is necessary in this matter. Defendant intends to file a motion to modify bond which will likely be referred to Judge Mix since she set the original conditions. Parties discuss process for Restricting #39 to Level 1 and the notice period. Defendants bond continues. (Total time: 16 minutes, Hearing time: 1:33–1:49)**

**APPEARANCES: Hetal Doshi and Matthew Krisch on behalf of the Government, Edward Harris on behalf of the Defendant. FTR: NYW–CRD. (bwilk, ) Text Only Entry**

**1:20–mj–00088–KLM–1 Notice has been electronically mailed to:**

Edward R. Harris    Edward_Harris@fd.org, Juanita_West@fd.org, co.ecf@fd.org, erhafpd@gmail.com

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20−mj−00088−KLM−1 Notice has been mailed by the filer to:**

DocuSign Envelope ID: 38775A6C-07C3-472C-8DB8-BC022E63E455

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
## for the
### District of Colorado

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Michael Aaron Tew | ) |
| | ) |
| *Defendant* | ) |

*20-cr-00305*

Case No.   20-mj-00088-KLM

## WAIVER OF AN INDICTMENT

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date:    09/24/2020

DocuSigned by:

*Michael Tew*

6F34E1CDFFF0465...

*Defendant's signature*

/s/ Edward R. Harris

Edward Harris   Digitally signed by Edward Harris Date: 2020.09.25 12:29:43 -06'00'

*Signature of defendant's attorney*

Edward R. Harris

*Printed name of defendant's attorney*

*Judge's signature*

Nina Y Wang, US Magistrate Judge

*Judge's printed name and title*

| Print | Save As... | | Reset |
|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL AARON TEW,

        Defendant.

---

**NOTICE OF DISPOSITION
AND REQUEST FOR CHANGE OF PLEA HEARING VIA VTC
TO BE HELD BETWEEN OCTOBER 19TH AND OCTOBER 26TH**

---

      Defendant, Michael Aaron Tew, by and through counsel, Edward R. Harris, Assistant Federal Public Defender, hereby notifies this Honorable Court that a disposition has been reached in this case with the government.  The parties are requesting permission to contact the Court to schedule a change of plea hearing via video teleconference.  In support of this request, Defendant states:

      1.     Mr. Tew moves this Court to hold his Change of Plea Hearing via video or telephone conference pursuant to Section 15002(b) of the CARES Act and General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS.

      2.     Section 15002(b)(2) of the CARES Act allows a court to conduct a felony plea hearing pursuant to Federal Rule of Criminal Procedure 11 by video conference, or telephone conference if video conferencing is not reasonable available, so long as the defendant consents and three criteria are met:

1) The Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States;

2) the chief judge of a district court […] specifically finds […] that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure […] cannot be conducted in person without seriously jeopardizing public health and safety; and

3) the district judge in a particular case finds for specific reasons that the plea […] in that case cannot be further delayed without serious harm to the interests of justice, the plea […] in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.[1]

All of these criteria have been met.

3.     First, on March 29, 2020, the Judicial Conference, pursuant to Section 15002(b) of the CARES Act, made a finding that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally ...". [2]   Under the CARES Act, this finding allows chief district judges, under certain circumstances and with the consent of the defendant, to temporarily authorize the use of video or telephone conferencing for certain criminal proceedings during the COVID-19 national emergency.[3]

---

[1] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).

[2] "Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic", United States Courts, March 31, 2020, https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery (last accessed on April 6, 2020).
[3] *Id.*

4.      Second, on April 6, 2020, the Chief Judge of the District of Colorado
issued General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL
PROCEEDINGS, which "specifically finds […] that felony pleas under Rule 11 of the
Federal Rules of Criminal Procedure […] cannot be conducted in person without
seriously jeopardizing public health and safety".[4]

5.      Third, in this case, there are "specific reasons that the plea […] cannot
be further delayed without serious harm to the interests of justice --"  public policy
and a pending grand jury investigation.

6.      The COVID pandemic shows no sign of abating soon.  There is no
vaccine.  Case numbers are rising.  As a public policy matter, it is unrealistic to expect
that courts can simply continue change of plea hearings indefinitely and not be
bogged down in the future when the crisis ends.

7.      Beyond this public policy issue, this case is proceeding by information.
There is an ongoing empaneled grand jury and the timeline for this plea would permit
the government to proceed with the plea without seeking an indictment of Mr. Tew.
This pre-indictment disposition is facilitated by a plea in the near term and precluded
by a lengthy continuance.  Mr. Tew benefits from not delaying the plea.

8.      General Order 2020-4 finds that felony plea hearings "may be conducted
by video teleconference, or by telephone conference if video teleconferencing is not

---

[4] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL
PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).

reasonably available."[5]  The District of Colorado has already established a procedure for conducting other types of hearings through telephone or video conference so Mr. Tew's  Change of Plea hearing can be conducted in the same way.

9.    The parties seek a Change of Plea hearing the week of October 19th or no later than October 27th.

10.    Finally, with Mr. Tew's voluntary consent, this Court possesses the authority to conduct his change of plea hearing without his physical presence in the courtroom.[6]  Undersigned counsel has discussed this matter with Mr. Tew, and he has consented to voluntarily waive his right to be physically present at his Change of Plea Hearing, opting instead to appear by telephone or videoconference.  Accordingly, the defense respectfully asks this Court to issue an order authorizing Mr. Tew to attend the Change of Plea Hearing by video or teleconference.

Respectfully Submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

---

[5] General Order 2020-4: CARES ACT FINDINGS REGARDING CRIMINAL PROCEEDINGS (D. Colo. April 6, 2020) (Brimmer, C.J.).  *See also* CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2).
[6] CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(4).

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically filed the foregoing
with the Clerk of Court using the CM/ECF system which will send notification of such
filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
        Email:  hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
        Email: matthew.kirsch@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the
following non CM/ECF participants in the manner (mail, hand-delivery, etc.)
indicated by the non-participant's name:

Michael Aaron Tew              *via U.S. mail*


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.:

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW**,
     **Defendant.**

---

## INFORMATION

---

The United States Attorney charges that:

## <u>GENERAL ALLEGATIONS</u>

1. At all times relevant to the charges contained in this Information, MICHAEL

   AARON TEW resided in the State and District of Colorado.

2. At all times relevant to the charges contained in this Information, N.A.C., Inc.

   ("NAC") is a company headquartered in Florida and with an office in New York.

   NAC operates in the United States and is affiliated with the company N.A.C.

   Group, Inc., d/b/a/ N.A., which is an airline that provides freight forwarding

   solutions, to include by charter and airlift.  N.A.C. Holdings, Inc. ("NAC Holdings")

   is also an affiliate of N.A.C.  NAC, N.A., and NAC Holdings are collectively "the

   Victim Company."

1

3.  Between a time unknown but no later than 2015 and until in or around
    September 2018, MICHAEL AARON TEW was a contracted Chief Financial
    Officer (CFO) for the Victim Company.

4.  In or around February 2012, MICHAEL AARON TEW registered the entity Sand
    Hill, LLC in the State of New York.  In or around November 2018, MICHAEL
    AARON TEW registered Sand Hill, LLC as a foreign limited liability company in
    the State of Colorado.

5.  The Victim Company paid for MICHAEL AARON TEW's contracted professional
    services on a monthly basis.  Payments for those services were made to Sand
    Hill, LLC.

6.  MICHAEL AARON TEW was terminated by the Victim Company in or around
    September 2018.

7.  At all times relevant to the charges contained in this Information, K.T. resided in
    the State and District of Colorado.

8.  Beginning at some point in time unknown but not later than 2016 and until in or
    around July 2020, J.Y. was an employee of the Victim Company.  Among the
    roles he held at the Victim Company, J.Y. served as the Director of Finance, and
    at some point in time after 2016, he assumed the role of Controller, but continued
    his responsibilities as the Director of Finance.  J.Y.'s employment was terminated
    by the Victim Company on or around July 7, 2020.

## COUNT ONE

9.  Beginning by at least August 2018, and continuing thereafter until about July 2020,
    in the State and District of Colorado, and elsewhere,

**MICHAEL AARON TEW**

2

and others, including J.Y. and K.T., and others unknown, did knowingly combine, conspire, confederate and agree together with other persons to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

10.     The defendant and others, known and unknown, submitted or caused to be submitted fraudulent invoices for payment to the Victim Company. These invoices contained material false pretenses and representations about the provision of services purportedly provided to the Victim Company.

11.     It was part of the conspiracy that these invoices were submitted by or on behalf of multiple corporate entities. H.S. CPAs LLC (HS CPAs); M.C.G., Inc. ("MCG"); 5530 J.D., LLC, ("5530 JD"); and P.M., Inc. ("PM") may have been or purported to be real companies whose existence predated the scheme to defraud. These four entities were operated by or otherwise affiliated with individuals who were contacts of the defendant or K.T. The defendant created and registered another entity, Global Fuel Logistics, Inc. ("GFL") in at least Wyoming and Colorado for the purpose of having different names on the fraudulent invoices submitted to NAC or its affiliates. The defendant, in coordination and consultation with K.T. and J.Y., also submitted fraudulent invoices on behalf Aero Maintenance Resources ("AMR"), a so-called "division" of GFL. On some occasions, the defendant used or caused to be used the name "SHI LLC" as the recipient payee on the fraudulent invoices. SHI LLC does not legally exist in Colorado, Michigan, New York, or Florida, but was shorthand for "Sand Hill, LLC."

12.     It was further part of the conspiracy to provide indicia of legitimacy on the

3

fraudulent invoices, including:

a.  Unique, non-consecutive invoice numbers, which implied that invoices were being directed to companies beyond the Victim Company;

b.  Listing the entity that was purportedly providing services, a description of services and, sometimes, a project name, as well as a due date;

c.  Identifying a sum certain, sometimes round numbers and other times specific numbers, that were associated with the purported provision of certain numbers of hours of service or work and which were sometimes reduced by "adjustments;"

d.  Identifying real bank account information for the entities, even if the entity was not in fact associated with that bank account; and

e.  Identifying a purported specific person, "Jessica Thompson," as a contact person in the "Accounting Department" for questions about the invoices from GFL and AMR.  "Jessica Thompson" did not in fact exist.

13.  It was further part of the conspiracy that at some point after the fraudulent invoices began to be submitted, the defendant, in consultation with J.Y., began providing more specific descriptions of the falsely claimed services listed on the invoices in an attempt to demand payment for services that more closely aligned with the work of the Victim Company and therefore would not arouse suspicion or detection. Initially, the fraudulent invoices contained generic descriptions of service like consulting services or "service fee" but over time, those descriptions grew more specific with later fraudulent invoices bearing descriptions like "Trailing Edge Flap[,]" "Replacement of Moisture Barrier over Kevlar (Labor Hours)[,]" and "A-330-200 (N819CA) Crew / Operations / Staff Training[.]"

4

14.     It was part of the conspiracy that on multiple occasions between no later than August 2018 and July 2020, the defendant, and on some occasions, K.T., contacted J.Y. to request, and at times demand, money.  The fraudulent invoices were used by the defendant, K.T., and J.Y. as the cover to receive money from the Victim Company largely into accounts controlled or operated by the defendant and K.T.

15.     To accommodate these demands for payment, J.Y., in his role as Controller and also fulfilling the responsibilities as the Director of Finance for the Victim Company often advised the defendant and K.T. about the financial status of NAC and/or its affiliates so that payments of the fraudulent invoices did not result in the Victim Company overdrawing its bank accounts, which would invite scrutiny.  The defendant and K.T. sometimes adjusted the amount demanded on the fraudulent invoices based on what J.Y. shared about the financial status of the Victim Company.

16.     If J.Y. deferred or delayed payment of the fraudulent invoices based on the financial status of the Victim Company, the defendant and K.T. sometimes pressured or threatened J.Y. to induce him to pay the invoices.

17.     The defendant and others known and unknown submitted or caused to be submitted these invoices to J.Y.  J.Y. approved and authorized some or all of the payments of these fraudulent invoices.  This approval and authorization caused the Victim Company to pay the defendant and others associated with the defendant, including K.T., more than $5,000,000.00 for services the Victim Company never received.

18.     Acting largely through J.Y., the Victim Company paid these fraudulent invoices

through automated clearinghouse (ACH) transactions or wire transfers, both of which traveled via interstate wire from the Victim Company's account at Signature Bank in New York to numerous bank accounts maintained by the defendant and K.T. in Colorado as well as to other accounts controlled by their affiliates.

19.   J.Y. often paid the fraudulent invoices in installments or "progress payments." That is, he authorized and approved multiple ACH transfers or wire transfers where each transfer was for an amount less than the total amount of an invoice to try to pay the defendant and K.T. with whatever money was available to the Victim Company at that time. The defendant and K.T. accepted partial payments based on what the Victim Company could afford at any given time during the conspiracy. Sometimes partial payments were made by the Victim Company prior to the receipt of an invoice to satisfy the defendant and K.T.'s demands for money.

20.   The defendant and K.T. also maintained multiple bank accounts at multiple financial institutions; some they held in their individual names and others were joint accounts.   Through these multiple accounts, they each made numerous transfers of funds that originated from the fraud against the Victim Company.  On many occasions, those transfers led to several cash withdrawals in a single day from accounts controlled by the defendant and K.T. individually or jointly.   After withdrawing cash that originated from payments by the Victim Company, often the defendant and sometimes K.T. deposited the aggregated amount of cash from that day or over a few days into Bitcoin ATMs, where they were able to deposit United States dollars in exchange for Bitcoin.

21.   It was part of the conspiracy that when a bank that held accounts receiving payments from the Victim Company during the early part of the conspiracy closed

6

some or all of the defendant and/or K.T.'s accounts, the defendant and K.T. then

created multiple accounts at a credit union, of which K.T. was a member.  When

that credit union questioned what appeared to be the payment of corporate funds

into personal accounts, the defendant, in coordination and consultation with K.T.,

changed the type of account from individual to business to facilitate the ongoing

receipt of payments for the defendant and K.T.'s benefit.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

22.     On or about the date identified below, within the District of Colorado and

elsewhere, **MICHAEL AARON TEW** did knowingly engage in and attempt to

engage in monetary transactions, specifically the withdrawal described below, in

and affecting interstate commerce, by, through and to one or more financial

institutions, in criminally derived property that was of a value greater than $10,000

and that was derived from specified unlawful activity, specifically, conspiracy to

commit wire fraud and wire fraud, in violation of Title 18 United States Code,

Sections 1343 and 1349, knowing that the property involved in such monetary

transactions represented the proceeds of some form of unlawful activity, as

follows:

| Count | Approx. Date | Approx. Amount | Transaction |
|-------|--------------|----------------|-------------|
| Two | September 18, 2019 | $15,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC, an account for which MICHAEL AARON TEW had signature authority. |

7

All in violation of Title 18, United States Code, Section 1957.

## COUNT THREE

23.   The allegations contained in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

24.   From 2018 to at least July 2020, in the State and District of Colorado, and elsewhere, MICHAEL AARON TEW, a resident of Colorado, did willfully attempt to evade and defeat income tax due and owing to him to the United States of America, by failing to file a 2019 tax return, on or before July 15, 2020, as required by law, to any proper officer of the Internal Revenue Service, failing to pay the Internal Revenue Service the income tax due and owing, and committing the following affirmative acts of evasion, among others, knowing the likely effect of each of which would be to mislead or conceal his true and correct income and taxes due thereon from the proper officers of the United States of America, by:

   a.   Invoicing the Victim Company in nominee company names, to include fraudulently invoicing the Victim Company on behalf of HS CPAs, M.C.G., 5530 JD, and P.M.;

   b.   Incorporating GFL in Wyoming after discussion with J.Y. about how it would arouse suspicion to have invoices paid directly to the defendant and/or K.T, setting up a new bank account listed on the GFL invoices to receive fraudulent payments, and listing indicia of identity for the GFL registration in the States of Wyoming and Colorado to be steps removed from the defendant's name and address; and

   c.   Sending invoices on behalf of a new entity, AMR, to evade detection of significant amounts of payments being sent to GFL.

8

All in violation of Title 26, United States Code, Section 7201.

**FORFEITURE ALLEGATION**

25.     The allegations contained in Counts One and Two of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18 United States Code, Section 982(a)(1), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

26.     Upon conviction of the violation alleged in Count One of this Information involving the commission of violations of Title 18, United States Code, Sections 1343, 1349, defendant MICHAEL AARON TEW shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: any proceeds from the sale of a 2016 Audi, VIN # WAUFFAFL3GN002447A and a money judgment in the amount of other proceeds obtained by the defendant.

27.     Upon conviction of the violation alleged in Count Two of this Information involving violation of Title 18, United States Code, Section 1957, defendant MICHAEL AARON TEW shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the defendant's right, title and interest in all property, real or personal, involved in such offense, or all property traceable to such property, including, but not limited to: a money judgment in the amount of proceeds obtained by the by the defendant.

28.     If any of the property described above, as a result of any act or omission of the

defendant:

        a)      cannot be located upon the exercise of due diligence;
        b)      has been transferred or sold to, or deposited with, a third
                party;
        c)      has been placed beyond the jurisdiction of the Court;
        d)      has been substantially diminished in value; or
        e)      has been commingled with other property which
                cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of said defendant up to the value of the forfeitable

property.

        Respectfully submitted this 29th day of September, 2020.

                                        JASON R. DUNN
                                        United States Attorney


                                        *s/ Hetal J. Doshi*
                                        Hetal J. Doshi
                                        Matthew T. Kirsch
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        1801 California Street, Suite 1600
                                        Denver, Colorado 80202
                                        Telephone: (303) 454-0100
                                        Email:  Hetal.Doshi@usdoj.gov
                                                Matthew.Kirsch@usdoj.gov

                                        *Attorneys for the United States*

DEFENDANT:        MICHAEL AARON TEW

YOB:              **1979**

COMPLAINT         ____X__ Yes      ____ ____ No
FILED?
                  If Yes, MAGISTRATE CASE NUMBER 20mj88-KLM

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?  __X_ Yes      ___ ____  No
If No, a new warrant is required

OFFENSE(S):       Count 1:  18 U.S.C. § 1349 (Attempt and Conspiracy)

                  Count 2:  18 U.S.C. § 1957 (Engaging in Monetary Transactions in
                  Property Derived from Specified Unlawful Activity)

                  Count 3:  26 U.S.C. § 7201 (Attempt to Evade or Defeat Tax)

LOCATION OF       Denver County, Colorado
OFFENSE:

PENALTY:          Count 1:  NMT 20 years' imprisonment; NMT a $250,000 fine or 2
                  times the amount of gain or loss, whichever is greater, or both
                  imprisonment and a fine; NMT 5 years' supervised release, and a
                  $100 special assessment fee.

                  Count 2:  NMT 10 years' imprisonment, NMT a $250,000 fine or two
                  times the amount laundered, whichever is greater, or both
                  imprisonment and a fine; NMT 3 years' supervised release; $100
                  special assessment fee.

                  Count 3:  NMT 5 years' imprisonment, NMT than a $250,000 fine; or
                  both imprisonment and a fine; not more than 3 years' supervised
                  release; costs of prosecution, and a $100 special assessment fee.

AGENT:            FBI SA Sarah Anderson
                  IRS-CI SA Lisa Palmer
                  IRS-CI SA Melinda Wilgus

AUTHORIZED        Assistant U.S. Attorney Hetal J. Doshi
BY:               First Assistant U.S. Attorney Matthew T. Kirsch

1

ESTIMATED TIME OF TRIAL:

____ five days or less          ___X_ over five days               _____ other

THE GOVERNMENT

_____ will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

___X___ will not seek detention

The statutory presumption of detention **is not** applicable to this defendant.

2

**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 1:120-cr-000305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL AARON TEW,

     Defendant.

---

**ORDER SETTING CHANGE OF PLEA HEARING AND AU-
THORIZING VTC OR TELEPHONE CONFERENCE**

---

This matter is before the court on the notice of disposition filed by Michael Aaron Tew and his motion through Counsel for an Order authorizing the use of video teleconferencing ('VTC"), and/or, if VTC is not reasonably available, telephone conferencing for the change of plea hearing in this matter. For the following reasons, the motion (Doc. 47) is **GRANTED**.

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act, 50 U.S.C. § 1601, et seq., with respect to the Corona-virus Disease 2019 ('COVID-19') have materially affected and will materially affect the functioning of the federal courts generally." On April 6, 2020, Philip A. Brimmer, Chief Judge of the United States District for the District of Colorado, issued District Court General Order 2020-4, finding that emergency conditions due to the COVID-19 pandemic will

materially affect the functioning of the courts within the District of Colorado. Chief Judge Brimmer also found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. Finally, Chief Judge Brimmer recognized that the CARES Act authorizes judges in individual cases to conduct felony guilty pleas or sentencings by VTC, or by telephone conference if VTC is not reasonably available, where that judge finds specific reasons that those cases cannot be further delayed without serious harm to the interest of justice, so long as the defendant consents after consultation with counsel. On April 21, 2020, Chief Judge Brimmer issued District Court General Order 2020-6, extending the terms of General Order 2020-3 through May 29, 2020. On May 21, 2020, Chief Judge Brimmer issued District Court General Order 2020-9, extending the terms of General Order 2020-3 and 2020-6 through June 19, 2020. On July 2, 2020, Chief Judge Brimmer issued District Court General Order 2020-12, extending the terms of General Order 2020-3, 2020-6, and 2020-9 through September 30, 2020. And on September 29, 2020, Chief Judge Brimmer issued District Court General Order 2020-17, extending the terms of General Order 2020-3, 2020-6, 2020-9, and 2020-12 through December 28, 2020.

Mr. Tew filed a notice of disposition with the Court on October 1, 2020, and requests a change-of-plea hearing be held before October 27th. Given the ongoing disruptions caused by the coronavirus pandemic, and then need for swift and efficient administration of justice, the court concludes that Mr. Tew's change-of-plea cannot be further delayed without serious harm to the interest of justice.

- 2 -

Accordingly, it is **ORDERED** a change-of-plea hearing is set for 10/22/2020 at 10:30 AM before Judge Daniel D. Domenico. Counsel for the parties shall email a courtesy copy of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty in the form required by Local Crim. R. 11.1(c)-(d) to Domenico_Chambers@cod.uscourts.gov no later than noon three business days prior to the Change of Plea Hearing. If these documents are not timely submitted, the hearing may be vacated. The original and one copy of these documents shall be delivered to the courtroom deputy at the time of the hearing pursuant to Local Crim. R. 11.1(e). Defense counsel who reviewed and advised Defendant regarding the Plea Agreement must attend the Change of Plea Hearing.

It is further **ORDERED** that, for the specific reasons noted above, the change-of-plea hearing in the above-referenced matter shall be conducted by VTC, or by telephone conference if VTC is not reasonably available. The Court will confirm the Defendant's consent to proceeding in this manner on the record at the hearing. The U.S. Marshal's Service is directed to ensure that the Defendant will be available to participate in the hearing from the detention facility he is being housed at. Counsel are directed to contact Courtroom Deputy Patti Glover at patricia_glover@cod.uscourts.gov no later than three business days before the hearing for instructions on how to proceed.

DATED: October 7, 2020.          BY THE COURT:

_____

Daniel D. Domenico
United States District Judge

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

MICHAEL AARON TEW,

       Defendant.

---

## MOTION TO WITHDRAW AS COUNSEL

---

The Office of the Federal Public Defender, by and through undersigned counsel, hereby moves for an Order withdrawing the Office of the Federal Public Defender and undersigned counsel from further representation of Mr. Tew, and appointing a member of the Criminal Justice Act Panel to represent Mr. Tew In support, counsel states:

1.    Circumstances have arisen such that undersigned counsel believes he must move to withdraw from continued representation of Mr. Tew.

2.    Colorado Rule 1.6 prevents undersigned counsel from further disclosing the reasons for moving to withdraw beyond noting that on October 21, 2020 Mr. Tew emailed to the Court a letter advising the Court that he had "terminated [his] relationship" with counsel.  The first that counsel heard of this "terminated" relationship was when he received a cc of the email to the Court.

3.     Given the content of Mr. Tew's letter and the allegations contained therein, as well as the clear expression by Mr. Tew that Mr. Harris no longer represents him, counsel is compelled, pursuant to Rule 1.16, to move to withdraw from continued representation of Mr. Tew.

4.     Counsel believes that there has been a fundamental and irretrievable breakdown in communication between counsel and Mr. Tew.

5.     "To warrant the substitution of counsel, a defendant must show good cause, such . . . . a complete breakdown of communications." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between the Defendant and his attorney ... rather there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

6.     Counsel represents to this court that this motion is not being filed due to mere strategic disagreement between Mr. Tew and undersigned counsel.  Mr. Tew's letter further evidences that this is not a strategic dispute.

7.     Colorado Rules of Professional Conduct 1.6 and 1.16 prohibit appointed counsel from further revealing the facts that support the mandatory termination of representation.  In essence, for reasons which counsel cannot discuss, because of the attorney-client privilege, the relationship between counsel and Mr. Tew is irreparably damaged such that continued representation would violate counsel's ethical duties of Loyalty, Diligence (Colorado Rule of Professional Conduct 1.3) and Conflict of Interest: General Rule (Colorado Rule of Professional Conduct 1.7).

2

8.    That breakdown is evidenced by: (1) what Mr. Tew alleges in the letter (matters which counsel ethically cannot even refute or comment upon given his duties of loyalty and confidentiality); and (2) the manner in which counsel learned of the letter (without warning or the courtesy of any notice). Beyond this, counsel can advise the Court that he has other specific concerns grounded in his history of communications with Mr. Tew that further lead him to believe that here has been an irretrievable breakdown in communications and in the attorney-client relationship.

9.    Counsel has attempted to reach Mr. Tew by phone to discuss this motion and Mr. Tew's letter.  He has not succeeded in reaching Mr. Tew.

10.    Pursuant to D.C. Colo. L. Cr. R. 57.5.D, a copy of this motion is being e-mailed to Mr. Tew.

11.     Because Mr. Tew has been declared indigent, undersigned counsel respectfully requests that a member of the Criminal Justice Act Panel be appointed to represent Mr. Tew.

3

WHEREFORE, the Office of the Federal Public Defender respectfully requests an Order withdrawing the Office of the Federal Public Defender and undersigned counsel from further representation of Mr. Tew and appointing a member of the Criminal Justice Act Panel to represent Mr. Tew.

Respectfully Submitted,

VIRGINIA GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorneys for Defendant

4

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
     Email:  hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
     Email: matthew.kirsch@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Aaron Tew       *via e- mail*


                 s/ Edward R. Harris
                 Edward R. Harris
                 Assistant Federal Public Defender
                 633 17th Street, Suite 1000
                 Denver, CO  80202
                 Telephone:  (303) 294-7002
                 FAX:  (303) 294-1192
                 Edward_Harris@fd.org
                 Attorney for Defendant

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Edward R. Harris (co.ecf@fd.org, edward_harris@fd.org,
erhafpd@gmail.com, juanita_west@fd.org), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:7814483@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Order on Motion to Withdraw as
Attorney
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 10/21/2020 at 2:20 PM MDT and filed on 10/21/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 55(No document attached) |

**Docket Text:**
 **ORDER granting [54] Motion to Withdraw as Attorney. Good cause having been shown, attorney Edward R. Harris is relieved of any further representation in this case. The Clerk of Court is instructed to terminate Mr. Harris as counsel of record, and to remove his name from the electronic certificate of mailing. An attorney from the Criminal Justice Act panel shall be appointed to represent Defendant Michael Aaron Tew. Absent extraordinary circumstances, no further motions to withdraw or motions to substitute counsel will be granted. The court reminds Mr. Tew that counsel is under a duty to provide him prudent and considered advice, even if that advice is not what Mr. Tew hopes to hear. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Edward R. Harris    Edward_Harris@fd.org, Juanita_West@fd.org, co.ecf@fd.org, erhafpd@gmail.com

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1** Notice has been mailed by the filer to:

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Edward R. Harris (co.ecf@fd.org, edward_harris@fd.org,
erhafpd@gmail.com, juanita_west@fd.org), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7814500@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 10/21/2020 at 2:25 PM MDT and filed on 10/21/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 56(No document attached) |

**Docket Text:**
**ORDER VACATING the change of plea hearing as to Michael Aaron Tew. In the light of this court's order granting Edward Harris' motion to withdraw as counsel for Mr. Tew [55], the change of plea hearing set for tomorrow, 10/22/2020, is hereby VACATED. SO ORDERED by Judge Daniel D. Domenico on 10/21/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Edward R. Harris (Terminated)    Edward_Harris@fd.org, Juanita_West@fd.org, co.ecf@fd.org, erhafpd@gmail.com

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

# MICHAEL AARON TEW

Honorable Daniel D. Domenico
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street, Courtroom A702
Denver, Colorado 80294-3589

Dear Judge Domenico:

I am writing today to communicate with you that I have terminated my relationship with my attorney, Edward Harris. Mr. Harris has consistently pressured me to sign documents with the threat that he will withdraw if I do not. I told Mr. Harris that I am fearful for my family's security and he refuses to file a motion to help keep this case sealed and protect my family. I also feel that I do not understand my rights in this case, the due process which I am giving up, and any benefits or drawbacks that may occur as it relates to the plea that I am being pressured to sign (pressured by my own attorney).

Further, the plea itself includes misrepresentations of the facts of the case, key issues I brought up with Mr. Harris and to which I was told that the plea is the "Government's version of the facts."

I want to be clear that I am willing to plead and cooperate with the Government as has always been the case. However, I am not comfortable with my representation and wish to terminate my representation prior to my hearing in order to obtain more appropriate counsel.

Sincerely,

Michael Tew

CC: Edward Harris

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**MICHAEL AARON TEW,**

      Defendant.

_____

**NOTICE OF ATTORNEY APPEARANCE**
_____

      Undersigned counsel hereby enters his appearance as counsel of record for

Defendant Michael Tew in this case. Counsel has been appointed to represent Mr. Tew

pursuant to the provisions of the Criminal Justice Act.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

Dated:   October 22, 2020

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on Thursday, October 22, 2020, I electronically filed the

foregoing **NOTICE OF ATTORNEY APPEARANCE** with the Clerk of Court using the

CM/ECF system, which will automatically send notification of such filing to all opposing

counsel of record.


s/Karla Alvarado
Karla Alvarado

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7816667@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
```
Content–Type: text/html

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 10/22/2020 at 2:35 PM MDT and filed on 10/22/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | <u>1:20–cr–00305–DDD</u> |
| **Filer:** | |
| **Document Number:** | 59(No document attached) |

**Docket Text:**
 **MINUTE ORDER re: [47] notice of disposition. Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 11/12/2020. SO ORDERED by Judge Daniel D. Domenico on 10/22/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-305-DDD

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

v.

    1.  **Michael Aaron Tew,**

     **Defendant.**

---

## UNOPPOSED MOTION TO RESTRICT DKT. 60 AND
## ANY ORDER GRANTING DKT. 60

---

      The United States of America, through Assistant United States Attorneys Hetal J. Doshi and

Matthew T. Kirsch, respectfully moves the Court, pursuant to District of Colorado Local Rule 47.1,

for an order restricting at a Level 1, reviewable by the parties and the Court, the following items: (1)

Third Joint Motion to Exclude Time Before Indictment (Dkt. 60); (2) any Order granting that

motion; and (3) the brief filed in support of this motion, for the reasons stated in the brief filed in

support of this motion. This motion seeks that all these materials be restricted until January 23,

2021.

Dated this 27th day of October, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*s/Hetal J. Doshi*
HETAL J. DOSHI
MATTHEW T. KIRSCH
Assistant U.S. Attorneys
United States Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax:  303-454-0403
E-mail:  Hetal.Doshi@usdoj.gov
          Matthew.Kirsch@usdoj.gov
*Attorneys for the United States*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/Hetal J. Doshi*
HETAL J. DOSHI
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Hetal J. Doshi*
HETAL J. DOSHI
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
Fax: 303-454-0403
E-mail: Hetal.Doshi@usdoj.gov

*Attorney for the United States*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

    **1.**   **Michael Aaron Tew,**

      **Defendant.**

---

## ORDER TO RESTRICT DKT. 60, ORDER GRANTING DKT. 60, AND BRIEF IN SUPPORT OF UNOPPOSED MOTION TO RESTRICT DKT. 60

---

The Court has considered the government's Motion to Restrict Dkt. 60 and Any Order Granting Dkt. 60.

Upon consideration and for good cause shown,

IT IS ORDERED that the Third Joint Motion to Exclude Time for Indictment, Dkt. 60, Order granting the same, Dkt. 63, and the Brief in Support of the Motion to Restrict, Dkt. 62 are hereby restricted at Level 1 restriction until January 23, 2021.

IT IS SO ORDERED on this _____ day of October, 2020.

BY THE COURT:

_____
THE HONORABLE DANIEL D. DOMENICO
UNITED STATES DISTRICT COURT JUDGE

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov)
--No Notice Sent:

Message-Id:7826528@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Order on Motion for Leave to
Restrict
Content-Type: text/html
```

### U.S. District Court – District of Colorado

#### District of Colorado

### Notice of Electronic Filing

The following transaction was entered on 10/28/2020 at 5:10 PM MDT and filed on 10/28/2020

**Case Name:**      USA v. Tew
**Case Number:**      1:20-cr-00305-DDD
**Filer:**
**Document Number:** 64(No document attached)
**Docket Text:**
 ORDER granting [61] Motion for Leave to Restrict as to Michael Aaron Tew. By Judge Daniel D. Domenico on 10/28/2020. Text Only Entry (athom, )

**1:20-cr-00305-DDD-1 Notice has been electronically mailed to:**

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward     tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20-cr-00305-DDD-1 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**MICHAEL AARON TEW,**

      Defendant.

_____

## MOTION TO RESTRICT ACCESS TO DOCUMENTS 66 AND 67
_____

      Defendant Michael Tew respectfully moves the Court to designate Documents 66

and 67 as Level 2 restricted documents, for the reasons stated in Document 66.


Respectfully Submitted,


s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

Dated:   November 12, 2020

**C**ERTIFICATE OF **S**ERVICE

I hereby certify that on Thursday, November 12, 2020, I electronically filed the

foregoing **MOTION TO RESTRICT ACCESS TO DOCUMENTS 66 AND 67** with the

Clerk of Court using the CM/ECF system, which will automatically send notification of

such filing to all opposing counsel of record.


s/Karla Alvarado
Karla Alvarado

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov)
--No Notice Sent:

Message-Id:7848696@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Order on Motion for Leave to
Restrict
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 11/13/2020 at 9:32 AM MST and filed on 11/13/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 68(No document attached) |

**Docket Text:**
 ORDER granting [65] Motion for Leave to Restrict as to Michael Aaron Tew. For good cause shown, documents 66 and 67 shall remain at a Level 2 Restriction. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, )

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7848788@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
```
Content–Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 11/13/2020 at 9:55 AM MST and filed on 11/13/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 69(No document attached) |

**Docket Text:**
 **MINUTE ORDER re Status Report [67]. Defendant shall file a status report regarding the status of his plea and any other issues he wishes to bring to the court's attention no later than 12/10/2020. SO ORDERED by Judge Daniel D. Domenico on 11/13/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.


**MICHAEL AARON TEW,**

      Defendant.

_____

## MOTION TO RESTRICT ACCESS TO DOCUMENTS 71 AND 72
_____

      Defendant Michael Tew respectfully moves the Court to designate Documents 66

and 67 as Level 2 restricted documents, for the reasons stated in Document 72.


Respectfully Submitted,


s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

Dated:   December 10, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on Thursday, December 10, 2020, I electronically filed the

foregoing **MOTION TO RESTRICT ACCESS TO DOCUMENTS 66 AND 67** with the

Clerk of Court using the CM/ECF system, which will automatically send notification of

such filing to all opposing counsel of record.


s/Karla Alvarado
Karla Alvarado

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Matthew T.
Kirsch (caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov, veronica.ortiz@usdoj.gov), Thomas Richard Ward
(kalvarado@mswdenver.com, krodriguez@mswdenver.com, tward@mswdenver.com), Judge Daniel D.
Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov)
--No Notice Sent:

Message-Id:7887075@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Order on Motion for Leave to
Restrict
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 12/11/2020 at 8:54 AM MST and filed on 12/11/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 73(No document attached) |

**Docket Text:**
 **ORDER granting [70] Motion for Leave to Restrict as to Michael Aaron Tew (1). For good cause shown, Docs. 71 and 72 shall remain at a Level 2 restriction. Defendant is further ORDERED to file a status report in this matter no later than noon on 12/23/2020. SO ORDERED by Judge Daniel D. Domenico on 12/11/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Matthew T.
Kirsch (caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov, veronica.ortiz@usdoj.gov), Thomas Richard Ward
(kalvarado@mswdenver.com, krodriguez@mswdenver.com, tward@mswdenver.com), Judge Daniel D.
Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7887398@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Set/Reset Deadlines and Hearings
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/11/2020 at 10:52 AM MST and filed on 12/11/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 74(No document attached) |

**Docket Text:**
 **Utility Setting/Resetting Deadlines/Hearings as to Michael Aaron Tew: Status Report due by
12/23/2020 pursuant to [73] Order. Text Only Entry (athom, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW,**

     Defendant.

_____

## DEFENDANT'S STATUS REPORT
_____

Michael Tew, by and through undersigned counsel, hereby submits the following Status Report concerning proceedings in the above-referenced case:

1.     This Status Report is submitted in response to the Court's order of December 11, 2020 (Doc. 73), directing that "Defendant is further ORDERED to file a status report in this matter no later than noon on 12/23/2020."

2.     The present status of this matter is that the parties have been unable to reach a disposition.

3.     Mr. Tew therefore withdraws the Notice of Disposition (Doc. 47) filed October 1, 2020.

Respectfully Submitted,


s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

Dated:   December 23, 2020

2

**CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, December 23, 2020, I electronically filed the

foregoing **DEFENDANT'S STATUS REPORT** with the Clerk of Court using the CM/ECF

system, which will automatically send notification of such filing to all opposing counsel of

record.


<u>s/Thomas R. Ward</u>
Thomas R. Ward

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Matthew T.
Kirsch (caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov, veronica.ortiz@usdoj.gov), Thomas Richard Ward
(kalvarado@mswdenver.com, krodriguez@mswdenver.com, tward@mswdenver.com), Judge Daniel D.
Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7907196@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
```
Content-Type: text/html

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 12/28/2020 at 11:11 AM MST and filed on 12/28/2020

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 76(No document attached) |

**Docket Text:**
**Order regarding status report [75] filed by Michael Aaron Tew. In light of Mr. Tew's withdrawal of his notice of disposition, unless the parties file a motion to the contrary, the court will remove the restriction on the information on 1/4/21. SO ORDERED by Judge Daniel D. Domenico on 12/28/2020. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward     tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW,**

     Defendant.

---

### MOTION TO MAINTAIN LEVEL 2 RESTRICTION ON ACCESS TO DOCUMENT 49 (RESTRICTED INFORMATION)

---

     Defendant Michael Tew respectfully moves the Court to continue to maintain Doc. 49 (Restricted Information), and to designate Doc. 77 (Defendant's brief in support of this motion) as restricted documents subject to Level 2 restriction (accessible only by the Court, Mr. Tew, and the government), for the reasons stated in Doc. 77.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888; Fax 303-863-8888
tward@mswdenver.com

Dated:   January 4, 2021

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on Monday, January 04, 2021, I electronically filed the foregoing **MOTION TO MAINTAIN LEVEL 2 RESTRICTION ON ACCESS TO DOCUMENT 49 (RESTRICTED INFORMATION)** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

s/Karla Alvarado
Karla Alvarado

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, justin.kellogg@usdoj.gov,
katrina.crouse@usdoj.gov, royce.namoca@usdoj.gov, sean.oman@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7915643@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/5/2021 at 9:53 AM MST and filed on 1/5/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 79(No document attached) |

**Docket Text:**
**MINUTE ORDER as to Defendant Michael Aaron Tew's Motion to Restrict [77]. The government shall file its response in opposition to the motion, if any, no later than 1/12/2021. SO ORDERED by Judge Daniel D. Domenico on 1/5/2021. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, stephanie.price@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov,
veronica.ortiz@usdoj.gov), Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov)
--No Notice Sent:

Message-Id:7936819@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Order on Motion for Leave to
Restrict
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/20/2021 at 8:18 AM MST and filed on 1/20/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 81(No document attached) |

**Docket Text:**
**Order Denying [78] Motion to Maintain Restriction on Indictment. Mr. Tew has failed to identify a private interest in restriction of the information in this case sufficient to overcome the presumption in favor of public access to court documents. His motion to restrict access is thus DENIED. The clerk is directed to un–restrict the information in this case, Doc. 49. SO ORDERED by Judge Daniel D. Domenico on 1/20/2021. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov, veronica.ortiz@usdoj.gov

Thomas Richard Ward     tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL AARON TEW,

     Defendant.

---

## ORDER SETTING TRIAL DATE AND RELATED DEADLINES

---

This matter comes before the court for the setting of a trial date and related pretrial deadlines. Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Federal Rules of Criminal Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado, it is ORDERED that:

1. A **five-day jury trial** is set to commence at **9:00 a.m.** on **March 15, 2021** in Courtroom A 702 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294; and

2. A Trial Preparation Conference is set for **1:30 p.m.** on **March 3, 2021** in Courtroom A 702. The parties should be prepared to address the following issues at the Trial Preparation Conference: (1) any outstanding motions; (2) jury selection and jury instructions; (3) sequestration of witnesses; (4) timing of presentation of witnesses and evidence; (5) anticipated evidentiary issues; (6) any stipulations of fact or law; and (7) any other issue affecting the duration or course of the trial.

It is FURTHER ORDERED that:

1.   All pretrial motions shall be filed no later than **February 17, 2021**, responses to those motions shall be filed no later than F**ebruary 24, 2021**, and no replies shall be permitted without prior leave of the Court. Prior to filing any discovery motion, counsel for the moving party or a pro se party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they shall file a motion titled "Unopposed Motion for _____," and shall file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down;

2.   Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) shall be made no later than **four weeks** prior to the Trial Preparation Conference, and any challenges to such experts shall be made no later than **three weeks** prior to the Trial Preparation Conference;

3.   Rebuttal expert witness disclosures shall be made no later than **two weeks** prior to the Trial Preparation Conference, and any challenges to such rebuttal experts shall be made no later than **one week** prior to the Trial Preparation Conference; and

4.   Pursuant to Local Criminal Rule 11.1(a), any notice of disposition shall be filed no later than **fourteen days** before trial, absent an order permitting or directing otherwise. Upon the filing of a notice of

disposition, the Court generally will convert the Trial Preparation Conference to a change of plea hearing.

It is FURTHER ORDERED that:

1. If a party files a motion *in limine*, it is due **seven days** before the Trial Preparation Conference. However, motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. Responses to motions *in limine* are due **two business days** before the Trial Preparation Conference, and no replies will be permitted without leave of Court;

2. The parties shall file their proposed jury instructions and verdict forms **four business days** before the Trial Preparation Conference. The proposed instructions shall identify the source of the instruction and supporting authority. Each instruction should be numbered (*e.g.*, "Government's Instruction No. 1"). Whenever practicable and appropriate, the parties shall use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates may be found online at https://www.ca10. uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions. The parties shall attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. The parties shall submit their proposed instructions and verdict forms both via CM/ECF and by email to Domenico_Chambers@cod.uscourts.gov in editable Word format. Proposed verdict forms shall be submitted in a separate file from the proposed jury instructions. Within the jury instruction file, each jury instruction shall begin on a new page;

3. If filed, trial briefs shall not exceed **2,700 words** and shall be filed no later than **two business days** before the Trial Preparation Conference. Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion;

4. The parties shall file their proposed witness lists via CM/ECF **two business days** before the Trial Preparation Conference. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

5. The parties shall file their proposed exhibit lists via CM/ECF **two business days** before the Trial Preparation Conference. Exhibit list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/Ac- tiveArticleIIIJudges/HonDanielDDomenico.aspx; and

6. The parties shall file their proposed *voir dire* questions **two business days** before the Trial Preparation Conference.

It is FURTHER ORDERED that counsel and pro se parties shall be present on the first day of trial at 8:30 a.m. Jury selection will begin at 9:00 a.m. Commencing the second day of trial, the normal trial day will begin at 9:00 a.m. and continue until 5:00 p.m. The trial day will have morning and afternoon recesses of approximately fifteen minutes in du- ration, and a lunch break of approximately 90 minutes.

DATED: January 20, 2021          BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No.:  20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. **MICHAEL AARON TEW**;

    2. **KIMBERLEY ANN TEW**; and
       a/k/a Kimberley Vertanen

    3. **JONATHAN K. YIOULOS**,

    **Defendants.**

---

## INDICTMENT

---

The Grand Jury charges that:

### GENERAL ALLEGATIONS

1.    At all times relevant to the charges contained in this Indictment, MICHAEL AARON TEW and KIMBERLEY ANN TEW, were married and resided together in the State and District of Colorado.  KIMBERLEY ANN TEW's maiden name is Kimberley Vertanen.

2.    At all times relevant to the charges contained in this Indictment, N.A.C., Inc. ("NAC") is a company headquartered in Florida and with an office in New York.  NAC operates in the United States and is affiliated with the company N.A.C. Group, Inc., d/b/a/ N.A., which provides freight forwarding solutions, to include by charter and airlift.  N.A. is also an airline.  N.A.C. Holdings, Inc. ("NAC Holdings") is also one of several affiliates of NAC.  In this

1

Indictment, NAC and its affiliates and subsidiaries are collectively referred to as "the NAC Entities."

3.    Between a time unknown to the grand jury but no later than late 2015 and until in or around September 2018, MICHAEL AARON TEW was a contracted Chief Financial Officer (CFO) for the NAC Entities.

4.    In or around February 2012, the entity Sand Hill, LLC was established in the State of New York.  In or around November 2018, Sand Hill, LLC was registered as a foreign limited liability company in the State of Colorado.  The address of Sand Hill, LLC's principal office was listed in the registration to the State of Colorado as 3222 E. 1st Ave., Denver, CO 80206.  This address corresponds to a residential apartment building.  Between at least 2015 and July 2020, MICHAEL AARON TEW and KIMBERLEY ANN TEW resided in at least two different apartment units at this address.

5.    The NAC Entities paid for MICHAEL AARON TEW's contracted professional services. Payments for those services were made to Sand Hill, LLC.  Between 2015 and 2018, the NAC Entities paid Sand Hill, LLC at least approximately $800,000 for MICHAEL AARON TEW's services.

6.    MICHAEL AARON TEW was terminated by the NAC Entities in or around September 2018.

7.    At various points in time starting in or around 2016, KIMBERLEY ANN TEW also provided intermittent contractor services to the NAC Entities.   She did not provide contracted services to the NAC Entities after on or around approximately September 2018.

8.    Throughout the time period described by this Indictment and until in or around July 2020, JONATHAN K. YIOULOS was an employee of the NAC Entities.  In or around July 2018, he served as the Director of Finance, and at some point in time between 2018 and July 2020,

YIOULOS assumed the role of Controller but continued his responsibilities as the Director of Finance. YIOULOS's employment was terminated by the NAC Entities on or around July 7, 2020.

## COUNT 1

9. The allegations contained in paragraphs 1 through 8 are realleged and incorporated as if fully set forth in this paragraph.

10. Beginning no later than June 2018 and continuing until about July 2020, in the State and District of Colorado, and elsewhere,

**MICHAEL AARON TEW,**
**KIMBERLEY ANN TEW,**
and
**JONATHAN K. YIOULOS,**

did knowingly combine, conspire, confederate and agree together, and acted interdependently to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

It was part of the conspiracy that:

11. The defendants caused the NAC entities to make payments for services it never received. The defendants submitted or caused to be submitted to the NAC entities fraudulent invoices for payment. These invoices contained material false pretenses and representations about the fact of the provision of services by various entities to the NAC entities and/or the amount of those services. The defendants submitted or caused to be submitted these fraudulent invoices to YIOULOS. YIOULOS approved and authorized many or all of the payments of these fraudulent invoices. On some occasions, as part of the conspiracy, YIOULOS authorized and executed payments to bank accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW before the fraudulent invoice justifying that payment was tendered to the NAC Entities. YIOULOS's approval and authorization of payments, whether

3

before or after a fraudulent invoice was submitted to him, caused the NAC Entities to pay MICHAEL AARON TEW, KIMBERLEY ANN TEW, and others associated with MICHAEL AARON TEW or KIMBERLEY ANN TEW more than $5,000,000 for services the NAC entities did not receive.

12. YIOULOS caused the execution of fraudulent payments on behalf of the NAC Entities through automated clearinghouse (ACH) transactions or wire transfers. These payments were directed to multiple bank accounts, many of which were directly controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW.

13. It was part of the conspiracy that these invoices were submitted by or on behalf of multiple corporate entities. Four of these entities were operated by or otherwise associated with individuals who were contacts of MICHAEL AARON TEW or KIMBERLEY ANN TEW: H.S. CPAs LLC (HS CPAs); M.C.G., Inc. ("MCG"); 5530 J.D., LLC, ("5530 JD"); and P.M., Inc. ("PM").

14. Beginning in or around July 2019, MICHAEL AARON TEW created and registered another entity, Global Fuel Logistics, Inc. ("GFL") in various states and listed GFL as the vendor on fraudulent invoices submitted to the NAC Entities. GFL had no legitimate business or operations. Beginning in or around September 2019, fraudulent invoices were also submitted on behalf of Aero Maintenance Resources ("AMR"), a so-called "division" of GFL. AMR had no legitimate business or operations.

15. Beginning in or around August 2018, and continuing to approximately in or around July 2020, fraudulent invoices were submitted on behalf of these six entities or divisions—HS CPAs, MCG, 5530 JD, PM, GFL, and AMR— to justify fraudulent payments made by the NAC Entities.

16.     On multiple occasions throughout the conspiracy, YIOULOS was instructed to send payments to a bank account held in the name of Sand Hill, LLC. YIOULOS sometimes used the acronym "SHI LLC" as the recipient payee on the ACH transfers instead of "Sand Hill." SHI LLC does not legally exist in Colorado, Michigan, New York, or Florida.

17.     It was part of the conspiracy that GFL and AMR had indicia of identity that separated those entities from MICHAEL AARON TEW and KIMBERLEY ANN TEW as well as the State of Colorado.  GFL's registration documents to the States of Colorado and Wyoming, listed an address in Michigan belonging to KIMBERLEY ANN TEW's parents.  The email address used to submit invoices on behalf of GFL and AMR, accounting@globalfuel.co, was also an email address that had not been previously used to submit fraudulent invoices to the NAC Entities.   MICHAEL AARON TEW requested and paid for the globalfuel.co domain.

18.     It was further part of the conspiracy that at some point after the fraudulent invoices began to be submitted, MICHAEL AARON TEW, in consultation with YIOULOS, began providing more specific descriptions of the falsely claimed services listed on the invoices in an attempt to demand payment for services that more closely aligned with the work of the NAC Entities.

19.     It was also part of the conspiracy to provide indicia of legitimacy on the fraudulent invoices, including:

   a.   Unique, non-consecutive invoice numbers;

   b.   Listing the company that was purportedly providing services, a description of services and, sometimes, a project name, as well as a due date;

   c.   Sending the invoices from different email addresses;

   d.   Identifying a sum certain, sometimes round numbers and other times specific numbers, that were associated with the purported provision of certain numbers of hours of service or work and which were sometimes reduced by "adjustments;"

e.   Identifying real bank account information for the entities, even if the entity was not in fact associated with that bank account; and

f.   Identifying a purported specific person, "Jessica Thompson," as a contact person in the "Accounting Department" at GFL for questions about the invoices.

20.   It was part of the conspiracy that on multiple occasions between no later than August 2018 and July 2020, MICHAEL AARON TEW, and on some occasions, KIMBERLEY ANN TEW, contacted YIOULOS to request, and at times demand, money. YIOULOS agreed to make many of the requested payments. It was also part of the conspiracy that KIMBERLEY ANN TEW and MICHAEL AARON TEW coordinated and consulted on the amount of money to demand from YIOULOS.

21.   It was a part of the conspiracy that YIOULOS advised the defendants about the financial status of the NAC Entities so that the agreed-upon payments connected to the fraudulent invoices did not result in the NAC Entities overdrawing its bank accounts. YIOULOS often authorized payment of the fraudulent invoices in installments or "progress payments." That is, he authorized and approved multiple ACH transfers or wire transfers where each transfer was for an amount less than the total amount of an invoice to try to pay the fraudulent invoices with whatever money was available to the NAC Entities. The defendants accepted partial payments based on what the NAC Entities could afford at any given time during the conspiracy.

22.   It was part of the conspiracy that MICHAEL AARON TEW created new email accounts to send fraudulent invoices.

23.   MICHAEL AARON TEW and KIMBERLEY ANN TEW also maintained multiple bank accounts at multiple financial institutions; some they held in their individual names and at least one was held as a joint account. The fraudulent invoices, and payments authorized by

YIOULOS, went to a variety of these bank accounts.

24.     When a bank holding accounts that received fraudulent payments closed some or all of
MICHAEL AARON TEW and/or KIMBERLEY ANN TEW's accounts, MICHAEL
AARON TEW and KIMBERLEY ANN TEW then created or caused to be created multiple
bank accounts at another bank or credit union.  When a credit union, which held an account
that received funds from this fraud, questioned MICHAEL AARON TEW about what
appeared to be the payment of corporate funds into personal or individual bank accounts, he
switched the type of account from individual to business to facilitate the ongoing receipt of
payments from the NAC Entities.

25.     MICHAEL AARON TEW and KIMBERLEY ANN TEW provided YIOULOS with some
Bitcoin in connection with this fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-40

26.     The allegations contained in paragraphs 1 through 8 and 11 through 25 are realleged and
incorporated as if fully set forth in this paragraph.

27.     Beginning not later than July 2018 and continuing thereafter until about July 2020, in the State
and District of Colorado, and elsewhere,

**MICHAEL AARON TEW,**
**KIMBERLEY ANN TEW,**
**and**
**JONATHAN K. YIOULOS**

knowingly devised and intended to devise a scheme to defraud and to obtain money and
property from the NAC Entities by means of materially false and fraudulent pretenses,
representations, and promises by authorizing and receiving payments from the NAC Entities
that MICHAEL AARON TEW, KIMBERLEY ANN TEW, and YIOULOS knew were

fraudulent and were based on or supported by fraudulent invoices reflecting services that had
not been provided to the NAC Entities.

28.     Obtaining money and property from the NAC Entities was an object of the defendants'
scheme to defraud.

29.     It was part of the scheme to use the same manner and means for the conspiracy alleged in
Count 1 and described in paragraphs 11 through 25.

30.     For purposes of executing and attempting to execute the scheme described in paragraphs 11
through 29 above, on or about the dates listed below, defendants **MICHAEL AARON
TEW, KIMBERLEY ANN TEW, and JONATHAN K. YIOULOS**, having devised and
intending to devise the scheme, transmitted and caused to be transmitted by means of wire
communication in interstate commerce writings, signs, and signals, that is, payments reflecting
the transfer of funds in the amounts listed below from the account  listed below as held by
the NAC Entities at Signature Bank to accounts at the banks identified below, which were
controlled by or accessible to MICHAEL AARON TEW or KIMBERLEY ANN TEW, or
otherwise associated with contacts of MICHAEL AARON TEW or KIMBERLEY ANN
TEW:

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 2 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 8, 2018 | $15,000 | ACH transaction from Signature Bank account ending in 5529 to Guaranty Bank and Trust account ending in 7867, held in the name of Michael A. Tew |

8

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 3 | MICHAEL AARON TEW<br><br>JONATHAN YIOULOS | October 26, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 4 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | October 30, 2018 | $10,000 | Wire transfer from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 5 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 20, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to Regions Bank account ending in 4514, held in the name of M.M. |
| 6 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 27, 2018 | $30,000 | ACH transaction from Signature Bank account ending in 5529 to BBVA Compass account ending in 0987, held in the name of 5530 Jessamine Development LLC |
| 7 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | December 12, 2018 | $25,000 | ACH transaction from Signature Bank account ending in 5529 to ANB account ending in 3099, held in the name of M.M. |

9

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 8 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 8, 2019 | $15,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 9 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 20, 2019 | $15,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 10 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | March 29, 2019 | $38,000 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 11 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | April 4, 2019 | $11,250 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 8486, held in the names of Michael Tew and Kimberley Tew |
| 12 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | July 24, 2019 | $45,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

10

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 13 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 7, 2019 | $31,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 14 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 19, 2019 | $9,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 15 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | August 22, 2019 | $28,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 16 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | September 4, 2019 | $45,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 17 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | September 10, 2019 | $18,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

11

213

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 18 | MICHAEL AARON TEW <br><br> JONATHAN K. YIOULOS | September 18, 2019 | $33,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 19 | MICHAEL AARON TEW <br><br> JONATHAN K. YIOULOS | September 26, 2019 | $52,750.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 20 | MICHAEL AARON TEW <br><br> JONATHAN K. YIOULOS | October 17, 2019 | $75,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 21 | MICHAEL AARON TEW <br><br> KIMBERLEY ANN TEW <br><br> JONATHAN K. YIOULOS | October 25, 2019 | $43,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 22 | MICHAEL AARON TEW <br><br> KIMBERLEY ANN TEW <br><br> JONATHAN K. YIOULOS | November 1, 2019 | $49,750.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

12

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 23 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 8, 2019 | $40,500.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 24 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | November 26, 2019 | $43,250.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 25 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | December 3, 2019 | $9,550.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 26 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | December 12, 2019 | $24,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 27 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | December 24, 2019 | $15,200.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

13

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 28 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 12, 2020 | $33,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 29 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | February 20, 2020 | $95,000.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 30 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | March 3, 2020 | $36,555.00 | ACH transaction from Signature Bank account ending in 5545 to Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 31 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | March 10, 2020 | $35,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 32 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW<br><br>JONATHAN K. YIOULOS | March 20, 2020 | $22,500.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

14

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 33 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | April 1, 2020 | $73,460.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 34 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | April 7, 2020 | $36,925.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 35 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | April 16, 2020 | $68,255.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 36 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | April 28, 2020 | $46,850.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 37 | MICHAEL AARON TEW  JONATHAN K. YIOULOS | May 6, 2020 | $85,325.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 38 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | May 13, 2020 | $82,422.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 39 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | May 21, 2020 | $78,565.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 5336, held in the name of Michael Tew |
| 40 | MICHAEL AARON TEW<br><br>JONATHAN K. YIOULOS | July 3, 2020 | $95,000.00 | ACH transaction from Signature Bank account ending in 5545 to Navy Federal Credit Union account ending in 3094, held in the name of Global Fuel Logistics Inc, with Michael A. Tew as the listed owner |

All in violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

## COUNT 41

31.    The allegations contained in paragraphs 1 through 8, 11 through 25, and 27 to 30 are realleged and incorporated as if fully set forth in this paragraph.

32.    Beginning on a date unknown to the grand jury but not later than in or about June 2018 and

16

continuing to in or about July 2020, in the State and District of Colorado and elsewhere,

**MICHAEL AARON TEW**
and
**KIMBERLEY ANN TEW**

did knowingly combine, conspire, confederate and agree with each other and acted interdependently, to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, to wit to knowingly engage and attempt to engage, in monetary transactions, by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, as specified below, such property having been derived from a specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1957.

33.    The manner and means used to accomplish the objective of the conspiracy included the following:

a.    MICHAEL AARON TEW and KIMBERLEY ANN TEW transferred or caused to be transferred the unlawfully obtained funds from the wire fraud conspiracy and scheme described above in Paragraphs 11 to 25 and 27 to 29 to other accounts they controlled or operated.  It was further part of the conspiracy that MICHAEL AARON TEW and KIMBERLEY ANN TEW engaged in multiple transfers of the unlawfully obtained funds between and among accounts held jointly or individually by each of them.

b.    After engaging in transfers of the proceeds of the unlawfully obtained funds among the various bank accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW, either jointly or individually, MICHAEL AARON TEW and KIMBERLEY ANN TEW each made cash withdrawals of the unlawfully obtained funds through counter withdrawals at banks where the accounts receiving

17

funds from the NAC Entities were held and/or through ATM withdrawals.

c. After withdrawing the unlawfully obtained funds through counter withdrawals at the bank, wire transfers, or ATM withdrawals, often after internal account transfers, it was part of the conspiracy that MICHAEL AARON TEW and, on some occasions, KIMBERLEY ANN TEW transported cash to multiple Bitcoin ATMs.

d. On multiple occasions, MICHAEL AARON TEW, often at the direction or instruction of KIMBERLEY ANN TEW, engaged in multiple transactions, one after another, often in the same day, to deposit cash they had withdrawn into a Bitcoin ATM.

e. When conducting Bitcoin ATM transactions, the user of the ATM is asked to what "wallet" or destination the United States currency should be directed when that currency is converted into Bitcoin.  During the conspiracy, on multiple occasions, KIMBERLEY ANN TEW directed MICHAEL AARON TEW on the destination wallet address, or QR code, that the United States currency should be directed to when it was converted into Bitcoin.

f. It was part of the conspiracy to use proceeds from the fraudulent payments received from the NAC Entities to make purchases like a 2016 Audi vehicle that was used by MICHAEL AARON TEW and KIMBERLEY ANN TEW.

34. It was also part of the conspiracy that proceeds from the fraudulent payments received from the NAC Entities were used or transferred by MICHAEL AARON TEW and KIMBERLEY ANN TEW during travel to Las Vegas and California.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 42-56

35. The allegations contained in paragraphs 1 through 8, 11 through 25, 27 through 30, and 32

18

through 34 are realleged and incorporated as if fully set forth in this paragraph.

36.     On or about the dates identified below, within the District of Colorado and elsewhere, the defendants named in each count below did knowingly engage in and attempt to engage in monetary transactions, specifically deposits, withdrawals, and transfers of funds and monetary instruments, in and affecting interstate commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, specifically, wire fraud, in violation of Title 18 United States Code, Section 1343, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, as follows:

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|---|---|---|---|---|
| 42 | MICHAEL AARON TEW | June 4, 2019 | $15,000.00 | Withdrawal from Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 43 | KIMBERLEY ANN TEW | June 11, 2019 | $15,000.00 | Withdrawal from Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 44 | MICHAEL AARON TEW KIMBERLEY ANN TEW | August 28, 2019 | $22,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 45 | MICHAEL AARON TEW | August 29, 2019 | $25,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 46 | MICHAEL AARON TEW | September 4, 2019 | $45,000.00 | Transfer from Navy Federal Credit Union account ending in 5336, held in the name of MICHAEL TEW to a Navy Federal Credit Union account ending in 8486, held in the names of MICHAEL AARON TEW and KIMBERLEY TEW |
| 47 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW | September 18, 2019 | $15,000.00 | Wire transfer from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC, to JPMorgan Chase Bank, N.A. account ending in 8260 |
| 48 | MICHAEL AARON TEW<br><br>KIMBERLEY ANN TEW | September 26, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 49 | MICHAEL AARON TEW | September 27, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 50 | MICHAEL AARON TEW | October 1, 2019 | $20,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |
| 51 | MICHAEL AARON TEW | October 2, 2019 | $12,000.00 | Withdrawal from Wells Fargo account ending in 6934, held in the name of Sand Hill, LLC |

| Count | Defendant | Approx. Date | Approx. Amount | Transaction |
|-------|-----------|--------------|----------------|-------------|
| 52 | MICHAEL AARON TEW | November 1, 2019 | $20,611.01 | Transfer from Wells Fargo account ending in 6934, held in the name of Sand Hill LLC to Continental Volkswagen at Comerica Bank account ending in 5559 |
| 53 | MICHAEL AARON TEW | February 20, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 54 | MICHAEL AARON TEW | February 21, 2020 | $15,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 55 | MICHAEL AARON TEW | February 27, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |
| 56 | MICHAEL AARON TEW KIMBERLEY ANN TEW | March 3, 2020 | $20,000.00 | Withdrawal from Wells Fargo account ending in 2064, held in the name of Global Fuel Logistics, Inc. |

All in violation of Title 18, United States Code, Section 1957.

## COUNT 57

37.     During the calendar year 2019, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $24,400. Because of such gross income, he was required by law, on or before July 15, 2020, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing,

the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 58

38.    During the calendar year 2018, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $24,000. Because of such gross income, he was required by law, on or before April 15, 2019, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 59

39.    During the calendar year 2017, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $20,800. Because of such gross income, he was required by law, on or before April 17, 2018, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## COUNT 60

40.    During the calendar year 2016, MICHAEL AARON TEW, whose principal place of business was in Colorado, had and received gross income in excess of $20,700. Because of such gross

income, he was required by law, on or before April 18, 2017, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, the defendant, MICHAEL AARON TEW, did willfully fail to make an income tax return as required.

All in violation of Title 26, United States Code, Section 7203.

## FORFEITURE ALLEGATION

41. The allegations contained in Counts 1 through 56 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).

42. Upon conviction of the violations alleged in Counts 1 through 40 of this Indictment involving the commission of violations of 18 U.S.C. §§ 1349 and 1343, defendants MICHAEL AARON TEW, KIMBERLEY ANN TEW, and JONATHAN K. YIOULOS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the scheme and by the defendants.

43. Upon conviction of the violations alleged in Counts 41 through 56 of this Indictment involving violations of 18 U.S.C. §§ 1956(h) and 1957, defendants MICHAEL AARON TEW and KIMBERLEY ANN TEW shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all of the defendants' right, title and interest in all property, real or personal, involved in such offense, or all property traceable to such property.

44. If any of the property described above, as a result of any act or omission of the defendant:

23

225

a)    cannot be located upon the exercise of due diligence;
b)    has been transferred or sold to, or deposited with, a third party;
c)    has been placed beyond the jurisdiction of the Court;
d)    has been substantially diminished in value; or
e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

Ink signature on file in Clerk's Office
FOREPERSON

JASON R. DUNN
United States Attorney

s/Hetal J. Doshi
Hetal J. Doshi
Matthew T. Kirsch
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email:  Hetal.Doshi@usdoj.gov
       Matthew.Kirsch@usdoj.gov
       *Attorneys for the United States*

DEFENDANT:     MICHAEL AARON TEW

YOB:     **1979**

COMPLAINT
FILED?     _____X__ Yes    _____ ___ No

     If Yes, MAGISTRATE CASE NUMBER_____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?  _X__ Yes   _____ No
If No, a new warrant is required

OFFENSE(S):     Count 1:  18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

     Counts 2-40:  18 U.S.C. § 1343 (Wire Fraud)

     Count 41:  18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

     Counts 42, 44-56:  18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

     Counts 57-60:  26 U.S.C. § 7203 (Willful Failure to File Tax Return)

LOCATION OF
OFFENSE:     Denver County, Colorado

PENALTY:     Count 1:  18 U.S.C. § 1349
NMT 20 years' imprisonment; NMT a $250,000 fine or two times gain or loss, whichever is greater, or both imprisonment and a fine; NMT 3 years' supervised release; $100 special assessment fee.

     Counts 2-40:  18 U.S.C. § 1343
For each count:  NMT 20 years' imprisonment, NMT a $250,000 fine or two times gain or loss, whichever is greater, or both imprisonment and a fine; NMT 3 years' supervised release; $100 special assessment fee.

     Count 41:  18 U.S.C. § 1956(h)
NMT 20 years' imprisonment; NMT a $500,000 fine or 2 times the amount laundered, or both imprisonment and a fine; NMT 3 years' supervised release, and a $100 special assessment fee.

1

Counts 42, 44-56:  18 U.S.C. § 1957
For each count:  NMT 10 years' imprisonment, NMT a $250,000 fine
or two times the amount laundered, whichever is greater, or both
imprisonment and a fine; NMT 3 years' supervised release; $100
special assessment fee.

Counts 57-60:  26 U.S.C. § 7203
For each count:  NMT 1 year imprisonment, NMT a $100,000 fine,
NMT 1 year supervised release, a $25 special assessment fee, plus
costs of prosecution.

AGENT:          IRS-CI SA Lisa Palmer
                FBI SA Sarah Anderson


AUTHORIZED      Assistant U.S. Attorney Hetal J. Doshi
BY:             Assistant U.S. Attorney Matthew T. Kirsch

ESTIMATED TIME OF TRIAL:

___ five days or less      ___X__ over five days         _____ other

THE GOVERNMENT

_____ will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

_x_____ will not seek detention

The statutory presumption of detention **is not** applicable to this defendant.

2

228

DEFENDANT:      KIMBERLEY ANN TEW

YOB:      **1981**

COMPLAINT
FILED?      _____ Yes     ____x___ No

         If Yes, MAGISTRATE CASE NUMBER_____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?   _ __ Yes     ___x____ No
If No, a new warrant is required

OFFENSE(S):      Count 1:  18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

         Counts 21-22; 25-26; 31-32:  18 U.S.C. § 1343 (Wire Fraud)

         Count 41:  18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering)

         Counts 43-44; 47-48; 56:  18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

LOCATION OF
OFFENSE:      Denver County, Colorado

PENALTY:      Count 1:  18 U.S.C. § 1349
NMT 20 years' imprisonment; NMT a $250,000 fine or two times gain or loss, whichever is greater, or both imprisonment and a fine; NMT 3 years' supervised release; $100 special assessment fee.

         Counts 16, 21-22; 25-26; 31-32:  18 U.S.C. § 1343
For each count:  NMT 20 years' imprisonment, NMT a $250,000 fine or two times gain or loss, whichever is greater, or both imprisonment and a fine; NMT 3 years' supervised release; $100 special assessment fee

         Count 41:  18 U.S.C. § 1956(h)
NMT 20 years' imprisonment; NMT a $500,000 fine or 2 times the amount laundered, or both imprisonment and a fine; NMT 3 years' supervised release, and a $100 special assessment fee.

         Counts 43-44; 47-48; 56:  18 U.S.C. § 1957
For each count:  NMT 10 years' imprisonment, NMT a $250,000 fine or two times the amount laundered, whichever is greater, or both

1

imprisonment and a fine; NMT 3 years' supervised release; $100 special assessment fee per count

AGENT:          IRS-CI SA Lisa Palmer
                FBI SA Sarah Anderson

AUTHORIZED      Assistant U.S. Attorney Hetal J. Doshi
BY:             Assistant U.S. Attorney Matthew T. Kirsch

ESTIMATED TIME OF TRIAL:

___ five days or less        ___X_ over five days        _____ other

THE GOVERNMENT

_____ will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

_x_____ will not seek detention

The statutory presumption of detention **is not** applicable to this defendant.

2

DEFENDANT:     JONATHAN K. YIOULOS

YOB:     **1989**

COMPLAINT
FILED?          _____ Yes     ____x___ No

                If Yes, MAGISTRATE CASE NUMBER_____

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT?   _ __ Yes     ___x____ No
If No, a new warrant is required

OFFENSE(S):    Count 1:  18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud)

               Counts 2-40:  18 U.S.C. § 1343 (Wire Fraud)

LOCATION OF
OFFENSE:       Denver County, Colorado

PENALTY:       Count 1:  18 U.S.C. § 1349
               NMT 20 years' imprisonment; NMT a $250,000 fine or two times gain
               or loss, whichever is greater, or both imprisonment and a fine; NMT
               3 years' supervised release; $100 special assessment fee.


               Counts 2-40:  18 U.S.C. § 1343
               For each count:  NMT 20 years' imprisonment, NMT a $250,000 fine
               or two times gain or loss, whichever is greater, or both imprisonment
               and a fine; NMT 3 years' supervised release; $100 special
               assessment fee.

AGENT:         IRS-CI SA Lisa Palmer
               FBI SA Sarah Anderson


AUTHORIZED
BY:            Assistant U.S. Attorney Hetal J. Doshi
               Assistant U.S. Attorney Matthew T. Kirsch

ESTIMATED TIME OF TRIAL:

___ five days or less        ___X__ over five days              _____ other

1

231

<u>THE GOVERNMENT</u>

**_____** will seek detention in this case based on 18 U.S.C. § 3142(f)(2)

_ x _____ will not seek detention

The statutory presumption of detention **is not** applicable to this defendant.

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch
(caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7960941@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew Minute Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/4/2021 at 10:38 AM MST and filed on 2/3/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 86(No document attached) |

**Docket Text:**
 **MINUTE ORDER as to Michael Aaron Tew on 02/03/2021. Initial Appearance on Summons set for 2/5/2021 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix pursuant to [83] Indictment. Text Only Entry (athom, )**


**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW,**

     Defendant.

---

### MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE

---

     Defendant Michael Tew respectfully moves the Court to modify the conditions of pre-trial release to eliminate the requirement of a 9:00 p.m. curfew and ankle monitor, and states the following grounds:

     1.     On July 8, 2020, a Criminal Complaint (Doc. 1) was filed with the Court and an Arrest Warrant (Doc. 2) for Mr. Tew was issued.

     2.     Mr. Tew appeared before the Court for a detention hearing on July 9, 2020. At that time, Magistrate Judge Mix ordered Mr. Tew's release from custody on a $20,000 unsecured bond (Doc. 7-9). The original conditions of bond included both home detention and electronic home monitoring.

     3.     On September 29, 2020, Mr. Tew submitted a Waiver of Indictment (Doc. 45) and the government charged Mr. Tew in a three-count

Information (Doc. 49). Contemporaneously, Mr. Tew filed an unopposed motion (Doc. 42) to modify the bond by eliminating the condition of home detention. On October 8, 2020, Magistrate Judge Mix granted (Doc. 52) the request to eliminate the home detention condition but ordered the GPS monitoring to remain with a 9:00 p.m. daily curfew in place.

4.     At the time the Waiver of Indictment and Information were filed, the parties anticipated a disposition in the case. Mr. Tew's counsel filed a Notice of Disposition in the case on October 1, 2020 (Doc. 47). However, to date no disposition has been reached. In a Status Report (Doc. 75) filed December 23, 2020, Mr. Tew informed the Court that "the parties have been unable to reach a disposition" and withdrew the Notice of Disposition previously filed.

5.     On February 4, 2020, the grand jury returned an Indictment (Doc. 83) charging Mr. Tew and two co-defendants with essentially the same conduct that had been alleged in the Criminal Complaint and the Information. One of the co-defendants is Mr. Tew's wife, Kimberley Tew. Mr. Tew was also issued a Summons (Doc. 85) to appear before Magistrate Judge Mix on February 5, 2021 at 2:00 p.m.

2

6.     The Court has the authority to modify the conditions of Mr. Tew's release. 18 U.S.C. § 3142(c)(3) provides: "The judicial officer may at any time amend the order to impose additional or different conditions of release."

7.     The court should tailor Mr. Tew's release so that it is "subject to the least restrictive further condition, or combination of conditions … that will reasonably assure the appearance of the person as required and the safety of any other person and the community…" 18 U.S.C. § 3142(c)(1)(B).

8.     Continuation of the GPS/curfew condition is both unnecessary and unduly restrictive.

9.     Mr. Tew poses no risk of flight whatsoever.

- Since his release nearly 7 months ago, Mr. Tew has been consistently monitored by the U.S. Probation Office and has complied fully with all conditions of his release. The fact that Mr. Tew has made no attempt to go anywhere over such a long period of time creates a strong presumption that he does not pose a risk of flight.

- Mr. Tew has significant ties to the community. He is a native of Denver. His parents and two siblings reside in the area. He has resided at the same address with his wife and two children, twin

3

six-year-old daughters, for approximately 5 years. His daughters
are enrolled in school in Denver.

- Further, one of Mr. Tew's daughters, Zivah, suffers from Sensory
  Processing Disorder. She is non-verbal, has extensive special
  needs, and is greatly reliant on stability. To leave the area and
  uproot her would be highly detrimental to Zivah and unthinkable
  to Mr. Tew.

- Mr. Tew has a bachelor's degree and an MBA from NYU. He has
  the ability to earn a living and throughout his adult life has been
  consistently employed. While maintaining employment in the
  business world has undoubtedly been more difficult in light of the
  pending charges, Mr. Tew has done his best to remain productive.

- It appears that the reason the home detention/GPS/curfew
  conditions were imposed initially was the belief that Mr. Tew had
  access to funds and a desire to flee the country. Neither of these
  notions are accurate. Mr. Tew has no assets and is represented
  by court-appointed counsel. His conduct while being supervised
  since July 9, 2020 is indicative of a desire to remain and face the
  pending charges.

4

- Finally, Mr. Tew has surrendered his passport and it would be nearly impossible for him to leave the United States even if he were so inclined. He is not.

10. Mr. Tew does not pose any risk to the safety of any other person or the community.

- Mr. Tew is 41 years old and has no prior criminal history and no history of violence whatsoever.

- Mr. Tew has no history of drug or alcohol abuse.

- The charges in this case are financial crimes that do not involve any allegations of violence. The charges do not even evidence a significant risk that Mr. Tew presents a financial risk to members of the public at large. The charged offenses concern a single alleged victim who formerly employed Mr. Tew. Mr. Tew would have no opportunity to commit similar acts while on bond.

- To the extent that protecting the public from financial crimes is an objective in crafting Mr. Tew's bond condition, the Court has already imposed significant financial conditions, supervised by Probation, in connection with Mr. Tew's release. The 9:00 p.m.

5

curfew and GPS monitor do nothing to further the goal of
protecting the public from financial harm.

11.    The GPS/curfew condition is unduly restrictive and causes
unnecessary hardship to Mr. Tew and his family.

- While Mr. Tew is presumed innocent of the charges against him,
  the use of a visible ankle monitor carries with it the obvious and
  significant social stigma of criminal activity.

- As mentioned above, Mr. Tew has two six-year-old daughters, one
  of whom suffers from a significant Sensory Processing Disorder.
  Mr. Tew is an active and involved parent, and the needs of his
  daughters are not always compatible with the inflexible nature of
  a 9:00 p.m. curfew. Mrs. Tew does not drive, and Mr. Tew is
  unable to leave the apartment after 9:00 p.m. in the event the
  family needs something from the store such as an emergency food
  item or medicine, or even if the girls need physical activity.

- Mr. Tew is an avid swimmer who swam competitively in high
  school and college. Swimming is historically the primary source
  of physical activity and exercise for Mr. Tew, however, since his
  release on bond in this case he has been unable to swim due to

6

the electronic monitor on his ankle. Further, swimming and water play is an important form of therapy for Zivah, and Mr. Tew is unable to participate with her in this important developmental tool.

12.     Undersigned counsel has conferred with AUSA Hetal Doshi concerning this request. Ms. Doshi indicated that in light if the new Indictment, the government seeks a continuation of the bond conditions currently in place and does not seek a return to home detention. The government objects to the modification requested herein.

WHEREFORE, Mr. Tew respectfully requests that the Court modify the conditions of his release to eliminate the requirement of a 9:00 p.m. curfew with GPS monitoring.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888; Fax 303-863-8888
tward@mswdenver.com

Dated:   February 5, 2021

7

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, February 05, 2021, I electronically filed the

foregoing **MOTION TO MODIFY CONDITIONS OF PRE-TRIAL RELEASE**

with the Clerk of Court using the CM/ECF system, which will automatically send

notification of such filing to all opposing counsel of record.

s/Thomas R. Ward
Thomas R. Ward

8

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch
(caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), AUSA General Mail (usaco.ecfcriminal2@usdoj.gov),
Probation-General (cod_efiling@cod.uscourts.gov), USM-Criminal Division
(gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov, usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7964268@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Modify
Conditions of Release
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing


The following transaction was entered on 2/5/2021 at 3:28 PM MST and filed on 2/5/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 90(No document attached) |

**Docket Text:**
 **MINUTE ENTRY for Initial Appearance, Arraignment and Discovery Hearing as to Michael Aaron Tew held before Magistrate Judge Kristen L. Mix on 2/5/2021. Defendant present on bond and consents to proceeding via video conference. Defendant advised. Counsel has previously been appointed. Plea of NOT GUILTY entered by defendant. Discovery memorandum executed. Argument by counsel for the government and defense counsel as to [89] Motion to Modify Conditions of Release as to Michael Aaron Tew (1). The Court DENIES [89] Motion to Modify Conditions of Release as to Michael Aaron Tew (1). Defendant's bond continued, Counsel is directed to chambers. (Total time: 29 minutes, Hearing time: 2:21–2:50)**


**APPEARANCES ALL PARTIES APPEAR BY VIDEO CONFERENCE: Hetal Doshi and Matthew Kirsch on behalf of the Government, Tom Ward on behalf of the defendant. FTR: KLM Courtroom A401. (lgale, ) Text Only Entry**


**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

229 of 624

Thomas Richard Ward     tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.
20-cr-00305-DDD
                                          )
                                          )   JUDGE ASSIGNED: Judge Domenico
UNITED STATES OF AMERICA,                 )
                                          )   ESTIMATED TRIAL
        Plaintiff,                        )   TIME: 8 days
                                          )
v.                                        )   NUMBER OF
                                          )   DEFENDANTS: 3
1. Michael Aaron Tew                      )
                                          )   DOCUMENT DISCLOSURE EXTENSIVE
        Defendant.                        )   ⦿Yes  ◯No
                                          )
                                          )   (Please select one)
                                          )

DISCOVERY CONFERENCE
MEMORANDUM AND ORDER

**INTRODUCTION**

Rule 16, Federal Rules of Criminal Procedure, is entitled Discovery and Inspection and provides for discovery by both defendant and the government. D.C.COLO.LCrR 17.1.1 requires a discovery conference memorandum and order be entered by a magistrate judge.

A defendant may discover certain material as a matter of right without any obligation to permit discovery by the government. However, if the defendant requests certain materials by discovery, namely, documents and tangible objects, as well as reports of examinations and tests, then the defendant is obligated to permit similar discovery by the government.

In addition to discovery we will take up the matter of notice, as required by Rules 12.1 and 12.2, Fed.R.Crim.P. if the defense of alibi or mental capacity is contemplated. Further, a date will be set for the filing of all motions.

1

(Rev. 1/17/2019)

244

At the conclusion of this hearing the report will be signed by defendant and/or his counsel, and government counsel, as well as the magistrate judge. The discovery hearing proceedings will be recorded.

## I. DEFENDANT'S REQUEST FOR DISCOVERY AND NOTICE

(A)    Request for Rule 16 Material

    1.    The defendant requests disclosure of the substance of any relevant oral statements made by the defendant, before or after arrest, in response to interrogation by any person the defendant knew to be a government agent if the government intends to use that statement at trial. Rule 16(a)(1)(A). The government states that it will disclose to the defendant and make available for inspection, copying, or photographing such statements in accordance with Rule 16(a)(1)(A).

    2.    The defendant requests disclosure of any relevant written or recorded statement made by the defendant within the government's possession, custody, or control, which the attorney for the government knows – or through due diligence could know – that the statement exists; the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by any person the defendant knew to be a government agent. Rule 16(a)(1)(B)(i) and (ii).

    3.    The defendant requests disclosure of any recorded testimony of the defendant before a grand jury which relates to the offense charged pursuant to Rule 16(a)(1)(B)(iii). The government states it will permit the defendant to inspect and copy such statements.

    4.    If government counsel knows of such statements he will so indicate by initialing here.

## HJD
_____

(Rev. 1/17/2019)

5. The defendant requests, if the defendant is an organization, the government's disclosure to the defendant of any statement described in Rule 16(a)(1)(A) and (B), if the government contends that the person making the statement; (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee or agent. Rule 16(a)(1)(C).

6. The defendant requests a copy of his prior criminal record. The government states it will furnish to the defendant a copy of his prior criminal record, if any, in accordance with Rule 16(a)(1)(D).

7. The defendant, understanding his burden of reciprocal discovery as set forth in Rule 16(b)(1)(A), ⦿ requests ◯ does not request disclosure of books, papers, documents, data, photographs, tangible objects, buildings or places, and copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of his defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

8. The defendant, understanding his burden of reciprocal discovery as set forth in Rule 16(b)(1)(B), ⦿ requests ◯ does not request disclosure of any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to

3

(Rev. 1/17/2019)

the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

9.     The defendant, understanding his burden of reciprocal discovery as set forth in Rule 16(b)(1)(C), ⊙ requests ◯ does not request disclosure of a written summary of testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence, relating to expert testimony and opinions of experts, during its case in chief at trial, as set forth in Rule 16(a)(1)(G).

10.    The government acknowledges its continuing duty to disclose under Rule 16(c).

(B)    Request for Exculpatory Evidence

The defendant requests disclosure of evidence favorable to the defendant on the issue of guilt and/or sentencing. The government states it will disclose material evidence which is favorable to the defendant as required by Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); and United States v. Bagley, 473 U.S. 667 (1985). The government acknowledges its continuing duty to make these disclosures. This request does not foreclose the defendant from filing a more specific motion requesting exculpatory evidence.

(C)    Request for Evidence of Other Crimes, Wrongs, or Acts

The defendant requests notice of other crimes, wrongs or acts under Rule 404(b) of the Federal Rules of Evidence. The government states that if it intends to introduce such evidence at trial it will provide written notice to the defendant no later than 21 days before trial unless, for good cause shown, the court permits less notice in accordance with Rule 404(b).

4

(Rev. 1/17/2019)

(D)   Request for Disclosure of the Identity of Confidential Informants

1.   The government states there ◯ was ⦿ was not a confidential informant who was a participant in or a witness to the crime charged and that the informant ◯ may ◯ will ◯ will not be called as a witness at trial. The government further states it ◯ has supplied ◯ will claim privilege of non-disclosure of the identity of the confidential informant. Rovario v. United States, 353 U.S. 53 (1957).

(E)   The Government States There Have Been in this Case:   (Check those which are applicable)

1.   ☑ Telephone tape recordings;

2.   ☐ Electronic surveillance of the defendant or his premises;

3.   ☐ Leads obtained by electronic surveillance of defendant's person or premises; and

4.   ☑ Photographic surveillance.

The government ◯ may ⦿ will ◯ will not permit discovery of the foregoing items.

## II. GOVERNMENT'S REQUEST FOR DISCLOSURE AND NOTICE

(A) Request for Rule 16 Material

1.   The government requests disclosure of books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial. If the defendant made a similar request under Rule 16(a)(1)(E), the defendant states that upon compliance by the government with the defendant's request he will permit the government to inspect and copy or photograph such items in accordance with Rule 16(b)(1)(A).

5

(Rev. 1/17/2019)

2.    The government requests disclosure of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, within the possession or control of the defendant as described in Rule 16(b)(1)(B). If the defendant made a similar request under Rule 16(a)(1)(F), the defendant states that upon compliance by the government with the defendant's request he will permit the government to inspect and copy or photograph such items in accordance with Rule 16(b)(1)(B).

3.    The government requests disclosure of a written summary of testimony the defendant intends to use under Rules 702, 703 and 705, F.R.E. as evidence at trial. If the defendant made a similar request under Rule 16(a)(1)(G), the defendant states that upon compliance by the government with the defendant's request he will disclose such summaries in accordance with Rule 16(b)(1)(C).

4.    The defendant acknowledges his continuing duty to disclose under Rule 16(c).

(B)    <u>Request for Notice of Alibi</u>

1.    The government hereby requests notice of the defendant's intent to rely on an alibi defense pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure. The parties agree that the indictment/information and the discovery provided by the government give the defendant sufficient notice of the time, date, and place at which the alleged offense was committed and triggers the defendant's obligation under Rule 12(a) to serve upon the attorney for the government a written notice of alibi within 20 days from the date of this request, or at such different time as the court may direct. Should the defendant require additional information concerning the time, date, or place at which the alleged offense was committed, it is the defendant's obligation to file a request for additional information in the time provided for filing motions.

6

(Rev. 1/17/2019)

2.      The government states that if the defendant files a notice of intent to rely upon alibi, the

attorney for the government shall serve upon the defendant or the defendant's attorney a

written notice stating the names and addresses of the witnesses upon whom the

government intends to rely to establish the defendant's presence at the scene of the

alleged offense and any other witnesses to be relied on to rebut the testimony of any of

the defendant's alibi witnesses. The government's written notice shall be filed within 10

days of its receipt of the defendant's Rule 12.1(a) notice, but in no event less than 10

days before trial, unless the court otherwise directs.

3.      The parties acknowledge their continuing duty to disclose under Rule 12.1(c).

(C)  Request for Notice of Insanity Defense and Expert Testimony Regarding Defendant's Mental
Condition

The government hereby requests notice of the defendant's intent to rely on a defense based on

insanity or to introduce expert testimony relating to mental condition. If the defendant intends

to rely on the defense of insanity or introduce expert testimony relating to mental disease or

defect or any other mental condition bearing on the issue of guilt, he agrees to file a written

notice and disclosure of the same within 20 days from the date of this request, or at such

different time as the court may direct.

## III. LIKELIHOOD OF DISPOSITION OR TRIAL

(A)   There is a ◯ good ◉ fair ◯ poor chance of a Rule 11 disposition of this case.

(B)   The parties understand that the court must be given notice of any proposed disposition no less

than 10 days before the scheduled trial date. Unless otherwise ordered, notice of disposition

shall be filed no later than 14 days before the date set forth for trial. (D.C.COLO LCrR 11.1A)

(Rev. 1/17/2019)

(C)    The defendant will receive a jury trial in accordance with F.R.Crim.P. 23(a). Waiver of jury can only be accomplished by filing a motion with the trial court.

## IV. SPEEDY TRIAL

(A)    The speedy trial time limits of 18 U.S.C. § 3161 are as follows:

PNT period; 30 days    10 | 29 | 20

Trial clock; 70 days    4 | 3 | 21

Custody clock; 90 days    N | A

| February 4, 2021 | s/ Michael Tew |
| --- | --- |
| Date Signed | Defendant |
| February 4, 2021 | s/Thomas R. Ward |
| Date Signed | Attorney for Defendant |
| February 4, 2021 | s/ Hetal J. Doshi |
| Date Signed | Assistant United States Attorney |

8

(Rev. 1/17/2019)

## V. **DISCOVERY ORDER**

(A)   Effect of Report

The responses by the parties set forth in this Report shall have the effect of a binding discovery order. All requests for discovery will be considered continuing requests, and any discoverable information and/or material coming into the possession or knowledge of either party prior to or during the trial shall be made available to the opposing party promptly, consistent with the law and on an ongoing basis.

(B)   U.S. Probation Office

Unless otherwise specified in this Discovery Order, at the time of the detention hearing or by _____ [date], the U.S. Probation Office will disclose any criminal history information compiled on the defendant to both parties.

(C)   Disclosure by the Government

Unless otherwise specified in this Discovery Order, the government on or before ___March 5, 2021___, shall disclose those materials that are on that date within the possession of the attorney for the government and are subject to disclosure under the provisions of Rule 16. If additional material subject to the disclosure obligations of Rule 16 come into the possession of the attorney for the government, the attorney for the government shall promptly disclose the material to the defendant. The attorney for the government shall exercise due diligence as expressly required by provisions of Rule 16 to fulfill his or her discovery obligations under the provisions of Rule 16.

Written summaries of any testimony that the government intends to use under Rules 702, 703, or 705, Fed. R.Crim P. 16(a)(1)(G) shall be provided on such schedule as the District Court shall determine upon motion by either party.

(D)   Disclosure by the Defendant

Unless otherwise specified in this Discovery Hearing Report, the defendant shall disclose its Rule

9

(Rev. 1/17/2019)

16 discovery material to counsel for the government on or before ___March 19, 2021.___

Written summaries of any testimony that the defendant intends to use under Rules 702, 703, or 705,

Fed.R.Crim P. 16(b)(1)(C) shall be provided on such schedule as the District Court shall determine

upon motion by either party.

(E)     Any motion alleging a failure to comply with the time limits set forth in this report and order

        must be filed promptly.

(F)     Counsel is directed to obtain pretrial motion deadlines and a trial date from the presiding judge

        assigned to the case.


        IT IS SO ORDERED.


                                        BY THE COURT


                                        _____
                                        U.S. Magistrate Judge

                                        _____
                                        Date     2/5/21

(Rev. 1/17/2019)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

MICHAEL AARON TEW, KIMBERLY ANN TEW, and JONATHAN
K. YIOULOS,

     Defendants.

---

## ORDER SETTING TRIAL DATE AND RELATED DEADLINES

---

    This matter comes before the court for the setting of a trial date and
related pretrial deadlines for Defendants Michael Aaron Tew, Kimberly
Ann Tew, and Jonathan Yioulous.

    As a preliminary matter, the court notes that the Speedy Trial Act's
time limits began to run against Defendant Michael Aaron Tew when
the court unsealed the information against him on January 20, 2021.
*See* 18 U.S.C. 3161(c)(1); Doc. 81. He was later indicted on February 3,
2021, Doc. 83, and had his initial appearance on February 5, 2021, Doc.
90. But when, as here, several defendants are joined in one prosecution,
"the general rule is that all defendants . . . fall within the speedy trial
computation of the latest codefendant." *United States v. Margheim*, 770
F.3d 1312, 1318–19 (10th Cir. 2014). Indeed, the Speedy Trial Act
excepts any "reasonable delay" from the Act's time constraints "when
the Defendant is joined for trial with a codefendant as to whom the time
for trial has not run and no motion for severance has been filed." 18
U.S.C. § 3161(h)(6). The joint trial date set in this order for all three

- 1 -

Defendants falls outside Mr. Tew's initial Speedy Trial time computation of March 31, 2021. The court nevertheless **RESETS** Mr. Tew's trial deadline to occur concurrently with his co-defendants as explained below. No motion for severance has been filed and the court finds that the nineteen-day delay is reasonable under § 3161(h)(6). Among other things, the delay is reasonable given the ongoing disruptions caused by COVID-19, the fact that the Grand Jury has met only sporadically, and the fact that efficiency will be served by trying the Defendants together. The court thus **EXCLUDES** nineteen days from Mr. Tew's Speedy Trial clock.

Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Federal Rules of Criminal Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado, it is ORDERED that:

1. An **eight-day jury trial** is set to commence at **9:00 a.m.** on **April 19, 2021** in Courtroom A 702 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294; and

2. A Trial Preparation Conference is set for **1:30 p.m.** on **April 12, 2021** in Courtroom A 702. The parties should be prepared to address the following issues at the Trial Preparation Conference: (1) any outstanding motions; (2) jury selection and jury instructions; (3) sequestration of witnesses; (4) timing of presentation of witnesses and evidence; (5) anticipated evidentiary issues; (6) any stipulations of fact or law; and (7) any other issue affecting the duration or course of the trial.

It is FURTHER ORDERED that:

1.  All pretrial motions shall be filed no later than **March 12, 2021**, responses to those motions shall be filed no later than **March 17, 2021**, and no replies shall be permitted without prior leave of the Court. Prior to filing any discovery motion, counsel for the moving party or a pro se party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they shall file a motion titled "Unopposed Motion for _____," and shall file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to Domenico_Chambers@cod.uscourts.gov. If the parties are unable to resolve the dispute(s), the moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down;

2.  Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) shall be made no later than **four weeks** prior to the Trial Preparation Conference, and any challenges to such experts shall be made no later than **three weeks** prior to the Trial Preparation Conference;

3.  Rebuttal expert witness disclosures shall be made no later than **two weeks** prior to the Trial Preparation Conference, and any challenges to such rebuttal experts shall be made no later than **one week** prior to the Trial Preparation Conference; and

4.  Pursuant to Local Criminal Rule 11.1(a), any notice of disposition shall be filed no later than **fourteen days** before trial, absent an order permitting or directing otherwise. Upon the filing of a notice of disposition, the Court generally will convert the Trial Preparation Conference to a change of plea hearing.

It is FURTHER ORDERED that:

1.  If a party files a motion *in limine*, it is due **seven days** before the Trial Preparation Conference. However, motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. Responses to motions *in limine* are due **two business days** before the Trial Preparation Conference, and no replies will be permitted without leave of Court;

2.  The parties shall file their proposed jury instructions and verdict forms **four business days** before the Trial Preparation Conference. The proposed instructions shall identify the source of the instruction and supporting authority. Each instruction should be numbered (*e.g.*, "Government's Instruction No. 1"). Whenever practicable and appropriate, the parties shall use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates may be found online at https://www.ca10. uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions. The parties shall attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. The parties shall submit their proposed instructions and verdict forms both via CM/ECF and by email to Domenico_Chambers@cod.uscourts.gov in editable Word format. Proposed verdict forms shall be submitted in a separate file from the proposed jury instructions. Within the jury instruction file, each jury instruction shall begin on a new page;

3.  If filed, trial briefs shall not exceed **2,700 words** and shall be filed no later than **two business days** before the Trial Preparation

Conference. Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion;

4. The parties shall file their proposed witness lists via CM/ECF **two business days** before the Trial Preparation Conference. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

5. The parties shall file their proposed exhibit lists via CM/ECF **two business days** before the Trial Preparation Conference. Exhibit list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/Ac- tiveArticleIIIJudges/HonDanielDDomenico.aspx; and

6. The parties shall file their proposed *voir dire* questions **two business days** before the Trial Preparation Conference.

It is FURTHER ORDERED that counsel and pro se parties shall be present on the first day of trial at 8:30 a.m. Jury selection will begin at 9:00 a.m. Commencing the second day of trial, the normal trial day will begin at 9:00 a.m. and continue until 5:00 p.m. The trial day will have morning and afternoon recesses of approximately fifteen minutes in du- ration, and a lunch break of approximately 90 minutes.

DATED: February 11, 2021        BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

X_____X
:
**UNITED STATES OF AMERICA**                              **20-CR-00305-DDD**
:
                                    Plaintiff,          :
:                       **NOTICE OF APPEARANCE**
        **v.**                                          :
:
:
**MICHAEL AARON TEW,**                                  :
**KIMBERLEY ANN TEW, and**                              :
**JONATHAN K. YIOULOS**                                 :
                                    Defendants.         :
X_____X

## NOTICE OF APPEARANCE OF TOR EKELAND AS ATTORNEY FOR DEFENDANT

To the Clerk of the Court and all parties of record:

Please take notice that the undersigned attorney is admitted to practice in this Court and

is retained as counsel for Defendants MICHAEL AARON TEW and KIMBERELY ANN TEW.

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

80 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
tor@torekeland.com

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  **KIMBERLEY ANN TEW**; and
       a/k/a Kimberley Vertanen

    3.  **JONATHAN K. YIOULOS**,

    **Defendants.**

---

## GOVERNMENT'S MOTION FOR INQUIRY REGARDING
## JOINT REPRESENTATION PURSUANT TO
## FEDERAL RULE OF CRIMINAL PROCEDURE 44

---

The United States of America, by Assistant United States Attorneys Hetal J. Doshi and Matthew T. Kirsch, hereby moves this Court to inquire about the propriety of joint representation pursuant to Federal Rule of Criminal Procedure 44. This issue is ripe as Tor Ekeland has recently entered an appearance on behalf of both Michael Aaron Tew and Kimberley Ann Tew. *See* Dkt. 106.

<u>Procedural Background</u>

1.     On February 3, 2021, the defendants were charged by an indictment that alleged violations of Title 18, United States Code, Sections 1343, 1349, 1956(h), and 1957, and Title 26, United States Code, Section 7203. Dkt. 83. The indictment alleges, in part, that Mr. Tew and Mrs. Tew, along with Mr. Yioulos, were engaged in a conspiracy to commit wire fraud, *see* Count 1, and that they

1

were engaged in a scheme to defraud, *see* Counts 2-40. *Id.* Mrs. Tew is charged with some, but not all, of the executions of the scheme to defraud alleged in Counts 2-40. Mr. and Mrs. Tew are also separately charged with a conspiracy to commit money laundering, Count 41, and each of them is charged with individual substantive counts of violation of 18 U.S.C. § 1957.

2.      At their respective initial appearances, arraignments, discovery conferences, and detention hearings, Mr. Tew was represented by Tom Ward and Mrs. Tew was provisionally represented for only those hearings by Jamie Hubbard. Until February 25, 2021, no lawyer was entered as counsel of record for Mrs. Tew.

3.      On February 26, 2021, Mr. Ekeland filed an entry of appearance on behalf of both Mr. Tew and Mrs. Tew. *See* Dkt. 106.

4.      The government has conferred by telephone call with Mr. Ekeland, who does not oppose the narrow issue of a request for a Federal Rule of Criminal Procedure Rule 44 inquiry.

<u>Attorney Conflict of Interest</u>

5.      Defendants in criminal cases are guaranteed the right to counsel, including "the right to representation that is free from conflicts of interest." *United States v. Williamson*, 859 F.3d 843, 851 (10th Cir. 2017) (internal quotation marks omitted). "A conflict of interest is 'a division of loyalties that affected counsel's performance.'" *Id.* (quoting *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002)). The government has "a duty to alert the court to defense counsel's *potential* and actual conflicts of interest." *United States v. Schneider*, 704 F.3d 1287, 1293 (10th Cir. 2013) (citing *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012) (emphasis in *Schneider*).

6.      One type of potential conflict that can arise is from joint representation where "more than one codefendant is represented by the same attorney." *Williamson*, 859 F.3d at 851. "Joint representation occurs when . . . the defendants are represented by the same counsel . . . ." Fed. R.

2

Crim. Pro. 44(c)(1)(B). Joint representation creates a tension between the defendant's right to be represented by their attorney of choice and the institutional interest of the courts and the public in ensuring that verdicts are just and legal proceedings appear fair to all who observe them. *See generally Wheat v. United States*, 486 U.S. 153 (1988). Joint representation also implicates the Sixth Amendment right to counsel. In *Wheat*, the Supreme Court held that the "essential aim" of the Sixth Amendment "is to guarantee an effective advocate for each criminal defendant rather than ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.* at 159.

7.      Contemplating the tension that is created by joint representation, Federal Rule of Criminal Procedure 44 requires a prompt inquiry into the joint representation:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c)(2); *see also Williamson*, 859 F.3d at 852 (noting that the "court has a duty to inquire into a potential joint representation conflict of interest when defense counsel informs the court of the alleged conflict prior to trial" (internal quotation marks omitted)).

8.      "[J]oint representation is not *per se* violative of constitutional guarantees of effective assistance of counsel," *Holloway v. Arkansas*, 435 U.S. 475, 482 (1978), but an actual conflict of interest arises "when counsel [is] forced to make choices advancing other interests to the detriment of his client." *Williamson*, 859 F.3d at 851 (internal quotation marks omitted). In a joint representation, a conflict may arise if, for example, "one defendant might be advantaged in accepting a plea offer or testifying against his codefendant, but the second defendant could be disadvantaged if the first defendant chooses to do so." *Id.* at 852.

3

9.      The Court may consider the applicable rules of professional conduct in making this determination. *See e.g.*, *United States v. Anderson*, 319 F.3d 1218 (10th Cir. 2003), *United States v. Collins*, 920 F.2d 619, 627 (10th Cir. 1990). The Colorado Rules of Professional Conduct have been adopted as the standards of professional responsibility for the Court. *See* D.C.COLO.LAttyR. 2. Rule 1.7 of the Colorado Rules of Professional Conduct states that "a lawyer shall not represent a client if the representation invoices a concurrent conflict of interest" which includes those representations where "there is a significant risk that the representation of one of more clients will be materially limited by the lawyer's responsibilities to another client…" unless "the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; the representation is not prohibited by law; the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and each affected client gives informed consent, confirmed in writing."

10.      Comment 8 to Colorado Rule of Professional Conduct 1.7 notes that "[e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests." But "[t]he mere possibility of subsequent harm does not itself require disclosure and consent. The critical questions are the likelihood that a difference in interests will eventuate, and if so, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." Colo. RPC 1.7, Cmt. 8. Comment 23 also states that "[t]he potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one codefendant."

4

11.     In conducting this analysis, the district court "must recognize a presumption in favor of [the defendant's] counsel of choice." *Wheat*, 486 U.S. at 164.  Indeed, "in some cases multiple defendants can appropriately be represented by one attorney … certain advantages might accrue from joint representation…. Joint representation is a means of insuring against reciprocal recrimination.  A common defense often gives strength to a common attack." *Holloway*, 435 U.S. at 482-83 (internal citations and punctuation marks omitted).  Furthermore, an "attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial." *Id.* at 485 (internal citations and punctuation marks omitted).  The Court should credit the fact that "attorneys are not fungible; often the most important decision a defendant makes in shaping his defense is his selection of an attorney." *United States v. Collins*, 920 F.2d 619, 625 (10th Cir. 1990) (internal citations and punctuation marks omitted), *superseded by statute on other grounds as recognized by Lewis v. Comm'r of Int. Rev.*, 523 F.3d 1272 (10th Cir. 2008).

12.     "In order for a defendant effectively to waive his right to conflict-free counsel, the trial judge should affirmatively participate in the waiver decision by eliciting a statement in narrative form from the defendant indicating that he fully understands the nature of the situation and has knowingly and intelligently made the decision to proceed with the challenged counsel." *United States v. Schneider*, 704 F.3d 1287, 1292 (10th Cir. 2013) (citing *United States v. Migliaccio*, 34 F.3d 1517, 1527 (10th Cir. 1994)).  Further, the "district court should also determine whether the defendant understands the facts underlying the conflict and the dangers and risks associated with waiving the conflict." *United States v. Hunt*, No. 01-6426, 62 F. App'x, 272, 276 (citing *Edens v. Hannigan*, 87 F.3d 1109, 1118 (10th Cir. 1996)).

5

13.     Even where a defendant validly waives a conflict, the district court is "allowed substantial latitude in refusing waivers of conflicts of interest." *Wheat*, 486 U.S. at 163; *see also United States v. Evanson*, 584 F.3d 904, 909 (10th Cir. 2009). The district court may refuse a waiver "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. at 163. Because of the importance of a defendant's interest in representation by counsel of his or her choice, the evaluation of whether to allow counsel with a potential conflict of interest to proceed "must be left primarily to the informed judgment of the trial court." *Id.*

14.     In cases of joint representation, a conflict occurs when the defendants' interests "diverge with respect to a material factual or legal issue or to a course of action[;]" *Cuyler v. Sullivan*, 446 U.S. 335, 356 n.3 (1980); "when counsel cannot use his best efforts to exonerate one defendant for fear of implicating the other," *United States v. Kaufman*, 354 F. Supp. 2d 1201, 1204 (D. Kan. 2005) (citing *Dokes v. Lockhart*, 992 F.2d 833, 836 (8th Cir. 1993) (internal citations and punctuation omitted); and "whenever one defendant stands to gain significantly by advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Kaufman*, 354 F. Supp. 2d at 1204 (citing *United States v. McCaskey*, 9 F.3d 368, 381 (5th Cir. 1993). This is particularly true when "the available evidence points to significantly different levels of culpability between the jointly represented defendants." *Kaufman*, 354 F. Supp. 2d at 1204 (quoting *United States v. Stantini*, 85 F.3d 9, 19 (2d Cir. 1996). Joint representation is also problematic where an attorney proposes to represent multiple co-conspirators in an alleged complex scheme. *See e.g., Wheat*, 486 U.S. at 163. Ultimately, "[j]oint representation of conflicting interests is suspect because of what it tends to prevent an attorney from doing," like "challenging the admission of evidence prejudicial to one client but perhaps

6

favorable to another or from arguing at the sentencing hearing the relative involvement and culpability

of his clients in order to minimize the culpability of one by emphasizing that of another." *Holloway*,

435 U.S. at 489-90.

       15.    Here, Mr. and Mrs. Tew are spouses, co-defendants, and are alleged to be co-

conspirators. *See* Dkt. 83 (Indictment, Counts 1 & 41). Their preference for chosen counsel is, of

course, entitled to significant deference. Their interests, decisions about testifying, defenses, and legal

strategies (including strategies involving blame-shifting, pointing to relative culpability, potential

cooperation and testimony for the government) may, however, be adverse to the other.

       16.    While we are currently at the beginning of the criminal proceedings, these types of

conflicts can arise at any stage of a case, to include plea negotiations, trial, or sentencing hearings.

*Holloway*, 435 U.S. at 490-91. Even if Mr. and Mrs. Tew agree about their defenses now, it may well

be that such agreement changes as the prosecution continues. Should that occur, Mr. Ekeland may

have to withdraw entirely. The potential need for Mr. Ekeland to withdraw entirely is one of the

topics that the Court may wish to explore with defendants in its colloquy so that Mr. and Mrs. Tew

understand that if they proceed jointly with Mr. Ekeland now, it is possible that neither of them will

be able to proceed with Mr. Ekeland should a conflict arise later because of his possession of privileged

information from both defendants.[1] This is why accepting a waiver at this early stage of the

proceedings is particularly fraught because the Court must evaluate "whether or not to allow a

waiver… not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial

contexts when relationships between parties are seen through a glass, darkly." *Wheat*, 486 U.S. at 163.

The Supreme Court stated in *Wheat*:

---

[1] Should it be helpful to the Court, the government can submit to the Court some topics/areas of
discussion for the Court's colloquy with Mr. and Mrs. Tew on the issues raised by this motion.

The likelihood and dimensions of nascent conflicts of interest are notoriously hard to
predict, even for those thoroughly familiar with criminal trials. It is a rare attorney who
will be fortunate enough to learn the entire truth from his own client, much less be
fully apprised before trial of what each of the Government's witnesses will say on the
stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed
document may significantly shift the relationship between multiple defendants. These
imponderables are difficult enough for a lawyer to assess, and even more difficult to
convey by way of explanation to a criminal defendant untutored in the niceties of legal
ethics.

486 U.S. at 162-63.

For the reasons stated above, the government respectfully requests that the Court inquire into

the propriety of joint representation pursuant to Federal Rule of Criminal Procedure 44.

Dated this 28th day of February, 2021.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By:      s/ *Hetal J. Doshi*
Hetal J. Doshi
Matthew T. Kirsch
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: hetal.doshi@usdoj.gov
        Matthew.kirsch@usdoj.gov
Attorneys for the Government

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in the
Court's Practice Standard III(A)(1).

*s/ Hetal J. Doshi*

Pursuant to the Court's Practice Standard III.C, the government notes that this motion tolls the
speedy trial clock. 18 U.S.C. § 3161(h)(1)(D). The speedy trial clock was reset and started running
on the indictment on February 11, 2021 as the last defendant appeared on February 10, 2021. *See* 18
U.S.C. § 3161(h)(6); Dkt. 101. Seventeen days have since elapsed, and therefore fifty-three days
remain on the speedy trial clock.

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.


        *s/ Hetal J. Doshi*_____
        Hetal J. Doshi

9

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Tor Bernhard Ekeland
(billing@torekeland.com, docketing@torekeland.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Matthew T. Kirsch
(caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:7997816@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Minute Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/1/2021 at 8:46 AM MST and filed on 3/1/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 109(No document attached) |

**Docket Text:**
**MINUTE ORDER regarding [108] motion for hearing concerning joint representation of Defendants Michael Aaron Tew and Kimberley Ann Tew. No later than 4:00 PM on 3/4/2021, Mr. Tew, Ms. Tew, and the Government must confer and email the court at domenico_chambers@cod.uscourts.gov with three mutually agreeable dates for a hearing on the Government's motion (Doc. 108) from the following list of dates: 3/9/21, 3/10/21, 3/11/21, 3/17/21, or 3/18/21. Mr. and Ms. Tew must file their responses to the Government's motion, if any, no later than 3/5/2021. SO ORDERED by Judge Daniel D. Domenico on 3/1/2021. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.**      **MICHAEL AARON TEW,**

      Defendant.

---

## MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel moves the Court for an Order allowing him to withdraw as counsel of record for Defendant Michael Aaron Tew in the above captioned matter, and states the following grounds:

1.      On or about October 22, 2020, undersigned counsel was appointed to represent Mr. Tew pursuant to the provisions of the Criminal Justice Act.

2.      On February 23, 2021, Mr. Tew informed undersigned counsel that he had retained private counsel to represent him in this matter.

3.      On February 25, 2021, attorney Tor Ekeland filed a Notice of Appearance (Doc. 106) on behalf of Mr. Tew.

4.     As Mr. Tew is now represented by private counsel, there would

appear to be no reason for undersigned counsel's appointment as CJA counsel

to continue.

WHEREFORE, undersigned counsel respectfully requests that the

Court issue an Order allowing him to withdraw as counsel of record for Mr.

Tew.


Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

Dated:   March 2, 2021


2

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, March 02, 2021, I electronically filed the foregoing **MOTION TO WITHDRAW AS COUNSEL** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

s/Karla Alvarado
Karla Alvarado

3

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Tor Bernhard Ekeland
(billing@torekeland.com, docketing@torekeland.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Andrea Lee Surratt
(andrea.surratt@usdoj.gov, caseview.ecf@usdoj.gov, danielle.cooley-graham@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8002047@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order Setting Hearing
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/2/2021 at 5:48 PM MST and filed on 3/2/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 112(No document attached) |

**Docket Text:**
 **ORDER setting hearing on [108] motion concerning joint representation and [111] motion to withdraw. A hearing on the Government's motion concerning joint representation (Doc. 108) and Thomas R. Ward's motion to withdraw as counsel (Doc. 111) is hereby set for 3/18/2021 at 10:30 AM before Judge Daniel D. Domenico by video–teleconference. Counsel are directed to contact Courtroom Deputy Patti Glover at patricia_glover@cod.uscourts.gov no later than three business days before the hearing for instructions on how to proceed. SO ODERED by Judge Daniel D. Domenico on 3/2/2021. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley−graham@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20−cr−00305−DDD−1 Notice has been mailed by the filer to:**

**1:20−cr−00305−DDD−2 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley−graham@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. **MICHAEL AARON TEW**;

    2. **KIMBERLEY ANN TEW**; and
       a/k/a Kimberley Vertanen

    3. **JONATHAN K. YIOULOS**,

      **Defendants.**

---

## GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE
## THE DEADLINE FOR THE PRODUCTION OF DISCOVERY

---

The United States of America, by Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorneys Hetal J. Doshi and Andrea Surratt, hereby moves this Court to continue the government's deadline for the production of discovery.

1. The government's deadline to produce discovery is March 5, 2021.  *See* Dkts. 91, 95, 97 (Discovery Conference Memoranda).

2. On the discovery conference memoranda, the government designated this case as "Document Disclosure Extensive[.]" *See e.g.,* Dkt. 91.  The discovery in this case includes financial records and other materials that reveal personal identifying information (PII) for the co-defendants as well as third parties not before the Court.  The discovery also includes materials that have been segregated as potentially implicating attorney-client privilege.  The government is in the

1

process of conferring with counsel to seek one global protective order in connection with its production of discovery to all of the co-defendants.

3. Co-defendant Kimberley Ann Tew was provisionally represented by Jamie Hubbard at the initial appearance, arraignment, detention hearing, and discovery conference, but no counsel of record was entered on her behalf until February 25, 2021.

4. On February 25, 2021, Tor Ekeland entered as counsel of record on behalf of co-defendants Michael Aaron Tew and Kimberley Ann Tew.  Dkt. 106.  On February 28, 2021, the government filed a Motion for Inquiry Regarding Joint Representation Pursuant to Fed. R. Crim. P. 44.  Dkt. 108.  The Court set a hearing on the government's motion for March 18, 2021.  Dkt. 112.  Resolution of the government's motion could potentially impact counsel of record going forward.

5. The government has conferred with Mr. Ekeland and counsel for co-defendant Jonathan K. Yioulos.  Neither Mr. Ekeland nor counsel for Mr. Yioulos object to the relief sought by this motion.

[continued on next page]

Accordingly, the government respectfully requests that the Court continue the deadline for the government to produce discovery to 14 days after the date on which an order is entered on the government's pending motion concerning joint representation (Dkt. 108).

Dated this 3rd day of March, 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By:      s/ Hetal J. Doshi
Hetal J. Doshi
Andrea Surratt
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: hetal.doshi@usdoj.gov
        Andrea.Surratt@usdoj.gov
Attorneys for the Government

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in the Court's Practice Standard III(A)(1).

s/ Hetal J. Doshi

Pursuant to the Court's Practice Standard III.C, the government notes that this motion tolls the speedy trial clock. 18 U.S.C. § 3161(h)(1)(D). The speedy trial clock was reset and started running on the indictment on February 11, 2021 as the last defendant appeared on February 10, 2021. *See* 18 U.S.C. § 3161(h)(6); Dkt. 101. The speedy trial clock was then tolled on February 28, 2021, with the filing of the government's motion concerning joint representation. Seventeen days have elapsed on the speedy trial clock thus far, and therefore fifty-three days remain.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

 _s/ Hetal J. Doshi_____
Hetal J. Doshi

4

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, stephanie.price@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com), Matthew T. Kirsch (caseview.ecf@usdoj.gov,
mariah.hill@usdoj.gov, matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Andrea Lee
Surratt (andrea.surratt@usdoj.gov, caseview.ecf@usdoj.gov,
danielle.cooley-graham@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Thomas Richard Ward
(kalvarado@mswdenver.com, krodriguez@mswdenver.com, tward@mswdenver.com), Judge Daniel D.
Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8004281@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Continue
Content-Type: text/html
```

## U.S. District Court – District of Colorado

## District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/3/2021 at 5:16 PM MST and filed on 3/3/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 114(No document attached) |

**Docket Text:**
 ORDER granting [113] Motion to Continue. The Government must produce discovery in this case no later than 14 days after the court rules on the Government's motion concerning joint representation. SO ORDERED by Judge Daniel D. Domenico on 3/3/2021. (dddlc2, )

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch     matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward     tward@mswdenver.com, kalvarado@mswdenver.com, krodriguez@mswdenver.com

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,

USACO.ECFCriminal@usdoj.gov, danielle.cooley−graham@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20−cr−00305−DDD−1 Notice has been mailed by the filer to:**

**1:20−cr−00305−DDD−2 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley−graham@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

**1:20−cr−00305−DDD−3 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley−graham@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com

**1:20−cr−00305−DDD−3 Notice has been mailed by the filer to:**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

X_____X
                                     :

**UNITED STATES OF AMERICA**      :

              Plaintiff,    :

                        :

          **v.**             :

                        :

**MICHAEL AARON TEW,**      :
**KIMBERLEY ANN TEW, and**  :
**JONATHAN K. YIOULOS**    :
              Defendants.  :

X_____X

**20-CR-00305-DDD**

**UNOPPOSED MOTION FOR
A 180-DAY ENDS OF
JUSTICE CONTINUANCE
UNDER
18 U. S. C. § 3161(h)(7)**

Under 18 U.S.C. § 3161(h)(7) Defendants' Michael Aaron Tew and Kimberly Ann Tew ("Defendants") hereby move this Court for a 180-Day Ends of Justice Continuance changing the current trial date from April 19, 2021 to October 18, 2021. This is the first continuance request by Defendants Mr. and Mrs. Tew. Defense counsel has conferenced with the Government and Defense Counsel for Co-Defendant Jonathan K. Yioulos, and they do not oppose this request.

## Background

On February 3, 2021, the Government filed its Indictment against Defendants.[1] On February 11, 2021 this Court set a trial date of April 19, 2021.[2] The Court also ordered motions due by March 12, 2021 with responses due by March 17, 2021, and excluded nineteen days from Mr. Tew's Speedy Trial Clock.[3] Defendants are currently out on bond under pre-trial supervised release.

## Legal Standard

The Speedy Act requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.[4] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[5] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[6] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[7] This excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[8] Courts routinely grant ends of justice continuances in cases like this.[9]

---

[1] (*See* Indictment, Dkt. No. 83.)
[2] (*See* Order Setting Trial Date, Dkt. No. 101.)
[3] (*Id.*)
[4] *Id.* at 5-6; 18 U.S.C. § 3161 (c)(1).
[5] *See e.g., United States v. Nemecia-Garcia*, No. 14-cr-00144-CMA, 2016 U.S. Dist. LEXIS 197426, p. 5 (D. Colo. Feb. 12, 2016) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)).
[6] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[7] *See* 18 U.S.C. § 3161 (h)(7).
[8] *See* 18 U.S.C. § 3161 (h)(7).
[9] *See e.g., United States v. Hopson*, No. 12-cr-00444-LTB, 2014 U.S. Dist. LEXIS 9248, at *4 (D. Colo. Jan. 17, 2014).

## Continuance Grounds

This is a complex case involving sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants and a large volume of yet to be produced discovery regarding financial transactions likely requiring forensic analysis. Undersigned counsel was just retained in this case and has begun negotiations with the Government regarding a potential protective order and the production of discovery. In these discussions the Government has informed the Defendants that this is a "document disclosure extensive" matter on the Discovery Conference Memoranda.[10]

These factors, listed below with others, justify an ends of justice continuance of 180 days so Defendants can properly prepare a complete defense:

1. On February 7, 2021, Defendants Mr. and Mrs. Tew hired undersigned defense lawyer. As such, newly appointed defense counsel needs time to adequately prepare for trial. The Indictment has sixty counts involving conspiracy, wire fraud, money laundering, and failure to file taxes, split between three co-defendants. All Defendants were jointly charged in the conspiracy count and in seven wire fraud counts. Mr. and Mrs. Tew were jointly charged in another four money laundering counts. Ms. Tew was charged alone in one money laundering count, while Mr. Tew was charged individually with multiple wire fraud and failure to file income tax counts.

2. Defense counsel is still negotiating the protective order with the Government regarding voluminous discovery, which the Government has indicated it will produce when a protective order is in place. The need to review and analyze this large volume of yet

---

[10] (*See e.g.*, Discovery Conference Memorandum for Michael Aaron Tew, Dkt. No. 91.)

unproduced discovery makes it unreasonable to expect adequate preparation by Defendants, despite due diligence, for trial on April 19, 2021.

3. Defense counsel for Mr. and Mrs. Tew has been working with Mr. Tew's former counsel in the transfer of over 100 GB of data to undersigned counsel which needs to be reviewed.

4. The Government has informed Defendants that the discovery they are withholding in lieu of a protective order also contains many documents of a sensitive nature with tax information, PII, as well as banking information containing records from more than ten financial institutions, many of which have records related to multiple bank accounts over multiple years, along with other financial records. The Government generally estimates at this time that this discovery will consist of in excess 150,000 documents, in excess of 150,000 additional pages, and many gigabytes of electronic data. Therefore, defense counsel will need time to adequately protect, process, and redact the discovery as necessary.

5. Defendants Michael Aaron Tew and Kimberley Ann Tew have been charged jointly and are represented by the same undersigned counsel. A Federal Rule of Criminal Procedure 44 hearing is currently scheduled for March 18, 2021. Depending on the outcome of the Rule 44 Hearing, one or both of the Tew's may need to find new counsel, something that will require time.

6. The Coronavirus Disease (COVID-19) pandemic has also crippled the state of Colorado, the United States and the world. Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases. On February 12, 2021, General Order

4

2021-3 made effective, as of March 1, 2021, that all civil and criminal jury trials scheduled to commence before any district or magistrate judge in any courthouse in the District of Colorado are continued subject to further order of the presiding judicial officer, with the exception of certain pilot trials as authorized by the chief judge.[11] In Denver, the county Covid-19 status is at "Concern" which is higher than the their "Caution" standard.[12] According to the C.D.C., the level of community transition of Covid-19 in Colorado counties ranges in the "substantial" to "high" range, with Denver being listed in the "high" range.[13] COVID restrictions and related concerns will make it difficult for defense counsel to communicate in person and will require less efficient communication through telephone calls or videoconferences.

## Conclusion

For the reasons stated above this Court should enter an order continuing this case until October 18, 2021.

---

[11] *See* http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-3_Court_Operations.pdf. (last accessed March 11, 2021).
[12] *See* https://covid19.colorado.gov/data/covid-19-dial-dashboard. (last accessed March 11, 2021).
[13] *See* https://covid.cdc.gov/covid-data-tracker/#county-view (last accessed March 11, 2021).

Respectfully submitted,

/s/ Tor Ekeland

Tor Ekeland (NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
tor@torekeland.com

*Attorney for Defendants Michael Tew
and Kimberley Tew*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE.**

I hereby certify that on Thursday, March 11, 2021, I electronically filed the foregoing

UNOPPOSED MOTION FOR A 180-DAY ENDS OF JUSTICE CONTINUANCE UNDER 18

U. S. C. § 3161(h)(7) with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to all opposing counsel of record.

/s/ Tor Ekeland

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO



X_____X
:
:
:
**UNITED STATES OF AMERICA** :
:
Plaintiff, :
:
v. :
:
:
**MICHAEL AARON TEW,** :
**KIMBERLEY ANN TEW, and** :
**JONATHAN K. YIOULOS** :
Defendants. :
X_____X

**20-CR-00305-DDD**

**PROPOSED ORDER**
**CONTINUING TRIAL UNDER**
**18 U. S. C. § 3161(h)(7)**

[PROPOSED] TRIAL DATE:
10/18/2021

[PROPOSED] PRE-TRIAL
CONFERENCE DATE: 10/11/2021

The Court has read and considered the Motion Regarding the Unopposed Request for A 180-Day Ends Of Justice Continuance Under 18 U. S. C. § 3161(h)(7), filed by Defendants Mr. and Mrs. Tew in this matter on March 11, 2021. The Court hereby finds that the Motion, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

1

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from April 19, 2021 to October 18, 2021. The pre-trial conference date/last date to hear motions is October 11, 2021.

2. The time period of from April 19, 2021 to October 18, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. Defendant shall appear in Courtroom A 702 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294; and on October 18, 2021 at 9:00 a.m.

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.


_____          _____
DATE                                                          THE HONORABLE DANIEL D. DOMENICO
                                                                  UNITED STATES DISTRICT COURT JUDGE



Presented by:

         /s/
_____
Tor Ekeland
Attorney for Defendants Michael Tew and Kimberley Tew

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE DANIEL D. DOMENICO**

---

| | |
|---|---|
| Courtroom Deputy: Patricia Glover | Date: March 18, 2021 |
| Court Reporter: Tracy Weir | Interpreter: n/a |
| Probation: n/a | |

---

**CASE NO. 20-cr-00305-DDD**

Parties                                                        Counsel

UNITED STATES OF AMERICA,                    Hetal Doshi
                                                               Andrea Surratt
                                                               Matthew Kirsch


        Plaintiff,

v.

Michael Aaron Tew,                                   Tor Ekeland
Kimberly Ann Tew,                                    Thomas Ward


        Defendants.

---

**COURTROOM MINUTES**

---

**HEARING – Motions**

**COURT IN SESSION:   10:40 a.m.**

Appearances of counsel all present via VTC.   Defendants are on bond and present via VTC. Defendant Yioulas and his attorney are not present.

The Court addresses the Government's Motion Concerning Joint Representation (Doc. #108) and Motion to Withdraw (Thomas Ward) (Doc. #111) Argument.

**ORDER:     Motion to Withdraw (Thomas Ward) Doc. #111 is GRANTED.**

The Court's findings as to continued representation by Mr. Eklund of both Mr. and Mrs. Tew are as set forth on the record.   That representation will be permitted to continue.

The Court addresses defendants' Motion for 180 Day Ends of Justice Continuance
(Doc. #115).   Argument.

The Court made specific oral findings justifying a continuance of the trial, which findings
are incorporated herein.

**ORDERED:**   that: the ends of justice served by the granting of such continuance
outweigh the best interests of the public and the defendant in a speedy trial.
**Defendants' Motion for 180 Day Ends of Justice Continuance is GRANTED as to all
defendants. The Speedy Trial Clock deadline is reset to October 19, 2021. The Trial
Preparation Conference scheduled on April 23, 2021 and the Jury Trial scheduled
to commence on April 26, 2021 are VACATED and reset as follows:**

> **The eight-day trial in this matter is reset to commence on October 12, 2021
> at 9:00 a.m.**

> **The trial preparation conference is reset for September 27, 2021 ad 10:30
> a.m.**

> **Pretrial motions are due August 30, 2021. Responses are due on September
> 6, 2021.**

**All other deadlines remain as set in the court's pretrial order, Doc. 101.**

Bond is continued

**COURT IN RECES:**           **11:22 a.m.**
**Total in court time:**      **00:42**
**Hearing concluded**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.   **MICHAEL AARON TEW**;

    2.   **KIMBERLEY ANN TEW**; and
        a/k/a Kimberley Vertanen

    3.   **JONATHAN K. YIOULOS**,

    **Defendants.**

---

## MOTION TO RESTRICT

---

The United States of America, through the undersigned Assistant United States Attorneys, respectfully moves to restrict the brief in support of this motion, Dkt. 120, the document at Dkt. 121 as well as any order revealing the contents of that document for the reasons stated in the brief filed in support of this motion. The United States requests a "Level 1" Restriction, which would make the brief filed in support of this motion, Dkt. 120, the document at Dkt. 121 as well as any order revealing the contents of that document accessible by the court and all the parties.

[continued on next page]

1

Respectfully submitted this 29th day of March, 2021.

MATTHEW T. KIRSCH
Acting United States Attorney

By: _s/ Hetal J. Doshi_
HETAL J. DOSHI
ANDREA SURRATT
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Email: Hetal.Doshi@usdoj.gov
        Andrea.Surratt@usdoj.gov

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in the Court's Practice Standard III(A)(1).

_s/ Hetal J. Doshi_

Pursuant to the Court's Practice Standard III.C, the government notes that this motion tolls the speedy trial clock. 18 U.S.C. § 3161(h)(1)(D). The speedy trial clock was reset and started running on the indictment on February 11, 2021 as the last defendant appeared on February 10, 2021. *See* 18 U.S.C. § 3161(h)(6); Dkt. 101. The speedy trial clock was then tolled on February 28, 2021, with the filing of the government's motion concerning joint representation, but then started to run again on March 19, 2021. The Court has also, pursuant to a motion for an ends of justice continuance, ordered the exclusion of an additional 180 days. Dkt. 116. Twenty-seven days have elapsed on the speedy trial clock thus far.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2021, I electronically filed the foregoing **MOTION TO RESTRICT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Hetal J. Doshi*
Hetal J. Doshi
U.S. Attorney's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1. **MICHAEL AARON TEW**;

    2. **KIMBERLEY ANN TEW**; and
       a/k/a Kimberley Vertanen

    3. **JONATHAN K. YIOULOS**,

      **Defendants.**

---

## ORDER TO RESTRICT DKTS. 120, 121

---

      The Court has considered the government's Motion to Restrict the document at Dkt. 121, [Dkt. 119 (motion to restrict)], and brief in support, Dkt. 120.

      Upon consideration and for good cause shown,

      IT IS ORDERED that Dkts. 120 and 121 are hereby restricted at Level 1 restriction until further order of the Court.

IT IS SO ORDERED on this _____ day of March, 2021.

                         **BY THE COURT:**

                         _____
                         THE HONORABLE DANIEL D. DOMENICO
                         UNITED STATES DISTRICT COURT JUDGE

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Thomas Richard Ward (kalvarado@mswdenver.com,
krodriguez@mswdenver.com, tward@mswdenver.com), Hetal Janak Doshi (caseview.ecf@usdoj.gov,
hetal.doshi@usdoj.gov, portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.cooley-graham@usdoj.gov, usaco.ecfcriminal@usdoj.gov),
Matthew T. Kirsch (caseview.ecf@usdoj.gov, mariah.hill@usdoj.gov,
matthew.kirsch@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(andrew_nussbaum@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8045264@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/30/2021 at 12:43 PM MDT and filed on 3/30/2021

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 125(No document attached) |

**Docket Text:**
 **ORDER granting [119] Motion for Leave to Restrict as to Michael Aaron Tew, Kimberley Ann Tew, Jonathan K. Yioulos. By Judge Daniel D. Domenico on 03/30/2021. Text Only Entry (athom, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Matthew T. Kirsch    matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward (Terminated)    tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley–graham@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland      docketing@torekeland.com, billing@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Matthew T. Kirsch      matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward (Terminated)      tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi      hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Andrea Lee Surratt      andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley–graham@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland      docketing@torekeland.com, billing@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Matthew T. Kirsch      matthew.kirsch@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, mariah.hill@usdoj.gov

Thomas Richard Ward (Terminated)      tward@mswdenver.com, kalvarado@mswdenver.com,
krodriguez@mswdenver.com

Hetal Janak Doshi      hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Andrea Lee Surratt      andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.cooley–graham@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland      docketing@torekeland.com, billing@torekeland.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

285 of 624

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  **KIMBERLEY ANN TEW**; and
       a/k/a Kimberley Vertanen

    3.  **JONATHAN K. YIOULOS**,

    **Defendants.**

---

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

---

       Pursuant to Fed. R. Crim. P. 16(d), the United States of America respectfully moves for entry of a protective order governing use and disclosure of tax information, personal identifying information ("PII"), and other sensitive information.

       1.    Title 26 United States Code Section 6103(h)(4)(D) provides that returns or taxpayer return information may be disclosed "to the extent required by order of the court pursuant to . . . rule 16 of the Federal Rules of Criminal Procedure."   Such order was entered in this matter on February 5, 2021.   *See e.g.,* Discovery Conference Memorandum and Order, Dkt. No. 91 (re: Michael Aaron Tew).

       2.    Although disclosure is appropriate, the tax information at issue contains confidential

information and details about primarily defendant Michael Aaron Tew and, in a more limited capacity, defendant Kimberley Ann Tew.   In addition to sensitive tax information, the government's discovery in this matter includes many documents that contain Personal Identifying Information (PII) subject to redaction under Rule 49.1 of the Federal Rules of Criminal Procedure.   Such PII includes, for example, bank account numbers, driver's license numbers, complete social security numbers, and addresses.   This PII belongs to the co-defendants in addition to co-defendants' family members and associates.   The government's discovery further includes sensitive financial and other banking information related to the victim company.   Finally, the government has collected electronic evidence – for example, extractions of cell phones – that may include photos or depictions of the defendants' minor children or stepchildren of the sort that would typically be found on parents' cell phones.

3.      The current discovery in this case includes, for example, records from more than ten financial institutions, many of which have records related to multiple bank accounts over multiple years, along with other financial records.   As a result, the government has designated this as a "document disclosure extensive" matter on the discovery conference memoranda.   *See e.g.*, Dkt. 91 (Discovery Conference Memorandum for Michael Aaron Tew).   The PII described above is found throughout the discovery materials.   Redaction of this information would be extremely time-consuming and would significantly delay the government's provision of discovery to the defendants.

4.      Rule 16(d)(1) of the Federal Rules of Criminal Procedure gives the Court broad authorization to issue an appropriate protective order governing discovery for good cause shown. Given the sensitive nature of tax information, PII, as well as banking and financial information about the victim company, concerns about the privacy of minors, and the statutes governing use and disclosure of such material, there is good cause for the court to issue the attached proposed protective

2

order.  The government respectfully requests that the protective order be issued as follows:

A.      Defense counsel shall exercise reasonable care in ensuring the confidentiality of all disclosed tax materials, documents disclosed that contain return information as defined in 26 U.S.C. § 6103, any notes or other materials prepared based upon or referring to information in the tax returns or return information, any documents containing PII, any documents or materials reflecting financial information for the alleged victim company, and any photographs or depictions of minor children (collectively, the "Protected Information"). Defense counsel shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), and for no other purpose.   Each individual defendant is, however, authorized to use in any lawful manner Protected Information that reflects (a) only his or her own PII or that of the individual defendant's minor children, and (b) no other person's PII or any financial information about victims or other third parties.

B.      The Protected Information may be viewed only by the defendants (subject to the conditions set forth in paragraph D), defense counsel, and such members of defense counsel's staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in their offices who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information.   The Protected Information may also be shared with defense experts, but such experts must read the protective order in advance of provision of the Protected Information and be informed of their responsibility to safeguard this information.

3

C.      Defense counsel shall make only such copies of or provide electronic access to the information described in paragraph B as is necessary to prepare a defense of this criminal case.   Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery and if access is provided to any person electronically, defense counsel shall keep a written record reflecting who was provided electronic access.   Defense counsel shall also deliver a copy of the protective order with the materials, whether they are provided in physical copy or electronically.

D.      Defense counsel is authorized to make only those copies of the Protected Information for the defendant(s) they represent that are necessary for the defense of the case and/or to provide the defendant with electronic access to the Protected Information. In the case of physical copies, defendants must store, secure, hold, and control their copy or copies of the Protected Information, and in the case of electronic access, defendants must store, secure, hold, and control their individual credentials to electronically access the Protected Information.   Whether their access to the materials is through physical copy or electronically, defendants may not make any further copies of the Protected Information nor may they distribute or transmit the Protected Information to any party outside the scope of paragraph B, with the exception noted in paragraph A that each individual defendant is authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person's PII or any financial information about victims or other third parties.

E.      A copy of the protective order shall be kept with the Protected Information.

F.      After all direct and collateral appeals have been exhausted in this matter,

4

defense counsel within thirty days of final order on the last direct or collateral appeal shall collect and destroy all copies of the Protected Information, with the exception of counsel's notes or work product that may contain return information, which defense counsel will retain consistent with the terms of this Order.

   G. If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 1.

   H. All parties are prohibited from use of any photographs or visual depictions of any minors produced in discovery in any Court proceeding or filing absent prior permission of the Court.

   5. The government has conferred with Mr. Ekeland for defendants Michael Aaron Tew and Kimberley Ann Tew, and Michael Tallon for defendant Jonathan K. Yioulos, and is authorized to state that counsel does not oppose issuance of the order requested.

   WHEREFORE, the United States respectfully requests entry of the attached proposed order permitting disclosure of the Protected Information and designating the sensitive information described herein as protected.

5

Respectfully submitted this 31st day of March, 2021.

                                        MATTHEW T. KIRSCH
                                        Acting United States Attorney

                                        By: _s/ Hetal J. Doshi_____
                                        Hetal J. Doshi
                                        Andrea Surratt
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        1801 California Street, Suite 1600
                                        Denver, Colorado 80202
                                        Telephone: (303) 454-0100
                                        Fax: (303) 454-0409
                                        E-mail:   Hetal.Doshi@usdoj.gov
                                                  Andrea.Surratt@usdoj.gov
                                        Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2021, the foregoing **UNOPPOSED MOTION FOR PROTECTIVE ORDER** was filed with the Court using CM/ECF which will send notification of such filing to all counsel of record.

*s/ Hetal J. Doshi*
Hetal J. Doshi

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Action No. 20-cr-00305-DDD**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  **MICHAEL AARON TEW**;

    2.  **KIMBERLEY ANN TEW**; and
        a/k/a Kimberley Vertanen

    3.  **JONATHAN K. YIOULOS**,

      **Defendants.**

---

## ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER

---

This matter is before the Court on the government's Unopposed Motion for Protective Order. Having reviewed the motion, and finding good cause shown, the Court ORDERS as follows:

    A.    Defense counsel shall exercise reasonable care in ensuring the confidentiality of all disclosed tax materials, documents disclosed that contain return information as defined in 26 U.S.C. § 6103, any notes or other materials prepared based upon or referring to information in the tax returns or return information, any documents containing Personal Identifying Information (PII) ,[1] any documents or materials reflecting financial information for the alleged victim company, and any

---

[1] PII includes information that can be used to identify a person, including home address, date of birth, full names of minors, Social Security number, tax identification number, driver's license number, and financial account information. *See* Fed. R. Crim. P. 49.1 (defining requirements for redaction for documents filed with the court).

1

photographs or depictions of minor children (collectively, the "Protected Information"). Defense counsel shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), and for no other purpose. Each individual defendant is, however, authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person's PII or any financial information about victims or other third parties.

      B.     The Protected Information may be viewed only by the defendants (subject to the conditions set forth in paragraph D), defense counsel, and such members of defense counsel's staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in their offices who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information. The Protected Information may also be shared with defense experts, but such experts must read the protective order in advance of provision of the Protected Information and be informed of their responsibility to safeguard this information.

      C.     Defense counsel shall make only such copies of or provide electronic access to the information described in paragraph (B) as is necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery and if access is provided to any person electronically, defense counsel shall keep a written record reflecting who was provided electronic access. Defense counsel shall also deliver a copy of the protective order with the materials, whether they are provided

in physical copy or electronically.

      D.     Defense counsel is authorized to make only those copies of the Protected Information for the defendant(s) they represent that are necessary for the defense of the case, and/or to provide the defendant with electronic access to the Protected Information. In the case of physical copies, defendants must store, secure, hold, and control their copy or copies of the Protected Information, and in the case of electronic access, defendants must store, secure, hold, and control their individual credentials to electronically access the Protected Information.  Whether their access to the materials is through physical copy or electronically, defendants may not make any further copies of the Protected Information nor may they distribute or transmit the Protected Information to any party outside the scope of paragraph B, with the exception noted in paragraph A that each individual defendant is authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person or entity's PII or any financial information about victims or other third parties.

      E.     A copy of the protective order shall be kept with the Protected Information.

      F.     After all direct and collateral appeals have been exhausted in this matter,, defense counsel within thirty days of final order on the last direct or collateral appeal shall collect and destroy all copies of the Protected Information, with the exception of counsel's notes or work product that may contain return information, which defense counsel will retain consistent with the terms of this Order.

      G.     If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 1.

3

H.      All parties are prohibited from use of any photographs or visual depictions of any minors produced in discovery in any Court proceeding or filing absent prior permission of the Court.

Dated this _____ day of March, 2021, at Denver, Colorado.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

4

309

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **MICHAEL AARON TEW**;

2. **KIMBERLEY ANN TEW**; and
   a/k/a Kimberley Vertanen

3. **JONATHAN K. YIOULOS**,

      **Defendants.**

---

## ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER

---

This matter is before the Court on the government's Unopposed Motion for Protective Order.
Having reviewed the motion, and finding good cause shown, the Court ORDERS as follows:

      A.      Defense counsel shall exercise reasonable care in ensuring the confidentiality of all
disclosed tax materials, documents disclosed that contain return information as defined in 26 U.S.C.
§ 6103, any notes or other materials prepared based upon or referring to information in the tax returns
or return information, any documents containing Personal Identifying Information (PII) ,[1] any
documents or materials reflecting financial information for the alleged victim company, and any

---

[1] PII includes information that can be used to identify a person, including home address, date of birth, full names of
minors, Social Security number, tax identification number, driver's license number, and financial account
information. *See* Fed. R. Crim. P. 49.1 (defining requirements for redaction for documents filed with the court).

photographs or depictions of minor children (collectively, the "Protected Information"). Defense counsel shall use the Protected Information exclusively in connection with this case (including trial preparation, motions practice, trial, and appeals or other related legal proceedings), and for no other purpose. Each individual defendant is, however, authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person's PII or any financial information about victims or other third parties.

B.     The Protected Information may be viewed only by the defendants (subject to the conditions set forth in paragraph D), defense counsel, and such members of defense counsel's staff as are necessary for the purposes outlined above and, as it pertains to staff, only while necessary staff are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in their offices who are to handle the Protected Information read the protective order and are informed of their responsibility to safeguard this information. The Protected Information may also be shared with defense experts, but such experts must read the protective order in advance of provision of the Protected Information and be informed of their responsibility to safeguard this information.

C.     Defense counsel shall make only such copies of or provide electronic access to the information described in paragraph (B) as is necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery and if access is provided to any person electronically, defense counsel shall keep a written record reflecting who was provided electronic access. Defense counsel shall also deliver a copy of the protective order with the materials, whether they are provided

2

in physical copy or electronically.

      D.      Defense counsel is authorized to make only those copies of the Protected Information for the defendant(s) they represent that are necessary for the defense of the case, and/or to provide the defendant with electronic access to the Protected Information. In the case of physical copies, defendants must store, secure, hold, and control their copy or copies of the Protected Information, and in the case of electronic access, defendants must store, secure, hold, and control their individual credentials to electronically access the Protected Information.  Whether their access to the materials is through physical copy or electronically, defendants may not make any further copies of the Protected Information nor may they distribute or transmit the Protected Information to any party outside the scope of paragraph B, with the exception noted in paragraph A that each individual defendant is authorized to use in any lawful manner Protected Information that (a) reflects only his or her own PII or that of the individual defendant's minor children, and (b) contains no other person or entity's PII or any financial information about victims or other third parties.

      E.      A copy of the protective order shall be kept with the Protected Information.

      F.      After all direct and collateral appeals have been exhausted in this matter,, defense counsel within thirty days of final order on the last direct or collateral appeal shall collect and destroy all copies of the Protected Information, with the exception of counsel's notes or work product that may contain return information, which defense counsel will retain consistent with the terms of this Order.

      G.      If a document containing Protected Information is filed with the court, the filing party must either redact the Protected Information from the document or, if the Protected Information is material to the court's determination, shall file the document as restricted at Level 1.

3

H.     All parties are prohibited from use of any photographs or visual depictions of any minors produced in discovery in any Court proceeding or filing absent prior permission of the Court.

Dated this _1st_ day of April, 2021, at Denver, Colorado.

BY THE COURT:

Daniel D. Domenico
United States District Judge

4

313

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO



X_____X

**UNITED STATES OF AMERICA**

Plaintiff,

v.

**MICHAEL AARON TEW,**
**KIMBERLEY ANN TEW, and**
**JONATHAN K. YIOULOS**

Defendants.

X_____X

**20-CR-00305-DDD**

**NOTICE OF APPEARANCE**

## NOTICE OF APPEARANCE OF MICHAEL HASSARD AS ATTORNEY FOR DEFENDANTS

To the Clerk of the Court and all parties of record:

Please take notice that the undersigned attorney is admitted to practice in this Court and is retained as counsel for Defendants MICHAEL AARON TEW and KIMBERLEY ANN TEW.

Dated: June 23, 2021

Respectfully submitted,

/s/ Michael Hassard

Michael Hassard
(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005

(718) 737 - 7264
michael@torekeland.com

1

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

X_____X
:
:
**UNITED STATES OF AMERICA**                 :
:                    **20-CR-00305-DDD**
Plaintiff,           :
:
:           **UNOPPOSED MOTION FOR A**
v.                  :           **12-MONTH ENDS OF JUSTICE**
:           **CONTINUANCE UNDER 18 U. S.**
:                 **C. § 3161(h)(7)**
:
**MICHAEL AARON TEW,**                        :
**KIMBERLEY ANN TEW, and**                    :
**JONATHAN K. YIOULOS**                       :
Defendants.          :
X_____X

Under 18 U.S.C. § 3161(h)(7) Defendants' Michael Aaron Tew and Kimberly Ann Tew

("Defendants") hereby move this Court for a 12-Month Ends of Justice Continuance changing

the current trial date from October 12, 2021, to October 12, 2022. This is the second continuance

request by Defendants Mr. and Mrs. Tew. Based on the Court Order issued on July 27, 2021, the

trial dates and all other deadlines previously set for defendant Jonathan K. Yioulos are vacated

but Defendants are still docketed for trial beginning on October 12, 2021. Defense counsel has

conferenced with the Government. The Government does not agree with and does not concede

all of Defendant's statements below about the victim. The Government does not, however, think

that its disagreement about those statements otherwise undercuts the basis for the continuance

sought and therefore does not oppose the relief sought by this motion.

1

## Background

On February 3, 2021, the Government filed its Indictment against Defendants.[1] On February 11, 2021, this Court set a trial date of April 19, 2021.[2] The Court also ordered motions due by March 12, 2021, with responses due by March 17, 2021, and excluded nineteen days from Mr. Tew's Speedy Trial Clock.[3] On March 11, 2021 Defendants filed their First Unopposed Motion for a Continuance.[4] On March 18, 2021, this Court granted the continuance and set a trial date of October 12, 2021.[5] The Court also ordered Pretrial Motions due by August 30, 2021, with Responses due by September 6, 2021.[6] Defendants are currently out on bond under pre-trial supervised release.

## Legal Standard

The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days after his indictment or initial appearance, whichever is later.[7] "The dual purpose of the Speedy Trial Act is to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings."[8] Certain periods of delay are excluded under the Speedy Trial Act and do not count toward the 70-day "Speedy Trial Clock."[9] 18 U.S.C. § 3161 (h)(7) allows for periods of delay that "shall be excluded in computing the time . . . within which the trial of any ... offense must commence."[10] This

---

[1] (*See* Indictment, Dkt. No. 83).
[2] (*See* Order Setting Trial Date, Dkt. No. 101).
[3] (*Id.*)
[4] (Dkt. No. 115).
[5] (*See* Order Setting Trial Date, Dkt. No. 116).
[6] (*Id.*)
[7] (*Id.* at 5-6); 18 U.S.C. § 3161 (c)(1).
[8] *See e.g., United States v. Nemecia-Garcia*, No. 14-cr-00144-CMA, 2016 U.S. Dist. LEXIS 197426, p. 5 (D. Colo. Feb. 12, 2016) (citing *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993)).
[9] *See* 18 U.S.C. § 3161 (h)(1) - (8).
[10] *See* 18 U.S.C. § 3161 (h)(7).

2

excludable delay occurs when a court finds that "the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial."[11] Courts routinely grant ends of justice continuances in cases like this.[12]

## Continuance Grounds

This is a complex case involving sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants. One of those three co-defendants, Mr. John Yioulous, just changed his disposition and is scheduled to enter a guilty plea. The Defense is diligently reviewing the large volume of discovery produced by the Government. To date, the Government has produced more than 230,000 documents and, in addition to those documents, more that approximately 300 gigabytes of electronically stored data. The Defense and Government are communicating regarding technical and substantive issues surrounding the initial production. Based on its review, the Defense anticipates issuing multiple subpoenas to the entities, witnesses, and individuals with knowledge, information, and documents related to the Indictments' allegations. Furthermore, it is likely that expert financial and other analysis is required given that the alleged victim company appears to have been engaged in massive financial fraud despite paying $28 million to the Government in 2008 to settle civil and criminal claims for issuing false invoices to the Government and agreeing never to do it again.[13] The Government has informed the Defendants that this is a "document disclosure extensive" matter on the Discovery Conference Memoranda.[14] After conferring with the Government, the parties agreed that given the voluminous discovery, the substantive issues to

---

[11] *See* 18 U.S.C. § 3161 (h)(7).
[12] *See e.g., United States v. Hopson*, No. 12-cr-00444-LTB, 2014 U.S. Dist. LEXIS 9248, at *4 (D. Colo. Jan. 17, 2014).
[13] *See e.g., United States v. National Air Cargo Inc.*, No. 07-CR-00254S (W.D.N.Y. Mar. 26, 2008).
[14] (*See e.g.*, Discovery Conference Memorandum for Michael Aaron Tew, Dkt. No. 91).

resolve pre-trial, the parties schedules, and COVID-19, a 12-month continuance is appropriate. This would continue the trial date to October 12, 2022.

These factors, listed below with others, justify an ends of justice continuance of 12-months so Defendants can properly prepare a complete defense:

1. Based on its initial review of the voluminous discovery produced to date by the Government, the Defense expects to issue multiple subpoenas for financial records.

2. The Defense expects that the current discovery, and that obtained by subpoenas, will require expert financial analysis.

3. Defense counsel is still reviewing the Government produced e-discovery and communicating with the Government regarding technical and substantive issues. For example, some files in the discovery are unreadable (a common occurrence with large initial productions), some are redacted, and some are in non-native format. The Defense is currently compiling a list for inclusion in a forthcoming Fed. R. Crim. P. 16 letter to the Government.

4. Defense counsel is still investigating the facts, including the alleged victim National Air Cargo ("NAC"). In 2008 NAC pleaded guilty to one count of knowingly making a materially false statement to the United States and paid $28 million to resolve civil and criminal cases related to its defrauding the Department of Defense during wartime.[15] Defense counsel needs time to request information from NAC, including, but not limited to, its audits, compliance with GAAP, its financial controls and policies, systems and procedures, its use of PPP funds, its false invoices, settlement and deferred or non-prosecution agreement(s), client's communication records, data entry logs, audit and

---

[15] *See e.g*, Press Release, Dep't of Just., National Air Cargo to Pay $28 Million to Resolve Allegations of Defrauding the Department of Defense (Mar. 26, 2008).

318

financial statement review, security filings, accounting records, and any related evidence gathered from digital forensics, CCTV footage, mobile surveillance, and interviews. Defense counsel also needs time to investigate NAC's financial transactions with its Dubai and Hong Kong entities because they appear related to this case.

5. The need to review and analyze this large volume of produced and yet unproduced discovery makes it unreasonable to expect adequate preparation by Defendants, despite due diligence, for trial on October 12, 2021.

6. The Coronavirus Disease (COVID-19) pandemic has also crippled the state of Colorado, the United States and the world. Beginning on March 13, 2020, Chief Judge Philip A. Brimmer entered a series of orders concerning court operations and prohibiting trials in all but certain tightly controlled selected cases. On June 16, 2021, Chief Judge Philip A. Brimmer entered an Extension of CARES Act Findings Regarding Criminal Proceedings.[16] Currently the Delta Variant is raging across the United States, and the Centers for Disease Control and Prevention has recently recommended more restrictive measures to prevent its spread.[17] COVID restrictions and related concerns, especially the Delta Variant, will make it difficult for defense counsel to communicate in person and will require less efficient communication through telephone calls or videoconferences.

## Conclusion

For the reasons stated above this Court should enter an order continuing this case until October 12, 2022.

---

[16] http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2021-7_CARES_Act_Extension.pdf
[17] https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html

Dated: August 10, 2021
       Brooklyn, NY

                                       Respectfully submitted,

                                       /s/ Tor Ekeland

                                       Tor Ekeland
                                       (NYS Bar No. 4493631)
                                       Tor Ekeland Law, PLLC

                                       30 Wall Street
                                       8th Floor
                                       New York, NY
                                       10005

                                     (718) 737 - 7264
                                     tor@torekeland.com

                                     /s/ Michael Hassard

                                     Michael Hassard
                                     (NYS Bar No. 5824768)
                                     Tor Ekeland Law, PLLC

                                     30 Wall Street
                                     8th Floor
                                     New York, NY
                                     10005

                                     (718) 737 - 7264
                                     michael@torekeland.com

                                     *Attorneys for Defendants Michael Tew and Kimberley Tew*

**CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE.**

I hereby certify that on Tuesday, August 10, 2021, I electronically filed the foregoing

UNOPPOSED MOTION FOR A 12-MONTH ENDS OF JUSTICE CONTINUANCE UNDER

18 U. S. C. § 3161(h)(7) with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to all opposing counsel of record.

/s/ Tor Ekeland

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO



X_____X
                                    :
**UNITED STATES OF AMERICA**        :          **20-CR-00305-DDD**
                                    :
                                    :
                          Plaintiff, :          **UNOPPOSED MOTION UPON**
                                    :          **ATTORNEY DECLARATION**
                 v.                 :          **SEEKING ORDER PERMITTING**
                                    :          **TRAVEL BEYOND PRE-TRIAL**
**MICHAEL AARON TEW,**              :          **RELEASE ORDER AT PARAGRAPH 7(f)**
**KIMBERLEY ANN TEW, and**          :
**JONATHAN K. YIOULOS**             :
                       Defendants.  :
                                    :
X_____X

**PLEASE TAKE NOTICE,** that upon the Declaration of Tor B. Ekeland, Attorney for

the Defendants, Michael Tew and Kimberley Tew, attached hereto and all papers and

proceedings had herein, Mr. and Mrs. Tew move this Court for the following unopposed relief:

An order permitting the Defendants Michael Tew and Kimberley Tew to travel with their two

young daughters to Los Angeles, California on September 23rd, 2021, and returning to the

State of Colorado on September 27th, 2021, for a family vacation. This application and the

details of the proposed travel have been provided, reviewed, and approved by both the Office

of the United States Attorney for the State of Colorado, by and through Assistant United

States Attorneys Doshi and Surrat, and by the United States Probation and Pretrial Services

Office, by and through Probation Officer Carlos Morales. Mr. Tew and Mrs. Tew shall

promptly provide USPO Carlos Morales of the United States Pretrial and Probation Services

with the District of Colorado any changes to their travel plans, and shall contact USPO

Carlos Morales during the time of approved travel.

DATED:          September 17th, 2021

AT:               New York, NY

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*



# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

X_____X
:
:
**UNITED STATES OF AMERICA**          :          **20-CR-00305-DDD**
:
:
:
                        Plaintiff,     :
                                       :          **UNOPPOSED MOTION UPON**
        v.                             :          **ATTORNEY DECLARATION**
                                       :          **SEEKING ORDER PERMITTING**
**MICHAEL AARON TEW,**                 :          **TRAVEL BEYOND PRE-TRIAL**
**KIMBERLEY ANN TEW, and**             :          **RELEASE ORDER AT PARAGRAPH 7(f)**
**JONATHAN K. YIOULOS**                :
                        Defendants.    :
                                       :
X_____X

     **Tor B. Ekeland,** being duly sworn, pursuant to 28 U.S.C. §1746(2), declares under penalties of perjury that:

1.    I am an attorney duly licensed in the State of New York since 2007 and have been admitted to practice before the United States District Court for the State of Colorado.

2.    I represent Michael Tew and Kimberley Tew in this matter. Their original arraignments occurred on July 9th, 2020 and February 10th, 2021, respectively The parties agreed on the terms and conditions of release and in each case a pretrial release order was signed which included travel restrictions at paragraph 7(f) limiting Mr. and Mrs. Tew's travel to the State of Colorado unless prior permission is granted by the court.

3.    Mr. and Mrs. Tew propose travel with their family, that is their two minor daughters, for a family vacation to Los Angeles, California. The details about the flight arrangements and

lodging in Los Angeles have been provided to the Office of the United States Attorney and the United States Pretrial and Probation Services. Both offices consent to the proposed travel requested in this motion.

4.     Mr. and Mrs. Tew shall promptly provide to USPO Morales of the United States Pretrial and Probation Services with the District of Colorado any changes to their travel plans and shall contact USPO Morales during the time of approved travel.

5.     Accordingly, unless the Court requests further information, or any clarification, Mr. Tew and Mrs. Tew request that the Court issue an order permitting this travel. Upon Mr. and Mrs. Tew's return, if it is the practice of this Court, both will advise United States Probation Officer Morales in writing that they have returned to the State of Colorado.

6.     Sworn to under penalty of perjury pursuant to 28 U.S.C. §1746(2).


DATED:          September 17th, 2021                    Respectfully submitted,

AT:             New York, NY                            /s/ Tor Ekeland
                                                        Tor Ekeland
                                                        (NYS Bar No. 4493631)
                                                        Tor Ekeland Law, PLLC

                                                        30 Wall Street
                                                        8th Floor
                                                        New York, NY
                                                        10005
                                                        (718) 737-7264
                                                        tor@torekeland.com

                                                        *Attorney for Michael Tew and*
                                                        *Kimberley Tew*



TO:             Hetal Doshi, Assistant United States Attorney
                Carlos Morales, United States Probation Officer (Colorado)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLORADO**



X_____X
                                :

**UNITED STATES OF AMERICA**     :      **20-CR-00305-DDD**
                                :

              Plaintiff,   :

            v.          :   **UNOPPOSED MOTION UPON**
                                :   **ATTORNEY DECLARATION**
**MICHAEL AARON TEW,**        :   **SEEKING ORDER PERMITTING**
**KIMBERLEY ANN TEW, and**     :   **TRAVEL BEYOND PRE-TRIAL**
**JONATHAN K. YIOULOS**       :   **RELEASE ORDER AT PARAGRAPH 7(f)**
            Defendants   :

                                :

X_____X

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*

328

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO



X————————————————————X
                          :

**UNITED STATES OF AMERICA**        :

                 Plaintiff,  :         **20-CR-00305-DDD**

                          :     **[PROPOSED] ORDER OF MOTION**

          **v.**             :

                          :     **UNOPPOSED MOTION UPON**
                          :     **ATTORNEY DECLARATION**

**MICHAEL AARON TEW,**        :     **SEEKING ORDER PERMITTING**
**KIMBERLEY ANN TEW, and**    :     **TRAVEL BEYOND PRE-TRIAL**
**JONATHAN K. YIOULOS**      :  **RELEASE ORDER AT PARAGRAPH 7(f)**

              Defendants.  :

X————————————————————X

       Now before the Court in this matter are Defendants, Mr. Michael Aaron Tew and Mrs. Kimberley Ann Tew, motion upon attorney declaration seeking order permitting travel beyond pre-trial release order at paragraph 7(f) of the motion. The order would permit the Tews to travel with their two young daughters to Los Angeles, California on September 23rd, 2021, and returning to the State of Colorado on September 27th, 2021, for a family vacation.

       Accordingly, Mr. and Mrs. Tew's Motion is granted.

       IT IS SO ORDERED.

_____        _____
DATE                                                          THE HONORABLE DANIEL D. DOMENICO
                                                                   UNITED STATES DISTRICT COURT JUDGE

Presented by:

        /s/
_____
Tor Ekeland
Attorney for Defendants Michael Tew and Kimberley Tew

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**MICHAEL AARON TEW**,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

      Defendants.

---

## ORDER GRANTING, IN PART,  UNOPPOSED MOTION TO CONTINUE

---

Before the Court is Defendants' unopposed motion to continue the trial date in this case by one year, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act. (Doc. 143.) For the following reasons, the Court finds that a continuance is warranted, but only for one hundred and eighty days. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, Defendants' motion is granted in part.

## PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment.  On February 3, 2021, an indictment was issued for both Mr. and Mrs. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18

- 1 -

U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of money laundering, one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Mrs. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Mrs. Tew entered a plea of not guilty on February 10, 2021. making April 22, 2021 the deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. (Doc. 101.) The Court excluded 19 days because of motion (Doc. 101) and 180 days for an Ends of Justice Continuance (Doc. 116).

On August 10, 2021, Defendants filed the motion to continue currently before the Court. (Doc. 143.) The government does not oppose the requested continuance. (*Id.* at 1.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer

if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470
(10th Cir. 1987). No single factor is determinative, and the weight given
to any one factor may vary depending on the extent of the showing on
the others. *Id.* However, "by far the most important factor to consider"
is the requesting party's need for a continuance and the prejudice result-
ing from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act require-
ments, the Court may exclude from the statutory time period within
which the Defendants' trial must commence "[a]ny period of delay re-
sulting from a continuance granted . . . on the basis of [the Court's] find-
ings that the ends of justice served by taking such action outweigh the
best interest of the public and the defendant in a speedy trial." 18 U.S.C.
§ 3161(h)(7)(A). In order to exclude the period resulting from such a con-
tinuance, the Court must set forth in the record its reasons for finding
that the ends of justice served by granting the continuance outweigh the
best interests of the public and the defendant in a speedy trial, consid-
ering the following factors:

> (i) Whether the failure to grant such a continuance in the
> proceeding would be likely to make a continuation of such
> proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to
> the number of defendants, the nature of the prosecution, or
> the existence of novel questions of fact or law, that it is un-
> reasonable to expect adequate preparation for pretrial pro-
> ceedings or for the trial itself within the time limits estab-
> lished by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a
> case which, taken as a whole, is not so unusual or so com-
> plex as to fall within clause (ii), would deny the defendant
> reasonable time to obtain counsel, would unreasonably
> deny the defendant or the Government continuity of

counsel, or would deny counsel for the defendant or the at-
torney for the Government the reasonable time necessary
for effective preparation, taking into account the exercise
of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574
F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants requests a continuance for the following reasons: (1)
counsel requires additional time to issue additional subpoenas for finan-
cial records; (2) the resulting discovery will require expert financial
analysis; (3) counsel requires more time to review and analyze the dis-
covery disclosed by the government to date (consisting of more than
230,000 documents and 300 gigabytes of electronically stored data), and
to obtain and review additional discovery from the government; (4) coun-
sel requires more time to investigate additional financial transactions
that it believes are relevant to this case, and (5) counsel requires more
time to communicate remotely with clients due to travel concerns from
COVID-19. (Doc. 143 at 3-5.)

The Court finds that the *West* factors weigh in favor of granting a
continuance. Nothing in the record suggests that Defendant and his
counsel have not been diligent in preparing for trial. It also appears
likely that the continuance, if granted, would accomplish Defendants'
stated purpose of allowing adequate time to obtain and review discovery,
conduct further factual investigation, conduct legal research, engage in
plea discussions with the government, and prepare for a jury trial if nec-
essary. The government does not oppose the requested continuance, and
the continuance will not cause any significant inconvenience to the
Court. And Defendant might be significantly prejudiced if the continu-
ance is denied, as he may be unable to effectively prepare for trial, or to

knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case. However, the requested year continuance would be a substantial variance from the ordinary speedy trial timeline. A continuation and exclusion of 180 days is appropriate at the moment. Though the Court may need to grant additional continuances and exclusions, 180 days is sufficient to reevaluate the progress of discovery production and subpoenas.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendants' best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with his attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance out-
weigh the best interest of the public and Defendant in a speedy trial
within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

One hundred and eighty days should be excluded from the computa-
tion of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendants' Unopposed Motion for a 12-Month Ends of Justice
Continuance (Doc. 143) is PARTIALLY GRANTED;

One hundred eighty (180) days, from September 22, 2021 to March
21, 2022, will be excluded from the computation of Defendants' Michael
Tew and Kimberley Tew's Speedy Trial Act time;

The eight-day trial set to begin October 12, 2021 is VACATED and
RESET to April 4, 2022 at 9:00 am in Courtroom A1002. Pretrial
Motions are due January 3, 2022, Responses due by January 10, 2022.
The Trial Preparation Conference set for September 27, 2021 is
VACATED and RESET to March 21st at 1:00 pm in Courtroom A1002.

DATED: September 22, 2021                BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predi-
cated its ruling on congestion of its calendar or lack of diligent prepara-
tion by the government's counsel.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. __20-CR-00305-DD__

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    MICHAEL AARON TEW,
    KIMBERLEY ANN TEW, and
    JONATHAN K. YIOULOS,

    Defendant.

---

## ENTRY OF APPEARANCE OF COUNSEL
---

To:    The clerk of court and all parties of record

    I hereby certify that I am a member in good standing of the bar of this court, and I

appear in this case as counsel for:

        Michael Aaron Tew
        Kimberley Ann Tew

        Dated: October 12, 2021

        Xuan Zhou
        Name of Attorney

        Tor Ekeland Law, PLLC
        Firm Name

        30 Wall Street, 8th Floor
        Office Address

        New York, NY, 10005
        City, State, ZIP Code

        (718) 737-7264
        Telephone Number

        xuan@torekeland.com
        Primary CM/ECF E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

3.  JONATHAN K. YIOULOS,

     Defendant.

---

## PLEA AGREEMENT

The United States of America (the government), through Assistant United States Attorneys Hetal J. Doshi and Andrea Surratt, and the defendant, Jonathan K. Yioulos, personally and by counsel, Michael Tallon, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1 and Fed.R.Crim.P.11(c)(1)(A) and (B).

## I.  AGREEMENT

*A.  Defendant's Obligations*

The defendant agrees to (1) plead guilty to Counts One and Thirty-Nine of the Indictment, charging a violation of 18 U.S.C. §§ 1349 and 1343, respectively; (2) waive his appeal rights, as detailed below; (3) pursuant to 18 U.S.C. § 3663(a)(3) be liable for restitution to N.A.C. in an amount to be determined at sentencing, but not less than $5,053,878.50, for which he could be jointly and severally liable with other co-conspirators; and (4) agree not to contest forfeiture of proceeds, as described fully below.

*B.  Government's Obligations*

In exchange for the defendant's plea of guilty and his waiver of appeal rights, the government agrees to the following: (1) to file no other federal criminal charges against the defendant based on

1

COURT EXHIBIT
1

matters currently known to the government; (2) recommend a sentence of imprisonment no greater than 63 months; (3) at the time of sentencing, move to dismiss Counts 2-38, and 40 as against YIOULOS only; and (4) recommend a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, provided that the defendant does not do anything that is inconsistent with accepting responsibility between and including the date of his guilty plea and the date of sentencing.

C.   *Defendant's Waiver of Appeal*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence, including the restitution order, unless it meets one of the following criteria: (1) the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 1343 and 1349; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 26; or (3) the government appeals the sentence imposed. If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence, including the restitution order, in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing

2

guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number. The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

D.    *Defendant's Cooperation*

The defendant agrees to provide truthful, complete, and accurate information relating to any matter about which the defendant may possess knowledge, information, or materials being investigated by the government, and agrees to cooperate fully with the government. Lies, deliberate falsehoods or misleading information provided during the cooperation with the government would be grounds for rescission of this plea agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to, the following:

1)    The defendant agrees to be fully debriefed, and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

2)    The defendant agrees to affirmatively furnish to the government all documents and other material that may be relevant and that are in the defendant's possession or control.

3)    The defendant agrees to testify fully and truthfully at any proceeding in the District of Colorado or elsewhere as requested by the government.

3

4)      The defendant agrees to at all times give complete, truthful, and accurate information and testimony and to fully and truthfully disclose all information with respect to the activities of the defendant and others concerning all matters about which the government inquires.

5)      The defendant consents to postponements of his sentencing, as requested by the government and as approved by the Court. Should the defendant be required to provide testimony at a time subsequent to his sentencing in this case and should the defendant fail, at a later date, to comply with the obligation to testify, the government could seek to recharge him on any and all counts which were dismissed as part of this plea agreement.

6)      The defendant agrees he will not violate federal, state, or local law while awaiting sentencing in this case. The defendant further agrees to abide by all the terms and conditions of any bond executed in the defendant's case. The government may consider any such violations a material breach of his agreement to cooperate with the government.

The government agrees that any information and testimony given by the defendant pursuant to this agreement will not be used against him, either directly or indirectly, in any criminal case except for prosecutions for perjury, making a false statement, obstruction of justice, or for impeachment. Information and testimony will not be used against the defendant pursuant to Section 1B1.8 of the Sentencing Guidelines.  Any information and testimony relating to the defendant's involvement in

4

crimes of violence, as defined in Title 18, United States Code, Section 16, is excluded from this agreement.

The defendant agrees that if the government can show that he lied or attempted to mislead the government or law enforcement authorities, or if he does not fulfill the terms of or does not complete his cooperation under this agreement, then any information or testimony which he has given in connection with this case can be used in any prosecution against him, notwithstanding the provisions above. If the government alleges such conduct, it will have the burden of establishing the alleged conduct at a separate hearing by a preponderance of the evidence.

Provided that the defendant fully and truthfully cooperates with the government as described above, as determined in the government's sole discretion, the government may elect to file, but is not required to do so, before or at the time of the defendant's sentencing, a motion for downward departure, pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e). The parties agree that the defendant shall not be entitled to withdraw his plea if the government determines that the defendant has not fully cooperated and provided substantial assistance.

*E. Forfeiture of Assets*

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: a money judgment to be finalized at sentencing,

but in an amount not less than $5,053,878.50 which constitutes the amount of the proceeds obtained by the co-conspirators from the fraudulent invoice scheme described herein.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant admits and agrees that the conduct described in the Stipulation of Facts below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offenses to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture. However, the United States Attorney's Office for the District of Colorado will recommend to the Attorney General that any net proceeds derived from the sale of the judicially forfeited assets be remitted or restored to eligible victims of the offenses, for which the defendant has pleaded guilty, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. pt. 9, and any other applicable laws, if all statutory factors are met. The defendant understands that the United States Attorney's Office has authority only to recommend such relief and that the final decision of whether to grant relief rests solely with the Department of Justice, which will make its decision in accordance with applicable law.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence, has been transferred or sold to, or

6

deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e). This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

G.   *Government's Reservation of Rights to Withdraw from the Plea Agreement*

The government may withdraw from the Plea Agreement up to the date of sentencing if all of the following four conditions are met: (1) the government receives information not known to the government as of the date of the Plea Agreement; (2) that new information concerns either (a) conduct engaged in by the defendant before the date of the Plea Agreement and related to the charges in the Indictment or (b) any conduct after the date of the Plea Agreement; (3) such conduct violates state or federal criminal law; and (4) at a hearing, the government proves this conduct by a preponderance of the evidence.

## II. **ELEMENTS OF THE OFFENSE**

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

### Count One: 18 U.S.C. § 1349

**First**:  Two or more persons agreed to violate the law;

**Second**:  The defendant knew the essential objectives of the conspiracy;

**Third**:  The defendant knowingly and voluntarily participated in the conspiracy; and

**Fourth**:  There was interdependence among the members of the conspiracy.

7

*United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011) (citing *United States v. Baldridge*, 559 F.3d 1126, 1136 (10th Cir. 2009).[1]

### Count Thirty-Nine:   18 U.S.C. § 1343

*First:*    The defendant devised or intended to devise a scheme to defraud, as alleged in the

indictment;

*Second*: The defendant acted with the specific intent to defraud;

*Third*:   The defendant used or caused another person to use interstate or foreign wire

communications for the purpose of carrying out the scheme; and

*Fourth*:   The scheme employed false or fraudulent pretenses, representations, or promises that were

material.

10th Cir. P.J.I. § 2.57 (2018).

## III.   STATUTORY MAXIMUM SENTENCE

The maximum statutory sentence for a violation of 18 U.S.C. § 1349 is not more than 20 years'

imprisonment, not more than a $250,000 fine or two times the amount of gain or loss, whichever is

---

[1] *But see United States v. Hammers,* 942 F.3d 1001 (10th Cir. 2019) (cert. denied) ("To prove conspiracy to embezzle federal program funds under 18 U.S.C. § 371, the Government must show: (1) Defendant's agreement with another person to violate the law; (2) his knowledge of the essential objective of the conspiracy; (3) his knowing and voluntary involvement; and (4) interdependence among co-conspirators. *United States v. Rahseparian*, 231 F.3d 1257, 1262 (10th Cir. 2000). To prove conspiracy to commit bank fraud under 18 U.S.C. § 1349, the Government must show: (1) Defendant agreed with at least one other person to commit bank fraud; (2) **one of the conspirators committed an overt act in furtherance of the conspiracy;** (3) Defendant knew the essential objective of the conspiracy; (4) Defendant knowingly and voluntarily participated in the conspiracy; and (5) there was interdependence among co-conspirators."). *Hammers* did not discuss, describe, or otherwise overrule *Fishman* which stands for the proposition that a Section 1349 charge does not require proof of an overt act, nor did it discuss or describe the removal of the element of an overt act for a charge pursuant to 18 U.S.C. § 371.

8

345

greater, or both imprisonment and a fine, not more than 3 years' supervised release, a $100 special

assessment fee, and restitution.

The maximum statutory sentence for a violation of 18 U.S.C. § 1343 is not more than 20 years'

imprisonment, not more than a $250,000 fine or two times the amount of money laundered, whichever

is greater; or both imprisonment and a fine, not more than 3 years' supervised release, a $100 special

assessment fee, and restitution.

If a term of probation or supervised release is imposed, any violation of the terms and/or

conditions of supervision may result in an additional term of imprisonment.

## IV. **COLLATERAL CONSEQUENCES**

These felony convictions may cause the loss of civil rights including, but not limited to, the

rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender

pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of

its sentencing methodology, compute the advisory guideline range for the offense of conviction,

consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts

may be included below which are pertinent to those considerations and computations. To the extent

the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are

known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court

with additional facts which do not contradict facts to which the parties have stipulated and which are

relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's

overall sentencing decision.

9

The parties agree that the government's evidence would be as follows:

Between August 2018 and July 2020, JONATHAN K. YIOULOS conspired with MICHAEL AARON TEW and KIMBERLEY ANN TEW to engage in a complex scheme to defraud a Florida-based company, N.A.C., Inc. ("the Victim Company") of more than $5 million through the submission of fraudulent invoices that billed the Victim Company for services it never received. YIOULOS, at the request of and with the knowledge and assistance of MICHAEL AARON TEW and KIMBERLEY ANN TEW, processed these fraudulent invoices submitted in the names of what appeared to be six different entities and caused payments associated with or supported by the fraudulent invoices to be made by the Victim Company.

### The Individuals and Entities Involved

**JONATHAN K. YIOULOS**

YIOULOS is a resident of the State of New York and was, at some point prior to 2018, the Director of Finance for the Victim Company. At some point between 2018 and July 2020, YIOULOS's title changed to Controller for the Victim Company, but he continued to also perform his responsibilities as the Director of Finance. YIOULOS is a certified public accountant licensed in New York, and had direct knowledge about the inner workings of the Victim Company's finances and its financial processes, including how to minimize the number of approvals necessary to process an outgoing payment from the Victim Company's bank account(s). YIOULOS nevertheless caused or authorized payments from the Victim Company's bank account(s) to accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW or to third parties' accounts for the benefit of MICHAEL AARON TEW and KIMBERLEY TEW for services YIOULOS knew the Victim Company had not received.

10

347

YIOULOS communicated from New York with MICHAEL AARON TEW, who resided in Colorado during the time relevant to the Indictment. For the time period relevant to the Indictment, YIOULOS knew that MICHAEL AARON TEW and KIMBERLEY ANN TEW resided in Colorado. YIOULOS used or caused interstate wires to be used to engage in the scheme described in Counts 1 and 39 of the Indictment, and used or caused interstate wires to be used to authorize or process fraudulent payments from the Victim Company's bank in New York to bank accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW in Colorado.

YIOULOS personally financially benefitted from the conspiracy and the scheme to defraud, albeit in an amount substantially lower than MICHAEL AARON TEW and KIMBERLEY ANN TEW. After this fraud was discovered by the Victim Company, it terminated YIOULOS's employment on or around July 7, 2020.

In the performance of his duties at the Victim Company, YIOULOS worked with MICHAEL AARON TEW while MICHAEL AARON TEW served as CFO of the Victim Company.

**The Victim Company**

The Victim Company, N.A.C., Inc., is a company headquartered in Florida with an office in New York. The Victim Company operates in the United States and is affiliated with the company N.A.C. Group, Inc., d/b/a N.A., which operates as an airline, and provides freight forwarding solutions, to include by charter and airlift. N.A.C. Holdings, Inc. ("NAC Holdings") is one of several affiliates of the Victim Company.

**Sand Hill, LLC ("Sand Hill")**

YIOULOS knew that the Victim Company paid MICHAEL AARON TEW for his CFO services through Sand Hill, LLC, a single-member LLC, an entity which maintained a bank account(s) in Colorado. During the course of this fraud and after MICHAEL AARON TEW's contract with

11

the Victim Company had been terminated, some payments made pursuant to this fraud were made to account(s) held in the name of Sand Hill.   On automated clearinghouse (ACH) transaction payment documentation submitted by YIOULOS to execute these fraudulent payments to accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW, YIOULOS listed payee "SHI LLC," which was an abbreviation or acronym for Sand Hill.   This was done to create the false impression of another entity and thereby evade detection.

### H.S. CPAs LLC (HS CPAs), M.C.G., Inc. ("MCG"), 5530 J.D., LLC ("5530 JD") and P.M., Inc. ("PM")

HS CPAs, MCG, 5530 JD, and PM may have been or purported to be real companies whose existence predated the scheme to defraud.   These four entities are operated by or otherwise affiliated with individuals who are contacts of MICHAEL AARON TEW and/or KIMBERLEY ANN TEW. YIOULOS authorized or submitted payments by the Victim Company of fraudulent invoices submitted in the name of these four entities.

### Global Fuel Logistics, Inc. (GFL) and Aero Maintenance Resources (AMR)

During the conspiracy and execution of the scheme to defraud, YIOULOS and MICHAEL AARON TEW discussed aligning the company names used to submit fraudulent invoices more closely with the business of the Victim Company to evade detection.   They also discussed the need to diversify entities to whom the payments appeared to be directed so that any single entity did not appear to receive significant payments, which could arouse suspicion internally or by auditors.   MICHAEL AARON TEW then began submitting fraudulent invoices in the name of GFL, and later, in the name of AMR, a purported "division" of GFL.   MICHAEL AARON TEW advised YIOULOS that he had taken measures to put multiple layers between himself and the creation and purported operation of these entities, to include listing an address of family members in Michigan as GFL's principal office

12

address and registering GFL in Wyoming.   YIOULOS knew that GFL and AMR had no legitimate

business operations and invoices submitted to the Victim Company in their names were fraudulent.

### The Conspiracy and Scheme to Defraud

How the Conspiracy and Scheme to Defraud Began

In or around August 2018, MICHAEL AARON TEW began submitting fraudulent invoices

to the Victim Company, which YIOULOS authorized and were ultimately paid by the Victim

Company.   Initially, the dollar amounts for the invoices were relatively small, but over time, the

amounts demanded by each fraudulent invoice grew substantially.   Between August 2018 and July

2020, as a result of this conspiracy to commit wire fraud and scheme to defraud, the Victim Company

paid $5,053,878.50 either directly to accounts controlled by or accessible to MICHAEL AARON

TEW and KIMBERLEY ANN TEW or to third parties for the benefit of MICHAEL AARON TEW

and KIMBERLEY ANN TEW.   YIOULOS believed that MICHAEL AARON TEW and

KIMBERLEY ANN TEW needed the payments, at least in part, to pay outstanding and ongoing

family debts.

The Operation of the Conspiracy and Scheme to Defraud

Initially, the invoices were submitted by or on behalf of entities not previously used as vendors

by the Victim Company and who performed functions unrelated to the conspiracy.   Over time, the

invoices were submitted by shell company nominees GFL and AMR, which existed as vehicles to

continue the fraud, evade detection, and conceal the source and destination of income.   The

fraudulent invoices, which were often submitted in support of the payments after the fraudulent

payments had been issued, were all approved by YIOULOS, and payments were largely made via ACH

transactions, although some payments were tendered by wire transfer.   This was because YIOULOS

knew that only a single authorization was required to approve an ACH transaction while wire transfers

13

350

required two authorizations from the Victim Company. The ACH transactions and wire transfers were executed through interstate wires from the Victim Company's account at Signature Bank in New York to bank accounts in Colorado and elsewhere.

MICHAEL AARON TEW told YIOULOS that he must continue making fraudulent payments or the prior fraudulent payments would be reported to the Victim Company's management which would result in YIOULOS's termination. YIOULOS, who initially had a friendly relationship with MICHAEL AARON TEW when the conspiracy and scheme to defraud began, agreed to continue to knowingly process fraudulent invoices as part of this conspiracy and scheme to defraud. In exchange, at various points in time during the conspiracy and scheme to defraud, MICHAEL AARON TEW and KIMBERLEY ANN TEW offered YIOULOS various items, to include Bitcoin, as compensation for his approval of fraudulent payments. Typically, YIOULOS received a couple or few Bitcoin from MICHAEL AARON TEW and/or KIMBERLEY ANN TEW, but then MICHAEL AARON TEW and/or KIMBERLEY ANN TEW would ask YIOULOS to send that Bitcoin back, and that cycle continued on multiple occasions between 2018 and July 2020. Overall, throughout the time period of the scheme, YIOULOS netted a few Bitcoin from or associated with MICHAEL AARON TEW and/or KIMBERLEY ANN TEW as compensation for his role in this conspiracy and scheme. YIOULOS then sold that Bitcoin that he netted for approximately $100,000. MICHAEL AARON TEW and KIMBERLEY ANN TEW provided YIOULOS no additional significant forms of compensation. YIOULOS also separately caused the Victim Company to make payments for services not actually rendered to the Victim Company to him, or a third party for his and the third-party's benefit. The amount of those additional payments is at least approximately $60,000.

14

YIOULOS typically communicated with MICHAEL AARON TEW about the conspiracy and scheme to defraud. There were also occasions where KIMBERLEY ANN TEW herself communicated with YIOULOS about the conspiracy and scheme to defraud, and also circumstances when YIOULOS was on the phone with MICHAEL AARON TEW and heard KIMBERLEY ANN TEW in the background. There were also occasions on which MICHAEL AARON TEW told YIOULOS he had discussed some element of the conspiracy and scheme to defraud with KIMBERLEY ANN TEW.

MICHAEL AARON TEW and, on some occasions, KIMBERLEY ANN TEW contacted YIOULOS to request, and sometimes, demand, money from the Victim Company. To accommodate these demands for payment, YIOULOS, often advised MICHAEL AARON TEW about the financial status of the Victim Company and/or its affiliates so that payments of the fraudulent invoices did not result in the Victim Company and/or its affiliates overdrawing their bank accounts. YIOULOS often made payments on the demanded amounts in installments or "progress payments." That is, YIOULOS authorized and approved multiple ACH transfers or wire transfers where each transfer was for an amount less than the total amount of an invoice to try to pay accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW with whatever money was available to the Victim Company or its affiliates at that time.

In many cases, YIOULOS authorized or processed fraudulent payments, including "progress payments," even before a fraudulent invoice had been submitted to the Victim Company to satisfy MICHAEL AARON TEW and KIMBERLEY ANN TEW's immediate demands for money. In those instances, YIOULOS and MICHAEL AARON TEW communicated about how MICHAEL AARON TEW needed to submit a fraudulent invoice after the payment was issued to ensure that there was sufficient documentation in the Victim Company's files to support the amounts paid and

15

thereby evade detection. During the conspiracy, if YIOULOS deferred or delayed payment of the fraudulent invoices based on the financial status of the Victim Company or its affiliates, MICHAEL AARON TEW and/or KIMBERLEY AARON TEW sometimes pressured YIOULOS to induce him to issue fraudulent payments.

Over time, the co-conspirators used more sophisticated means to conceal the fraud. For example, at the beginning of the scheme to defraud, the fraudulent invoices contained generic descriptions of services like consulting services or "service fee." Over time and as a result of discussions between YIOULOS and MICHAEL AARON TEW about needing to itemize services that more closely aligned with the work of the Victim Company, those descriptions grew more specific. For example, fraudulent invoices submitted later in the conspiracy listed services like "Trailing Edge Flap[,]" "Replacement of Moisture Barrier over Kevlar (Labor Hours)[,]" and "A-330-200 (N819CA) Crew / Operations / Staff Training[.]"

YIOULOS, in coordination with MICHAEL AARON TEW, also took steps to ensure that ACH confirmations maintained and tracked by the Victim Company reflected a diversity of payees that were difficult to trace to him or to MICHAEL AARON TEW and KIMBERLEY ANN TEW. Those steps included ensuring that fraudulent payments were spread out over multiple entities, including shell nominees, and listing fictitious entities like "SHI LLC" rather than Sand Hill on an ACH confirmation, as Sand Hill was known to the Victim Company as associated with the then-terminated MICHAEL AARON TEW. YIOULOS and MICHAEL AARON TEW discussed these measures as a way to avoid arousing suspicion and evading detection.

Summary of Fraudulent Payments by Entity Over Time

The below chart summarizes fraudulent payments made in connection with invoices submitted by or in the name of the six entities involved. These payments were authorized and

16

approved by YIOULOS. Payments pursuant to this fraud were sent from the Victim Bank's bank account in New York to various bank accounts controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY TEW or, in the beginning of the fraud, to bank accounts controlled by or accessible to third party contacts of MICHAEL AARON TEW and/or KIMBERLEY ANN TEW for their benefit.

*Chart 1: Summary of Invoices and Payments between August 2018 and June 2020*

| | 2018 | | | 2019 | | | | | 2020 | | | | Grand Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | Qtr3* | Qtr4 | Total | Qtr1 | Qtr2 | Qtr3 | Qtr4 | Total | Qtr1 | Qtr2 | Qtr3 | Total | Total |
| **HS CPAs** 3 Invoices | $50,000.00 | | $50,000.00 | | | | | | | | | | $50,000.00 |
| **5530 JD** 6 Invoices | $75,000.00 | $30,000.00 | $105,000.00 | | | | | | | | | | $105,000.00 |
| **MCG** 5 Invoices | | $125,000.00 | $125,000.00 | | | | | | | | | | $125,000.00 |
| **PM** 21 Invoices | | $36,375.00 | $36,375.00 | $267,962.50 | $551,665.00 | $59,675.00 | | $879,302.50 | | | | | $915,677.50 |
| **Global Fuel Logistics** 14 Invoices | | | | | $446,000.00 | | | $446,000.00 | | $847,338.00 | $95,000.00 | $942,338.00 | $1,388,338.00 |
| **Aero Maintainance Resources** 26 Invoices | | | | | | $329,200.00 | $810,500.00 | $1,139,700.00 | $682,055.00 | $648,108.00 | | $1,330,163.00 | $2,469,863.00 |
| **Grand Total** | $125,000.00 | $191,375.00 | $316,375.00 | $267,962.50 | $551,665.00 | $834,875.00 | $810,500.00 | $2,465,002.50 | $682,055.00 | $1,495,446.00 | $95,000.00 | $2,272,501.00 | $5,053,878.50 |

*Qtr 1: January, February, March
Qtr 2: April, May, June
Qtr 3: July, August, September
Qtr 4: October, November December

On or around May 21, 2020, in furtherance of the scheme to defraud, YIOULOS authorized a partial or installment payment on a demand for money. Specifically, he caused or executed an ACH transaction of $78,565.00, which reflected an interstate wire in furtherance of the scheme to defraud. Pursuant to YIOULOS's direction, $78,565.00 was transferred out of the Victim Company's bank account ending in 5545 at Signature Bank in New York, and deposited into a Navy Federal Credit Union account ending in 5336, held in the name of "Michael Tew." Fraudulent

17

invoices from GFL that justified or supported these payments arrived after the execution of the payment to support the payment in the Victim Company's books and records.

In late June 2020, as part of this conspiracy and scheme to defraud, YIOULOS received an additional demand for money. On July 2, 2020, an invoice dated July 1, 2020 in the name of GFL seeking $95,000 was sent via email from a purported "Jessica Thompson" at GFL to YIOULOS at his email address provided by the Victim Company. On July 2, 2020, YIOULOS approved and authorized an ACH transfer of $95,000 from the Victim Company's bank account in New York to an account controlled by or accessible to MICHAEL AARON TEW and KIMBERLEY ANN TEW. That amount was transferred on July 3, 2020.

The total amount paid by the Victim Company pursuant to the fraudulent invoice scheme is $5,053,878.50.

## VI.    ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.    The base guideline is U.S.S.G. § 2B1.1(a)(1), with a base offense level of **7**.[2]

---

[2] There are two counts of conviction. Pursuant to U.S.S.G. § 3D1.2(d), because the offense level is determined largely on the basis of the total amount of harm or loss and because the offense behavior was ongoing or continuous in nature, a conviction for 18 U.S.C. § 1349 (covered by U.S.S.G. § 2B1.1) groups with 18 U.S.C. § 1343.

18

B.    The following specific offense characteristic applies:

i.    An **18**-level increase pursuant to § 2B1.1(b)(1)(J) because the amount of loss exceeds $3.5 million but is less than $9.5 million.

ii.   A **2**-level increase pursuant to § 2B1.1(b)(10)(C) for use of sophisticated means.

iii.  Chapter 3 enhancements apply: namely, a **2**-level increase pursuant to § 3B1.3 for abuse of a position of trust or use of a special skill.

C.    The adjusted offense level is therefore **29**.

D.    <u>Acceptance of Responsibility</u>:   The parties agree that the defendant should receive a **3**-level adjustment for acceptance of responsibility.   The resulting offense level therefore is **26**.

E.    <u>Criminal History Category</u>:   The parties understand that the defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the defendant's criminal history category would be **I**.

F.    Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

G.    <u>Imprisonment</u>:   The advisory guideline range resulting from these calculations is **63-78 months** for criminal history category **I**.   However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 63 months (bottom of Category I) to 150 months (top of Category VI).

In any case, the guideline range would not exceed the cumulative statutory maximums applicable to the counts of conviction.

19

H.   <u>Fine:</u>   Pursuant to guideline § 5E1.2, under the estimated offense level calculated above, the fine range for this offense would be **$25,000 to $10,107,757** (twice the amount of loss), plus applicable interest and penalties.

I.   <u>Supervised Release</u>:   Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least one year and no more than three years.

J.   <u>Restitution</u>:   Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees that he is liable for restitution to the Victim Company in an amount to be determined at sentencing, but not less than $5,053,878.50, for which he could be jointly and severally liable with other co-conspirators. The defendant agrees to pay restitution in an amount as calculated and ordered by the Court.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes the defendant from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory

20

guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement and there are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11/16/2021

_____
Jonathan K. Yioulos
Defendant

Date: 11. 16. 2021

_____
Michael Tallon
Attorney for Defendant

Date: November 15, 2021

_s/ Hetal J. Doshi_
Hetal J. Doshi
Assistant U.S. Attorney

Date: November 15, 2021

_s/ Andrea Surratt_
Andrea Surratt
Assistant U.S. Attorney

21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.   20-CR-00305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    MICHAEL AARON TEW,
    KIMBERLEY ANN TEW, and
    JONATHAN K. YIOULOS,

    Defendant.

---

**ENTRY OF APPEARANCE OF COUNSEL**

---

To:    The clerk of court and all parties of record

    I hereby certify that I am a member in good standing of the bar of this court, and I

appear in this case as counsel for:

        Michael Aaron Tew

        Kimberley Ann Tew

        Dated: November 19, 2021

                    s/ Xuan Zhou
                    Name of Attorney

                    Tor Ekeland Law, PLLC
                    Firm Name

                    30 Wall Street, 8th Floor
                    Office Address

                    New York, NY, 10005
                    City, State, ZIP Code

                    (718) 737-7264
                    Telephone Number

                    xuan@torekeland.com
                    Primary CM/ECF E-mail Address

UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLORADO

_____

UNITED STATES OF AMERICA

Plaintiff,

v.

MICHAEL AARON TEW, JONATHAN K.
YIOULOS, and KIMBERLEY ANN TEW,

Defendants.

_____

Case No. 20-cr-00305-DDD

**MOTION TO WITHDRAW**

    **PLEASE TAKE NOTICE,** undersigned counsel respectfully moves to withdraw as counsel to Michael Tew and Kimberley Tew in this action under D.C. COLO. LAttyR 5(b) of the District of Colorado local rules and Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7). Mr. and Mrs. Tew have not and apparently cannot meet their financial obligations to my firm. Furthermore, certain circumstances have made it unreasonably difficult to continue the representation separate and apart from their inability to honor financial obligations to this firm. I, as well as my co-counsel Michael Hassard and Xuan Zhou, will be withdrawing as counsel in this case. I will be submitting a declaration setting forth in greater detail the reasons supporting my motion to withdraw.

    In a separate motion, I will request that access to the declaration be restricted to the Court under a Level 3 restriction because the information contained therein implicates the attorney-client relationship and client confidences. Mr. and Mrs. Tew have been advised the withdrawal motion and have been served with the motion and the declaration. Mr. and Mrs. Tew did not respond to our emails and letters regarding the motion.

    In a separate motion, I will be requesting a 3-month continuance of all pending deadlines, so that Mr. and Mrs. Tew have time to retain new counsel or be appointed counsel under the Criminal Justice Act

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and Kimberley Tew*

UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLORADO
_____

UNITED STATES OF AMERICA

Plaintiff,

v.

MICHAEL AARON TEW, JONATHAN K.
YIOULOS, and KIMBERLEY ANN TEW,

Defendants.

_____

Case No. 20-cr-00305-DDD

**MOTION TO RESTRICT ACCESS
TO DOCUMENT**

Undersigned counsel hereby moves under Local Criminal Rule 47.1(c) to restrict access to the declaration filed in support of my motion to withdraw as counsel to Michael Tew and Kimberley Tew in this action which is entered on the docket as Document Number 162. As set forth in my motion to withdraw as counsel, I seek leave to withdraw from the representation under Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7), and for Mr. and Mrs. Tew to be appointed counsel under the Criminal Justice Act. The detailed information provided in the declaration supporting my motion to withdraw should be limited to the Court's review because it implicates the attorney-client relationship and client confidences. Disclosure of this sensitive information to the government or to the public may prejudice Mr. Tew in connection with this case. The motion to withdraw is based on Mr. and Mrs. Tew's failure and inability to comply with the financial terms of the engagement agreement that render the representation unreasonably difficult. Neither the government nor the public at large have any legitimate or meaningful interest in accessing the more detailed, specific information concerning those issues that is contained in that declaration.

Accordingly, I respectfully request that the declaration filed as 163 on the docket in this case be accorded a Level 3 restriction, limiting access to the filing party and the Court. See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."); Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC, 219 F. Supp.3d 155, 159 (D.D.C. 2016) (granting motion to file documents supporting motion to withdraw as counsel under seal without disclosure to any party because "[t]he redacted materials pertain to the attorney-client relationship . . . and assist the Court in considering Moving Attorneys' motion to withdraw"); Thekkek v. Lasersculpt, Inc., 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to file documents in support of attorney's motion to withdraw over opposing counsel's objection where the "confidential information they contain pertains only to the attorney-client relationship," the basis of the motion was a fee dispute, and "Plaintiffs have not articulated a legitimate interest in learning the specifics of the fee dispute.").

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland
(NYS Bar No. 4493631)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737-7264
tor@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

X_____X
:
:
**UNITED STATES OF AMERICA**                              :
:
Plaintiff,              :                    **20-CR-00305-DDD**
:
:                    **PROPOSED ORDER**
**v.**                               :                    **RESTRICTING DKT 163**
:
:
:
**MICHAEL AARON TEW,**                             :
**KIMBERLEY ANN TEW, and**                       :
**JONATHAN K. YIOULOS**                          :
Defendants.          :
:
X_____X

      The Court has read and considered Defendant's Motion to Restrict the document at [Dkt.

163.

      Upon consideration and for good cause shown,

      IT IS ORDERED that Dkt. 163 is hereby restricted at Level 3 until further order of the

court.

      IT IS SO ORDERED.


_____          _____
DATE                                     THE HONORABLE DANIEL D. DOMENICO
                                         UNITED STATES DISTRICT COURT JUDGE

Presented by:

     /s/

_____

Tor Ekeland
Attorney for Defendants Michael Tew and Kimberley Tew

UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLORADO
_____

UNITED STATES OF AMERICA

Plaintiff,

v.

MICHAEL AARON TEW, JONATHAN K.
YIOULOS, and KIMBERLEY ANN TEW,

Defendants.

_____

Case No. 20-cr-00305-DDD

**MOTION TO WITHDRAW**

  **PLEASE TAKE NOTICE,** undersigned counsel respectfully moves to withdraw as counsel to Michael Tew and Kimberley Tew in this action under D.C. COLO. LAttyR 5(b) of the District of Colorado local rules and Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7). Mr. and Mrs. Tew have not and apparently cannot meet their financial obligations to the firm I work for. Furthermore, certain circumstances have made it unreasonably difficult to continue the representation separate and apart from their inability to honor financial obligations to our firm. I, as well as my co-counsel Tor Ekeland and Michael Hassard, will be withdrawing as counsel in this case. Tor Ekeland is submitting a declaration setting forth, in greater detail, the reasons supporting our motion to withdraw.

Respectfully submitted,

/s/ Xuan Zhou
Xuan Zhou
(CA Bar No. 333504)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737 -7264
xuan@torekeland.com

*Attorney for Michael Tew and*
*Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Xuan Zhou
Xuan Zhou
(CA Bar No. 333504)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737 -7264
xuan@torekeland.com

*Attorney for Michael Tew and Kimberley Tew*

UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLORADO

_____

UNITED STATES OF AMERICA

Plaintiff,

v.

MICHAEL AARON TEW, JONATHAN K.
YIOULOS, and KIMBERLEY ANN TEW,

Defendants.

_____

Case No. 20-cr-00305-DDD

**MOTION TO WITHDRAW**

    **PLEASE TAKE NOTICE,** undersigned counsel respectfully moves to withdraw as counsel
to Michael Tew and Kimberley Tew in this action under D.C. COLO. LAttyR 5(b) of the District
of Colorado local rules and Rule 1.16 of the Colorado Rules of Professional Conduct,
subsections (b)(1), (b)(5), (b)(6), and (b)(7). Mr. and Mrs. Tew have not and apparently cannot
meet their financial obligations to the firm I work for. Furthermore, certain circumstances have
made it unreasonably difficult to continue the representation separate and apart from their
inability to honor financial obligations to our firm. I, as well as my co-counsel Tor Ekeland and
Xuan Zhou, will be withdrawing as counsel in this case. Tor Ekeland is submitting a declaration
setting forth, in greater detail, the reasons supporting our motion to withdraw.

Respectfully submitted,

/s/ Michael Hassard
Michael Hassard
(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737 -7264
michael@torekeland.com

*Attorney for Michael Tew and
Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

Respectfully submitted,

/s/ Michael Hassard
Michael Hassard
(NYS Bar No. 5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737 -7264
michael@torekeland.com

*Attorney for Michael Tew and Kimberley Tew*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 20-CR-00305-DDD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

3.  JONATHAN K. YIOULOS,

       Defendant.

---

## UNOPPOSED MOTION SEEKING AN ORDER PERMITTING
## TRAVEL BEYOND PRE-TRIAL RELEASE ORDER AT PARAGRAPH 9

---

**PLEASE TAKE NOTICE,** that upon the Declaration of Michael J. Tallon, Attorney for the Defendant, Jonathan K. Yioulos, attached hereto and all prior papers and proceedings had herein, Mr. Yioulos moves this Court for the following unopposed relief:

1.     An order permitting Defendant Yioulos to travel with his wife, Kristina Lighten, and their two children to Tampa, Florida on Saturday, February 19, 2022 and returning to Buffalo, New York on Thursday, February 24, 2022 for a family vacation during the school break.

2.     This application and the details of the proposed travel have been provided, reviewed and approved by both the Office of the United States Attorney for the State of Colorado, by and through Assistant United States Attorneys Fields and Surratt, and by the United States Probation and Pretrial Services Office, by and through Probation Officers Dibsie and Smith. Mr. Yioulos shall promptly provide to USPO Dibsie and USPO Rachel Smith of the United States Pretrial and Probation Services with the Western District of New York any changes to his travel plans, shall

contact USPO Dibsie and USPO Smith as directed by USPO Dibsie and USPO Smith during the time of approved travel.

DATED:      January 19, 2022            Respectfully submitted,
AT:          Rochester, New York


                                        _____/s/_____
                                        Michael J. Tallon, Attorney
                                        45 Exchange Blvd. – Suite 500
                                        Rochester, New York 14614
                                        [585] 319-4170
                                        mtallon@tallonlaw.com

TO:    Bryan D. Fields, Assistant United States Attorney
       Andrea Lee Surratt, Assistant United States Attorney
       Megan Dibsie, United States Probation Officer (Colorado)
       Rachel Smith, United States Probation Officer (New York)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_____

UNITED STATES OF AMERICA      Case No. 20-cr-00305-DDD-3

       v.                    UNOPPOSED MOTION UPON
                                      ATTORNEY DECLARATION
JONATHAN K. YIOULOS,          SEEKING ORDER PERMITTING
                                      TRAVEL BEYOND PRE-TRIAL
                 Defendant.      RELEASE ORDER AT PARAGRAPH 9

_____

       **Michael J. Tallon**, being duly sworn, pursuant to 28 U.S.C. §1746(2), declares under penalties of perjury that:

       **1.**       I am an attorney duly licensed in the State of New York since 1979 and have been recently admitted to practice before the United States District Court for the State of Colorado.

## **INTRODUCTION**

       **2.**       I represent Jonathan K. Yioulos in this matter. His arraignment occurred on Tuesday afternoon, February 9, 2021, before this Court. The parties agreed on the terms and conditions of release and a pretrial release order was signed which included a travel restriction at paragraph 9 limiting Mr. Yioulos' travel to the State of New York and to and from Colorado solely for court purposes unless prior permission is granted by the court.

       **3.**       Mr. Yioulos proposes travel with his family, that is, Kristina Lighten and their two young daughters for a family vacation to Tampa, Florida. The details about flight arrangements and lodging in Tampa have been provided to the Office of the United States Attorney and the United States Pretrial and Probation Services. Both offices consent to the proposed travel requested in this motion.

       **4.**       Mr. Yioulos shall promptly provide to USPO Megan Dibsie and USPO Rachel

Smith of the United States Pretrial and Probation Services with the Western District of New York

any changes to his travel plans and shall contact USPO Dibsie and USPO Smith as directed by

USPO Dibsie and USPO Smith during the time of approved travel.

      5.      Accordingly, unless the Court requests further information, or any clarification,

Mr. Yioulos requests that the Court issue an order permitting this travel.  Upon Mr. Yioulos'

return, if it is the practice of this Court, Mr. Yioulos will advise United States Probation Officers

Dibsie and Smith in writing that Mr. Yioulos has returned to the State of New York.

**Sworn to under penalties of perjury pursuant to 28 U.S.C. §1746(2).**

Dated: January 19, 2022
At:     Rochester, New York

                                 /s/
                                 Michael J. Tallon
                                 Attorney for Jonathan K. Yioulos
                                 500 Times Square Bldg.
                                 45 Exchange Blvd.
                                 Rochester, New York 14614
                                 [585] 319-4170
                                 mtallon@tallonlaw.com

TO:    Bryan D. Fields, Assistant United States Attorney
         Andrea Lee Surratt, Assistant United States Attorney
         Megan Dibsie, United States Probation Officer (Colorado)
         Rachel Smith, United States Probation Officer (New York)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 20-cr-00305-DDD-3 |
| v. | UNOPPOSED MOTION UPON ATTORNEY DECLARATION |
| JONATHAN K. YIOULOS, | SEEKING ORDER PERMITTING TRAVEL BEYOND PRE-TRIAL |
| Defendant. | RELEASE ORDER AT PARAGRAPH 9 |

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

        /s/
        Judith G. Deatsch, Legal Assistant to
        Michael J. Tallon, Attorney
        for Defendant Jonathan K. Yioulos

---

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Tor
Bernhard Ekeland (billing@torekeland.com, docketing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Michael Hassard
(hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8477974@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order Referring Motion
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 1/31/2022 at 10:17 AM MST and filed on 1/31/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 169(No document attached) |

**Docket Text:**
 **ORDER REFERRING MOTIONS as to Michael Aaron Tew, Kimberley Ann Tew. [167] MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, [162] MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, [159] MOTION to Withdraw as Attorney filed by USA, [166] MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Motions referred to Magistrate Judge Kristen L. Mix. SO ORDERED by Judge Daniel D. Domenico on 1/31/2022. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20−cr−00305−DDD−3 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Tor
Bernhard Ekeland (billing@torekeland.com, docketing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Michael Hassard
(hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8483615@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/2/2022 at 1:20 PM MST and filed on 2/2/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 171(No document attached) |

**Docket Text:**
 **ORDER granting [159] Motion to Withdraw as Attorney. Hetal Janak Doshi withdrawn from case as to Michael Aaron Tew (1), Kimberley Ann Tew (2), Jonathan K. Yioulos (3). Attorney Hetal Doshi is relieved of any further representation of the United States in this case. The Clerk of Court is instructed to terminate Attorney Doshi as counsel of record, and to remove this name from the electronic certificate of mailing. The Government shall continue to be represented by Attorney Bryan Fields. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Hetal Janak Doshi     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Hetal Janak Doshi    hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov, Portia.Peter@usdoj.gov,
USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Hetal Janak Doshi (caseview.ecf@usdoj.gov, hetal.doshi@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcivil@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Tor
Bernhard Ekeland (billing@torekeland.com, docketing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Michael Hassard
(hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8483634@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Minute Order
Content−Type: text/html
```

### U.S. District Court − District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/2/2022 at 1:26 PM MST and filed on 2/2/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20−cr−00305−DDD |
| **Filer:** | |
| **Document Number:** | 172(No document attached) |

**Docket Text:**
**MINUTE ORDER as to Michael Aaron Tew, Kimberley Ann Tew re [167] MOTION to Withdraw as Attorney by Michael Hassard filed by Michael Aaron Tew, Kimberley Ann Tew, [162] MOTION to Withdraw as Attorney by Tor Ekeland filed by Michael Aaron Tew, Kimberley Ann Tew, [166] MOTION to Withdraw as Attorney by Xuan Zhou filed by Michael Aaron Tew, Kimberley Ann Tew. Defendant Michael Tew and Defendant Kimberley Tew shall each file a separate financial affidavit under restriction at Level 3 NO LATER THAN FEBRUARY 14, 2022. by Magistrate Judge Kristen L. Mix on 2/2/2022. Text Only Entry (klmlc2, )**

**1:20−cr−00305−DDD−1 Notice has been electronically mailed to:**

Hetal Janak Doshi (Terminated)     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov,
Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,

danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Hetal Janak Doshi (Terminated)     hetal.doshi@usdoj.gov, CaseView.ECF@usdoj.gov,
Portia.Peter@usdoj.gov, USACO.ECFCivil@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com, susanna@torekeland.com, tor@torekeland.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Michael
Hassard (hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8484409@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Travel
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/2/2022 at 6:17 PM MST and filed on 2/2/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20-cr-00305-DDD |
| **Filer:** | |
| **Document Number:** | 173(No document attached) |

**Docket Text:**
 **ORDER. The Motion to Withdraw Document [148] as to Michael Aaron Tew and Kimberly Ann Tew is GRANTED. Accordingly, the Motion to Travel [146] is DENIED AS MOOT. SO ORDERED by Judge Daniel D. Domenico on 2/2/2022. Text Only Entry (dddlc2, )**

**1:20-cr-00305-DDD-1 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW**,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

     Defendants.

---

## ORDER GRANTING MOTION TO CONTINUE

---

Before the Court is a motion to continue the trial date in this case by three months, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act filed by counsel to Defendants Michael Aaron Tew and Kimberly Ann Tew. (Doc. 165.) For the following reasons, the Court finds that a continuance is warranted. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, the motion is granted.

## PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment.  On February 3, 2021, an indictment was issued for both Mr. and Mrs. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of

money laundering, one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Mrs. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Mrs. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. (Doc. 101.) The Court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial. (Doc. 101) and 180 days for an Ends of Justice Continuance (Doc. 116). Defendants filed a motion on August 10, 2021 to exclude twelve months from this time calculation, which the Court granted (Docs. 143, 149.)

On December 27, 2021, Defendants' counsel filed the motion to continue currently before the Court. (Doc. 165.) The government does not oppose the requested continuance. (*Id.* at 1.) However, Mr. and Mrs. Tew do. (*Id.* at 2.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the

- 2 -

continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants' counsel requests a continuance for the following reasons: (1) this case involves sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants; (2) the discovery disclosed by the government to date consists of more than 230,000 documents and 300 gigabytes of electronically stored data; (3) all defense counsel have filed motions to withdraw, which would leave the Defendants either proceeding pro se or seeking new representation. (Doc. 143 at 3-5, Doc. 165 at 1-2.)

The Court finds that the *West* factors weigh in favor of granting a continuance. Nothing in the record suggests that Defendants and their counsel have not been diligent in preparing for trial. However, communication has broken down between attorneys and clients, and it appears that Mr. and Mrs. Tew have exhausted their means to pay legal bills. (Doc. 165 at 1.) The Defendants have been ordered to submit separate financial affidavits so the Court can resolve counsel's motion to withdraw (Doc. 172.) Should those motions be granted, whether the Tews find other retained counsel, or are appointed federal public defenders, their new counsel will have a substantial task to review discovery, communicate with their clients, and prepare any appropriate pretrial

motions. The continuance, if granted, would accomplish Defendants' stated purpose of allowing adequate time to resolve questions surrounding their representation, allow them to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court.

While Mr. and Mrs. Tew oppose the continuance, their desire to proceed is outweighed by the significant ends of justice favoring a continuance. And Defendants might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial, or to knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case. Granting such a motion over the objection of a defendant is appropriate where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. *See United States v. Harlan*, 960 F.3d 1089, 1093 (8th Cir. 2020). A continuation and exclusion of ninety days is appropriate to allow the Defendants to find alternate counsel and for counsel to properly prepare.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendants' best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with his attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Ninety days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendants' counsel Motion for a 3-Month Ends of Justice Continuance (Doc. 165) is GRANTED;

Ninety (90) days, from February 4, 2022 to May 5, 2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time;

The eight-day trial set to begin April 4, 2022 is VACATED and RESET to June 13, 2022 at 9:00 am in Courtroom A1002. Pretrial

---

[1] As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

- 6 -

Motions are due May 12, 2022, Responses due by May 19, 2022. The Trial Preparation Conference set for March 21, 2022 is VACATED and RESET to June 2, 2022 at 3:30 pm in Courtroom A1002.

DATED: February 4, 2022          BY THE COURT:

Hon. Daniel D. Domenico
United States District Judge

1:20-cr-00305-DDD

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*2:16 pm, Feb 10, 2022*

**JEFFREY P. COLWELL, CLERK**

February 10, 2022

<u>VIA EMAIL</u>
Honorable Kristin L. Mix
United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse A441
Courtroom A401

Dear Judge Mix:

My wife and I are committed to retaining appropriate counsel to represent us in this matter.

We are currently reviewing an engagement letter with a law firm based in Denver. We expect that this law firm will enter within the next two weeks.

On February 2, 2022, this Court issued Minute Order (172) requiring my wife and I to file a financial affidavit by February 14, 2022. Given the circumstances named above, we wish to request this Court to extend such deadline to February 28, 2022.

Thank you for your kind consideration in this matter.

Respectfully,

Michael Tew

Kimberley Tew

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com, susanna@torekeland.com, tor@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael Hassard (hassard.mike@gmail.com,
michael@torekeland.com), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov),
Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Xuan Zhou
(xuan@torekeland.com), Judge Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), jroth (josh_roth@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8496482@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order Referring Motion
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 2/10/2022 at 3:28 PM MST and filed on 2/10/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 176(No document attached) |

**Docket Text:**
**ORDER REFERRING MOTION as to Michael Aaron Tew, Kimberley Ann Tew [175] MOTION for Extension of Time to File filed by Michael Aaron Tew, Kimberley Ann Tew. SO ORDERED by Judge Daniel D. Domenico on 2/10/2022. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland    docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com, tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

399

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KIMBERLY ANN TEW, and
MICHAEL AARON TEW,

      Defendants.

_____

### MINUTE ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Extension of Time** [#175] (the "Motion"). Defendants ask for a two-week extension to file financial affidavits because they "are currently reviewing an engagement letter with a law firm based in Denver" and, therefore, may not require appointment of counsel through the CJA.

IT IS HEREBY **ORDERED** that the Motion [#175] is **GRANTED**. The deadline for each Defendant to file a separate financial affidavit under restriction at Level 3 is extended to **February 28, 2022**.

Dated:  February 14, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

      Defendants.

---

### ENTRY OF APPEARANCE

---

      Peter R. Bornstein of The Law Offices of Peter R. Bornstein, hereby enters his appearance on behalf of the Defendants, Michael Aaron Tew and Kimberley Ann Tew in this action.

      Respectfully submitted this 25th day of February, 2022.

                            **THE LAW OFFICES OF PETER R. BORNSTEIN**

                            *s/ Peter R. Bornstein*
                            Peter R. Bornstein
                            6060 Greenwood Plaza Blvd., Suite 500
                            Greenwood Village, CO 80111
                            Telephone: 720-354-4440
                            Facsimile: 720-287-5674
                            E-mail: pbornstein@prblegal.com
                            *Attorney for Defendants Michael Tew and*
                            *Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2022, I electronically filed the foregoing **ENTRY OF APPEARANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com, susanna@torekeland.com, tor@torekeland.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Peter R.
Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Michael Hassard
(hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov),
USM-Criminal Division (gillian.fleck@usdoj.gov, royce.namoca@usdoj.gov,
usms.cod-criminal@usdoj.gov)
--No Notice Sent:

Message-Id:8528183@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/4/2022 at 9:13 AM MST and filed on 3/4/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | <u>1:20–cr–00305–DDD</u> |
| **Filer:** | |
| **Document Number:** | 179(No document attached) |

**Docket Text:**
 **Order. Defense counsel is directed to file a status report on or before 3/10/2022 confirming that he has discussed the potential conflicts of interest that joint representation of criminal codefendants may raise with his clients, and that they each continue to understand these dangers and risks and continue to consent to proceeding with joint counsel in spite of them. SO ORDERED by Judge Daniel D. Domenico on 3/4/2022. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland      docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard      michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou      xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein      pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields      bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt      andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon      mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland      docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com,
tor@torekeland.com

Michael Hassard      michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou      xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Tor
Bernhard Ekeland (billing@torekeland.com, docketing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
Hassard (hassard.mike@gmail.com, michael@torekeland.com), Andrea Lee Surratt
(andrea.surratt@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), jroth (josh_roth@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8530531@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/7/2022 at 9:08 AM MST and filed on 3/7/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 180(No document attached) |

**Docket Text:**
 **ORDER granting [162] Motion to Withdraw as Attorney. Attorney Tor Ekeland is relieved of
any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court
is instructed to terminate Attorney Ekeland as counsel of record, and to remove this name
from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall
continue to be represented by Attorneys Michael Hassard, Peter Bornstein, and Xuan Zhou.
by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland     docketing@torekeland.com, billing@torekeland.com, susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou     xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Tor Bernhard Ekeland (billing@torekeland.com,
docketing@torekeland.com, susanna@torekeland.com, tor@torekeland.com), Michael John Tallon
(jdeatsch@tallonlaw.com, mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Peter R.
Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Michael Hassard
(hassard.mike@gmail.com, michael@torekeland.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), jroth
(josh_roth@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8530536@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

**Notice of Electronic Filing**

The following transaction was entered on 3/7/2022 at 9:11 AM MST and filed on 3/7/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 181(No document attached) |

**Docket Text:**
 ORDER granting [166] Motion to Withdraw as Attorney. Attorney Xuan Zhou is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Zhou as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorneys Michael Hassard and Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, )

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland (Terminated)    docketing@torekeland.com, billing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20−cr−00305−DDD−1 Notice has been mailed by the filer to:**

**1:20−cr−00305−DDD−2 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland (Terminated)    docketing@torekeland.com, billing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com

Michael Hassard    michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou    xuan@torekeland.com

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Tor
Bernhard Ekeland (billing@torekeland.com, docketing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com), Bryan David Fields (bryan.fields3@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov,
kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Michael
Hassard (hassard.mike@gmail.com, michael@torekeland.com), Andrea Lee Surratt
(andrea.surratt@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Michael John Tallon (jdeatsch@tallonlaw.com,
mtallon@tallonlaw.com), Xuan Zhou (xuan@torekeland.com), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), jroth (josh_roth@cod.uscourts.gov), mcole
(mallory_coleman@cod.uscourts.gov), Probation-General (cod_efiling@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8530544@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion to Withdraw as
Attorney
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/7/2022 at 9:13 AM MST and filed on 3/7/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 182(No document attached) |

**Docket Text:**
 ORDER granting [167] Motion to Withdraw as Attorney. Attorney Michael Hassard is relieved of any further representation of Defendants Michael Tew and Kimberly Tew. The Clerk of Court is instructed to terminate Attorney Hassard as counsel of record, and to remove this name from the electronic certificate of mailing. Defendants Michael Tew and Kimberly Tew shall continue to be represented by Attorney Peter Bornstein. by Magistrate Judge Kristen L. Mix on 3/7/2022. Text Only Entry (klmlc2, )

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland (Terminated)     docketing@torekeland.com, billing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou (Terminated)     xuan@torekeland.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Tor Bernhard Ekeland (Terminated)     docketing@torekeland.com, billing@torekeland.com,
susanna@torekeland.com, tor@torekeland.com

Michael Hassard     michael@torekeland.com, hassard.mike@gmail.com

Xuan Zhou (Terminated)     xuan@torekeland.com

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
    Kimberley Vertanen,**

Defendants.

---

## STATUS REPORT

---

Peter R. Bornstein, counsel for Defendants, Michael Aaron Tew and Kimberley Ann Tew, hereby submits a Status Report as required by the Court's Order of March 4, 2022. (Doc. 179).

Prior to undertaking joint representation with Mr. and Mrs. Tew, counsel orally advised each of them, jointly and individually, the conflicts which can arise when defendants seek joint representation in a criminal case. I also advised them by means of a written advice form that I have used in previous cases. The form contains a written warning of the consequences of conflicts and requires a signed waiver. Each Defendant continues to understand the dangers and risks associated with joint representation and has consented to proceed with joint counsel in spite of them.

Respectfully submitted this 10th day of March, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and
Kimberley Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2022, I electronically filed the foregoing **STATUS REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

2

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, kelsey.totura@usdoj.gov, maureen.carle@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt (andrea.surratt@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Judge
Daniel D. Domenico (domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), dddlc2
(moses_weisberg@cod.uscourts.gov), mcole (mallory_coleman@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8565936@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
Restrict
Content-Type: text/html
```

### U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 3/31/2022 at 1:39 PM MDT and filed on 3/31/2022

**Case Name:**         USA v. Tew et al
**Case Number:**    1:20–cr–00305–DDD
**Filer:**
**Document Number:** 192(No document attached)

**Docket Text:**
**ORDER granting [164] Motion for Leave to Restrict. Doc. [163] is restricted at Level 3. SO ORDERED by Judge Daniel D. Domenico on 3/31/2022. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein    pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields    bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt    andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov

Michael John Tallon    mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

**1:20−cr−00305−DDD−2 Notice has been mailed by the filer to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
Kimberley Vertanen,**

Defendants.

---

### UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR AN ENDS OF JUSTICE FINDING PURSUANT TO 18 U.S.C. § 3161(h)(7)

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order continuing the trial date in this case and for an ends of justice finding pursuant to 18 U.S.C. § 3161(h)(7), excluding 180 days from the speedy trial calculation. Undersigned counsel conferred with AUSA Bryan Fields regarding this request and Mr. Fields stated that he supports this motion. As grounds in support of their motion, Mr. and Mrs. Tew state to the Court as follows.

### PROCEDURAL HISTORY

After several months of preliminary pleadings and filings, the grand jury returned an indictment on February 3, 2021, naming both Michael Tew and Kimberley Tew. The indictment naming Michael Tew alleges sixty counts consisting of conspiracy to commit wire fraud, conspiracy to commit money laundering, wire fraud, engaging in monetary

transactions in property derived from specified unlawful activity, and failure to file income tax returns. Kimberley Tew was indicted on thirteen counts, including conspiracy to commit wire fraud, conspiracy to commit money laundering , wire fraud, and money laundering. Michael Tew entered a plea of not guilty on February 5, 2021 and Kimberley Tew entered a plea of not guilty on February 10, 2021.

The original trial date was set to begin on April 19, 2021. (Doc. 101). On March 11, 2021, prior counsel filed a motion to continue the trial which was granted by this Court. (Doc. 116). A new trial date was set for October 12, 2021. A second motion to continue the trial was filed by prior counsel on August 8, 2021, (Doc. 143), which was granted by court order on September 22, 2021. (Doc. 149). That court order set a new trial date for April 4, 2022. Prior counsel's request to withdraw from representing both Michael Tew and Kimberley Tew was granted on February 2, 2022 along with a continuance of the trial date to June 13, 2022. (Doc. 174). This case is currently set for an eight-day jury trial beginning on June 13, 2022.

Undersigned counsel entered his appearance on behalf of the Defendants on February 25, 2022. Thereafter, counsel worked with the U.S. Attorneys Office to obtain the voluminous discovery that goes with this case. The government finally delivered 5 USBcards of discovery around March 22, 2022. This discovery contained documents and records using Eclipse software and over 200,000 emails, many with attachments. Additional discovery was sent by the U.S. Attorney on 4 USBcards on March 23, consisting, among many items, Kimberley Tew's unfiltered iCloud documents and Michael Tew's phone extractions (over 300 gigabytes), along with instructions for

decrypting and copying the files out of McAfee encryption. All thumb drives and discovery was then turned over to Advocates Resources for decryption and copying to a software format that allows counsel to search and organize documents. The decryption and copying process for this volume of discovery was finished and delivered to counsel in two batches in April and took almost three weeks to process. The delivery of an external hard drive with the first batch of discovery in a searchable format was received by undersigned counsel on April 6, 2022 followed by a delivery of the second batch a week later. Counsel immediately started the review process. The amount of discovery is daunting and overwhelming.

During April, since the delivery of the discovery, defense counsel has also been working on pre-trial motions; in particular, motions to suppress five search warrants that the government served in this case. Defense counsel intends to file an omnibus motion to suppress search warrants ready for filing by the current motions due date of May 12, 2022. The preparation and filing of additional pre-trial motions will take more time. Like prior counsel, preparation for trial in this case could involve the issuance of multiple subpoenas for financial records, the assistance of an expert witness in financial analysis, investigation of facts regarding National Air Cargo and various witnesses and potential witnesses identified in the discovery. As a result, defendant's counsel and both defendants request that the current trial date be continued for a period of 180 days.

**ANALYSIS**

The facts and circumstances described above meet the criteria for continuing the trial as set forth in *United States v. Pursley*, 577 F.3d 1204, 1227-1229 (10th Cir. 2009).

3

That case reiterated the four factors from *United States v. Rivera*, 900 F.2d 1462 (10th Cir. 1990) and *United States v. West*, 828 F.2d 1468 (10th Cir. 1987).  The four factors are:

1.  The diligence of the party requesting the continuance;

2.  The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's express needs for the continuance;

3.  The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and

4.  The need asserted for the continuance and the harm that [Defendants] might suffer as a result of the district court's denial of the continuance.

New counsel has been diligent in obtaining discovery from the government, initially reviewing and analyzing that discovery, and simultaneously working on pre-trial motions to suppress search warrants.  A continuance would allow counsel to continue preparation of pre-trial motions while, at the same time, reading and analyzing hundreds of gigabytes of discovery.  For this reason, and others, the government does not oppose the continuance and has indicated that it would actively agree to the continuance because the Defendants would be harmed if forced to trial with counsel who is unable to be ready for trial.

The Defendants seek to exclude 180 days from the speedy trial time limitations and seek an ends of justice finding that the granting of the continuance outweighs the best interest of the public and the defendant in the speedy trial. 18 U.S.C. § 3161(h)(7). In considering whether an ends of justice continuance should be granted the district court must consider certain factors.  *United States v. Madkins*, 866 F.3d 1136, 1139-1140 (10th Cir. 2017).  In this case, the refusal to continue the case would deny Michael

4

Tew and Kimberly Tew the reasonable time necessary for effective preparation and would result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i)(B)(iv).  Defendants propose that they file the motions to suppress search warrants by May 12, 2022, and file additional pre-trial motions 30 days thereafter on June 13, 2022.  This would allow the case to move forward even though the ultimate trial date is postponed by 180 days.

WHEREFORE, Defendants, Michael Tew and Kimberley Tew, request that this Court enter an order

1.  continuing the trial date of June 12;

2.  continuing the final trial preparation conference date;

3.  keeping the May 12 date for the filing of motions to suppress search warrants; and

4.  continuing the date for filing other pre-trial motions to June 13, 2022.

The Defendants also seek an exclusion of time of 180 days pursuant to the Speedy Trial Act and explicit findings that the ends of justice are best served by the granting of a continuance.

Respectfully submitted this 26th day of April, 2022.

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

5

419

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). This motion will extend the speed trial clock by an additional 180 days.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO CONTINUE TRIAL AND FOR AN ENDS OF JUSTICE FINDING PURSUANT TO 18 U.S.C. § 3161(h)(7)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**, and

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

## UNOPPOSED MOTION TO EXTEND MOTIONS DEADLINE

---

    Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order granting an extension of time of 30 days to file pre-trial motions. AUSA Bryan Fields has no objection to the request.

    1.    Pre-trial motions are due for filing on May 12, 2022. (Doc. 174).

    2.    Defendants have filed and there is currently pending before the Court a motion to continue the trial date which includes a request to extend the date for filing pre-trial motions by 30 days. (Doc. 193).

    3.    Defendants will file an omnibus motion today, May 12, 2022, to suppress evidence obtained from 5 search warrants and 13 Orders pursuant to 18 U.S.C. § 2702(d)

    4.    During its investigation in this case, the Government sought and obtained thousands of pages of information relating to electronic communications pursuant to the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713. Specifically, magistrate judges issued 13 orders pursuant to 18 U.S.C. §2703(d), and 5 search warrants, to obtain information pertaining to a number of email accounts and telephone numbers. The scope of the search and seizures authorized by the orders and warrants is massive, including 200,000 emails, information associated with the accounts, the contents of the accounts,

421

and a variety of other information including personal information. The orders and warrants required the production of such materials for nearly a two and 1/2-year period, i.e., between May 1, 2018 and October 22, 2020.

5.      While working on this omnibus motion, defense counsel is trying to read, digest, and analyze the massive amount of discovery in this case.  This discovery includes the financial records which the Government asserts show the scope of the fraud is $5 million.  This process has only scratched the surface of the task.

6.      Based on counsel's analysis of the case to date, the defense is considering pre-motions relating to a severance of defendants and counts, co-conspirators' 801(d)(2)(E) statements, post arrest statements, seizure of lawyer-client communications, timing of expert witness disclosures, among others.

7.      Consequently, Defendants Michael Tew and Kimberley Tew request that this Court extend the motion deadline to June 12, 2022.

Respectfully submitted May 12, 2022.

THE LAW OFFICES OF PETER R. BORNSTEIN

/s/ Peter R. Bornstein
Peter R. Bornstein
*Attorney for Defendants Michael Aaron Tew and Kimberley Ann Tew*

### CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  This motion will not affect the speedy trial clock.

/s/ Peter R. Bornstein
Peter R. Bornstein

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Jeannette L. Wolf*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

**MICHAEL AARON TEW**,
**KIMBERLEY ANN TEW**, and
JONATHAN K. YIOULOS

     Defendants.

---

## ORDER GRANTING MOTION TO CONTINUE

---

Before the Court is a motion to continue the trial date in this case by one hundred and eighty, and to exclude that period of delay when computing the time within which his trial must commence under the Speedy Trial Act filed by counsel to Defendants Michael Aaron Tew and Kimberly Ann Tew (Doc. 193.) and a motion to extend the motions deadline (Doc. 196). For the following reasons, the Court finds that a continuance is warranted. The Court also finds that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, the motion is granted.

### PROCEDURAL HISTORY

On July 8, 2020, a criminal complaint was issued as to Mr. Tew, and he was arrested on July 9, 2020. Mr. Tew waived indictment. On February 3, 2021, an indictment was issued for both Mr. and Mrs. Tew. Mr. Tew was indicted on one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), 39 counts of wire fraud ((18 U.S.C. § 1343), one count of

money laundering, one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)), thirteen counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957), and four counts of willful failure to file a tax return (20 U.S.C. § 7203). Mrs. Tew was indicted on similar charges, including one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), six counts of wire fraud (18 U.S.C. § 1343), and five counts of engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957).

On February 5, 2021, Mr. Tew entered a plea of not guilty at his arraignment, and Mrs. Tew entered a plea of not guilty on February 10, 2021, making April 22, 2021, the initial deadline for their trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). On February 11, 2021, the Court entered an order setting trial to commence on April 19, 2021. (Doc. 101.) The Court excluded 19 days from Mr. Tew's speedy clock when his co-defendants were joined for trial. (Doc. 101) and 180 days for an Ends of Justice Continuance (Doc. 116). Defendants filed motions to exclude twelve months, ninety days, and 90 days from this time calculation, which the Court granted (Docs. 143, 149, 165, 174, 165, 174.)

On April 26, 2022, Defendants filed the motion to continue currently before the Court. (Doc. 193.) The government does not oppose the requested continuance. (*Id.* at 1.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the Court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the

continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the Court may exclude from the statutory time period within which the Defendants' trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the Court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendants' counsel requests a continuance for the following reasons: (1) this case involves sixty counts of conspiracy, wire fraud, money laundering, and failure to file income taxes with three co-defendants; (2) the discovery disclosed by the government to date consists of more than 230,000 documents and 300 gigabytes of electronically stored data; (3) defense counsel requires additional time to prepare pre-trial motions while continuing to analyze discovery. (Doc. 193 at 2-3, 4.)

The Court finds that the *West* factors weigh in favor of granting a continuance. Nothing in the record suggests that Defendants and their counsel have not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish Defendants' stated purpose of allowing adequate time to obtain and review discovery, conduct further factual investigation, conduct legal research, engage in plea discussions with the government, and prepare for a jury trial if necessary. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And Defendants might be significantly prejudiced if the continuance is denied, as he may be unable to effectively prepare for trial, or to

knowingly and intelligently engage in plea discussions, without adequate time to conduct investigation and research relevant to the case.

The Court further finds that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. It is in the Defendants' best interest to have sufficient time to complete necessary pretrial tasks and discuss his case with his attorney. Without the requested continuance, the defense will be unable to effectively prepare the case, file appropriate motions, or engage in plea discussions. A limited ends-of-justice continuance will not subvert the public's or Defendants' interest in the prompt prosecution of this case.

Accordingly, based on the relevant record considered as a whole, the Court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant a continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

One hundred and eighty days should be excluded from the computation of the speedy trial time.

For the foregoing reasons,[1] it is ORDERED that:

Defendants' Motion to Continue Trial and for an Ends of Justice Finding (Doc. 193) is GRANTED;

One hundred and eighty (180) days, from May 12, 2022 to November 8, 2022, will be excluded from the computation of Defendants' Michael Tew and Kimberley Tew's Speedy Trial Act time;

Defendants' Motion to Extend Motions Deadline (Doc. 196) is GRANTED;

The eight-day trial set to begin June 13, 2022 is VACATED and RESET to December 5, 2022 at 9:00 am in Courtroom A1002. The deadline to file motions to suppress remains May 12. Other pretrial Motions are due June 13, 2022, Responses due by June 20, 2022. The Trial Preparation Conference set for June 2, 2022 is VACATED and RESET to November 29, 2022 at 3:30 pm in Courtroom A1002.

DATED: May 12, 2022                      BY THE COURT:

Daniel D. Domenico
United States District Judge

---

[1]  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

- 6 -

429

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

      Defendants.

---

**MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS EVIDENCE
AS RESTRICTED LEVEL 1**

---

      Defendants, Michael Aaron Tew ("Mr. Tew") and Kimberley Ann Tew ("Ms. Tew"), by their counsel of record, Peter R. Bornstein, moves for an order permitting them to file their *Motion to Suppress Evidence* as Restricted Level 1, and for reasons states:

      1.    Defendants have filed contemporaneously herewith their *Motion to Suppress Evidence* which seeks suppression of evidence the Government obtained from execution of five search warrants and fourteen court orders issued under the Stored Communications Act, 18 U.S.C. §§ 2701-2713 (Doc. 200).

      2.    The Motion to Suppress Evidence contains 28 exhibits consisting of court documents applications for § 2703(d) orders, § 2703(d) orders that were granted, search warrant applications and affidavits, search warrants, and emails. Many of the court documents contain financial account numbers, as well as other personal financial information. Additionally, the email exhibits contain sensitive, personal, and confidential information. Specifically, the emails include medical-genetic test results, medical test records, photographs of children, personal husband-wife communications, doctor-

patient communications, accountant communications, and student loan communications.

3.     Fed. R. Crim. P. 49.1 requires redaction of filings that contain, among other things, financial account numbers. Due to the number of account numbers and the exhibits, redaction of the account numbers is not practicable. Because of this impracticability, and the sensitive nature of the email exhibits, it is appropriate to file the *Motion to Suppress* as Level 1 restricted pursuant to D.C.COLO.LCrR 47.1.

WHEREFORE, Defendants, Michael Aaron Tew and Kimberley Ann Tew request leave to file their *Motion to Suppress Evidence* as Restricted Level 1.

Respectfully submitted this 12th day of May, 2022,

*/s/ Peter R. Bornstein*
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for Defendants Michael Aaron Tew*
*and Kimberley Ann Tew*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing *MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS EVIDENCE AS RESTRICTED LEVEL 1* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*Jeannette Wolf*
Paralegal

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  MICHAEL AARON TEW and
    2.  **KIMBERLEY ANN TEW**,
       a/ka Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANTS' OVERLENGTH MOTION TO SUPPRESS, ECF NO. 200.

---

The government respectfully moves the Court for an extension — until June 9, 2022 — to file its response to defendants' overlength Motion to Suppress Evidence, ECF No. 200.

As grounds for the motion the government states that the defendant's motion is approximately three times the length normally allocated to motions and raises what defense counsel has characterized as "cutting edge" issues of Fourth Amendment law in a challenge to 19 separate judicial orders. Thoroughly and adequately researching these myriad issues is taking more time than reasonably possible in the typical one-week response window.

Allowing an extension of time here will take full advantage of our adversarial

1

system of justice, providing the court with fully reasoned arguments on both sides of the relevant issues and potentially increasing judicial efficiency by limiting the amount of additional briefing, research, or oral argument time required to fully engage with the questions raised.

Furthermore, the additional time to respond here will not result in any prejudice to the defendant:   trial in this matter is not set until December, the motion will not cause any further delay, and even a few weeks of delay in the government's response will still give the court sufficient time to reach a decision in the matter.

Finally, not granting the extension would prejudice the government, which has only the usual amount of time to respond to an unusually long motion. Not having the extra time may result in precedents or arguments being under-developed or even unnecessarily waived, all in the high-stakes context of a motion that, if granted, would result in the jury not seeing evidence relevant to its decision-making process.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

2

The government has consulted with defense counsel, who states that he has no objection to the extension.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ Bryan David Fields
Bryan David Fields
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Bryan.Fields3@usdoj.gov

3

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<u>*/s Bryan David Fields*</u>
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

*s/ Bryan David Fields*
United States Attorney's Office

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  MICHAEL AARON TEW and
    2.  **KIMBERLEY ANN TEW**,
       a/ka Kimberley Vertanen,

     Defendants.

---

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO SUPPRESS EVIDENCE [ECF NO. 200]

---

The Defendants' Motion to Suppress, ECF No. 200 ("Def. Mot.") seeks blanket suppression of all evidence obtained from electronic accounts they have not even shown are theirs in circumstances where agents conducted a painstaking step-by-step investigation using congressionally-authorized and judicially pre-approved orders to incrementally gather non-content information before seeking warrants to gather more invasive content information bearing on an alleged $5,000,000 fraud scheme.   This is precisely the kind of thing the Supreme Court has repeatedly stated should not result in sanctions that would distort the truth-seeking process of our judicial system by removing relevant evidence from a jury's consideration.   The Defendants' Motion should be denied.

1

## ARGUMENT

### I.    Judicially-Approved 2703(d) Orders Seeking Non-Content Metadata Do Not Violate the Fourth Amendment

The government used 2703(d) orders — essentially, judicially-pre-approved subpoenas — to obtain *noncontent* information. It then used the information it lawfully obtained from those court orders, to obtain search warrants. There is no basis for suppressing *all* of the evidence obtained from these orders. The government is not aware of any decision holding that that 18 U.S.C. §§ 2703(c) and (d) — the portions of the statute providing a mechanism to obtain non-content metadata — is unconstitutional and the Supreme Court has repeatedly emphasized that suppression is inappropriate when agents do exactly what they did here: rely in good faith on duly-enacted statutes of congress and relevant precedents in this circuit.

### A.    Carpenter, by its own terms, does not apply to the categories of information sought by the 2703(d) orders.

The Supreme Court's decision in *Carpenter v. United States* was, by explicit admission, a "narrow one" that did not "disturb the application of *Smith [v. Maryland*, 442 U.S. 735 (1979) and [*United States v.] Miller*[, 425 U.S. 435 (1976)] . . . or other business records that might incidentally reveal location information." 138 S. Ct. 2206, 2220 (2018). Indeed, the Court's opinion noted that the "Government will be able to use subpoenas to acquire records in the overwhelming majority of investigations." *Id.* at 2223.

2

In order to prevail, the defendants would need to show that they have

legitimate expectation of privacy in records held by the third-party providers of the

relevant electronic communications service provider. Even if the accounts were

theirs (more on this below), none of the records are protected by a legitimate

expectation of privacy. The paragraph straddling pages 7 and 8 of their brief makes

compares the categories of information authorized by the 2703(d) orders to the cell-

site information at issue in *Carpenter* because they "similarly involve tracking of a

person's digital life moments." But *Carpenter* was not dealing in the sweet

mysteries of life or other metaphorical abstractions.   It was about literal, physical

movement. *Id.* at 2217 ("[W]e hold that an individual maintains a legitimate

expectation of privacy in the record of his *physical movements* as captured through

CSLI.") (emphasis added).   The defendants' analogies are much too general:

- "Every telephone number called."   The precise holding of *Smith* is that there is no reasonable expectation of privacy in this information, and *Carpenter* declined to disturb that holding. *Id.* at 2220

- "Every website visited."   The order allows the government to obtain IP address information. But IP information is broadcast voluntarily to many outside observers, including the internet service provider, the website visited, and anyone *that* website provide the information to.   The Tenth Circuit — consistent with every other circuit to address the issue — has long held this information is not protected by the Fourth Amendment. *United States v. Perrine*, 518 F.3d 1196, 1205-06 (10th Cir. 2008).   Courts have not changed their mind post-*Carpenter*:   *See, e.g., United States v. Soybel*, 13 F.4th 584, 592 (7th Cir. 2021) (citing cases from First, Fifth and Eleventh Circuits similarly unmoved by analogies to *Carpenter*)*; United States v. Monroe*, 350 F. Supp. 3d 43, 48-49 (D.R.I. 2018) (analyzing issue and concluding that IP information is not protected post-*Carpenter*).

- "The date and time of all telephone calls or emails."   This is just the first

3

bullet-point put another way. It's again, explicitly what's allowed by *Smith* and precisely what *Carpenter* left undisturbed. *Carpenter*, 138 S. Ct. at 2220.

- "Information about the owners and users of the account."   Again, this is the kind of information that *Smith* held to be unprotected:   users of email, no different than users of phones, understand that they are voluntarily giving information about their identity. *Perrine*, 518 F.3d at 1205 (dropping string cite for proposition that "every federal court to address this issue had held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation.")

- "The date, time, and duration of every connection made to the account." Once again, this is just another way of framing the first and third bullet point.   *Carpenter* explicitly ratified the *Smith* holding that this information is not protected. *Carpenter*, 138 S. Ct. at 2220

- "The email addresses and/or telephone numbers for all communications occurring in connection with each account."   This, too, is the kind of toll metadata allowed by *Smith* that *Carpenter* leaves in place. *Carpenter*, 138 S. Ct. at 2220.

- "Information about linked accounts."   This one is not directly covered by *Smith*, but the defendants make absolutely no effort to even try to compare it to the location data at issue in *Carpenter*.   It is, moreover, hard to distinguish from the linked financial accounts asked for in *Miller*, which was also explicitly ratified in *Carpenter*.   *Miller*, 425 U.S. at 438 (noting that subpoena asked for all accounts in name of one individual). It is also hard to distinguish from subscriber information, which also has no reasonable expectation of privacy.   *Perrine,* 518 F.3d at 1205.

- "The services used."   This is also difficult to distinguish from *Miller*, where the government asked for bank records from several different banking services (savings, checking, or loans).   The defendants do not even try to explain why there is either as subjective or objective expectation of privacy in this information.

- "The devices connected to the account."   The defendants do not explain or even attempt to articulate how *Carpenter* — which related to location information — has any bearing on information simply identifying a device. Nor do they try to explain how the identity of a device is

4

meaningfully different from information identifying a subscriber. *Cf. Perrine,* 518 F.3d at 1205

In short, the defendants provide no legal basis for extending *Carpenter* beyond its plain words, for rejecting the pre- and post-*Carpenter* precedents finding no reasonable expectation of privacy in the non-content information sought by the 2703(d) orders, and no independent Fourth Amendment legitimate-expectation-of-privacy analysis justifying the radical conclusion that judicially-approved orders asking for information Congress specifically authorized by statute is somehow unconstitutional.

For good reason: the Stored Communication Act "represents a judgment by Congress that it is not unreasonable under the Fourth Amendment" for the government to obtain the kind of non-content information set forth in the statute. *See United States v. Watson*, 423 U.S. 411, 415-416 (1976) (noting deference to congress's considering judgment as to what kinds of searches are reasonable); H.R. Rep. No. 827, 103d Cong., 2d Sess. Pt. 1, at 31 (1994) (describing Congress's understanding of Fourth Amendment and Supreme Court precedent when it passed Stored Communications Act). The statute here is exactly the kind of authority the Supreme Court has recognized for "subpoena[s] or order[s] authorized by law and safeguarded by judicial sanction." *Oklahoma Press Pub'g Co. v. Walling*, 327 U.S. 186, 208 (1946). It is the kind of order that results in "the orderly taking" of evidence. *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950). That is, the orders here are essentially "super subpoenas" that provide greater protection than

5

normal subpoenas, which do not require probable cause. *Oklahoma Press*, 327 U.S. at 208. Concluding that the 2703 orders here are unconstitutional would require somehow concluding that the *greater* statutory protections offered by that statute run afoul of the Fourth Amendment when it is clear that, before the statute was passed, cases like *Oklahoma Press* and *Morton Salt* would have allowed the government to obtain them with just a subpoena. This is not the law. *See United States v. Di Re*, 332 U.S. 581, 585 (1948 )(noting Supreme Court's reluctance to "decide that a search . . . authorized by congress was unreasonable.")

### B. *Warshak* Does Not Say what the Defendants Say it Says

The defendants' discussion of *Warshak* leaves the impression that the Sixth Circuit somehow held all 2703(d) orders to be unconstitutional. It did not. *Warshak* was a dispute about a separate provision of § 2703: § 2703(*b*), which authorizes the government to get the *content* of emails without a warrant (though with notice). 18 U.S.C. § 2703(b)(2).

The government did not obtain *content* in this case with a 2703(d) order. Rather, it obtained the non-content information specifically authorized in 2703(c)(1)(B) and (E), for which there is no reasonable expectation of privacy. It then did exactly what the *Warshak* panel said the government should do: it got a warrant. *Warshak* does not in any way support the conclusion that the Fourth Amendment was violated or that suppression is warranted here — even *Warshak* still gave the government the benefit of good faith reliance on the text of the statute

6

and then-existing precedent. *United States v. Warshak*, 631 F.3d 266, 290 (6th Cir.

2010)

## II. A Magistrate Judge Concluded that the 2703(d) Orders Were Supported by Specific and Articulable Facts – Suppression is not an Authorized Remedy

The § 2703(d) orders are, indeed, based on a similar fact templates, with the

primary difference being paragraphs linking the facts of the crime to the relevant

communication device/account associated with that crime.   But because these

similar applications were independently reviewed and approved by almost every

magistrate judge sitting in Denver, the defendants are essentially claiming that a

majority of the experienced magistrate judges here consistently and independently

err in their findings of reasonableness. This derisive take on the applications and

the resulting orders finding them sufficient is inconsistent with the Tenth Circuit's

command that findings of magistrate judges are entitled to "great deference."

*United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005).   As set forth below,

the applications meet the lower-than-probable cause standard required by the

statute.

But there is no reason for the court to resolve a *post hoc* squabble over the

use of particular words like "may," or whether a prosecutor's proffer of what the

evidence shows count as specific and articulable "facts." They do. But even if the

defendants are correct in their assertion that a § 2703(d) application requires

specific citations to underlying evidence supporting proffered facts, and even if

7

those facts are now found wanting, Congress specifically rejected suppression as a remedy once an independent magistrate has issued the relevant order. 18 U.S.C. § 2707 (providing for civil remedies); 18 U.S.C. § 2808 (providing that remedies and sanctions set forth in § 2706 are the "only judicial remedies and sanctions for nonconstitutional violations of this chapter). As the Tenth Circuit has concluded, "violations of the ECPA do not warrant exclusion of evidence." *Perrine*, 518 F.3d at 1202. For the reasons set forth above, the non-content metadata disclosed as a result of the orders is not protected by the Fourth Amendment, there is no constitutional violation, and there is thus no basis for suppressing that evidence or for suppressing its derivative use in the later warrants.

If the Court does undertake a review of the sufficiency of the applications, it should give the magistrate judges deference and "ask only whether, under the totality of the circumstances presented in the affidavit, the . . . judge had a substantial basis for determining that probable cause existed." *United States v. Haymond*, 672 F.3d 948, 8958 (10th Cir. 2012) (citation omitted and internal quotation omitted). Each judge did.

The defendants spend much of their briefing second-guessing the magistrate judges' independent judgments that the applications here satisfied the requirements of § 2703(d),which require a lower-than-probable-cause threshold finding that there are specific and articulable facts showing "reasonable grounds" to believe the information was "relevant and material" to the investigation. Def. Mot.

at 12 – 14 (§ IV.A.1-4); 19 (§ IV.B.1); 22 (§ IV.C.1); 27 (§ IV.E.1); 29-34 (§§ V.A.1,
B.1, C.1., D.1 – D.2, E.1, F.1 and G.1).   The defendants give *no* deference to the
judges who issued the orders, criticizing the use of the word "may" and quibbling
over whether proffered statements about the evidence are "facts." The statute does
not require — and the defendants cite no precedents requiring — that the
government provide a detailed summary of specific pieces of evidence supporting a
factual proffer or use magic words synonymous with "may," "possibility," or
"probability."   The statute says the government must "offer" facts — provide a
proffer of what the evidence shows. This is no different than what occurs at
detention hearings, where attorneys as officers of the court proffer what the
evidence will show. *Cf.* 18 U.S.C. §  3142(f).

The question is whether it was reasonable for the magistrate judges to (1)
conclude that a company was being defrauded when it (a) did not receive invoiced
services, (b) where the owner of the company was unaware of the payments, (c)
where the payments went into bank accounts controlled by one or the other of the
defendants, and (d) where the requested email account or phone number was
associated with the defendants or businesses receiving the payments and (2) that
the email account or phone number might thus be relevant to an ongoing
investigation into the fraud and its fruit. It was: the AUSA who submitted those
applications described a company being fleeced and then identified email accounts
and phone numbers associated with the people lining their nests.   The defendants

9

are essentially arguing that it is unreasonable to ask for records related to the telephones and emails used by fraud suspects to access their proceeds.   The statute does not compel this counterintuitive conclusion.

Finally, even if the defendants were somehow able to distinguish *Perrine* or articulate a reason not to apply section 2707 and 2708, the Court should still not suppress because the agents here relied on the orders in good faith, as set forth below.

### III.    The Defendants Have No Standing to Challenge the Warrants

As for the warrants, suppression is available as a remedy for a constitutional violation, but the defendants must still walk over the threshold into an area protected by the Fourth Amendment. They have not. The Court should deny the motions because the defendants have failed to show that they have standing to actually suppress the warrants.

The defendants are proceeding under two assumptions, each of which is unsupported. The first is that they are the actual users of the email accounts. Neither of the defendants has admitted or shown that they are and only in that case would one of them have standing. The defendants have the burden of showing standing, *United States v. Lyons*, 992 F.2 1029, 1031 (10th Cir. 1993), and must submit sworn evidence, in the form of an affidavit or testimony, that they *each* have privacy interests in the accounts. *See, e.g., United States v. Almaleh*, 2022 WL 602069, at *13 (S.D.N.Y. Feb. 28, 2022); *United States v. Ray*, 541 F. Supp. 3d 355,

10

380 (S.D.N.Y. 2021) (collecting cases in which defendants were and were not able to establish standing to challenge warrants seeking electronic accounts and devices). It is not immediately apparent how either Kimberley Tew or Michael Tew has a privacy interest in the email accounts "chrisrncn@gmail.com," "political.media.wdc@gmail.com," or "meyersconsultinggroupinc@gmail.com." And even if Kimberley Tew does admit to the facially more plausible possibility that she is the user/owner of the account of kley@me.com,[1] there is no basis for believing that *Michael Tew* has standing to suppress any evidence in that account bearing on *his* guilt.[2] *United States v. Davis*, 750 F.3d 1186, 1191 (10th Cir. 2014) (explaining that when "the poisonous tree was planted in someone else's orchard," a defendant "lacks standing to challenge its fruits."); *United States v. Parrott*, 434 F.2d 294, 296 (10th Cir. 1970) (concluding that one defendant had no standing to challenge evidence seized from codefendant's wallet).

"Fourth Amendment rights are personal rights [that] may not be asserted vicariously." *Rakas v. Illinois*. 439 U.S. 128, 133 (1978). A defendant's Fourth Amendment rights are violated "only when the challenged conduct invaded his

---

[1] Kimberley Tew implicitly admits that the kley@me.com account is hers to the extent the motion references exhibits T-X, Z, and BB and complains they are examples of her privacy being unconstitutionally invaded. But this implicit admission is insufficient by reference to the standards articulated in the cases cited in this section.

[2] If the Court does determine that suppression is a remedy to any violations of § 2703(d), the same standing analysis here would apply to those orders as well.

11

legitimate expectation of privacy rather than that of a third party." *United States v. Payner*, 447 U.S. 727, 731, 100 S. Ct. 2439, 65 L.Ed.2d 468 (1980). So, for example, in *Lyons*, the Tenth Circuit concluded that a defendant had no standing to suppress hard disks where he could not "meet the threshold requirement of demonstrating an expectation of privacy in the property searched." 992 F.2d at 1032.

Because neither of the defendants has established standing to show that their individual Fourth Amendment rights are implicated, their motion can and should be denied on that ground alone.

## IV. The Affidavits Supporting the Warrants Established Probable Cause to Believe that users of the Target Email Accounts Were Engaged in Criminal Conduct

The Fourth Amendment requires probable cause before a warrant can be issued. U.S. CONST. AMEND IV. "Probable cause to issue a search warrant exists when the supporting affidavit sets forth sufficient facts that would lead a prudent person to believe that a search of the described premises would uncover contraband or evidence of a crime." *United States v. Sanchez*, 725 F.3d 1243, 1247 (10th Cir. 2013) (citations omitted). Put another way, whether there exists probable cause is a "commonsense, practical question" answered by evaluating the totality of the circumstances and turning on whether there is a "fair probability" that contraband or evidence will be in a particular place. *United States v. Biglow* 562 F.3d 1272, 1281 (10th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

12

Courts should not review search warrants in a "hypertechnical manner;" they should be reviewed with common sense.   *United States v. Ventresca*, 380 U.S. 102, 109 (1965). Once a magistrate judge has found probable cause and issued a warrant, the law discourages second-guessing.   If the circumstances are "doubtful or marginal," the district court should give deference to the judgment of the magistrate judge.   *Biglow.* 562 F.3d at 1282 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 734 (1984).

The defendants bear the burden of proving that the search here was improper. *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) ("Generally, if the search or seizure was pursuant to a warrant, the defendant has the burden of proof.") (citation and quotation marks omitted); *United States v. Madrid*, 30 F.3d 1269, 1275 (10th Cir. 1994) ("The proponent of a motion to suppress bears the burden of proof.") (citation omitted).   He cannot meet that burden.

First, the defendants are simply mistaken to assert that evidence obtained from the § 2703(d) orders cannot be used to support the probable cause determination.   As set forth above, there is no reason to doubt the sufficiency of the applications supporting those orders.   And even if there were, the statute, Tenth Circuit precedent and the good-faith doctrine foreclose suppression, as set forth elsewhere in this brief.

Second, the defendants make the bizarre claim that statements of a federal agent under penalty of perjury are "mere assertions" that somehow do not count as

13

"facts." This is simply not how Courts review affidavits, nor is it consistent with the text of the Fourth Amendment, which specifically says that "probable cause can be supported by Oath or affirmation." The observations of police officers engaged in a common investigation "are plainly a reliable basis for a warrant." *United States v. Ventrasca*, 380 U.S. 102, 111 (1965); *see Franks v. Delaware*, 438 U.S. 154, 172 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant[.]"); *United States v. Kunkler*, 679 F.2d 187, 190 (9th Cir. 1982) ("Police officers are considered reliable and their reliability need not be independently demonstrated."). A search warrant affidavit is not an evidentiary hearing in which the agent submits each item of evidence supporting probable cause.

Instead of reading the affidavit in light of a "common sense" standard that recognizes the "fluid concept" of probable cause and the need for a magistrate judge to make a "common-sense decision whether, given all the circumstances set forth in the affidavit in front of him," *United States v. Janus Indus.*, 48 F.3d 1548, 1552 (10th Cir. 1995), the defendants engage in a hypertechnical reading of specific paragraphs, reject as illegitimate any effort to accurately summarize voluminous financial records and demand additional "particulars" of statements such "as whom they were made to, the date of the statements, and the circumstances in which they were obtained", Def. Mot. at 15. *See also* Def. Mot. at 21, 23, 24-25. But they cite no authority in support of reading affidavits this way. Even if this strange

14

hermeneutics was brought to bear on federal warrants, they also do not explain how
the failure to provide these details fatally undermines the magistrate judges'
separate independent conclusions that each of the warrants was supported by
probable cause, especially when agent's statements are made under penalty of
perjury and the defendants have made no allegation that they are factually
incorrect or otherwise subject to a *Franks* challenge.

Finally, the "totality of the information contained in the affidavit[s] provided
a substantial basis for finding there was a fair probability that evidence of criminal
activity would be found" in the respective electronic accounts.

The first search warrant — the one for records associated with AT&T
telephone numbers provided as defense exhibit F — set forth following logical chain,
supported by the sworn testimony of the agent:   (1) Michael Tew worked at the
victim company, (2) after Michael Tew was terminated, the victim company began
paying money into accounts controlled by Michael Tew for services that the
company never received and did not authorize, (3) a witness inside the victim
company helped Michael Tew and Kimberley receive the money for services that
were not rendered, (4) Michael Tew used the telephone numbers that were the
target of the warrant to execute the scheme, (5) Michael Tew and Kimberley Tew
listed the target telephone numbers on their bank accounts and used those bank
accounts to transfer fraud proceeds, (6) the telephone provider maintains records of
communications.   That is, the affidavit clearly established probable cause to believe

15

a crime had been committed, that the Tews were committing it, that they were
using phones to facilitate it, and that the phone company maintained records. The
later search warrants — the one issued in September 20202 (Def. E.) and the three
issued in December 2020 (Def. Exs. H, I, and K) contain the same logical chain,
supported by much of the same evidence, and contain statements specifically
describing how the accounts to be searched were related to the scheme.

The defendants do not challenge the logical chains presented in the affidavits
or explain — as he must — how or why the "totality of the information" presented in
them was insufficient.   That is, the defendants cannot secure the extreme sanction
of blanket suppression by breaking the warrant down into pieces and then
explaining why one piece or each piece alone is insufficient.

### V.   That the Government Followed the Two-Step Electronic Search Warrant Process Outlined in Rule 41 is Not A Reason to Suppress

The defendants also challenge the warrants on the ground that they
improperly "seized the entire contents" of accounts. Def. Mot. at 19 (§   IV.A.4.c), 22
(§ IV.B.3), 25 (§ IV.C.2.c), 27 (§ IV.C.2.c). 29 (§ IF.E.2.c).   But they ignore the fact
that this is precisely what the Federal Rules of Criminal Procedure Require.

On its face, Rule 41 provides that

A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic
storage media or the seizure or copying of electronically stored information.
Unless otherwise specified, the warrant authorizes a later review of the
media or information consistent with the warrant. The time for executing the
warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site
copying of the media or information, and not to any later off-site copying or

16

review.

Fed. R. Crim. P. 41(e)(2)(B). By its express terms, then, the Rule distinguishes between the "execution" of the warrant, which it equates with the time of "seizure or on-site copying of the media or information," and a subsequent "review" of that information. *Id.* The Advisory Committee Notes remove any ambiguity: "computers and other electronic storage media commonly contain such large amount of information that it is often impractical for law enforcement to review all of the information during execution of the warrant at the search location...officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant."   While the rule does not specifically reference email accounts, those same Advisory Committee Notes channel the Fourth Amendment's command of reasonableness by explaining that "the term 'electronic' is used to provide some flexibility to the rule and make allowance for further technological advances in transmitting data."   The Advisory Committee Notes to Federal Rule of Civil Procedure 34, which specifically references "electronically stored information" notes that "the wide variety of computer systems currently in use, and the rapidity of technological change, counsel against a limiting or precise definition of electronically stored information. Rule 34(a)(1) is expansive and includes any type of information that is stored electronically. A common example often sought in discovery is electronic communications, such as e-mail."

17

Furthermore, the rule provides that while the "seizure" must take place within 14 days, the later "review" has no time limit and is instead examined under a reasonableness standard. *Id.; see also United States v. Syphers*, 426 F.3d 461 (1st Cir. 2005) ("The Fourth Amendment itself contains no requirements about when the search or seizure is to occur or the duration") (emphasis in the original) (internal quotation marks and citation omitted).

For these reasons, the vast weight of authority across the United States supports a two-step process like the one outlined in the warrants here, where the government obtains the entire email account in the first step, and then conducts its particularized search in the second step.   *See ,e .g., In the Search of Records, Information, and Data Associated with 14 Email Address Controlled by Google, LLC*, 438 F. Supp. 3d 771,778 (E.D. Mich. Feb. 4, 2020 ("Michigan Email Accounts") (citing 8 district courts around the country approving the two-step procedure specifically with respect to emails); *In the Matter of a Warrant for all Content and Other Information Associated with the Email Account xxxxxxx@gmail.com Maintained at Premises Controlled by Google, Inc.*, 33 F. Supp.3d 386, 394 (S.D.N.Y. July 2014) ("S.D.N.Y. Email Account"); *In the Matter of the Search of Information Associated with [Redacted]@Mac.Com That is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp.3d 157, 165 (D.D.C. 2014) (citing several circuit cases in support of two-step approach); *United States v. Deppish*, 994 F.Supp.2d 1211 (D. Kan. 2014) ("[N]othing in § 2703 precludes the Government from requesting the full

18

content of a specified email account, nor has the Tenth Circuit ever required

warrants to identify a particularized search strategy").

Here, the government timely obtained, pursuant to a valid warrants,

information from Apple and Google, which comprise the entire accounts. Those

entire accounts have been produced in discovery. But it is misleading to say that all

of those items have been "seized."   As set forth below, the government has

endeavored to work in good faith with the defendants to actually conduct its search

in a manner that will protect recognized privileges by implementing a filter team.

However, extreme volatility with respect to the various counsel who have

represented the defendants in these proceedings has actively prevented that

process.   Put another way, the fact that certain emails are in the government's

"possession" (and thus subject to discovery) does not mean that they have been

lawfully "seized" pursuant to the warrant (and thus authorized to be used as

evidence in this case).

In weighing the reasonableness of the government's retention of information

that is not identified in Section II of the respective "Attachment Bs" to the

warrants, the Court must weigh the government's constitutional discovery

obligations and legitimate interests in preserving evidence for trial against the

defendants' interest in the e-mails of accounts that they have not actually asserted

are theirs and for which they have no physical custody. *See Terry v. Ohio*, 392 U.S.

1, 20-21 (1968) ("it is necessary 'first to focus upon the governmental interest which

19

allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen,' for there is 'no ready test for determining reasonableness other than by balancing the need to search (or seize) against the invasion which the search (or seizure) entails'") (quotation omitted).

The government, subject to Rule 41(g), can retain lawfully seized materials of evidentiary value until the proceedings terminate. *United States v. Uribe-Londono*, 177 Fed. App'x 89, 90 (1st Cir. 2006) (the district court determined that "the government had adequately shown a need to retain the items as evidence until the criminal proceedings had concluded"); R*amsden v. United States*, 2 F.3d 322, 326 (9th Cir, 1993) ("The United States' retention of the property generally is reasonable if it has a need for the property in an investigation or prosecution").

Multiple courts have recognized the government's legitimate interest in retaining original, unaltered electronic media that integrates information identified as falling within the material authorized to be seized *and* whatever remains in order to comply with discovery obligations and to preserve the evidence through the conclusion of criminal proceedings. *See United States v. Ganias*, 824 F.3d 199, 213-16 (2nd Cir. 2016) (en banc) (upholding the execution of the warrant on good-faith grounds, but also recognizing the government's legitimate interest in preserving the media to protect the integrity of the data, to authenticate it at trial, and to permit the defense to conduct independent forensic analysis and search for exculpatory evidence); *United States v. Carpenter*, 2015 WL 9461496, *6-*7 (D. Conn. Dec. 24,

456

2015) (noting that the government "is not refusing to return or destroy materials simply because they might be useful in a subsequent investigation"; "the Government has a legitimate interest in retaining the documents for review and possible use as evidence at a trial"); *S.D.N.Y. Email Account*, 33 F. Supp. 3d at 398-99 ("[W]e recognize that the Government has a need to retain materials as an investigation unfolds" and "to maintain a complete copy of the electronic information to authenticate evidence responsive to the warrant for purposes of trial"); *United States v. Staton,* 2012 WL 2159355, *2, *6 (E.D. Pa. June 14, 2012) (to the extent extensive electronic evidence, including multiple computers and storage media, contained responsive documents, the government did not have to return it before the end of the proceedings) (citing multiple cases); *United States v. Kiderlen,* 2006 WL 3079048, *12 (E.D. Miss. 2006) (denying the defendant's motion for a return of property even where the government "d[id] not presently intend to offer the computer or its contents in its case-in-chief," because the items could still have "evidentiary value or relevance").

As set forth below, the government has a legitimate interest in retaining the material because it has warrants requiring it to search through that material to identify items referenced in Section II of the respective "Attachment Bs." The only reason it hasn't yet done so is out of a solicitous concern over legitimate privileges that would protect items from any kind of review.

Google and Apple provided all data for all referenced electronic accounts

21

including the contents of the emails, as required by Section I of the respective "Attachment Bs" to the warrants. The irretrievable destruction of that information would put the government in the position it could be faulted for its failure to comply with its discovery obligations under Rule 16 but also for its destruction of any presently unknown exculpatory information if it exists. *See, e.g., United States v. Laurent*, 607 F.3d 895, 900, 902 (1st Cir. 2010) (allowing for a "spoliation" jury instruction where one party, in "bad faith," destroys evidence favorable to the other, and discussing the legal framework and the potential for a due process violation when the government destroys potentially exculpatory evidence); *California v. Trombetta*, 467 U.S. 479 (1984) (destruction of a breath sample); *Arizona v. Youngblood*, 488 U.S. 51 (1988) (destruction of biological matter on the defendant's clothing); *Illinois v. Fisher*, 540 U.S. 544 (2004) (destruction of cocaine).

Similarly, the government has retained the originally produced information referenced in Section I of the Attachment Bs in the warrants to Apple and Google to show the chain of custody, establish authenticity, forestall any allegations of tampering with the evidence, and to permit the defense to conduct their own examination of that evidence.

Finally, as set forth below, the churn in defense lawyers and prior counsel's refusal to engage in good-faith negotiations over how to balance the government's obligation to execute a court ordered warrant with each respective defendant's legitimate privilege interests have resulted in a situation where the government has

22

still been unable to review the email evidence to actually determine what should be seized.   In this respect — as set forth below — the defendants' motion is not ripe: there are currently very few items to suppress because the government hasn't even been able to conduct its search.

## VI.   The Search Warrants Describe the Items to be Sized with Sufficient Particularity

The Fourth Amendment requires not only that warrant be supported by probable cause, but also that they particularly describe the place to be search and the . . . things to be seized." U.S. Const. Amend. IV.   The "tings to be seized" requirement, just like everything else in the sphere of Fourth Amendment law, is subject to the rule of reasonableness.   The question is whether the description of the item "enables the searched to reasonably ascertain and identify the things authorized to be seized." *United States v. Robertson*, 21 F.3d 1030, 1033 (10th Cir. 1994).   Even broad and generic terms can satisfy this standard if they are as "specific as circumstances and the nature of the activity under investigation permit." *United States v. Harris*, 903 F.2d 770, 775 (10th Cir. 1990).

That the warrants here sought electronic information does not change these general principles. "[W]arrants for computer searches must affirmatively limit the search to evidence of specific federal crimes or specific types of material" but courts must keep in mind that they should interpret search warrant affidavits in a common sense and realistic fashion." *United States v. Burgess*, 576 F.3d 1078, 1091 (10th Cir. 2009). Accordingly, the Tenth Circuit has "adopted a somewhat forgiving

23

stance when faced with a "particularity" challenge to a warrant authorizing the seizure of computers." *United States v. Grimmett*, 439 F.3d 1263, 1269 (10th Cir. 2006).

Digital information sought in computer servers, no different that digital information sought in computers, "may be as extensive as reasonably required to locate the items described in the warrant."   *Id.* at 1270. A warrant authorizing the seizure of records of criminal activity "permits officers to examine many papers in a suspect's possession to determine if they are within the described category." *United States v. Wicks*, 995 F.2d 964, 974 (10th Cir. 1993) (referencing *United States v. Riley*, 906 F.2d 841, 845 (2d Cir. 1990) and its advice that officers need some latitude to conduct searches because "few people keep documents of their criminal transactions in a folder marked 'drug records' ")). And unlike a warrant for a cognizable physical object—such as drugs or weapons—when officers search through papers, records, or data for evidence, "it is certain that some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those papers authorized to be seized." *Andresen v. Maryland*, 427 U.S. at 482 n.11 (1976); *see, e.g., Burgess*, 576 F.3d at 1094 ("In the end, there may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders, and that is true whether the search is of computer files or physical files. It is particularly true with image files.").

24

Generally speaking, it is sufficient for a warrant to specify that the evidence it seeks is tied to specific criminal statutes and is cabined to a particular date range. *Burgess*, 576 F.3d at 1091 (approving search warrant that limited search to evidence of specific crimes, such as drug trafficking); *Michigan Email Accounts*, 438 F. Supp. 3d at 779 (noting in complex investigation that it was sufficient to permit seizure of items related to identified criminal statutes). The warrants here did that, and more. All of them are limited to time frames with reference to the facts set forth in the affidavits.   Def. Mot. Ex. D (limited to between May 1, 2018 and September 17, 2020); Def. Mot. Ex. F (limited to between June 1, 2018 and July 7, 2020); Def. Mot. Ex. H (limited to between August 12, 2020 and October 22, 2020); Def. Mot. Ex. I limited to after August 1, 2018); Def. Mot. Ex. K (same).

And all of them are even more particular than what the Tenth Circuit has required, limited the items to be seized to not just evidence related to specific statutes, but also further limiting it to a specific scheme against the named victim company. Def. Mot. Ex. D at SW_00000065; Def. Mot. Ex. F at SW_0000005; Def. Mot. Ex. H at SW_00000102; Def. Mot. Ex. I at SW_00000126; Def. Mot. Ex. K at SW_00000151.

## VII.   The Defendants' Request for Blanket Suppression is Not Authorized by Law and, in any Event, is Not Ripe for Adjudication

Even if the Court were sympathetic to portions of the defendants' motion, its requested relief is far too broad. The motion asks the Court to suppress *all* evidence

seized from the warrants. That would not be proper. Rather, the defendants must articulate exactly which categories of items in the warrant are insufficiently particular and the Court must determine the constitutionality, item by item as part of a "severance" analysis. *United States v. Sells*, 463 F.3d 1148, 1156 (10th Cir. 2006). 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 4.6(f) (Dec. 2021) ("[I]t would be harsh medicine indeed if a warrant issued on probable cause and particularly describing certain items were to be invalidated in toto merely because the affiant and magistrate erred in seeking and permitting a search for other items as well."). "Blanket" suppression is only appropriate in "exceptionally egregious circumstances" involving flagrant disregard of a search warrant's terms.   *United States v. Webster*, 809 F.3d 1158, 1167 and 1170 (10th Cir. 2016) (noting that this standard merges with the *Herring/Davis* line of Supreme Court cases, referenced below).

The only specific items the defendants have identified as potentially warranting suppression are the items in Defense Exhibits T-Z and BB.   But even there, those emails clearly fall into the warrant's authorization for evidence identifying the "person(s) who created or used the Apple ID."[3]   Def. Mot. D at SW_00000091. There is no valid reason to suppress that evidence, which would show *who* was involved in using any emails in that account to facilitate the specific

---

3  Exhibit AA seems to comprise emails to and from accounts that are not otherwise identified in the warrants and it is unclear on its face which electronic repository it came from.

26

crimes articulated during the specific time period identified.

More fundamentally, the reason the defendants' motion is so deficient with respect to what precisely *what* items of evidence should be suppressed as somehow outside the scope of the warrant is that prior counsel stymied efforts to reach a mutually agreed-upon protocol that would filter the accounts to protect potentially privileged information. The history of this process is set forth in the attached Filter Memorandum and its attachments, which have all been provided to defense counsel. Gov't Exhibit 1. The government's approach to executing the warrants has been exceedingly cautious and consistent with the Fourth Amendment's requirement to be "reasonable."

The government intends to work with the new defense lawyer to find a mutually agreeable process by which the agents can actually undertake the "step 2" review contemplated by the Federal Rules of Criminal Procedure and the search warrants themselves. In the meantime, because the government has taken the prudent step of working transparently with defense counsel before conducting that review, no one has even been able to identify the items in the account that would fall within the specific categories authorized by the warrant and thus no way to know which, if any, identifiable items are the product of any non-particularized or problematic search.

27

## VIII.  The Motion Should be Denied Because the Agents Relied on and Are Executing the Warrants in Good Faith

In *Davis v. United States*, the Supreme Court made it clear that that the sole purpose of the exclusionary rule is to deter Fourth Amendment violations.   564 U.S. 229, 245 (2011)(emphasis in original).   That is, the "extreme sanction of exclusion" should be applied only as a "last resort" to deter police conduct that is "deliberate, reckless or grossly negligent."   *United States v. Leon*, 468 U.S. 897, 916, 926 (1984); *Herring v. United States*, 555 U.S. 135, 144 (2009).   Furthermore, the exclusionary rule applies "only where it result[s] in appreciable deterrence" and, even if might result in deterrence, "the benefits of deterrence must outweigh the costs."   *Herring,* 555 U.S. at 141.

None of the supposed ails of any of the searches would justify the harsh medicine of the exclusionary rule.   The affidavits each set forth in detail the scheme to defraud the victim company through the use of bogus invoices to sham companies, payable into accounts controlled by the defendants and associated with the specific electronic accounts or phone numbers identified. There is no articulated basis for concluding that the agents were trying to evade legal requirements or otherwise do anything other than thoughtfully seek the truth.   Excluding the evidence of the search serves no deterrent purpose.   And even if it did, preventing the jury from seeing evidence of the truth — that the defendants used electronic accounts to take $5,000,000 that did not belong to them would have considerable social costs outweighing any benefit.   *See Davis*, 546 U.S. at 237 (recognizing that

28

the bottom-line effect of suppression is that courts "ignore reliable, trustworthy evidence bearing on guilt or innocence," "suppress the truth," and "set the criminal loose in the community without punishment.").

### IX. The Court Can Decide the Motion as a Matter of Law and Need Not Hold a Hearing

The defendants do not make any factual allegations or put any facts at issue. Rather, he has attached the affidavits, articulated legal principles at very high levels of generality, and then requested suppression as a matter of law. The defendants have not satisfied their burden and the Court can deny the motion. It should not have an evidentiary hearing with no articulated factual dispute, especially when it can decide for itself as a matter of law whether (1) *Carpenter* somehow implicitly undermines the precedents it otherwise explicitly says should remain in place, (2) whether *Warshak* has anything to do with non-content 2703(d) orders, (3) whether the defendants have established standing, (4) whether multiple magistrate judges had a substantial basis for making separate and independent findings of reasonableness and probable cause, (5) whether the warrants are sufficiently specific, and whether suppression is even a social cost worth imposing in this case. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (decision on whether to have a hearing is up to trial court's discretion); *United States v. Vasquez-Garcia*, 2021 WL 486881 at *2 (D. Utah Jan. 29, 2021) (denying motion and request for hearing in part because the motion failed to present factual and legal issues with particularity); *United States v. Edgeworth*, 889 F.3d 350, 354

29

(7th Cir. 2018) (finding no abuse of discretion where judge declined to have a hearing on vague and conclusory claims without factual support or explanation).

## CONCLUSION

The defendants have no standing to challenge the search warrants and orders targeted by the defendants' motion and even if they do, there is no legally valid reason for the judiciary to "ignore reliable, trustworthy evidence" that might bear on who defrauded a business out of millions by suppressing it in circumstances where the government relied on good faith on existing law and the independent findings of several magistrate judges. The Defendants' Motion should be denied.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  *s/ Bryan David Fields*
Bryan David Fields
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Bryan.Fields3@usdoj.gov

30

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation authorized by the Court's order of May 12, 2022, ECF No. 199.

*/s Bryan David Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government agrees with the defendants' statement of speedy trial impact in the Motion to Suppress docketed at ECF No. 200.

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.


                                 *s/ Bryan David Fields*
                                 United States Attorney's Office

32

# MEMORANDUM

**TO:**        All members of filter team

**FROM:**     Prosecution AUSA Bryan Fields
                Filter AUSA Jane Bobet

**CC:**        All members of prosecution team

**DATE:**    **March 2, 2022**

**RE:**        Filter Team Instructions for *United States v. Michael Aaron Tew, et al.*,
                (D. Colo. Case No. 20-cr-305-DDD

---

## I.    BACKGROUND

### A.    Summary of Conduct Relating to Charges

The following summary is not intended to be comprehensive but to provide sufficient background to briefly explain the facts related to the need for a filter team.  Detailed information is contained in an affidavit supporting a July 2020 criminal complaint charging Michael Tew with conspiracy to commit money laundering.  **[Attachment 1]**.

 This case concerns the prosecution of three individuals, Michael Tew, Kimberley Tew (nee Vertanen), and Jonathan K. Yioulos for, *inter alia*, a scheme to defraud National Air Cargo (NAC), a company that does business, in part, in New York and Florida.  The case number is 20-cr-305-DDD and is currently pending in the United States District Court for the District of Colorado.  In general terms, the

1

three defendants are alleged to have conspired to execute a scheme to defraud by wire. This scheme was accomplished through the submission and payment of fraudulent invoices to NAC for services not rendered to NAC. Mr. Tew is the former Chief Financial Officer of NAC, Ms. Tew previously provided some contract services to NAC, and until July 2020, Mr. Yioulos served variously as NAC's Director of Finance and Controller. Michael Tew and Kimberley Tew are married.

## B. Post-Arrest Acquisition of Evidence and Representations by Prior Defense Counsel

For ease of reference, additional relevant facts related to the history of the defendants' representation by legal counsel and the acquisition of evidence are outlined in bullet points below.

- **July 8, 2020**. Mr. and Ms. Tew are arrested on a Criminal Complaint.

- **July 9, 2020**. Mr. Tew's first lawyer, Michael Sheehan, reaches out to schedule an interview pursuant to a proffer agreement.

- **July 15, 2020**. Mr. Tew voluntarily submits to an interview in the presence of his lawyer, Michael Sheehan, pursuant to the terms of a proffer agreement.

- **July 24, 2020**. Eric M. Creizman and Melissa Madrigal contact the government to assert that they are now representing Mr. Tew.

- **July 28, 2020**. Mr. Tew submits to a second proffer interview in the presence of his new attorneys. During that interview, he consents to a review of text communications between him and Ms. Tew relating to the crimes under investigation.

- **July 29, 2020.** Mr. Tew consents to an extraction of his phone.

2

- **August 3, 2020**.  Eric Creizman alerts the government that he intends to withdraw his representation the next day.

- **August 20, 2020.**  Edward Harris, Mr. Tew's third attorney, enters an appearance.

- **September 22, 2020**.  Agents apply for and receive a warrant to obtain information from Apple associated with the Apple ID kley@me.com, belonging to Ms. Tew.

- **October 2, 2020**.  Edward Harris communicates his client's consent to review (1) text messages between Mr. Tew and alleged co-conspirator Jonathan Yioulos, (2) text messages between Mr. Tew and another suspected co-conspirator, Larry Ward, and (3) all pictures and recordings on the phone up to, but not including, the day of arrest (July 8, 2020).  Harris also communicates his agreement that he will review the materials dated after the arrest and identify the items that are not privileged.  **[Attachment 2]** The resulting filtered phone extraction is **Item 5**.

- **October 21, 2020**.  Edward Harris moves to withdraw as Mr. Tew's attorney.

- **October 22, 2020**.  Thomas Richard Ward enters his appearance as Mr. Tew's attorney.

- **October 23, 2020**.  Ms. Tew submits to an interview in the presence of her attorney, Jamie Hubbard, pursuant to the terms of a proffer agreement.

- **November 24, 2020**.  AUSA Hetal Doshi requests that the FBI Cybercrime lab process the return from the kley@me.com search warrant.  The return includes both encrypted and unencrypted data.

- **December 2, 2020**.  AUSA Hetal Doshi requests that the cybercrime lab filter out undated communications and communications that were undated or dated on or after July 8, 2020.

- **December 14, 2020**.  FBI Digital Operations Specialist Nicholas Hanggi reports that he has completed a filter of the unencrypted kley@me.com return.  This filtered return, which includes only communications dated July 7, 2020 or earlier, is provided to the prosecution team.  **[Item 1]**

3

- **December 23, 2020**.  Agents apply for and receive a warrant to obtain
  information from google associated with three accounts:
  chrisrncn@gmail.com; meyersconsultinggroupinc@gmail.com; and
  political.media.wdc@gmail.com **[Items 2-4, respectively**)

- **February 3, 2021**.  The Grand Jury returns the indictment in this case.

- **February 25, 2021**. Tor Ekeland enters his appearance for both Mr. and
  Ms. Tew.

- **March 21, 2021**.  FBI Senior Digital Investigative Analyst Kristen Scott
  reports that she has completed a filter of the encrypted portion of the
  kley@me.com return.  This filtered return, which includes only
  communications dated July 7, 2020 or earlier, is provided to the
  prosecution team.  **[Item 1]**

- **December 27, 2021**. Tor Ekeland moves to withdraw as counsel for Mr.
  and Ms. Tew.

- **February 25, 2022.**  Peter Bornstein enters his appearance for both Mr.
  and Ms. Tew.

## C.     Summary of Electronic Repositories of Evidence

For additional ease of reference, the chart below identifies the items obtained

in the investigation, referenced above, that will be the subject of this filter review:

| Item | Description | Case Number |
|------|-------------|-------------|
| 1 | Unencrypted and Encrypted Portions of Return for Search Warrant executed on Apple for information associated with Apple ID kley@me.com filtered to exclude undated items and items dated on or after July 8, 2020 ("Item 1") | 20-sw-01115 **[Attachment 3]** |
| 2 | Return of Search Warrant executed on Google for information associated with the account chrisrncn@gmail.com ("Item 2") | 20-sw-01522 **[Attachment 4]** |
| 3 | Return of Search Warrant executed on Google for information associated with the account meyersconsultinggroupinc@gmail.com ("Item 3") | 20-sw-01532 **[Attachment 5]** |

4

| Item | Description | Case Number |
|------|-------------|-------------|
| 4 | Return of Search Warrant executed on Google for information associated with the account political.media.wdc@gmail.com ("Item 4") | 20-sw-01533 **[Attachment 6]** |
| 5 | July 29, 2020 consent extraction of two iPhones for phone numbers ending in 1312 and 7473 with serial numbers F17CN3YWPMFJ and C39Y25QBKPFR used by Michael Tew[1] and filtered pursuant to prior agreements with defense counsel ("Item 5") | N/A |

### D.     Correspondence with Defense Counsel from Tor Ekeland Law PLLC

Michael Tew and Kimberley Tew were jointly represented by the same counsel, Tor Ekeland, Michael Hassard, and Xuan Zhou between February 25, 2021 and February 25, 2022.

The prosecution team at the time had been in contact with counsel for Mr. Tew and Mrs. Tew about the precautions taken to date regarding filtering out materials subject to the attorney-client and work product privilege for Item 1.  That background is laid out in multiple letters listed below and attached here for reference:

---

[1] Defendant Michael Tew's prior attorneys previously provided search terms — the names of attorneys previously representing Tew — as part of the consent search process and those terms have already been applied.  Nevertheless, out of an abundance of caution and to maintain consistency in the filter process, this consent phone extraction is also being submitted for additional filter review consistent with the terms of this memorandum.   This indiscriminate phone extraction is broader than the much more targeted voluntary disclosure of specific text messages made by Michael Tew on July 28, 2020 and is submitted for filter review on that basis, in addition to items 1-4.

1. July 7, 2021 Letter from Government to Counsel for Mr. Tew and Mrs. Tew regarding further filtering of search warrant return for kley@me.com [**Attachment 7**];

2. July 9, 2021 Response from Counsel for Mr. Tew and Mrs. Tew to Government [**Attachment 8**];

3. July 23, 2021 Letter from Counsel for Mr. Tew and Mrs. Tew to Government regarding the same ([**Attachment 9**];

4. July 29, 2021 Response from Government to Counsel for Mr. and Mrs. Tew [**Attachment 10**];

5. September 10, 2021 Response from Counsel for Mr. and Mrs. Tew to Government [**Attachment 11**];

6. September 16, 2021 Letter from Counsel for Mr. and Mrs. Tew to Government [**Attachment 12**];

7. September 17, 2021 Email Response from Government to Counsel for Mr. and Mrs. Tew [**Attachment 13**].

### E.    Prosecution Team Members

The AUSAs on the prosecution team have included Hetal Doshi, Matthew Kirsch, Andrea Surratt and Bryan Fields.  None of these attorneys have been exposed to information identified by defense counsel as potentially protected by an attorney-client privilege.  The FBI case agent is Special Agent Sarah Anderson. There is also no reason to believe she has been exposed to information identified by defense counsel as potentially subject to an attorney-client privilege.

The IRS-CI case agent is Special Agent Lisa Palmer.  SA Palmer took the lead in the review of Item 1.  After Item 1 was released to the prosecution team in

6

December following its initial filtering to exclude undated items and items dated July 8, 2020 or later, she conducted a very focused review to determine whether specific communications between the defendants or between the defendants and suspected co-conspirators could be seized pursuant to the warrant. Those identified communications did not involve attorneys and were clearly not protected by an attorney client privilege. As outlined in the letter dated July 7, 2021, Special Agent Palmer resumed her review of Item 1 in July and, on July 5, identified communications that appeared to include one or more attorneys. She immediately notified the assigned AUSAs and stopped her review. **[Attachment 7]**. There is no reason to believe that she actually reviewed any content of such communications. However, out of an abundance of caution, she is not currently an active member of the prosecution team, pending a review by the assigned Filter Attorney.

## II.   SCOPE OF REQUEST FOR FILTER REVIEW

### A. Rationale for Filter Review of Items 1-5

Current counsel for Mr. and Ms. Tew has asserted that Items 1-4 contain materials that may be subject to the attorney-client privilege. However, current counsel has refused to provide a list of prior defense attorneys, other search terms, a specific log of privilege claims, or to clearly identify the scope of any attorney-client relationship. Based on the correspondence to date and SA Palmer's notification that even after the initial filtering, Item 1 still contains possibly privileged

material, the prosecution team advises that Item 1 is an appropriate item for
additional filter review, as outlined in this memorandum.

Defense counsel's September 16, 2021 letter asked the government to halt its
review of "all" discovery returned under search warrants in this matter.  The letter
asserts that "all the discovery seized under the search warrants is irreparably
tainted."  **[Attachment 12]**.  Without conceding any requirement that it do so, the
government voluntarily agreed to stop review until a meeting with defense counsel
on October 12, 2021. The previous AUSAs assigned to this matter — Hetal Doshi
and Andrea Surratt —met with counsel for Mr. Tew and Ms. Tew on October 12,
2021.  There was no resolution to date on the issue of further filtering.

There is no reason to believe that items 2-4 contain privileged material.
Those items were the subject of 2703(d) orders providing non-substantive
information about the correspondents in those accounts.  No attorneys were
identified.  Current counsel for Mr. and Ms. Tew has not provided a list of attorneys
or otherwise specifically elaborated on the claim that these items contain privileged
materials.  Furthermore, without review, it is unknown whether either defendant
actually used those accounts or otherwise has standing to challenge the warrants
justifying their seizure or manner of review.

8

Item number 5 has already been filtered pursuant to a negotiated agreement with Michael Tew's prior lawyer, which involved filtering via search terms and permission to view specific categories of items. **[Attachment 2]**.

In sum, only item 1 is known to contain potentially protected materials. While items 2-4 are not known to have any potentially protected materials, the prosecution team acknowledges the defendant's assertion that they do and (1) assumes, without conceding, that one of the defendants has standing to challenge any search related to those accounts and (2) assumes, without conceding, that the defendants are the holders of any privilege protecting information in those account. Item 5 has already been filtered pursuant to conversations with prior defense counsel. While Item 1 is thus the only item clearly warranting filter review, the prosecution team nevertheless also submits items 2-5 for filter review out of an abundance of caution.

### B.    Items Specifically Excluded From Filter Review

Defense counsel's letter of September 16, 2021, **Attachment 12**, requests that the government halt a review of "all" materials obtained pursuant to search warrants on the basis of objections to filter reviews. But this request is overbroad. Without conceding that it must, the government has nevertheless voluntarily stopped its review of the return from search warrant executed on AT&T for telephone numbers associated with Michael Tew, docketed at 20-sw-0733, because

the initial review suggested that AT&T did not provide the correct records.[2] That item is, therefore, excluded from this filter review. A search warrant executed at the defendants' home on July 31, 2020 and docketed at 20-sw-00896 yielded only physical evidence — two bank bags — and therefore requires no filter review.

Defense counsel's letter of September 16, 2021 does not reference other repositories of evidence obtained through other methods. Nevertheless, out of an abundance of caution, the prosecution evaluated whether to submit those repositories for further review. Items in this category include photographs of specific text messages on Michael Tew's telephone taken in the presence of his counsel during a proffer session on July 28, 2020, and electronic devices obtained from co-defendant Jonathan Yioulos. The prosecution team has concluded that neither of these items should be submitted to filter review. Each of them comprises information obtained via clear consent obtained with approval from an independent defense attorney. They could not possibly contain privileged material.

## III.   PURPOSE OF FILTER REVIEW OF ITEMS 1-5

---

[2] As documented by FBI Special Agent Sarah Anderson in an FD-302 entered into the file on August 17, 2020 (SW_0039675), the FBI received a return from AT&T on July 27, 2020. However, when SA Anderson began reviewing the provided materials she became concerned that the records provided related to other telephone numbers or that they were otherwise not responsive to the warrant. She stopped her review and contacted AT&T. An FD-302 dated September 11, 2020, (INV_004958), notes that AT&T has not provided any responsive content.

The purpose of these instructions is to protect any applicable attorney-client and work-product privileges held by defendants Michael Tew and Kimberley Tew. These instructions are further designed to prevent the disclosure of privileged and/or otherwise constitutionally protected attorney-client information to case agents, investigators, and prosecutors assigned to the investigation, and to ensure that the government effectively documents its efforts to do so.

## A. Glossary of Terms Used In These Instructions

As used in these instructions, the terms below are defined as follows:

1. **Prosecution team** - All AUSAs, SAUSAs, Agents/Officers and Staff assigned to work on any aspect of the case other than the filter team.

2. **Filter team** - a team of AUSA(s) and/or investigator(s), who are separated from the prosecution team in order to protect the defendant's constitutional and statutory rights by ensuring that the prosecution team is not exposed to privileged information.

3. **Privileged information** – information protected by the attorney-client privilege and/or the work product rule.

4. **Presumptively protected materials** – any communications between (1) a lawyer or staff member or agent of a lawyer and (2) a defendant/target/subject or another lawyer or staff member or agent of a lawyer, or materials that otherwise appear to contain the work product of a lawyer.

5. **Potentially protected materials** – any materials identified in a Filter Agent's initial review as possibly containing communications as defined in "presumptively protected materials" or materials that appear to have been generated by a lawyer or otherwise contain the work product of a lawyer.

11

6.    **Non-protected materials** – any materials that do not involve communications with a lawyer and do not appear to have been generated by a lawyer.

480

**B.    General Overview of Safeguards to Protect Potentially
       Protected Materials**

To prevent such disclosure and the potential taint of investigators and

prosecutors assigned to the case, the Federal Bureau of Investigation and/or IRS-

Criminal Investigation and the United States Department of Justice have

designated separate agents and Assistant United States Attorney(s) (collectively,

the "filter team") to review items 1-5 to determine whether they contain any

potentially protected materials.  The filter team serves a privilege screening

function only; they will not review information for discoverability under criminal

discovery rules and case law.  Filter team members will not be involved with the

primary investigation, in any way, and may not have any further role in the

investigation or prosecution of this case, unless some further privilege issue arises

requiring additional review.  Members of the filter team are prohibited from

discussing with any member of the prosecution team, including investigators and

prosecutors assigned to the case, or any other person not assigned to the filter team,

any protected information they learn as a result of their assignment to this filter

team.

Filter team members must be familiar with the indictment in this matter, the

warrants, the applications for the warrants, and all affidavits or attachments

thereto.  All of these documents have been separately provided to you.

13

**[Attachments 3-6]**.  Members of the filter team and the prosecution team must also review and understand these instructions and the list of the attorneys and/or law firms that are known or believed to represent or have represented Mr. Tew or Ms. Tew.  If you have any questions about these instructions at any time during this process, you should ask the filter AUSA[3] before you proceed further.

This memo and the instructions below relate to the process and procedure to identify and remove protected materials contained in the items seized.  This memo and the instructions below are in addition to the procedures outlined in the search warrants.  The filter team should be familiar with and, where applicable, follow both the instructions contained in this memo and the procedure in the search warrant.

## IV.    INSTRUCTIONS TO THE FILTER TEAM

### A. Filter Team Members and Roles

1.     The FBI and IRS have, respectively, designated Special Agents Kristen Varel and Marc Lane as Filter Agents who will analyze the items and information seized in the execution of the search warrants related to this case, and who will then remove all presumptively protected information and identify potentially protected and non-protected information.

---

[3] Although this policy often uses the singular terms "AUSA" and "investigator" or "Special Agent" in referring to members of filter teams, there may be more than one AUSA and agent on any filter team.

2.     The United States Department of Justice has designated Assistant
United States Attorney Jane Bobet as the Filter AUSA who will review materials
identified by the Filter Agent as containing potentially protected or non-protected
materials.  The Filter AUSA will further ensure that all presumptively protected
items are removed, not reviewed by the filter team, except as necessary to make the
determination the item is presumptively protected, and are returned to the
privilege-holder or counsel for the privilege-holder as soon as reasonably practical.

3.     Support staff designated by the respective agencies may also be
assigned to assist the Filter Agents and Filter AUSA in administrative tasks as
necessary to accomplish their duties.  Currently, Legal Administrative Specialist
Joshua Graber is maintaining Items 1-5 in a secure database accessible only to Mr.
Graber, the Filter AUSA, and members of the U.S. Attorney's Office IT/litigation
support staff.

4.     Filter team members may not reveal or discuss the contents of any
document, file or item determined to contain presumptively protected or potentially
protected material to any other person except the Filter Team Coordinator or
employees of the Professional Responsibility Advisory Office at DOJ, or counsel for
the appropriate defendant, unless otherwise ordered by the court.  Attached to these
instructions is a list of investigative agents and prosecutors to prevent any
inadvertent disclosure.

15

**B.      Review by the Filter Team**

5.      Investigative agents have executed the search warrants, or obtained information via consent, and have taken possession of the digital information outlined in the warrants or subject to the terms of the consent.  Before the investigative agents continue their review[4] of the items identified in the chart above, they will be reviewed by the Filter Agents, who will remove all presumptively protected information and identify potentially protected and non-protected information.

6.      In all instances, in making the interim determination as to whether a document or item contains protected material, the Filter Agent and Filter AUSA should err on the side of caution by treating any questionable item as potentially protected material and complying with these instructions.

**C.      Filter Agent Review Using Search Terms**

7.      The Filter Agents will utilize search terms to conduct an initial review of the information in items 1-5 above to determine whether they contain

---

[4] As noted in the July 7, 2021 Letter from Government**, Attachment 7**, the government has already prophylactically filtered out materials in Item 1 that were either undated or dated on or after July 8, 2020 (the date of Mr. and Ms. Tews's arrest) and began a review of the remaining information. However, that review was immediately stopped when there was a reasonable possibility that the item might still contain potentially privileged information.

16

presumptively protected material, potentially protected material, or non-protected material.

      a.     After a forensic image or copy of any of the items is created and placed into a reviewing platform, in order to identify protected communications, the Filter Agent may then access the items and conduct a keyword search of any electronic media, specifically looking for information associated with attorneys or legal staff known to represent Mr. Tew or Ms. Tew.

      b. Here, because Items 1 and 5 — the iCloud account associated with kley@me.com and the consent extraction of Mr. Tew's phone — have already been filtered, the process discussed below will be a secondary process consisting of applying additional filters to the already filtered items. Access to the materials should be restricted to the Filter Agents, Filter AUSA, and assigned Filter AUSA support staff.  The items should be inaccessible to the investigative team until reviewed by the Filter Agent and marked as non-protected, as discussed below.  Any more specific protocols used in any particular case must by recorded by the Filter AUSA.

     8.     As the Filter Agents review the materials on the media using keyword searches, the Filter Agents will sort the material as follows: presumptively protected, potentially protected or clearly non-protected.

17

a. If an item is presumptively protected the identifying Filter Agent should not review the item, except as necessary to make the initial determination, and should identify the item as presumptively protected. Presumptively protected materials must be electronically flagged so that they are hidden from and inaccessible to investigative agents and members of the prosecution team. The identifying Filter Agent will notify the Filter AUSA that the above procedures have been followed and arrange for the Filter AUSA's later review consistent with these instructions, specifically and solely as necessary to confirm that the materials are presumptively protected.

b. If an item appears to contain protected material but the identifying Filter Agent is not certain, the Filter Agent should electronically flag it as potentially protected and notify the Filter AUSA in the manner described in paragraph 9(c) below.

c. If an item does not contain any protected material, the identifying Filter Agent should identify the item as non-protected. Those items must also be forwarded to the Filter AUSA for review and separately designated as containing non-protected material.

d. The Filter Agent must maintain a log of all potentially protected material identified, indicating the material by type, date, sender and

18

recipient (if applicable), and the location of and digital device on which the item was located, (i.e. cellular phone, email account, etc.).

### D.    Review by the Filter AUSA

9.    The Filter AUSA will receive all documents, tangible items, and digital or electronic data forwarded by the identifying Filter Agent.

a.    If information has been identified as presumptively protected by the Filter Agent, the Filter AUSA will not review those items, except as necessary to confirm they are presumptively protected.  After taking any necessary steps to confirm that such items are presumptively protected, the Filter AUSA, working with filter support staff, shall maintain any information found to be protected in a digital medium that is not accessible to anyone outside the Filter Team and return them to the privilege holder or counsel for the privilege holder as soon as reasonably practical.

b.    If any contents of a digital device have been identified as presumptively protected by the identifying Filter Agent, the Filter AUSA will not review those items, except as necessary to confirm that they are presumptively protected and to arrange with reasonable promptness to make the material available for inspection by the privilege holder or counsel for the privilege holder.

19

c.      If documents, items or information have been identified as
potentially protected by the filter agent, the Filter AUSA will review that
information further to determine if the material is protected.

d.      If the Filter AUSA determines that a document or item
designated as potentially protected is in fact protected and not subject to disclosure,
the Filter AUSA will place the document or item in a medium not accessible to
anyone outside the Filter Team and return it to the privilege holder or privilege
holder's counsel as soon as reasonably practical.

e.      If the Filter AUSA determines that the contents of any digital
device designated as potentially protected is in fact protected and not subject to
disclosure, he/she should arrange for review of the material by the privilege holder
or by counsel for the privilege holder with reasonable promptness in the manner
and in the time frame described in paragraph 9 (a) above.

f.      If the Filter AUSA determines that a tangible document or item
from a digital device designated as potentially protected is not protected, the Filter
AUSA may designate the document or item as not protected. If the Filter AUSA is
uncertain the item is protected, the Filter AUSA will confer with counsel for the
privilege holder and if no agreement can be reached submit the material under seal
to the court for a final determination as to whether the material is protected.

20

g.    If the Filter AUSA believes that potentially protected material is not protected due to waiver or other exception to the privilege, the Filter AUSA will confer with counsel for the privilege holder and if no agreement can be reached, submit the material under seal to the court for a final determination.  The Filter AUSA will not forward any potentially protected material to investigative agents or prosecutors without either agreement of counsel for the privilege holder or the court's prior approval.

h.    If items or information have been identified as not protected by the identifying Filter Agent, the Filter AUSA will review those items using search terms and other reasonable due diligence to confirm this designation.

i.    The Filter AUSA will maintain a log of all potentially protected documents and items received from the Filter Agent.  The log will identify the material received by type, date, sender and recipient (if applicable), and subject matter.  The Filter AUSA will furnish to the privilege holder a list of potentially protected material submitted to the court for review with reasonable promptness in the manner and in the timeframe described in paragraph 10(a) above.

j.    The Filter AUSA may forward or direct the Filter Agents to forward items or documents to investigating agents and prosecutors only after one of the following conditions is met, consistent with these instructions:  (a) they have been designated by the Filter AUSA in writing as non-protected by the filter review

21

process, (b) after conferral with and the agreement of counsel for the privilege-holder, or (c) pursuant to a court order.

10.    After the Filter Team's review is complete, the Filter Agent will make non-protected items available to investigative agents and prosecutors. A copy of the electronic media preserving the electronic flags and steps taken to render the protected material hidden from and inaccessible to investigative agents and the prosecution team will be preserved consistent with forensic standards. The Filter Agent will prepare a report documenting steps taken during the review process and provide it to the Filter AUSA.  This report will also be provided to the investigative agents and prosecutors assigned to this case.

11.    If, despite the procedures outlined in these instructions, an investigative agent or prosecutor finds in the items provided by the Filter Agents or Filter AUSA any tangible, documentary, or electronic data that appears to contain protected or potentially protected information, they will not examine it further and will immediately notify the Filter Agents, one of whom will take custody of the material in question, notify the Filter AUSA.  The Filter AUSA will then notify the privilege holder of such an occurrence.

22

### E.   Rule of Caution Regarding Potential Privilege Claims

12.   In reviewing items pursuant to these instructions, the Filter Agents and Filter AUSA should err on the side of caution and treat any questionable items as potentially protected.  In addition:

♦   Unless otherwise advised by the Filter AUSA, the Filter Agents should treat as presumptively protected any letter, text, e-mail, memorandum, or other document containing a communication between any subject/defendant or one of his/her attorneys, staff members or agents, on the one hand; and one of his/her attorneys, staff members or agents, on the other hand.

♦   Filter team members should know and refer to any lists of attorneys and/or law firms known or believed to have represented the identified defendants, attached to these instructions or later provided by an attorney for a defendant.

♦   Filter team members should treat as presumptively protected all materials prepared by attorneys, their staff or an agent of the attorney during the course of or in preparation for litigation in either a criminal investigation into the defendants or any civil litigation in which Mr. Tew or Mrs. Tew was involved.

### F.   The Attorney-Client Privilege

13.   Filter team members should also be familiar with the legal elements of the attorney-client privilege and the attorney work product doctrine.  While these instructions take an expansive view of what constitutes protected material, particular care should be given to material that falls within the attorney-client privilege and work product doctrines, set forth below.  If the Filter Agents have any

23

legal questions about may or may not qualify as presumptively or potentially protected, they should consult with the Filter AUSA.

14.     The attorney-client privilege applies to "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quoting *In re Grand Jury Subpoena Duces Tecum Issued on June 9, 1982,* 697 F.2d 277, 278 (10th Cir.1983) (internal quotation marks and citation omitted)).  "A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed." *United States v. Merida*, 828 F.3d 1203, 1209 (10th Cir. 2016) (quoting *Foster v. Hill (In re Foster*), 188 F.3d 1259, 1264 (10th Cir. 1999)).

15.     In the case of corporate counsel, "[a]ny privilege resulting from communications between corporate officers and corporate attorneys concerning matters within the scope of the corporation's affairs and the officer's duties *belongs to the corporation and not to the officer*." *Id.* at 1210, (quoting *Intervenor v. United States (In re Grand Jury Subpoenas*), 144 F.3d 653, 658 (10th Cir. 1998) (emphasis added)).  If corporate officers want to extend the attorney-client privilege to communications they had with corporate counsel *in their individual capacities*, they must satisfy the following five elements:

24

First, they must show they approached counsel for the purpose of seeking
legal advice.  Second, they must demonstrate that when they approached
counsel they made it clear that they were seeking legal advice in their
individual rather than in their representative capacities.  Third, they must
demonstrate that the counsel saw fit to communicate with them in their
individual capacities, knowing that a possible conflict could arise.  Fourth,
they must prove that their conversations with counsel were confidential.
And, fifth, they must show that the substance of their conversations with
counsel did not concern matters within the company or the general affairs of
the company.

*Id.* (citing *Intervenor* at 659 (quoting *In re Bevill, Bresler & Schulman Asset

Management Corp.*, 805 F.2d 120, 123 (3d Cir. 1986)).

16.     "[T]he mere fact that an attorney was involved in a communication

does not automatically render the communication subject to the attorney-client

privilege."  *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010)

(quoting *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir. 1995)).

Instead, the attorney-client privilege is "narrowly construed" such that a privileged

"communication between a lawyer and client must relate to legal advice or strategy

*sought by the client*" where "the 'client' is the actual recipient of the services."

*Merida* at 1209 (quoting *United States v. Johnston*, 146 F.3d 785, 794 (10th

Cir.1998) (emphasis added)); *see also In re Grand Jury Proceedings* at 1182 (quoting

*Johnston*)).

17.     **Attorney-client privilege** will be "lost if the client discloses the

substance of an otherwise privileged communication to a third party."  *United*

25

*States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) (citing *In re Qwest Commc'n Int'l.*

*Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006) (quotation omitted)).

### G.    The Attorney Work Product Doctrine

18.    The work product doctrine, codified in Federal Rule of Civil Procedure

26(b)(3), protects from discovery "documents and tangible things . . . prepared by a

party or his representative in anticipation of litigation." *In re Qwest* at 1186

(quoting Fed. R. Civ. P. 26(b)(3)). The work product doctrine is narrower than the

attorney-client privilege, and is more akin to a limited or qualified privilege.

Documents protected as work product may still be discoverable, but only upon a

showing of substantial need for the materials and undue hardship in obtaining their

substantial equivalent by other means.  *Id.*

19.    The work product doctrine "extends to the production of material

assembled by an attorney in preparation for impending litigation."  *Ary*, 518 F.3d at

783 (citing *Thompson v. United States (In re September 1975 Grand Jury Term,* 532

F.2d 734, 738 (10th Cir.1976) (quotation omitted)).  "The protection also applies to

materials prepared by an attorney's agent, if that agent acts at the attorney's

direction in creating the documents."  *Id.* at 783 (citing *United States v. Nobles*, 422

U.S. 225, 238-39 (1975)).

20.    The work product doctrine does not apply to documents that appear to

have been prepared in the regular course of business, and the party claiming this

protection bears the burden of demonstrating that each document was in fact
prepared in anticipation of litigation. *In re Grand Jury Proceedings*, 156 F.3d 1038,
1042 (10th Cir. 1998). In sum, "[t]he party asserting work product privilege has the
burden of showing the applicability of the doctrine." *Id.* (citing *Barclaysamerican
Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir. 1984)).

21. The mental impressions or opinions of any of the defendants' lawyers
are particularly important in reviewing potentially protected work product. In fact,
even where work product may otherwise be discoverable, Rule 26(b)(3) requires the
court to "protect against disclosure of the mental impressions, conclusions, opinions,
or legal theories of an attorney or other representative of a party concerning the
litigation." Thus, any document or file which contains the thoughts or opinions of
an attorney about actual or anticipated criminal or civil litigation must be protected
from disclosure to investigating agents and prosecutors.

### H.   Consultation With Investigative Agents or Prosecutors

During the review process, the Filter Agent or Filter AUSA may consult with
the investigative agents or prosecutors concerning the facts of the investigation, the
legal elements of the attorney-client privilege or work product doctrine, the scope of
the warrants, the appropriateness of the seizure of any document, file, or item, or
any other factual or legal question. However, no member of the filter team should
disclose the substance of any presumptively or potentially protected item to any

27

investigative agent or prosecutor unless the item is finally determined not to be
protected, consistent with these instructions, and may otherwise be disclosed to the
investigative agents or prosecutor.

28

# APPENDIX I

**LIST OF ATTORNEYS AND LAW FIRMS KNOWN OR SUSPECTED TO BE
ASSOCIATED WITH SUBJECTS/DEFENDANTS/PRIVILEGE HOLDERS**

1. **Attorneys for Defendant #1 Michael Tew**

    **A. Attorneys previously identified by prior counsel for Mr. Tew**

    This list of attorneys and contact information were provided by Eric
Creizman and Melissa Madrigal, prior counsel for Mr. Tew.  We received no
additional supplementation from subsequent counsel Ed Harris and later, Tom
Ward and Tor Ekeland:

| | |
|---|---|
| NAME: | Eric Creizman |
| FIRM: | Armstrong Teasdale LLP |
| PHONE: | 917.494.5881 |
| EMAILS: | ecreizman@atllp.com |
| | ecreiz@icloud.com |

| | |
|---|---|
| NAME: | Melissa Madrigal |
| FIRM: | Armstrong Teasdale LLP |
| PHONE: | 786.543.1877 |
| EMAIL: | mmadrigal@atllp.com |

| | |
|---|---|
| NAME: | Michael Sheehan |
| FIRM: | Sheehan Law Denver |
| PHONE: | 719.660.7366 |
| EMAIL: | michael.sheehan.esq@gmail.com |

| | |
|---|---|
| NAME: | Nichole Galvin |
| FIRM: | Galvin Law |
| PHONE: | 410.336.0166 |
| EMAIL: | ngalvin@galvinlawllc.com |

| | |
|---|---|
| NAME: | Terrell Smith |
| FIRM: | Michael Best & Friedrich LLP |
| PHONE: | 801.231.2716 |
| EMAIL: | twsmith@michaelbest.com |

| | |
|---|---|
| NAME: | David Kaplan |
| FIRM: | Haddon, Morgan, and Foreman P.C. |
| PHONE: | 303.489.9686 |
| EMAIL: | dkaplan@hmflaw.com |

i

NAME:         Kathryn Stimson
FIRM:         Stimson Stancil LaBranche Hubbard, LLC
PHONE:      Unknown
EMAIL:       stimson@sslhlaw.com

In connection with the consent privilege segregation process negotiated by the prosecution team and confirmed with prior counsel for Mr. Tew, the prosecution team provided the following additional parameters to the relevant forensic analysts who are assisting with the application of the filters: (1) inclusion of common nicknames of "Mike Sheehan for Michael Sheehan, "Dave Kaplan" for David Kaplan, and "Kate Stimson" for Kathryn Stimson; (2) separate searches for each of the law firms identified, each of the phone numbers listed above, and each of the email addresses listed above; (3) removing the LLP/P.C./LLC in searches for firm names; (4) no additional searches.

## B. Additional Attorneys Identified During Proceedings

Since the time this list was developed with Mr. Creizman and Ms. Madrigal, prior lawyers for Mr. Tew, Mr. Tew has been represented by the following additional attorneys:

NAME:         Edward Harris
FIRM:         Office of the Federal Public Defender
ADDRESS:  633 17th Street, Suite 1000
                Denver, CO 80202
PHONES:   303.294.7002
                303.748.2484
EMAIL:       Edward_Harris@fd.org

NAME:         Thomas Ward
FIRM:         McDermott Stuart & Ward LLP
ADDRESS:  140 East 19th Avenue
                Suite 300
                Denver, CO 80203
PHONES:   303-832-8888
                303-863-8888 (fax)
                720-280-7506 (mobile
EMAIL:       tward@mswdenver.com

As noted in this memorandum, the defendant Michael Tew was represented by Tor Ekeland, Michael Hassard, and Xuan Zhou between February 25, 2021 and February 25, 2022. There is no evidence of any attorney-client relationship in the

ii

period before the items that are being reviewed were seized.  He is currently
represented by attorney Peter Bornstein.

2.      **Attorneys for Defendant #2 Kimberley Tew**

The prosecution team is not aware of what attorney-client relationships, if
any, Mrs. Tew had *prior to* July 8, 2020.[5]  Based on the correspondence described
above in the Introduction, we add the following potential attorney-client
relationships out of an abundance of caution:

>       NAME:       Eric Creizman
>       FIRM:       Armstrong Teasdale LLP
>       PHONE:      917.494.5881
>       EMAILS:     ecreizman@atllp.com
>                   ecreiz@icloud.com
>
>       NAME:       Melissa Madrigal
>       FIRM:       Armstrong Teasdale LLP
>       PHONE:      786.543.1877
>       EMAIL:      mmadrigal@atllp.com
>
>       NAME:       Lauren Tew

Lauren Tew is defendant Kimberley Tew's sister.  Based on a Google search,
it appears she is a lawyer.  The prosecution team does not have enough information
to determine whether communications with Lauren Tew were personal or made for
the purpose of obtaining legal advice as part of an attorney-client relationship.
However, out of an abundance of caution, the filter team should identity further
contact information for Lauren Tew and use keyword searches to mark
communications with her as presumptively or potentially protected.

>       NAME:       Unknown ("Lawyer 3")
>       PHONE:      (949) 204-7468

As explained in the July 7, 2021 Letter from Government to Counsel for Mr.
Tew and Mrs. Tew regarding further filtering of search warrant return for
kley@me.com, one of the agents conducting the prior review noted the existence of a

---

[5] As noted in the correspondence referenced in the Introduction, the
prosecution team requested that forensic analysts identify and remove from the
search warrant return for kley@me.com items that were (1) dated July 8, 2020 or
after; or (2) undated.  Any additional filtering that the filter team deems
appropriate consistent with this memorandum for the search warrant return for
kley@me.com will be performed against the already filtered materials.

contact named "Lawyer 3" but did not review anything of substance. The Filter team should further identify Lawyer 3 and use keyword searches to mark communications with this lawyer as presumptively or potentially protected.

| | |
|---|---|
| NAME: | Jamie Hubbard |
| FIRM: | Stimson Stancil LaBranche Hubbard |
| ADDRESS: | 1652 N Downing Street |
| | Denver, CO, 80218 |
| PHONES: | 720.689.8909 |
| | 720.985.5184 |
| EMAIL: | hubbard@sslhlaw.com |

The prior AUSAs on the matter reported that they became aware that Mrs. Tew retained Jamie Hubbard, a lawyer in Denver, more than a month after Mr. Tew's arrest. In an abundance of caution given that all materials dated on or after July 8, 2020 or are undated have summarily been filtered out of the search warrant return for kley@me.com, Ms. Hubbard is nevertheless included here.

As noted in this memorandum, the defendant Kimberley Tew was represented by Tor Ekeland, Michael Hassard, and Xuan Zhou between February 25, 2021 and February 25, 2022. There is no evidence of any attorney-client relationship in the period before the items that are being reviewed were seized. She is currently represented by attorney Peter Bornstein.

## LIST OF PROSECUTORS AND AGENTS ASSIGNED TO INVESTIGATE AND PROSECUTE THIS CASE – THE PROSECUTION TEAM

**United States Attorney's Office**
Bryan Fields, AUSA
Karl Schock, AUSA
Martha Paluch, AUSA
JD Rowell, Chief, Criminal Division
Matthew T. Kirsch, Acting U.S. Attorney
Danielle Storinsky, Contract Legal Assistant
Portia Peter, Contract Legal Assistant
Veronica Ortiz, Legal Administrative Specialist
Michael Price, Legal Administrative Specialist
Margaret M. Bowdouris, Supervisory Legal Administrative Specialist

**Federal Bureau of Investigation**
Sarah Anderson, Special Agent
John Maglosky, Special Agent
Matthew Morgan, Financial Analyst
Dana McMahon, Financial Analyst

iv

**<u>IRS-Criminal Investigation</u>**
Lisa Palmer, Special Agent
Melinda Wilgus, Special Agent
Ben Hopping, Special Agent
Tony Romero, Special Agent

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Lisa Palmer, Special Agent with Internal Revenue Service-Criminal Investigation (IRS-CI), Denver Field Office, being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge and belief:

1.      I am a Special Agent with the Department of Treasury, Internal Revenue Service-Criminal Investigation (IRS-CI) since 2017 with primary investigative responsibilities involving criminal matters such as tax evasion and money laundering. I have participated in several fraud investigations including investigations involving bank fraud, healthcare fraud, and money laundering. Prior to my employment with the IRS, I spent approximately two years with Charles Schwab first as an IT Audit Senior Specialist and then as an IT Audit Manager. Prior to working for Charles Schwab I worked for three years with Ernst and Young in the IT Risk Assurance practice. I have a Master of Accounting degree from the University of New Mexico.

2.      This affidavit is being submitted in support of a criminal complaint charging the following defendant with the following offense:

> a.   Michael Aaron Tew with a violation of Title 18, United States Code Section 1956(h) [Conspiracy to Commit Money Laundering].

3.      Due to the limited purpose of this affidavit, I have not included each and every fact known concerning this investigation, although to the best of my information, knowledge, and belief, I have not omitted any material fact that undermines the statements and conclusions herein.  I have set forth only the facts I believe are necessary to establish probable cause to show that TEW committed the offense described herein.

### Summary of the Investigation

4.      The Federal Bureau of Investigation (FBI) and Internal Revenue Service – Criminal

1

Investigation (IRS-CI) and other law enforcement agencies have been investigating Tew and others for fraud and money laundering activities, to include money laundering through the use of various forms of cryptocurrency. Based on my training and experience, cryptocurrency such as Bitcoin are often used to launder proceeds of specified unlawful activities like fraud.

5.      The investigation has revealed that TEW has conspired with others known and unknown to knowingly engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, specifically wire fraud, and to knowingly conduct or attempt to conduct a financial transaction designed to conceal or disguise the nature, location, source, ownership or control of proceeds of the wire fraud.

<u>Background and Probable Cause</u>

6.      During some portion of time between 2015 and September 2018, MICHAEL AARON TEW (TEW) served as a contracted chief financial officer (CFO) for a Florida company named National Air Cargo (NAC). He was a contractor for NAC rather than an employee. Between at least 2015 and present, he has resided in Colorado with his wife Kimberly Tew (nee Ventanen) (K. TEW). During the time TEW served as the contracted CFO for NAC, TEW was not paid directly by NAC for his services. Rather, he billed NAC and was paid by NAC through a single-member LLC, of which he was the only member. The name of that entity was Sand Hill LLC ("Sand Hill") and it was established by TEW in or around July 2012.

7.      In or around September 15, 2018, NAC fired TEW for, *inter alia*, unauthorized use of a corporate credit card. The unauthorized use began in or around June 2018.

8.      Between no later than August 2018 and present, TEW conspired with others known and unknown to engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that derived from a scheme to defraud NAC via wire and to

2

knowingly conduct or attempt to conduct a financial transaction designed conceal or disguise the nature, location, source, ownership or control of proceeds of the wire fraud.

9.      After Tew's termination and beginning in or around December 2018 through July 2020, three companies named Global Fuel Logistics (GFL), Aero Maintenance Resources (AMR), and Political Media (PM) tendered invoices to and received payments from NAC in the amount of more than $4 million in the aggregate.  Invoices from these companies referenced purported services such as "[b]usiness [c]onsulting," "fuel modification inspection & research," and "[m]aintenance."  The payments to these three entities were executed through wires or Automated Clearinghouse (ACH) transactions.  Many of the wires and ACH payments from NAC, located at a minimum in Florida and New York, were made into accounts owned and controlled by TEW and, sometimes also by his wife K. TEW, who both reside in Colorado. Some of the accounts were business accounts belonging to Global Fuel Logistics or GFL, but other accounts were personal accounts belonging to TEW or his wife.  The wires and ACH transactions involve interstate commerce between NAC and TEW and K. TEW.

10.     The invoices from GFL, AMR and PM were fraudulent because they were for goods and services NAC never received.  TEW submitted or caused to be submitted these fraudulent invoices. Moreover, according to NAC, GFL, AMR and PM were not properly approved vendors for NAC. On July 1, 2020, NAC's co-owner Christopher Alf advised that he was unaware of the fact of payments being directed to accounts either directly owned by TEW and K. TEW, or indirectly controlled by them.  That same day, Alf also stated that he was unaware at the time the payments were being made about the total amount of payments to these entities.  The first payment to one of these three entities was made in or around December 2018 and the most recent payment was made by NAC on or around June 30, 2020.  These are the payments to GFL, AMR, and PM known at

3

this time.  There are additional fraudulent payments to other entities for the benefit of TEW and/or his wife beyond the three entities identified above as well as additional payments to the three entities listed.

11.     On July 1, 2020, the co-owner of NAC, Christopher Alf, and the Director of Accounting, Abby Schwartz, also both advised that TEW's contractor agreement was terminated by NAC in or around September 2018 after Schwartz, with the input and assistance of others, determined that charges made by TEW on a corporate American Express card were fraudulent.  The charges reflected the unauthorized purchase of gift cards by TEW and K. TEW, and served no legitimate business purpose for NAC.  Alf and Schwartz further advised that, since TEW's September 15, 2018 termination, NAC has had no further legitimate business dealings or contracts with TEW or K. TEW.

12.     I interviewed Jonathan Yiolous, NAC's now former Director of Finance and Controller, on July 7 and 8, 2020.  Based on the investigation to date, this fraud began while TEW was still employed at NAC.  In approximately summer 2018, TEW requested that then-Director of Finance for NAC, Yioulos, pay an invoice for a company named 5530 Jessamine Development LLC ("Jessamine").  Mr. Yioulos processed that payment, later learning from TEW that the payment was fraudulent as Jessamine had not provided services to NAC, or at least not in the amount claimed.

13.     According to Mr. Yioulos, TEW, and at times his wife as well, used the fact that he had previously paid a fraudulent invoice to Jessamine as leverage for him to continue to process fraudulent invoices, even after TEW's employment at NAC was terminated.  Mr. Yioulos stated that TEW and his wife threatened to alert NAC about Mr. Yioulos's prior payment of fraudulent invoices and that such disclosure could threaten Mr. Yioulos's continued employment.  At one point in time, K. TEW contacted Mr. Yioulos's now ex-wife electronically which Mr. Yioulos

understood as a threat so that he would continue to pay the fraudulent invoices. Mr. Yioulos also stated that while he exchanged various cryptocurrency with TEW and/or K. TEW at various points during this scheme, he only retained a few Bitcoin for his own personal benefit. Similarly, Mr. Yioulos stated that TEW and/or his wife K. TEW offered him season tickets to the Buffalo Bills for his assistance with the execution of this fraud, but he declined as he already had season tickets.

14.      It was part of the conspiracy that different maneuvers would be undertaken to evade detection of the payment of the fraudulent invoices by NAC. TEW took steps or caused steps to be taken to make it difficult to ascertain that payments being tendered to GFL, AMR, and/or PM were going to him, either directly or indirectly for his benefit. For TEW's benefit, Mr. Yioulos also took multiple steps in the processing and approval of the payments to evade detection by anyone at NAC.

15.      Yioulos and TEW, who was sometimes accompanied by his wife, communicated about the fraud by phone call and text message. Mr. Yioulos stated that TEW used the phone numbers 917-685-1312 and 917-669-7473 interchangeably to communicate with him from at least June 2018 to present. According to Mr. Yioulos, TEW discussed with him how to execute the fraud, to include the amount reflected on the invoices and the timing of subsequent payments. Mr. Yioulos stated that early to mid-2019, he communicated to TEW that one of the company's names in which fraudulent invoices were tendered, "Political Media," may arouse detection at NAC because the name of that company did not clearly align with the work of NAC, which, *inter alia*, provides freight forwarding solutions through charter and airlift operations, often to the United States Department of Defense. Subsequent to that conversation, TEW began submitting fraudulent invoices in the names of GFL (Global Fuel Logistics) and AMR (Aero Maintenance Resources).

16.      At some point after 2016, Mr. Yioulos assumed the role of Controller but maintained his

responsibilities as the Director of Finance.  He was TEW's point of contact at NAC between late 2018 and present.  He was terminated by NAC on July 7, 2020.

17.     Based on our investigation to date, it was part of the conspiracy that TEW and his wife K. TEW maintained a complex and ever-revolving network of bank accounts into which the NAC funds were deposited.  These proceeds were largely deposited into accounts that TEW jointly controlled or otherwise had access to.  Once the NAC funds were deposited, in order to launder those proceeds from the wire fraud, the NAC funds, in large part or in their entirety, were either quickly withdrawn in cash or otherwise wired or transferred to other accounts and often, ultimately, into various cryptocurrency exchanges.  These amounts were often in excess of $10,000, and on occasion approached amounts like $100,000.  TEW transferred the victim proceeds or caused those proceeds to be transferred or withdrawn.  Many of the cash amounts withdrawn, often with multiple cash withdrawals a day by TEW and separately by K. TEW, were then deposited into Bitcoin ATMs like those operated by Digital Vending Solutions d/b/a XBTeller.  Often in an attempt to evade detection, TEW made or caused to be made multiple withdrawals and deposits into Bitcoin ATMs in one day in lower dollar amounts.

18.     An August/September 2019 transaction provides an example of how this conspiracy operated.  On August 29, 2019, the email account accounting@globalfuel.co sent an email containing three invoices to Jonathan Yioulos's email address at National Air Cargo, jyioulos@nationalaircargo.com. One of these three invoices, Invoice 1023, was also dated August 29, 2019, and demanded $90,000.00 for the purported service of "Trailing Edge Flap Maintenance Review." The invoice stated that a 50% deposit was due immediately. Mr. Yioulos advised that payment for this invoice was split into two $45,000 payments.  Based on his relationship with TEW, Mr. Yioulos, as he had done before, caused two ACH transfers to tender those two

6

payments. One ACH transfer for $45,000 was conducted on or around August 26, 2019, and the other transfer for $45,000 was conducted on or around September 3, 2019. Mr. Yioulos advised that it was not unusual to submit payment on an invoice even before the invoice was received as was the case with the first ACH transfer here on August 26, 2019. TEW communicated to Mr. Yioulos what routing and account numbers to direct those ACH transfers to. Based on that instruction, on September 3, 2019, Mr. Yioulos submitted or caused to be submitted an ACH payment of $45,000 from a Signature Bank account ending in 5545, a NAC account, via routing number ABA 256074974. Mr. Yioulos directed those $45,000 of proceeds as part of the wire fraud to a Navy Federal Credit Union (NFCU) account ending in 5336, and Mr. Yioulos provided the name Global Fuel Logistics as the recipient or destination for this ACH transfer. TEW was the sole owner of the NFCU account ending in 5336.

19.     The next day, on September 4, 2019, TEW transferred or caused to be transferred $45,000 from the NFCU checking account ending in 5336. Prior to the transfer of $45,000 initiated by Mr. Yioulos on September 3, 2019, the balance in the NFCU account ending in 5336 was no more than approximately $1236.42. The balance immediately after the transfer of $45,000 out of the NFCU account ending in 5336 was no more than approximately $1236.42. The $45,000 that was transferred out of the NFCU account ending in 5336 was routed to a different account at NFCU with number 7085338486, a joint checking account held by TEW and his wife K. TEW. Over the next two days, the funds were then split into various pieces with some being routed for example to Google Payments, others being routed to the Wynn Hotel, and withdrawal of $19,000 in cash over two separate transactions, $10,000 and $9,000, respectively.

20.     Mr. Yioulos was working and operating out of NAC's New York location, NAC was itself located in Florida and New York, while TEW and K. TEW were accessing their bank accounts in

508

Colorado. These wire and ACH transfers, and the instructions to effectuate the transfers, involved interstate commerce.

21. I know through training and experience that persons who seek to "clean" proceeds of illegal activity use digital currency, such as Bitcoin, to complete the transactions. The digital currency gives the vendor and customer a perceived sense of anonymity. However, before customers can use the proceeds, to, for example, make a purchase on an online marketplace, they must first convert their fiat currency, such as the American dollar, into a digital or cryptocurrency accepted on the online marketplace.

22. Based on my training and experience investigating crimes involving cryptocurrency and money laundering, an exchange of Bitcoin for fiat currency, in either direction, constitutes a financial transaction involving the movement of funds by wire or other means or otherwise affects interstate commerce because a fiat currency for Bitcoin exchange, in either direction, involves one or more monetary instruments.

23. I, Lisa Palmer, being duly sworn according to law, depose and say the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information, and belief.

_s/ Lisa Palmer_____
Lisa Palmer, IRS-CI Special Agent

Sworn before me by reliable electronic means this 8th day of July, 2020.

The Honorable Kristen L. Mix
United States Magistrate Judge
District of Colorado

**Affidavit reviewed and submitted by Assistant United States Attorney Hetal J. Doshi.**

| | |
|---|---|
| **From:** | Edward Harris |
| **To:** | Doshi, Hetal (USACO); Kirsch, Matthew (USACO) |
| **Subject:** | Tew Cooperation and the Phone |
| **Date:** | Friday, October 2, 2020 6:45:44 PM |

Following up on your 9/25 requests, I am pleased to inform you that we have made substantial progress towards cooperation ont hose matters of interest to you regarding the imaged phone.

First, concerning text messages on the imaged phone, upon my advice Mr. Tew has agreed that you may look at: (1) the text messages between him and JY; and (2) the text messages between him and Larry Ward.

Second, regarding that phone, Mr. Tew also authorizes you to review all pictures and recordings on the phone up to but not including the date of his arrest. Per your request, I will review for privileged materials the pictures and images from the arrest date forward and apprise you which of those you can review.

As for your third request, that Mr. Tew advise you of any messages/communications between him KT and his mother-in-law and any media/platforms reflecting such communications, I am still working to resolve that request. As you can imagine, that is a sensitive matter. Frankly, although I have an answer on it from my client, I am not clear what that answer is. I will further inquire and advise you as soon as I can be more definitive.

Finally, Mr. Tew does not want his wife or her attorney to learn of his accession to these matters. To the extent possible, please do not reveal his cooperation in this regard unless and until it becomes essential to do so.

Edward R. Harris

Assistant Federal Public Defender

633 17th Street, Suite 1000

Denver, CO 80202

303.294.7002



**U.S. DEPARTMENT OF JUSTICE**

**Matthew T. Kirsch**
*Acting United States Attorney*
*District of Colorado*

_____

*1801 California Street, Suite 1600    (303) 454-0100*
*Denver, Colorado 80202         FAX (303) 454-0403*

July 7, 2021

*Via electronic mail*

Tor Ekeland, Esq.
Michael Hassard, Esq.
Counsel for Michael Tew and Kimberley Tew
30 Wall Street
8th Floor
New York, New York 10005
tor@torekeland.com
michael@torekeland.com

**Re:    *United States v. Michael Aaron Tew, et al.*, Case No 20cr305-DDD
        Notification of Further Filtering of iCloud Search Warrant Return for
        kley@me.com**

Dear Mr. Ekeland,

As you know, a search warrant was executed on Kimberley Tew's iCloud account associated with
kley@me.com.  The full return, in its unfiltered capacity, was provided to you on or around April
6, 2021.

In the context of negotiating the protective order, we had a telephone conference with you and
your team on March 29, 2021 where we discussed, among other issues, the review of Ms. Tew's
iCloud account.  Specifically, we noted that we did not have a basis to believe that there was a
reasonable possibility that the materials in the iCloud search warrant return implicated an attorney-
client privilege held by Ms. Tew, but in an abundance of caution, we had asked that the materials
on the search warrant return be filtered outside the prosecution team so that items that were either
(1) not dated or (2) dated the day of Mr. Tew's arrest, July 8, 2020, or afterward were removed
from the materials accessible by the prosecution team.  We further asked you whether there were
any other attorney-client relationships that we should be aware of, and you did not note any other
such relationships during the call or after receipt of the iCloud return.

During the March 29th call, we also described how there were encrypted and unencrypted
components to the iCloud search warrant return, both of which were subject to the date filtering
and exclusion described above, but were processed separately (*i.e.*, the encrypted portion being
processed at the computer crimes lab in Washington D.C., and the unencrypted portion processed
by the FBI in Colorado).  We detailed how the prosecution team gained access to the unencrypted,
filtered iCloud return in mid-December 2020 to start a priority analysis prior to seeking indictment,

but had not accessed the unencrypted iCloud search warrant return from the time of indictment to the time of our call, March 29, 2021. We also noted that while the encrypted, filtered iCloud search warrant return materials had been shipped to us in Denver, the prosecution team had not reviewed it, which continues to be the case. We asked that if you had any concerns or issues with respect to our review of the iCloud search warrant return, to include on the issue of marital communications, you identify those issues within two weeks of that call, or by April 12, 2021, during which time we would not access the filtered iCloud search warrant returns. To date, we have not received any information from you about additional issues related to the iCloud search warrant return.

At the end of last week, per our instructions, IRS-Criminal Investigation Special Agent Lisa Palmer and FBI Special Agent Sarah Anderson resumed their initial review of the unencrypted iCloud search warrant return. During that review, Special Agent Palmer noted on Monday, July 5, that there were communications between Eric Creizman and Ms. Tew. Because Mr. Creizman was known to Special Agent Palmer as a lawyer retained by Mr. Tew, albeit after the pre-July 8, 2020 timeframe, she immediately ceased review of those communications. She also observed a contact for "Lawyer 3" and did not review any communications between "Lawyer 3" and Ms. Tew. She then closed the search warrant return. She then identified this issue promptly to the Assistant United States Attorneys on this case on Tuesday, July 6, and consistent with what she had already done on her own on Monday, July 5, has not reopened the iCloud search warrant return to afford us time to contact you to advise on the filtering process we intend to employ.

Later in the day on Tuesday, July 6, Special Agent Palmer recalled that on Monday, she had reviewed communications between a contact named "Lauren Tew" and Ms. Tew. In an abundance of caution, on Tuesday, July 6, she then looked up "Lauren Tew's" employment via an Internet search and noted that "Lauren Tew" is an attorney. That same day, Special Agent Palmer conveyed this information to the Assistant United States Attorneys, who have not seen the underlying communications between "Lauren Tew" and Ms. Tew and are not aware of the substance of the communications.

We have no reason to believe that Ms. Tew had an attorney-client relationship with "Lauren Tew" or that the communications were for the purpose of seeking legal advice. Furthermore, while we know that Mr. Creizman formed an attorney-client relationship with Mr. Tew at some point in late July 2020, we do not understand that he has ever had an attorney-client relationship with Ms. Tew, especially, as relevant to the filtered search warrant return available to the prosecution team, in the time period *prior to* Mr. Tew's arrest on July 8, 2020. We are aware only that Mr. Creizman may have at some point represented Mr. Tew, or Mr. Tew's prior employer or associated business, in another SEC matter. Finally, with respect to "Lawyer 3," we do not know who that attorney is, or whether an attorney-client relationship existed, but from the contact information, we know that "Lawyer 3" is associated with the phone number (949) 204-7468. We have not looked up this number to identify the owner, but can do so to add to the proposed search terms below.

Please advise in writing by 5 p.m. on July 15, 2021, as to whether Ms. Tew had an attorney-client relationship with "Lauren Tew" and/or Mr. Creizman, and if so, when that relationship was formed. At this time, we do not intend to seek to have the prosecution team review Ms. Tew's communications with "Lauren Tew," Eric Creizman, or "Lawyer 3," nor do we intend to use those

512

materials.  We make that decision without waiver of our right to argue that these materials are not, in fact, privileged.

<u>Search Terms and Further Filtering</u>
We intend to segregate and set aside materials that may pertain to "Lauren Tew," Eric Creizman, and "Lawyer 3" by having the following searches run by someone who is not on the prosecution team.  The specific communications or items that hit on these search terms will be segregated and removed from what is then available to the prosecution team.

To provide context for the list of search terms below, we provide you with the following information:

In the iCloud search warrant return, Eric Creizman is associated with the following contact information:
ecreiz@icloud.com
(917) 494-5881

In our interactions with Mr. Creizman as prior counsel for Mr. Tew, we have separately identified the following contact information:

Armstrong Teasdale LLP
**Eric M. Creizman** | Partner
919 Third Ave, 37th Floor, New York, NY 10022
MAIN PHONE: 212.209.4400
DIRECT: 212.209.4358 | FAX: 646.200.5022
MOBILE: 917.494.5881
ecreizman@atllp.com

We also note that in our interactions with Mr. Creizman, he worked with a co-counsel, Melissa Madrigal, whose contact information is also below.  In an abundance of caution, we will include her in the search terms.

Armstrong Teasdale LLP
**Melissa Madrigal** | Partner
919 Third Avenue, 37th Floor, New York, NY 10022
212.209.4456 (direct) | 786.543.1877 (cell)
mmadrigal@atllp.com

In the iCloud search warrant return, "Lawyer 3" is associated with this phone number:
(949) 204-7468

As noted above, we have not conducted an Internet search to see if we can identify the person associated with this number, but can do so if you would like.

We have instructed Special Agent Palmer not to reopen the iCloud search warrant return for the contact information associated with "Lauren Tew."

Based on the above, we have developed the following list of search terms:

"Eric Creizman"
ecreiz@icloud.com
(917) 494-5881
917.494.5881
ecreizman@atllp.com
212.209.4358
(212) 209-4358
646.200.5022
(646) 200-5022
"Armstrong Teasdale"
"919 Third Ave, 37th Floor"
"Melissa Madrigal"
786.543.1877
(786) 543-1877
212.209.4456
(212) 209-4456
mmadrigal@atllp.com
"Lawyer 3"
(949) 204-7468
949.204.7468
"Lauren Tew"

If you would like to supply a name, email address(es), any additional phone number(s), and/or firm name for "Lawyer 3," we can add that to our search. If you would like to supply email address(es), firm name, and/or telephone number(s) for "Lauren Tew," we can also add that to the search. If you intend to provide those additional terms, please do so in writing by or before 5 p.m. on July 15, 2021.

Please let us know if you wish to discuss further. Thank you.

Best Regards,

MATTHEW T. KIRSCH
Acting United States Attorney
District of Colorado

*s/ Hetal J. Doshi*
Hetal J. Doshi
Assistant United States Attorney

*s/ Andrea Surratt*
Andrea Surratt
Assistant United States Attorney



Tor Ekeland
Partner
(718) 737-7264
tor@torekeland.com

July 9th, 2021

*Via electronic mail*

Matthew T. Kirsch
Acting United States Attorney

Hetal J. Doshi
Andrea Surratt
Assistant United States Attorneys

United States Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202

> Re: *United States v. Michael Aaron Tew, Kimberley Ann Tew, and Jonathan K. Yioulos,* **Case No. 20-CR-305-DDD**
> **Potential Privilege Violations**

Dear Mr. Kirsch, Ms. Doshi, and Ms. Surratt,

We are in receipt of your July 7th letter requesting search terms for the filtration of iCloud data seized via sealed search warrant from Apple. Based on the information provided to us in this letter, we believe that failure to follow appropriate taint team protocols may have resulted in the government violating Mr. and Mrs. Tew's attorney-client and spousal privileges. Your correspondence indicates that government investigators may have accessed privileged material. We ask that you immediately cease your discovery review until these privilege questions are resolved.

Finally, your characterization of our discussions as agreements is inaccurate. Any agreement that the defense makes with the government will be in writing. We do not accept your imposition of arbitrary deadlines as to our clients' legal rights, and nothing that we have said or done is any kind of waiver. We have been clear about this from the beginning. We look forward to discussing this with you further on Thursday after the hearing.

Sincerely,

*s/ Tor Ekeland*          *s/ Michael Hassard*
Tor Ekeland          Michael Hassard



Tor Ekeland
Managing Partner
(718) 737-7264
tor@torekeland.com

**July 23, 2021**

**VIA EMAIL**

Matthew T. Kirsch
Acting United States Attorney
Matthew.Kirsch@usdoj.gov

Hetal J. Doshi
Assistant United States Attorney
Hetal.Doshi@usdoj.gov

Andrea L. Surratt
Assistant Unites States Attorney
Andrea.Surratt@usdoj.gov

District of Colorado
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403

**Re: *United States v. Tew et. al.*, 20-CR-00305-DDD - Privilege Violations**

Counsel:

As you are aware, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above referenced matter contains privileged communications. The Search Warrant and our review of the incomplete record and discovery raise significant questions as to whether you've tainted your prosecution by violating privileges and the Fourth Amendment's particularity clause. We believe a court appointed Special Master may be needed to resolve these issues and ask that you halt all review of Mrs. Tew's iCloud account until they are resolved.

It has been months since the government received the Search Warrant return from Apple, Inc. To date, no one from your taint team has contacted us as the Search Warrant requires:



If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g. the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

According to your July 7, 2021, letter "At the end of last week, per our instructions, IRS-Criminal Investigation Special Agent Lisa Palmer and FBI Special Agent Sarah Anderson <u>resumed</u> their initial review of the unencrypted iCloud search warrant return."(emphasis added) We ask that you provide to us all the dates members of your investigative team reviewed Mrs. Tew's iCloud Search Warrant return, and that you preserve all logs, records and communications regarding your access to the discovery in this case and any privilege protocols followed. We also request the names of everyone on your filter teams, any relation they have to the investigative team, and what, if any, written and oral protocols they are following.

A forthcoming Rule 16 letter will list this as well as other issues with the discovery.

We are available next week for a conference call to discuss these issues.

Sincerely,

Tor Ekeland



**U.S. DEPARTMENT OF JUSTICE**

**Matthew T. Kirsch**
*Acting United States Attorney*
*District of Colorado*

*1801 California Street, Suite 1600    (303) 454-0100*
*Denver, Colorado 80202        FAX (303) 454-0403*

July 29, 2021

*Via electronic mail*

Tor Ekeland, Esq.
Michael Hassard, Esq.
Counsel for Michael Tew and Kimberley Tew
30 Wall Street
8th Floor
New York, New York 10005
tor@torekeland.com
michael@torekeland.com

**Re:**    ***United States v. Michael Aaron Tew, et al.*, Case No 20cr305-DDD**
          **Second Letter Regarding Further Filtering of iCloud Search Warrant Return for**
          **kley@me.com**

Dear Mr. Ekeland,

We are responding to your letter dated July 23, 2021 (the "July 23 Letter") which responded to our letter dated July 7, 2021 (the "July 7 Letter"). The July 7 Letter, the July 23 Letter, and this letter all concern the search warrant return for Kimberley Tew's iCloud account associated with kley@me.com.

The July 23 Letter begins with the statement, "As you are aware, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above referenced matter contains privileged communications." This appears to assume that the filtered, unencrypted[1] return that the prosecution team had access to[2] contains privileged communications.

As we noted both during our March 29, 2021 teleconference (the "March 29 Teleconference") and in our July 7 Letter, when we received the search warrant return in or around late December 2020,

---

[1] As noted during our March 29, 2021 teleconference and in our July 7 Letter, there are two components to the search warrant return at issue here:  an encrypted portion and unencrypted portion.  Date filtering, as described in the July 7 Letter and in this letter, was applied to both portions, but the prosecution team has not yet accessed the encrypted date-filtered search warrant return.

[2] The prosecution team immediately ceased review of the date-filtered unencrypted search warrant return on July 5, 2021, and has not since accessed those materials.  *See* July 7 Letter.

we did not have a basis to believe that there was a reasonable possibility that the materials in the iCloud search warrant return implicated an attorney-client privilege held by Mrs. Tew. We nevertheless asked that the search warrant return – both the encrypted and unencrypted portions – be filtered outside the prosecution team to exclude all materials that either had no date or were dated the date of Mr. Tew's arrest, July 8, 2020, or later. As we also noted during the March 29 Teleconference, we started an initial review of the unencrypted, filtered search warrant return in the few weeks before indictment, and we did not encounter materials that appeared to be attorney-client communications. On that teleconference, we described the date exclusion and specifically asked whether you were aware of any other attorney-client relationships for Mrs. Tew. We noted that we had not resumed review of the filtered search warrant return since the time of indictment and offered to continue to hold off on further review for two weeks to give you an opportunity to raise any privilege issues with us or with the Court. You did not provide any other attorney names on that call, or in the time after that call after your receipt of the unfiltered search warrant returns for both the encrypted and unencrypted portions of the return. More than three months after our March 29 Teleconference, our team resumed review. In that review, when a member of the prosecution team identified communications with persons that either were known to be or could be attorneys, review immediately ceased and we promptly notified you. *See* July 7 Letter.

In our July 7 Letter, we specifically asked you to confirm whether Mrs. Tew had an attorney-client relationship with (1) Eric Creizman; (2) Lauren Tew; and (3) "Lawyer 3." The fact that an individual communicates with a lawyer does not make any and all such communications subject to the attorney-client privilege. Indeed, while we have affirmatively offered to use search terms to exclude the prosecution team from access to communications with Mr. Creizman, Lauren Tew, and Lawyer 3, we are not obligated to categorically exclude all such communications from our review.[3] Instead, the government could opt to have these communications reviewed by a filter team and only exclude those communications that are, in fact, privileged.

Your quotation of the language in our search warrant application, *see* July 23 Letter at 2, in fact, supports the government's approach here. That language states:

> ***If* the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, *as needed,* is established.** The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter

---

[3] As noted in the July 7 Letter, the government's decision at this time to voluntarily exclude and not review communications between Mrs. Tew and Mr. Creizman, Lauren Tew, and "Lawyer 3" is made without waiver of its ability to argue that these materials are not, in fact, privileged.

> team believes that any of the communications to/from attorneys are
> not actually privileged (e.g., the communication includes a third
> party), and if the investigation is not covert, the filter team will first
> seek to obtain agreement from the appropriate defense counsel
> before providing these attorney communications to the investigative
> team.   If consulting with defense counsel is not possible or does not
> produce an agreement, the filter team will obtain a court order before
> providing these attorney communications to the investigative team.

(emphasis added).

Prior to July 5, 2021, the government had not identified seized communications to/from an
attorney.   Indeed, exactly as this language specifies, once we did identify such seized
communications to/from an attorney, we discontinued review and notified you.  *See* July 7 Letter.
Because we have decided at this time not to seek to use communications between Mrs. Tew and
Mr. Creitzman, Lauren Tew, and Lawyer 3, we opted for what we thought would be a more
efficient filter process—to use search terms, created with input from you, to simply exclude those
materials from our review—rather than have a separate filter agent and filter Assistant U.S.
Attorney review those communications.  In short, the process the government is proposing would
likely over-exclude items from the prosecution team's review (at least for now) by excluding *all*
communications between Mrs. Tew and Mr. Creizman, Lauren Tew, and "Lawyer 3," whether or
not those communications are, in fact, privileged.  The option to use a separate filter AUSA and
filter agent remains available if there is any reason to think that the more efficient process of using
search terms will not adequately protect any attorney-client privileges.  If you have such a reason,
we ask you to share it with us.

We renew our request that you state whether Mrs. Tew had an attorney-client relationship with
Mr. Creizman, Ms. Lauren Tew, and/or Lawyer 3.  We also continue to ask for your input on our
proposed search terms as outlined in the July 7 Letter.  Similarly, as we asked during our March
29 Teleconference, we continue to ask whether Mrs. Tew has attorney-client relationships with
other lawyers so that we may take additional steps, as needed, to filter out privileged
communications with those lawyers.

[continued on next page]

3

We are available for an additional teleconference early next week to discuss this issue.  Should we not be able to reach agreement on a path forward by or before close of business on August 5, 2021, we think that Court intervention may be the next step.

   Thank you.

        Best Regards,

        MATTHEW T. KIRSCH
        Acting United States Attorney
        District of Colorado

        *s/ Hetal J. Doshi*
        Hetal J. Doshi
        Assistant United States Attorney

        *s/ Andrea Surratt*
        Andrea Surratt
        Assistant United States Attorney



Tor Ekeland
Managing Partner

(718) 737-7264
tor@torekeland.com

**VIA EMAIL AND FEDEX**

Matthew T. Kirsch
Acting United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
matthew.kirsch@usdoj.gov

Hetal J. Doshi
Assistant United States Attorney
District of Colorado
hetal.doshi@usdoj.gov

Andrea L. Surratt
Assistant United States Attorney
District of Colorado
Andrea.Surratt@usdoj.gov

**Re:  *United States v. Tew et al.*, 20-CR-00305-DDD - iCloud Search Warrant Return**

Dear Mr. Kirsch,

      As you know, the unencrypted iCloud search warrant return for your search warrant dated September 22, 2020 (Bates No. 00000087, the "Search Warrant") in the above-referenced matter contains communications protected by the attorney-client privilege. You have not used an independent taint team to review the massive amount of material acquired through your warrant, much of which is beyond its scope. Our understanding is that your investigative team has had full access to the unfiltered Search Warrant return and has conducted its review without filtering for privilege, as you are required to do. This may have irreparably tainted this investigation by violating our clients' rights. Additionally, the scope of the Search Warrant is overbroad and reads like a general warrant. You appear to be on a fishing expedition. Worse, you have ignored the specific commands of the Search Warrant.

      The Search Warrant requires that a taint team or "filter team" be appointed if attorney-client privileged communications are in the search. That filter team must contact defense counsel. The independent filter team must be disconnected from any other aspect of the investigation to relieve it from any taint. It has been months since the government



received the Search Warrant return from Apple, Inc. To date, no one from an independent
filter team has contacted us. The Search Warrant is explicit about this requirement:

> If the government identifies seized communications to/from
> an attorney, the investigative team will discontinue review
> until a filter team of one or more government attorneys and
> other government personnel, as needed, is established. The
> filter team will have no previous or future involvement in the
> investigation of this matter. At no time will the filter team
> advise the investigative team of the substance of any of the
> communications to/from attorneys. The filter team then will
> provide all communications that do not involve an attorney
> to the investigative team, and the investigative team may
> resume its review. If the filter team believes that any of the
> communications to/from attorneys are not actually privileged
> (e.g., the communication includes a third party), and if the
> investigation is not covert, the filter team will first seek to
> obtain agreement from the appropriate defense counsel
> before providing these attorney communications to the
> investigative team. If consulting with defense counsel is not
> possible or does not produce an agreement, the filter team
> will obtain a court order before providing these attorney
> communications to the investigative team.[1]

You've stated that there was no basis to believe that the materials in the iCloud
search warrant return implicated the attorney-client privilege. But this was an obvious
possibility. The iCloud account kley@me.com is Mrs. Tew's primary communication tool
with her attorneys and the rest of the world. It contains detailed records of her personal life.
An iCloud account, including emails, instant messages, electronic files, location data,
internet activity, and all other information stored on iCloud, is the home of a person's
online identity. Apple requires an iCloud account for many of its services. Mrs. Tew was
on notice that the government was investigating her after you arrested her husband. It is
foreseeable, indeed highly likely, that she would consult an attorney and that attorney-
client privileged communications would exist in her iCloud account. And she did, multiple
times. Yet, your investigation included all her communications, including those she made
after she learned of the government's investigation. From the outset, there was a reasonable
possibility that the materials in the iCloud search warrant return would implicate an

---

[1]Search and Seizure Warrant, 20-SW-01115-SKC, (Sept. 22, 2020) Attachment "B", Pg. 7.



attorney-client privilege held by Mrs. Tew. Without an appropriate taint protocol in place, the risk continues if the taint is not yet irreparable.

There are considerable discrepancies between the Search Warrant's taint procedure and your review as you explained it to us in your July 7, 2021, letter.[2] Despite a reasonable possibility that privileged communications existed on the iCloud Return, the government's prosecution team began reviewing the unencrypted portion of the iCloud Return upon receipt. Even after encountering privileged communications, Special Agents Lisa Palmer and Sarah Anderson, the FBI Agents assigned to this case, resumed investigating the seized materials in July 2021.[3] This violates the Search Warrant's explicit order.

The government cannot shift the burden to the defense by simply asking for a targeted name list of potentially privileged communicators. Given the vast universe of an iCloud return, the defense cannot foresee every situation and provide a magic list of filter terms to eliminate the problem. The solution is an independent taint review team, something you have not done.

At this juncture, it seems to us a Special Master is necessary to review these issues. Before we move the Court for one, we are open to discussing this issue once more. Given that we haven't had substantial time to discuss the intricacies of the case and its problematic nature for you, I am willing to fly out to meet in Denver if a block of time can be carved out. I am also free to talk on the phone or meet via videoconference.

Nothing in this letter constitutes a waiver of any type, particularly with regard to the marital privileges held by Michael and Kimberley Tew.


Sincerely,

Tor Ekeland

---

[2] Letter from Matthew T. Kirsch, Acting United States Attorney, District of Colorado, to author (July 29, 2021) (on filed with author).
[3] *Id*. Pg. 2.



Tor Ekeland
Managing Partner

(718) 737-7264
tor@torekeland.com

**September 16, 2021**

**VIA EMAIL**

Hetal J. Doshi
Assistant United States Attorney
District of Colorado
1801 California Street, Suite 1600
Denver, Colorado 80202
Phone: (303) 454-0100
Fax: (303) 454-0403
Hetal.Doshi@usdoj.gov

Andrea L. Surratt
Assistant United States Attorney
District of Colorado
Andrea.Surratt@usdoj.gov

**Re:** *United States v. Tew et al.*, 20-CR-00305-DDD - Taint

Dear Mrs. Doshi,

We appreciate you taking the time to speak with us this Wednesday and look forward to meeting with you on October 12, 2021, to discuss the path forward. As we agreed, we will refrain from requesting a Special Master to review the taint issues and litigating the privilege issues until after this meeting assuming you halt your review of all the discovery returned under the search warrants in this matter. For two main reasons.

First, we agree with the Fourth Circuit Court of Appeals that your taint team procedures are unconstitutional because the judiciary cannot delegate privilege determinations to the Executive Branch.[1]

Second, even assuming the court ordered taint team protocols are constitutional you do not appear to have followed them.

Thus, it is our position that all the discovery seized under the search warrants is irreparably tainted. If you continue your review, we will seek relief from the Court. Feel free to reach out to us if you wish to discuss this before our October meeting.

_____

[1] *See In Re: Search Warrant Issued June 13, 2019*, 942 F. 3d 159 (CA4 2019).



      Nothing in this letter constitutes a waiver of any type, including Mr. and Mrs. Tew's marital privilege and any other rights they have under the Law.

      Sincerely,

      Tor Ekeland

| | |
|---|---|
| **From:** | Tor Ekeland |
| **To:** | Surratt, Andrea (USACO) |
| **Cc:** | Michael Hassard; Xuan (Emily) Zhou; Nicole Guitelman; Doshi, Hetal (USACO) |
| **Subject:** | [EXTERNAL] Re: U.S. v. Tew - Taint Letter & Travel Request |
| **Date:** | Monday, September 20, 2021 8:21:47 AM |

Andrea:

Acknowledging receipt of the below. I'm traveling the next couple of days so may be slow with any reply. I look forward to our meeting.

-Tor

Tor Ekeland
Tor Ekeland Law PLLC
30 Wall Street
8th Floor
New York, NY 10005
tor@torekeland.com
torekeland.com

(718) 737-7264

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.

**From:** "Surratt, Andrea (USACO)" <Andrea.Surratt@usdoj.gov>
**Date:** Friday, September 17, 2021 at 4:35 PM
**To:** Tor Ekeland <tor@torekeland.com>
**Cc:** Michael Hassard <Michael@torekeland.com>, "Xuan (Emily) Zhou" <Xuan@torekeland.com>, Nicole Guitelman <nicoleg@torekeland.com>, "Doshi, Hetal (USACO)" <Hetal.Doshi@usdoj.gov>
**Subject:** RE: U.S. v. Tew - Taint Letter & Travel Request

Tor,

We have received your letter. As discussed, we plan to see you in Denver on October 12, 2021, at 12:30 pm MT.

The letter mentions an agreement that you'll defer filing a motion regarding your view that any taint process is unconstitutional pursuant to Fourth Circuit precedent until after our October 12, 2021 meeting in exchange for our refraining from reviewing all search warrant materials. In an abundance of caution and to be clear, as we noted on our call on September 15, 2021, we have refrained from review of the filtered, unencrypted search warrant materials for the iCloud account associated with kley@me.com since July 6, 2021, as reflected in our July 7, 2021 letter to you (in addition to the prior period of approximately three months that we refrained from review as described in our prior correspondence). We have done so to try

to elicit your feedback on further searches and segregation of materials.

We disagree that the circumstances merit refraining from review on all search warrant returns (which is broader than the iCloud return for kley@me.com), but in the spirit of compromise and an effort to efficiently reach a workable path forward in our October 12, 2021 meeting, we will voluntarily, without concession or waiver, agree not to review search warrant returns for the following until we meet on October 12:

| Case Number | Target Number/Email |
|---|---|
| 20-sw-00773 | 917-685-1312 & 917-669-7473 |
| 20-sw-00896 | 3222 E 1st Ave, Apt 224, Denver |
| 20-sw-01115 | kley@me.com |
| 20-sw-01522 | chrisrncn@gmail.com |
| 20-sw-01532 | meyersconsultinggroupinc@gmail.com |
| 20-sw-01533 | political.media.wdc@gmail.com |

Thanks,
Andrea

**From:** Tor Ekeland <tor@torekeland.com>
**Sent:** Thursday, September 16, 2021 5:40 PM
**To:** Doshi, Hetal (USACO) <hdoshi@usa.doj.gov>; Surratt, Andrea (USACO) <asurratt@usa.doj.gov>
**Cc:** Michael Hassard <Michael@torekeland.com>; Xuan (Emily) Zhou <Xuan@torekeland.com>; Nicole Guitelman <nicoleg@torekeland.com>
**Subject:** [EXTERNAL] U.S. v. Tew - Taint Letter & Travel Request

Hetal and Andrea:

Thank you again for taking the time to talk to us yesterday. Attached is our letter regarding the taint issue.

Also, the Tews would like to travel with their two daughters to the beach in Los Angeles on September 23, 2021, with a return to the District of Colorado on September 27, 2021. They have spoken to their PO. Please let us know if you oppose our motion to the Court in this regard.

As always, feel free to contact us with any questions or concerns.

-Tor

Tor Ekeland
Tor Ekeland Law PLLC
30 Wall Street
8th Floor
New York, NY 10005
tor@torekeland.com
torekeland.com

(718) 737-7264

This account is checked once in the morning and once in the afternoon. If you need a response before that please call the office number listed above. This email is sent from a law firm and may contain privileged and confidential information. If you have received it in error, please let us know and then delete all copies of it.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

    1.  **MICHAEL AARON TEW** and
    2.  **KIMBERLEY ANN TEW**,
       a/ka Kimberley Vertanen,

    Defendants.

---

## GOVERNMENT'S MOTION TO DISCLOSE
## GRAND JURY MATERIAL TO DEFENDANTS

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Bryan David Fields, Assistant United States Attorney, respectfully moves the Court, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(I), for an order authorizing the Government to disclose Grand Jury testimony and exhibits to the Defendants and their attorneys, on the terms and conditions outlined below.

As grounds for this motion, the Government states as follows:

1.     Fed. R. Crim. P. 6(e), with various exceptions, prohibits the disclosure of "a matter occurring before the grand jury."

1

2. The Government wishes to provide to the defendants a transcript of testimony before the grand jury, which constitutes *Jencks* material for a witnesses likely to appear at trial in this matter. *See* 18 U.S.C. § 3500.

3. Fed. R. Crim. P. 6(e)(3)(E)(I) allows for Court-authorized disclosure of "a Grand Jury matter," when such disclosure is "preliminarily to or in connection with a judicial proceeding."

4. The pending case against the Defendant is a "judicial proceeding" and the requested disclosure is "in connection with" such proceeding. The Government wishes to provide this discovery, but can only do so with the Court's approval.

5. Because these proceedings (and the related Grand Jury material) remain secret, *see* Fed. R. Crim. P. 6(e), the Government moves that disclosure only be allowed for purposes of defending this case; that such disclosure only be made to the Defendants and the Defendants' attorney; that such Grand Jury material be maintained in the defense counsel's custody; that such materials shall not be reproduced or disseminated; and that such materials be returned to the United States at the end of this case.

2

WHEREFORE, the Government respectfully requests that the Court authorize the disclosure of Grand Jury material to the Defendants and their attorneys on the terms and conditions outlined above.

Respectfully submitted this 25th day of May, 2022.

COLE FINEGAN
United States Attorney
District of Colorado

By:   *s/ Bryan David Fields*
      BRYAN DAVID FIELDS
      Assistant United States Attorney
      1801 California Street, Suite 1600
      Denver, CO 80202
      Telephone 303-454-0100
      Facsimile 303-454-0402
      Bryan.Fields3@usdoj.gov

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan David Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government states that this motion will have no affect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of-justice continuance expires.

## CERTIFICATE OF SERVICE

I certify that on this 12th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

s/ *Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

   1. **MICHAEL AARON TEW** and
   2. **KIMBERLEY ANN TEW**,
      a/ka Kimberley Vertanen,

   Defendants.

---

## ORDER

---

THIS MATTER comes before the Court on the Government's Motion to Disclose Grand Jury Material, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(I).

HAVING REVIEWED the Motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same, and it is therefore

ORDERED that the Government's Motion is granted, and that Grand Jury material may be disclosed to the Defendants and the Defendants' attorneys.

IT IS FURTHER ORDERED that such materials shall only be used in defending this case; that such materials shall be disclosed only to the Defendant and counsel for the Defendant; that the Defendant's attorneys shall maintain

custody of such materials, and shall not reproduce or disseminate the same; and that such materials shall be returned to the United States at the end of the case.

DATED this _____ day of May, 2022.

BY THE COURT:

_____
HON. DANIEL D. DOMENICO
UNITED STATES DISTRICT JUDGE
DISTRICT OF COLORADO

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

     Defendants.

---

**UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE (DOC. 204)**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for leave to file a reply to the response filed by the Government to Defendant's Motion to Suppress Evidence from searches and seizures. As grounds in support of their motion, Defendants state as follows:

1.    Defendants filed an omnibus motion attacking the searches and seizures of their internet communications on May 12, 2022. (Doc. 200).

2.    The Government filed a response in opposition to the motion on May 19, 2022. (Doc. 204). The Government's response is 30-pages long and contains citations to more than a dozen cases which it argues in support of its position.

3.    The defense wants an opportunity to address the case law cited by the Government.

4.      The Government's response references a "filter memorandum" and attached exhibits; which procedure is not a legal way to circumvent the Fourth Amendment.

5.      The Government's response asserts the good faith exception to violations of the Fourth Amendment.

6.      The Government's response raises the need to address the false statements in the affidavits and a reckless disregard by the affiants which gives rise to holding a Franks v. Delaware hearing.

7.      The defense wishes to address these issues and other and additional issues arising from the response.

8.      Without such a response, the Court will not have a full and complete development of the facts and the law applicable to the issues for decision.

9.      To this end, the defense requests leave to file a reply.  The defense requests to file the reply 14 days after counsel returns from a vacation on June 2, 2022, and further requests leave to file a reply of 5,000 words.

10.     AUSA Bryan Fields does not object to granting this motion.

WHEREFORE, Defendants Michael A. Tew and Kimberley A. Tew respectfully request leave to file a reply to the Government's response in opposition to their motion to suppress evidence by no later than June 16, 2022, with a limit of no more than 5,000 words.

2

Respectfully submitted this 25th day of May 2022.

> *s/ Peter R. Bornstein*
> Peter R. Bornstein
> 6060 Greenwood Plaza Blvd., Suite 500
> Greenwood Village, CO 80111
> Telephone: 720-354-4440
> Facsimile: 720-287-5674
> E-mail: pbornstein@prblegal.com
> *Attorney for Defendants Michael Tew and Kimberley Tew*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

> *s/ Peter R. Bornstein*
> Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May 2022, I electronically filed the foregoing **UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS EVIDENCE (DOC. 204)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

> *s/ Jeannette Wolf*
> Jeannette Wolf, Paralegal

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
    Kimberley Vertanen,**

      Defendants.

---

### UNOPPOSED MOTION TO REQUIRE THE GOVERNMENT TO SUBMIT EXPERT WITNESS OPINIONS 120 DAYS BEFORE TRIAL

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order requiring the government to submit any expert witness opinions it wants to use at trial 120 days before the trial date. As grounds in support of their motion, Defendants state as follows:

1.    The District Court issued two discovery orders in this case: on February 5, 2021 as to Michael Tew, and February 10, 2021 as to Kimberley Tew.  (Docs. 91 and 97)

2.    The discovery orders say that "[w]ritten summaries of any testimony that the government intends to use under Rules 702, 703, or 705, Fed. R. Crim. P. 16(a)(1)(G) shall be provided on such schedule as the District Court shall determine upon motion by either party."

3.    In white collar crime cases involving charges of violation of the money laundering statutes the government often has one or more case agents who have an accounting degree or background to give expert opinion testimony.

4    The defense needs to learn of this expert opinion testimony sufficiently before trial so as to engage the services of a counter expert.  Whereas the case agents know the facts and evidence in the case from months or years of involvement, a defense

expert must be given enough time to analyze the evidence supporting or refuting the prosecution experts.

      5.    The defense believes that 120 days (four months) is reasonable given the fact that the prosecution has had over a year since the indictment was filed on February 3, 2021.

      6.    Undersigned counsel has conferred with AUSA Fields, who does not oppose the relief requested.

      WHEREFORE, Defendants request an order of Court requiring the government to submit any expert witness opinions it wants to use at trial 120 days before the trial date.

      Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael A. Tew and
Kimberley A. Tew*

## Certification of Type-Volume Limitation

      I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

      Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley A. Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **UNOPPOSED MOTION TO REQUIRE THE GOVERNMENT TO SUBMIT EXPERT WITNESS OPINIONS 120 DAYS BEFORE TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*_____
Jeannette Wolf, Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
**Kimberley Vertanen,**

Defendants.

---

### UNOPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for leave to file additional motions following further review of discovery. As grounds in support of their motion, Defendants state as follows:

1.      Defendants were given the date of June 13, 2022 as the date for filing pre-trial motions. (Doc. 198). Defendants have filed eight pre-trial motions as of this date.

2.      Defense counsel has been reviewing and analyzing the vast discovery in this case which the Court has noted consists of more than 230,000 documents and 300 gigabytes of electronically stored data.

3.      Defense counsel estimates that no more than 10% of the discovery has been reviewed and analyzed.

4.      Further review of the discovery is likely to reveal to defense counsel that additional motions are warranted in this case and are necessary to protect the Defendants' rights to a fair trial consistent with their rights to effective assistance of counsel pursuant to the Sixth Amendment's clause granting a right to counsel in this case.

5. In order to preserve these rights, the defense seeks leave of court to file additional motions should their need or applicability be determined by a further review of the discovery,

6. Undersigned counsel has conferred with AUSA Fields, who does not oppose the relief requested.

WHEREFORE, Defendants request an order of Court granting leave to file additional motions in this case.

Respectfully submitted this 13th day of June 2022.

_s/ Peter R. Bornstein_
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
_Attorney for Defendants Michael A. Tew and Kimberley A. Tew_

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

_s/ Peter R. Bornstein_
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley A. Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

_s/ Peter R. Bornstein_
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **UNOPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

     Defendants.

---

## MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order imposing the sanction of dismissal on the government for violating Defendants' attorney-client, marital, accountant-client, and doctor-patient/medical privileges. As grounds in support of their motion, Defendants state as follows:

1.    The United States Department of Justice, acting through the Federal Bureau of Investigation and the U.S. Attorney for the District of Colorado conducted the investigation and prosecution of this case. They are assisted by the United States Department of the Treasury acting through the Internal Revenue Service (the "Prosecution Team").

2.    In the preparation and conduct of this case, the Prosecution Team obtained communications from the Defendants' electronically stored records as described in a previously filed motion to suppress. (Doc. 200). The quantity of information obtained by the government is enormous and most of it has little or no connection to the alleged criminal conduct.

3.      Embedded in this large quantity of data are communications with lawyers, doctors, accountants, and marital spouses. These communications are currently possessed by the government and stored in its hard files and computers.

4.      Prior counsel for the Tews, Mr. Ekeland, raised the issue of the seizure of attorney-client communications in Kimberley Tew's iCloud account with government counsel.  He asserted that the materials seized by search warrants were tainted and the government should cease its review of that data.

5.      In response, the U.S. Attorney determined it would create a "taint team" or "filter team" of walled-off prosecutors and staff to find and remove attorney-client communications.  However, this "taint team" was not implemented until March of 2022, some fifteen months after the government obtained the stored communication data.

6.      Moreover, the privilege review was limited to attorney-client communications only. It does not include marital communications, medical communications, or accountant communications.

7.      Previous counsel objected to using prosecutors from the U.S. Attorney Office to make such a review and insisted on the use of a special master instead.  The defense cited to the prosecution the Fourth Circuit case of *United States v. Under Seal (In re Search Warrant Issued June 13, 2019),* 942 F.3d 159, 176 (4th Cir. 2019).  The Court of Appeals in that case held that the magistrate judge was wrong to authorize the prosecution's filter team protocol because the determination of a dispute about the attorney-client privilege or work-product doctrine is a judicial function, not an executive function.

8.      *In re Search Warrant* involved a criminal investigation of a law firm's partner and a client represented by the partner. The law firm challenged the government's use of a "Filter Team" created *ex parte* by a magistrate judge, comprised of federal agents and prosecutors — to inspect privileged attorney-client materials seized from the law firm during the execution of a search warrant issued by the magistrate judge. 942 F.3d at 164. Invoking the attorney-client privilege and the work-product doctrine, the law firm sought

2

and received an injunction prohibiting the government from reviewing the seized materials. The appellate court determined that:

> [U]se of the Filter Team is improper for several reasons, including that, inter alia, the Team's creation inappropriately assigned judicial functions to the executive branch, the Team was approved in ex parte proceedings prior to the search and seizures, and the use of the Team contravenes foundational principles that protect attorney-client relationships.

*Id*. at 164.

9.      While *In re Search Warrant* involved injunctive relief, the government here has already indicted Michael and Kimberly Tew based upon execution of the warrants that violated nearly every privilege known in the law.  One of the purposes of the exclusionary rule is  deterrence.  *See Elkins v. United State*s, 364 U.S. 206, 217 (1960) (purpose of exclusionary rule "is to deter -- to compel respect for the constitutional guaranty in the only effectively available way -- by removing the incentive to disregard it"); *see also United States v. Shrum*, 908 F.3d 1219, 1233 (10th Cir. 2018) (purpose of the exclusionary rule "is to deter future Fourth Amendment violations") (quoting *Davis v. United States*, 564 U.S. 229, 236–37 (2011)).

10.      In this case the horse is out of the proverbial barn. Privileged communications have been reviewed by an executive branch group of lawyers, law enforcement agents, and paralegals, and who knows whom else.  Mere suppression of the use of privileged information by the government here is insufficient. Suppressing evidence obtained in violation of privileges the government may not use at trial is no remedy at all, for the government already has breached the privileges and reviewed privileged information. This is undisputable, as the government has provided some of the seized privileged communications in discovery.

11.      Additionally, sanctions are necessary to preserve judicial integrity. As Justice Brandeis explained:

> In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously. Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example. Crime is contagious. If the Government becomes a lawbreaker, it

3

> breeds contempt for law; it invites every man to become a law unto himself;
> it invites anarchy. To declare that in the administration of the criminal law
> the end justifies the means -- to declare that the Government may commit
> crimes in order to secure the conviction of a private criminal- -- would bring
> terrible retribution. Against that pernicious doctrine this Court should
> resolutely set its face.

*Olmstead v. United States*, 277 U.S. 438, 485 (1928) (Brandeis, J., dissenting).

12.     Dismissal, rather than exclusion of evidence, is the appropriate sanction in this case. It is well established that courts may order dismissal under the court's supervisory powers to sanction prosecutorial misconduct. *See Doggett v. United States*, 505 U.S. 647, 657-58 (1992); *United States v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979); *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978); *United States v. Houghton*, 554 F.2d 1219, 1224 (1st Cir. 1977); *United States v. McCord*, 509 F.2d 334, 349 (D.C. Cir. 1974)).     The court's authority to dismiss an indictment under its supervisory powers was recognized by Judge Black in *United States v. Omni International Corporation*, 634 F. Supp. 1414 (D. Md. 1986):

> Repeated instances of deliberate and flagrant misconduct justify dismissal
> of the indictment. . . . Court decisions emphasize the unifying premise in all
> of the supervisory power cases – that although the doctrine operates to
> vindicate a defendant's rights in an individual case; it is designed and
> invoked primarily to preserve the integrity of the judicial system. The Court
> has particularly stressed the need to use the supervisory power to prevent
> the federal courts "from becoming accomplices to such misconduct." . . . It
> simply is wrong for Government personnel to act as they have done here.
> This type of conduct cannot and must not be condoned; in fact it must be
> strongly condemned.

*Id.* at 1438-39 (internal citation omitted) (quoting *United States v. Payner*, 447 U.S. 727, 745 (1980)).  *See also United States v. Chapman*, 524 F.3d 1073, 1084-88 (9th Cir. 2008), (upholding district court's dismissal of a criminal prosecution after prosecution failed on three occasions to turn over impeachment material in a timely manner).

13.     Not only should the case be dismissed under the Court's supervisory powers doctrine, it should be dismissed under the Fifth Amendment's Due Process Clause. *See United States v. Lyons*, 352 F. Supp. 2d 1231, 1251-52 (M.D. Fla. 2004) (finding a due process violation, dismissing the remaining counts of the indictment, and refusing to order a new trial because of the government's multiple and flagrant *Brady* and *Giglio*

violations); *United States v. Wang*, No. 98 CR. 199 (DAB), 1999 WL 138930, at *37 (S.D.N.Y. Mar. 15, 1999) (finding a due process violation and dismissing an indictment due to the government's failure to provide defense counsel with "material information" until the "eve of trial," and its delay in disclosing that its key witness was unavailable and would not be called to testify).

14. Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants request an order of Court dismissing the indictment as the sanction to the prosecution for violation of communication privileges.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael A. Tew and Kimberley A. Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley A. Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **MOTION FOR SANCTIONS FOR VIOLATING COMMUNICATION PRIVILEGES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_s/ Jeannette Wolf_____
Jeannette Wolf, Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

     Defendants.

---

**DEFENDANTS MICHAEL TEW AND KIMBERLEY TEW'S
MOTION FOR A *FRANKS v. DELAWARE* HEARING**

---

Defendants, Michael A. Tew and Kimberley A. Tew ("Mr. and Ms. Tew"), by their counsel of record, Peter R. Bornstein, hereby moves this Court for a hearing pursuant to the doctrine in *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). The various search warrants obtained by the government in this case which are the subject of a separate motion to suppress and are attached to that motion to suppress (Doc. 200), are incorporated herein by reference to avoid unnecessary duplication. As grounds in support of their motion, Mr. and Ms. Tew state to the Court as follows:

    1.    The government in this case sought and obtained six separate search warrants in connection with this prosecution.

    2.    Each search warrant was obtained with an affidavit from either Special Agent Anderson or Agent Palmer. Each affidavit contained a recitation of alleged facts which the government claims support the probable cause required for the issuance of a search warrant.

    3.    The agents' affidavits supporting the search warrant applications contained multiple reckless misstatements and multiple omissions that are material to the issuance of the warrant.

4.      Among the material, omissions, and misstatements from the affidavit are the following:

A.      On July 1, 2020, Kimberley Tew sent a text message to Jonathan Yioulos from a Google voice number 469-319-0152.

B.      Jonathan Yioulos engaged in embezzlement of funds from National Air Cargo (NAC) before engaging in transactions with Mr. Tew or Ms. Tew.

C.      Jonathan Yioulos was threatened with a loss of employment if he refused to pay fraudulent invoices.

D.      Michael Tew made the suggestion to use phony companies for invoices to NAC when it was Jonathan Yioulos who determined the mechanics,

E.      Kimberley Tew said she wanted to take responsibility for the NAC fraud at the meeting held July 28, 2020 at Yeti.

F.      Kimberley Tew communicated with Jonathan Yioulos about paying fraudulent invoices when it was he who insisted on only talking to Michael Tew.

G.      Jonathan Yioulos only received small amounts of Bitcoin for his part of the fraud.

H.      Kimberley Tew had accounts and was on forms on the "Dark Net."

I.      Kimberley Tew shared bank accounts (plural) with Michael Tew.

J.      Michael Tew's bank deposits came from the NAC fraud.

K.      Michael and Kimberley Tew threatened Jonathan Yioulos they would get him fired unless he kept processing phony invoices.

L.      Kimberley Tew accessed fraudulent payments from NAC in a variety of bank accounts.

M.      National Air Cargo, Inc. is a Florida Corporation.

N.      Invoices submitted to NAC were from unapproved vendors.

2

O.  Payments via ACH were not approved.

5.  Other omissions and misstatements were made in the affidavits that will be developed at a *Franks v. Delaware* hearing.

6.  A search warrant must be voided, and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant; and (2) concludes after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause. *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008) (citing *Franks v. Delaware* and *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)).

7.  A *Franks* claim has two components.  First, the defendant must show the omitted information was material in that its inclusion would have vitiated probable cause for issuing the warrant.  Second, the accused must demonstrate that the affiant acted with the requisite mental state of recklessness in omitting the information.  *Kapinski v. City of Albuquerque,* 964 F.3d 900, 905 (10th Cir. 2020); *United States v. Herrera*, 782 F.3d 571, 575 (10th Cir. 2015); *Beard v. City of Northglenn*, 24 F.3d 110, 116 (10th Cir. 1994).

8.  If granted a *Franks* hearing, Defendants intend to question Special Agents Sarah Anderson and Agent Lisa Palmer concerning the misstatements of material fact and the omissions of material fact at the hearing.

9.  Defendants may also invoke the doctrine of *Simmons v. United States,* 390 U.S. 377 (1968) if the defendants need to testify at a *Franks* hearing.  Under *Simmons*, statements made at a hearing to enforce rights under the Fourth Amendment to the Constitution of the United States cannot be used against the defendants in the trial.  As the Tenth Circuit explained, in  *Simmons*

> the Supreme Court held that a defendant's testimony at a suppression hearing to establish standing to object to a search cannot be used against him at trial to establish guilt because otherwise, the defendant would be required to choose between the Fourth Amendment right to be free from

3

unreasonable searches and the Fifth Amendment right against self incrimination.

*United States v. Hardwell*, 80 F.3d 1471, 1483 (10th Cir. 1996).

10.    Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants Michael Tew and Kimberley Tew request that this Court grant a *Franks v. Delaware* hearing in order to establish the material misrepresentations and material omissions made by the case agents in obtaining search warrants by means of their affidavits in support of search warrants.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael Tew and Kimberley Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

s/ Peter R. Bornstein
Peter R. Bornstein

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANTS MICHAEL TEW AND KIMBERLEY TEW'S MOTION FOR A FRANKS v. DELAWARE HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**1. MICHAEL AARON TEW**

      Defendant.

---

**DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS THE
USE OF STATEMENTS**

---

      Defendant, Michael A. Tew, by his counsel of record, Peter R. Bornstein, hereby moves this Court for an order suppressing statements made by him on or about July 8, 2020 to agents of the United States government.  As grounds in support of his motion, Mr. Tew states to the Court as follows:

      1.      The investigation into alleged fraudulent invoices paid by National Air Cargo (NAC) began sometime in the spring of 2020.

      2.      On July 7, 2020, Jonathan Yioulos was interviewed extensively by agents of the FBI and the IRS.  He was interviewed for approximately eight hours on July 8, 2020.

      3.      On July 8, 2020 around Noon, five IRS agents went to the residence of Michael Tew based on a communication from Jonathan Yioulos that Michael Tew was going to flee the country.  They were sent by an assistant U.S. Attorney to make sure he couldn't leave and to arrest him if he tried.

      4.      For over an hour, IRS agents and an FBI agent engaged Mr. Tew in a conversation eliciting admissions from him while the other case agents were drafting a complaint for filing in the district court to obtain an arrest warrant.

      5.      During this time, agents did not advise Mr. Tew that he was under arrest or advise him of his Fifth Amendment rights pursuant to *Miranda v. Arizona*, 384 U.S. 436

(1966). Instead, they lulled him into a false belief that he was not under arrest when, in fact, the agents were under orders not to let him leave his apartment in Denver.

6.    When agents received word around 4:00 p.m. that the magistrate judge in Denver had issued an arrest warrant based on a criminal complaint filed that afternoon, Mr. Tew was placed under arrest and advised of his Miranda rights thereafter.

7.    Prior to the Miranda advisement, agents of the FBI and IRS interrogated Mr. Tew and his wife about matters concerning National Air Cargo invoices and payments to him from National Air Cargo after his termination, eliciting from him admissions and incriminating evidence.

8.    The government intends to use this incriminating evidence at trial as well as additional evidence derived from the illegal interrogation of Mr. Tew on July 8, 2020.

9.    Miranda warnings are required when a suspect is in custody and is interrogated by government agents. *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020). An individual is "in custody" for Miranda if he or she "has been deprived of his freedom of action in any significant way," *Miranda*, 384 U.S. at 444, or his freedom of action has been curtailed to a "degree associated with a formal arrest," *California v. Beheler*, 463 U.S. 1121, 1125, (1983). Whether a person is in custody is determined by the totality of the circumstances, and necessarily is fact intensive. *United States v. Griffin*, 7 F.3d 1512, 1518 (10th Cir. 1993).

10.    In *Wagner*, 951 F.3d 1232, 1250, the court delineated four circumstances or non-exclusive factors that informed the custody analysis:

> (1) the extent ... the suspect is made aware that he or she is free to refrain from answering questions or to end the interview at will, (2) the nature of the questioning, (3) the extent police officers "dominate the encounter, and (4) the release of the suspect at the end of the questioning. Officers may "dominate" an encounter by displaying a weapon, making physical contact, isolating the suspect in a police-controlled environment, or appearing in overwhelming numbers.

*United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2020); *see also Griffin*, 7 F.3d 1512, 1518.

11.    The nature of the questioning, the domination by multiple police officers at the residence of Mr. Tew, indicate that Mr. Tew was in custody.  *See Griffin*, 7 F.3d at 1518 ("While *Terry* type investigations allow for limited questioning to confirm an officer's suspicions, prolonged accusatory questioning is likely to create a coercive environment from which an individual would not feel free to leave. Police and suspects should not have to guess as to when custody arises after a temporary stop) (internal citations omitted"). Moreover, the fact that Mr. Tew was arrested at the end of the encounter further demonstrates that he was in custody.

12.    While it is true that courts are less likely to find a person is in custody "when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home," *United States v. Ritchie*, 35 F.3d 1477, 1485 (10th Cir.1994), whether the suspect is questioned at home is not dispositive.  *See Orozco v. Texas*, 394 U.S. 324, 326-27 (1969) (person questioned in his bedroom during the early hours of the morning was in custody for *Miranda* purposes); *see also Sprosty v. Buchler*, 79 F.3d 635, 641 (7th Cir. 1996) ("More important than the familiarity of the surroundings where [the defendant] was being held is the degree to which the police dominated the scene."); *United States v. Griffin*, 922 F.2d 1343, 1354-55 (8th Cir. 1990) ("Questioning which occurs in the suspect's own home may provide a margin of comfort, but . . . the setting of the interrogation is not so important to the inquiry as the question of police domination of that setting.").

13.    The statements and the evidence derived therefrom are inadmissible.  In *United States v. Guillen*, 995 F.3d 1095, 1109-10 (10th Cir. 2021) the Court reiterated the law governing this issue.  In that case the Court said,

> The Self—Incrimination Clause of the Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, the Supreme Court concluded that "the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work . . . to compel him to speak where he would not

3

otherwise do so freely." 384 U.S. 436, 467 (1966). The Court instituted measures to guard against this danger. Prior to custodial questioning, a suspect must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." *Id.* at 479. Without these warnings, custodial confessions are presumed to be the product of coercion and are generally inadmissible for purposes of the prosecution's case in chief.

14.     Given the circumstances of the in-custody interrogation of Michael Tew on July 8, 2020, such statements elicited from him prior to obtaining and signing a Miranda warning waiver were illegally obtained.

15.     As a result of the illegal interrogation of Michael Tew, all statements made by Mr. Tew must be barred from use at the trial of this case, as well as any derivative evidence obtained because of the government learning information from those statements.

16.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Michael Tew*

4

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Michael Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT MICHAEL TEW'S MOTION TO SUPPRESS THE USE OF STATEMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   20-cr-00305-DDD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

    1.  MICHAEL AARON TEW and
    2.  **KIMBERLEY ANN TEW**,
        a/ka Kimberley Vertanen,

      Defendants.

---

## GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S PRE-TRIAL MOTIONS FILED ON JUNE 13, 2022

---

The government respectfully moves the Court for an extension — until August 9, 2022 — to file its responses to the defendant's motions filed on June 13, 2022.   The government has consulted with defense counsel, who has no objection to the extension.

As grounds for the motion the government states as follows:

1.      Undersigned counsel is in the midst of preparing for a three week trial in the matter of *United States v. Rudolph at al.*, 22-cr-000012-WJM,that begins on July 11, 2022 and ends on July 28, 2022.   The trial, involving allegations of a murder in Africa and an insurance fraud, will involve approximately 60 witnesses, approximately 15 of whom are travelling from outside of the United States. It

1

features a host of logistical complications, as well as unique legal and factual issues that require extensive analysis.

2.　　An extension will allow for the continuity of government in counsel in this matter.   The undersigned counsel who is most familiar with the case would have time, after the *Rudolph* trial, to fully assess and evaluate the defendant's motion in the overall context of the evidence.   This will best ensure effective decision-making about the case, provide time for the government to consult with defense counsel about how to proceed in this matter given the substantial legal issues raised, and also ensure that the court has available to it the best and most developed advice on how the government believes the motions should be decided. The alternatives, even with the exercise of due diligence, would be responses from government counsel not as familiar with the matter and — in such a complex case — would unreasonably affect the quality of the responses and cause harm to the United States.

3.　　Conversely, the extension will not cause prejudice to the defendant or to judicial economy. Trial in this matter is set for December 5, 2022.   ECF No. 198. Fully-developed responses to the motions filed on August 9, 2022 would still allow for approximately 4 months to hold any necessary hearing and issue any written decision. Allowing an extension of time here will take full advantage of our adversarial system of justice, providing the court with fully reasoned arguments on both sides of the relevant issues and potentially increasing judicial efficiency by

2

limiting the amount of additional briefing, research, or oral argument time required to fully engage with the questions raised. To the extent this process helps clarify the issues for the court, it may actually result in *less* time spent on the motions and a more efficient allocation of resources for all parties.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   s/ Bryan David Fields
Bryan David Fields
Assistant U.S. Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
(303) 454-0100
Fax: (303) 454-0409
Bryan.Fields3@usdoj.gov

3

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s Bryan David Fields*
Bryan David Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this motion will not affect the speedy trial clock in this case because any resolution of it will be within the already-granted ends-of-justice continuance granted on May 12, 2022, ECF No. 198.

4

## __CERTIFICATE OF SERVICE__

     I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.


                             *s/ Bryan David Fields*
                             United States Attorney's Office

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

     Defendant.

---

### DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR SEVERANCE

---

Defendant, Kimberley Ann Tew, by her counsel of record, Peter R. Bornstein, hereby moves this Court for a severance pursuant to Fed. R. Crim. P. 14(a). Ms. Tew seeks a severance on two independent grounds: the *Bruton* rule, and due to prejudicial joinder. As grounds in support of her motion for a severance, Ms. Tew states to the Court as follows:

1.     Defendant, Kimberley Tew, is currently set for trial jointly with Co-Defendant, Michael Tew.

2.     Kimberley Tew is charged in twelve counts of the Indictment which is one-fourth of the sixty counts charged against her husband, Michael Tew.

3.     The parties are currently set for a joint trial on all counts.

4.     Fed. R. Crim. P. 14(a) provides that:

(a) Relief.   If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

5.     The determination of whether to grant a severance under Rule 14 is within the sound discretion of the trial court. *United States v. Wiseman*, 172 F.3d 1196, 1211

(10th Cir. 1999). Prejudice from multiple counts against one defendant is particularly acute and dangerous. *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (citing studies to show joinder of counts tends to prejudice juror's perceptions of the evidence); *United States v.* Vest, 116 F.3d 1179, 1190 (7th Cir. 1997). In deciding whether to grant a severance, "the trial court must weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and the expedition in judicial administration." *United States v. Petersen,* 611 F.2d 1313, 1331 (10th Cir. 1979); *United States v. Hartman,* 194 Fed. Appx. 537, 541 (10th Cir. 2006) (in deciding whether to sever counts for trial, the court must balance the potential prejudice to the defendant of keeping the claims joined against the cost and inconvenience of holding a separate trial).

## BRUTON RULE CONSTITUIONAL GROUNDS FOR SEVERANCE

6.      The joinder of Ms. Tew with her husband Michael Tew in this case violates the *Bruton* Rule. *Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that despite instructions to the contrary, the substantial risk that the jury look to the incriminating extra judicial statements in determining [defendants] guilt by the admission of a co-defendant's confession in his joint trial violated petitioner's right of cross examination secured by the confrontation clause of the Sixth Amendment.)

7.      In this case, Defendant Michael Tew has made incriminating extra judicial statements after July 4, 2018, when the government was building a case against him. Multiple statements continued through interviews with government agents and Assistant U. S. attorneys up through the date of the indictment. These statements by Michael Tew named and incriminated Ms. Tew.

8.      At a joint trial, Ms. Tew cannot cross examine Michael Tew on these statements and subject them to the truth finding test. This will violate her rights to confrontation under the Sixth Amendment of the Constitution.

2

9.     In order to avoid the constitutional problems raised through the *Bruton* Rule, a severance from the trial of Michael Tew is required.

## PREJUDICIAL JOINDER

10.     Although there is a preference in the federal system for joint trials of defendants who are indicted together, *see Richardson v. Marsh,* 481 U.S. 200, 209 (1987), and *United States v. Pursley,* 577 F.3d 1204, 1215 (10th Cir. 2009), a severance under Rule 14 should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993); *see also United States v. Stiger,* 413 F.3d 1185, 1197 (10th Cir. 2005).

11.     In ruling on a motion for severance, the district court "must weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." *United States v. Morales,* 108 F.3d 1213, 1219 (10th Cir. 1997).  Although judicial economy is an important factor to be weighed, a single joint trial of a number of co-defendants should not be had at the expense of one defendant's right to a fundamentally fair trial.  *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965).  Prejudicial joinder occurs under Rule 14 when an individual's right to a fair trial is threatened or actually deprived. *United States v. Johnson,* 130 F. 3d 1420, 1427 (10th Cir. 1997).

12.     The decision whether to grant severance lies within the discretion of the trial court. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994); *see also United States v. Morales*, 108 F.3d 1213, 1220 (10th Cir. 1997) ("Rule 14 leaves the determination of risk of prejudice and any remedy for such prejudice to the sound discretion of the district court."). In exercising its discretion, a court "must weigh prejudice to the defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Dirden*, 38 F.3d at 1140 (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir.1979)) (citation

3

and internal quotations omitted). Appellate courts likewise "review a trial court's denial of the motion to sever for an abuse of discretion." *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989) (citing *United States v. Hayes*, 861 F.2d 1225, 1231 (10th Cir. 1988).[1] Trial courts have "a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

13.     Where the defendant can demonstrate there is a substantial risk that the jury cannot compartmentalize the evidence against each defendant, a defendant (in this case, Ms. Tew) may be prejudiced by a joint trial.  In such case, a separate trial may be necessary.  *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993) (internal quotation marks and citation omitted).

14.     There is an inherent risk of prejudice when a jury considers evidence against a defendant that is admissible only against a co-defendant and is increased when multiple defendants are tried together "in a complex case" and "have markedly different degrees of culpability." *United States v. Sarracino,* 340 F.3d 1148, 1165 (10th Cir. 2003) (quoting *Zafiro,* 506 U.S. at 539).

15.     A severance is required in this case because of the prejudice to Ms. Tew due to the sheer number of counts against Michael Tew in a joint trial, the evidence admissible on those counts, and her different degree of culpability.

16.     Courts often try to avoid a severance in joint trials by using jury instructions that tell the jury to only consider some evidence against one defendant but not another, or to consider some evidence with respect to a particular charge, but not to other charges.

17.     It has been demonstrated psychologically that there is difficulty for jurors in compartmentalizing damaging information about one defendant derived from counts that do not apply to another defendant.  *Lewis*, 787 F.2d at 1321.

---

[1] Not surprisingly, all of the case law regarding the discretionary standard for determining whether to grant a severance involves post-conviction appeals by defendants, since the Criminal Appeals Act, 18 U.S.C. § 373, by its terms permits the government to take interlocutory appeals only for reasons that do not include orders granting a severance.

4

18.     In this case, the ability of the jurors to follow instructions that counts apply to only Mr. Tew and the evidence applicable to those counts cannot be used or considered in determining whether or not Ms. Tew is guilty of different counts also involving the alleged fraud against National Air Cargo provides prejudicial grounds for severance of her case from that of Michael Tew's case.

19.     There is also a special prejudice that arises from the joint trial involving a husband and wife.

20.     It is anticipated that the government will argue that Michael Tew and his wife discussed his conversations with co-defendant Jonathan Yioulos and discussed the individual transactions forming the basis for the claims against him.  Nevertheless, the evidence against Ms. Tew is far less than that the government intends to use against Michael Tew.

21.     The government will likely argue that husband and wives share their activities through "pillow talk" and as part of the basic relationship between them.  The jury is likely to infer that every act or transaction engaged in by Michael Tew is likely known to, approved by, or participated in by his wife, Kimberley Tew.  This is just natural.

22.     Should the jury engage in this type of inferences based on their relationship and marriage, there is a high degree of prejudice to Kimberley Tew which requires a severance of her case from Michael Tew's case.

23.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

24.     For the foregoing reasons, Defendant Kimberley Ann Tew respectfully requests that she be granted a separate trial in this case of the counts alleged in the Indictment against her.

5

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of-justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR SEVERANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. MICHAEL TEW,**

Defendant.

---

**DEFENDANT MICHAEL TEW'S MOTION FOR
THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING
CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT
TO EVIDENCE RULE 801(d)(2)(E) AND FOR A *JAMES* HEARING**

---

Defendant, Michael Tew, by his counsel of record, Peter R. Bornstein, hereby moves this Court for an order requiring the government to submit a James Proffer containing the hearsay statements the government contends are admissible at trial pursuant to Fed. R. Evid. 801(d)(2)(E); and for a *James* hearing concerning the proffer. As grounds in support of her motion, Mr. Tew states to the Court as follows:

1.     The defense anticipates that the government will seek to admit statements during the trial allegedly made by co-conspirators, Jonathan Yioulos and Kimberley Tew.

2.     These statements would be inadmissible hearsay but for the application of Fed. R. Evid. 801(d)(2)(E) and *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) (applying the Sixth Amendment confrontation clause to out-of-court statements).

3.     Before admitting evidence under Rule 801(d)(2)(E), "[t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Owens*,

70 F.3d 1118, 1123 (10th Cir. 1995) (quoting *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994) (quoting *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990)). *See also; United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. James,* 590 F.2d 575 (5th Cir 1979); *United States v. Hall,* 473 F.3d 1295, 1302-03(10th Cir. 2007).

4.      Fed. R. Evid. 104(a) requires the judge alone to make the determination as to the admissibility of hearsay co-conspirator statements. *United States v. Peterson*, 611 F.2d 1313, 1333 (10th Cir. 1979).

5.      Because of the requirement that the District Court make a threshold determination of admissibility during the presentation of the government's case in chief and before the evidence is heard by the jury, a pretrial determination is warranted. *James* 590 F.2d at 581. There are two procedures whereby the court may make this factual determination:

> (1) It may hold a "James hearing," outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. The former procedure is "strongly preferred" in this Circuit.

*Owens*, 70 F.3d at 1123 (internal citations omitted).  *See also United States v. Hernandez*, 829 F.2d 988, 992 (10th Cir. 1987) (the preferred order of proof requires the government to first introduce independent proof of the conspiracy, and then connect the defendant to the conspiracy before admitting the co-conspirator's hearsay declaration). The reason for this preference is that "if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" *Urena*, 27 F.3d at 1491 (10th Cir. 1994) (internal citations and quotations omitted). *See also United States v. Brewington*, No. 15-CR-00073-PAB, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018).

2

6.     Following the government's serving and filing a James Proffer setting forth each and every statement that the government intends to introduce at trial from a co-conspirator, the defense is given an opportunity to challenge the government's determination that statements are either not made during or in furtherance of the conspiracy, or whether or not Mr. Tew was a member of the conspiracy at the time the statement was made.

7.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendant Michael Tew requests this Court to order the government to file a James Proffer with the Court, and thereafter to hold a James hearing on that proffer.

Respectfully submitted this 13th day of June 2022.

*s/ Peter R. Bornstein*

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Michael Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*
Peter R. Bornstein

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Michael Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13ᵗʰ day of June 2022, I electronically filed the foregoing **DEFENDANT MICHAEL TEW'S MOTION FOR THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT TO EVIDENCE RULE 801(d)(2)(E) AND FOR A JAMES HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**2. KIMBERLEY ANN TEW a/k/a**
   **Kimberley Vertanen,**

Defendant.

---

**DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR
THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING
CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT
TO EVIDENCE RULE 801(d)(2)(E) AND FOR A *JAMES* HEARING**

---

Defendant, Kimberley Ann Tew, by her counsel of record, Peter R. Bornstein, hereby moves this Court for an order requiring the government to submit a James Proffer containing the hearsay statements the government contends are admissible at trial pursuant to Fed. R. Evid. 801(d)(2)(E); and for a *James* hearing concerning the proffer. As grounds in support of her motion, Ms. Tew states to the Court as follows:

1.     The defense anticipates that the government will seek to admit statements during the trial allegedly made by co-conspirators, Jonathan Yioulos and Michael Tew.

2.     These statements would be inadmissible hearsay but for the application of Fed. R. Evid. 801(d)(2)(E) and *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) (applying the Sixth Amendment confrontation clause to out-of-court statements).

3.     Before admitting evidence under Rule 801(d)(2)(E), "[t]he court must determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements

were made in the course of and in furtherance of the conspiracy." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995) (quoting *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994) (quoting *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990)). *See also; United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. James,* 590 F.2d 575 (5th Cir 1979); *United States v. Hall,* 473 F.3d 1295, 1302-03(10th Cir. 2007).

    4.    Fed. R. Evid. 104(a) requires the judge alone to make the determination as to the admissibility of hearsay co-conspirator statements. *United States v. Peterson*, 611 F.2d 1313, 1333 (10th Cir. 1979).

    5.    Because of the requirement that the District Court make a threshold determination of admissibility during the presentation of the government's case in chief and before the evidence is heard by the jury, a pretrial determination is warranted. *James* 590 F.2d at 581. There are two procedures whereby the court may make this factual determination:

> (1) It may hold a "James hearing," outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must "connect up" during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence. The former procedure is "strongly preferred" in this Circuit.

*Owens*, 70 F.3d at 1123 (internal citations omitted). *See also United States v. Hernandez*, 829 F.2d 988, 992 (10th Cir. 1987) (the preferred order of proof requires the government to first introduce independent proof of the conspiracy, and then connect the defendant to the conspiracy before admitting the co-conspirator's hearsay declaration). The reason for this preference is that "if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'" *Urena*, 27 F.3d at 1491 (10th Cir. 1994) (internal

citations and quotations omitted). *See also United States v. Brewington*, No. 15-CR-00073-PAB, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018).

6.      Following the government's serving and filing a James Proffer setting forth each and every statement that the government intends to introduce at trial from a co-conspirator, the defense is given an opportunity to challenge the government's determination that statements are either not made during or in furtherance of the conspiracy, or whether or not Ms. Tew was a member of the conspiracy at the time the statement was made.

7.      Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendant Kimberley Ann Tew requests this Court to order the government to file a James Proffer with the Court, and thereafter to hold a James hearing on that proffer.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Kimberley Ann Tew*

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ Peter R. Bornstein
Peter R. Bornstein

3

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendant Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **DEFENDANT KIMBERLEY ANN TEW'S MOTION FOR THE GOVERNMENT TO FILE A JAMES PROFFER REGARDING CO-CONSPIRATOR STATEMENTS ADMISSIBILITY PURSUANT TO EVIDENCE RULE 801(d)(2)(E) AND FOR A JAMES HEARING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00305-DDD

**UNITED STATES OF AMERICA,**

     Plaintiff,

v.

**1. MICHAEL AARON TEW; and**

**2. KIMBERLEY ANN TEW a/k/a
   Kimberley Vertanen,**

     Defendants.

---

**MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF
3222 EAST FIRST AVENUE, APARTMENT 224**

---

Defendants, Michael A. Tew and Kimberley A. Tew, by their counsel of record, Peter R. Bornstein, hereby moves this Court for an order suppressing evidence derived from the search of 3222 East First Avenue, Apt. 224.  As grounds in support of this motion, Mr. and Ms. Tew state to the Court as follows:

1.      On July 31, 2020, Sarah Anderson, a special agent with FBI, applied for a search warrant to the United States District Court for the District of Colorado assigned to Magistrate Judge Michael E. Haggarty.  Attached to this application was her description of items to be searched and seized and her affidavit.  The application and affidavit are attached as **Exhibit A**.

2.      That same day, July 31, 2020, Magistrate Judge Haggarty issued a search and seizure warrant for 3222 East First Avenue, Apt. 224, Denver, Colorado and authorized seizure of items in an attached Exhibit B to the warrant.  The search and seizure warrant and Attachments A and B to the warrant are attached as **Exhibit B** to this motion.

3.      According to the description of items to be searched and seized (Attachment B to the warrant) the government was seeking to seize two cloth bags one bearing the label of Wells Fargo and an Apple iPhone device for phone number (917) 446-2046.

4.      Although the affidavit submitted in support of the search warrant contains 60 separate paragraphs, the only paragraphs making any mention of the two cloth bags one bearing the label Wells Fargo and one for an unidentified bank are found in paragraphs 40 and 41.

5.      Paragraph 40 of the affidavit is based on what Michael Tew is alleged to have stated.  The paragraph does not relate when he is alleged to have made these statements, to whom he was alleged to have made the statements, and under what circumstances he was alleged to have made the statements.

6.      Paragraph 41 describes a photo taken on July 4, 2020 at an ATM at a Navy Federal Credit Union and an alleged statement from July 28, 2020 concerning a Wells Fargo branded cloth bag stored at his shared apartment with Defendant Kimberley Tew.

7.      Other than these two paragraphs, there is no statement linking the two cloth bags to any fraudulent transaction related to the crime under investigation concerning proceeds from National Air Cargo.  There is no nexus between the bank bags, the residence, the criminal conduct, or the proceeds or evidence of criminal conduct.

8.      Nevertheless, the government seized a black Wells Fargo bag and a green Guaranty Bank and Trust Company bag during the search.  *See* receipt for property, **Exhibit C** attached.

9.      The seizure of the two banking bags was illegal as a violation of the Fourth Amendment rights to be free from unreasonable searches and seizures especially in a subject's home.  There was not nexus between the home and bank bags.

10.      In United States v. Rowland, 145 F.3d 1194,1203-04 (10th Cir. 1998) the court set forth the requirement for a nexus.  In that case the Court held:

2

581

> Probable cause undoubtedly requires a nexus between [the contraband to be seized or] suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990); *see also Dennis*, 115 F.3d at 530; 2 LaFave, *supra*, § 3.7(d). Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity. *See Hendricks*, 743 F.2d at 655; *see also United States v. Lalor*, 996 F.2d 1578, 1582-83 (4th Cir. 1993) (stating "residential searches [are] upheld only where some information links the criminal activity to the defendant's residence").

See also, United States v. Knox, 883 F.3d 1262, 1277 (10th Cir. 2018).

11.     The government did not seize the Apple iPhone device for phone number (917) 446-2046 pursuant to the search warrant issued by Magistrate Judge Haggarty.

12.     When the agents arrived at the apartment, Michael Tew was there, but not Kimberley Tew. Michael Tew immediately showed the agents the two bags.  He told the agents that Ms. Tew was not there.  He told the agents she had the iPhone.

13.     During the search, the agents conducting the search were told and, therefore, knew, that Kimberley Tew and the iPhone with number (917) 446-2046 was not in the apartment.  They knew this because Michael Tew called his wife on that phone number while the agents were conducting the search.

14.     The government did, however, search the apartment in its entirety, including all the rooms in the apartment, the drawers in the apartment, the closets in the apartment, and took pictures of their search.

15.     The agents took photographs of every room, closet, and drawer in the apartment, consisting of approximately 109 photographs.  They documented this photographic seizure of what they saw during the search on a photographic log.  The photographic log is attached as **Exhibit D**.

16.     The agents did not have authority pursuant to the search warrant to seize photographic images of the apartment, and the seizure of those photographic images exceeded the scope of the warrant issued by Magistrate Judge Haggarty.

3

17.     As a result of the illegal seizure of photographic images of the apartment, the government intends to use those photographs at the trial of this case.

18.     Accordingly, the Defendants request that this Court enter an order suppressing the 109 photographs taken at 3222 East First Avenue, Apartment 224.

19.     The Affidavit failed to establish was probable cause for the search and seizure of the items seized, and the photographs taken, within the apartment, and in executing the warrant law enforcement officers exceeded the scope of the search authorized by the warrant. *See Coolidge v. New Hampshire,* 403 U.S. 443, 467 (1971) (the warrant requirement has two distinct purposes: probable cause and limited scope). *See also Cassady v. Goering*, 567 F.3d 628 (10th Cir. 2009); *Mink v. Knox,* 613 F.3d 995, 1003 (10th Cir. 2010) (constitutional warrants must meet three conditions).

20.     Defense counsel has conferred with opposing counsel AUSA Fields who states that the government objects to the relief requested in this motion.

WHEREFORE, Defendants, Michael A. Tew and Kimberley A. Tew, requests this Court enter an order suppressing evidence derived from the search of 3222 East First Avenue, Apt. 224.

Respectfully submitted this 13th day of June 2022.

s/ Peter R. Bornstein

Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendants Michael Tew and Kimberley Tew*

4

## Certification of Type-Volume Limitation

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Peter R. Bornstein*

## Statement of Speedy Trial Impact

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley Ann Tew states that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of- justice continuance expires.

*s/ Peter R. Bornstein*
Peter R. Bornstein

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June 2022, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF 3222 EAST FIRST AVENUE, APARTMENT 224** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Jeannette Wolf*
Jeannette Wolf, Paralegal

5

# UNITED STATES DISTRICT COURT

for the
District of Colorado

| | | |
|---|---|---|
| In the Matter of the Search of | ) | Case No. 20-sw-00896-MEH |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | |
| | ) | |
| In the Matter of the Search of | ) | |
| **3222 East First Avenue, Apartment 224, Denver,** | ) | |
| **Colorado 80206** more fully described in Attachment A, | ) | |
| attached hereto, to include the person of Kimberley Tew at | ) | |
| the time of the search warrant execution | ) | |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___State and___ District of ___Colorado___ *(identify the person or describe property to be searched and give its location)*:

SEE "ATTACHMENT A", which is attached to and incorporated in this Application and Affidavit
The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B", which is attached to and incorporated in this Application and Affidavit
The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    X  evidence of a crime;

    X  contraband, fruits of crime, or other items illegally possessed;

    X  property designed for use, intended for use, or used in committing a crime;

    ❑  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___18___ U.S.C. §§ __371, 1343, 1349, 1519, 1956, and 1957__, and the application is based on these facts:

    X  Continued on the attached affidavit, which is incorporated by reference.

    ❑  Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/ Sarah Anderson*
*Applicant's signature*

Sarah Anderson, Special Agent, FBI
*Printed name and title*

Sworn to before me and:    ❑ signed in my presence.
                            ☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: __07/31/2020__

*Michael E. Hegarty*
*Judge's signature*

City and state: __Denver, CO__

Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

EXHIBIT

A

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

The Subject Premises are at **3222 East First Avenue, Apartment 224, Denver, Colorado 80206,** and include the person of Kimberley Tew, an occupant of this residence. The Subject Premises are further described as a multi-family apartment building located at the southeast intersection of East First Avenue and Steele Street. The entrance to the apartment building is on East First Avenue. The Subject Premises are located within the Steele Creek apartment complex.



The apartment building has an elevator in the lobby, and the Subject Premises are on the second floor.



    The place to be searched includes all rooms for the apartment unit 224 pictured and described above, including the person of Kimberley Tew, a person who resides at this apartment unit, at the time of the search warrant execution.

2

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

The following items, located at the Subject Premises that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 United States Code, Sections 371, 1343, 1349, 1519, 1956, and 1957 (hereinafter "**Subject Offense(s)**") occurring between January 2018 to July 31, 2020.

A. Two cloth, or similar material, bags approximately the size of an 8.5 by 11 inches piece of paper, with one bag bearing the insignia, label or logo of Wells Fargo, and the other bearing an insignia, label, or logo of another bank.

B. An Apple iPhone device for phone number 917-446-2046, for which there is probable cause to believe contains the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of the "**Subject Offenses**":

   1. Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of **Subject Offenses**.

   2. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device(s) or by other means for the purpose of committing violations of **Subject Offenses**.

   3. Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of **Subject Offenses**.

   4. Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of **Subject Offenses**.

   5. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of **Subject Offenses** or that show who used, owned, possessed, or controlled the Device(s).

   6. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device(s), the location of the use of the Device, or that aid in the identification of persons involved in violations of **Subject Offenses**.

   7. Credit card information, bills, and payment records pertaining to violations of **Subject Offenses**.

   8. Documents, correspondence, records, or information, in any format or medium, relating to the transfer, purchase, sale or disposition of virtual currency or cryptocurrency.

1

9.  Records, correspondence, and documents, in any format or medium, pertaining to banking, real estate, or other financial transactions, including the sale of goods, that constitute evidence of or proceeds of the Subject Offenses or the concealment or expenditure of proceeds of the Subject Offenses.

10. Any and all hidden services accounts used in furtherance of the **Subject Offenses**, including darknet market accounts, associated darknet forum accounts and Tor-based email accounts.[2]

11. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of **Subject Offenses**.

12. Evidence of who used, owned, or controlled the Device(s) to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

13. Evidence of software that may allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software.

14. Evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence.

15. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s).

16. Evidence of how and when the Device(s) were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

17. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device(s).

18. Passwords, encryption keys, and other access devices that may be necessary to access the Device(s).

19. Contextual information necessary to understand the evidence described in this attachment.

---

[2] Hidden services (.onion services) are accessed through the Tor anonymity network. Most are considered dark web services with no legitimate or identified service provider to which legal process may be served.

SW_00000095

Case 2:20-cr-00651-DJH Document 66-1 Filed 06/06/23 Page 6 of
576 of 624

Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device. Law enforcement personnel may also depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device in order to gain access to applications on the device that may be locked with a fingerprint or thumbprint

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

SW_00000996

## AFFIDAVIT

I, Sarah Anderson, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1.  I am a Special Agent employed by the Federal Bureau of Investigation ("FBI"), and have been since 2008 with primary investigative responsibilities involving criminal matters particularly related to economic or white collar crimes. I have participated in several fraud investigations, with many of those investigations involving wire fraud, mail fraud, money laundering and bank fraud. Prior to my employment with the FBI, I served nine years in the United States Army. My primary service in the military was as a finance officer.

2.  At all times during the investigation described in this affidavit, I have been acting in my official capacity as a Special Agent with the FBI and have conducted interviews, collected and reviewed documents, and obtained information from the sources outlined in the following paragraphs as they relate to the issue of probable cause. The Internal Revenue Service's Criminal Investigation Division ("IRS-CID") is partnering with the FBI in investigating the theft of funds from National Air Cargo, a Florida company.

3.  This affidavit is submitted in support of an application for a search warrant for the place described in Attachment A (hereinafter "Subject Premises,"), and the Apple iPhone for telephone number 917-446-2046 ("the Device") and two cloth bags located therein. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 United States Code §§ 371, 1343, 1349, 1519, 1956 and 1957 are located in the place described in Attachment A.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

4.  Based on my training and experience, I use the following technical terms to convey the following meanings:

5.  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet including websites, social media sites, bulletin boards, file sharing, and other Internet sites. Wireless telephones often have a subscriber identity module or subscriber identification module ("SIM"), which is an integrated circuit that securely stores the International Mobile Subscriber Identity ("IMSI") and the related key used to identify and

1

authenticate subscribers on mobile telephone devices. A SIM is embedded into a removable "SIM card," which can be transferred between different mobile devices. A SIM card contains a unique serial number ("ICCID"), IMSI, security authentication and ciphering information, temporary information related to the local network, a list of the services to which the user has access, and certain passwords. Most SIM cards will also store certain usage data, such as call history, text ("SMS") messages, and phone book contacts. Such telephones may also contain removable storage media, such as a flash card—such devices can store any digital data, and can have the capacity to store many gigabytes of data. Wireless telephones may also be "smartphones," such that they operate as personal computers capable of accessing the Internet. They operate as GPS navigation devices, *see below*, and can store information about where they have been. They also contain digital cameras. The camera can mark a photo with location data so that upon examination it can be determined where and when a photo was taken. These images can sometimes be recovered even if the user has deleted the image. The smartphone can also connect to the internet using wireless connections, which allow for images, files and other information to be uploaded directly to the Internet or to other digital storage devices or computers. Smartphones also have software, giving them the same capabilities as personal computers including accessing and editing word processing documents, spreadsheets, and presentations. They can also operate as a "tablet," or mobile computer, and can contain software programs called applications. Those programs can perform different functions and save data associated with those functions, including use associated with the Internet. They also operate as personal digital assistants and have contacts and calendar functions. They also can contain media such as music and other files in large quantity.

6.    Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

7.    Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

8.    A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

2

9.      PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

10.     IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

11.     Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

12.     Based on my training and experience, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

13.     I know from my training and experience, as well as from information found in publicly available materials published by device manufacturers, that many electronic devices, particularly newer mobile devices and laptops, offer their users the ability to unlock the device through biometric features in lieu of a numeric or alphanumeric passcode or password. These biometric features include fingerprint scanners, facial recognition features, and iris recognition features. Some devices offer a combination of these biometric features, and the user of such devices can select which features they would like to utilize.

14.     The Device is an Apple product that may be currently locked. It may be equipped with "Touch ID." A Touch ID sensor, a round button on the iPhone or iPad, can recognize fingerprints. The fingerprints authorized to access the particular device are a part of the security settings of the device and will allow access to the device in lieu of entering a numerical passcode or longer alpha-numerical password, whichever the device is configured by the user to require. The Touch ID feature only permits up to five attempts with a fingerprint before the device will require the user to enter a passcode. Furthermore, if the device is equipped with an operating system that is earlier than version 9.3, the Touch ID feature will not substitute for the use of a passcode or password if more than 48 hours have passed since the device has been unlocked; in other words, if more than 48 hours have passed since the device was accessed, the device will require the

3

passcode or password programmed by the user and will not allow access to the device based on a fingerprint alone. If the operating system is version 9.3 or later, that time frame shrinks to 8 hours. Similarly, Touch ID will not allow access if the device has been turned on or restarted, if the device has received a remote lock command, or if five attempts to match a fingerprint have been unsuccessful. For these reasons, it is necessary to use the fingerprints and thumbprints of any device's users to attempt to gain access to any Apple devices found at the Subject Premises while executing the search warrant. The government may not be able to obtain the contents of the Apple devices if those fingerprints are not used to access the Apple devices by depressing them against the Touch ID button. Although I do not know which of the ten finger or fingers are authorized to access on any given Apple device and only five attempts are permitted, I know based on my training and experience that it is common for people to use one of their thumbs or index fingers for Touch ID, and in any event all that would result from successive failed attempts is the requirement to use the authorized passcode or password.

15. Similarly, in my training and experience I know that some applications loaded onto mobile devices or other electronic devices may be secured by the user with a thumbprint or fingerprint. Common among these types of applications are applications such as mobile banking apps or other financial applications, password storage applications, and secure communications apps, among others.

16. Further, if a device is equipped with a facial-recognition feature, a user may enable the ability to unlock the device through his or her face. For example, this feature is available on certain Android devices and is called "Trusted Face." During the Trusted Face registration process, the user holds the device in front of his or her face. The device's front-facing camera then analyzes and records data based on the user's facial characteristics. The device can then be unlocked if the front-facing camera detects a face with characteristics that match those of the registered face. Facial recognition features found on devices produced by other manufacturers (such as Apple's "Face ID") have different names but operate similarly to Trusted Face.

17. On July 28, 2020, Michael Tew provided me and other law enforcement officers what he believes to be the passcode for the Device. Kimberley Tew is, however, aware of the investigation because she was present when her husband was arrested on or around July 8, 2020 on a criminal complaint for violation of 18 United States Code, Section 1956. Kimberley Tew also knows that her husband Michael Tew has spoken with law enforcement officers on at least three occasions since his arrest. Her knowledge of the investigation and related actions are more fully described in the "Probable Cause" section of the affidavit below. There is reason to believe that Kimberley Tew may have changed her passcode.

18. Due to the foregoing, I am informing the Court that if law enforcement personnel encounter any Device(s) that are subject to seizure pursuant to the requested warrant and may be unlocked using one of the aforementioned biometric features, law enforcement personnel intends to obtain from Kimberley Tew the display of any physical biometric characteristics (such as fingerprint/thumbprint or facial characteristics) necessary to unlock any Device(s), including to (1) press or swipe the fingers (including thumbs) of Kimberley Tew to the fingerprint scanner of the Device(s) found at the Subject Premises; and/or (2) hold the Device(s) found at the Subject Premises in front of the face of Kimberley Tew to activate the facial recognition feature for the purpose of unlocking the Device(s) in order to search the contents as authorized by this warrant.

4

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

20. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information on the Device(s) that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device(s) were used, the purpose of the use, who used the Device(s), and when. There is probable cause to believe that this forensic electronic evidence might be on the Device(s) because:

   A. Data on the storage medium can provide evidence of a file that was once on the storage media but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   B. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   C. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   D. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   E. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22. I know from training and experience that digital storage devices can be very large in capacity, yet very small in physical size. Additionally, from training and experience, I know that those who are in possession of such devices also tend to keep them on their persons, especially when they may contain contraband or other evidence of a crime. The storage capacity of such devices can be as large as tens of gigabytes in size, which allows for the storage of thousands of images and videos as well as other digital information such as calendars, contact lists, programs and text documents. Such storage devices can be smaller than a postage stamp in size, which allows them to be easily hidden in a person's pocket.

5

## CRYPTOCURRENCY

23. Digital currency, such as Bitcoin, is a cryptocurrency and worldwide payment system. Cryptocurrency is decentralized as the system works without a central bank or single administrator. The system also uses strong cryptography to secure financial transactions, control the creation of additional units, and verify the transfer of assets. The network is peer-to-peer, and transactions take place between users directly, without an intermediary. These transactions are verified by network nodes through the use of cryptography and recorded in a public distributed ledger called a blockchain. Every Bitcoin transaction that occurs in the entire payment network, for example, is recorded on the blockchain.

24. There are various types of cryptocurrency. Individuals store information about their cryptocurrency, for example Bitcoin, in a Bitcoin virtual "wallet," which acts as a Bitcoin equivalent of a bank account. Bitcoin wallets have a private key and a public key, which is commonly known as the wallet address. Bitcoin wallets are largely electronic in nature and may be stored on mobile devices, external or removable media, or computers. Passwords for access to electronic wallets are typically complex and are often written down or saved in a readily accessible manner on paper, in a notebook, or on some electronic device. The public key is an auto-generated alphanumeric characters that when used together with a private key or password will open a wallet and allow funds to be sent or received. The public key can be provided to individuals who wish to consummate transactions with Bitcoin. The public wallet addresses for both ends of a transaction, or public key, are recorded on the blockchain when a transaction is processed.

25. Individuals conducting cryptocurrency transactions must use a computer or other electronic device, such as a smartphone, computer or electronic tablet, and/or computer to conduct transactions involving Bitcoin. Such devices are also necessary to access and conduct transactions on a Darknet marketplace, which in my training and experience provides the anonymity that facilitates illicit activity like money laundering

26. Much like traditional banking automated teller machines (ATMs), Bitcoin ATMs allow the deposit of fiat currency like United States dollars which can then immediately be converted into Bitcoin for specific wallets. In order to deposit fiat currency into a Bitcoin ATM and receive Bitcoin in return for the fiat currency, the ATM user must have a destination wallet address.

## PROBABLE CAUSE

27. During some portion of time between 2015 and September 2018, MICHAEL AARON TEW (M. TEW) served as a contracted chief financial officer (CFO) for a Florida company, which also has operations in New York, named National Air Cargo (NAC). He was a contractor for NAC rather than an employee. Between at least 2015 and present, he has resided in Colorado with his wife Kimberley Tew (nee Ventanen) (K. TEW). M. TEW and K. TEW share an apartment with their two minor children at 3222 East First Avenue, Apartment 224, Denver, Colorado 80206. On July 8, 2020, M. TEW was arrested on a criminal complaint for violation of Title 18 of the United States Code, Section 1956(h). K. TEW was present at the apartment for this encounter with law enforcement officers.

28. During the time M. TEW served as the contracted CFO for NAC, M. TEW was not paid directly by NAC for his services. Rather, he billed NAC and was paid by NAC through a single-member LLC, of which he was the only member. The name of that entity was Sand Hill LLC ("Sand Hill") and it was established by M. TEW in or around July 2012.

6

29. In or around September 15, 2018, NAC fired M. TEW for, *inter alia*, unauthorized use of a corporate credit card. The unauthorized use began in or around June 2018. According to NAC, the corporate credit card issued to M. TEW was being used to purchase approximately $45,000 of gift cards in round dollar amounts. In an interview with law enforcement officers in July 2020, M. TEW stated that he purchased those gift cards so that they could be easily, and largely anonymously, sold for cryptocurrency such as Bitcoin.

30. On July 1, 2020, the co-owner of NAC, Christopher Alf, and the Director of Accounting, Abby Schwartz, both advised that TEW's contractor agreement was terminated by NAC for several reasons. One reason was that Schwartz, with the input and assistance of others, determined that charges made by TEW on a corporate American Express card were fraudulent. The gift card charges were unauthorized and served no legitimate business purpose for NAC. Alf and Schwartz further advised that, since TEW's September 15, 2018 termination, NAC has had no further legitimate business dealings or contracts with M. TEW or K. TEW.

31. Between no later than August 2018 and present, M. TEW conspired with K. TEW and others known and unknown to engage in a scheme to commit wire fraud, to engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that derived from a scheme to defraud NAC via wire, and to knowingly conduct or attempt to conduct a financial transaction designed to conceal or disguise the nature, location, source, ownership or control of proceeds of the wire fraud.

32. Based on the investigation to date, this fraud began while M. TEW was still employed at NAC. In the summer of 2018, M. TEW directly or indirectly caused invoices to be submitted that falsely claimed the provision of services to NAC, or at the very least, overstated the amount of services. Based on the investigation to date, those invoices were submitted directly or indirectly to the then-Director of Finance for NAC, Jonathon Yioulos, who approved and then directly or indirectly executed the payment. Mr. Yioulos was initially interviewed on or around July 7 and 8, 2020. Based on the investigation to date, in the beginning of the conspiracy and scheme to defraud, payments were tendered directly to companies named Hannah Scaife CPAs LLC ("Scaife"), Meyers Consulting Group, Inc. (Meyers) and 5530 Jessamine Development LLC ("Jessamine"). Mr. Yioulos stated that he processed a payment during this time to Jessamine and said he later learned from M. TEW that the payment was fraudulent as Jessamine had not provided services to NAC, or at least not in the amount claimed.

33. After Tew's termination and beginning in or around December 2018 through June 2020, invoices were tendered to NAC on behalf of three companies named Global Fuel Logistics (GFL), Aero Maintenance Resources (AMR), and Political Media (PM). These three entities received payments from NAC in the amount of more than $4.5 million in the aggregate. Invoices from these companies referenced purported services such as "[b]usiness [c]onsulting," "fuel modification inspection & research," and "[m]aintenance." The payments to these three entities were executed through wires or Automated Clearinghouse (ACH) transactions. Many of the wires and ACH payments from NAC were made into accounts owned and controlled by M. TEW and, sometimes also by his wife K. TEW. Some of the accounts were business accounts belonging to Global Fuel Logistics or GFL, but other accounts were personal accounts belonging to M. TEW or K. TEW.

34. The invoices from GFL, AMR and PM were also fraudulent because they were for goods and services NAC never received. Moreover, according to NAC, GFL, AMR and PM were not properly approved vendors for NAC. On July 1, 2020, NAC's co-owner, Mr. Alf, advised that he was unaware of the fact of payments being directed to accounts either directly owned by M. TEW and K. TEW, or indirectly controlled by them. That same day, Mr. Alf stated that he was

7

also unaware at the time the payments were being made about the total amount of payments to these entities. The first payment to one of these three entities was made in or around December 2018 and the most recent payment was made by NAC on or around July 3, 2020. These are the payments to GFL, AMR, and PM known as of this time. There may be additional fraudulent payments to other entities for the benefit of M. TEW and/or K. TEW beyond the three entities identified above as well as additional payments to the three entities listed.

35. According to Mr. Yioulos, M. TEW, and at times K. TEW as well, continued to ask and demand that he process fraudulent invoices, even after M. TEW's employment at NAC was terminated. Mr. Yioulos described that between June 2018 and early July 2020, K. TEW contacted him via phone and/or text on multiple occasions. Mr. Yioulos described telling M. TEW that he had attempted to block K. TEW on his phone, but that she still was able to get through by using other phone numbers. Mr. Yioulos stated that M. TEW and K. TEW threatened to alert NAC about Mr. Yioulos's prior payment of fraudulent invoices and that such disclosure could threaten Mr. Yioulos's continued employment. Mr. Yioulos relayed that on one occasion, K. TEW directly contacted his now ex-wife via LinkedIn which Mr. Yioulos interpreted as a way for K. TEW to show Mr. Yioulos that she had access to his family. K. TEW, using the phone number 469-319-0152, also contacted Mr. Yioulos by text message on July 1, 2020, to request additional money from NAC. Through this investigation, I have learned that this 469-319-0152 phone number is issued by Google Voice. Google Play provides the following description of Google Voice: "Google Voice gives you a phone number for calling, text messaging, and voicemail. It works on smartphones and computers, and syncs across your devices so you can use the app in the office, at home, or on the go." https://www.businessinsider.com/what-is-google-voice-how-to-set-up-use (last accessed on July 30, 2020). According to M. TEW, K. TEW used Google Voice.

36. Mr. Yioulos also stated that while he exchanged various cryptocurrency with M. TEW and/or K. TEW at various points during this scheme, he only retained a few Bitcoin for his own personal benefit. Similarly, Mr. Yioulos stated that M. TEW and/or his wife K. TEW offered him season tickets to the Buffalo Bills for his assistance with the execution of this fraud, but he declined as he already had season tickets. M. TEW also stated that he may have offered to pay down some portion of Mr. Yioulos's student loans but that no such payments were made.

37. At some point after 2016, Mr. Yioulos assumed the role of Controller at NAC but maintained his responsibilities as the Director of Finance. He was TEW's point of contact at NAC between late 2018 and present. He was terminated by NAC on July 7, 2020.

38. Mr. Yioulos stated that M. TEW used the phone numbers 917-685-1312 and 917-669-7473 to communicate with him from at least June 2018 to present. According to Mr. Yioulos, M. TEW used the two phone numbers interchangeably, and their primary means of communication to discuss, execute, and cover up the fraud was via text message and telephone calls on these two phone numbers. M. TEW stated that he used the phone numbers 917-685-1312 and 917-669-7473 interchangeably to communicate with his wife K. TEW at 917-446-2046 about the particulars of the fraud and conspiracy.

39. Based on our investigation to date, TEW and his wife K. TEW maintained a complex and ever-revolving network of bank accounts into which the NAC funds were deposited. Once the NAC funds were deposited, those funds, in large part or in their entirety, were either withdrawn in cash or otherwise wired or transferred to other accounts and often, ultimately, into various cryptocurrency exchanges. Many of the cash amounts withdrawn, often with multiple cash withdrawals a day by M. TEW and sometimes by K. TEW, were then deposited into Bitcoin ATMs like those operated by Digital Vending Solutions d/b/a XBTeller and Digital Mint. M. TEW and K. TEW also used other Bitcoin ATM vendors. M. TEW often made or caused to be

8

made multiple withdrawals and deposits into Bitcoin ATMs in one day in lower dollar amounts. According to M. TEW, K. TEW did not initially have an account at XBTeller and Digital Mint because she did not possess a valid driver's license and they believed that the companies required a driver's license. That changed in the last several months as Digital Mint advised M. TEW that he could add K. TEW to his account and she has since deposited cash sourced from an account that received proceeds from NAC, directly or indirectly, into a Bitcoin ATM. M. TEW stated that on many occasions when he deposited the cash proceeds from traditional bank accounts into a Bitcoin ATM like XBTeller and Digital Mint, K. TEW texted him at one of his two phone numbers from 917-446-2046 to provide him the various wallet addresses for the cryptocurrency side of the transaction or a picture of the QR code[1] and/or wallet address. K. TEW also used the phone number 917-446-2046 to communicate with M. TEW, often by text, about the amount and destination of proceeds from NAC into other traditional bank accounts controlled or operated by, directly or indirectly, M. TEW and K. TEW.

40.    M. TEW stated he used two bags interchangeably to carry cash withdrawn from traditional bank accounts that received proceeds from NAC. M. TEW stated he had two bags, one from Wells Fargo and one that he believed was from Guarantee Bank and Trust. M. TEW stated the banks sometimes provided these bags when customers withdraw large amounts of cash. Video footage from XBTeller on March 27, 2020 shows M. TEW holding a black cloth bag, approximately the size of an 8.5 by 11 inches piece of paper, while he feeds cash into one of XBTeller's Bitcoin ATMs. M. TEW zips the bag closed and carries the bag away from the Bitcoin ATM at the end of the transaction.

41.    On July 4, 2020, M. TEW is pictured in photos taken at approximately 4 p.m. at an ATM at a Navy Federal Credit Union. He is pictured carrying a black cloth bag, approximately the size of an 8.5 by 11 inches piece of paper, with "Wells Fargo" written on the front. Based on Navy Federal Credit Union's records, M. TEW withdrew cash funds from several accounts including, but not limited to, 7088874917, 7095660572, 7095660556 and 7095660481 between 4 and 4:30 p.m. that day. On July 28, 2020, M. TEW stated that the Wells Fargo branded cloth bag along with the Guarantee Bank and Trust cloth bag are stored at his shared apartment with K. TEW.

42.    M. TEW stated that he believed K. TEW also conducted cryptocurrency and gambling transactions on the Device. M. TEW stated that the need for money between 2018 and present was related, in part, to K. TEW's gambling. He stated that sometimes she was winning and sometimes she was losing with respect to her gambling. M. TEW stated that K. TEW took loans out from other individuals she encountered on the Internet to finance, in part, her gambling. Based on the investigation to date, K. TEW has accounts, whether active or inactive/closed, at the following non-exhaustive list of entities: Coinbase, Gemini Trust Company, Simple, Google Payments, PayPal, Navy Federal Credit Union, TD Bank, JP Morgan Chase, and M. TEW has accounts at Payward Ventures d/b/a Kraken, Coinbase, Circle, Gemini Trust Company, Navy Federal Credit Union, Simple, Colorado State Bank and Trust, and JP Morgan Chase.   M. TEW stated that while he has a Kraken (cryptocurrency exchange) account, K. TEW operated that account. M. TEW also stated that K. TEW operated on LocalBitcoins.com, but he was not sure whether she operated an account under her name, his name, or both. According to M. TEW, K. TEW also operated an account in his name with Paxful, another cryptocurrency exchanger.

---

[1] According to online website "Cryptocurrency Facts," "[a] QR code is a simple, fast, and secure way to share an address when transferring cryptocurrency between two devices. This is especially useful in face-to-face point-of-sale transactions, because copy and paste isn't an option and it avoids having to type in very long codes by hand (if you get even one character wrong, it won't work)." *Available at* https://cryptocurrencyfacts.com/using-qr-codes-to-send-crypto/ (last accessed on July 30, 2020).

9

43.    On July 28, 2020, I, along with other law enforcement officers, spoke with M. TEW.  He advised that both he and K. TEW accessed the fraudulent proceeds from NAC in a variety of bank accounts.  According to M. TEW, the proceeds were used to repay debts owed by the family, in particular K. TEW gambling or trading related debts, and/or he and K. TEW would convert the fiat currency proceeds into cryptocurrency like Bitcoin.  M. TEW said that K. TEW often used text messaging from the telephone number 917-446-2046 to provide him instructions on one or both of his phone numbers related to the transfer or other disposition of NAC funds.

44.    On July 28, 2020, M. TEW provided visual access to his text messages for approximately 1.5 hours to me and other law enforcement officers.  We were able to capture some screenshots of those text messages and observed communications between M. TEW and 917-446-2046, a phone number associated with K. TEW related to the transfer of funds, both fiat currency and cryptocurrency.

45.    For example, on August 27, 2019, M. TEW and K. TEW communicated as follows:

    F.   M. TEW: "Btc hit let me know what you want"
    G.   K. TEW "Sell 2km"
    H.   K. TEW "And transfer to NFCU"
    I.    M. TEW "dsone"
    J.   K. TEW "Can you send rest to below
               1JdPtwSPRt2AykDaJWY7GQMhibTr65yJR"
    K.   M. TEW "Done"
    L.   K. TEW "Can you send me another cb btc wallet address for you please"

46.    In my training experience and based on the investigation to date, "btc" refers to Bitcoin, "NFCU" refers to Navy Federal Credit Union, the bank that held accounts into which NAC's money was directly transferred, the long alphanumeric string refers to a potential wallet address, and "cb" refers to Coinbase, another cryptocurrency exchange platform.

47.    I also reviewed the following January 13, 2020 text exchange between one of M. TEW's two phone numbers and 917-446-2046, a phone number associated with K. TEW:

    A.   K. TEW: "Pls tell me you have good news since today is the day I need to pay my Amex"
    B.   M. TEW: "The accounts overdrawn they're talking about bankruptcy their not paying anyone there is no payment schedule yet this week we think something will come in next day or two and he'll send as much as he can – let's just get everything we can out of The bank and double down to focus on paying your AMEX"
    C.   K. TEW: "Ok"
    D.   M. TEW: "No other choice"
    E.   K. TEW: "Wouldn't bk be bad because everything comes out"
    F.   M. TEW: "Yes"
    G.   M. TEW: "Well maybe"
    H.   M. TEW: "Not necessarily"
    I.    M. TEW: "Just a restructuring of the outstanding debt"
    J.   K. TEW: "Yes the trustee would contact"
    K.   M. TEW: "Only if there was a payable"
    L.   M. TEW: "Bills already paid are on a diff list"
    M.   M. TEW: "But the balance sheet is frozen in time at that point and nothing goes in nothing goes out"

10

48.   In my training and experience and my knowledge of this investigation, "bk" refers to bankruptcy.

49.   In another text exchange between M. TEW and 917-446-2046, a phone number associated with K. TEW, I observed that on January 17, 2020, M. TEW sent K. TEW several screenshots of text messages between M. TEW and a contact listed as "Jonathan." M. TEW stated on July 28, 2020 while we reviewed these text messages that "Jonathan" referred to Jonathan Yioulos. Mr. Yioulos is NAC's former Director of Finance. The screenshots shared by M. TEW with K. TEW contain the following messages from Mr. Yioulos to M. TEW:

   A.  Yioulos: "I don't really know what to tell you"
   B.  Yioulos: "It's not like I'm lying"
   C.  Yioulos: "I can't make money appear out of nowhere"
   D.  Yioulos: "You're being super unreasonable"
   E.  Yioulos: "Over $2MM out by this point. And she's flipping out right now?"
   F.  Yioulos: "Let's get realistic. I told you Tuesday. I can guarantee that. That's the best I can do"
   G.  Yioulos: [photo of a calculated negative balance]
   H.  Yioulos: "Yes, I'm really lying"
   I.  Yioulos: "I can't send money without having the knowledge more is coming in. I can send Monday for Tuesday, as I've communicated. If I knew money was coming Monday, I might be able to float it, but I don't have that knowledge" (emphasis in original)

50.   In my review of text messages between M. TEW and K. TEW as provided to us by M. TEW on July 28, 2020, I also observed screenshots of QR codes between K. TEW and M. TEW that indicate additional cryptocurrency transactions.

51.   The following text exchange on September 13, 2019 preceded M. TEW sending K. TEW multiple screenshot confirmations of deposits of cash into a Bitcoin ATM:

   M.  M. TEW: "In car now"
   N.  K. TEW: "I want to get 15K of btc"
   O.  M. TEW: "Ok
   P.  M. TEW: You need me to go to bank?"
   Q.  K. TEW: "Yes
   R.  K. TEW: How else would I get it"
   S.  M. TEW: "Right I forgot its at wells no prob"

52.   In another of the text exchanges that we were able to screenshot on July 28, 2020, I observed that M. TEW sent K. TEW an iMessage on September 15, 2019 of what appeared to be a ledger identifying multiple financial transactions with a third party. This ledger was titled MMora KT 9_15_2019 and is an Excel file. It appeared to include both fiat currency transactions as well as cryptocurrency transactions.

53.   On July 29, 2020, I attended a meeting with M. TEW in a public space near his shared home with K. TEW to effectuate a consensual extraction of images from M. TEW's two iPhones. M. TEW advised that when he was getting dressed to walk over to meet with me and the other law

11

enforcement officers, K. TEW took both of his phones. He stated that he believes she may have deleted some text messages from or to her, but he is not sure what she deleted. In the middle of the extraction of the forensic images of M. TEW's phones, K. TEW located M. TEW speaking with me and other law enforcement officers. She repeatedly stated that M. TEW should take his phone and leave with her. K. TEW indicated that reviewing the cell phones would not yield results because she said something akin to she had "already wiped most of it." K. TEW also made statements indicating that the intent of her actions was to take responsibility for the fraudulent payments originating at NAC in order to allow M. TEW to remain out of custody in order for him to parent their children. M. TEW chose to leave with K. TEW and one phone that had already been extracted, but M. TEW authorized agents to continue with the extraction of the second phone and to deliver that second phone to his apartment building, a few blocks away.

54. Prior to departing the meeting, K. TEW was heard stating that she has something on tape. As K. TEW left the meeting location I witnessed her speaking into a handheld device and appear to make a recorded observation.

55. K. TEW's phone number 917-446-2046 was listed as a telephone record for the following Navy Federal Credit Union bank accounts numbers, all or most of whom received fraudulent payments from NAC, either directly or indirectly, and associated with either M. TEW or K. TEW: 7085338486, 7085403009, 7088874602, 7088874917, 7095660481, 7095660556, 7095660572, 7104374405, 7104374496, 3106359148, 3106229457.

56. According to M. TEW and also based on what we have learned in the investigation to date, K. TEW is a savvy user of cryptocurrency. According to M. TEW, she also uses encrypted messaging applications like WhatsApp and Telegram to communicate about, *inter alia*, various cryptocurrency transactions. She also uses payment methods like Google Payments, Zelle, and PayPal.

57. In my training and experience, I have learned that telephone communication by cell phone is often used to conduct financial transactions, whether through traditional banking institutions or for cryptocurrency accounts.

## REQUEST FOR SEALING

58. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into criminal activity and not all of the potential co-conspirators in this scheme will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

## CONCLUSION

59. I submit that this affidavit supports probable cause for a warrant to search the Subject Premises described in Attachment A, and seize the items described in Attachment B.

60.  I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items described in Attachment A for the items listed in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

_s/ Sarah Anderson_
Sarah Anderson
Special Agent, Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this ___31st__ day of _____July_____ 2020.

_Michael E. Hegarty_
UNITED STATES MAGISTRATE JUDGE MICHAEL HEGARTY

Application for search warrant was reviewed and is submitted by Assistant United States Attorney Hetal J. Doshi.

13

SW_00000049

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
District of Colorado

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 20-sw-00896-MEH |
| | ) |
| In the Matter of the Search of | ) |
| **3222 East First Avenue, Apartment 224, Denver, Colorado 80206** more fully described in Attachment A, attached hereto, to include the person of Kimberley Tew at the time of the search warrant execution | ) |
| | ) |
| | ) |
| | ) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___State and___ District of ___Colorado___ *(identify the person or describe the property to be searched and give its location)*:

SEE "ATTACHMENT A" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ___August 14, 2020___ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Michael E. Hegarty___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30).*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___07/31/2020, 11:03 am___

*Michael E. Hegarty*
*Judge's signature*

City and state: ___Denver, CO___

Michael E. Hegarty, U.S. Magistrate Judge
*Printed name and title*

EXHIBIT
B

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date*:*_____

_____
*Executing officer's signature*

_____
*Printed name and title*

SW_00000051

## ATTACHMENT A

## DESCRIPTION OF LOCATION TO BE SEARCHED

The Subject Premises are at **3222 East First Avenue, Apartment 224, Denver, Colorado 80206,** and include the person of Kimberley Tew, an occupant of this residence. The Subject Premises are further described as a multi-family apartment building located at the southeast intersection of East First Avenue and Steele Street. The entrance to the apartment building is on East First Avenue. The Subject Premises are located within the Steele Creek apartment complex.



The apartment building has an elevator in the lobby, and the Subject Premises are on the second floor.



The place to be searched includes all rooms for the apartment unit 224 pictured and described above, including the person of Kimberley Tew, a person who resides at this apartment unit, at the time of the search warrant execution.

2

**ATTACHMENT B**

**DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED**

The following items, located at the Subject Premises that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of 18 United States Code, Sections 371, 1343, 1349, 1519, 1956, and 1957 (hereinafter "**Subject Offense(s)**") occurring between January 2018 to July 31, 2020.

A. Two cloth, or similar material, bags approximately the size of an 8.5 by 11 inches piece of paper, with one bag bearing the insignia, label or logo of Wells Fargo, and the other bearing an insignia, label, or logo of another bank.

B. An Apple iPhone device for phone number 917-446-2046, for which there is probable cause to believe contains the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of the **"Subject Offenses"**:

1.  Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of **Subject Offenses**.

2.  Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device(s) or by other means for the purpose of committing violations of **Subject Offenses**.

3.  Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of **Subject Offenses**.

4.  Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of **Subject Offenses**.

5.  Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of **Subject Offenses** or that show who used, owned, possessed, or controlled the Device(s).

6.  Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Device(s), the location of the use of the Device, or that aid in the identification of persons involved in violations of **Subject Offenses**.

7.  Credit card information, bills, and payment records pertaining to violations of **Subject Offenses**.

8.  Documents, correspondence, records, or information, in any format or medium, relating to the transfer, purchase, sale or disposition of virtual currency or cryptocurrency.

1

9. Records, correspondence, and documents, in any format or medium, pertaining to banking, real estate, or other financial transactions, including the sale of goods, that constitute evidence of or proceeds of the Subject Offenses or the concealment or expenditure of proceeds of the Subject Offenses.

10. Any and all hidden services accounts used in furtherance of the **Subject Offenses**, including darknet market accounts, associated darknet forum accounts and Tor-based email accounts. [2]

11. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of **Subject Offenses**.

12. Evidence of who used, owned, or controlled the Device(s) to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

13. Evidence of software that may allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software.

14. Evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence.

15. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s).

16. Evidence of how and when the Device(s) were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

17. The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Device(s).

18. Passwords, encryption keys, and other access devices that may be necessary to access the Device(s).

19. Contextual information necessary to understand the evidence described in this attachment.

---

[2] Hidden services (.onion services) are accessed through the Tor anonymity network. Most are considered dark web services with no legitimate or identified service provider to which legal process may be served.

SW_00000095

Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device onto the Touch ID or fingerprint sensor of any Apple iPhone, iPad, or other Apple brand device, or other device that has a fingerprint sensor, in order to gain access to the contents of any such device. Law enforcement personnel may also depress the fingerprints and/or thumbprints of persons reasonably believed to be the user(s) of the Device in order to gain access to applications on the device that may be locked with a fingerprint or thumbprint

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If the government identifies seized communications to/from an attorney, the investigative team will discontinue review until a filter team of one or more government attorneys and other government personnel, as needed, is established. The filter team will have no previous or future involvement in the investigation of this matter. The filter team will identify and segregate communications to/from attorneys, which may or may not be subject to attorney-client privilege. At no time will the filter team advise the investigative team of the substance of any of the communications to/from attorneys. The filter team then will provide all communications that do not involve an attorney to the investigative team, and the investigative team may resume its review. If the filter team believes that any of the communications to/from attorneys are not actually privileged (e.g., the communication includes a third party), and if the investigation is not covert, the filter team will first seek to obtain agreement from the appropriate defense counsel before providing these attorney communications to the investigative team. If consulting with defense counsel is not possible or does not produce an agreement, the filter team will obtain a court order before providing these attorney communications to the investigative team.

DEFINITIONS:

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

SW_00000096

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: 07/31/2020 1:05pm | Copy of warrant and inventory left with: Michael Tew |
| Inventory made in the presence of : John Stauder | | |
| Inventory of the property taken and name of any person(s) seized: | | |

Item #1 – Black Wells Fargo Bag

Item #2 – Green Guaranty Bank and Trust Company Bag

NOTHING FOLLOWS

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
10:02 am, Aug 14, 2020
**JEFFREY P. COLWELL, CLERK**

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: 08/03/2020

_____
*Executing officer's signature*

SA Sarah Anderson, FBI
*Printed name and title*

EXHIBIT
C



FD-674a (7-24-2017)

**FBI**

DATE __07__ / __31__ / __2020__

CASE ID __318A-DN-3053281__

PHOTOGRAPHER __John Stauder__

LOCATION __3222 East First Avenue__

__Apartment 224__

__Denver, Colorado 80206__

EXHIBIT

D

FD-674a (7-24-2017) **ERT PHOTOGRAPHIC LOG** PAGE __1__ OF __4__

## GENERAL INFORMATION

DATE 07/31/2020    CASE ID 318A-DN-3053287-YH

LOCATION 3222 East First Avenue, Apartment 224, Denver, Colorado 80206

CAMERA TYPE Nikon D610    CARD # 1

PREPARER/PHOTOGRAPHER FP John Stauder / FoA Lindsay Fryar

REMARKS Corrected case ID 318A-DN-3188680

| Photo # | Subject (Circle One) | Range | Use Scale | Description |
|---|---|---|---|---|
| 1 | Entry / Exit / (Other) / Items # | Long / Med / Close | | Log label |
| 2 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Exterior of apartment complex |
| 3 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Exterior - address |
| 4 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Exterior of Apt # 224 |
| 5 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room A |
| 6 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room A |
| 7 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room B |
| 8 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room B |
| 9 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room B |
| 10 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room C |
| 11 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room C |
| 12 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room C |
| 13 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room D |
| 14 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room D |
| 15 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room D |
| 16 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room E |
| 17 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room E |
| 18 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room E |
| 19 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room E |
| 20 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F |
| 21 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F |
| 22 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F |
| 23 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F |
| 24 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F - Closet |
| 25 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room F - Closet |
| 26 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G |
| 27 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G |
| 28 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G |
| 29 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G - Closet |
| 30 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G - Closet |
| 31 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room G - Closet |
| 32 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H |
| 33 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H |
| 34 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H |
| 35 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H |
| 36 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H |

SW_0003958

FD-674a (7-24-2017) **ERT PHOTOGRAPHIC LOG** PAGE **2** OF **4**

*GENERAL INFORMATION*

DATE 07/31/2020  CASE ID 318A-DN-3053281 JAA
LOCATION 3222 East First Avenue, Apartment 224, Denver, Colorado 80206
CAMERA TYPE Nikon D610  CARD # 1
PREPARER/PHOTOGRAPHER FP John Stauder /FOA Lindsay Fryor
REMARKS Corrected case ID 318A-DN-3188680

| Photo # | Subject (Circle One) | Range | Use Scale | Description |
|---|---|---|---|---|
| 37 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H - Closet |
| 38 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H - Closet |
| 39 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H - Closet |
| 40 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room H - Closet |
| 41 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room I |
| 42 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room I |
| 43 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room I |
| 44 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room J |
| 45 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room J |
| 46 | Entry / Exit / Other / Items # | Long / Med / Close | | Room J |
| 47 | Entry / Exit / (Other) / Items # | Long / Med / Close | | Room B - books / bookshelves |
| 48 | Entry / Exit / (Other) / Items # | Long / Med / Close | | Room B - books / bookshelves |
| 49 | Entry / Exit / (Other) / Items # | Long / Med / Close | | Room B - books / bookshelves |
| 50 | Entry / Exit / Other / (Items #) 1 | (Long) / Med / Close | | money bag - from Room B |
| 51 | Entry / Exit / Other / (Items #) 1 | Long / (Med) / Close | | money bag - from Room B |
| 52 | Entry / Exit / Other / (Items #) 1 | Long / Med / (Close) | | money bag - from Room B |
| 53 | Entry / Exit / Other / (Items #) 1 | Long / Med / (Close) - Scale | | money bag - from Room B |
| 54 | Entry / Exit / Other / (Items #) 2 | (Long) / Med / Close | | money bag - from Room G - closet |
| 55 | Entry / Exit / Other / (Items #) 2 | Long / (Med) / Close | | money bag - from Room G - closet |
| 56 | Entry / Exit / Other / (Items #) 2 | Long / Med / (Close) | | money bag - from Room G - closet |
| 57 | Entry / Exit / Other / (Items #) 2 | Long / Med / (Close) Scale | | money bag - from Room G - closet |
| 58 | Entry / Exit / Other / (Items #) 2 | Long / Med / (Close) | | contents of money bag - Room G - closet |
| 59 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room B - furnace closet |
| 60 | (Entry) / Exit / Other / Items # | Long / Med / Close | | Room A Closet |
| 61 | Entry / Exit / (Other) / Items # | Long / Med / Close | | money band from Item #1 Room B |
| 62 | Entry / Exit / (Other) / Items # | Long / Med / Close | | money band from Item #1 Room B |
| 63 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room J |
| 64 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room J |
| 65 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room J |
| 66 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room I |
| 67 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room I |
| 68 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room I |
| 69 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room I |
| 70 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room F |
| 71 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room F |
| 72 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Room F |

FD-674a (7-24-2017)  **ERT PHOTOGRAPHIC LOG**  PAGE __3__ OF __4__

| GENERAL INFORMATION | | |
|---|---|---|
| DATE 07/31/2020 | | CASE ID 318A-DN-305328+-8N |
| LOCATION 3222 East First Avenue, Apartment 224, Denver, Colorado 80206 | | |
| CAMERA TYPE Nikon D610 | CARD # 1 | |
| PREPARER/PHOTOGRAPHER FP John Stauder / Lindsay Fryer | | |
| REMARKS Corrected case ID 318A-DN-3188680 | | |

| Photo # | Subject (Circle One) | Range | Use Scale | Description |
|---|---|---|---|---|
| 73 | Entry / Exit / Other / Items # | Long / Med / Close | | Room F closet |
| 74 | Entry / Exit / Other / Items # | Long / Med / Close | | Room F closet |
| 75 | Entry / Exit / Other / Items # | Long / Med / Close | | Room E |
| 76 | Entry / Exit / Other / Items # | Long / Med / Close | | Room E |
| 77 | Entry / Exit / Other / Items # | Long / Med / Close | | Room E |
| 78 | Entry / Exit / Other / Items # | Long / Med / Close | | Room E |
| 79 | Entry / Exit / Other / Items # | Long / Med / Close | | Room E |
| 80 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H |
| 81 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H |
| 82 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H |
| 83 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H |
| 84 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H |
| 85 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H closet |
| 86 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H closet |
| 87 | Entry / Exit / Other / Items # | Long / Med / Close | | Room H closet |
| 88 | Entry / Exit / Other / Items # | Long / Med / Close | | Room C |
| 89 | Entry / Exit / Other / Items # | Long / Med / Close | | Room C |
| 90 | Entry / Exit / Other / Items # | Long / Med / Close | | Room C |
| 91 | Entry / Exit / Other / Items # | Long / Med / Close | | Room B |
| 92 | Entry / Exit / Other / Items # | Long / Med / Close | | Room B |
| 93 | Entry / Exit / Other / Items # | Long / Med / Close | | Room B |
| 94 | Entry / Exit / Other / Items # | Long / Med / Close | | Room D |
| 95 | Entry / Exit / Other / Items # | Long / Med / Close | | Room D |
| 96 | Entry / Exit / Other / Items # | Long / Med / Close | | Room D |
| 97 | Entry / Exit / Other / Items # | Long / Med / Close | | Room D |
| 98 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G |
| 99 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G |
| 100 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G |
| 101 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G |
| 102 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G closet |
| 103 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G closet |
| 104 | Entry / Exit / Other / Items # | Long / Med / Close | | Room G closet |
| 105 | Entry / Exit / Other / Items # | Long / Med / Close | | warrant and FD-597 |
| 106 | Entry / Exit / Other / Items # | Long / Med / Close | | Room A |
| 107 | Entry / Exit / Other / Items # | Long / Med / Close | | Room A |
| 108 | Entry / Exit / Other / Items # | Long / Med / Close | | Room A |

FD-674a (7-24-2017)  **ERT PHOTOGRAPHIC LOG**  PAGE __4__ OF __4__

| GENERAL INFORMATION |
|---|
| DATE 07/31/2020   CASE ID 318A-DN-3053281 SM |
| LOCATION 3222 East First Avenue, Apartment 224, Denver, Colorado 80206 |
| CAMERA TYPE Nikon D610   CARD # 1 |
| PREPARER/PHOTOGRAPHER FP John Stowder / Lindsay Fryer |
| REMARKS Corrected case ID 318A-DN-3188680 |

| Photo # | Subject (Circle One) | Range | Use Scale | Description |
|---|---|---|---|---|
| 109 | Entry / (Exit) / Other / Items # | Long / Med / Close | | Front door |
| 110 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 111 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 112 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 113 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 114 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 115 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 116 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 117 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 118 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 119 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 120 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 121 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 122 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 123 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 124 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 125 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 126 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 127 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 128 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 129 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 130 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 131 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 132 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 133 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 134 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 135 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 136 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 137 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 138 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 139 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 140 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 141 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 142 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 143 | Entry / Exit / Other / Items # | Long / Med / Close | | |
| 144 | Entry / Exit / Other / Items # | Long / Med / Close | | |

```
MIME-Version:1.0
From:COD_ENotice@cod.uscourts.gov
To:COD_ENotice@cod.uscourts.gov
Bcc:
--Case Participants: Michael John Tallon (jdeatsch@tallonlaw.com, mtallon@tallonlaw.com),
Peter R. Bornstein (jwolf@prblegal.com, pbornstein@prblegal.com), Bryan David Fields
(bryan.fields3@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, kelsey.totura@usdoj.gov,
maureen.carle@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Andrea Lee Surratt
(andrea.surratt@usdoj.gov, caseview.ecf@usdoj.gov, danielle.storinsky@usdoj.gov,
portia.peter@usdoj.gov, usaco.ecfcriminal@usdoj.gov), Albert C. Buchman
(al.buchman@usdoj.gov, caseview.ecf@usdoj.gov, stephanie.price@usdoj.gov,
usaco.ecfcriminal@usdoj.gov), Judge Daniel D. Domenico
(domenico_chambers@cod.uscourts.gov)
--Non Case Participants: Linda A. McMahan (maureen.carle@usdoj.gov), mcole
(mallory_coleman@cod.uscourts.gov), dddlc2 (moses_weisberg@cod.uscourts.gov)
--No Notice Sent:

Message-Id:8671696@cod.uscourts.gov
Subject:Activity in Case 1:20-cr-00305-DDD USA v. Tew et al Order on Motion for Leave to
File
Content-Type: text/html
```

## U.S. District Court – District of Colorado

### District of Colorado

## Notice of Electronic Filing

The following transaction was entered on 6/16/2022 at 12:15 PM MDT and filed on 6/16/2022

| | |
|---|---|
| **Case Name:** | USA v. Tew et al |
| **Case Number:** | 1:20–cr–00305–DDD |
| **Filer:** | |
| **Document Number:** | 223(No document attached) |

**Docket Text:**
**ORDER GRANTING [210] Motion for Leave to File a Reply. Defendants have 5000 words for a reply to be filed on or before 6/22/2022. SO ORDERED by Judge Daniel D. Domenico on 6/16/2022. Text Only Entry (dddlc2, )**

**1:20–cr–00305–DDD–1 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov, danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov, usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt (Terminated)     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov, USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov, portia.peter@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–1 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–2 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov,
usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt (Terminated)     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov, portia.peter@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–2 Notice has been mailed by the filer to:**

**1:20–cr–00305–DDD–3 Notice has been electronically mailed to:**

Peter R. Bornstein     pbornstein@prblegal.com, jwolf@prblegal.com

Bryan David Fields     bryan.fields3@usdoj.gov, CaseView.ECF@usdoj.gov, Kelsey.Totura@usdoj.gov,
danielle.storinsky@usdoj.gov, ilmira.allazova@usdoj.gov, jessie.zabriskie@usdoj.gov,
usaco.ecfcriminal@usdoj.gov

Andrea Lee Surratt (Terminated)     andrea.surratt@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, danielle.storinsky@usdoj.gov, portia.peter@usdoj.gov

Michael John Tallon     mtallon@tallonlaw.com, jdeatsch@tallonlaw.com

Albert C. Buchman     al.buchman@usdoj.gov, CaseView.ECF@usdoj.gov,
USACO.ECFCriminal@usdoj.gov, stephanie.price@usdoj.gov

**1:20–cr–00305–DDD–3 Notice has been mailed by the filer to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00305-DDD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

(1) MICHAEL AARON TEW, and
(2) KIMBERLEY ANN TEW, a/k/a Kimberley Vertanen,

     Defendantd.

---

## ORDER GRANTING MOTION TO DISCLOSE GRAND JURY MATERIAL

---

THIS MATTER comes before the Court on the Government's Motion to Disclose Grand Jury Material (Doc. 209), pursuant to Fed. R. Crim. P. 6(e)(3)(E)(I).

HAVING REVIEWED the Motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same, and it is therefore ORDERED that the Government's Motion is granted, and that Grand Jury material may be disclosed to the Defendants and the Defendants' attorneys.

IT IS FURTHER ORDERED that such materials shall only be used in defending this case; that such materials shall be disclosed only to the Defendant and counsel for the Defendant; that the Defendant's attorneys shall maintain custody of such materials, and shall not reproduce

- 1 -

or disseminate the same; and that such materials shall be returned to the United States at the end of the case.

DATED: June 16, 2022                    BY THE COURT:

_____
Hon. Daniel D. Domenico
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-0305-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

**1. MICHAEL AARON TEW**,

**2. KIMBERLEY ANN TEW**.

    Defendants.

---

## REPLY IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE (Doc. 200)

---

    Defendants, Michael Aaron Tew ("Mr. Tew") and Kimberley Ann Tew ("Ms. Tew") (collectively Mr. and Ms. Tew), by their counsel of record, Peter R. Bornstein, submits the following reply in support of their *Motion to Suppress Evidence* (the "Motion to Suppress")(Doc. 200) and to the *Government's Response to Defendants' Motion to Suppress Evidence* (the "Response") (Doc. 204):

### I. IMPACT OF *CARPENTER*

    The Government downplays the Supreme Court's holding in *Carpenter v. United States*, 585 U.S. ____, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018), arguing that the decision is narrow and that it does not disturb the Third-Party Doctrine articulated in *United States v. Miller*, 425 U.S. 435 (1976) and *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979).[1] Nevertheless, the *Carpenter* majority rejected application of the Third-Party

---

[1] The Supreme Court in *Miller* held there was no Fourth Amendment search when the government subpoenaed defendant's bank records, including deposit slips, transaction statements, and check copies. 425 U.S. at 437-38. In *Smith*, the Court held a pen register installed by the phone company at the government's behest to obtain a paper record of the telephone numbers that Smith dialed from his landline phone was not a Fourth Amendment search. 442 U.S. at 743-44.

1

Doctrine of *Miller* and *Smith* to cell site location information ("CSLI") on the basis of the unique and "revealing nature of CSLI." 138 S. Ct. at 2210. Yet the Government here, as in *Carpenter*, seeks to "mechanically apply the third-party doctrine," *see id.*, which the Court in *Carpenter* effectively reigned in.

    *Carpenter* stressed that "*Smith* and *Miller,* however, did not rely solely on the act of sharing," but also "considered 'the nature of the particular documents sought' and limitations on any 'legitimate expectation of privacy' concerning their contents." *Id.* (quoting Miller*,* 425 U.S., at 442). Applying the test articulated in *Katz v. United States*, 389 U.S. 347 (1967)[2], Chief Justice Roberts in *Carpenter* wrote that there is a Fourth Amendment search when a government official intrudes into a "private sphere" in which "an individual 'seeks to preserve something as private,' and his expectation of privacy is one that society is prepared to recognize as reasonable." *Carpenter*, 138 S. Ct. at 2213 (alteration and internal quotation marks omitted in original) (quoting *Smith*, 442 U.S. 740).

> Commentators have noted that the Court in *Carpenter*
>
> included in its multifactor analysis several familiar factors that courts had used to decide Fourth Amendment requirements applicable to such surveillance techniques as bugging, wiretaps, video surveillance, and email acquisitions. In those cases, courts inquired whether the technique was (1) hidden, (2) continuous, (3) indiscriminate, and (4) intrusive. Although the Court did not list these four factors explicitly, they were clearly central to its holding, together with the expense and effort required to compile the data.

Susan Freiwald & Stephen Wm. Smith, *The Carpenter Chronicle: A Near-Perfect Surveillance*, 132 Harv. L. Rev. 205, 219 (2018) (footnotes omitted).

    While the Government rests on the *Carpenter* majority's averment that its holding is limited, the Court in that case "proceeded to list a number of matters left for another day--real-time CSLI, cell tower dumps, conventional surveillance techniques such as

---

[2] *Katz* held that the Fourth Amendment requires a search warrant for the government to install a wiretap on a public pay phone. 389 U.S. 357-59.

security cameras, business records incidentally revealing location information (for example, credit card transactions), and other collection techniques involving foreign affairs or national security." Freiwald & Smith, 132 Harv. L. Rev. at 227 (footnotes omitted) (citing *Carpenter*, 138 S. Ct. at 2220).

The Response cites pre-*Katz* cases[3], thereby avoiding discussion of the Supreme Court's struggle to apply anachronistic concepts and statutes in an age of exponentially evolving technology.  This struggle includes: *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 760 (2012) (assuming that a person has a reasonable expectation of privacy in his or her text messages); *United States v. Jones*, 565 U.S. 400, 403 (2012) (installation and use of a GPS tracking device constitutes a Fourth Amendment search based even though the vehicle's movements were in public view); *Riley v. California*, 573 U.S. 373, 403 (2014) (holding that, absent exigent circumstances, a search warrant is required for law enforcement to search a cell phone).

The Response defends the § 2703(d) Orders on the basis that they do not require production of the contents of communications. But this is a distinction without a difference; indeed, both *Carpenter* and *Riley* only involved the seizure of tracking data rather than communications. Moreover, the § 2703(d) Orders here go well beyond the seizure of a list of numbers of calls made or received on a land line, utilizing pen and trap and trace devices. The expansive nature of the information sought by the Orders in this case, as stated in the "Attachment A"s, invades multiple areas in which computer and cell phone users have – or should have – a reasonable expectation of privacy. The "Attachments A"s required the providers to obtain and provide the Government:

> A.    The following information about the customers or subscribers of the Account:
> 1.    Names (including subscriber names, user names, and screen names);
> 2.    Addresses (including    mailing    addresses,    residential addresses,    business addresses, and e-mail addresses);

---

[3] *See* response at 5-6 (citing *Oklahoma Press Pub'g Co. v. Walling*, 327 U.S. 186, 208 (1946) and *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)).

      3.     Local and long distance telephone connection records;

      4.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Proto co 1 ("IP") addresses) associated with those sessions;

      5.     Length of service (including start date) and types of service utilized;

      6.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI)) [sic];

      7.     Other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses (including carrier grade natting addresses or ports)); and

      8.     Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

      1.     Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

      2.     Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers);

      3.     Information about all accounts or other identifiers that are linked to the Account including, without limitation, links by cookies, creation IP address, recovery email, telephone number, or other identifiers ("Linked Account"), including subscriber information (Part II.A of this Attachment) for each Linked Account; and

      4.     All listing of all services being used by the Account.

      5.     Information about all devices connected to the Account.

The foregoing list includes personal information such as account subscriber names; devise identification numbers, types and dates internet and other services were utilized; financial information including source of payment for all services, including credit card and bank account information; records of communications sent and received; IP addresses and websites accesses. Just as the petitioner in *Carpenter* had a legitimate expectation of privacy in his location data, Michael Tew and Kimberly Tew had a

4

reasonable expectation of privacy in the information seized warrantlessly pursuant to the § 2703(d) Orders.

## II.   IMPACT OF *WARSHAK*

The government devotes two paragraphs to the argument that Defendants here misconstrue *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010). Response at 6-7. The Government purports to distinguish *Warshak* on the basis that *Warshak* involved the seizure of emails, whereas the § 2703(d) Orders here authorized seizure of transactional data short of the actual contents of emails.   In *Warshak*, the court analogized the § 2703(d) seizure of emails to the seizure of unopened mail considered in *United States v. Jacobsen*, 466 U.S. 109 (1984). *Warshak*, 631 F.3d at 285. Analogously, information about an email sent or received, even without the seizure of its contents, is the functional equivalent of an unopened letter.   Moreover, as noted above, the Orders here required and resulted in seizure of much more than simply a list of emails sent and received.

## III.   SUPPRESSION AS A REMEDY FOR UNCONSTITUTIONAL SECTION 2703(d) ORDERS

The Government's reasoning at page 8 of the Response is circular. The Government says that: "the non-content metadata disclosed as a result of the orders is not protected by the Fourth Amendment, there is no constitutional violation, and there is thus no basis for suppressing that evidence or for suppressing its derivative use in the later warrants." *Id*. This analysis sidesteps the issue: assuming, as is asserted in the *Motion to Suppress*, that the consequence of *Carpenter* is that the 2703(d) Orders were unconstitutional because they enable the Government to warrantlessly obtain materials in which the Tews had a legitimate expectation of privacy. In such case, there of course would be a "constitutional violation" and suppression is the appropriate remedy.

The Government seeks to limit its exposure by asserting under the SCA remedies and sanctions set forth in § 2706 are the "only judicial remedies and sanctions for ***nonconstitutional*** violations of this chapter."   To reach this assertion it cites 18 U.S.C.

5

§§ 2707 and 2808 for that proposition. Response at 8 (quoting 18 U.S.C. § 2808) (emphasis supplied). This misses the mark because Defendants' argument is that the information seized by the § 2703(d) Orders, even if authorized by the SCA, violated the Fourth Amendment under the reasoning of *Carpenter*. The suggestion that there could be a non-constitutional violation of the Fourth Amendment is an oxymoron. The Supreme Court long ago recognized that suppression is the remedy for Fourth Amendment violations. *See Herring v. United States*, 555 U.S. 135, 139–40, (2009) (explaining history of exclusionary rule). However, it is axiomatic that "even if it intends to do so, Congress cannot legislate away protections provided by the Constitution." *Silver v. Garcia*, 760 F.2d 33, 38 (1st Cir. 1985) (citing L. Tribe, American Constitutional Law 403 n. 18 (1978)). *See also Doe 1 v. Buratai*, 318 F. Supp. 3d 218, 229 (D.D.C. 2018); ("Congress cannot legislate away the due process requirements of the Constitution."); *Willingway Hosp., Inc. v. Blue Cross & Blue Shield of Ohio*, 870 F. Supp. 1102, 1106 (S.D. Ga. 1994) ("Congress cannot legislate away a defendant's due process rights."). Suppression is therefore the remedy for constitutional violation of the Fourth Amendment.

## IV.    ISSUE OF STANDING

The Response, at 10, cites cases for the proposition that Defendants have the burden of establishing standing, and that it must be established by sworn testimony in the form of an affidavit. Since neither Michael nor Kimberly Tew submitted an affidavit with the Motion to Suppress, the Government argues, they lack standing to challenge the execution of search warrants for the four pertinent email accounts.[4]

The Government overlooks that there are affidavits here that establish standing. That is, the affidavits sworn by government agents here in support of the search warrants

---

[4]    The four pertinent email accounts are: i.e., "chrisrncn@gmail.com," "political.media.wdc@gmail.com," "meyersconsultinggroupinc@gmail.com," and "kley@me.com."

6

established standing.  *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 14 (2010) (2705 (concluding plaintiffs had established standing based on facts presented by the government); *United States v. Bogle*, No. 3:19-CR-137(1), 2021 WL 1720893, at *2 (S.D. Ohio Apr. 30, 2021) (noting that the warrant affidavit stated that defendant's primary residence is located at the premises to be searched).

The Government argues that a party challenging a search "must submit sworn evidence, in the form of an ***affidavit or testimony***, that they each have privacy interests in the accounts.: *Response*, at 10 (emphasis added) (citing *United States v. Almaleh*, 2022 WL 602069, at *13 (S.D.N.Y. Feb. 28, 2022)).  In addition to relying on the actual search warrant affidavits to establish standing, Defendants hereby request a hearing and are willing to testify, subject to the protections of *Simmons v. United States*, 390 U.S. 377 (1968), consistent with the offers of proof stated below.

### A.    Email account **kley@me.com**.

#### 1.  Government Search Warrant's Establishment of Standing.

The Government claims in paragraphs 26, 27, 28, 29 and 34 of the affidavit in support of the search warrant establish that Kimberley Tew is the owner of the email address.  That email address is linked to the Apple phone and the Apple Cloud.  (The Affidavit is attached to the Motion to Suppress as Exhibit D).

#### 2.  Further Offer of Proof.

If she testified Kimberley Tew would state that the email was her account, but that the iCloud account was merged with Michael Tew's iCloud account around July 11, 2020 so that both of their personal information is obtained from the same Apple account. Michael Tew would also testify that his Apple iCloud information now appears in Kimberley Tew's account and vice versa.

### B.    Email account **chrismcn@gmail.com**.

#### 1.  Government Search Warrant's Establishment of Standing.

7

The Government claims in paragraphs 17, 19, 21, and 22 of the affidavit in support of the search warrant that that account's recovery phone number list to Michael Tew and the IP address is located in Colorado not in Texas where the real Christian Rincon lives and works.  That account was used by Michael Tew to communicate about fraudulent conduct with co-conspirator Jonathan Yioulos.   The Government claims that the email address was really Michael Tews' and not an email account belonging to Christian Rincon or his company 5530 Jessamine Development, LLC.  (The Affidavit is attached to the Motion to Suppress as Exhibit H).

> 2.     Further Offer of Proof.

If she testified Kimberley Tew would say she created the email account and she used it.

**C.     Email account meyersconsultinggroupinc@gmail.com.**

> 1.  Government Search Warrant's Establishment of Standing.

The Government claims in paragraphs 17, 23, 24, and 25 of the affidavit in support of the search warrant that Mr. Myers has a company that is an LLC and not an Inc.  and that he never sent any invoices to NAC using an email account.  The government lists emails using the email account back and forth between Ms. Tew and Mr. Tew.  That account was used by Kimberley Tew to send fraudulent invoices to Mr. Yioulos for payment.   The Government claims that the email address was really Kimberley Tews' and not an email account belonging to Michael Meyers or his company Meyers Consulting Group LLC.  (The Affidavit is attached to the Motion to Suppress as Exhibit I).

> 2.  Further Offer of Proof.

If she testified Kimberley Tew would say she created the email account and she used it.

**D.     Email account political.media.wdc@gmail.com.**

> 1.  Government Search Warrant's Establishment of Standing.

8

The Government claims in paragraphs 17, 21, 22, and 25 of the affidavit in support of the search warrant that that account's recovery email address and the phone number list to Michael Tew. That account was used by Michael Tew to communicate about fraudulent conduct with co-conspirator Jonathan Yioulos. The Government claims that the email address was really Michael Tews' and not an email account belonging to Larry Ward or his company Political Media, Inc. (The Affidavit is attached to the Motion to Suppress as Exhibit K).

> ### 2. Further Offer of Proof.

If he testified Michael Tew would say he created the email account and he used it.

## V.    PROBABLE CAUSE FOR ISSUANCE OF SEARCH WARRANTS

The Government quotes *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) for the general rule that "if the search or seizure was pursuant to a warrant, the defendant has the burden of proof." Response at 13. Of course, the flip side of that rule, also recognized in *Carhee* is that, when a seizure is warrantless, the defendant "bears the burden of proving whether and when the Fourth Amendment was implicated, after which "[t]he government then bears the burden of proving that its warrantless actions were justified." *Carhee*, 27 F.3d at 1496. As discussed above and in the Motion to Suppress, Defendants' position is that the warrantless seizure of information utilizing § 2703(d) Orders is unconstitutional in light of *Carpenter*. If this is so, the Fourth Amendment has been implicated and the government bears the burden of proving that the warrantless searches were justified by an exception to the warrant requirement. The Government does not attempt to make such proof Instead, it stands upon its argument that the § 2703(d) orders here were legal and outside the purview of the Fourth Amendment.

The prosecution does not deny that information it obtained from the § 2703(d) Orders were incorporated into the later-issued search warrants. Indeed, each of the four warrants was preceded by a § 2703(d) Order, with the respective "Attachment As" incorporated in each Order.  Indeed, it concedes as much by stating: "The government

9

used 2703(d) orders — essentially, judicially-pre-approved subpoenas — to obtain *noncontent* information. It then used the information it lawfully obtained from those court orders, to obtain search warrants." Response at 2 (emphasis in original).

It is well established that courts should exclude all "evidence deemed to be fruit of the poisonous tree." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1108-09 (10th Cir. 2006) (citing *Wong Sun v. United States,* 371 U.S. 471, 485, (1963)). The Government here makes no argument that the information seized by execution of search warrants, following warrantless seizure of information by illegal § 2703(d) Orders, was discovered by "means *sufficiently distinguishable* to be purged of the primary taint." *United States v. Shrum*, 908 F.3d 1219, 1228 (10th Cir. 2018) (emphasis in original) (quoting *Wong Sun* 371 U.S. at 488.

Not only did the Search warrants violate the Fourth Amendment because each incorporated poisonous fruit from execution of the § 2703(d) Orders, is insufficient because they rely almost exclusively on conclusions stated by the affiant in the respective affidavits rather than on sourced facts. That is, the affidavits make broad summary conclusions about what the agents' investigation has discovered, without providing any underlying facts to enable a magistrate to determine the factual underpinnings of the conclusions. The government quibbles with whether such conclusions constitute "facts;" s*ee* Response at 13-14. However, the quintessential definition of a "bare bones affidavit" is one containing conclusory statements without supporting facts. *See United States v. Washington*, 380 F.3d 236, 241 n. 4 (6th Cir. 2004) ("A 'bare bones' affidavit 'states suspicions, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge.'") (quoting *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir.1998)); *United States v. Johnson*, 4 Fed. Appx. 169, 172 (4th Cir. 2001) (a "'bare bones' affidavit is one which recites conclusions of others"); *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) ("An affidavit that states suspicions, beliefs, or conclusions, without providing some underlying factual

10

circumstances regarding veracity, reliability, and basis of knowledge, is a 'bare bones' affidavit."); *United States v. Chapa-Ibarra*, 49 F.3d 727 (5th Cir. 1995) ("[b]are bones affidavits contain only conclusory statements without supporting facts and circumstances that would allow a magistrate independently to determine probable cause") (citing United *States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir.1992)).

## VI.    ISSUE OF LACK OF PARTICULARITY AND RIPENESS

The Motion to Suppress argued that the Government exceeded its authority in executing the warrants to search the four above-referenced email accounts because it seized materials that were beyond the scope of each respective warrant, including privileged communications. Furthermore, the Motion to Suppress argues that the Government improperly delegated authority to execute and review the contents of email accounts to the respective email providers. *See* Motion to Suppress at 19, and 25, 27, and 29.

The Government counters that it merely followed the "two-step process" outlined in Fed. R. Crim. P. 41 by first seizing the entire contents of the accounts, which authorizes the seizure of electronically stored information, subject to "a later review of the media or information consistent with the warrant." Response at 16 -17 (quoting Rule 41(e)(2)(B)).

The Government claims Rule 41 and Section 2703 authorize the Government to seize the entire contents of an email account and then search through the seized documents later. Response at 18-19 (citing *United States v. Deppish*, 994 F. Supp. 2d 1211 (D. Kan. 2014)). *Deppish*, in turn, cited *United States v. Brooks*, 427 F.3d 1246 (10th Cir. 2005). *Deppish*, 994 F. Supp. 2d 1220. *Brooks* involved a warrant to search the defendant's computers for evidence of child pornography. The search warrant in *Brooks* authorized officers to search two computers and discs "'for evidence of child pornography,' including 'photographs, pictures, computer generated pictures or images, depicting partially nude or nude images of prepubescent males and or females engaged in sex acts," . . . as well as "correspondence, including printed or handwritten letters,

11

electronic text files, emails and instant messages[.]" *Id.* at 1252 (alteration in original). Rejecting the defendant's argument that the search warrant was overbroad, the court reasoned that:

> While the warrant does not explicitly instruct officers to look solely for those text files containing child pornography, in context—and certainly in the view of the officers conducting the search—the restrictions placed upon searches for image files also apply to the other types of files. In other words, although the language of the warrant may, on first glance, authorize a broad, unchanneled search through Brooks's document files, as a whole, its language more naturally instructs officers to search those files only for evidence *related to child pornography*. In this light, the warrant should be—and was—read by officers to implicitly place the same restriction (i.e., to locate child pornography) on the scope of the entire search.

*Id.* at 1252 (italics in original).

The Search warrants here are not similarly circumscribed. The "Attachment B" in each warrant authorized seizure of a universe of materials greatly exceeding government's investigation of fraud and money laundering. *See, e.g.*, Motion to Suppress at 18-19 (describing breadth of Attachment B in Apple kley@me.com email account). Equally noteworthy is that, in *Brooks*, as the above-quoted passages make clear the search warrant instructed law enforcement officers what to search for.

Here, on the other hand, each of the four search warrants instructs the email provider, not law enforcement, to determine what evidence is to be seized. For example, the Apple kley@me.com email Search Warrant, at Attachment B (attached to Motion to Suppress as Exhibit D), states that: "Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A: . . ." The same is true with the Attachment Bs associated with the other search warrants here. *See* Exhibits F, H, and K attached to Motion to Suppress. Fed. R. Crim. P. 41(f) states that an **officer** executes the warrant, an officer must be present to prepare and verify an inventory, and the officer must promptly return it to the designated magistrate judge. The rule defines federal law enforcement officer in sub-part (a)(2). There is no provision that allows the magistrate to allow private parties like Apple or Google to execute a search warrant and perform the

12

acts required of a law enforcement officer. The magistrate violated the Rule in this case and thereby allowed a violation of Constitutional rights.

The Government also argues that it has implemented a filter team to minimize disclosure of privileged information. Response at 19, 27. Given the breadth of the privileged communications seized and produced in discovery, as demonstrated by examples filed with the Motion to Suppress (Exhibits T through BB), the filter team failed. The Government then inexplicably blames Defendants' prior counsel for not cooperating with the filter team. Response at 22-23. That is not the obligation of defense counsel.

The concept of a government-run filter team is inherently suspect. *See United States v. Under Seal (In re Search Warrant Issued June 13, 2019),* 942 F.3d 159, 176 (4th Cir. 2019) (holding that a magistrate judge was wrong to authorize the prosecution's filter team protocol on grounds that determination of a dispute about the attorney-client privilege or work-product doctrine is a judicial function, not an executive function). On this issue, Defendants incorporate their *Motion for Sanctions for Violating Communication Privileges* (Doc. 214).

It is difficult to understand how the issues raised in the Motion to Suppress cannot be ripe. *See* Response at 23 (stating that "the defendants' motion is not ripe: there are currently very few items to suppress because the government hasn't even been able to conduct its search"). Although it is true that several attorneys have represented Michael Tew and Kimberly Tew during various states of this case, the evidence was seized over 20 months ago and it can't stay in limbo indefinitely.

## VII.   ISSUE OF THE GOOD FAITH EXCEPTION

The Response claims that this seizure should be spared from the exclusionary rule by the rule's good faith exception. Response at 28-29. The Government argues that application of the exclusionary rule here would not serve the purpose of deterrence. However, as a court stated in another context, "[t]he Government's requests raise Fourth Amendment warning flags, which threaten heavy weather if either were to be allowed."

13

*In re Application of the United States of America*, 441 F. Supp. 2d 816, 836-37 (S.D. Tex. 2006).

It is well established that is the government's burden to demonstrate the objective reasonableness of the officers' good faith reliance on a warrant. *United States v. Burgess*, 576 F.3d 1078, 1096 (10th Cir. 2009) (citing *United States v. Corral–Corral,* 899 F.2d 927, 932 (10th Cir. 1990). *See also United States v. George*, 975 F.2d 72, 77 (2d Cir. 1992); *United States v. Michaelian*, 803 F.2d 1042, 1048 (9th Cir.1986).

There are several circumstances which make the *Leon* good faith exceptions inapplicable, including a warrant supported by a bare bones affidavit, i.e. a warrant that "is so facially deficient that the executing officer could not reasonably believe it was valid." *United States v. Irving,* 347 F. Supp. 3d 615, 625 (D. Kan. 2018) (quoting *United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000) (citation omitted)). An affidavit is "bare bones" if it is so deficient in demonstrating probable cause that it renders an officer's belief in the existence of probable cause completely unreasonable. *United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997); *see also United States v. Washington*, 380 F.3d 236, 241 n.4 (6th Cir. 2004) (describing a bare bones affidavit as "an affidavit that merely "states suspicions, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge") (quoting *United States v. Van Shutters*, 163 F.3d 331, 337 (6th Cir. 1998)). Stated otherwise, "'[b]are bones' affidavits contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).

The affidavits here suffer from the same deficiencies as those in *Irving*. In that case, one of the warrants listed seven categories of items to be seized from the defendant's Facebook account, including:

> (1) all contact and personal identifying information, including name, user identification number, birth date, gender, contact email addresses, Facebook passwords, Facebook security questions and answers, physical address, telephone numbers, screen names, and other personal identifiers;

14

> (2) all activity logs and all other documents showing the user's posts; (3) all photoprints, including all photos uploaded by the user or photos tagging the user; (4) all Neoprints, including profile contact information, status updates, photographs, wall postings, friend lists, groups and networks, rejected friend requests, comments; (5) all other records of communications and messages made or received by the user including all private messages, chat history, video calling history, and pending friend requests; (6) all IP logs; and (7) all past and present lists of friends created by the account.

*Irving*, 347 F. Supp. 3d at 623-24. The court in *Irving* cited *United States v. Blake*, 868 F.3d 960 (11th Cir. 2017), which found the government's Facebook search to be overbroad because it "required disclosure to the government of virtually every kind of data that could be found in a social media account," and noted that "the Eleventh Circuit stated that it would have undermined any claim that the Facebook warrants were the internet-era version of a 'general warrant.'" *Irving*, 347 F. Supp. 3d at 624. *Irving* held that the warrant was overbroad:

> This warrant, however, allowed the officer to search virtually every aspect of Defendant's Facebook account. It required disclosure of all data and information that was contained in his account. It included all contact and personal identifying information, all private messages and chat histories, all video history, all activity logs, all IP logs, all friend requests, all rejected friend requests, all photoprints, all Neoprints, and all past and present lists of friends. In addition, there was no specified time frame so the warrant covered the entire timeframe that Defendant operated and had the Facebook account. In sum, the warrant encompassed everything in Defendant's Facebook account and there were no set limits.

*Id.*

The court in *Irving* also held that the good faith exception did not apply: "There does not appear to be an objective reason that the officer should have believed that this general rummaging would be permitted. 'A reasonably well-trained officer should know that a warrant must provide guidelines for determining what evidence may be seized.'" *Id.* at 625 (quoting *United States v. Leary*, 846 F.2d 592, 609 (10th Cir. 1988)).

## VIII. CONCLUSION

For the foregoing reasons, Defendants Michael Aaron Tew and Kimberley Ann Tew respectfully request that this Court issue an order or orders suppressing all evidence

obtained from the execution of the above-described Orders and Search Warrants, including the fruits thereof.

Respectfully submitted this 22nd day of June, 2022,

/s/ Peter R. Bornstein
Peter R. Bornstein
The Law Offices of Peter R. Bornstein
Greenwood Village, CO 80111
(720) 354-4440 phone
(720) 287-5674 fax
pbornstein@prblegal.com
*Attorney for* Defendants Michael Aaron Tew
*and Kimberley Ann Tew*

## STATEMENT CONCERNING SPEEDY TRIAL

Pursuant to Judge Domenico's Practice Standard III(C), Defendants Michael A. Tew and Kimberley Ann Tew state that this motion will have no effect on the speedy trial clock unless the Court orders a hearing on the matter to take place after the already-existing ends-of-justice continuance expires.

## CERTIFICATE OF COMPLIANCE

I hereby certify that undersigned counsel had complied with the type-volume limitation authorized by the Court's *Order granting Motion for Leave to file a Reply* (Doc. 223).

/s/ Peter R. Bornstein
Peter R. Bornstein

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I electronically filed the foregoing *Reply in Support of Motion to Suppress Evidence* with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

*Jeannette Wolf*
Jeannette Wolf

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  MICHAEL AARON TEW
2.  KIMBERLEY ANN TEW, and
3.  JONATHAN K. YIOULOS,

Defendants.

---

## MOTION TO UNRESTRICT CRIMINAL COMPLAINT

---

The United States, by and through United States Attorney, Cole Finegan, and Assistant United States Attorney, Bryan Fields, hereby respectfully requests the Court to unrestrict the Criminal Complaint, Affidavit and Arrest Warrant, the Government's Motion to Restrict, and the Order to Restrict in this case.

The Government, therefore, asks to modify the restriction level of these documents. The original grounds for restriction no longer apply.

WHEREFORE, the Government respectfully moves to remove the restriction of the documents in this case to allow the Government to disclose the documents to the defense counsel.

Respectfully submitted this 5th day of January, 2023.

COLE FINEGAN
United States Attorney

*s/ Bryan D. Fields*
By: Bryan D. Fields
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: Bryan.Fields3@usdoj.gov

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Criminal Case No. 20-cr-00305-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. MICHAEL AARON TEW,
2. KIMBERLEY ANN TEW, and
3. JONATHAN K. YIOULOS,

Defendants.

---

## ORDER TO UNRESTRICT CRIMINAL COMPLAINT

---

This matter comes before the Court on the Government's Motion to Unrestrict the Criminal Complaint. Having reviewed the motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same.

Accordingly, it is:

ORDERED that the Government's Motion is GRANTED.

IT IS FURTHER ORDERED that the documents subject to Restriction Level 3 under this Court's Order in this case are modified under D.C.Colo.LCrR 47.1(b) so that the Government may disclose those documents to defense counsel.

IT IS SO ORDERED on this _____ day of January, 2023.

BY THE COURT:

_____
HON. DANIEL D. DOMENICO
DISTRICT OF COLORADO